UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BARTZ, CHARLES GRAEBER, and KIRK WALLACE JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | No. C 24-05417 WHA<br><br>**SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE IN CIVIL CASES BEFORE JUDGE WILLIAM ALSUP** |

**INTRODUCTION**

The purpose of this supplemental order is to guide the parties on recurring practical questions that arise prior to trial and to impose certain requirements for the conduct of the case. Counsel must please read this order and follow it. This standing order, last revised May 15, 2024, is docketed as a courtesy; other standing orders are on the undersigned judge's website.

**SERVICE OF THIS ORDER**

**1.** For cases originating in this Court, plaintiff(s) must serve this order and the order setting the initial case management conference (along with any other required pleadings) on each defendant. For cases removed from state court, the removing defendant(s) must serve this order and the order setting the initial case management conference (along with any other required pleadings) immediately on each and every party that has previously appeared or that appears within thirty days after removal. Thereafter, any existing party to the action that brings a new party into the action must immediately serve a copy of this order and the order setting the initial case management conference (along with any other required pleadings) on the new party.

**CASE MANAGEMENT CONFERENCE**

**2.** The parties will please address the standardized items in the court-wide format for the joint case management statement. This is available at the Standing Order For All Judges of the Northern District of California — Contents of Joint Case Management Statements. Please file (electronically or manually depending on your case) at least **SEVEN CALENDAR DAYS** prior to the case management conference. Each party shall be represented at the case management conference by counsel in person prepared to address all such matters and with authority to enter stipulations and to make admissions.

**3.** In the joint statement for the initial case management conference, any law firm with more than fifty lawyers nationwide must submit a specific plan for how it intends, in this case, to provide opportunities to junior lawyers (six years or fewer years out of law school) to argue motions in court, to take depositions, and to examine witnesses at trial. Specific motions, depositions, and junior lawyers must be identified. Please state whether it would be useful to require client representatives to attend the upcoming case management conference where this subject will be discussed.

**4.** Pursuant to FRCP 26(d), document requests may be served more than **TWENTY-ONE DAYS** after service of the summons and complaint on a party. The request is considered to have been served at the FRCP 26(f) conference. As soon as any party has actual notice of this order, however, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document-destruction programs and any ongoing erasures of e-mails, voice mails, text messages, ephemeral communications, and other electronically-recorded material.

**ELECTRONIC CASE FILING — LODGING HARD COPIES WITH CHAMBERS**

**5.** In electronic-filing cases, each courtesy copy lodged with chambers pursuant to Civil Local Rule 5-1(e) shall be clearly marked "Chambers Copy — Do Not File" and shall be delivered in an envelope clearly marked with the presiding judge's name and case number.

**6.** In cases that have been referred to a magistrate judge for discovery, each courtesy copy for any matter pending before the magistrate judge (e.g., a discovery motion) shall be

delivered in an envelope that (1) is clearly marked with the presiding judge's name and case number and (2) indicates that it is to be delivered to the chambers of the magistrate judge.

**7.** Please do not provide courtesy copies for administrative motions, including administrative motions to file under seal. Please also do not provide courtesy copies for redacted versions of electronically-filed documents. Where a document electronically filed on the public docket is redacted in whole or in part and is also the subject of an administrative motion to file under seal, please provide only a single courtesy copy that is completely unredacted. For example, if a party files a partially-redacted version of a motion on the public docket and separately files the unredacted version (with all requested redactions clearly indicated) as part of an administrative motion to file under seal pursuant to Civil Local Rule 79-5, then the filing party should provide a courtesy copy of only the unredacted version.

## MOTION PRACTICE

**8.** Counsel need not request a motion hearing date and may notice non-discovery motions for any Thursday (excepting holidays) at 8:00 a.m. in accordance with the scheduling notes on Judge Alsup's webpage. The Court sometimes rules on the papers, issuing a written order and vacating the hearing.

**9.** On summary judgment motions, joint statements of undisputed facts are not required but are helpful if completely agreed upon. Please do not file separate statements of "undisputed facts."

**10.** Reply declarations are disfavored. Opening declarations should set forth all facts on points foreseeably relevant to the relief sought. Reply papers should not raise new points that could have been addressed in the opening.

**11.** The title of the submission must be sufficient to alert the Court to the relief sought; for example, please do not bury a request for continuance in the body of a memorandum.

**12.** All submissions filed with the Court shall include on the cover sheet the date and time of the hearing or conference. Counsel should include their facsimile transmission numbers along with their telephone numbers on their papers.

**13.** Please avoid half-truths, meaning statements that are true as far as they literally go but which remain misleading due to the part left out. The Court needs to rely on counsel to supply accurate briefing and representations.

**14.** In addition to the requirements of Civil Local Rule 79-5 and other relevant law, only for the most compelling reason will the Court grant any sealing request covering information that relates to potential hazards to the health, safety or well-being of the public. Therefore, when anyone seeks to seal or redact anything filed with the Court, the request must specifically draw attention to any proposed sealing or redactions of information that implicates such issues.

## DISCOVERY AND DISCLOSURES

**15.** Now follow this Court's views and guidelines on discovery and disclosures. For good cause, the parties are invited to propose any modifications in their joint case management conference statement. Unless and until modified, however, the following provisions shall supplement the requirements of the Federal Rules of Civil Procedure and our local rules.

**16.** The disclosure requirements of FRCP 26(a) obligate parties to disclose the documents and witnesses on which they will rely, not documents and witnesses on which they will not rely — no matter how relevant they may be, no matter how adverse they may be. On the other hand, document requests under FRCP 34 and interrogatories under FRCP 33, if properly framed, obligate responding parties to produce and to answer as to all responsive documents or information, adverse or not. This distinction is clear-cut and fundamental, yet deserves to be said because the imagination of some counsel never sleeps in inventing ways to hide adverse evidence. At the other extreme, some counsel draft inartful requests, which fail to call for adverse evidence. They eventually (wrongly) blame the responder for not disclosing it voluntarily.

**17.** For document requests, the producing party remains obligated to search all places with a reasonable chance of having responsive documents, including ESI and hard copies. If the responding side has already done some homework and located responsive documents, then they must be produced (unless truly privileged and logged as such). Both ESI and hard copy

files must be searched. Search of hard copy files cannot be skipped on the theory that the electronic files will duplicate everything in the hard copy files, for experience shows they never quite do.

**18.** When the original request is overbroad or otherwise improper and the responding party timely, specifically and properly objects in writing, then the responding party need not produce anything in response to the request until the objections are overruled or a lesser scope is agreed-on (in writing). Once, however, there is an agreement or ruling on the scope to be produced, then the producing party, as before, becomes obligated to search all places with a reasonable likelihood that responsive documents are located, including, of course, where they are already known to exist. The fashionable use of "Instructions" and "Definitions" in document requests and interrogatories has a strong tendency, when read into the requests and interrogatories, to exacerbate burden and this alone can sometimes render them unreasonable. Under the Federal Rules, there is no need for "Instructions" and "Definitions." When the judge finds (on motion) that a request was unreasonably burdensome or otherwise objectionable from the outset, his normal practice is to strike it in its entirety rather than to try to salvage some narrower element lurking within it. Again, the judge's approach is intended to encourage reasonably narrow requests from the start, meaning don't ask for more than you deserve with the expectation that the judge will cut it back to what you deserve. He will cut unreasonably burdensome requests back to zero.

**19.** The goal of any negotiations over scope is to reduce the overall burden while still locating materials whose relevance and importance justifies the burden. When the producing party has already located some responsive documents or information, the burden to produce them will be slight, so it would be unreasonable to insist on a reduced scope mainly to suppress adverse documents already known to the producing party. On the other hand, it is acceptable to negotiate for an otherwise reasonable limit even though it will happen to miss important documents. And, it is acceptable for a responding party to simply acquiesce in an offer by the propounding party to limit the scope, even though the responding party knows the reduced scope will miss relevant even adverse material. Any limiting agreement must be in writing and

signed by both sides.  Importantly, this paragraph presupposes that the original request was overbroad.  If the original request was reasonable to begin with, then the responding party must produce all responsive material, good or bad, and may not try to negotiate a reduced scope.  Again, this approach encourages reasonable requests from the start.

**20.** With respect to ESI, if both sides expressly agree that the producing party need only produce hits resulting from agreed-on search terms and agreed-on custodians, then the producing party need not volunteer additional ESI, relevant or not, adverse or not, known or not.  Any such limiting agreement, however, must be in a writing signed by both sides.  As stated above, in any negotiations over terms, the producing side may not insist on search terms and/or custodians mainly to miss ESI it knows to be important.

**21.** In responding to requests for documents and materials under FRCP 34, it is not sufficient merely to state that "responsive" materials will be or have been produced.  Such a response leaves open the distinct possibility that other responsive materials have not been produced.

**22.** At the time of the production, the responding party should provide a written list to the requesting party setting forth in detail each specific source and location searched.  The list must also identify, by name and position, all persons conducting the search and their areas of search responsibility.  The producing party shall also provide a list describing the specific source for each produced item as well as for each item withheld on a ground of privilege, using the unique identifying numbers to specify documents or ranges.  Materials produced in discovery should bear unique identifying control numbers on each page.

**23.** To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

**24.** Except for good cause, no item shall be received as case-in-chief evidence if its proponent should have produced it in discovery but did not, regardless of whether any discovery motion was made.

**25.** Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. See FRCP 26(b)(5). No generalized claims of privilege or work-product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of assertion identify:

(a) all persons making or receiving the privileged or protected communication;

(b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication;

(c) the date of the communication; and

(d) the subject matter of the communication.

Failure to furnish this information at the time of the assertion will likely be deemed a waiver of the privilege or protection. The log should also indicate, as stated above, the location where the document was found.

**26.** Counsel may not make arguments or statements to the judge or jury or opposing counsel that counsel realize are contradicted by unproduced material, whether requested or not, when such material might reasonably be credited by the judge or jury or opposing counsel. If counsel learns of such adverse material after having made a representation or argument, counsel must very promptly correct the statement or argument and explain the basis for the correction. The same is true for interrogatory answers and FRCP 30(b)(6) testimony. This is an exception to the normal rule that counsel need not volunteer adverse information.

**27.** With respect to depositions, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually-convenient times and places. That some counsel may be unavailable shall not, however, be grounds for deferring or postponing a deposition if another attorney from the same firm or who represents a party with similar interests to that witness is able to attend. Ordinarily, if one side desires a prompt deposition, the other side is expected to agree to dates falling within thirty days of the

request. On the other hand, rarely should one side expect the other side to agree to a deposition sooner than seven days of the request.

**28.** The judge disfavors the practice of postponing all depositions until all documents are finally produced because all documents never seem to all get produced. Rather, once critical mass of documents are produced, depositions should begin (if not sooner). If late documents are produced after a deposition, then that deponent will be ordered back for more testimony on the late-produced documents, at least where the deponent is associated with the tardy side and the document(s) should have been produced prior to the original deposition. The late-producer will ordinarily bear all expense of resuming the deposition. This practice encourages full and proper productions and discourages "hide-the-ball" tactics.

**29.** Speaking objections are prohibited. Deposition objections must be as to privilege or form only. Under no circumstances should any counsel interject, "if you know," or otherwise coach a deponent. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement. Private conferences between deponents and attorneys in the course of examination, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

**30.** Deponents who claim to lack recollection during their deposition but who later claim at trial to have had their memories refreshed in the interim, may be, among other things, impeached with their previous failures of recollection during their depositions or be subject to preclusion. In other words, if any refreshing is going to occur before trial, it should be done before the deposition, so that both sides can have the benefit of the refreshed memory prior to trial. In preparing deponents, defending counsel shall segregate and retain all materials used to refresh their memories and shall provide them to examining counsel at the outset of the deposition.

**31.** To the maximum extent feasible, deposition exhibits shall be numbered in a simple manner that will allow the same numbering at trial. In discovery, counsel shall agree on blocks of exhibit numbers to be used by the respective parties. Identical exhibits should not be re-marked, but various versions of the same document, such as copies with hand notes added, should be separately marked if used. See Local Rule 30-2(b)(3).

**32.** FRCP 26(a)(2)(B) requires disclosure of all opinions, bases, reasons and other information considered by an expert. Counsel shall preserve all drafts of expert reports (partial or complete) and notes and other evidence of communications with experts (or with any intermediaries between counsel and the experts) on the subject of this actual or potential testimony, and shall instruct their experts and any intermediaries to do likewise. These materials, however, need not be produced absent the showing required by FRCP 26(b)(3) and (4).

**33.** With respect to depositions under FRCP 30(b)(6), the fundamental purpose is to allow a party to notice a deposition by subject matter, thereby requiring the respondent to designate and to produce one or more organization witnesses knowledgeable on the designated topic, a useful procedure when the roles of percipient witnesses controlled by an adverse party are unknown. In some cases, however, counsel routinely appear to notice FRCP 30(b)(6) depositions on numerous and wide-ranging topics, including even the basis for "contentions" made by adverse parties. To obviate disputes and to give guidance, these guidelines will be observed:

(a) Without a prior order increasing the limit, a party may seek FRCP 30(b)(6) depositions from another party on up to a total of ten subject matters (for the entire case) described with "reasonable particularity." In framing the subjects, it is normally improper to ask for FRCP 30(b)(6) deponents to testify concerning the entire basis of a claim or defense. On the other hand, examples of proper subjects, which would require the respondent to find and to produce knowledgeable deponents, include "the time line of research and development leading to the invention in question" or "the efforts undertaken by defendant to locate documents responsive to plaintiff's document request." The notice should be directed at discovering percipient facts in the possession of the adverse party, not at forcing a supposed "fact witness" to appear and defend the entire thesis of a claim or defense.

    (b)    Each witness-designee deposed for one half-day or more in a FRCP 30(b)(6) deposition shall count as a single deposition for purposes of the deposition limit under FRCP 26 or under any case management order setting a limit on the number of depositions. A corporate designee may, immediately after being deposed on the stated subject, be deposed in his or her individual capacity. Both such sessions shall count together as a single deposition (although they should be separately transcribed). If two designees, to take another example, are interrogated, each for one half-day or more, then they count as two depositions.

    (c)    If an organization cannot reasonably locate a witness to testify based on personal knowledge, there is no requirement under FRCP 30(b)(6) for the organization to "woodshed" or to "educate" an individual to testify on the subject. If the organization does not produce any such deponent, however, the organization may not present case-in-chief evidence at trial or on summary judgment on that topic from any witness it could have so designated.

    (d)    FRCP 30(b)(6) testimony never constitutes an irrebuttable judicial admission. It will normally, however, be evidence admissible against the organization producing the witness on the topics specified.

**34.** If a dispute arises during a deposition and involves either a persistent obstruction of the deposition or a refusal to answer a material question on a ground other than privilege, counsel may attempt to arrange a telephone conference with the Court through the courtroom deputy. Any such conference should be attended by the same court reporter recording the deposition.

**35.** All other requests for discovery relief must first be summarized in a letter no longer than three pages from the party seeking relief after having met and conferred. Up to twelve pages of attachments may be added. In the letter, counsel should identify themselves in the signature block as "counsel for _____." In addition, counsel must state whether the parties have met and conferred either in person or by telephone over all the issues in the letter. The letter should be electronically-filed in the official file along with the discovery-dispute requests and responses, as well as any timely letter cancelling the hearing if settlement is reached. (Please note that with all communications with the Court by e-filing, a hard copy must be lodged in the Court's mail box in the Clerk's Office on the sixteenth floor in the time frame requested by local rule.) The Court will then advise the parties whether a response, written motion or court hearing will be required. This paragraph applies only to cases wherein

discovery is being supervised by the district judge rather than by a magistrate judge or special master.

**36.** To circle back to disclosure, FRCP 26(a) requires certain automatic disclosures and requires them to be made in a timely manner. Under FRCP 37(c), untimely-disclosed materials may not be used at trial or on summary judgment unless the delay in disclosure is "harmless" or unless "substantial justification" for the delay is shown

## COMMUNICATIONS WITH CHAMBER

**37.** Please do not send any letters to the Court (except for requests for discovery conferences, short cover letters for dismissals, orders agreed-upon as to form, or chambers copies of electronically-filed documents). When corresponding with the Court by letter, always identify whom you represent. Please do not fax or messenger anything to chambers without advance permission specific to the item. Please e-file all submissions to the Court and make sure a hard copy is lodged in the Court's mail box in the Clerk's Office on the sixteenth floor within the time frame requested by local rule. Except for the letters described above, please do not attempt to make contact by telephone or any other ex parte means with chambers staff.

## CROSS REFERENCE TO OTHER STANDING ORDERS AND GUIDELINES

**38.** The undersigned judge has separate standing guidelines for preparation for the final pretrial conference and trial. In securities cases, he has a standing order concerning early notice to class members. They are always available for review at the website for the United States District Court for the Northern District of California at www.cand.uscourts.gov.

*Rev.:   May 15, 2024.*

Dated:  August 23, 2024.

                                                WILLIAM ALSUP
                                                UNITED STATES DISTRICT JUDGE