

February 20, 2025

**VIA ECF**

Judge William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

> RE: *Bartz, et. al. v. Anthropic PBC*, Case Number 3:24-CV-05417 (N.D. Cal.) Letter Motion to Compel Discovery Responses

Dear Judge Alsup:

    Pursuant to paragraph 35 of this Court's Supplemental Order to Order Setting Initial Case Management Conference, Plaintiffs submit this letter to compel timely production of material responsive to Plaintiffs' requests for production. Plaintiffs served their first set of requests more than four months ago. To date, Anthropic has produced only 393 documents, and 42 percent of that is just printouts from Anthropic's website.[1] While Anthropic is moving at a glacial pace, the case schedule is not: Plaintiffs' deadline to file a motion for class certification is in *two weeks*, fact discovery closes on August 29, and trial is set to begin in December of this year.

    Anthropic's delay is prejudicial to Plaintiffs. Plaintiffs have conferred with Anthropic three times over the last several weeks to ensure timely production of certain high-priority documents in advance of the class certification deadline to no avail. Plaintiffs thus request the following relief: (a) Anthropic must produce any documents it intends to rely on in opposition to class certification by February 28, 2025, and (b) Anthropic must finish producing responsive documents that hit on Plaintiffs' 27 priority search terms by March 21, 2025. This remedy balances the burdens of discovery with fairness and the need for a developed record, and will help ensure that the parties stay on track with the Court's schedule.

**Relevant Background**

    On October 10, 2024, the Court set a trial date of December 1, 2025, and set class certification briefing to commence on March 6, 2025. Plaintiffs served their first set of Requests for Production ("RFPs") on Anthropic that same day—October 10, 2024. Plaintiffs served a second set of RFPs on November 21, 2024. In Anthropic's responses, served on November 18 and December 23, it agreed to produce documents responsive to 43 of the 81 RFPs.

---

[1] Anthropic also "produced" slipsheets for more than 100 documents that are purportedly privileged. Plaintiffs, for their part, produced ample discovery on a timely basis and are sitting for depositions in a couple of weeks.

Judge William H. Alsup
February 20, 2025
Page 2

In the wake of Plaintiffs' repeated follow-up (and good faith conferrals), Anthropic repeatedly assured Plaintiffs that it would promptly produce documents responsive to the Requests. *See* Ex. A (Plaintiffs' January 23 email re lack of production); Ex. B (Plaintiffs' January 27 email memorializing Anthropic's commitment to produce documents the following week); Ex. C (Plaintiffs' February 5 email again requesting Anthropic's first production); Ex. D (Plaintiffs' February 11 email requesting production); Ex. E. (Plaintiffs' February 13 email notifying Anthropic that Plaintiffs plan to raise these issues with the Court).

Search terms negotiation followed a similar pattern. On December 26, Plaintiffs sent a proposal for search terms and custodians. On January 23, 2025, three-and-a-half months after receiving the Requests, Anthropic still made no productions and had not responded to the search terms proposal. Plaintiffs informed Anthropic that they intended to raise the pace of document production with the Court ahead of the January 30 Technology Tutorial Hearing. Anthropic represented that this was unnecessary and committed to produce substantial ESI "early" in the week of February 3. On the basis of that representation, Plaintiffs agreed not to seek judicial assistance at that time. On January 27, with time growing short, Plaintiffs identified 27 search terms that were a priority for class certification.

Anthropic did not produce documents the week of February 3, but assured Plaintiffs it would make a substantial production the following week.

On the night of Friday, February 14, Anthropic produced[2] 226 documents. Anthropic claimed to have reviewed 16,500 documents. Anthropic stated that it could review 10,000 documents per week going forward. Anthropic also stated that Plaintiffs' priority search terms resulted in 59,295 hits. Anthropic never objected to 22 of the 27 priority search terms.

**Plaintiffs' Letter Motion Should Be Granted**

Plaintiffs requested documents related to Anthropic's use of copyrighted material to train its LLMs. These Requests asked Anthropic to produce responsive documents within 30 days, pursuant to Rule 34. By November 18, Anthropic agreed to produce responsive documents, including documents about books databases used to train their LLMs and the use of copyrighted books in their LLMs (RFPs 1, 3, 5, 14), documents about Plaintiffs (RFPs 6-8), documents about the value of books in LLM training (RFP 19), and any documents Anthropic will rely on to support its affirmative defenses (RFP 34), including its defense of fair use.

The priority search terms that Plaintiffs proposed are designed to prioritize production of particular ESI likely to be highly relevant. Specifically, they target information that confirms that Anthropic treated all class works in the same way, for example, documents related to Anthropic's acquisition of large volumes of copyrighted books at one time or its use of large books datasets for LLM training. The terms are also sufficiently narrow: Anthropic agreed to 22

---

[2] Anthropic had made one previous production of 167 documents on January 24, but it consisted entirely of publicly available pages and documents from its website.

Judge William H. Alsup
February 20, 2025
Page 3

of the 27 priority terms without objection. And in all, the priority terms hit on 60,000 documents, a reasonable number for Anthropic to review in the next month, particularly given the delay to this point.[3] Anthropic has already agreed to prioritize these terms in its review; Plaintiffs merely ask for a deadline.

Anthropic's failure to produce documents responsive to the October 10 Requests breaches its obligations under Rule 34. Because Anthropic has now represented that it will review 10,000 documents a week, Ex. F (February 11 email stating that Anthropic expects to be able review "at least approximately 10,000 documents per week going forward"), there should be no issue completing production by March 21.

Plaintiffs are nonetheless concerned about further delays because very few documents have been produced to date—four months after the requests were served and now two weeks before Plaintiffs' deadline to file a motion for class certification. Anthropic must be required to produce documents by a date certain, and should not be permitted to benefit from its substantial delay. To the extent Anthropic intends to rely on certain documents in opposition to class certification, those documents should have been produced months ago. Anthropic should not be allowed to sandbag Plaintiffs, by refusing to produce documents in advance of Plaintiffs' opening class certification brief, only to selectively produce documents later—of which Plaintiffs would have had no prior notice—to support its opposition. *See Nat'l Urb. League v. Ross*, 2020 WL 7488068, at *3 (N.D. Cal. Dec. 13, 2020) (finding that Defendants' delayed document production "prejudices Plaintiffs and flouts the Court's case schedule" and requiring Defendants to produce documents by a specific date); *S.O. by & through O'Neal v. Rescue Union Sch. Dist.*, 2024 WL 402489, at *2 (E.D. Cal. Feb. 2, 2024) ("plaintiff's point as to the promptness of production is well taken and the court finds that it is necessary and appropriate to impose a timeline for production"). Plaintiffs therefore request an order that: (a) Anthropic cannot rely on any documents produced after February 28, 2025 in its opposition to class certification, and (b) Anthropic will finish producing responsive documents that hit on priority search terms by March 21, 2025.

| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | SUSMAN GODFREY LLP | COWAN DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman | /s/ Rohit Nath | /s/ Scott J. Sholder |
| Rachel Geman | Rohit Nath | Scott J. Sholder |

*Counsel for Plaintiffs*

---

[3] Anthropic's representation that the priority terms hit on 59,295 documents is likely an overestimate, because it does not de-duplicate documents that hit on multiple terms. Anthropic appears to have arrived at that number by simply adding up the hit counts from each priority term, even though the same documents are likely hitting on multiple terms (and are thus being counted multiple times).

# EXHIBIT A

| | |
|---|---|
| **From:** | Collin Fredricks |
| **To:** | Winthrop, Douglas A.; Farris, Joseph; Nakamura, Angel Tang; Bragg, Estayvaine; Joe.Wetzel@lw.com; Ivana.Dukanovic@lw.com |
| **Cc:** | Miller, Jacob S.; "Gillotte, Jessica"; Rohit Nath; Alejandra Salinas; "Bartz-AI-TT@simplelists.susmangodfrey.com"; Stoler, Reilly T.; Justin A. Nelson; Jordan Connors; Geman, Rachel; "ssholder@cdas.com"; "ccole@cdas.com"; Craig Smyser; Dozier, Wesley; Freymann, Anna J. |
| **Subject:** | RE: [EXT] RE: Bartz v. Anthropic: Plaintiffs" Proposed Search Terms and Custodians |
| **Date:** | Thursday, January 23, 2025 4:18:53 PM |
| **Attachments:** | image001.png |

Counsel,

We look forward to Anthropic's production this week of: (1) the ISBN list for Anthropic's book scanning dataset, (2) the Books3 dataset, and (3) the four Internet Archive datasets.

However, Plaintiffs are concerned with the state of Anthropic's document production more broadly. To date, Anthropic has **still not produced a single document**, despite agreeing to produce many categories of documents in response to Plaintiffs' RFPs, the first set of which were served *more than 3.5 months ago,* on October 10, 2024. Furthermore, Plaintiffs sent Anthropic our proposed search terms on December 26, 2024. Yet we still have not received any hit counts or a counterproposal from Anthropic with respect to search terms. By contrast, even though Anthropic first served discovery on the plaintiffs *just a month ago* (months after the date we served discovery), we are rushing to get out productions starting next week.

We propose that the parties meet and confer tomorrow to discuss the timeline for document discovery broadly and high-priority outstanding issues. Given that the deadline for Plaintiffs to file a motion for class certification is March 6, Anthropic has agreed to produce documents for 50+ RFPs, the parties have already agreed on 12 custodians, and Anthropic has had Plaintiffs' proposed search terms for nearly a month, Plaintiffs propose a February 15 deadline for substantial completion of ESI production for the agreed-upon custodians, Plaintiffs' proposed search terms, and any additional search terms Anthropic has identified that are reasonably necessary to capture responsive documents. Absent a commitment from Anthropic to produce ESI by an acceptable date, Plaintiffs intend to file a motion to compel production of ESI documents reasonably in advance of the deadline for class certification. While we remain open to prioritizing depending on a showing of actual undue burden, the fact that we have received no information in response to our terms gives us concern that the time for substantial iterative discussions has passed. We hope the past few months have been spent on your pulling the relevant documents.

Sincerely,
Collin

**Collin Fredricks**
Susman Godfrey LLP | 817-240-1010

# EXHIBIT B

| | |
|---|---|
| **From:** | Collin Fredricks |
| **To:** | Gillotte, Jessica; Craig Smyser; Miller, Jacob S.; Rohit Nath; Alejandra Salinas; "Bartz-AI-TT@simplelists.susmangodfrey.com"; Stoler, Reilly T.; Justin A. Nelson; Jordan Connors; Geman, Rachel; "ssholder@cdas.com"; "ccole@cdas.com"; Dozier, Wesley; Freymann, Anna J. |
| **Cc:** | Winthrop, Douglas A.; Farris, Joseph; Nakamura, Angel Tang; Bragg, Estayvaine; Joe.Wetzel@lw.com; Ivana.Dukanovic@lw.com |
| **Subject:** | RE: [EXT] RE: Bartz v. Anthropic: Plaintiffs" Proposed Search Terms and Custodians |
| **Date:** | Monday, January 27, 2025 7:07:47 PM |
| **Attachments:** | image001.png<br>image002.png |

Counsel,

Thanks for the call today. We appreciate your commitments to: (1) get back to us on search terms by EOD, and (2) make an initial ESI production by early next week. We also look forward to hearing details about when/where tomorrow we can pick up the encrypted hard drive.

As for the tech tutorial, we will go first as plaintiffs.

Thanks,
Collin

**Collin Fredricks**
Susman Godfrey LLP | 817-240-1010

# EXHIBIT C

| | |
|---|---|
| **From:** | Collin Fredricks |
| **To:** | Gillotte, Jessica; Miller, Jacob S.; Stoler, Reilly T.; Rohit Nath; Alejandra Salinas; "Bartz-AI-TT@simplelists.susmangodfrey.com"; Jordan Connors; Geman, Rachel; Justin A. Nelson; "ssholder@cdas.com"; "ccole@cdas.com"; Craig Smyser; Dozier, Wesley; Freymann, Anna J. |
| **Cc:** | Winthrop, Douglas A.; Farris, Joseph; Nakamura, Angel Tang; Bragg, Estayvaine; Joe.Wetzel@lw.com; Ivana.Dukanovic@lw.com |
| **Subject:** | [EXT] RE: Bartz v. Anthropic - Proposed search term hit results |
| **Date:** | Wednesday, February 5, 2025 2:20:38 PM |
| **Attachments:** | image001.png |

Hi Jessica,

We are free at 2:00 pm PT on Friday. I just sent a calendar invite.

We also look forward to receiving Anthropic's first ESI production, which you all indicated last week would be served by early this week.

Thanks,
Collin

**Collin Fredricks**

Susman Godfrey LLP | 817-240-1010

# EXHIBIT D

| | |
|---|---|
| **From:** | Geman, Rachel |
| **To:** | "Winthrop, Douglas A."; Justin A. Nelson |
| **Cc:** | Collin Fredricks; Miller, Jacob S.; Stoler, Reilly T.; Rohit Nath; Alejandra Salinas; "Bartz-AI-TT@simplelists.susmangodfrey.com"; Jordan Connors; "ssholder@cdas.com"; "ccole@cdas.com"; Craig Smyser; Dozier, Wesley; Freymann, Anna J.; Farris, Joseph; Bragg, Estayvaine; Ramallo, Oscar |
| **Subject:** | RE: [EXT] Summary judgment and class certification; document timing and deficiencies |
| **Date:** | Tuesday, February 11, 2025 8:10:49 AM |
| **Attachments:** | image001.png |

Doug and all:

We are following up on your below email and last week's meet and confer.

First, we do not agree to stage summary judgment before class certification and are planning to file a motion for class certification on March 6.

Second, we served requests for production on October 10, 2024. Four months later, Anthropic has produced virtually no documents in response. This is prejudicial and unworkable. On January 23, we told Anthropic that we intended to raise the pace of document production with the court, and request a substantial completion deadline. You represented that this was unnecessary because substantial ESI would be produced by Friday, February 7. That date has now come and gone, without any document production.

Given the delays and non-production, we are moving to compel the completion of production of documents in response to our October 10, 2024 RFPs <u>no later than February 19, 2024</u>, unless (A) all non-privileged documents that hit on the priority search terms are produced by February 14, 2025, and (B) you confirm any documents that you intend to use in opposition to class certification will be produced by February 24, 2025.

You can always reach me at 917.691.1683 or in my office.

Best, Rachel

# EXHIBIT E

| | |
|---|---|
| **From:** | Collin Fredricks |
| **To:** | Farris, Joseph; Bragg, Estayvaine; Ramallo, Oscar; Winthrop, Douglas A. |
| **Cc:** | Miller, Jacob S.; Stoler, Reilly T.; Rohit Nath; Alejandra Salinas; "Bartz-AI-TT@simplelists.susmangodfrey.com"; Jordan Connors; "ssholder@cdas.com"; "ccole@cdas.com"; Craig Smyser; Dozier, Wesley; Freymann, Anna J.; Geman, Rachel; Justin A. Nelson |
| **Subject:** | RE: [EXT] Summary judgment and class certification; document timing and deficiencies |
| **Date:** | Thursday, February 13, 2025 4:42:04 PM |
| **Attachments:** | image001.png |

Counsel,

We write in connection with discovery.

**Anthropic's documents:** Given your Feb. 12 email, we agree that the parties appear to be at an impasse with respect to Anthropic's document production, and we plan to raise our concerns with the court in accordance with the required procedure. To be transparent, we will ask the court to order that:

(A) Anthropic cannot rely on any documents produced after February 24, 2025 in its opposition to class certification, and

(B) Anthropic will finish producing responsive documents that hit on priority search terms by March 21.

If on reflection Anthropic is willing (now willing) to agree to these conditions, let us know by the end of the week.

**Plaintiffs' documents:** We do not agree that the parties are at an impasse as to any of the issues you raise below concerning plaintiffs' discovery responses. First, you raised those issues with us for the first time on Monday, and Plaintiffs are currently amending our responses based on the parties' discussion on Monday's meet-and-confer. Plaintiffs will be sending a separate email tomorrow memorializing next steps from the Monday meet and confer, including amendments Plaintiffs intend to make to our discovery responses. Second, Plaintiffs served our requests months before Anthropic did. Plaintiffs anticipate making a second production tomorrow and will continue to produce documents. If there are additional categories of documents Anthropic believes are a priority, please so identify.

Thanks,
Collin

**Collin Fredricks**
Susman Godfrey LLP | 817-240-1010

# EXHIBIT F

4. We also have an update on our document review efforts. Our team has so far completed a first line review of over 16,500 documents that hit in ESI searches and we will be producing at least 300-400 documents this week based on confirmed responsive and non-privileged documents in that review.  The number of responsive documents may increase as we do second line review.  In the meantime, we expect to be able to review at least approximately 10,000 documents per week going forward.

5. Regarding training data/source code inspection, can you specify whether you will be starting on Friday, 2/14 or on Tuesday, 2/18 (or some other date)? If you will be starting your review on Friday, 2/14, please give us the following by tomorrow, as discussed during our M&C on Friday, 2/7:
    - the names of the attorneys (that exactly match their government ID) who will be going into the training data/source code inspection space,
    - the name of the expert who will need an account to log onto the secured inspection computer,
    - the "code and resources" you would be asking Anthropic to install prior to the inspection, and
    - let us know if you will expect us to provide a note-taking computer.

Thanks,
Jessica

_____
Jessica Gillotte
Associate | Bio

## Arnold & Porter

Three Embarcadero Center | 10th Floor
San Francisco, CA 94111-4024
T: +1 415.471.3353
Jessica.Gillotte@arnoldporter.com
www.arnoldporter.com | LinkedIn

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com