Douglas A. Winthrop (Bar No. 183532)
Douglas.Winthrop@arnoldporter.com
Joseph Farris (Bar No. 263405)
Joseph.Farris@arnoldporter.com
Jessica L. Gillotte (Bar No. 333517)
Jessica.Gillotte@arnoldporter.com
Estayvaine Bragg (Bar No. 341400)
Estayvaine.Bragg@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400

Angel T. Nakamura (Bar No. 205396)
Angel.Nakamura@arnoldporter.com
Oscar Ramallo (Bar No. 241487)
Oscar.Ramallo@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:    (213) 243-4000
Facsimile:    (213) 243-4199

Joseph R. Wetzel (Bar No. 238008)
joe.wetzel@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:    (415) 391-0600

*Attorneys for Defendant* Anthropic PBC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-cv-05417<br><br>**DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO REQUEST A CASE MANAGEMENT CONFERENCE ON THE ORDERING OF SUMMARY JUDGMENT AND CLASS CERTIFICATION MOTIONS** |

Defendant Anthropic PBC ("Anthropic") respectfully requests that the Court set a case management conference so the Parties and the Court can discuss adjusting the case schedule to resolve a summary judgment motion on fair use prior to addressing class certification. Based on the recent technology tutorial, it appears that the Parties may not have significant disputes about the relevant facts regarding the general nature of how large language models function. This common ground makes the case potentially ripe for summary judgment on the issue of fair use, and deciding fair use before class certification is more efficient, regardless of the outcome. On February 10, 2025, Anthropic presented a proposal to Plaintiffs for a revised case schedule to re-order the class certification and dispositive motion deadlines, without changing the December 1, 2025, trial date. Winthrop Declaration ¶ 3 & Ex. A.[1] After Plaintiffs refused that request, on February 19, 2025, Anthropic requested that Plaintiffs stipulate to this request for a case management conference to discuss this issue with the Court. *Id.* ¶¶ 4-5 & Ex. B. Plaintiffs also did not agree with that request. *Id.*

Deciding the merits of Anthropic's fair use defense before Plaintiffs move to certify the class is a more efficient way for the case to proceed. *Authors Guild v. Google, Inc.*, 721 F.3d 132, 134 (2d Cir. 2013), is instructive. There, the plaintiff alleged that Google infringed the copyrights of a class by scanning "more than 20 million books" to create a tool to search their text. *Id.* at 133. The district court certified the class prior to summary judgment, but on interlocutory appeal, the Second Circuit vacated that ruling. *Id.* at 135. The Court of Appeals held that the district court's attempt to grapple with Rule 23's detailed requirements—including "the commonality of plaintiffs' injuries, the typicality of their claims, and the predominance of common questions of law or fact"— was premature in light of the likelihood that those issues will be "necessarily inform[ed] and perhaps moot[ed]" by "resolution of [the] fair use defense in the first instance" on summary judgment. *Id.* at 134. That holding was prescient, as on remand, the district court ultimately granted summary

---

[1] As shown in the email message sent on February 10, 2025, Anthropic proposed that the current March 6, 2025, deadline for moving for class certification be moved to August 7, 2025, and the current dispositive motion filing deadline of October 1, 2025, be moved forward to May 22, 2025.

judgment on fair use, mooting the issue of class certification. *Authors Guild, Inc. v. Google Inc.*, 954 F. Supp. 2d 282, 284 (S.D.N.Y. 2013), *aff'd*, 804 F.3d 202 (2d Cir. 2015).

      Judge Chhabria recently reached the same result in *Kadrey v. Meta Platforms Inc.*, No. 3:23-cv-03417-VC (N.D. Cal.), another case in which a putative class contends that a defendant's large language model infringes copyright and the defendant asserts, *inter alia*, a fair use defense. There, the Court concluded that scheduling summary judgment before class certification was "a way of . . . adjudicating the case more efficiently . . . ." Winthrop Decl. ¶ 6 & Ex. C (*Kadrey* Transcript of Proceedings occurring on January 12, 2024 (ECF No. 85) at 6:12-13). Judge Chhabria noted that addressing summary judgment before class certification was "a good idea . . . given all the expense and difficulty that would be . . . involved with class certification" and that "there are really no significant disputed issues of material fact." *Id.* at 4:7-11.[2] The same efficiencies apply in the present case. The Parties are highly unlikely to dispute *which* of the named Plaintiffs' books Anthropic has used in training its large language models. The Parties are also in agreement that the case does not assert claims based on the output of the large language models, which eliminates any potential factual issues regarding whether such outputs infringed any of the Plaintiffs' works. *See generally* ECF No. 70 (First Amended Complaint); *see also* Winthrop Decl. ¶ 7 & Ex. D (ECF No. 80 (Technical Tutorial Transcript)) at 62:5-7 (Plaintiffs' counsel Mr. Nelson stating, "This is not an output copyright infringement."). Indeed, this case is narrowly focused on purported use during the large language model training process, which is precisely why resolving fair use before class certification presents the same potential efficiency as found in *Kadrey* and *Authors Guild*. If the Court rules that Anthropic's use of the Plaintiffs' works is a fair use, class certification will become moot, saving the Court and the Parties a significant amount of time and resources.

      But even if the Court does not grant summary judgment to Anthropic, addressing summary judgment first still presents advantages and efficiencies. In general, "copyright claims are poor candidates for class-action treatment" because "[e]very copyright claim turns upon facts which are

---

[2] Summary judgment briefing in the *Kadrey* case is set for March and April, 2025. *Kadrey*, ECF 411.

particular to that single claim of infringement, and separate from all the other claims." *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 717 (N.D. Cal. 2023) (internal quotation omitted). Here, the record developed for summary judgment likely will shed light on whether Anthropic's use of any of Plaintiffs' copyrighted works in model training harms any of the relevant markets for any of Plaintiffs' works under the fourth fair use factor analysis. This record could determine whether market harm can be demonstrated on a class-wide basis and whether there are "obvious barriers to classwide proof." *Id.* at 724; *see also Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013) (requiring a showing that "damages are capable of measurement on a classwide basis" for class certification). As another example, in ruling on summary judgment, the Court will have to consider if the fair use analysis here turns on the particular nature of the copyrighted works at issue, which may inform whether this case is properly brought as a class action. *See generally Schneider*, 674 F. Supp. 3d at 712 (noting that the parties submitted "reams of evidence" in summary judgment briefing, and relying on summary judgment evidence in determining class certification).[3]

Finally, Plaintiffs would not suffer prejudice from an adjustment in the schedule. If Anthropic's motion for summary judgment on fair use is denied, Plaintiffs may still seek class certification. And, if Anthropic's summary judgment motion is granted, absent members of the putative class remain free to file suit against Anthropic.[4]

For these reasons, Anthropic respectfully requests the Court set a case management conference so that the Parties and the Court can discuss adjusting the case schedule to provide for consideration of a motion for summary judgment before consideration of Plaintiffs' motion for class certification.

---

[3] Plaintiffs have asserted infringement of books in multiple genres, including true crime (*The Good Nurse* by Plaintiff Graeber and *The Feather Thief* by Plaintiff Johnson), mystery-thriller (*The Lost Night* by Plaintiff Bartz), medical nonfiction (*The Breakthrough: Immunotherapy and the Race to Cure Cancer* by Plaintiff Graeber), and historical nonfiction (*To Be a Friend Is Fatal: The Fight to Save the Iraqis America Left Behind* by Plaintiff Johnson).

[4] Of course, by requesting that summary judgment be addressed first, Anthropic would be waiving the "one-way intervention rule," which prevents potential class members from waiting to see how the merits of a putative class action are resolved before deciding whether to be part of the class.

Respectfully submitted,

Dated: February 20, 2025        By:   */s/ Douglas A. Winthrop*

    **ARNOLD & PORTER KAYE SCHOLER LLP**
      Douglas A. Winthrop
      Joseph Farris
      Angel Nakamura
      Jessica Gillotte
      Estayvaine Bragg

    **LATHAM & WATKINS LLP**
      Joseph R. Wetzel

    *Attorneys for Defendant*
    ANTHROPIC PBC