# EXHIBIT C

```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3      Before The Honorable Vince Chhabria, District Judge
 4
 5  KADREY, et al.,            )
                               )
 6           Plaintiffs,       )
                               )
 7  vs.                        )   Case No. C 23-03417-VC
                               )
 8  META PLATFORMS, INC.,      )
                               )
 9           Defendant.        )
10  _____)
                                    San Francisco, California
11                                  Friday, January 12, 2024
12
     TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
13             RECORDING 10:47 - 11:19 = 32 MINUTES
14
    APPEARANCES:
15
    For Plaintiffs:
16                             Joseph Saveri Law Firm, LLP
                               601 California Street
17                             Suite 1000
                               San Francisco, California
18                                94108
                          BY:  JOSEPH R. SAVERI, ESQ.
19
                               Matthew Butterick, Attorney
20                               at Law
                               1920 Hillburst Avenue
21                             Suite 406
                               Los Angeles, California 90027
22                        BY:  MATTHEW BUTTERICK, ESQ.
23
24
25          (APPEARANCES CONTINUED ON NEXT PAGE)
```

*Echo Reporting, Inc.*

```
                                                               2
 1  Appearances:  (Cont'd.)

 2  For Defendant:
                              Cooley, LLP
 3                            1333 2nd Street, Suite 400
                              Santa Monica, California 90401
 4                      BY:   BOBBY A. GHAJAR, ESQ.

 5                            Cooley, LLP
                              3 Embarcadero Center
 6                            20th Floor
                              San Francisco, California
 7                               94111
                        BY:   KATHLEEN R. HARTNETT, ESQ.
 8
    Transcribed by:           Echo Reporting, Inc.
 9                            Contracted Court Reporter/
                              Transcriber
10                            echoreporting@yahoo.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
                                                              3
 1  Friday, January 12, 2024                           10:47 a.m.
 2                    P-R-O-C-E-E-D-I-N-G-S
 3                           --oOo--
 4          THE CLERK:  Now calling civil case 23-3417,
 5  Kadrey, et al. versus Meta Platforms, Inc.
 6      Counsel, please state your appearances for the record,
 7  starting with the Plaintiff.
 8          MR. SAVERI (via Zoom):  Good morning, your Honor.
 9  Joseph Saveri on behalf of Plaintiffs.
10          THE COURT:  Good morning.
11          MR. SAVERI:  Good morning.
12          MR. BUTTERICK (via Zoom):  Your Honor, Matthew
13  Butterick on behalf of the Plaintiffs.  Good morning.
14          THE COURT:  Hi.
15          MR. GHAJAR (via Zoom):  Good morning, your Honor.
16  Bobby Ghajar from Cooley on behalf of Meta Platforms.
17          THE COURT:  Hi.
18          MS. HARTNETT (via Zoom):  Kathleen Hartnett, also
19  from Cooley, for Meta.
20          THE COURT:  Hi.  Okay.  So, I guess the first
21  thing to discuss is just this little debate that you're
22  having in the Case Management Statement about doing summary
23  judgment first versus class certification.  I was a little
24  bit confused by the discussion.  I take it that what the
25  Defendants -- or Defendant is proposing is that they waive
```

objection to the one -- you know, they waive one-way intervention objection as discussed in my standing order and tee it up for cross-motions for summary judgment on the copyright infringement issue prior to going to class certification proceedings and prior to going to class certification discovery.

That strikes me as a good idea in this case given all the expense and difficulty that would be, you know, involved with class certification, and given the -- the likelihood, I think, that there are really no significant disputed issues of material fact. Now, I'm less sure about that. I mean, I -- there may be something buried in the technology rabbit hole that constitutes a disputed issue of fact, but it seems at least possible that there won't be any disputed issue of material fact. And, so, why not do summary judgment first on the terms proposed by the Defendant, if I understand what the Defendant is proposing, and on the terms described in my -- in my standing order?

MR. SAVERI: Your Honor, Joe Saveri. Let me -- let me go first on that I guess.

THE COURT: Okay.

MR. SAVERI: So, well, two things. I -- I think that the first -- the first thing is that in order for that to make any sense, the one-way intervention problem would have to be solved and if the Defendants were, in fact,

5

1 prepared to waive that, that's -- that's a way around that,
2 and --
3     THE COURT: Well, I think by definition they are.
4 They're proposing doing it the way that I -- the way that I
5 lay out in the standing order.
6     MR. SAVERI: Yeah, and, your Honor, I've had cases
7 certainly where the Defendants were less clear about that
8 waiver issue, and it -- and, so, that --
9     THE COURT: So, let's just -- let's just get
10 clarity right now. I mean, I assume, Mr. Ghajar, that --
11 that you are proposing to waive the one-way intervention
12 objection as discussed in my standing order?
13     MR. GHAJAR: Yeah. We -- we read your standing
14 order, your Honor, and we -- we believe that -- we're the
15 ones proposing this structure because we believe that the
16 benefits of hearing summary judgment before class cert
17 outweighs the -- the issues and concerns with the one --
18 with the one-way intervention rule. So, yes, we've proposed
19 to waive that. We believe that the summary judgment issue
20 should be addressed first, and there are a lot of benefits
21 to doing so.
22     MR. SAVERI: And that -- your Honor, that's
23 helpful. And I guess the second point I guess I would make
24 is that it's not clear to me that the -- there will not be
25 factual issues, but I -- you know, that's something we have

6

```
 1  to address, you know, in -- in due course.
 2       I also tend to think that there will be substantial
 3  overlap between the summary judgment -- the record of
 4  summary judgment and other issues in the case, including
 5  class certification.  And, so, I think there are some
 6  efficiencies to having all the discovery done first.
 7  That's --
 8            THE COURT:  Well, certainly, it -- certainly it's
 9  true that merits-related stuff will be relevant to class
10  certification, but there's a lot of class certification
11  stuff that will not be relevant to the merits.  So, it does
12  strike me that it is, you know, potentially a way of, you
13  know, adjudicating the case more efficiently to do summary
14  judgment first.
15            MR. SAVERI:  Your Honor, I -- I -- I understand
16  the point.  It's -- you know, it's a case management choice
17  we're going to make now, and we have to decide that.  I
18  guess if we were going to do that, it's important, I think,
19  to set the rest of the schedule.  I mean, we think summary
20  judgment's going to be denied, and we wouldn't want to get
21  caught at a situation where there's a -- where there's a
22  pause.
23            THE COURT:  I assure you that you will not have to
24  worry about that.
25            MR. SAVERI:  Okay.  Now --
```

7

```
 1            THE COURT:  The case -- the case will be moved
 2 along.  My reaction also was that -- that I didn't quite
 3 understand why, you know, Meta was proposing that the
 4 summary judgment hearing not take place until, you know, a
 5 year and a half from now.  That struck me as too elongated.
 6 And we can -- obviously we can talk further about that, but
 7 you do not have to worry about there being pause.  You don't
 8 have to worry about this litigation structure causing it to
 9 go slower than it otherwise would.  I assure you that that
10 will not happen.
11            MR. SAVERI:  So, your Honor, does that mean that
12 we will kind of work out the whole schedule from now until
13 trial with the --
14            THE COURT:  I don't think -- I don't think that's
15 necessary.  I mean, it just doesn't seem -- you know, we're
16 going to do summary judgment, and then we would set a --
17 there's -- there wouldn't be discovery on class
18 certification until after the summary judgment ruling
19 anyway.  But then we would set a schedule, you know,
20 promptly after that.  You know, what I would do is set a
21 hearing date for summary judgment and then set a case
22 management conference for two or three weeks following the
23 hearing on summary judgment, and we'd set the -- we'd set
24 the schedule for class certification and trial at that time.
25            MR. SAVERI:  But, your Honor, I guess my concern
```

```
                                                              26
 1                CERTIFICATE OF TRANSCRIBER
 2
 3      I certify that the foregoing is a true and correct
 4 transcript, to the best of my ability, of the above pages of
 5 the official electronic sound recording provided to me by
 6 the U.S. District Court, Northern District of California, of
 7 the proceedings taken on the date and time previously stated
 8 in the above matter.
 9      I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.
14
15           [signature]
16
17           Echo Reporting, Inc., Transcriber
18               Tuesday, January 23, 2024
19
20
21
22
23
24
25
```