# EXHIBIT D

```
                                                         Pages 1 - 70

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

                BEFORE THE HONORABLE WILLIAM H. ALSUP

ANDREA BARTZ, et al,             )
                                 )
                                 )
              Plaintiffs,        )
                                 )
   vs.                           ) No. C 24-5417 WHA
                                 )
ANTHROPIC PBC,                   )
                                 )  San Francisco, California
              Defendant.         )  Thursday
                                 )  January 30, 2025
_____)  10:00 a.m.


                     TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiffs:          SUSMAN GODFREY, LLP
                         1000 Louisiana Street
                         Suite 5100
                         Houston, Texas 77002
                   BY:   JUSTIN A. NELSON, ESQ.
                         COLLIN FREDERICKS, ESQ.
                         ALEJANDRA C. SALINAS, ESQ.


                         SUSMAN GODFREY, LLP
                         One Manhattan West
                         50th Floor
                         New York, New York 10001
                   BY:   JAMES CRAIG SMYSER, ESQ.


              (APPEARANCES CONTINUED ON FOLLOWING PAGE)




Reported By:    Debra L. Pas, CSR 11916, CRR, RMR, RPR
                Official Reporter - US District Court
                Computerized Transcription By Eclipse
```

**APPEARANCES:   (CONTINUED)**

**For Plaintiffs:**        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                           Embarcadero Center West
                           275 Battery Street
                           29th Floor
                           San Francisco, California 94111
                   **BY:   DANIEL M. HUTCHINSON, ESQ.
                           REILLY T. STOLER, ESQ.**


                           LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                           250 Hudson Street
                           8th Floor
                           New York, New York 10013
                   **BY:   RACHEL GEMAN, ESQ.**


**For Defendant:**         ARNOLD & PORTER KAYE SCHOLER, LLP
                           Three Embarcadero Center
                           10th Floor
                           San Francisco, California 94111
                   **BY:   DOUGLAS A. WINTHROP, ESQ.
                           JOSEPH R. FARRIS, ESQ.
                           ESTAYVAINE BRAGG, ESQ.
                           JESSICA L. GILLOTTE**


                           LATHAM AND WATKINS, LLP
                           505 Montgomery Street
                           Suite 2000
                           San Francisco, California 94111
                   **BY:   JOSEPH R. WETZEL, ESQ.**


**Also Present:**          **BEN ZHAO
                           APARNA SRIDHAR**


                                   _ _ _

1   iterate.  So, for example, you could say, as I did:  Draft a
2   poem in honor of my brother-in-law's birthday, and he's a
3   lawyer, and he's got two kids, and his kids play soccer.  And
4   it drafted -- it came up with a poem.
5       Then I said:  Oh, you know, I forgot, like, my
6   sister-in-law is also a lawyer.  We should include that.  And
7   the kids aren't toddlers, they are actually in high school and
8   college, so I need a little more advanced.  And I said that.  I
9   typed that into Claude.  And it came back and it iterated in
10  that way and had a more -- you know, made the kids older, that
11  sort of thing, and included some reference to the wife.
12      So it's quite, you know -- it's possible in that way to
13  kind of communicate with Claude or sense of iterate and give it
14  more data, more information to help it come up with appropriate
15  useful response.
16          **THE COURT:**  Let me change the subject just slightly.
17  I don't want to get into the merits too much, but I want to
18  give each of you three sentences; maybe five, but no more than
19  a total of a minute to -- with the benefit of what I've learned
20  here, I want the plaintiff to explain what the copyright
21  violation is.  And I want you to explain your view of why it's
22  not.  So let's -- let's hear what the one-minute version is.
23          **MR. NELSON:**  Thank you, Your Honor.
24      As we saw in one of the slides, Anthropic knowingly went
25  to a pirated dataset and downloaded, copied that dataset and

1  used it, period.  That alone -- you can stop there, full stop.
2  That is the *Napster* case.  You cannot do that.  That is
3  paradigmatic copyright infringement.
4      Now, we can go on and talk about other copyright
5  infringements.  My colleague is 100 percent correct.  This is
6  not an output copyright infringement.  But the use of training
7  data by itself is also copyright infringement as it goes on.
8      There is a market emerging that you go through the four
9  steps of fair use.  It hits every one of those four steps.
10     My expectation is that they are going to say it is
11 transformative because the output is transformative, but that
12 is not the test.
13     As we saw in the training data, it is consistently copying
14 and using that expression to train, number one.
15     Number two, it is for a commercial use, but it is -- just
16 as the *Andy Warhol* case said, if you go through the other
17 factors, including the emerging licensing market, you will see
18 that it is not fair use.  There is no doubt it is prima facie
19 copyright infringement.  Putting aside, I think, the clear
20 pirated part of it, even going beyond that, is also copyright
21 infringement.
22     Thank you, Your Honor.
23         **THE COURT:**  Okay.  What's your one-minute version?
24         **MR. WINTHROP:**  This is a quintessential fair use.  In
25 every copyright fair use case, there is copying.

1        **THE COURT:** There is what?

2        **MR. WINTHROP:** There is copying. That just gets
3    you -- that's the entrance to the discussion about fair use.
4        The question is: What's it for? What's the use? Is it a
5    different use than what the copyright holder's use and purpose
6    was?
7        This is fundamental. This is using what -- using works,
8    using to learn the language, to study language. It's not
9    expressive. It's basically extracting data about language and
10   that is not copyright infringement. It is a fair use. This
11   whole notion of --
12       **THE COURT:** If you went through the four statutory
13   factors --
14       **MR. WINTHROP:** Fundamentally a completely different
15   change, a different use. Fundamentally different use.
16   Completely transformative use.
17       **THE COURT:** But at the moment you copy it, it is the
18   exact copy.
19       **MR. WINTHROP:** In any fair use case there is always
20   some copying, and it's always -- you can often say you start
21   with a copy and then do you something with it.
22       I don't think that's going to be the answer. And I think
23   if you think of *Napster*, that's their analogy. *Napster* is you
24   copy a song and someone plays a song. They copied the song and
25   they played the song.

**CERTIFICATE OF OFFICIAL REPORTER**

   I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Saturday, February 8, 2025