Justin A. Nelson *(pro hac vice)*
Alejandra C. Salinas *(pro hac vice)*
Collin Fredricks *(pro hac vice)*
SUSMAN GODFREY L.L.P
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
cfredricks@susmangodfrey.com

Rohit D. Nath (SBN 316062)
SUSMAN GODFREY L.L.P
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

J. Craig Smyser *(pro hac vice)*
SUSMAN GODFREY L.L.P
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
csmyser@susmangodfrey.com

Jordan W. Connors *(pro hac vice)*
SUSMAN GODFREY L.L.P
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

Rachel Geman *(pro hac vice)*
Wesley Dozier *(pro hac vice)*
Anna Freymann *(pro hac vice)*
Jacob Miller *(pro hac vice)*
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com

Reilly T. Stoler (SBN 310761)
Daniel M. Hutchinson (SBN 239458)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
rstoler@lchb.com
dhutchinson@lchb.com

*Attorneys for Plaintiffs and the Proposed Class*
(Additional Counsel Listed on Signature Page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendants. | Case No. 3:24-cv-05417-WHA<br><br>**PLAINTIFFS' OPPOSITION TO ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO REQUEST A CASE MANAGEMENT CONFERENCE ON THE ORDERING OF SUMMARY JUDGMENT AND CLASS CERTIFICATION MOTIONS** |

1    On October 10, 2024, at the initial scheduling conference, Anthropic asked the Court to address summary judgment before class certification. The Court denied the request, expressed skepticism, but told Anthropic it could re-raise the issue. *See* Ex. A at 23:19-24:8. Anthropic did not raise the issue for more than four months. In that time, Plaintiffs have been working diligently to develop the record for class certification, prepare its motion that is now due in less than two weeks, and ultimately be ready for the December 1, 2025 trial date.

The Court should deny Anthropic's request again. The request is untimely—filed well after Plaintiffs have invested time and resources into preparing a motion for class certification. Anthropic also offers no reason why this Court should revisit its previous denial of Anthropic's request. The current case schedule accords with Rule 23's mandate that class certification be decided at "an early practicable time" and allows common issues like fair use to be decided *after* a class is certified and a notice and opt-out period. Discovery has confirmed that class certification here will be straightforward and should be decided sooner rather than later. Anthropic's conduct was common to the class— ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Anthropic's central defense is fair use, and whether Anthropic's largescale piracy and training is fair use is a common question with a common answer.

The schedule the Court set back in October was the right one then and it remains the right one now. The Court should deny Anthropic's motion. Anthropic has ample opportunity to raise its defenses to Rule 23 in its upcoming class certification opposition, and will have ample opportunity to present its fair use defense at summary judgment later this year. Its eleventh-hour motion to delay class certification briefing pending a yet-to-be-filed motion for summary judgment should be denied.

**I.     Anthropic's Motion Should Be Denied As Untimely.**

At the October 10, 2024 conference, the Court rejected Anthropic's request that summary judgment be staged before class certification, but left open the possibility of a change in sequencing later. *See* Ex. A at 23:21-24:8 ("[I]f both sides were to agree . . . not to do class certification until after summary judgment — that's ridiculous, really. That's one-way intervention."). Plaintiffs opposed. The Court scheduled class certification briefing to begin on March 6, 2025.

1   For the next four months, Plaintiffs moved forward with the March 6 deadline as a north star. Plaintiffs prioritized discovery relevant to class certification, retained expert witnesses to opine on class issues, and have already dedicated substantial resources to preparing their class certification motion. Plaintiffs took an early 30(b)(6) deposition about threshold issues relevant to class certification, and the depositions of named Plaintiffs are scheduled to be completed next week. As for written discovery, Plaintiffs have focused on discovery demands likely to be related to class certification. *See* Pltfs. Ltr. Mtn. to Compel Disc. Resps., Dkt. 86. As late as last month when the parties were in front of this Court for the technology tutorial, Anthropic said nothing.

Waiting until the eve of class certification briefing, Anthropic now asks to push class certification briefing back five months, to August 7. Accounting for a notice and opt out period after any class is certified, Anthropic's proposed delay in class certification briefing would likely require a delay of the December trial. Plaintiffs rejected Anthropic's proposal. Anthropic frames its proposal as an attempt to save resources, but at this late stage, its proposal would have the opposite effect. Discarding these efforts at the eleventh hour "is precisely the type of waste a scheduling order is designed to avoid." *Zone Sports Ctr., LLC v. Rodriguez*, 2016 WL 224093, at *10 (E.D. Cal. Jan. 19, 2016) (denying motion to amend scheduling order).

## II.   Class Certification Should Not Be Postponed Until After Summary Judgment Is Decided.

Anthropic's proposal to delay class certification by five months is contrary to Rule 23, which directs the court to decide class certification "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). In the context of this case, Anthropic's proposed schedule turns that requirement on its head, scheduling class certification not only after dispositive motions, but less than two months before the pretrial conference, leaving insufficient time to provide notice to absent class members and an opt-out period.

This Court's rules reinforce why class certification should be decided at an early practicable time in this case. The Court has instructed the parties that there should be "[n]o talking of settlement until we make sure there's a class." Ex. A at 16:14-15.

Postponing class certification is especially inefficient here because class certification in this

2
PLAINTIFFS' OPPOSITION TO ANTHROPIC'S ADMINISTRATIVE MOTION
3:24-cv-05417

1   case will be more straightforward than most. The claims of every class member will rise or fall on
2   two largescale common practices: ███████████████████████████████████████████████
3   ████████████████████████████████████████████████████████████████████████████████
4   ████████████████████████████████████████████████████████████████████████████████
5   ████████████████████████████████████████████████████████████████████████████████
6   ████████████████████████████████████████████████████████████████████████████████
7   ████████████████████████████████████████████████████████████████████████████████
8   ████████████████████████████████████████████████████████████████████████████████
9   ████████████████████████████████████████████████████████████████████████████████
10  ███████████████████████ Because Anthropic treated all these books the same █ t████
11  ████████████████████████████████████████████████████████████████████████████████
12  ████████████████████████████████ the central questions of law and fact about Anthropic's conduct,
13  whether it was willful, and whether it was fair use are all common to the class. Courts consistently
14  grant class certification in copyright cases where, as here, a defendant's common course of conduct
15  allegedly infringed a large group of works. *In re Napster, Inc. Copyright Litig.*, No. 3:00-md-1369,
16  2005 WL 1287611, at *12 (N.D. Cal. June 1, 2005); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
17  No. 13-cv-5693, 2015 WL 4776932, at *17 (C.D. Cal. May 27, 2015).

18       The cases Anthropic cites only further illustrate why class certification is appropriate here.
19  For example, in *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 717, 720 (N.D. Cal. 2023), class
20  certification was denied because there were individualized questions for each audiovisual work
21  regarding whether there was a video uploaded to YouTube video that was substantially similar
22  enough to have infringed. *Id.* Here, whether any class member can establish a *prima facie* case of
23  infringement depends on Anthropic's common records, namely, its training datasets that can easily
24  be queried to determine which books were downloaded and used for LLM training. And because,
25  as Anthropic admits, this case is only about Anthropic's illegal downloading and training copies of
26  class works (*i.e.*, the inputs to Anthropic's LLMs), there will be no similar issue about substantial
27
28  █ ████████████████████████████████████████████████████████████████████████████
    ████████████████████████████████████████████████████████████████████████████████
    ████████████████████████████████████████████████████████████████████████████████

similarity, for example, to assess whether the *outputs* of Anthropic's LLMs are infringing.

Anthropic also cites *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC (N.D. Cal.), but in that case, Judge Chhabria put summary judgment first at the outset of the case, before any discovery was underway and before the plaintiffs had put significant resources into preparing a motion for class certification. *See* Anthropic's Ex. C at 6:8-14; *but see Tremblay v. OpenAI*, 3:23-cv-03223-AMO (N.D. Cal) (sequencing class certification first).[2] Anthropic's cited cases only confirm why its last-minute proposal to change the case schedule should be denied.

Finally, while Anthropic says it will waive the protection of the one-way intervention rule, *cf. Schwarzschild v. Tse*, 69 F.3d 293, 295-96 (9th Cir. 1995), this does not cure the prejudice Plaintiffs will suffer from a delay to class certification briefing that will almost certainly jeopardize the trial date if class certification is granted.

### III. Staging Summary Judgment First Is Inefficient.

Anthropic says that staging summary judgment on fair use first may "moot" the remainder of this litigation. Anthropic's fair use defense is highly unlikely to succeed. ███████

███████ Courts have long held that "exploitative unauthorized cop[ying] of copyrighted works" in order "to save the expense of purchasing authorized copies" is not fair use. *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1015 (9th Cir. 2001); *see also UMG Recordings, Inc. v. MP3.Com, Inc.*, 92 F. Supp. 2d 349, 350 (S.D.N.Y. 2000) (denying fair use where Defendant "copied, without authorization, from plaintiffs' copyrighted CDs"). ███████

███████

---

[2] The five-paragraph *per curiam* opinion in *Authors Guild v. Google, Inc.*, 721 F.3d 132, 134 (2d Cir. 2013), is equally irrelevant because the underlying litigation involved questions of substantial similarity not at issue here. Nor is the *Authors Guild* opinion—which itself "test[ed] the boundaries of fair use," *Authors Guild v. Google, Inc.*, 804 F.3d 202, 206 (2d Cir. 2015)—interpreted to permit piracy or unlicensed LLM training. *See Hachette Book Grp., Inc. v. Internet Archive*, 664 F. Supp. 3d 370, 380-81, 391 (S.D.N.Y. 2023) (distinguishing *Google Books* and finding Internet Archive's unlicensed copying and distribution of books not to be fair use); *Thomson Reuters v. Ross Intelligence*, 2025 WL 458520, at *10 (D. Del. Feb. 11, 2025) (Bibas, J.) (finding that use of copyrighted material to train an AI model was not transformative and not fair use).

Anthropic's fair use defense for the subsequent copies it made of class members' works to train its LLMs is equally meritless. *See, e.g., Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 916 (2d Cir. 1994) (holding that Texaco's "institutional, systematic copying [to] increase[] the number of copies available to scientists while avoiding the necessity of paying for license fees or for additional subscriptions" was not fair use). In fact, just two weeks ago, in *Thomson Reuters v. Ross Intelligence,* Judge Bibas held that the reproduction of Westlaw headnotes to train an AI model was not fair use. 2025 WL 458520, at *10 (D. Del. Feb. 11, 2025) (Bibas, J.). ▮

▮

▮

▮

* * *

The time for Anthropic to request reconsideration of the staging of class certification and summary judgment has long passed. The most efficient course for the class and the case is to keep the current schedule and trial date. Plaintiffs are hard at work preparing their motion for class certification, and because putting summary judgment first in this action will not increase efficiency or judicial economy, this Court should deny Anthropic's request.

| | |
|---|---|
| Dated: February 24, 2025 | By: */s/ Rohit D. Nath* |
| | Justin A. Nelson *<br>Alejandra C. Salinas *<br>Collin Fredricks *<br>**SUSMAN GODFREY L.L.P**<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002-5096<br>Telephone: (713) 651-9366<br>jnelson@susmangodfrey.com<br>asalinas@susmangodfrey.com<br>cfredricks@susmangodfrey.com |
| | Rohit D. Nath (SBN 316062)<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-2906<br>Telephone: (310) 789-3100<br>RNath@susmangodfrey.com |
| | Jordan W. Connors *<br>**SUSMAN GODFREY L.L.P**<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 516-3880<br>jconnors@susmangodfrey.com |
| | J. Craig Smyser *<br>**SUSMAN GODFREY L.L.P**<br>One Manhattan West, 51st Floor,<br>New York, NY 10019<br>Telephone: (212) 336-8330<br>csmyser@susmangodfrey.com |
| | Rachel Geman *<br>Wesley Dozier *<br>Anna Freymann *<br>Jacob S. Miller *<br>**LIEFF CABRASER HEIMANN<br>& BERNSTEIN, LLP**<br>250 Hudson Street, 8th Floor<br>New York, New York 10013-1413<br>Telephone: (212) 355-9500<br>rgeman@lchb.com<br>wdozier@lchb.com<br>afreymann@lchb.com<br>jmiller@lchb.com |
| | Reilly T. Stoler (SBN 310761)<br>Daniel M. Hutchinson (SBN 239458)<br>**LIEFF CABRASER HEIMANN<br>& BERNSTEIN, LLP**<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>rstoler@lchb.com |

dhutchinson@lchb.com

Scott J. Sholder *
CeCe M. Cole *
**COWAN DEBAETS ABRAHAMS & SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Class*

*(pro hac vice)

---

7
PLAINTIFFS' OPPOSITION TO ANTHROPIC'S ADMINISTRATIVE MOTION
3:24-cv-05417