# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT

                FOR THE NORTHERN DISTRICT OF CALIFORNIA

                     _____


    Bartz, et al.,                    )
                                      ) No. 3:24-CV-05417-WHA
                    Plaintiffs,       )
                                      )
              vs.                     )
                                      ) San Francisco, California
    Anthropic PBC,                    ) October 10, 2024
                                      ) 11:33 a.m.
                    Defendants.       )
    _____)



          BEFORE:  THE HONORABLE WILLIAM H. ALSUP, JUDGE


                REPORTER'S TRANSCRIPT OF PROCEEDINGS

                INITIAL CASE MANAGEMENT CONFERENCE
```

Official Court Reporter:
**Cathy J. Taylor, RMR, CRR, CRC (By Zoom Videoconference)**
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC 31
Phoenix, Arizona 85003-2151
(602) 322-7249

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

| | |
|---|---|
| 1 | MR. WINTHROP:  November 8th.  There was a -- all -- |
| 2 | all parties -- you may have seen this from the report, Your |
| 3 | Honor.  All parties were confused by the two scheduling orders, |
| 4 | and so -- |
| 5 | THE COURT:  October 25. |
| 6 | MR. WINTHROP:  -- we -- |
| 7 | THE COURT:  Leave to add any new parties or pleading |
| 8 | amendments.  I'm going to give -- I don't think there will be |
| 9 | any, so I'm going to give you until December 4. |
| 10 | All right.  ADR.  What's your plan for ADR? |
| 11 | MR. NELSON:  Well, Your Honor, given Your Honor's |
| 12 | order on class actions -- |
| 13 | THE COURT:  That's right.  You -- you're not supposed |
| 14 | to.  All right.  No talking of settlement until we make sure |
| 15 | there's a class.  Then it's your duty to talk settlement -- |
| 16 | MR. NELSON:  Correct, Your Honor. |
| 17 | THE COURT:  -- but not yet. |
| 18 | All right.  Fact discovery cutoff. |
| 19 | MR. NELSON:  I think we are actually in agreement on |
| 20 | fact discovery cutoff for December 4th, 2025, Your Honor. |
| 21 | THE COURT:  No way.  That's too far. |
| 22 | MR. NELSON:  Okay.  The -- the re- -- can I just say |
| 23 | with. |
| 24 | THE COURT:  I'll give you till August 29 next year. |
| 25 | MR. NELSON:  Okay.  Thank you, Your Honor. |

```
 1   It cannot be used -- it cannot be used in the case later to
 2   say, oh, he told you that at -- no.  It would just be kind of
 3   off the record.  It won't be off the record.  It will be on the
 4   record, but it'll be to educate me and the public about the
 5   issues in the case and in some of the details --
 6           MR. NELSON:  Yeah.
 7           THE COURT:  -- of how AI works and how AI gets
 8   trained.
 9           So that was -- so say each side gets 45 minutes?
10           MR. WINTHROP:  Okay.  We can -- we will --
11           MR. NELSON:  That's --
12           MR. WINTHROP:  I will confer with the client.  But I'm
13   sure if the Judge, you would like that, we'll make sure it gets
14   done.
15           THE COURT:  I would like to do it, but I'd like you
16   two to confer and make a suggestion as to when -- when would be
17   the best time to do such a thing.  I would suggest this year,
18   but it wouldn't necessarily -- it could be early next year.
19           MR. WINTHROP:  Can I raise one issue, Your Honor?
20           THE COURT:  Sure.
21           MR. WINTHROP:  So in the other -- there are several of
22   these cases around the country.  The issue of when summary
23   judgment is heard, whether it's heard before or after class
24   certification, has been an issue in all of these cases.  And
25   the courts have come to different conclusions.  Some have done
```

```
 1    it the way yours is, with the summary judgment first.  Others
 2    have deferred it.  Others have left it flexible.
 3            From our --
 4            THE COURT:  No, no.  Mine -- mine, the motion for
 5    class certification has to be brought before the deadline for
 6    summary judgment.  But that doesn't preclude you -- let's say
 7    you were to discover in three weeks that the books that are in
 8    here are not -- have never been used --
 9            MR. WINTHROP:  Right.
10            THE COURT:  -- by your company.  You would bring a
11    summary judgment motion against that plaintiff tomorrow --
12            MR. WINTHROP:  Yeah.
13            THE COURT:  -- and that's okay -- without prejudice to
14    some other motion later on.
15            MR. WINTHROP:  What I -- fair enough.  Thank you for
16    that.
17            What I'm referring to is, for example, in the Second
18    Circuit case, this is -- goes back to the Google Books case --
19    there was a situation where the judge granted class
20    certification.  It went up on appeal.  The Second Circuit
21    vacated the order of class certification and said:  I think
22    it'd be better if you go back and did the fair use issues
23    first.
24            And on the fair -- on consideration on -- on remand of
25    fair use, the district court found there was fair use, and that
```

1   mooted the class issues.

2            And so I -- I just wanted to raise that with you
3   because it may be -- and I -- this is -- I want to leave it
4   open.  It may be that it would be better, and we'd want to
5   raise with you first fair use before getting into all the
6   complexities of class certification.

7            THE COURT:  Well, I'm not going to rule on that now,
8   but I -- I don't think I know enough to say anything more
9   than -- okay.  Let's take that example.  Let's -- let's say
10  that you could show that for all three plaintiffs they --
11  the -- their books were used in a way that you think was fair
12  use.

13           MR. WINTHROP:  Right.

14           THE COURT:  You bring that motion saying this was fair
15  use as to these three plaintiffs.  And there's no point in
16  burdening the rest of the class with an adverse ruling, so why
17  don't we just rule on these three plaintiffs?

18           That might -- that might actually moot it out.  Maybe
19  not.  Maybe they could get a better plaintiff.  Maybe the next
20  plaintiff, the fourth plaintiff --

21           MR. WINTHROP:  Yeah.

22           THE COURT:  -- would have a better case.  I don't
23  know.

24           But I wouldn't rule that out.  I wouldn't say you have
25  to do it.  I would just say the problem is going to be -- on

1  class certification a problem will be, is the issue of fair use
2  amenable to classwide proof?
3          Maybe.  If all of these books are used in the same
4  way, yes.  If it -- but if they're not used in the same way and
5  it varies from class member to class member, then there's a
6  problem.  And there has to be a classwide method of proof, and
7  that would include the issue of fair use.
8          I don't know.  You don't -- I don't know if you even
9  know enough yet to say which is the best way to do it.  But
10 I'm -- I'm not -- I don't want to tie my hands and say one way
11 is better than the other at this point.  I would just leave it
12 open.
13         MR. WINTHROP:  Well, the -- I -- that's exactly what I
14 was requesting, the -- the one way the courts have done it, and
15 it is to -- and we agreed both sides something like this:  That
16 we would -- we actually were agreeing -- in agreement on the
17 fact discovery cutoff.  You moved it up, but we'll live with
18 that.  But the thought was to leave that fixed, get the fact
19 discovery done, and then discuss that very issue you just
20 raised.  Does it make more sense to do a summary judgment
21 motion?  Does it make more sense to do a class motion?
22         We still can do that, but our thought was to leave it
23 a little more open than the schedule that you have set.  I
24 guess that's my point.
25         THE COURT:  When you say your -- are you referring to

1   both sides, or are you just referring to your side --
2           MR. WINTHROP:  Well --
3           THE COURT:  -- when you say "our thought"?
4           MR. WINTHROP:  No.  I think -- well, I'll let counsel
5   speak for himself.  I think we discussed this morning the idea
6   of we've agreed on the fact discovery cutoff and that it may be
7   a good idea to defer this issue of what goes first, summary
8   judgment or certain -- class certification, until we know more
9   about the case.  Just what you said, until we have more.
10          You know, and we could -- we could defer it until the
11  close of fact discovery, or we could even just defer it until
12  we get into fact discovery.
13          THE COURT:  I have --
14          MR. WINTHROP:  But I want it to be --
15          THE COURT:  I have a --
16          MR. WINTHROP:  -- flexible.
17          THE COURT:  Okay.
18          MR. WINTHROP:  Gotcha.
19          THE COURT:  I have a way to deal with this.  I've
20  given you a deadline, March 6th, to file for class
21  certification.  As we get closer to that, if both sides were to
22  agree that, wait, we like your approach to not to do class
23  certification until after summary judgment -- that's
24  ridiculous, really.  That's one-way intervention.  I don't
25  know.  But -- but you could then both stipulate and give me a

1    motion.
2            Now, I might -- I probably -- I won't say I would
3    automatically go along with it, but I -- but -- but right now I
4    want to have a date, a deadline date.
5            MR. WINTHROP:  And so --
6            THE COURT:  And as we get closer, if you think you
7    both agree this -- that this is premature, you could probably
8    talk me out of the deadline.
9            MR. WINTHROP:  All right.  And I trust that if the
10   feeling of good spirit we had this morning in terms of
11   agreement somehow dissipates in the case and we can't agree, I
12   assume we still can come to you and attempt to persuade you
13   on --
14           THE COURT:  Yes, you could.
15           MR. WINTHROP:  -- on the --
16           THE COURT:  Yeah.
17           MR. WINTHROP:  Yeah.
18           THE COURT:  You could always do that.
19           MR. WINTHROP:  Yeah, I thought.
20           THE COURT:  Because everyone knows that I'm
21   Mr. Reasonable.
22           MR. WINTHROP:  That's why I said it.  Yep.
23           MR. NELSON:  Your Honor, we do actually -- we take you
24   seriously on taking a quick deposition on -- on some of these
25   issues.  We do think --