DOUGLAS A. WINTHROP (Bar No. 183532)
Douglas.Winthrop@arnoldporter.com
JOSEPH FARRIS (Bar No. 263405)
Joseph.Farris@arnoldporter.com
JESSICA L. GILLOTTE (Bar No. 333517)
Jessica.Gillotte@arnoldporter.com
ESTAYVAINE BRAGG (Bar No. 341400)
Estayvaine.Bragg@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400

ANGEL T. NAKAMURA (Bar No. 205396)
Angel.Nakamura@arnoldporter.com
OSCAR RAMALLO (Bar No. 241487)
Oscar.Ramallo@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:    (213) 243-4000
Facsimile:    (213) 243-4199

JOSEPH R. WETZEL (Bar No. 238008)
joe.wetzel@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:    (415) 391-0600

*Attorneys for Defendant* ANTHROPIC PBC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-CV-05417-WHA<br><br>**DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO MOTION TO REQUEST A CASE MANAGEMENT CONFERENCE** |

Pursuant to Local Rule 79-5, Defendant Anthropic PBC ("Anthropic") moves to maintain under seal limited portions of Plaintiffs' Opposition to Anthropic's Motion to Request a Case Management Conference on the Ordering of Summary Judgment and Class Certification Motions("Opposition") (ECF No. 92) and Exhibits B-E (ECF Nos. 91-2–5), which reflect highly confidential and trade secret information. Anthropic respectfully requests that this information be sealed so that it remains confidential for the reasons detailed in the Declaration of Jared Kaplan ("Kaplan Declaration") and as set forth in the Proposed Order, which is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed, and also attaches proposed redacted versions of each document sought to be sealed.

### A. Legal Standard

A party seeking to seal material is required to establish that the document, or portions thereof, are sealable. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79, 1182 (9th Cir. 2006). Where the underlying filing is "more than tangentially related to the merits of a case," (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101–02 (9th Cir. 2016)), the moving party must make a showing of "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal citation omitted).

The Ninth Circuit also recognizes that preventing the release of proprietary information and/or trade secrets is a compelling reason that overrides this strong presumption. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."). Examples of what might constitute a compelling reason to seal include "'sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety,* 807 F.3d at 1097 (quoting *Nixon v. Warner Commc'n,* 435 U.S. 589, 598-99 (1978)); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2014 WL 6664621, at *1 (N.D. Cal. Nov. 24, 2014) (finding compelling reasons to seal "proprietary literature describing the structure, configuration, and operation of the … technology"); *Guzik Tech. Enters. v. W. Digital Corp.*, 2013 WL 6092852, at

*11-12 (N.D. Cal. Nov. 19, 2013) (granting motion to seal confidential information regarding the plaintiff's technology where the disclosure of that information would harm the plaintiff's competitive standing).

**B. There are compelling reasons to seal trade secret information.**

Anthropic respectfully requests that this Court seal limited portions of the Opposition, and of certain supporting exhibits thereto, because these documents contain Anthropic's highly confidential and trade secret information such that the public disclosure of this highly sensitive information would cause competitive injury to Anthropic. In making this request, Anthropic has carefully considered the legal standard and sought to seal the narrowest portions of documents on the public docket as possible, such that no less restrictive alternative to sealing is available.

In particular, as set forth in the Kaplan Declaration, the information that Anthropic seeks to seal comprises highly confidential and trade secret information that (i) precisely identifies certain datasets and sources of data used to train Anthropic's large language models (LLMs) (Opposition and Exhibits B-E) and (ii) also identifies certain specific data processing, composition, and pretraining techniques (Exhibit E). Declaration of Jared Kaplan in Support of Administrative Motion ("Kaplan Decl.") ¶¶ 2-8. In the generative AI industry, information such as this is kept highly confidential as an industry standard, and Anthropic's competitors do not know exactly what data sources are included in, nor the exact composition of, its "mix" of pretraining data or exactly how Anthropic processes pretraining data. *Id.* ¶ 5. Consistent with industry standard, Anthropic maintains this information confidentially by imposing rigorous physical and network security protocols generally and by limiting disclosure of information about the sources of its training data on a need-to-know basis within the company. *Id.* ¶ 6.[1] The specific sources, categories, and portions of data that are combined to pretrain Anthropic's LLMs, particularly where those pieces of information are presented together, are particularly competitively sensitive because they are arrived at after significant effort, expense, and research trial and error. *Id.* ¶ 7. Allowing that information to become public would result in industry competitors having advantageous access to Anthropic's

---

[1] Consistent with these protections, all information that Anthropic seeks to seal was designated as "Highly Confidential – Attorney's Eyes Only" pursuant to the Stipulated Protective Order in this case before it was provided to the Plaintiffs.

highly proprietary and sensitive information. *Id.* Similarly, Anthropic's confidential data processing and pretraining techniques are sensitive for reasons beyond their reflection of various sources of training data, including because the information sought to be sealed here reflects Anthropic's data filtering and deduplication strategy. *Id.* ¶ 8.

Anthropic has also sought to seal the narrowest portions of this information as possible and has not moved to seal certain portions of the information that Plaintiffs' redacted from their Motion and which Anthropic had originally designated under the Protective Order. It seeks to seal only the following information:

| ECF | Document | Portions to Seal (Page:Lines) | Reason |
|---|---|---|---|
| 92 | Opposition to Anthropic's Motion to Request a Case Management Conference | 3:2-7<br>3:10-12<br>3 (footnote 1)<br>4:14-16<br>4:21-23<br>5:7:11 | Reveals specific datasets and data sources from Anthropic's confidential pretraining data mix. Kaplan Decl. ¶¶ 2-7. |
| 91-2 | Ex. B - Anthropic's Objections and Responses to Plaintiffs' First Set of Requests for Admission | 8:20-22<br>9:11-14<br>11:1-3<br>11:17-19 | Reveals specific datasets and data sources from Anthropic's confidential pretraining data mix. Kaplan Decl. ¶¶ 2-7. |
| 91-3 | Ex. C - Deposition Transcript of Pranay Sangani | 67:15-20<br>67:23-25<br>68:8-25 | Reveals specific datasets and data sources from Anthropic's confidential pretraining data mix. Kaplan Decl. ¶¶ 2-7. |
| 91-4 | Ex. D - Anthropic's Objections and Responses to Plaintiffs' Second Set of Interrogatories | 4:27 | Reveals specific datasets and data sources from Anthropic's confidential pretraining data mix. Kaplan Decl. ¶¶ 2-7. |
| 91-5 | Ex. E - Internal Anthropic Document (ANT-BARTZ_000003386) | 2 (entire page) | Reveals specific datasets and data sources from Anthropic's confidential pretraining data mix. Kaplan Decl. ¶¶ 2-7.<br><br>Reveals Anthropic's confidential data processing and pretraining techniques. *Id.* ¶¶ 2-8. |

- 3 -

ANTHROPIC PBC'S MOTION TO SEAL    No. 3:24-CV-05417-WHA

### C. Conclusion

For the foregoing reasons, Anthropic respectfully requests that this Court grant this administrative motion. Attached to the Proposed Order as Appendix A are proposed redacted versions of the Opposition and Exhibits B-E that can be filed on the public docket, should the Court allow this motion to seal.

Dated: March 3, 2025                              **ARNOLD & PORTER KAYE SCHOLER LLP**

By:  /s/*Joseph Farris*
      DOUGLAS A. WINTHROP
      JOSEPH FARRIS
      ANGEL T. NAKAMURA
      OSCAR RAMALLO
      JESSICA GILLOTTE
      ESTAYVAINE BRAGG

*Attorneys for Defendant*
ANTHROPIC PBC