# Arnold & Porter

March 21, 2025

**VIA ECF**

Judge William H. Alsup

    Re:    Anthropic's Response to Plaintiffs' Letter Motion to Compel Discovery Responses in *Bartz et al. v. Anthropic PBC*, Case No. 3:24-CV-05417-WHA

Dear Judge Alsup:

    We write on behalf of Anthropic PBC ("Anthropic") to respond to Plaintiffs' letter brief (ECF 102). ***First***, Anthropic has substantially complied with the parties' February 25 agreement by producing the requested "priority" ESI from Google Vault, Notion, and all Slack data that Anthropic's discovery vendor (CasePoint) has been able to obtain from Slack's servers in a reviewable format. The only outstanding priority ESI that Anthropic has been unable to produce is data that CasePoint has not yet completed downloading from Slack's servers due to bandwidth limitations imposed by Slack outside of Anthropic's control. ***Second***, despite the parties' agreement to expedite a portion of "priority" ESI in advance of class certification and summary judgment briefing, Plaintiffs now assert that they will be prejudiced if Anthropic does not also complete *all* document production they unilaterally demand by that time. However, Plaintiffs (i) misrepresent the course of the parties' meet and confer discussions; and (ii) completely fail to address the merit of their overbroad ESI proposals (they do not even both to submit them for the Court's review).

I.     **Anthropic's Compliance With the February 25 Discovery Agreement**

    Anthropic has done everything within its power to comply with the discovery agreement reached on February 25 (the "February 25 Agreement") and has completed production of all ESI it agreed to produce—with one exception, Slack data for certain custodians. Despite every effort, Anthropic has been unable to obtain possession of a subset of reviewable Slack ESI that is within the February 25 Agreement. As the Plaintiffs frame it, the agreement was that "Anthropic would produce documents hitting on Plaintiffs' priority terms for thirteen custodians from two sources, [Google] Vault and Slack." Anthropic has since reviewed and produced:

- *All* responsive "priority" documents for **all 13 custodians for Google Vault**—the main document repository at the company, which includes email, word documents, spreadsheets, presentation slide decks, and other business documents;
- *All* responsive "priority" documents from **Notion**, a note-taking app used as an internal knowledge base, that was <u>not included</u> in the February 25 Agreement but that Anthropic nonetheless agreed to produce on a "priority" basis in good faith; and
- *All* responsive documents from the messaging app **Slack for five priority custodians** (including the CEO Dario Amodei).

Judge William H. Alsup
March 21, 2025
Page 2

With a large team of attorneys working full steam reviewing documents, Anthropic made 11 productions between January 24 and March 20 comprising about 27,838 documents and 436,677 pages, and three files containing comprehensive metadata reports for certain books datasets. Gillotte Decl., ¶ 2. During this time, Anthropic separately designed and built an inspection environment and in it produced over 1,400 terabytes ("TB") of training data comprising over 20+ million files. *Id.* In addition, Anthropic produced over 63.4 TB of data to Plaintiffs via hard drive and secure file transfer protocol, with 9+ million files. *Id.*

The only "priority" documents that Anthropic was unable to produce need to be downloaded in a reviewable format from Slack's servers. Anthropic's discovery vendor, Casepoint, has encountered delays during this process, as the download process has now been in progress for over a month, and its download rate cannot be increased despite Casepoint's best efforts (*e.g.*, redirecting all resources to collection, offering to pay Slack to decrease transmission time). Gillotte Decl., ¶ 7. Plaintiffs have been continually apprised of these developments. ***Before*** the February 25 hearing, Anthropic notified Plaintiffs that the Slack data for those eight custodians was not yet in its possession. *Id.* ¶ 5. On March 1, Anthropic provided an update that Casepoint expected the Slack download to be completed by March 11, which would have allowed Anthropic to review and produce the documents before March 20. *Id.* ¶ 6. Unfortunately, due to the unpredictable speed of the file transfer, Casepoint revised its download estimate from March 11 to March 24 (*id.* ¶ 6) and, as of today, reported a new estimate of April 5. Simply put, Anthropic has done everything possible to produce more than tens of thousands of "priority" documents (including documents not part of the February 25 Agreement) on an expedited basis. A data transfer issue outside of Anthropic's control is a far cry from a "breach" of the parties' agreement.

In any event, at this stage, Anthropic can confirm it will not rely on any currently unproduced Slack data in support of its opposition to the motion for class certification or its motion for summary judgment (unless necessary to rebut something in Plaintiffs' Opposition).

II.     **Plaintiffs Served Overbroad ESI Requests and Have Misrepresented The Parties' Meet and Confer Discussions.**

Without any tether to the issue described above, Plaintiffs ask the Court to issue an arbitrary and unjustifiable order that Anthropic produce hundreds of thousands of additional documents hitting on all of Plaintiffs' desired "non-priority" terms essentially immediately and without an opportunity to review these documents for responsiveness. The requested relief has ***nothing*** to do with their "priority" ESI or class certification. Plaintiffs' request should be denied.

***First***, Plaintiffs misrepresent the parties' meet and confer discussions. Plaintiffs requested that the parties confer about ***accelerating*** substantial completion of document production for "non-priority" documents. Anthropic agreed on the condition that this would require a substantial narrowing of Plaintiffs' ESI requests. Gillotte Decl., ¶¶ 8-9. But Plaintiffs thereafter failed to offer a single narrowing proposal. So, on March 14,

Judge William H. Alsup
March 21, 2025
Page 3

Anthropic proposed a combination of narrowed custodians and streamlined search terms. *Id.* ¶ 10; Ex. 1 at 1, 4.[1] Anthropic followed up on March 17, confirming that, with proposed modifications, it **could** review and produce responsive documents by an April 11 production timeline. *Id.* ¶ 11. Instead of responding, Plaintiffs filed this motion, vaguely asserting that the parties held "8 meet-and-confers over the last 15 weeks" and omitting the parties' meet and confer efforts after March 11 and the relevant details of Anthropic's proposals to expedite discovery. Fredricks Decl., ¶ 3.[2] In sum, the ***full*** history of the parties' meet and confer discussions with regard to Plaintiffs' non-priority ESI shows Plaintiffs short-circuited the meet and confer process in a rush to file this motion.

***Second***, having blown up the meet and confer process, Plaintiffs now seek an arbitrary order for the production of documents responsive to **197 "non-priority" terms** (in comparison to 27 "priority" terms addressed above). Plaintiffs' proposal includes sweeping search strings such as (i) *guilty W/100 book\**, (ii) *copyright\* AND concern\**, (iii) *author\* W/5 style*, (iv) *book\* W/10 data\**, (v) *general knowledge W/20 book\**, and (vi) the names of over 60 publishing houses. Anthropic has confirmed the non-priority terms would sweep in an additional approximately **223,000** unique documents (including families).[3] Moreover, Plaintiffs have not articulated a reason why even one of these ESI searches is needed for their class certification motion (nor is it typical to do exhaustive document discovery before class certification) or to oppose summary judgment. They do not even bother to attach the list of terms. Therefore, there is no prejudice to Plaintiffs here, and certainly none that would justify such extreme relief.

The Court should deny Plaintiffs' motion.

ARNOLD & PORTER KAYE SCHOLER LLP

/s/ *Joseph R. Farris*
Joseph R. Farris

*Counsel for Defendant* Anthropic PBC

---

[1] Without citation, Plaintiffs assert that Anthropic **already agreed** (on January 27) to search 123 of Plaintiffs' search terms. ECF 102 at 2. This is not true. In fact, Plaintiffs acknowledged in writing on March 15 that the parties were still "negotiating the non-priority terms." Ex. 1 at 3.

[2] Plaintiffs omitted virtually all of the relevant meet and confer correspondence and its February 4 ESI proposal.

[3] Plaintiffs insist that Anthropic could simply conduct a "privilege-only" review, omitting that Anthropic investigated this and "found that a privilege-only review will actually **slow down the pace of review**" because reviewing for responsiveness review substantially cuts down the number of documents that need to be reviewed for privilege and is three to four times faster than a privilege-only review. Ex. 1 at 5.