**DECLARATION OF JESSICA L. GILLOTTE**

I, Jessica L. Gillotte declare:

1. I am an associate at Arnold & Porter Kaye Scholer LLP and am one of the attorneys representing Defendant Anthropic PBC ("Anthropic") in this matter. I am an attorney duly licensed to practice law in the State of California. I make this declaration in support of Anthropic's Response to Plaintiffs' Letter Motion to Compel Discovery Responses dated March 17, 2025.

**Priority ESI / Slack Data Collection**

2. Between January 24 and March 20, Anthropic made 11 productions comprising about 27,838 documents (about 436,677 pages) and three metadata reports with comprehensive lists of the contents of certain books datasets. Anthropic also made a massive volume of training data available for inspection, comprising over 20.6 million files totaling about 1,463 terabytes ("TB"), in addition to producing about 9.9 million files totaling over 63.4 TB of data and source code.

3. This included "priority" ESI from Google Vault (the main document repository at the company, including email, word documents, spreadsheets, slide decks, and other business documents), Notion (a note-taking app used as an internal knowledge base), and Slack (a messaging app).

4. Anthropic's discovery vendor in this case is Casepoint. Anthropic instructed Casepoint to collect data from Slack in two phases. During the first phase, on January 29, Casepoint began collecting Slack data for five custodians to expedite production of documents for the custodians that it believed would be the highest priority for Plaintiffs: Dario Amodei (CEO and Co-Founder), Jared Kaplan (Chief Science Officer), Benjamin Mann (Co-Founder), Pranay Sangani (Anthropic's witness at Anthropic's 30(b)(6) deposition in November 2024), and Vinay Rao (Head of Trust and Safety). The first phase was completed on February 17, and on the same day, Casepoint initiated the second phase, the collection for the remaining eight custodians.

5. Anthropic notified Plaintiffs prior to the February 25 hearing that it was not yet in possession of the Slack data for eight custodians. On February 22, I emailed Plaintiffs' counsel and informed them that the "Slack ESI for the remaining eight custodians is still being collected." On February 24, we reiterated this in our response to Plaintiffs' discovery letter brief filed February 20,

2025 (ECF 86) ("[A]s Plaintiffs know, additional documents, such as Slack communications are still in the process of being collected . . . ."). ECF 90 at 2 n.2.

6. On March 1, Anthropic provided an update that Casepoint expected the Slack download to be completed by March 11, which would have allowed Anthropic to review and produce the documents before March 20. Afterwards, Casepoint revised its collection completion estimate to March 24, and I notified Plaintiffs' counsel about this via email on March 9.

7. According to Casepoint, the anticipated time for collection completion has been difficult to accurately predict because the download speeds (which are controlled by Slack) have varied significantly from day to day. Casepoint and Anthropic investigated whether it was possible to increase the download rate from Slack (*e.g.*, by offering to pay to increase download speeds), but found that it was not. Today, Casepoint revised its estimated collection completion to April 4.

**Non-Priority ESI**

8. On March 11, during the parties' meet and confer, Plaintiffs proposed that the parties should substantially complete their non-priority ESI document review and production by March 30.

9. On March 13, I had an hour-long telephonic call with Collin Fredricks. Among other topics, we discussed how to move forward with the non-priority search terms cooperatively so that we could substantially complete our non-priority ESI productions by April 11.

10. On March 14, Anthropic provided to Plaintiffs a hit count and document count report of "our initial cut at revising some of Plaintiffs' proposed searches" of non-priority ESI search terms that we though were reasonable.

11. On March 17, Anthropic affirmed that it could review all of the documents responsive to Plaintiffs non-priority ESI search terms with Anthropic's proposed cuts and modifications by April 11. Plaintiffs never continued the conversation to negotiate these search terms. Instead, they filed the present motion.

- 3 -

1  I declare under penalty of perjury pursuant to the laws of the State of California and the
2  United States of America that the foregoing is true and correct.
3  Executed this 21st day of March 2025 in San Francisco, CA.

/s/ Jessica L. Gillotte
JESSICA L. GILLOTTE

DECLARATION OF JESSICA L. GILLOTTE                                    Case No. 3:24-cv-05417-WHA