# EXHIBIT 1

| From: | Gillotte, Jessica |
|---|---|
| To: | Collin Fredricks; "Bartz-AI-TT@simplelists.susmangodfrey.com" |
| Cc: | Winthrop, Douglas A.; Farris, Joseph; Nakamura, Angel Tang; Ramallo, Oscar; Bragg, Estayvaine; Joe.Wetzel@lw.com; Ivana.Dukanovic@lw.com |
| Bcc: | xAnthropic Bartz Litigation |
| Subject: | RE: Bartz v Anthropic: Follow-ups from 3/11 M&C |
| Date: | Monday, March 17, 2025 2:26:00 PM |
| Attachments: | image001.png |

**This email contains information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as indicated by the portions highlighted below in** ==yellow==.

Counsel,

We write in response to your email of March 15 below:

1. We had included the priority searches for reference, but appreciate your clarification. After removing the priority search terms, the total number of documents to review is approximately 16,000 documents, inclusive of family members. Although this includes a significant amount of documents that require heavy privilege review, we believe this is a reasonable number of total documents to review by April 11.

2. We are willing to commit to commercially reasonable efforts to produce any ▮▮▮▮▮▮▮▮▮▮ in Anthropic's possession by March 20 and we can commit to updating our discovery responses with respect to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ by that date.  If there are other datasets that we determine are responsive, we will engage in commercially reasonable efforts to produce them by that time as well.

3. We would not produce any key that would match the real dataset name to a pseudonymized name. If we understand what you are asking, this would defeat the purpose of using pseudonymized names. The purpose of providing the pseudonymized names is to allow the expert to understand which datasets are used across multiple models and do an analysis outside of the training data inspection environment to the maximum extent possible. We do not understand what review your expert would need to do that would require access to the names of all of Anthropic's training datasets outside of the training data inspection environment (where they are available). The training data remains available for inspection. Also, as we noted last week, we have completed the transfer of data for Claude 3.5 Haiku to the review environment and it is available now too.

4. Anthropic can agree to update its written discovery responses with respect to Claude 3.7 Sonnet by March 20, specifically to identify datasets Anthropic believes are composed primarily of books that were used to train Claude 3.7 Sonnet. There will be no new internet books datasets for production. To the extent that there are additional/expanded datasets of scanned books, those would need to be made available for onsite inspection, consistent with the prior scanned books datasets (and that will take several weeks). However, we note that the metadata information we produced in our email of Saturday, March 1 already includes all the new scanned books used to train Claude 3.7 Sonnet.

5. We do not understand how it is possible that Plaintiffs would not be able to take depositions on the days we offered, which are within 3 days of the dates originally noticed during the same week they were noticed. There are surely lawyers available who can cover these dates. Moreover, these are high-level executives at Anthropic with very limited availability. Mr. Kaplan does not have availability before April 11. If you would like us to inquire on dates after April 11, let us know.

Mr. Turvey is flying to San Francisco from NYC, where he lives, on April 8 for other business, which is why he can be available on April 10 for deposition in San Francisco, and the offered April 10 deposition date already requires modifying his travel plans.

Thanks,
Jessica

_____
Jessica Gillotte
Associate | Bio

**Arnold & Porter**
Three Embarcadero Center | 10th Floor
San Francisco, CA 94111-4024
T: +1 415.471.3353
Jessica.Gillotte@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Collin Fredricks <CFredricks@susmangodfrey.com>
**Sent:** Saturday, March 15, 2025 11:20 AM
**To:** Gillotte, Jessica <Jessica.Gillotte@arnoldporter.com>; 'Bartz-AI-TT@simplelists.susmangodfrey.com' <Bartz-AI-TT@simplelists.susmangodfrey.com>
**Cc:** Winthrop, Douglas A. <Douglas.Winthrop@arnoldporter.com>; Farris, Joseph <Joseph.Farris@arnoldporter.com>; Nakamura, Angel Tang <Angel.Nakamura@arnoldporter.com>; Ramallo, Oscar <Oscar.Ramallo@arnoldporter.com>; Bragg, Estayvaine <Estayvaine.Bragg@arnoldporter.com>; Joe.Wetzel@lw.com; Ivana.Dukanovic@lw.com

**Subject:** RE: Bartz v Anthropic: Follow-ups from 3/11 M&C

External E-mail

Counsel,

Thank you for your email. We are considering our responses. We have a few follow-up questions:

1. On search terms, our understanding was that for purposes of a substantial completion deadline, the parties were negotiating the *non-priority* terms—since Anthropic has already committed to review all documents hitting on priority terms by March 20. However, the spreadsheet you sent contains many priority terms, meaning that many of the documents included in your count are already documents Anthropic has committed to review by March 20, not incremental documents to be reviewed by a later substantial completion deadline. Can you advise?

2. We understand that you are willing to willing to produce the LibGen dataset and update your discovery responses, and you "think" you can do so by March 20. Can you let us know whether you are willing to commit to a March 20 date and whether you will also produce by that date any other books datasets, besides LibGen, which are identified in your updated responses?

3. As for your proposal to provide "unique identifiers that pseudonymize the dataset names," can you clarify whether you would also provide a "key" that would allow our expert to understand which dataset each codename is referring to?

4. For Claude Sonnet 3.7, we understand that it will take several weeks to prepare and load the training data for inspection. However, can Anthropic agree to update its written discovery responses with respect to Sonnet 3.7 by March 20? Specifically, we'd ask that Anthropic identify by March 20 which already-identified books datasets were used to train Sonnet 3.7, and produce any new books datasets.

5. For the Kaplan and Turvey depositions, the April 10 and 11 dates do not work for Plaintiffs. If the noticed dates do not work for Anthropic, can you provide availability between March 31 and April 8?

Finally, Plaintiffs will provide a response to Anthropic's proposed search terms by the end of the weekend.

If it would be easier to discuss any of the above questions over the phone, please give me a call today at the number below.

Thanks,
Collin


**Collin Fredricks**
Susman Godfrey LLP | 817-240-1010

---

**From:** Gillotte, Jessica <Jessica.Gillotte@arnoldporter.com>
**Sent:** Friday, March 14, 2025 9:41 PM
**To:** Collin Fredricks <CFredricks@susmangodfrey.com>; 'Bartz-AI-TT@simplelists.susmangodfrey.com' <Bartz-AI-TT@simplelists.susmangodfrey.com>
**Cc:** Winthrop, Douglas A. <Douglas.Winthrop@arnoldporter.com>; Farris, Joseph <Joseph.Farris@arnoldporter.com>; Nakamura, Angel Tang <Angel.Nakamura@arnoldporter.com>; Ramallo, Oscar <Oscar.Ramallo@arnoldporter.com>; Bragg, Estayvaine <Estayvaine.Bragg@arnoldporter.com>; Joe.Wetzel@lw.com; Ivana.Dukanovic@lw.com
**Subject:** RE: Bartz v Anthropic: Follow-ups from 3/11 M&C

EXTERNAL Email
**This email contains information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as indicated by the portions highlighted below in yellow.**

Counsel,

We are responding on several items below.
-
**Plaintiffs' Non-Priority Search Requests and Hit Count**

Following up on our discussion yesterday, and my email confirming the same, attached is the hit count and document count report, which reflects our initial cut at revising some of Plaintiffs' proposed searches and removing others. For the Google Vault universe, this also includes limiting the number of custodians. As explained below, this still results in just under 53,000 documents hitting the search terms, inclusive of family members. This remains too high, particularly given the time frames proposed. We have included these results in good faith and ask that Plaintiffs review these and make further

proposals to narrow the results based on their own good faith assessment of what terms are reasonable.  Note that our timeline estimates assume that we are able to reach prompt resolution on these remaining items so that review can proceed.  Here are some additional details:

1. <u>Vault</u>: We first explored revising some search terms and removing others, but this still resulted in approximately 34,000 documents, inclusive of family members. Accordingly, we further limited the number of custodians to five: Dario Amodei, Jared Kaplan, Ben Mann, Vinay Rao, Pranay Sangani, and Jared Kaplan.  This resulted in a document count of approximately **14,500 documents**, inclusive of families.  Realistically, this needs to be closer to 8,000-10,000 documents, inclusive of families.

2. <u>Notion</u>: We revised some search terms and removed others, and the document count is approximately **1,000 documents** (with no family members).

3. <u>Slack</u>: We propose to limit the production to the 5 custodians for whom we currently have data available and processed.  We have revised some search terms and removed others, but the document count is **37,400 documents**, inclusive of family members, which remains far too high.

We also discussed yesterday Plaintiffs' proposal that we do a "privilege only" review to expedite our review.  We appreciate your offer to designate all documents produced under a privilege-only review as HC-AEO. However, we investigated this further by testing to see if review would be faster and found that a privilege-only review will actually slow down the pace of review. We found that reviewers have been reviewing for responsiveness and privilege at a rate that is 3-4x faster per document than those reviewing only for privilege. This is because when a document is marked non-responsive, the associated privilege review can be bypassed.  In contrast, during a privilege-only review, non-responsive documents still need to be carefully reviewed for privilege. Therefore, a privilege-only review would be counterproductive because it would require reviewing non-responsive documents for privilege.

We continue to believe that we can review about 20,000 additional documents if we are targeting achieving substantial completion by April 11.  If Plaintiffs want us to review more documents, the only way for that to happen is to extend the review period; it is a necessary tradeoff.

**<u>Alternate Proposal to Continuing the 30(b)(6) Deposition</u>**

We discussed that Plaintiffs were seeking a 30(b)(6) deposition of Anthropic, but would