# Arnold & Porter

March 25, 2025

**VIA ECF**

Judge William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

      Re:    Anthropic's Response to Plaintiffs' Letter Motion to Compel Discovery Responses in *Bartz et al. v. Anthropic PBC*, Case No. 3:24-CV-05417-WHA

Dear Judge Alsup:

    We write on behalf of Defendant Anthropic PBC ("Anthropic") in response to Plaintiffs' letter brief filed last night. Plaintiffs' motion should be denied. This is a manufactured dispute that presents no urgency at all. Plaintiffs ***already have*** the datasets they complain about and those datasets were undisputedly delivered on time per the parties' agreement. Nonetheless, Plaintiffs' motion seeks to compel ***Anthropic to search within the datasets for Plaintiffs***, despite the fact that first time Plaintiffs ever demanded Anthropic search the data was on Saturday, March 22. The motion should be denied.

    To begin, the recently-produced datasets were not used to train Anthropic's commercial LLMs. They were used (at most) to train research and development models that were never released commercially. Because discovery into every R&D model Anthropic has ever built is a sideshow that is clearly not proportional to the needs of the case, Anthropic has objected to the production of these datasets since before Anthropic's 30(b)(6) deposition on November 8, 2024. Plaintiffs know this. Anthropic built an entire training inspection environment for them at significant time and expense that did not include data used to train those R&D models and this objection was never raised.

    In fact, it was only two weeks ago, on March 11, that Plaintiffs told Anthropic on a meet and confer call that they purportedly needed these datasets. *See* Ex. 1 at 6-7. Shortly after that, they threatened to file a motion to compel a continuation of the 30(b)(6) deposition if Anthropic did not produce books datasets used only for its R&D models. *See* Ex. 1 at 3. To avoid burdening the Court with a dispute about an issue that is of little consequence, Anthropic agreed to produce them and did so by the time the parties' agreed upon. *See* Ex. 1 at 2, 5.

    Anthropic produced the requested data on March 20 as agreed, and made it available for downloading using the file transfer protocol that Plaintiffs specifically requested. *See* Ex. 2 at 1. Following that, Plaintiffs complained that the protocol method was too slow and asked Anthropic to produce the data via a different method, which Anthropic promptly did.

Judge William H. Alsup
March 21, 2025
Page 2

      The data is now fully accessible and available to be searched by Plaintiffs. But Plaintiffs request that the Court compel Anthropic to do the work of searching it for them, which it should not have to do. *See, e.g.*, *Rogue Advocates v. Mountain View Paving, Inc.*, 2017 WL 6540047, at *5 (D. Ore. Jan. 31, 2017) (denying plaintiff's motion to compel on the basis that "[p]laintiff can just as easily examine and determine the relevancy of" the documents requested).

      In sum, Anthropic did exactly what it promised it would do, on the timeline the Parties agreed to, and Plaintiffs now inexplicably demand that it do more. There is no justification for that—Plaintiffs can search the datasets themselves. Their requested relief—a declaration under oath attesting to facts that Anthropic has not had an opportunity to diligently investigate under an arbitrary emergency deadline of Plaintiffs' own creation—also invites error. Plaintiffs finally make no effort to explain the claimed "materiality" of this issue to their "upcoming class certification brief." The motion should be denied.

ARNOLD & PORTER KAYE SCHOLER LLP

/s/ *Joseph R. Farris*
Joseph R. Farris

*Counsel for Defendant* Anthropic PBC