DOUGLAS A. WINTHROP (Bar No. 183532)
Douglas.Winthrop@arnoldporter.com
JOSEPH FARRIS (Bar No. 263405)
Joseph.Farris@arnoldporter.com
JESSICA L. GILLOTTE (Bar No. 333517)
Jessica.Gillotte@arnoldporter.com
ESTAYVAINE BRAGG (Bar No. 341400)
Estayvaine.Bragg@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400

MARK LEMLEY
mlemley@lex-lumina.com
**LEX LUMINA LLP**
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone:  (213) 600-6063

ANGEL T. NAKAMURA (Bar No. 205396)
Angel.Nakamura@arnoldporter.com
OSCAR RAMALLO (Bar No. 241487)
Oscar.Ramallo@arnoldporter.com
ALLYSON MYERS (Bar No. 342038)
Ally.Myers@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:    (213) 243-4000
Facsimile:    (213) 243-4199

JOSEPH R. WETZEL (Bar No. 238008)
joe.wetzel@lw.com
ANDREW M. GASS (Bar No. 259694)
andrew.gass@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:    (415) 391-0600
Facsimile:    (415) 395-8095

*Attorneys for Defendant* ANTHROPIC PBC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-CV-05417-WHA<br><br>Action Filed: August 19, 2024<br><br>**DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Date:   May 15, 2025<br>Time:   8:00 a.m.<br>Place:  Courtroom 12, 19th Floor<br><br>Judge: Honorable William H. Alsup |

1
2
3
4
5
6

Pursuant to Civil Local Rule 79-5, Defendant Anthropic PBC ("Anthropic") moves to maintain under seal Exhibits 41 and 46; portions of the Declarations of Jared Kaplan, Tom Turvey, and Steven R. Peterson in Support of Anthropic's Motion for Summary Judgment; and Anthropic's Notice of Motion and Motion for Summary Judgment and Memorandum of Points and Authorities in Support. These documents reflect and reveal highly confidential, nonpublic Anthropic business and technical information.

7
8
9
10
11
12

Anthropic respectfully requests that this information be sealed so that it remains confidential for the reasons detailed in the Declaration of Jared Kaplan in Support of Defendant Anthropic PBC's Administrative Motion to Seal ("Kaplan Sealing Declaration") and as set forth in the Proposed Order, which is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed, and also attaches proposed redacted versions of each document sought to be sealed.

13

## I.     LEGAL STANDARD

14
15
16
17
18
19
20

A party seeking to seal material is required to establish that the document, or portions thereof, are sealable. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79, 1182 (9th Cir. 2006). Where the underlying filing is "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101-02 (9th Cir. 2016), the moving party must make a showing of "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178-79 (citation omitted).

21
22
23
24
25
26
27
28

The Ninth Circuit also recognizes that preventing the release of proprietary information and/or trade secrets is a compelling reason that overrides this strong presumption. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."). Examples of what might constitute a compelling reason to seal include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety,* 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2014 WL 6664621, at *1 (N.D. Cal. Nov. 24, 2014) (finding

compelling reasons to seal "proprietary literature describing the structure, configuration, and operation of the … technology"); *Guzik Tech. Enters., Inc. v. W. Digit. Corp.*, 2013 WL 6092852, at *11-12 (N.D. Cal. Nov. 19, 2013) (granting motion to seal confidential information regarding the plaintiff's technology where the disclosure of that information would harm the plaintiff's competitive standing).

## II.    THERE ARE COMPELLING REASONS TO SEAL

Anthropic respectfully requests that this Court seal the documents listed below because they contain Anthropic's highly confidential and trade secret information such that the public disclosure of this highly sensitive information would cause competitive injury to Anthropic. In making this request, Anthropic has carefully considered the legal standard and sought to seal the narrowest portions of documents on the public docket as possible, such that no less restrictive alternative to sealing is available.

In particular, as set forth in the Kaplan Sealing Declaration, the information that Anthropic seeks to seal comprises highly confidential and trade secret information regarding Anthropic's internal business strategies and AI training processes, including competitively sensitive details about the acquisition, development, training, and costs of Anthropic's models. Kaplan Sealing Decl., ¶ 3. This includes, for example, internal assessments of how Anthropic values different categories and sources of data for model training. *Id.*, ¶ 4. This information also reveals the composition of model training data mixes, the sources and categories of data used for training, and the type and number of tokens needed to train Anthropic's models. *Id.*, ¶ 5. Further, the information reveals details about the technological guardrails that Anthropic designed to filter out copyrighted content. *Id.*, ¶ 6. Lastly, the information also reveals confidential business strategies and data such as the substance of negotiations or the commercial terms of its agreements with third parties for the acquisition of content and Claude's user base. *Id.*, ¶¶ 7-8. Anthropic limits disclosure of this information. Public disclosure would create a significant risk of competitive harm for Anthropic because competitors could utilize it to modify their own business strategies and technical practices in order to gain a competitive advantage over Anthropic. *Id.* Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

Anthropic has also sought to seal the narrowest portions of this information as possible and which Anthropic had originally designated under the Protective Order. It seeks to seal only the following information:

| ECF | Document | Portions to Seal (Page:Lines) |
|---|---|---|
| 119-4 | Exhibit 41 – Model Data Domain Breakdown Google Sheet [ANT_BARTZ_000435165] | Entire document |
| 119-5 | Exhibit 45 – WTP Valuation Model [ANT_BARTZ_000279410] | Entire document |
| 119-6 | Kaplan Declaration ISO Motion for Summary Judgment | Yellow highlighted portions of ¶¶ 18-19, 39, 46, 48-53, 55, 66, 68 |
| 119-7 | Turvey Declaration ISO Motion for Summary Judgment | Yellow highlighted portions of ¶¶ 12-13, 15, 17, 19-27, 32-36, 38-45, 47-49 |
| 119-8 | Peterson Declaration ISO Motion for Summary Judgment | Yellow highlighted[1] portions of ¶¶ 15, 56-57, 65-67, 70 |
| 119-9 | Notice of Motion and Motion for Summary Judgment | Yellow highlighted[2] portions at 1:18, 3:13-15, 5:12-15, 7:7, 8:1-5, 8:7-14, 8:20, 9:2-3, 16:15-16, 18:8, 21:26-27, 22:8-9, 23:7, 23:9 |

## III.    CONCLUSION

For the foregoing reasons, Anthropic respectfully requests that this Court grant this administrative motion.

---

[1] This document also includes proposed redactions in blue highlight as it is the subject of a concurrently filed Administrative Motion to Consider Whether Another Pary's Material Should Be Sealed.

[2] This document also includes proposed redactions in blue highlight as it is the subject of a concurrently filed Administrative Motion to Consider Whether Another Pary's Material Should Be Sealed.

Dated: March 27, 2025

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By:  */s/ Douglas A. Winthrop*
DOUGLAS A. WINTHROP

*Attorneys for Defendant*
ANTHROPIC PBC

## CERTIFICATE OF SERVICE

I, Douglas A. Winthrop, am the ECF user whose identification and password are being used to file the foregoing **DEFENDANT ANTHROPIC PBC's ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**.


Dated: March 27, 2025

                             */s/ Douglas A. Winthrop*

ANTHROPIC PBC'S MOTION TO SEAL                         No. 3:24-CV-05417-WHA