DOUGLAS A. WINTHROP (Bar No. 183532)
Douglas.Winthrop@arnoldporter.com
JOSEPH FARRIS (Bar No. 263405)
Joseph.Farris@arnoldporter.com
JESSICA L. GILLOTTE (Bar No. 333517)
Jessica.Gillotte@arnoldporter.com
ESTAYVAINE BRAGG (Bar No. 341400)
Estayvaine.Bragg@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400

MARK LEMLEY (Bar No. 155830)
mlemley@lex-lumina.com
**LEX LUMINA LLP**
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone:    (213) 600-6063

ANGEL T. NAKAMURA (Bar No. 205396)
Angel.Nakamura@arnoldporter.com
OSCAR RAMALLO (Bar No. 241487)
Oscar.Ramallo@arnoldporter.com
ALLYSON MYERS (Bar No. 342038)
Ally.Myers@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:    (213) 243-4000
Facsimile:    (213) 243-4199

JOSEPH R. WETZEL (Bar No. 238008)
joe.wetzel@lw.com
ANDREW M. GASS (Bar No. 259694)
andrew.gass@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:    (415) 391-0600
Facsimile:    (415) 395-8095

*Attorneys for Defendant* ANTHROPIC PBC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-CV-05417-WHA<br><br>**DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' DISCOVERY LETTER MOTION TO COMPEL**<br><br>Judge: Honorable William H. Alsup |

1    Pursuant to Civil Local Rules 7-11 and 79-5(f), Defendant Anthropic PBC ("Anthropic") moves to maintain under seal limited portions of Plaintiffs' Discovery Letter Motion to Compel (ECF No. 108-4) and Exhibits 1 (ECF No. 108-6) and 2 (ECF No. 108-8), which reflect highly confidential and trade secret information, as well as access details to download Anthropic's highly confidential, nonpublic, and closely guarded datasets. Anthropic respectfully requests that this information be sealed so that it remains confidential for the reasons detailed in the Declaration of Jessica L. Gillotte ("Gillotte Declaration") and as set forth in the Proposed Order, which is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed, and also attaches proposed redacted versions of each document sought to be sealed.

## I.    LEGAL STANDARD

A party seeking to seal material is required to establish that the document, or portions thereof, are sealable. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79, 1182 (9th Cir. 2006). Where the underlying filing is "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101-02 (9th Cir. 2016), the moving party must make a showing of "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178-79 (citation omitted).

The Ninth Circuit also recognizes that preventing the release of proprietary information and/or trade secrets is a compelling reason that overrides this strong presumption. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."). Examples of what might constitute a compelling reason to seal include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety,* 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2014 WL 6664621, at *1 (N.D. Cal. Nov. 24, 2014) (finding compelling reasons to seal "proprietary literature describing the structure, configuration, and operation of the … technology"); *Guzik Tech. Enters., Inc. v. W. Digit. Corp.*, 2013 WL

6092852, at *11-12 (N.D. Cal. Nov. 19, 2013) (granting motion to seal confidential information regarding the plaintiff's technology where the disclosure of that information would harm the plaintiff's competitive standing).

## II.     THERE ARE COMPELLING REASONS TO SEAL

Anthropic respectfully requests that this Court seal limited portions of Plaintiffs' Discovery Letter Motion to Compel, and of limited portions of the supporting Exhibits 1 and 2 thereto, because these documents contain Anthropic's highly confidential and trade secret information such that the public disclosure of this highly sensitive information would cause competitive injury to Anthropic. In making this request, Anthropic has carefully considered the legal standard and sought to seal the narrowest portions of documents on the public docket as possible, such that no less restrictive alternative to sealing is available.

In particular, as set forth in the Gillotte Declaration, the information that Anthropic seeks to seal comprises highly confidential, nonpublic, and closely guarded technical information and trade secret information concerning Anthropic's selection and use of datasets for experimentation, training, and research with at least one of Anthropic's research and development models that were not commercially released, as well as access details for downloading that data. Gillotte Decl., ¶¶ 2-7. Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents. *Id.* ¶ 8.

Anthropic has also sought to seal the narrowest portions of this information as possible and which Anthropic had originally designated under the Protective Order. It seeks to seal only the following information:

| ECF | Document | Portions to Seal |
|---|---|---|
| 108-4 | Plaintiffs' Discovery Letter Motion | Portions highlighted in orange at p. 1 |
| 108-6 | Exhibit 1 | Portions highlighted in orange at p. 1 |

| 108-8 | Exhibit 2 | Portions highlighted in orange at pp. 3, 9-10 |

### III. CONCLUSION

For the foregoing reasons, Anthropic respectfully requests that this Court grant this administrative motion.

Dated: March 31, 2025                             Respectfully submitted,

                                                    **ARNOLD & PORTER KAYE SCHOLER LLP**

                                                  By:   */s/ Joseph R. Farris*
                                                                      JOSEPH R. FARRIS

                                                  *Attorneys for Defendant*
                                                  ANTHROPIC PBC

# CERTIFICATE OF SERVICE

I, Joseph R. Farris, am the ECF user whose identification and password are being used to file the foregoing **DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' DISCOVERY LETTER MOTION TO COMPEL.**

Dated: March 31, 2025

/s/ *Joseph R. Farris*