

April 2, 2025

<u>VIA ECF</u>

Judge William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

> RE: *Bartz, et. al. v. Anthropic PBC*, Case Number 3:24-CV-05417 (N.D. Cal.) Discovery Dispute Letter

Dear Judge Alsup:

  Plaintiffs respectfully request an order from this Court applying its March 25 ruling. Despite the Court's clear instruction that Plaintiffs would get more time to oppose Anthropic's summary judgment motion due to its breach of the parties' discovery agreement, Anthropic has taken the position that the Court did not grant Plaintiffs any extension. It has now been *thirteen days* since Anthropic's deadline to produce priority documents, and it still has not produced the documents it promised. Anthropic also recently provided a privilege log with nearly 1,500 dubious privilege assertions, which will require additional (and unnecessary) time to resolve. The Court recognized that these delays were prejudicial to Plaintiffs when it ruled on March 25 that Plaintiffs would get additional time to oppose Anthropic's motion.

  The Court should apply its ruling as follows. If Anthropic completes production today—thirteen days after the March 20 deadline—Plaintiffs' response would be due on April 30, thirteen days after their original deadline of April 17. Until Anthropic completes its production, Plaintiffs' deadline will continue to be extended one day at a time. Anthropic's deadline to file a reply is not extended: each day that Plaintiffs' deadline is extended comes out of Anthropic's time to reply. If Anthropic does not complete its production by April 3, Plaintiffs' opposition deadline will be pushed past Anthropic's original reply deadline, and Anthropic will no longer have the opportunity to file a reply brief. Regardless, the hearing should go forward as scheduled on May 15. Plaintiffs intend to file their response brief at least one week in advance of the hearing even if the date would be past that given Anthropic's late production.

### I. The Court Extended Plaintiffs' Opposition Deadline Due to Anthropic's Breach of the February 25 Agreement.

  On March 25, the Court held a discovery hearing to address Anthropic's breach of the parties' discovery agreement. Anthropic had promised in court on February 25 that it would produce priority documents from Slack for <u>thirteen</u> custodians by March 20. But by that deadline, it only produced documents from <u>five</u> custodians. The Court reminded Anthropic that breaching the February 25 agreement would jeopardize summary judgment:

Judge William H. Alsup
April 2, 2025
Page 2

> **The Court:** All right. Didn't I say something at the last hearing that if you didn't produce -- honor your agreement, I was going to deny summary judgment.
>
> **Mr. Farris:** You said --
>
> **The Court:** That's where we're headed.
>
> **Mr. Farris:** You said --
>
> **The Court:** You make an agreement. Then you breach it. You make it -- so, that's -- that's not good.
>
> **Mr. Farris:** Well --
>
> **The Court:** And these sound like they are legitimately needed documents.

Ex. A at 13:6–16.

Ultimately, the Court ruled that, because of Anthropic's delay in producing documents, Plaintiffs would get more time to oppose Anthropic's summary judgment motion—and that extra time would come out of Anthropic's time to reply.

> **The Court:** All right. The answer is going to be this: <u>Until they get an adequate time to test the privilege and they get all the documents, they do not -- their deadline slips and it comes out of your time to respond.</u> That's just. Isn't that just? In other words, how many days do they -- they have 14 days to reply?
>
> **Mr. Fredricks:** Yes, your honor.
>
> **The Court:** All right. Then, maybe it all comes out of their time; but you are going to get more time to assess their documents.

Ex. A at 19:15–24 (emphasis added).

As of today, April 2, <u>thirteen days</u> have passed since the deadline for Anthropic to produce documents. Anthropic *still* has not produced Slack documents from the other eight custodians, which Plaintiffs would like the opportunity to review and possibly cite in opposition to Anthropic's already-filed summary judgment motion. Therefore, under the Court's ruling, Plaintiffs understand their deadline to file a response brief has already been pushed to April 30 (thirteen days after the original April 17 deadline).[1]

---

[1] Alternatively, if the "clock" started at the hearing, rather than at the March 20 deadline, then <u>eight days</u> have passed, and Plaintiffs' deadline has so far been pushed to April 25.

Judge William H. Alsup
April 2, 2025
Page 3

At a meet-and-confer on Monday, Anthropic took the position that the Court had not granted Plaintiffs any extension on their deadline, and confirmed the next day that "we disagree with your [Plaintiffs'] characterization of the hearing" and "we don't see any reason why the schedule would need to change." Ex. B.

### II. Anthropic's Privilege Assertions Are Another Basis Justifying More Time.

The Court gave Anthropic guidance regarding its privilege log at the hearing:

> **The Court:** If I was in your position, I would not assert much by way of privilege and make sure -- all they got to do is pick out two or three that are bogus, and then all of them get swept away. Don't do that. The best way to do this is to assert privilege on just a very few things.

Ex. A at 20:15–19.

On Monday evening, March 31, Anthropic provided a privilege log for its productions to date. That log contained 1,429 privilege assertions. Plaintiffs are currently analyzing that log and plan to challenge many of those assertions, especially given that initial review suggests that Anthropic's privilege assertions are overbroad and will require additional time to resolve. Using the Court's guidance of picking three examples:

A. Anthropic has redacted communications between its corporate counsel and its outside PR firm. *See, e.g.*, ANTPRIV_0000001; ANTPRIV_0000193; *see also In re Future Motion, Inc., Products Liability Litigation*, 2025 WL 523900, at *1 (N.D.Cal., 2025) ("There is no 'public relations privilege' in California, and the courts cannot create one.").

B. Anthropic has redacted communications whose primary purpose appears to be communication about business or technical, rather than legal, advice. *See, e.g.*, ANTPRIV_0000010; ANTPRIV_0000064; ANTPRIV_0000079; *see also In re Chase Bank USA, N.A. "Check Loan" Contract Litigation*, 2011 WL 3268091, at *4 (N.D.Cal. July 28, 2011).

C. Anthropic has improperly withheld non-privileged attachments. *See, e.g.*, ANTPRIV_0001360–62; *see also City of Roseville Employees' Retirement System v. Apple Inc.*, 2022 WL 3083000, at *23 (N.D.Cal., 2022) ("[A]ttachments which do not, by their content, fall within the realm of the [attorney-client] privilege cannot become privileged by merely attaching them to a communication with the attorney.").

Anthropic also has not yet provided an Excel spreadsheet version of its privilege log, making the review process more burdensome. To give Plaintiffs time to test Anthropic's privilege log and review the priority documents Anthropic still has not produced, Plaintiffs ask the Court to apply its March 25 ruling as stated above.

Judge William H. Alsup
April 2, 2025
Page 4

Respectfully Submitted,

| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | SUSMAN GODFREY LLP | COWAN DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman  <br>Rachel Geman | /s/ Justin A. Nelson  <br>Justin A. Nelson | /s/ Scott J. Sholder  <br>Scott J. Sholder |