UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BARTZ, CHARLES GRAEBER, and KIRK WALLACE JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | No. C 24-05417 WHA<br><br>**ORDER RE DISCOVERY LETTER** |

    This is the third time a dispute has come up about plaintiffs' priority discovery request.

    *First*, the request occasioned a discovery conference on February 25, 2025. In the hallway before that conference, defendant Anthropic PBC agreed to plaintiff Authors' request (Feb. 25, 2025 Tr. 3). "Anthropic promised that, by March 20, it would produce all responsive documents hitting on [Authors'] 27 priority terms for thirteen custodians from two sources, Vault and Slack" (Dkt. No. 102, Fredericks Decl. ¶ 8). Indeed, Anthropic's promised production for that date was — at least according to what Anthropic permitted the Court to see — uncapped: "We are willing to commit commercially reasonable efforts to produce any [redacted] in Anthropic's possession by March 20 and we can commit to updating our discovery responses with respect to [redacted] by that date" (Dkt. No. 106 at 2). Anthropic

submitted its above-quoted statement in support of its arguments about what productions were due by which date with redactions in place and without an accompanying unredacted copy. This order credits in full Authors' characterization of what was agreed for production by March 20.

At the conclusion of that first discovery conference on the topic, the Court then stated:

> Now, please don't do the following to me: You come in here later and I hear that you are not complying with what you told them on discovery. If that happens, summary judgment is off.
>
> **MR. WINTHROP [COUNSEL FOR ANTHROPIC]:** I understand, Your Honor, absolutely.

(Feb. 25, 2025 Tr. 18–19).

*Second*, that commitment occasioned a discovery conference on March 25, 2025. Anthropic said that it had not met its deadline of March 20 (Mar. 25, 2025 Tr. 8–9). Anthropic blamed its vendor. The Court tried to reach that vendor by phone, but could not, then said:

> All right. Didn't I say something at the last hearing that if you didn't produce — honor your agreement, I was going to deny summary judgment.
>
> **MR. FARRIS [COUNSEL FOR ANTHROPIC]:** You said —
>
> **THE COURT:** That's where we are headed.
>
> **MR. FARRIS:** You said —
>
> **THE COURT:** You make an agreement. Then you breach it. You make it — so, that's — that's not good.
>
> **MR. FARRIS:** Well —
>
> **THE COURT:** And these sound like they are legitimately needed documents.

(*Id.* at 13). Authors argued the motion should be off. Anthropic argued its motion should go forward because the documents it was holding would not be needed for Authors' opposition. Both parties also considered whether production would have any meaning if Authors did not have time to test any privilege(s) Anthropic asserted for any document(s) it did not produce.

At the conclusion of this discussion, the Court ordered from the bench as follows:

> All right. The answer is going to be this: Until they get an adequate time to test the privilege and they get all the documents,

2

|   |   |
|---|---|
| 1 | they do not — their deadline slips and it comes out of your time to respond. That's just. Isn't that just? In other words, how many days do they — they have 14 days to reply? |
| 3 | **MR. FREDRICKS [COUNSEL FOR AUTHORS]:** Yes, Your Honor. |
| 5 | **THE COURT:** All right. Then, maybe it all comes out of their time; but you are going to get more time to assess the documents. |
| 6 | **MR. FREDRICKS:** Yes, Your Honor. |

Recall that the briefing on summary judgment was set on a 49-day track starting March 27.

*Now*, for a third time, we hear a version of this dispute. There is no need for a third conference. Unnerved by Anthropic's understanding of the above, Authors ask the Court to apply its own bench order to new facts concerning Anthropic's continued production delay and Authors' need for privilege testing. *As to the production delay*, as of today, Anthropic still has not completed production in accord with its promise on February 25 (*see* Dkt. No. 132 at 1–2; *id.* Exh. B). Anthropic is thirteen days past due. *As to the privilege testing*, although Anthropic at last has provided the privilege log, Anthropic takes the position that Authors must show "a material issue concerning [Anthropic's] privilege assertions" before Authors can earn the time to challenge the log (*id.* Exh. B). But the Court already granted them the time they need to challenge the log. Authors ask the Court to apply its order to this situation.

No order should have been necessary (nor any of the above). Anthropic made an agreement to produce documents by a given date. When Anthropic's production slipped, the Court ordered that Authors' time to oppose Anthropic's motion should slip apace. Then, rather than spend every moment ensuring its production did not slip again, Anthropic took time to come up with a strained reading of the Court's order and send it off to Authors — a reading which seems to suppose the Court ordered little consequence at all for Anthropic's delays. Anthropic asked to file its motion when it did. Authors are entitled to oppose it with the production Anthropic promised them even before that briefing began.

The following is now the appropriate result:

Authors' opposition to Anthropic's motion for summary judgment will be due **SEVEN DAYS** after all the promised documents are produced, including documents provided after privilege assertions are denied. Any reply shall be **FOUR DAYS** after the opposition. A hearing will be set after the Court has read the briefing. When lawyers make agreements they must honor their word.

**IT IS SO ORDERED.**

Dated: April 2, 2025.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE