# Arnold&Porter

April 3, 2025

**VIA ECF**

Judge William H. Alsup

> Re:    Anthropic's Response to Plaintiffs' April 2, 2025 Discovery Dispute Letter
> in *Bartz et al. v. Anthropic PBC*, Case No. 3:24-CV-05417-WHA

Dear Judge Alsup:

We write on behalf of Anthropic PBC ("Anthropic") to respond to Plaintiffs' letter brief filed yesterday concerning a discovery dispute ("April 2 Letter") (ECF 132), which Anthropic did not have an opportunity to respond to before the Court's Order of last night (ECF 134). Anthropic respectfully seeks reconsideration of the Court's ruling on the basis that Plaintiffs' April 2 Letter materially misrepresented facts that the Court should have been made aware of, namely:

- Plaintiffs mischaracterize the correspondence that led to this dispute. It is Plaintiffs who tried to corner Anthropic into an aggressive interpretation of the Court's order and rushed to court when Anthropic refused to accede to their demands, which would have forced Anthropic to forgo a Reply brief.

- Plaintiffs themselves served their privilege log only *one business day* before Anthropic. In fact, immediately before the March 25 Hearing, Plaintiffs had proposed a mutual exchange of privilege logs in "early April" before they opportunistically shifted their position in reaction to the Court's comments at the March 25 Hearing to pretend that a dispute about privilege log timing had been driving their complaints about the summary judgment schedule.

- Plaintiffs deliberately misstate Anthropic's progress toward document production, which is on track to meet or exceed the commitments Anthropic made in the March 25 Hearing.

First, Plaintiffs **omit** that this dispute about the meaning of the Court's order from the bench on March 25 arose only *after* Plaintiffs sent a one-sided proposed reading of the Order and attempted to force Anthropic to agree that the Order said something it did not explicitly say. The Court could not see that from the record because Plaintiffs **omitted** the full meet and confer correspondence, which *began with their communication* to Anthropic asserting that Anthropic should simply agree that the Court had already essentially ruled

Judge William H. Alsup
March 21, 2025
Page 2

that it would not get a Reply brief.[1] (Ex. A, 3/28/2025 email from Plaintiffs). Plaintiffs also selectively **omit** from their recitation of the transcript that the Court expressly stated that it was making a "tentative" decision, which reasonably caused Anthropic to believe there was no firm modification of the schedule yet:

> THE COURT: I will give you a ***tentative answer***. When is your opposition -- has the summary judgment motion been filed yet?

(ECF 132-1, 3/25/2025 Hrg. Tr. at 19:6-8 (emphasis added). The Court further indicated that Plaintiffs "get more time ***as needed***" and that "***maybe*** it all comes out of [Anthropic's reply] time." (*Id.* at 19:22-24, 20:5-6 (emphasis added)). Based on this record, Anthropic respectfully submits that it did not "t[ake] the time to come up with a strained reading" of the Order in lieu of working to expedite document production (ECF 134 at 3:19-23); rather, Plaintiffs misrepresented both the meet and confer correspondence that led to the scheduling dispute and the content of the Order from the bench on March 25 with selective editing.

    Second, Plaintiffs **omit** that they themselves served their privilege log ***only one business day before*** Anthropic served its privilege log and **omit** the parties' prior discussion of privilege log exchanges. Service of privilege logs was never part of any discovery agreement. In fact, on March 23, two days before the March 25 hearing, Plaintiffs' counsel had proposed exchanging privilege logs in early April: "Plaintiffs believe that the parties should exchange privilege logs ***earlier in April so that any necessary objections can be made in advance of the April 17 deadline***." (Ex. B[2], 03/21/2025 email from Plaintiffs). In other words, Anthropic ultimately served its log on March 31, which was before Plaintiffs said they needed it (until they opportunistically changed positions on the urgency of privilege logs after the Hearing). It strains credulity to imagine that Plaintiffs have been prejudiced by the timing of these exchanges. If they have, Anthropic has been similarly prejudiced, and class certification briefing (on the same track as summary judgment briefing) should be delayed as well, since Plaintiffs also failed to serve a privilege log in compliance with the Court's rules until after the March 25 hearing.

    Third, Plaintiffs omitted the fact that the Slack documents discussed extensively at the March 25 Hearing are going to be produced ***sooner*** than Anthropic had previously projected. At the last hearing, we told the Court that we expected the remaining Slack data to be available from our vendor for review in "early April." (Ex. 1, 3/25/2025 Hrg. Tr. at

---

[1] The specific schedule that Plaintiffs asked Anthropic to agree to would have effectively given Anthropic ***zero*** days for a Reply, as Plaintiffs took the position that "their deadline to file a response brief ***ha[d] already been pushed*** [by eight days] to April 25" (Ex. A, 3/28/2025 email from Plaintiffs) at a time when they knew it would still be at least multiple days before the Slack transfer was complete and ready for review.

[2] The redacted information in the first and second paragraphs of this Exhibit are dataset names, URLs for file transfers, and password information that are not necessary to understand the third numbered paragraph.

Judge William H. Alsup
March 21, 2025
Page 3

10:2-6). Following that, Casepoint informed Anthropic that the transfer was complete on April 1, which Anthropic immediately told Plaintiffs. (Ex. C, 04/01/2025 email from Anthropic). Anthropic also immediately went to work reviewing those documents, and has now confirmed that the vast majority of "priority" documents there were duplicative of what was already timely produced to Plaintiffs on March 20 from Anthropic's five highest-priority custodians. This makes sense because Slack is a group chat tool and these previous custodians were participants in many of the same Slack channels as the custodians whose data export took longer than Anthropic's vendor had predicted. (Slack "channels" are shared conversation spaces where numerous employees can collaborate and chat, somewhat like a "group chat" on a phone in that each participant can see what all the participants say.) Following its intensive review of these documents, Anthropic anticipates that it will produce at most a total of 500 documents no later than Monday, April 7. Any suggestion that Plaintiffs cannot review that number of documents before their original April 17 opposition deadline is simply not credible.

In sum, Plaintiffs have overreached, misrepresented the record, and wildly overstated the prejudice they have suffered in service of an attempt to score an opportunistic procedural victory. Nor have they demonstrated that there was any actual "need[]" for the extreme remedies they have sought and obtained. *Id.* at 20:5-6.

***

Because Plaintiffs have not shown that they will be substantially burdened by the original schedule, Anthropic respectfully requests that the Court reconsider its Order and restore that schedule. An abbreviated Reply schedule will not help the Court reach a correct decision. And it will not serve justice for Anthropic to be denied a fair opportunity to prepare a Reply to its critically important and consequential summary judgment motion without any showing of actual prejudice to Plaintiffs. Alternatively, if the Court is going to modify the schedule, Anthropic requests that the Court modify it in such a way that Anthropic has at least 10 days to prepare its Reply, which is commensurate with the modest delay of Anthropic serving its privilege log one business day after Plaintiffs served theirs.

Finally, even if the Court does not reinstate the original schedule, we request a modification to the part of the Court's Order that ties the deadline for Plaintiffs' Opposition to the Motion for Summary Judgment to their own challenges to Anthropic's privilege log. Under the Court's Order, Plaintiffs are now perversely incentivized both to bring excessive challenges to the privilege log and to delay bringing those challenges indefinitely, which will have the effect of giving Plaintiffs as much time as they desire to file their Opposition. And, Plaintiffs have already attempted to take unfair advantage of this uncertainty by writing this morning to Anthropic stating that because the schedule is now "in significant flux," they propose "deferring consideration of expert depositions related to summary judgment" indefinitely. (Ex. D, 4/3/2025 email from Plaintiffs). For all these reasons, Anthropic respectfully requests reconsideration of the Order.

Judge William H. Alsup
March 21, 2025
Page 4

ARNOLD & PORTER KAYE SCHOLER LLP

/s/ *Joseph R. Farris*
Joseph R. Farris
*Counsel for Defendant* Anthropic PBC

# Exhibit A

| | |
|---|---|
| **From:** | Collin Fredricks |
| **To:** | Gillotte, Jessica; "Bartz-AI-TT@simplelists.susmangodfrey.com" |
| **Cc:** | Winthrop, Douglas A.; Farris, Joseph; Nakamura, Angel Tang; Ramallo, Oscar; Bragg, Estayvaine; Myers, Ally; Klein, Cameron; Joe.Wetzel@lw.com; Ivana.Dukanovic@lw.com |
| **Subject:** | RE: Bartz v. Anthropic - Ongoing discovery topics |
| **Date:** | Friday, March 28, 2025 3:32:58 PM |
| **Attachments:** | image001.png |

External E-mail

Counsel,

As promised, here are additional issues we'd like to discuss on Monday:

**<u>Timeline for MSJ briefing</u>**

At the March 25 hearing, the Court ruled that Plaintiffs' response deadline would be extended due to Anthropic's failure to produce the promised documents by March 20. Specifically, the Court ruled: "Until they get an adequate time to test the privilege and they get all the documents, they do not — their deadline slips and it comes out of your time to respond." March 25 Hr'g Tr. 19:16–17.

As of today, March 28, Anthropic is eight days delayed in its production of documents pursuant to the agreement. Plaintiffs have also not yet received a privilege log from Anthropic. Therefore, under the Court's ruling, Plaintiffs understand their deadline to file a response brief has already been pushed to April 25 (eight days after the original April 17 deadline). And that date will continue to be pushed back until (1) Anthropic completes its production of documents pursuant to the agreement, and (2) Plaintiffs get an adequate time to test Anthropic's privilege assertions. The hearing is still set for May 15, and to the extent Plaintiffs' response deadline is delayed more than 14 days, Anthropic either will lose any opportunity to file a reply brief or may have summary judgment denied entirely. *See* March 25 Hr'g Tr. 19:19–24 (The Court: "In other words, how many days do they — they have 14 days to reply?" Mr. Fredricks: "Yes, Your Honor." The Court: "All right. Then, maybe it all comes out of their time; but you are going to get more time to assess their documents."), 20:5-7 (The Court: "So, you are going to get more time as needed. I'm not going to deny their motion for summary judgment yet, but you are going to get more time.").

Plaintiffs thus request confirmation that this is also Anthropic's understanding, and an updated ETA on the three outstanding items which Anthropic had failed to produce at the time of the hearing: (1) all responsive Slack documents for the eight additional custodians which hit on the priority terms; (2) all non-privileged documents which Anthropic had withheld as "potentially privileged," as identified in the March 25 email from Jessica Gillotte; and (3) a privilege log

# Exhibit B

| | |
|---|---|
| **From:** | Collin Fredricks |
| **To:** | Winthrop, Douglas A.; Farris, Joseph; Ramallo, Oscar; Gillotte, Jessica; Nakamura, Angel Tang; Bragg, Estayvaine; Myers, Ally; Klein, Cameron; Joe.Wetzel@lw.com; Ivana.Dukanovic@lw.com |
| **Cc:** | "Bartz-AI-TT@simplelists.susmangodfrey.com" |
| **Subject:** | Bartz v Anthropic: Follow-Up re Anthropic"s Productions |
| **Date:** | Friday, March 21, 2025 10:44:38 AM |

<span style="color:red; border:1px solid red;">External E-mail</span>

Counsel,

We are reviewing the supplemental discovery responses and productions Anthropic made last night. We do have several follow-ups related to Anthropic's productions.

1. We are unable to access the files produced via SFTP server last night. Specifically, when we try to access using the command line "███████████████████ ████████████████████████████████████". It failed to prompt the password, and used the public keys instead. The terminal output "████████ ████████████████████████████████████████████ ████████████████". The error remains when we force SFTP to use a password with ████ ████████████████████████████████████████████". We believe it is a misconfiguration on the SFTP server. **If** not, please provide us with the instructions on how we can access the files. **Please advise on this question as soon as possible.**

2. **I**n Anthropic's Supplemental Response to **I**nterrogatory No. 2, it notes, "Anthropic is preparing reports of metadata identifying author, title, and **I**SBN (where available) for ████████████████████████ and ████████████████████████████████ as soon as they are available." Can you provide an estimate for when Anthropic will provide those reports?

3. Anthropic has proposed mutually exchanging privilege logs three weeks after a substantial completion deadline. <mark>However, Plaintiffs believe that the parties should exchange privilege logs earlier in April so that any necessary objections can be made in advance of the April 17 deadline.</mark> Plaintiffs propose that the parties mutually exchange privilege logs on March 28 for any documents that have been produced by March 20. Then the parties can exchange updated privilege logs every three weeks after that (starting April 18).

4. Anthropic has said it is investigating the metadata issues with its Vault productions and whether it can produce a metadata overlay. Can you provide an update on when Plaintiffs can expect to receive that metadata overlay?

# Exhibit C

| From: | Gillotte, Jessica |
|---|---|
| To: | "Bartz-AI-TT@simplelists.susmangodfrey.com" |
| Cc: | Winthrop, Douglas A.; Farris, Joseph; Nakamura, Angel Tang; Ramallo, Oscar; Bragg, Estayvaine; Myers, Ally; Klein, Cameron |
| Subject: | Bartz v. Anthropic - Follow ups from 3/31 M&C |
| Date: | Tuesday, April 1, 2025 4:08:00 PM |
| Attachments: | image001.png |

Counsel,

Thank you for the meet and confer call yesterday. I write to follow up on various matters.

## MSJ Timing

As discussed on the call, we disagree with your characterization of the hearing. Judge Alsup told the parties to produce privilege logs promptly and said that "maybe" the schedule would be modified "as needed" based on challenges to Anthropic's privilege assertions.  March 25 Hr'g Tr. 19:22-20:6. At that time, **neither side** had produced a privilege log.

Three days after the hearing, on Friday, March 28, Plaintiffs produced their first privilege log. And yesterday, Anthropic produced a privilege log that covers all productions it has made to date—**one business day after Plaintiffs provided theirs.**  At that time, Anthropic also produced the final responsive "priority" documents that were subject to privilege review (other than the Slack messages Anthropic had not yet received, which is discussed further below). Now that you have our privilege log, if you believe you have a good-faith basis to challenge any privilege assertions, please let us know and we can try to resolve any concerns.  But, absent there being a material issue concerning our privilege assertions that actually prejudices your ability to file a timely Opposition, we don't see any reason why the schedule would need to change.

On the remaining Slack data, Casepoint just informed us that they have completed the data transfer phase of the collection from Slack and they are processing the data to make it available for our reviewers. Review is targeted to begin Thursday and we are retaining around 40 contract attorneys on top of our existing review team to review these Slack documents and get them produced as soon as possible. You asked us to prioritize Tom Turvey's Slack messages in advance of his deposition on April 10. We commit to making those documents our first priority.

## Source Code Requests

We received your revised priority source code requests yesterday and discussed them on the call.  We are investigating them and will respond separately on this.

# Exhibit D

| | |
|---|---|
| **From:** | Collin Fredricks |
| **To:** | Gillotte, Jessica; "Bartz-AI-TT@simplelists.susmangodfrey.com" |
| **Cc:** | Winthrop, Douglas A.; Farris, Joseph; Nakamura, Angel Tang; Ramallo, Oscar; Bragg, Estayvaine; Myers, Ally; Klein, Cameron |
| **Subject:** | RE: Bartz **v.** Anthropic - Follow ups from 3/31 M&C |
| **Date:** | Thursday, April 3, 2025 1:21:18 PM |
| **Attachments:** | image001.png |

External E-mail

Counsel,

Follow-ups on a few of the items below:

**Source Code Requests**

Please let us know as soon as possible when next week the source code will be available for inspection, so we can coordinate with our expert and arrange travel. Earlier in the week is much better for us.

**Expert Depositions**

- **Class Certification: Plaintiffs' Expert Ben Zhao:** We will make Plaintiffs' Expert Ben Zhao available for a 3.5-hour deposition via zoom regarding his class cert declaration on April 8. We intend to object and instruct Dr. Zhao not to answer to the extent the questioning goes beyond that scope. We will confirm that start time (10 am PT) with Dr. Zhao but think that should be fine.
- **Summary Judgment:** Given that the dates for Plaintiffs' Opposition and Defendants' Reply on summary judgement are currently in significant flux, Plaintiffs propose deferring consideration of expert depositions related to summary judgment until later.

Thank you,
Collin


**Collin Fredricks**

Susman Godfrey LLP | 817-240-1010

---

**From:** Collin Fredricks
**Sent:** Wednesday, April 2, 2025 9:08 AM
**To:** Gillotte, Jessica <Jessica.Gillotte@arnoldporter.com>; 'Bartz-AI-TT@simplelists.susmangodfrey.com' <Bartz-AI-TT@simplelists.susmangodfrey.com>
**Cc:** Winthrop, Douglas A. <Douglas.Winthrop@arnoldporter.com>; Farris, Joseph <Joseph.Farris@arnoldporter.com>; Nakamura, Angel Tang <Angel.Nakamura@arnoldporter.com>; Ramallo, Oscar <Oscar.Ramallo@arnoldporter.com>; Bragg, Estayvaine