| | |
|---|---|
| DOUGLAS A. WINTHROP (Bar No. 183532) | ANGEL T. NAKAMURA (Bar No. 205396) |
| Douglas.Winthrop@arnoldporter.com | Angel.Nakamura@arnoldporter.com |
| JOSEPH FARRIS (Bar No. 263405) | OSCAR RAMALLO (Bar No. 241487) |
| Joseph.Farris@arnoldporter.com | Oscar.Ramallo@arnoldporter.com |
| JESSICA L. GILLOTTE (Bar No. 333517) | ALLYSON MYERS (Bar No. 342038) |
| Jessica.Gillotte@arnoldporter.com | Ally.Myers@arnoldporter.com |
| ESTAYVAINE BRAGG (Bar No. 341400) | **ARNOLD & PORTER KAYE SCHOLER LLP** |
| Estayvaine.Bragg@arnoldporter.com | 777 South Figueroa Street, 44th Floor |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | Los Angeles, CA 90017-5844 |
| Three Embarcadero Center, 10th Floor | Telephone: (213) 243-4000 |
| San Francisco, CA 94111-4024 | Facsimile: (213) 243-4199 |
| Telephone: (415) 471-3100 | |
| Facsimile: (415) 471-3400 | JOSEPH R. WETZEL (Bar No. 238008) |
| | joe.wetzel@lw.com |
| MARK LEMLEY | ANDREW M. GASS (Bar No. 259694) |
| mlemley@lex-lumina.com | andrew.gass@lw.com |
| **LEX LUMINA LLP** | **LATHAM & WATKINS LLP** |
| 700 S. Flower Street, Suite 1000 | 505 Montgomery Street, Suite 2000 |
| Los Angeles, CA 90017 | San Francisco, CA 94111 |
| Telephone: (213) 600-6063 | Telephone: (415) 391-0600 |
| | Facsimile: (415) 395-8095 |

*Attorneys for Defendant* ANTHROPIC PBC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-CV-05417-WHA<br><br>Action Filed: August 19, 2024<br><br>**DEFENDANT ANTHROPIC PBC'S NOTICE OF MOTION AND MOTION TO REDACT AND SEAL PORTIONS OF THE MARCH 25, 2025 HEARING TRANSCRIPT**<br><br>Date: June 26, 2025<br>Time: 8:00 a.m<br>Dept. Courtroom 12, 19th Floor<br><br>Judge: Honorable William H. Alsup |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: Please take notice that on June 26, 2025 at 8:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable William H. Alsup, Courtroom 12, 19th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendant Anthropic PBC ("Anthropic") will and hereby does move, pursuant to the Northern District of California's Civil Local Rule 7-2 and General Order 59, paragraph 4, for an order redacting and sealing portions of the transcript from the March 25, 2025 hearing held before the Court.

This Motion is based on this Notice and the below Memorandum of Points and Authorities filed herewith, the Declaration of Jessica L. Gillotte in support thereof, the proposed redacted version of the Transcript attached as Exhibit A to the Declaration, any reply memoranda that may be filed, the argument of counsel, the case record, and any documentary evidence that may be presented at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Anthropic PBC ("Anthropic") moves to redact and seal portions of the March 25, 2025 Hearing Transcript. Some information in this transcript reflect and reveal highly confidential, nonpublic Anthropic business and technical information. Anthropic respectfully requests that this information be redacted so that it remains confidential for the reasons detailed in the Declaration of Jessica L. Gillotte in Support of Defendant Anthropic PBC's Motion to Redact Portions of the March 25, 2025 Hearing Transcript ("Gillotte Sealing Declaration") and as set forth in the Proposed Order, which is narrowly tailored to redact only the redactable material, and which lists in table format each portion of the Transcript that is sought to be redacted. A proposed redacted version of the Transcript is attached as Exhibit A to the Gillotte Sealing Declaration.

**I.    LEGAL STANDARD**

A party seeking to seal material is required to establish that the document, or portions thereof, are sealable. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79, 1182 (9th Cir. 2006). Where the underlying filing is "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101-02 (9th Cir. 2016), the

1  moving party must make a showing of "compelling reasons supported by specific factual findings
2  that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*,
3  447 F.3d at 1178-79 (citation omitted).

4        The Ninth Circuit also recognizes that preventing the release of proprietary information
5  and/or trade secrets is a compelling reason that overrides this strong presumption. *Apple Inc. v.*
6  *Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result
7  in infringement upon trade secrets has long been considered a factor that would overcome this strong
8  presumption."). Examples of what might constitute a compelling reason to seal include "sources of
9  business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety,* 809
10 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *U.S. Ethernet*
11 *Innovations, LLC v. Acer, Inc.*, 2014 WL 6664621, at *1 (N.D. Cal. Nov. 24, 2014) (finding
12 compelling reasons to seal "proprietary literature describing the structure, configuration, and
13 operation of the … technology"); *Guzik Tech. Enters., Inc. v. W. Digit. Corp.*, 2013 WL 6092852,
14 at *11-12 (N.D. Cal. Nov. 19, 2013) (granting motion to seal confidential information regarding the
15 plaintiff's technology where the disclosure of that information would harm the plaintiff's
16 competitive standing).

17 **II.     THERE ARE COMPELLING REASONS TO REDACT**

18       Anthropic respectfully requests that this Court allow redactions listed in the table below
19 because they contain Anthropic's highly confidential and trade secret information such that the
20 public disclosure of this highly sensitive information would cause competitive injury to Anthropic.
21 In making this request, Anthropic has carefully considered the legal standard and sought to redact
22 the narrowest portions of transcript on the public docket as possible, such that no less restrictive
23 alternative to redacting is available.

24       As set forth in the Gillotte Sealing Declaration, the information that Anthropic seeks to
25 redact reveals the name, source and contents of Anthropic's datasets for Anthropic's non-
26 commercial and commercial models of Claude. (Gillotte Sealing Declaration, ¶ 3.) This material
27 reflects Anthropic's approach to data acquisition, which is one of the most competitively sensitive
28 and closely guarded trade secrets in Anthropic's business. (*Id.*)

Anthropic has also sought to seal the narrowest portions of this information as possible and which Anthropic had originally designated under the Protective Order. It seeks to seal only the following information:

| ECF | Document | Portions to Seal | Reason |
|---|---|---|---|
| 118 (Ex. A) | March 25, 2025 Hearing Transcript | Portions highlighted in yellow | 23:3, 23:23-24-1, 24:15, 24:17-20, 24:22, 25:19, 26:20, 33:7, 36:10-12, 36:14, 36:24, 37:3-5, 37:9-11, 37:15, 37:18-19, 37:22, 38:1, 38:3-4, 38:6, 38:9-10, 38:12-13, 38:17-18, 38:20-39:2, 39:15: Reveals the name, source and contents of Anthropic's datasets for Anthropic's research and development models that were not commercially released and for datasets used in commercial models of Claude.[1] |

### III.  CONCLUSION

For the foregoing reasons, Anthropic respectfully requests that this Court grant this motion.

Dated: April 16, 2025

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By:  /s/ Joseph R. Farris
     JOSEPH R. FARRIS

*Attorneys for Defendant*
ANTHROPIC PBC

---

[1] Anthropic has previously sought to seal the same type of information.  *See, e.g.*, Kaplan Declaration ISO Anthropic's Administrative Motion to Seal (ECF 137-1) at ¶¶ 3, 5-8; Kaplan Declaration ISO Anthropic's Motion for Summary Judgment (ECF 119-5) at ¶¶ 48-52; Gillotte Declaration ISO Anthropic's Motion to Seal Its Response to Plaintiffs' Discovery Letter Motion to Compel (ECF 116-1) at ¶¶ 2-4; Kaplan Declaration ISO Anthropic's Motion to Seal Portions of Plaintiffs' Opposition to Request a Case Management Conference (ECF 101-1) at ¶¶ 3-8.

## CERTIFICATE OF SERVICE

I, Joseph R. Farris, am the ECF user whose identification and password are being used to file the foregoing **DEFENDANT ANTHROPIC PBC'S NOTICE OF MOTION AND MOTION TO REDACT AND SEAL PORTIONS OF THE MARCH 25, 2025 HEARING TRANSCRIPT**.

Dated: April 16, 2025                                   /s/ Joseph R. Farris

**PROOF OF SERVICE
BY ELECTRONIC TRANSMISSION**

I am over eighteen years of age and not a party to this action. I am employed in the City and County of San Francisco, State of California. My business address is Three Embarcadero Center, Tenth Floor, San Francisco, California 94111.

**DEFENDANT ANTHROPIC PBC'S NOTICE OF MOTION AND MOTION TO REDACT AND SEAL PORTIONS OF THE MARCH 25, 2025 HEARING TRANSCRIPT**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on agreement of the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from the email address Jerome.Ferrer@arnoldporter.com to the persons at the email addresses listed in the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Marla F. Knox, Court Reporter
RPR, CRR, RMR
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102
United States District Court
Northern District of California
(602) 391-6990
email marla_knox@cand.uscourts.gov

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on April 16, 2025, at San Francisco, California.

_____
JEROME E. FERRER