**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

ANDREA BARTZ, ANDREA BARTS, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,

Plaintiffs,

v.

ANTHROPIC PBC,

Defendant.

**Case No. 3:24-CV-05417-WHA**

**DECLARATION OF ISHA MEHMOOD**

Isha Mehmood declares as follows under 28 U.S.C. § 1746:

1. I am Senior Counsel, Global Head of Compliance of Non-Party HarperCollins Publishers LLC ("HarperCollins").

2. HarperCollins has been informed that Defendant Anthropic PBC ("Defendant") relied on one or more documents produced by HarperCollins as exhibits to their Opposition to Plaintiffs' Motion for Class Certification and supporting papers (Dkt Nos. 148–50).

3. In its Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 147), Defendant identified two such documents they believe were produced by HarperCollins in response to a subpoena served by Plaintiffs: Exhibit 22 and 42.

4. HarperCollins does not believe it produced Exhibit 22.

5. In producing Exhibit 42, however, HarperCollins designated that document "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Stipulated Protective Order (With Conditions) (Dkt. 63). That document—including the name of the counterparty to that agreement—is highly confidential. As such the document itself should remain under seal and any reference to the content of that document—including the counterparty—in the parties'

briefs—including in Administrative Motion to Consider Whether Another Party's Material Should Be Sealed—should be redacted.[1]

6. I write now, under Civil L.R. 79-5(f)(3), to offer this declaration in support of the request to file Exhibit 42 and any reference to the contents of that document under seal due to the highly confidential nature of the document and the harm that disclosure of the contents of the document would cause.

7. Defendants Exhibit 42 is a data access and delivery agreement (the "Agreement") between HarperCollins and an undisclosed technology company which contains trade secrets, [redacted] Given the sensitive nature of the Agreement, HarperCollins only produced this Agreement based on Defendant's representation and agreement that the document would be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and would accordingly receive the protection of the Stipulated Protective Order (Dkt. 63, the "Protective Order"). Further, Defendant represented to HarperCollins that if any documents produced by HarperCollins were to be filed, they would be filed under seal. This representation was based on Defendant's legitimate expectation that documents such as the Agreement contained confidential business information and trade secrets and rightfully deserved protection.

8. In my position as Senior Counsel, Global Head of Compliance, I have direct personal knowledge that the Agreement has received highly confidential treatment throughout its creation and implementation and contains information which HarperCollins was and is contractually required to keep confidential. Specifically, I am aware that HarperCollins has an express and legitimate interest in keeping the contents of the Agreement confidential and [redacted]

---

1 [redacted]



9. In the United States Court of Appeals for the Ninth Circuit, courts must apply one of two legal standards to determine whether documents should be filed under seal, either the "good cause" standard or the "compelling reason" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). The former standard is applied in non-dispositive motions and the latter is applied in dispositive motions. *Kamakana*, 447 F.3d at 1179-1180. The "compelling reason" standard considers whether there are any "'compelling reasons' sufficient to outweigh the public's interest in disclosure" which this court found includes "confidential business and proprietary information." *Id.* and *DSS Tech. Mgmt. v. Apple,* No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), aff'd, 845 F. App'x 963 (Fed. Cir. 2021). Another "compelling reason" justifying filing documents under seal is to protect trade secrets. *Kamakana*, 447 F.3d at 1179.

10. Given that Defendant intends to file HarperCollins' highly confidential Agreement with their Opposition to Plaintiffs' Motion for Class Certification and supporting papers, the "compelling reason" standard applies here. *Id.*

11. HarperCollins' Agreement should be sealed for two "compelling reasons." *Id.* First, the Agreement contains confidential business information, [REDACTED] The disclosure of the confidential business information in the Agreement would cause harm to HarperCollins that outweighs the public's interest in the disclosure, [REDACTED] Specifically, HarperCollins' [REDACTED] Further, confidential internal

business information contained in this agreement such as [REDACTED] Next, the specific and final terms of the Agreement also reveal HarperCollins' trade secrets which HarperCollins conceals from its competitors in the industry. Disclosure of the Agreement will [REDACTED]

12. Further, per Civil L.R. 79-(c)(1)(iii), there are no practicable less restrictive alternatives to sealing (such as redaction of certain portions) that will adequately protect HarperCollins. The entirety of the Agreement is sensitive and revealing. HarperCollins will experience harm if any specific provisions and even basic details of the Agreement are disclosed. [REDACTED]

13. Accordingly, the Agreement in Defendant's Exhibit 42—and any reference to the content of that Agreement—deserves protection pursuant to Civil L.R. 79-5 and the Protective Order, and HarperCollins hereby respectfully requests that Plaintiffs Exhibit 42 be filed under seal to prevent the disclosure of the Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 25, 2025

New York, New York

Isha Mehmood