UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTS, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>ANTHROPIC PBC,<br><br>　　　　　　Defendant. | Case No. 3:24-CV-05417-WHA |

## DECLARATION OF TRINA HUNN

Trina Hunn declares as follows under 28 U.S.C. § 1746:

1.　　I am Vice President/Associate General Counsel of Non-Party HarperCollins Publishers LLC ("HarperCollins").

2.　　HarperCollins has been informed that Plaintiffs Andrea Bartz, Andrea Bartz, Inc., Charles Graeber, Kirk Wallace Johnson, and MJ + KJ, Inc., individually and on behalf of others similarly situated ("Plaintiffs") relied on several documents produced by HarperCollins in their Opposition to Anthropic's Motion for Summary Judgment and supporting papers, and discuss these documents and their contents in their papers. (Dkt Nos. 153-158, and 163-166).

3.　　In its Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 157), Plaintiffs identified ten such highly confidential documents produced by HarperCollins in response to a subpoena served by Plaintiffs, identified by the following bates numbers: HC004_ANT0002942 – 944; HC004_ANT0002661 – 262; HC004_ANT0002697 – 298; HC004_ANT0003151 – 156; HC004_ANT0002040; HC004_ANT0002247 – 248;  HC004_ANT0002310 – 318; HC004_ANT0002499 – 515; HC004_ANT0002475 – 476; (collectively, "█████████████████████████"),

and HC004_ANT0002086 – 230 at 087-88, 090, 097 which represents a highly confidential agreement between HarperCollins and a counterparty which HarperCollins has not disclosed (the "Agreement"). Additionally, Plaintiffs discuss HarperCollins and its confidential business information throughout the Declaration of James E. Malackowski on the following pages: page 17-20;[1] page 20, fn 84; page 29, fns 131 and 132; page 32, fn 149; page 33; Appendix 2, page 7; Appendix 5, page 1 and 3.

4. HarperCollins designated the documents it produced, including the Agreement, as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Stipulated Protective Order (With Conditions) (Dkt. 63). These documents—which include details of ongoing negotiations with undisclosed counterparties and an undisclosed Agreement—are highly confidential. As such the documents should remain under seal and any reference to the contents of the documents—including the counterparties to any proposed or executed data-sharing agreements—in the parties' publicly filed papers—including in the Administrative Motion regarding sealing—should be redacted.

5. I write now, under Civil L.R. 79-5(f)(3), to offer this declaration in support of the request to file HarperCollins' ███████████████████████████ and the Agreement, and any reference to the contents of or parties to these documents and the Agreement under seal due to the highly confidential nature of the documents and the Agreement and the harm that disclosure of the contents of and parties to the documents and the Agreement would cause.

6. HarperCollins' ███████████████████████████████ contain ███████████████████████████████████████████████████████████ if disclosed, could be competitively harmful to HarperCollins and were only produced based on Plaintiffs representation and agreement that the documents would be designated as "HIGHLY

---
[1] ███████████████████████████████████████████████████████████████

2

CONFIDENTIAL – ATTORNEYS' EYES ONLY," and would accordingly receive the protection of the Stipulated Protective Order (Dkt. 63, the "Protective Order").

7.   The Agreement between HarperCollins and an undisclosed technology company contains trade secrets, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓ Given the sensitive nature of the Agreement, HarperCollins only produced this Agreement based on Plaintiffs representation and agreement that the document would be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and would accordingly receive the protection of the Protective Order.

8.   Further, Plaintiffs represented to HarperCollins that if any documents produced by HarperCollins were to be filed, they would be filed under seal. This representation was based on Plaintiffs legitimate expectation that documents, including the Agreement, contained confidential business information and trade secrets and rightfully deserved protection.

9.   In my position as Vice President/Associate General Counsel, I have direct personal knowledge that HarperCollins' ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ remain confidential and concern current and ongoing negotiations between HarperCollins and potential counterparties which must remain undisclosed. Specifically, I am aware that HarperCollins has an express and legitimate interest in keeping these documents confidential.

10.   In my position as Vice President/Associate General Counsel, I have direct personal knowledge that the Agreement also has received highly confidential treatment throughout its creation and implementation and contains information which HarperCollins was and is contractually required to keep confidential. Specifically, I am aware that HarperCollins has an express and legitimate interest in keeping the contents of the Agreement confidential and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓.

11.   An Order was issued on April 29, 2025 in *Kadrey, et al., v. Meta Platforms, Inc.,* Case No. 23-cv-03417-vc (N.D. Cal 2023) (the "Meta Action") at Meta Action ECF. No. 570 (attached hereto as Exhibit 1), on an administrative motion regarding whether HarperCollins' material produced pursuant to a protective order should be sealed. In that case, the court found

that HarperCollins' confidential documents, such as the Agreement and the identities of parties negotiating and engaging in licensing deals shall remain sealed and redacted and granted the motion to seal HarperCollins' documents.

12. In the United States Court of Appeals for the Ninth Circuit, courts must apply one of two legal standards to determine whether documents should be filed under seal, either the "good cause" standard or the "compelling reason" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). The former standard is applied in non-dispositive motions and the latter is applied in dispositive motions. *Kamakana*, 447 F.3d at 1179-1180. The "compelling reason" standard considers whether there are any "'compelling reasons' sufficient to outweigh the public's interest in disclosure" which this court found includes "confidential business and proprietary information." *Id.* and *DSS Tech. Mgmt. v. Apple,* No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), aff'd, 845 F. App'x 963 (Fed. Cir. 2021). Another "compelling reason" justifying filing documents under seal is to protect trade secrets. *Kamakana*, 447 F.3d at 1179.

13. Given that Plaintiffs intend to file with (and make reference to) HarperCollins' ███████████████████████████████████ and the Agreement in their Opposition to Anthropic's Motion for Summary Judgment and supporting papers, the "compelling reason" standard applies here. *Id.*

14. HarperCollins' Highly Confidential ████████████████████ ███ should be sealed for two "compelling reasons." *Id.* First, ████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████, ████████████████████████████████████████████████████████████████ would cause harm to HarperCollins that outweighs the public's interest in the disclosure, ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

4

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████ Next, the specific details of the documents reveal HarperCollins' trade secrets which HarperCollins conceals from its competitors in the industry. Disclosure of these documents will ████████████████████████████████████
██████████████████████████████████████████████████
████████████████████

15. HarperCollins' Agreement should be sealed for two similarly "compelling reasons." *Id.* ███████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████ The disclosure of the confidential business information in the Agreement would cause harm to HarperCollins that outweighs the public's interest in the disclosure, ██████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████████████
Further, confidential internal business information contained in this agreement such as ██████
██████████████████████████████████████████████████
Next, the specific and final terms of the Agreement also reveal HarperCollins' trade secrets

5

which HarperCollins conceals from its competitors in the industry. Disclosure of the Agreement will both hamper ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████.

16. Further, per Civil L.R. 79-(c)(1)(iii), there are no practicable less restrictive alternatives to sealing (such as redaction of certain portions) that will adequately protect HarperCollins. The entirety of the ████████████████████████████████ and the Agreement are sensitive and revealing. HarperCollins will experience harm if any specific provisions and even basic details of the ████████████████████████ and the Agreement are disclosed. ████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████.

17. Also, the ████████████████████████████████ and the Agreement here are similar to the documents which were the subject of an administrative motion in *Kadrey, et al., v. Meta Platforms, Inc.,* Case No. 23-cv-03417-vc (N.D. Cal 2023), where the *Kadrey* Court ultimately decided that HarperCollins' material produced pursuant to a protective order should be protected and be filed under seal. Specifically, the court granted the motion to seal references to "the names of other parties engaged in licensing deals." *Id.* at Dkt. 570.

18. Accordingly, the documents found at bates numbers: HC004_ANT0002942 – 944; HC004_ANT0002661 – 262; HC004_ANT0002697 – 298; HC004_ANT0003151 – 156; HC004_ANT0002040; HC004_ANT0002247 – 248; HC004_ANT0002310 – 318; HC004_ANT0002499 – 515; HC004_ANT0002475 – 476; and the Agreement found at HC004_ANT0002086 – 230 —and any reference to the content of these documents—deserve protection pursuant to Civil L.R. 79-5 and the Protective Order, and HarperCollins hereby

respectfully requests that these documents and any reference to them be filed under seal to prevent the disclosure of confidential business information.[2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 2, 2025
New York, New York

*Trina Hunn*

Trina Hunn

---

[2] To clarify, we ask that references to HarperCollins' confidential information and documents be redacted and filed under seal wherever they are mentioned in Plaintiffs Opposition to Anthropic's Motion for Summary Judgment and supporting papers.