DOUGLAS A. WINTHROP (Bar No. 183532)
Douglas.Winthrop@arnoldporter.com
JOSEPH FARRIS (Bar No. 263405)
Joseph.Farris@arnoldporter.com
JESSICA L. GILLOTTE (Bar No. 333517)
Jessica.Gillotte@arnoldporter.com
ESTAYVAINE BRAGG (Bar No. 341400)
Estayvaine.Bragg@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400

MARK LEMLEY
mlemley@lex-lumina.com
**LEX LUMINA LLP**
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone:  (213) 600-6063

ANGEL T. NAKAMURA (Bar No. 205396)
Angel.Nakamura@arnoldporter.com
OSCAR RAMALLO (Bar No. 241487)
Oscar.Ramallo@arnoldporter.com
ALLYSON MYERS (Bar No. 342038)
Ally.Myers@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:    (213) 243-4000
Facsimile:    (213) 243-4199

JOSEPH R. WETZEL (Bar No. 238008)
joe.wetzel@lw.com
ANDREW M. GASS (Bar No. 259694)
andrew.gass@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:    (415) 391-0600
Facsimile:    (415) 395-8095

*Attorneys for Defendant* ANTHROPIC PBC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-CV-05417-WHA<br><br>Action Filed: August 19, 2024<br><br>**DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Date:   May 15, 2025<br>Time:  8:00 a.m.<br>Place:  Courtroom 12, 19th Floor<br><br>Judge: Honorable William H. Alsup |

1  Pursuant to Civil Local Rule 79-5, Defendant Anthropic PBC ("Anthropic") moves to
2  maintain under seal certain documents, and portions thereof, that are the subject of Plaintiffs'
3  Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF
4  No. 171), including Plaintiffs' Reply in Support of Class Certification, the Declaration of Jacob S.
5  Miller in Support of Plaintiffs' Reply in Support of Class Certification ("Miller Decl."), and Miller
6  Decl. Exhibits 40-47, 49 and 50. These documents reflect and reveal highly confidential, nonpublic
7  Anthropic business and technical information.

8  Anthropic respectfully requests that this information be sealed so that it remains confidential
9  for the reasons detailed in the Declaration of Jessica Gillotte in Support of Defendant Anthropic
10 PBC's Administrative Motion to Seal ("Gillotte Sealing Declaration") and as set forth in the
11 Proposed Order, which is narrowly tailored to seal only the sealable material, and which lists in
12 table format each document or portion thereof that is sought to be sealed, and also attaches proposed
13 redacted versions of each document sought to be sealed in part.

14 **I.   LEGAL STANDARD**

15 A party seeking to seal material is required to establish that the document, or portions
16 thereof, are sealable. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79, 1182 (9th
17 Cir. 2006). Where the underlying filing is "more than tangentially related to the merits of a case,"
18 *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101-02 (9th Cir. 2016), the
19 moving party must make a showing of "compelling reasons supported by specific factual findings
20 that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*,
21 447 F.3d at 1178-79 (citation omitted).

22 The Ninth Circuit also recognizes that preventing the release of proprietary information
23 and/or trade secrets is a compelling reason that overrides this strong presumption. *Apple Inc. v.*
24 *Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result
25 in infringement upon trade secrets has long been considered a factor that would overcome this strong
26 presumption."). Examples of what might constitute a compelling reason to seal include "sources of
27 business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety,* 809
28 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *U.S. Ethernet*

*Innovations, LLC v. Acer, Inc.*, 2014 WL 6664621, at *1 (N.D. Cal. Nov. 24, 2014) (finding compelling reasons to seal "proprietary literature describing the structure, configuration, and operation of the … technology"); *Guzik Tech. Enters., Inc. v. W. Digit. Corp.*, 2013 WL 6092852, at *11-12 (N.D. Cal. Nov. 19, 2013) (granting motion to seal confidential information regarding the plaintiff's technology where the disclosure of that information would harm the plaintiff's competitive standing).

## II.  THERE ARE COMPELLING REASONS TO SEAL

Anthropic respectfully requests that this Court seal the documents listed below because they contain Anthropic's highly confidential and trade secret information such that the public disclosure of this highly sensitive information would cause competitive injury to Anthropic. In making this request, Anthropic has carefully considered the legal standard and sought to seal the narrowest portions of documents on the public docket as possible, such that no less restrictive alternative to sealing is available.

In particular, as set forth in the Gillotte Sealing Declaration, the information that Anthropic seeks to seal comprises highly confidential and trade secret information regarding Anthropic's internal business strategies and AI training processes, including competitively sensitive details about the acquisition, development, training, and costs of Anthropic's models. Gillotte Sealing Decl. ¶ 3.[1] This includes, for example, internal assessments of how Anthropic values different categories and sources of data for model training. *Id.* ¶ 4.[2] This information also reveals the specific sources, categories, and contents of data that are combined to train Anthropic's generative AI models as well as research and development techniques to assess the performance and technological value of certain types of data categories for use in model training. *Id.* ¶¶ 5-7.[3] Lastly, the information also reveals confidential business strategies for the acquisition of content and the cost of acquiring content. *Id.*

---

[1] *See also* ECF Nos. 119-2 (3/27/2025 Declaration of Jared Kaplan in Support of Defendant Anthropic PBC's Administrative Motion to Seal) ¶ 3, 137-1 (4/03/2025 Declaration of Jared Kaplan in Support of Defendant Anthropic PBC's Administrative Motion to Seal) ¶ 3, 146-1 (4/17/2025 Declaration of Jared Kaplan in Support of Defendant Anthropic PBC's Administrative Motion to Seal) ¶ 3.

[2] *See also* ECF Nos. 119-2 ¶ 4, 137-1 ¶ 4, 146-1 ¶ 4.

[3] *See also* ECF Nos. 119-2 ¶¶ 5-6, 8, 137-1 ¶¶ 5-6, 8, 146-1 ¶¶ 5-6.

1  ¶ 8.[4] Anthropic limits disclosure of this information. *Id.* ¶¶ 3-8.[5] Public disclosure would create a significant risk of competitive harm for Anthropic because competitors could utilize it to modify their own business strategies, methods of researching the value of different data types, and technical practices in order to gain a competitive advantage over Anthropic. *Id.*[6] Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

Anthropic has also sought to seal the narrowest portions of this information as possible, and Anthropic originally designated each of these documents and materials under the Protective Order. It seeks to seal only the following information:

---

[4] *See also* ECF Nos. 119-2 ¶ 7, 137-1 ¶ 7, 146-1 ¶ 7.
[5] *See also* ECF Nos. 119-2 ¶¶ 3-8, 137-1 ¶¶ 3-8, 146-1 ¶¶ 3-7.
[6] *See also* ECF Nos. 119-2 ¶¶ 3-8, 137-1 ¶¶ 3-8, 146-1 ¶¶ 3-7.

| Document | Portions to Seal |
|---|---|
| Plaintiffs' Reply in Support of Class Certification | Portions highlighted in **orange** at 1:4, 1:6, 3:23, 4:27-28, 5:3-4, 10:11-12, 10:15-16, 10:19-20, 10:23-28, 11:1-2, 11:10-11, 11:16-17, 11:26 |
| Declaration of Jacob S. Miller in Support of Plaintiffs' Reply in Support of Class Certification ("Miller Decl.") | Portions highlighted in **orange** at ¶¶ 6-7 |
| Miller Decl. Exhibit 40: Bates numbered ANT_BARTZ_000004895-98 | Entirety of the document |
| Miller Decl. Exhibit 41: Bates numbered ANT_BARTZ_000004899-90 | Entirety of the document |
| Miller Decl. Exhibit 42: Bates numbered ANT_BARTZ_000184269-84 | Entirety of the document |
| Miller Decl. Exhibit 43: Bates numbered ANT_BARTZ_000227005-06 | Entirety of the document |
| Miller Decl. Exhibit 44: Bates numbered ANT_BARTZ_000389147-205 | Entirety of the document |
| Miller Decl. Exhibit 45: Bates numbered ANT_BARTZ_000365927-366136 | Entirety of the document |
| Miller Decl. Exhibit 46: Bates numbered ANT_BARTZ_000533421-22 | Entirety of the document |
| Miller Decl. Exhibit 47: Bates numbered ANT_BARTZ_000389522-39 | Entirety of the document |
| Miller Decl. Exhibit 49: Excerpts of Deposition Mycal Tucker | Portions highlighted in **yellow** at 69:4-15, 69:17-71:5, 71:7-12, 71:15-21, 71:23-24, 75:1-22, 78:9-18, 78:20-79:4, 79:6- |

| | |
|---|---|
| | 7, 79:9-81:10, 81:12-14, 81:16-82:6, 82:8-12, 82:14-16, 82:18-19, 82:21-25 |
| Miller Decl. Exhibit 50: Excerpts of Deposition of Mohit Iyyer | Portions highlighted in **yellow** at 23:19-20, 24:16, 25:8, 25:11-12, 25:14-15 |

### III. CONCLUSION

For the foregoing reasons, Anthropic respectfully requests that this Court grant this administrative motion.

Dated: May 7, 2025                                              Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By:  */s/ Douglas A. Winthrop*
       DOUGLAS A. WINTHROP

       *Attorneys for Defendant*
       ANTHROPIC PBC

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Tenth Floor, San Francisco, California 94111-4024. On May 7, 2025, the foregoing **DEFENDANT ANTHROPIC PBC's ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**, and exhibits thereto were electronically served on the following:

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
Collin Fredricks (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
cfredricks@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Jordan W. Connors (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com

Rachel Geman (*pro hac vice*)
Wesley Dozier (*pro hac vice*)
Anna Freymann (*pro hac vice*)
Jacob Miller (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com

jmiller@lchb.com

Reilly T. Stoler (SBN 310761)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
rstoler@lchb.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
**COWAN DEBAETS ABRAHAMS & SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
ssholder@cdas.com
ccole@cdas.com

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed May 7, 2025 at San Francisco, California.

*/s/ Jerome E. Ferrer*

JEROME FERRER