UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-CV-05417-WHA |

**DECLARATION OF TRINA HUNN**

Trina Hunn declares as follows under 28 U.S.C. § 1746:

1. I am Vice President/Associate General Counsel of Non-Party HarperCollins Publishers LLC ("HarperCollins").

2. HarperCollins has been informed that Plaintiffs Andrea Bartz, Andrea Bartz, Inc., Charles Graeber, Kirk Wallace Johnson, and MJ + KJ, Inc., individually and on behalf of others similarly situated ("Plaintiffs") relied on a document produced by HarperCollins as an exhibit to their Declaration of Jacob S. Miller in Support of Plaintiffs Reply in Support of Class Certification (Dkt No. 172).

3. In its Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 171), Plaintiffs identified a document produced by HarperCollins in response to a subpoena served by Plaintiffs as Exhibit 48.

4. In producing Exhibit 48, however, HarperCollins designated that document "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Stipulated Protective Order (With Conditions) (Dkt. 62). That document—including the name of the counterparty to that agreement—is highly confidential. As such the document itself should remain under seal and

any reference to the content of that document—including the counterparty—in the parties' briefs—including in the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed—should be redacted.

5. I write now, under Civil L.R. 79-5(f)(3), to offer this declaration in support of the request to file Exhibit 48 and any reference to the contents of that document under seal due to the highly confidential nature of the document and the harm that disclosure of the contents of the document would cause.

6. Exhibit 48 is a data access and delivery agreement (the "Agreement") between HarperCollins and an undisclosed technology company which contains trade secrets, ▌ ▌ Given the sensitive nature of the Agreement, HarperCollins only produced this Agreement based on Plaintiffs representation and agreement that the document would be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and would accordingly receive the protection of the Stipulated Protective Order (Dkt. 63, the "Protective Order"). Further, Plaintiffs represented to HarperCollins that if any documents produced by HarperCollins were to be filed, they would be filed under seal. This representation was based on Plaintiffs legitimate expectation that documents such as the Agreement contained confidential business information and trade secrets and rightfully deserved protection.

7. In my position as Vice President/Associate General Counsel, I have direct personal knowledge that the Agreement has received highly confidential treatment throughout its creation and implementation and contains information which HarperCollins was and is contractually required to keep confidential. Specifically, I am aware that HarperCollins has an express and legitimate interest in keeping the contents of the Agreement confidential and ▌ ▌ ▌

8. An Order was issued on April 29, 2025 in *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 23-cv-03417-vc (N.D. Cal 2023) (the "Meta Action") at Meta Action ECF. No. 570 (attached hereto as Exhibit 1), on an administrative motion regarding whether HarperCollins'

material produced pursuant to a protective order should be sealed. In that case, the court found that HarperCollins' confidential documents, such as the Agreement and the identities of parties negotiating and engaging in licensing deals shall remain sealed and redacted and granted the motion to seal HarperCollins' documents.

9. In the United States Court of Appeals for the Ninth Circuit, courts must apply one of two legal standards to determine whether documents should be filed under seal, either the "good cause" standard or the "compelling reason" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). The former standard is applied in non-dispositive motions and the latter is applied in dispositive motions. *Kamakana*, 447 F.3d at 1179-1180. The "compelling reason" standard considers whether there are any "'compelling reasons' sufficient to outweigh the public's interest in disclosure" which this court found includes "confidential business and proprietary information." *Id.* and *DSS Tech. Mgmt. v. Apple,* No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), aff'd, 845 F. App'x 963 (Fed. Cir. 2021). Another "compelling reason" justifying filing documents under seal is to protect trade secrets. *Kamakana*, 447 F.3d at 1179.

10. Given that Plaintiffs intend to file HarperCollins' highly confidential Agreement with a Declaration in Support of Plaintiffs Reply in Support of Class Certification and supporting papers, the "compelling reason" standard applies here. *Id.*

11. HarperCollins' Agreement should be sealed for two "compelling reasons." *Id.* First, the Agreement contains confidential business information, ███████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████ The disclosure of the confidential business information in the Agreement would cause harm to HarperCollins that outweighs the public's interest in the disclosure, ███████████████████████████ ████████████████████████████████████████████ Specifically, HarperCollins' ███████████████████████████████████████████████████████████████ ███████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████ Further, confidential internal business information contained in this agreement such as ████████████████████████████ ██████████████████████████████████████████ Next, the specific and final terms of the Agreement also reveal HarperCollins' trade secrets which HarperCollins conceals from its competitors in the industry. Disclosure of the Agreement will ████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████.

12. Further, per Civil L.R. 79-(c)(1)(iii), there are no practicable less restrictive alternatives to sealing (such as redaction of certain portions) that will adequately protect HarperCollins. The entirety of the Agreement is sensitive and revealing. HarperCollins will experience harm if any specific provisions and even basic details of the Agreement are disclosed.

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████

13. Also, the Agreement in Exhibit 48 was the subject of an administrative motion in *Kadrey, et al., v. Meta Platforms, Inc.,* Case No. 23-cv-03417-vc (N.D. Cal 2023), where the *Kadrey* Court ultimately decided that HarperCollins' material produced pursuant to a protective order should be protected and be filed under seal. Specifically, the court granted the motion to seal references to "the names of other parties engaged in licensing deals." *Id.* at Dkt. 570.

14. Accordingly, the Agreement in Exhibit 48—and any reference to the content of that Agreement—deserves protection pursuant to Civil L.R. 79-5 and the Protective Order, and HarperCollins hereby respectfully requests that Exhibit 48 be filed under seal to prevent the

disclosure of the Agreement.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 8, 2025
New York, New York

                                                           */s/ Trina Hunn*
                                                           Trina Hunn