DOUGLAS A. WINTHROP (Bar No. 183532)
Douglas.Winthrop@arnoldporter.com
JOSEPH FARRIS (Bar No. 263405)
Joseph.Farris@arnoldporter.com
JESSICA L. GILLOTTE (Bar No. 333517)
Jessica.Gillotte@arnoldporter.com
ESTAYVAINE BRAGG (Bar No. 341400)
Estayvaine.Bragg@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400

MARK LEMLEY
mlemley@lex-lumina.com
**LEX LUMINA LLP**
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone:  (213) 600-6063

ANGEL T. NAKAMURA (Bar No. 205396)
Angel.Nakamura@arnoldporter.com
OSCAR RAMALLO (Bar No. 241487)
Oscar.Ramallo@arnoldporter.com
ALLYSON MYERS (Bar No. 342038)
Ally.Myers@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:    (213) 243-4000
Facsimile:    (213) 243-4199

JOSEPH R. WETZEL (Bar No. 238008)
joe.wetzel@lw.com
ANDREW M. GASS (Bar No. 259694)
andrew.gass@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:    (415) 391-0600
Facsimile:    (415) 395-8095

*Attorneys for Defendant* ANTHROPIC PBC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 3:24-CV-05417-WHA <br><br> Action Filed: August 19, 2024 <br><br> **DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** <br><br> Date:   May 15, 2025 <br> Time:  8:00 a.m. <br> Place:  Courtroom 12, 19th Floor <br><br> Judge: Honorable William H. Alsup |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil Local Rule 79-5, Defendant Anthropic PBC ("Anthropic") moves to maintain under seal certain documents that are the subject of Anthropic's Reply in Support of its Motion for Summary Judgment and the supporting declaration of Steven R. Peterson. These documents reflect and reveal highly confidential, nonpublic Anthropic business and technical information.

Anthropic respectfully requests that this information be sealed so that it remains confidential for the reasons detailed in the Declaration of Jessica Gillotte in Support of Defendant Anthropic PBC's Administrative Motion to Seal ("Gillotte Sealing Declaration") and as set forth in the Proposed Order, which is narrowly tailored to seal only the sealable material, and which lists in table format the portion of each document that is sought to be sealed, and also attaches proposed redacted versions of each document sought to be sealed in part.

## I.     LEGAL STANDARD

A party seeking to seal material is required to establish that the document, or portions thereof, are sealable. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79, 1182 (9th Cir. 2006). Where the underlying filing is "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101-02 (9th Cir. 2016), the moving party must make a showing of "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178-79 (citation omitted).

The Ninth Circuit also recognizes that preventing the release of proprietary information and/or trade secrets is a compelling reason that overrides this strong presumption. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."). Examples of what might constitute a compelling reason to seal include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety,* 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2014 WL 6664621, at *1 (N.D. Cal. Nov. 24, 2014) (finding compelling reasons to seal "proprietary literature describing the structure, configuration, and

- 1 -

1    operation of the … technology"); *Guzik Tech. Enters., Inc. v. W. Digit. Corp.*, 2013 WL 6092852,

2    at *11-12 (N.D. Cal. Nov. 19, 2013) (granting motion to seal confidential information regarding the

3    plaintiff's technology where the disclosure of that information would harm the plaintiff's

4    competitive standing).

5    **II.    THERE ARE COMPELLING REASONS TO SEAL**

6        Anthropic respectfully requests that this Court seal the documents listed below because they

7    contain Anthropic's highly confidential and trade secret information such that the public disclosure

8    of this highly sensitive information would cause competitive injury to Anthropic. In making this

9    request, Anthropic has carefully considered the legal standard and sought to seal the narrowest

10    portions of documents on the public docket as possible, such that no less restrictive alternative to

11    sealing is available.

12        In particular, as set forth in the Gillotte Sealing Declaration, the information that Anthropic

13    seeks to seal comprises highly confidential and trade secret information regarding Anthropic's

14    internal business strategies and AI training processes, including competitively sensitive details

15    about the acquisition, development, training, and costs of Anthropic's models. Gillotte Sealing Decl.

16    ¶ 3.[1] This includes, for example, internal assessments of how Anthropic values different categories

17    and sources of data for model training. *Id.* ¶ 4.[2] Lastly, the information also reveals confidential

18    business strategies for the acquisition of content and the cost of acquiring content. *Id.* ¶ 5.[3] Anthropic

19    limits disclosure of this information. *Id.* ¶¶ 3-5.[4] Public disclosure would create a significant risk of

20    competitive harm for Anthropic because competitors could utilize it to modify their own business

21    strategies, methods of researching the value of different data types, and technical practices in order

22

23

---

24    [1] *See also* ECF Nos. 119-2 (3/27/2025 Declaration of Jared Kaplan in Support of Defendant

25    Anthropic PBC's Administrative Motion to Seal) ¶ 3, 137-1 (4/03/2025 Declaration of Jared
     Kaplan in Support of Defendant Anthropic PBC's Administrative Motion to Seal) ¶ 3, 146-1

26    (4/17/2025 Declaration of Jared Kaplan in Support of Defendant Anthropic PBC's Administrative
     Motion to Seal) ¶ 3.

27    [2] *See also* ECF Nos. 119-2 ¶ 4, 137-1 ¶ 4, 146-1 ¶ 4.

      [3] *See also* ECF Nos. 119-2 ¶ 7, 137-1 ¶ 7, 146-1 ¶ 7.
28
      [4] *See also* ECF Nos. 119-2 ¶¶ 3-8, 137-1 ¶¶ 3-8, 146-1 ¶¶ 3-7.

ANTHROPIC PBC'S MOTION TO SEAL                    No. 3:24-CV-05417-WHA

1    to gain a competitive advantage over Anthropic. *Id.*[5] Such harm could not be avoided by less

2    restrictive means than the narrowly tailored sealing of these documents.

3          Anthropic has also sought to seal the narrowest portions of this information as possible, and

4    Anthropic originally designated each of these documents and materials under the Protective Order.

5    It seeks to seal only the following information:

6

| Document | Portions to Seal |
|---|---|
| Anthropic's Reply in Support of Motion for Summary Judgment | Portions highlighted in **yellow** at 8:19, 12:15, 14:21-22 |
| Supplemental Declaration of Steven R. Peterson in Support of Anthropic's Motion for Summary Judgment | Portions highlighted in **yellow** at 2:27, 6:1-2, 6:19, 7:1, 7:10, 7:14-15, 7:20-22, 7:24-25, 10:12 |

14    **III.    CONCLUSION**

15          For the foregoing reasons, Anthropic respectfully requests that this Court grant this

16    administrative motion.

17

18    Dated: May 8, 2025                                        Respectfully submitted,

19                                                              **ARNOLD & PORTER KAYE SCHOLER LLP**

20                                                              By:  */s/ Douglas A. Winthrop*
                                                                   DOUGLAS A. WINTHROP
21

22                                                              *Attorneys for Defendant*
                                                              ANTHROPIC PBC
23

24

25

26

27

28
_____
[5] *See also* ECF Nos. 119-2 ¶¶ 3-8, 137-1 ¶¶ 3-8, 146-1 ¶¶ 3-7.

- 3 -

**CERTIFICATE OF SERVICE**

1

2    I am a resident of the State of California, over the age of eighteen years and not a party to

3    the within-entitled action; my business address is 3000 El Camino Real #500, Palo Alto, CA 94304.

4    On May 8, 2025, the foregoing **DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE**

5    **MOTION TO FILE DOCUMENTS UNDER SEAL.**, and exhibits thereto were electronically

6    served on the following:

7    Justin A. Nelson (*pro hac vice*)
     Alejandra C. Salinas (*pro hac vice*)
8    Collin Fredricks (*pro hac vice*)
     **SUSMAN GODFREY L.L.P**
9    1000 Louisiana Street, Suite 5100
     Houston, TX 77002-5096
10   Telephone: (713) 651-9366
     jnelson@susmangodfrey.com
11   asalinas@susmangodfrey.com
     cfredricks@susmangodfrey.com
12

13   Rohit D. Nath (SBN 316062)
     **SUSMAN GODFREY L.L.P**
14   1900 Avenue of the Stars, Suite 1400
     Los Angeles, CA 90067-2906
     Telephone: (310) 789-3100
15   RNath@susmangodfrey.com

16   Jordan W. Connors (*pro hac vice*)
     **SUSMAN GODFREY L.L.P**
17   401 Union Street, Suite 3000
     Seattle, WA 98101
18   Telephone: (206) 516-3880
     jconnors@susmangodfrey.com
19

20   J. Craig Smyser (*pro hac vice*)
     **SUSMAN GODFREY L.L.P**
21   One Manhattan West, 51st Floor,
     New York, NY 10019
     Telephone: (212) 336-8330
22   csmyser@susmangodfrey.com

23   Rachel Geman (*pro hac vice*)
     Wesley Dozier (*pro hac vice*)
24   Anna Freymann (*pro hac vice*)
     Jacob Miller (*pro hac vice*)
25   **LIEFF CABRASER HEIMANN
     & BERNSTEIN, LLP**
26   250 Hudson Street, 8th Floor
     New York, New York 10013-1413
27   Telephone: (212) 355-9500
     rgeman@lchb.com
28   wdozier@lchb.com
     afreymann@lchb.com

- 4 -
ANTHROPIC PBC'S MOTION TO SEAL                    No. 3:24-CV-05417-WHA

1    jmiller@lchb.com

2    Reilly T. Stoler (SBN 310761)
     **LIEFF CABRASER HEIMANN**
3    **& BERNSTEIN, LLP**
     275 Battery Street, 29th Floor
4    San Francisco, CA 94111-3339
     Telephone: (415) 956-1000
5    rstoler@lchb.com

6    Scott J. Sholder (*pro hac vice*)
     CeCe M. Cole (*pro hac vice*)
7    **COWAN DEBAETS ABRAHAMS**
     **& SHEPPARD LLP**
8    60 Broad Street, 30th Floor
     New York, New York 10010
9    Telephone: (212) 974-7474
     sshoulder@cdas.com
10   ccole@cdas.com

11
          I declare under penalty of perjury under the laws of the State of California and the United
12
     States of America that the foregoing is true and correct. Executed May 8, 2025 at Palo Alto,
13
     California.
14

15
                                                   */s/ Sherri Mills*
16                                           _____
                                                   SHERRI MILLS
17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

ANTHROPIC PBC'S MOTION TO SEAL                              No. 3:24-CV-05417-WHA