Justin A. Nelson*
Alejandra C. Salinas*
Collin Fredricks*
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
cfredricks@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Jordan W. Connors*
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser*
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com

*Proposed Co-Lead Counsel*

*(Pro Hac Vice)*

Rachel Geman*
Jacob S. Miller*
Danna Z. Elmasry*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
rstoler@lchb.com

*Proposed Co-Lead Counsel*

Scott J. Sholder*
CeCe M. Cole*
**COWAN DEBAETS ABRAHAMS & SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Additional Counsel for the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,

        Plaintiffs,

v.

ANTHROPIC PBC,

        Defendant.

Case No.  3:24-cv-05417-WHA

**PLAINTIFFS' OPPOSITION TO DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL [DKTS. 176 AND 179]**

Plaintiffs respectfully request an order (1) opening the May 15 class certification and May 23 summary judgment hearings to the public; and (2) unsealing the portions of the briefs underlying the motions for summary judgment (Dkt. Nos. 122, 164, 181) and class certification (Dkt. Nos. 125, 148, 172) that Anthropic seeks to seal on the ground that it contains information that Anthropic has designated confidential.[1] Anthropic's motions concern material relied upon in the parties' summary judgment and class certification briefs that is at the core of the case. In particular, Anthropic seeks to seal (1) the names of the books datasets it used to train its LLMs, and (2) the name of Plaintiffs' second proposed class and any reference to the underlying course of conduct. Anthropic's requests should be denied for two primary reasons.

*First*, Anthropic's requests should be denied because they will preclude public access to the May 15 and May 23 hearings. Access to these proceedings is a foundational public right. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("the public right of access to court documents is grounded on principles related to the public's right and need to access court proceedings"). As the Court emphasized at the March 25 discovery hearing, there is a presumption of public access to all proceedings, especially public access to summary judgment. *See* Dkt. 115. Anthropic's motions seek to seal information of core of relevance to these hearings (*e.g.* the entire factual predicate underlying a proposed classes' infringement claims) that will make public presentation impossible.[2] To furnish meaningful arguments to the Court on the merits of Anthropic's fair use defense and Plaintiffs' motion for class certification, the parties must refer to the full record of Anthropic's infringement. It would not be feasible to seal these hearings for particular issues. To maintain public access to these proceedings, Anthropic's motion must be denied.

*Second*, there are no compelling reasons to seal the material at issue and Anthropic has failed to identify "specific factual findings that outweigh the general history of access and the public policies favoring disclosure of court records, such as the public interest in understanding the judicial process." *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2015 WL 355496, at *1 (N.D. Cal. Jan. 27,

---

[1] Plaintiffs take no position on material designated as confidential by Harper Collins. To the extent Anthropic material is unsealed in the briefs, Plaintiffs believe the underlying exhibit should similarly be unsealed.

[2] Indeed, the breadth of Anthropic's designations make it difficult to even write this opposition without disclosing information it has designated confidential.

PLAINTIFFS' OPPOSITION TO ANTHROPIC'S
ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
[DKTS. 176, 179]

2015) (quoting *Kamakana*, 447 F.3d at 1178–79). The internal Anthropic documents at issue are not commercially sensitive and largely reflect the information alleged in Plaintiffs' complaint. *See* Dkt. 70 ¶¶ 56-62. For example, there is no compelling reason to seal the names of pirated databases Anthropic used for training (particularly any datasets they claim to no longer use for LLM training). *See, e.g.*, Dkt. 148 at 9.[3] Nor is there a compelling reason to seal the name of one of Plaintiffs' proposed classes, or references to the underlying infringing conduct that defines that class. *Id.* at 5. This information is of core relevance and bears directly on "the public's understanding of the judicial proceedings in this action." *Roberts v. Bloom Energy Corp.*, 2020 WL 6162117, at *4 (N.D. Cal. Oct. 21, 2020).

Though Anthropic may face public embarrassment in connection with some of the sources it tapped for training material, that is not a basis to seal this information. *See Kamakana*, 447 F.3d at 1179 ("the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). This is particularly true given that the motions for summary judgment and class certification are "strongly correlative to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *see also id.* at 1099-1100 (explaining that the presumption of disclosure is more difficult to overcome the more the motions at issue correlate to the merits of the case). Anthropic brought an early motion for summary judgment and cannot now keep the details of their infringement sealed. *Id.* (noting that the presumption of disclosure is strongest at summary judgment).

For these reasons, Anthropic has not met its burden. Plaintiffs request that the Court allow the May 15 and 23 hearings to be open to the public, unseal both parties' briefs.

Dated: May 12, 2025                    Respectfully submitted,

                                       By:  */s/ Rachel Geman* _____

---

[3] Plaintiffs contest this conclusion, but Anthropic's position is clear.

Rachel Geman*
Jacob S. Miller*
Danna Z. Elmasry*
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
rstoler@lchb.com

By: */s/ Justin Nelson*
_____

Justin A. Nelson*
Alejandra C. Salinas*
Collin Fredricks*
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
cfredricks@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Jordan W. Connors*
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser*
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019

1    Telephone: (212) 336-8330
     csmyser@susmangodfrey.com
2
     By:  /s/ Scott Sholder
3

4    Scott J. Sholder*
     CeCe M. Cole*
5    **COWAN DEBAETS ABRAHAMS
     & SHEPPARD LLP**
6    60 Broad Street, 30th Floor
     New York, New York 10010
7    Telephone: (212) 974-7474
     ssholder@cdas.com
8    ccole@cdas.com

9    *Attorneys for Plaintiffs and the Proposed Classes*
     *(Pro Hac Vice)*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO ANTHROPIC'S
                                                              ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
                                                              [DKTS. 176, 179]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 12, 2025, a true and correct copy of the foregoing was electronically filed and served electronically via the Court's CM/ECF system, which will automatically serve notice to all registered counsel of record.

*/s/ Rachel Geman*
Rachel Geman