UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-CV-05417-WHA |

DECLARATION OF TRINA HUNN

Trina Hunn declares as follows under 28 U.S.C. § 1746:

1. I am Vice President/Associate General Counsel of Non-Party HarperCollins Publishers LLC ("HarperCollins").

2. HarperCollins has been informed that Defendant Anthropic PBC ("Defendant") relied on documents and information produced by HarperCollins in their Reply in Support of its Motion for Summary Judgment and supporting papers (Dkt No. 181).

3. In its Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 180), Defendant identified five instances of Defendant relying on documents or information produced by HarperCollins in response to a subpoena served by Plaintiffs that HarperCollins has designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Stipulated Protective Order (With Conditions) (Dkt. 63). First, Defendant relies on "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information in the text of Defendant's May 8, 2025 Reply in Support of Motion for Summary Judgment (ECF No. 181 at 12:9-11) ("Reply Br."). Second, Defendant relies on such information in the text of the May 8, 2025 Supplemental Declaration of Steven R. Peterson in Support of Defendant

Anthropic PBC's Motion for Summary Judgment (ECF No. 181-1 ¶ 11) ("Peterson Dec."). Finally, they May 8, 2025 Declaration of Douglas A. Winthrop in Support of Defendant Anthropic PBC's Reply in Support of Motion for Summary Judgment (ECF No. 181-2) ("Winthrop Dec.") attaches three exhibits, Exhibits 47-49 (ECF No. 181-1 at Exs. 47-49) which are comprised of documents produced by HarperCollins. We refer to the references to HarperCollins information in the Reply Br. and the Peterson Dec as well as the three HarperCollins documents attached as exhibits to the Winthrop Dec. as the "HarperCollins Highly Confidential Information." The HarperCollins Highly Confidential Information—including the name of the counterparty to an agreement referenced in the HarperCollins Highly Confidential Information—is highly confidential. As such, any reference to the HarperCollins Highly Confidential Information (and the counterparty)—including in the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed—should be redacted and the HarperCollins Highly Confidential Information should be filed under seal.

4. I write now, under Civil L.R. 79-5(f)(3), to offer this declaration in support of the request to file the HarperCollins Highly Confidential Information under seal due to the highly confidential nature of the documents and the harm that disclosure of the contents of the documents would cause.

5. The HarperCollins Highly Confidential Information refers to the contents of and the negotiation of a data access and delivery agreement (the "Agreement") between HarperCollins and an undisclosed technology company. The Agreement and the discussions that led to the execution of the Agreement ███████████████████████████████████████████████████████████████ Given the sensitive nature of the Agreement, HarperCollins only produced the Agreement and emails where the terms of the Agreement were negotiated based on the Plaintiff's representation and agreement that the documents would be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and would accordingly receive the protection of the Stipulated Protective Order (Dkt. 63, the "Protective Order").

6. In my position as Vice President/Associate General Counsel, I have direct personal knowledge of the HarperCollins Highly Confidential Information, including the Agreement and communications negotiating the Agreement. The HarperCollins Highly Confidential Information has received highly confidential treatment throughout its creation and implementation. The HarperCollins Highly Confidential Information contains information which HarperCollins ███████████████████████████████████ Specifically, I am aware that HarperCollins has an express and legitimate interest in keeping the HarperCollins Highly Confidential Information confidential, ███████████████████████████████████
███████████████████████████████████

7. An Order was issued on April 29, 2025 in *Kadrey, et al., v. Meta Platforms, Inc.,* Case No. 23-cv-03417-vc (N.D. Cal 2023) (the "Meta Action") at Meta Action ECF. No. 570 (attached hereto as Exhibit 1), on an administrative motion regarding whether HarperCollins' material produced pursuant to a protective order should be sealed. In that case, the court found that HarperCollins' confidential documents, such as the Agreement and the identities of parties negotiating and engaging in licensing deals shall remain sealed and redacted and granted the motion to seal HarperCollins' documents.

8. In the United States Court of Appeals for the Ninth Circuit, courts must apply one of two legal standards to determine whether documents should be filed under seal, either the "good cause" standard or the "compelling reason" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). The former standard is applied in non-dispositive motions and the latter is applied in dispositive motions. *Kamakana*, 447 F.3d at 1179-1180. The "compelling reason" standard considers whether there are any "'compelling reasons' sufficient to outweigh the public's interest in disclosure" which this court found includes "confidential business and proprietary information." *Id.* and *DSS Tech. Mgmt. v. Apple,* No. 14-cv-05330-HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), aff'd, 845 F. App'x 963 (Fed. Cir. 2021). Another "compelling reason" justifying filing documents under seal is to protect trade secrets. *Kamakana,* 447 F.3d at 1179.

9. Given that the Defendant intends to file the HarperCollins Highly Confidential Information with its Reply in Support of its Motion for Summary Judgment and supporting papers, the "compelling reason" standard applies here. *Id.*

10. The HarperCollins Highly Confidential Information and any references to the HarperCollins Highly Confidential Information should be sealed for two "compelling reasons." *Id.* First, the HarperCollins Highly Confidential Information contains confidential business information, ████████████████████████████████████████████████████████████████████████████████████████ The disclosure of the confidential business information in the HarperCollins Highly Confidential Information would cause harm to HarperCollins that outweighs the public's interest in the disclosure, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Further, confidential internal business information contained in the HarperCollins Highly Confidential Information such as ████████████████████████████████████████████████████████████████████████████████ Next, the specific terms of the Agreement also reveal HarperCollins' trade secrets which HarperCollins conceals from its competitors in the industry. Disclosure of the negotiations of the Agreement will ████████████████████████████████████████████████████████████████████████████████████████

11. Further, per Civil L.R. 79-(c)(1)(iii), there are no practicable less restrictive alternatives to sealing (such as redaction of certain portions) that will adequately protect HarperCollins. The entirety of the HarperCollins Highly Confidential Information is sensitive

and revealing. HarperCollins will experience harm if any specific negotiations and even basic details of the Agreement are disclosed. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇

12.  Also, the HarperCollins Highly Confidential Information was the subject of an administrative motion in *Kadrey, et al., v. Meta Platforms, Inc.*, Case No. 23-cv-03417-vc (N.D. Cal 2023), where the *Kadrey* Court ultimately decided that HarperCollins' material produced pursuant to a protective order should be protected and be filed under seal. Specifically, the court granted the motion to seal references to "the names of other parties engaged in licensing deals." *Id.* at ECF. No. 570.

13.  Accordingly, the HarperCollins Highly Confidential Information deserves protection pursuant to Civil L.R. 79-5 and the Protective Order, and HarperCollins hereby respectfully requests that Exhibits 47-49 be filed under seal, and any reference to those exhibits be redacted to prevent the disclosure of the negotiations and content of the Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 15, 2025
New York, New York

*Trina Hunn* (signature)

Trina Hunn