**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**SUSMAN GODFREY**

May 16, 2025

**VIA ECF**

Judge William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

> RE:  *Bartz, et. al. v. Anthropic PBC*, Case Number 3:24-CV-05417 (N.D. Cal.): Plaintiffs' Response to Court's Question at Class Certification Hearing

Dear Judge Alsup:

Plaintiffs Andrea Bartz, Andrea Bartz, Inc., Charles Graeber, Kirk Wallace Johnson, and MJ+KJ, Inc., submit this letter in response to the Court's request at yesterday's Class Certification Hearing for Plaintiffs' views on the following proposition:

> If there is a bifurcation of legal and beneficial ownership with respect to a particular copyrighted work, and if, e.g., the beneficial owner sues for infringement and wins a judgment for statutory damages, may the legal owner bring a subsequent suit for damages against the same defendant for the same infringement?

*See* Tr. of May 15, 2025 Hearing at 48-50.

The answer is no. This conclusion follows mechanically from the text of the statutory damages provision, which limits statutory damages to "*an*" award—i.e. a singular award—"for all infringements involved in the action with respect to any one work." 17 U.S.C. § 504(c). So while the legal owner could pursue any claim for their share of the award by bringing suit against the beneficial owner, it could not sue Anthropic for duplicate damages on the same copyright infringement.

A dearth of case law addressing the Court's hypothetical underscores the rarity of the situation. But as the Patry treatise explains regarding suits by co-owners (a similar though not identical context):

> [I]f X, a co-owner sues and obtains an award of $100,000 in statutory damages, does he or she receive $100,000 from defendant or only $50,000? In *Manno v. Tennessee Production Center, Inc.*, a magistrate judge held that plaintiff was limited to recovering only her 50% proportional share of statutory damages. This was erroneous. *It is true that defendant will be liable for only one award and that plaintiff is entitled, ultimately to her proportional share, but neither of these factors dictate that the other co-owner must begin a separate action to collect his or her 50% share, nor that defendant, who has been found guilty of infringement, should be permitted to avoid paying the full amount until the other co-owner does so.*

3238857.1

Judge William H. Alsup
May 16, 2025
Page 2

*Joint or several recovery for statutory damages?* 6 *Patry on Copyright* § 22:198.50 (emphasis added).[1]

So too here. Plaintiffs are limited to a single recovery from Anthropic for the infringement of a given work, and any *post hoc* allocation questions would be sorted out among the parties with an interest in that work.

Even if allocation issues arise during claims administration, these issues are no bar to class certification here. Allocation is a typical feature of the claims administration process and need not involve Anthropic. Given the litany of central, common questions—including the question of whether Anthropic's copying was fair use—any assumptions about disputes that may arise during claims administration should not bar class certification. *See United Steel Workers v. Conoco-Phillips Co.*, 593 F.3d 802, 810 (9th Cir. 2010) ("What a district court may not do is to assume, arguendo, that problems will arise, and decline to certify the class on the basis of a mere potentiality that may or may not be realized.").

Respectfully Submitted,

LIEFF CABRASER HEIMANN        SUSMAN GODFREY LLP
& BERNSTEIN, LLP


/s/ *Rachel Geman*                         /s/ *Justin Nelson*
Rachel Geman                                Justin Nelson

---

[1] *Kamakazi Music Corp. v. Robbins Music Corp.*, 534 F. Supp. 69, 75 (S.D.N.Y. 1982), cited by the Patry treatise, concerned a situation in which a loan-out company, a beneficial owner, and a licensee sued an infringer but each sought to recover for infringements of *different* rights under the copyright act. *See id.* ("There is nothing that can be discerned in the statutory scheme to require that recovery by one owner of a *particular* exclusive right precludes the recovery for infringement by the owner of *another* exclusive right, as long as the infringer's liability on these statutory damages does not exceed the maximum amount provided in Section 504(c) with the limitation that the minimum amount remains that specified in Section 504(c)." (emphasis added)).