DOUGLAS A. WINTHROP (Bar No. 183532)
Douglas.Winthrop@arnoldporter.com
JOSEPH FARRIS (Bar No. 263405)
Joseph.Farris@arnoldporter.com
JESSICA L. GILLOTTE (Bar No. 333517)
Jessica.Gillotte@arnoldporter.com
ESTAYVAINE BRAGG (Bar No. 341400)
Estayvaine.Bragg@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:   (415) 471-3100
Facsimile:   (415) 471-3400

MARK LEMLEY
mlemley@lex-lumina.com
**LEX LUMINA LLP**
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (213) 600-6063

ANGEL T. NAKAMURA (Bar No. 205396)
Angel.Nakamura@arnoldporter.com
OSCAR RAMALLO (Bar No. 241487)
Oscar.Ramallo@arnoldporter.com
ALLYSON MYERS (Bar No. 342038)
Ally.Myers@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:   (213) 243-4000
Facsimile:   (213) 243-4199

JOSEPH R. WETZEL (Bar No. 238008)
joe.wetzel@lw.com
ANDREW M. GASS (Bar No. 259694)
andrew.gass@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:   (415) 391-0600
Facsimile:   (415) 395-8095

*Attorneys for Defendant* ANTHROPIC PBC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-CV-05417-WHA<br><br>Action Filed: August 19, 2024<br><br>**DEFENDANT ANTHROPIC PBC'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Honorable William H. Alsup |

Defendant Anthropic PBC ("Anthropic") submits this Supplemental Brief at the request of the Court at oral argument on May 15, 2025. The Court inquired as to case law on the effect on Anthropic if one legal or beneficial owner of a copyright in a work is included in one of the proposed classes and another legal or beneficial owner outside of the class later sues Anthropic for the same activity.

Although there is little case law in this area given the dearth of copyright class actions in which classes actually have been certified, there is authority for the proposition that the legal and beneficial owners in a copyright each can recover, in separate actions, for the same infringement. *See Kamakazi Music Corp. v. Robbins Music Corp.,* 534 F. Supp. 69 (S.D.N.Y. 1982). In *Kamakazi Music Corp. v. Robbins Music Corp.*, Barry Manilow had transferred the copyrights in his musical compositions to a wholly owned loan-out company, Kamakazi Music Corp. ("Kamakazi"), in exchange for royalties. *Id.* at 73, 75. Kamakazi, the "duly registered owner of the copyrights," then licensed the right to publish the compositions to Warner Bros. Publications, Inc. ("Warner"). *Id.* at 73. Kamakazi had previously licensed those rights to Robbins Music Corp. ("Robbins"). *Id.* When that license expired and Robbins continued to publish the music beyond the term of the license, Kamakazi, Manilow, and Warner brought an action against Robbins pursuant to the terms of the license from Kamakazi to Robbins. *Id.* Robbins successfully moved Kamakazi's claim to arbitration. *Id.* The arbitrator awarded Kamakazi statutory damages under the Copyright Act. *Id.* Robbins subsequently moved to dismiss Manilow's and Warner's copyright claims for damages based on the statutory damages *already* awarded by the arbitrator to Kamakazi. *Id.* at 73-78. Viewing Kamakazi's legal rights in the musical compositions as distinct from Manilow's and Warner's beneficial rights, the court denied the motion, holding that "[t]here is nothing that can be discerned in the statutory scheme to require that recovery by one owner of a particular exclusive right precludes the recovery for infringement by the owner of another exclusive right, as long as the infringer's liability on these statutory damages does not exceed the maximum amount provided in Section 504(c) . . . ." *Id.* at 75.

While *Kamakazi Music Corp.* addresses only statutory damages, it is also equally possible that Anthropic could pay statutory damages in this case and remain exposed to liability for actual

damages in a separate case brought by another rightsholder. In *Reservoir Media Mgmt., Inc. v. Craze Prods.*, the court noted that "[i]t is an open question whether a copyright holder's election to recover the equivalent of actual damages and profits, rather than statutory damages under the Copyright Act, also precludes a separate copyright holder from later pursuing statutory damages for infringement of the same 'work.'" 2015 WL 5692105 , at *7 (S.D.N.Y. Sept. 28, 2015). Thus, Anthropic could very well face the risk of copyright damage claims by non-class members that assert infringement of a copyright that ostensibly was included in, and infringement of which was resolved by, a class action judgment.

Dated: May 16, 2025                    Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By:  */s/ Douglas A. Winthrop*
        DOUGLAS A. WINTHROP

*Attorneys for Defendant*
ANTHROPIC PBC

# CERTIFICATE OF SERVICE

I, Douglas A. Winthrop, am the ECF user whose identification and password are being used to file the foregoing **DEFENDANT ANTHROPIC PBC'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO MOTION FOR CLASS CERTIFICATION.**

Dated: May 16, 2025

/s/ *Douglas A. Winthrop*