Justin A. Nelson*
Alejandra C. Salinas*
Collin Fredricks*
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
cfredricks@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Jordan W. Connors*
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser*
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com

*Attorneys for Plaintiffs and the Proposed
Classes*

*(Pro Hac Vice)*

Rachel Geman*
Jacob S. Miller*
Danna Z. Elmasry*
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
rstoler@lchb.com

Scott J. Sholder*
CeCe M. Cole*
**COWAN DEBAETS ABRAHAMS
& SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
ssholder@cdas.com
ccole@cdas.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ET AL., | Case No. 3:24-cv-05417-WHA |
| Plaintiffs, | **PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING CLASS DEFINITION AND NOTICE (DKT. 199)** |
| v. | |
| ANTHROPIC PBC, | |
| Defendant. | |

1    **I.        The Court's Proposed Class Definitions Satisfy Rule 23.**

2              The Court's proposed class definitions comply with Rule 23 and are objectively defined.

3    Plaintiffs understand the terms in the Court's proposed classes as follows:  (1) **"Registered**

4    **owners"** refers to owners of a registered copyright who are listed on the copyright registration

5    maintained by the United States Copyright Office. The registered owner is typically listed as the

6    "copyright claimant" on a registration certificate; (2) **"Books3, PiLiMi, or LibGen"** refers to the

7    versions of those datasets that Anthropic downloaded; (3) **"Scanned List"** refers to the list of

8    books purchased and scanned as part of Anthropic's Books Scanning Project. *See* Dkt. No. 125-

9    12 (Ex. 30) (named plaintiff registrations); Dkt. No. 125-6 (Zhao Decl.) ¶¶ 42–68.

10             These class definitions encompass all of the named Plaintiffs' asserted works in this case,

11   though not every single one of the named Plaintiffs. *See* Dkt. No. 125-12 (Ex. 30) (named

12   plaintiff registrations).  Three named Plaintiffs—Andrea Bartz's loan-out company (Andrea

13   Bartz, Inc.), Kirk Wallace Johnson's loan-out company (MJ+KJ, Inc.), and Charles Graeber—are

14   registered owners of asserted works and therefore in the Court's proposed definitions. Named

15   plaintiffs Ms. Bartz herself and Mr. Johnson himself are not within the Court's proposed

16   definitions, as they are not the listed as copyright claimant on the current registration certificate.

17   But for each named Plaintiffs' asserted work, either the author or his or her loan-out company is

18   the registered owner of the relevant work. *See id.*

19   **II.       Minor Modifications to the Court's Definitions Add Clarity and Conform to Statute.**

20             Plaintiffs offer four revisions to the Court's definitions.

21             ***First***, the Court should consider limiting the definitions to encompass: (1) only works

22   where the copyrights were registered with the United States Copyright Office within five years of

23   the work's publication, *see* 17 U.S.C. § 410(c), and (2) of those works, only those where the work

24   was registered before Anthropic either downloaded / scanned the work or within three months of

25   publication, *see* 17 U.S.C. § 412. Registrations for works that fit the first limitation usually enjoy

26   a presumption of ownership and validity, and works that fit the second limitation are eligible for

27   statutory damages. These limitations correspond to parts (a) and (b) of Plaintiffs' proposed class

28   definitions, *see* Pls. Mtn. ISO Class Cert., Dkt. No. 121, at 1, and these dates are present on the

face of the copyright registrations, *see, e.g.,* Dkt. No. 125-12 (Ex. 30).

    **Second**, Plaintiffs believe that the Court should limit "books" to works with an ISBN or ASIN. This is not necessary, but will aid in notice and identification of class works in Anthropic's metadata.  ISBNs are also listed on copyright registrations, further aiding in identification and notice. This limitation corresponds to part (c) of Plaintiffs' proposed class definitions. *See* Pls. Mtn. ISO Class Cert., Dkt. No. 121, at 1.

    **Third,** the definitions should not reference the right "to prepare derivative works." Dkt. No. 199. Plaintiffs' infringement claims are predicated on Anthropic's unauthorized reproduction (17 U.S.C. § 106(1)); Plaintiffs are not alleging infringement by Anthropic of any right to prepare derivative works (*id.* at § 106(2)).  *See* Tr. of May 15, 2025 Hearing at 14-22, 25-27, 29-32, 40-41; "AI Licensing for Authors: Who Owns the Rights and What's a Fair Split?," *Authors Guild* (Dec. 12, 2024), https://authorsguild.org/news/ai-licensing-for-authors-who-owns-the-rights-and-whats-a-fair-split/. Anthropic's own expert admits that the authors and publishers appear to agree that the authors have the right to license for AI training. *See* Peterson Decl. at ¶ 50.

    **Fourth**, the Court should exclude the term "generic copyright," as the term is not in the statute or used in the industry. Similarly, the phrase "the right to copy and reproduce," while the right at issue in this case (17 U.S.C. § 106(1)), is unnecessary because there is a single registration and a single copyright in each work. *See* 3 Nimmer on Copyright § 10.02 (2025) ("there is but one copyright in a work regardless of whether and how many exclusive licenses of particular rights thereunder have been granted"). Plaintiffs had proposed definitions that included all "legal or beneficial owners" in order to mirror the language in the statute regarding which owners may sue, *see* 17 U.S.C. § 501(b); that language would also satisfy Rule 23. *See* Dkt. Nos. 121, 172.

    With these clarifications, the Modified Classes appear as follows:

    (1)    All registered owners of a copyright for any book included in the versions of Books3, PiLiMi, or LibGen downloaded by Anthropic. "Book" refers to any work possessing an ISBN or ASIN which was registered with the United States Copyright Office within five years of the work's publication and which was registered with the United States Copyright Office

1    before being downloaded by Anthropic, or within three months of publication.

2        (2)    All registered owners of a copyright for any book included in the list of books

3    purchased and scanned as part of Anthropic's Book Scanning Project. "Book" refers to any work

4    possessing an ISBN or ASIN which was registered with the United States Copyright Office

5    within five years of the work's publication and which was registered with the United States

6    Copyright Office before being scanned by Anthropic, or within three months of publication.

7    **III.**    <u>**Notice to Class Members Is Practicable.**</u>

8        Rule 23 requires "the best notice that is practicable under the circumstances" *In re Apple*

9    *Inc. Device Performance Litig.*, 50 F.4th 769, 779 (9th Cir. 2022) (cleaned up). Here, practicable

10    notice can issue to the Proposed Classes via a targeted notice plan taking advantage of the best

11    methods to contact copyright owners—direct electronic notice facilitated by trade groups and

12    publishers—and additional publication notice and a searchable website.

13        ***First,*** the Court should revise the notice procedure to clarify that the claims of any owners

14    who are not listed on the registrations are *not* extinguished for failure to amend their registrations.

15    As noted in Plaintiffs' filing regarding the Court's question on double recovery, there is no risk of

16    double recovery as any legal or beneficial owners not reflected on the registration could seek their

17    fair share from the recovering registered owner. *See* Dkt. 200.

18        ***Second***, there is a high probability that targeted notice would reach more than eighty

19    percent of the proposed Classes—especially when facilitated by publishers, trade groups, and

20    other organizations. *See* Federal Judicial Center, Judges' Class Action Notice and Claims Process

21    Checklist & Plain Language Guide 3 (2010) ("It is reasonable to reach between 70–95%."). The

22    publishing industry is highly concentrated. The Association of American Publishers (AAP) alone

23    has 140 publishers (who in turn cover the vast majority of books), *see* https://publishers.org/who-

24    we-are/our-members/; publishers who are members of the Independent Book Publishers

25    Association (IBPA), *see* https://www.ibpa-online.org/page/membership, and Copyright Clearance

26    Center (CCC) likely cover any remaining. Within these umbrella groups, the Big Five publishers

27    account for 80 percent of trade book market, https://wordsrated.com/the-big-five-publishers-

28    statistics/. Authors' trade groups are similarly concentrated through the Authors Guild (with over

16,000 members), and genre-focused authors' groups with direct reach to more than 50,000 authors through their websites, newsletters, email lists, and social media channels. The Authors Guild sends communications to approximately 280,000 addresses electronically. These organizations have an established track record of facilitating notice for large copyrights class actions. *See In re Napster, Inc. Copyright Litig.*, No. c-mdl-00-1369 (N.D. Cal.), Dkt. 1304 ¶¶ 13–14 (notice sent to 8,000 "Top Publishers" on Harry Fox Agency's list and posted on the agency and trade association's websites). Plaintiffs have conferred with notice administrators to confirm that high-reach electronic notice is also practicable here.

**Third**, electronic notice best reflects how authors work, communicate, and receive important copyright information, including royalty statements. Mailed notice used to be called the gold standard. But, like gold, mailed notice is now unduly expensive, rarely used, and surpassed by more efficient and cost-effective alternatives. That is why Rule 23 directs courts and counsel to "employ new technology to make notice more effective." *See* 2018 Advisory Committee Notes. *See, e.g., In re Facebook Internet Tracking Litig.*, No. 5:12-MD-02314-EJD, 2022 WL 16902426, at *5 (N.D. Cal. Nov. 10, 2022), *aff'd sub nom.* 2024 WL 700985 (9th Cir. Feb. 21, 2024) ("direct email notice" is the "best notice practicable and reasonably calculated to apprise Class Members"). Here, electronic notice will reach more Class members and be more effective than spending millions of dollars on first-class mailed notice. That notice will be amplified by the huge press coverage and intense author interest in this case. Any mailing addresses maintained by the Copyright Office website for Class works from after 1978, which Plaintiffs can supplement information for pre-1978 works or outdated addresses through industry outreach to publishers and trade groups as set out above, can be converted to more-effective email addresses using class notice administrator databases.

**Fourth**, a searchable notice website listing all pirated and scanned books used by Anthropic by author, title, and IBSN or ASIN is practical and effective. To the extent Anthropic argues any metadata is incorrect or missing, the methods deployed by Anthropic in its ordinary course of business (*see* Dkt. 191-3 (testifying to a lookup database)) or the Zhao method (*see* Dkt. 125-6), can be used to confirm the presence of a given book in Anthropic's datasets, including by

1    comparing against the actual training datasets themselves.

2    **IV.    <u>Conclusion.</u>**

3         Because a class certification order "may be altered or amended before final judgment,"

4    Fed. R. Civ. P. 23(c)(1)(C), the Court has broad discretion to change the Proposed Classes now,

5    or certify Plaintiffs' proposed classes and make changes later.  For any class, ownership is

6    ascertainable based on the copyright registration. In the rare event that an ownership dispute

7    occurs, that dispute will turn on the written contract transferring rights between the parties. *See* 17

8    U.S.C § 204(a) (valid transfers of copyright ownership must be in writing). Class member

9    identification here will be no more difficult than any other action where courts, Rule 53 special

10    masters, or class action administrators routinely determine the owner of the legal claim at issue

11    based on objective criteria.  Addressing these issues in one fell swoop is a feature, not a bug of

12    the class action device.  As courts have noted in vastly larger consumer cases, "the more

13    claimants there are, the more likely a class action is to yield substantial economies in litigation."

14    *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013).

15

16

17    Dated: May 20, 2025                    Respectfully submitted,

18                                    By:  */s/ Rachel Geman* _____

Rachel Geman*
Jacob S. Miller*
Danna Z. Elmasry*
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
rstoler@lchb.com

By:  */s/* _____

Justin A. Nelson*
Alejandra C. Salinas*
Collin Fredricks *
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
cfredericks@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Jordan W. Connors*
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser*
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330

PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING
CLASS DEFINITION AND NOTICE (DKT. 199)
CASE NO. 3:24-CV-05417-WHA

csmyser@susmangodfrey.com

By: /s/ _____

Scott J. Sholder*
CeCe M. Cole*
**COWAN DEBAETS ABRAHAMS**
**& SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Classes*
*\*(Pro Hac Vice)*

PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING
CLASS DEFINITION AND NOTICE (DKT. 199)
CASE NO. 3:24-CV-05417-WHA