| | |
|---|---|
| Justin A. Nelson *(Pro Hac Vice)*<br>Alejandra C. Salinas *(Pro Hac Vice)*<br>Collin Fredricks *(Pro Hac Vice)*<br>**SUSMAN GODFREY L.L.P.**<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002-5096<br>Telephone: (713) 651-9366<br>jnelson@susmangodfrey.com<br>asalinas@susmangodfrey.com<br>cfredricks@susmangodfrey.com | Rachel Geman *(Pro Hac Vice)*<br>Jacob S. Miller *(Pro Hac Vice)*<br>Danna Z. Elmasry *(Pro Hac Vice)*<br>**LIEFF CABRASER HEIMANN**<br>**& BERNSTEIN, LLP**<br>250 Hudson Street, 8th Floor<br>New York, New York 10013-1413<br>Telephone: (212) 355-9500<br>rgeman@lchb.com<br>jmiller@lchb.com<br>delmasry@lchb.com |
| Rohit D. Nath (SBN 316062)<br>**SUSMAN GODFREY L.L.P.**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-2906<br>Telephone: (310) 789-3100<br>RNath@susmangodfrey.com | Daniel M. Hutchinson (SBN 239458)<br>Reilly T. Stoler (SBN 310761)<br>**LIEFF CABRASER HEIMANN**<br>**& BERNSTEIN, LLP**<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>dhutchinson@lchb.com<br>rstoler@lchb.com |
| Jordan W. Connors *(Pro Hac Vice)*<br>**SUSMAN GODFREY L.L.P.**<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 516-3880<br>jconnors@susmangodfrey.com | *Proposed Co-Lead Counsel* |
| J. Craig Smyser *(Pro Hac Vice)*<br>**SUSMAN GODFREY L.L.P.**<br>One Manhattan West, 51st Floor,<br>New York, NY 10019<br>Telephone: (212) 336-8330<br>csmyser@susmangodfrey.com | Scott J. Sholder *(Pro Hac Vice)*<br>CeCe M. Cole *(Pro Hac Vice)*<br>**COWAN DEBAETS ABRAHAMS**<br>**& SHEPPARD LLP**<br>60 Broad Street, 30th Floor<br>New York, New York 10010<br>Telephone: (212) 974-7474<br>sshoulder@cdas.com<br>ccole@cdas.com |
| *Proposed Co-Lead Counsel* | *Additional Counsel for the Class* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendants. | Case No.: 3:24-cv-05417-WHA<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Under Civil Local Rules 7-11 and 79-5, Plaintiffs move to maintain under seal minimal portions of documents that are the subject of Anthropic's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 147). Plaintiffs have significantly pared down this sealing request. While plaintiffs previously requested retaining these documents under seal entirely, Plaintiffs now only request redactions of the yellow highlighted portions. Specifically, Plaintiffs seek to seal a single reference to a Plaintiff's Employer Identification Number ("EIN") and the exact dollar amounts of advances and payments in Plaintiffs' publishing and licensing agreements.

## I. LEGAL STANDARD

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). "Filings that are only tangentially related to the merits may be sealed upon a lesser showing of 'good cause.'" *Dekker v. Vivint Solar, Inc.*, 2022 WL 1422565, at *1 (N.D. Cal. May 5, 2022) (*citing id.* at 1097).

## II. PLAINTIFFS' REASONS FOR SEALING

Plaintiffs' proposed narrowed sealing is warranted for at least two reasons.

***First***, Plaintiffs seek to seal highly sensitive personally identifiable information and the monetary terms of highly confidential publishing and licensing agreements. Courts routinely hold that certain financial information—in this case a specific payment term—warrants sealing. *See, e.g.*, *Pryor v. City of Clearlake,* 2012 WL 3276992, at *4-5 (N.D. Cal. Aug. 9, 2012) (granting motion to seal a party's personal financial information, including information about the party's salary); *Dangaard v. Instagram, LLC*, 2023 WL 6851697, at *3 (N.D. Cal. Oct. 17, 2023) ("dollar amounts that are specific terms of contractor agreements usually kept confidential may also be redacted, but only the numbers"). Additionally, an employee identification number is paradigmatic of highly personal information. *See UnifySCC v. Cody*, 2023 WL 7170265, at *1

(N.D. Cal. Oct. 30, 2023) (granting a motion to seal "because employee identification numbers are personally identifying information that can be used to obtain other sensitive information"). Plaintiffs have a legitimate privacy interest in redacting private financial information. For an EIN, the disclosure of this information could put the Plaintiff at risk of potential fraud. For dollar amounts, disclosure could impact Plaintiffs' ability to negotiate for advances in future contracts. Moreover, this updated request is narrowly tailored because there are only a few lines in a limited number of documents with specific dollar amounts that require any redaction at all. There is no less restrictive alternative because the redactions are limited to the dollar amounts and the EIN. Notably, Plaintiffs do not seek to seal *any* part of Anthropic's class certification opposition brief (or, indeed, any of its briefing or substantive declarations).

***Second***, the information Plaintiffs seek to seal has nothing to do with any Rule 23 issue and would therefore not in any way limit the public's ability to evaluate the merits of the parties' arguments for and against class certification. The exact amount of a book advance or an EIN has nothing to with Anthropic's admittedly common book acquisition and book use practices, and nothing to do with class notice or class member identification. Anthropic generally cites these documents in support of its arguments regarding copyright ownership. Dkt. 146-7 at 3-6. Neither the EIN nor the dollar amounts relate to this issue.

Thus, Plaintiffs' narrowly-tailored request should be granted because it is limited to highly sensitive personal information about compensation and is not in any way related to the merits of the motion in which the information was included. For the Court's convenience, the proposed information to be sealed is below.[1]

| ECF | Document | Portions to Seal |
| --- | --- | --- |
| 147-2 | Ex. 5, Publishing Agreement, marked as BARTZ000004755-4782 | Portions highlighted in yellow on pages 2 and 5 |
| 147-3 | Ex. 6, Publishing Agreement, marked as BARTZ000003427-3454 | Portions highlighted in yellow on page 3 |

---

[1] The proposed portions to seal and corresponding Bates numbers for each page can be found in the Declaration of Jacob S. Miller in Support of Plaintiffs' Administrative Motion to File Under Seal.

| ECF | Document | Portions to Seal |
|---|---|---|
| 147-4 | Ex. 7, Publishing Agreement, marked as BARTZ000005288-5307 | Portions highlighted in yellow on pages 2 and 4. |
| 147-5 | Ex. 9, Option/Purchase Agreement, marked as BARTZ000003547-74 | Portions highlighted in yellow on pages 2-6, 14, 23 |
| 147-11 | Ex. 17, Publishing Agreement, marked as BARTZ000000207-24 | Portions highlighted in yellow on page 3. |
| 147-12 | Ex. 18, Publishing Agreement, marked as BARTZ000000225-41 | Portions highlighted in yellow on pages 3 and 4 |
| 147-16 | Ex. 22, Modification of Option/Purchase Agreement, marked as BARTZ000004621-72 | Portions highlighted in yellow on pages 3, 9-10, 12-13, 40 |
| 147-18 | Ex. 27, Royalty Statement, marked as BARTZ000000599-604 | Portions highlighted in yellow on page 2 |
| 147-19 | Ex. 28, Royalty Statement, marked as BARTZ000000961-64 | Portions highlighted in yellow on page 2 |
| 147-20 | Ex. 29, Royalty Statement, marked as BARTZ000001288-91 | Portions highlighted in yellow on page 2 |
| 147-21 | Ex. 30, Publishing Agreement, marked as BARTZ000004875-4899 | Portions highlighted in yellow on page 6 |
| 147-22 | Ex. 31, Publishing Agreement, marked as BARTZ000005520- 5533 | Portions highlighted in yellow on page 5 |
| 147-23 | Ex. 32, Publishing Agreement, marked as BARTZ000004841-4860 | Portions highlighted in yellow on pages 2-3 |
| 147-24 | Ex. 33, Option Agreement, marked as BARTZ000000088-93 | Portions highlighted in yellow on page 4 |

For the foregoing reasons, Plaintiffs respectfully request that these specific portions of documents remain sealed.

| | | |
|---|---|---|
| 1 | Dated: May 21, 2025 | Respectfully submitted, |

                                                 /s/ *Rachel Geman*
                                                  Rachel Geman

Rachel Geman *(Pro Hac Vice)*
Jacob S. Miller *(Pro Hac Vice)*
Danna Z. Elmasry *(Pro Hac Vice)*
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
rstoler@lchb.com

*Proposed Co-Lead Counsel*

Justin A. Nelson *(Pro Hac Vice)*
Alejandra C. Salinas *(Pro Hac Vice)*
Collin Fredricks *(Pro Hac Vice)*
**SUSMAN GODFREY L.L.P..**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
cfredricks@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Jordan W. Connors *(Pro Hac Vice)*
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

J. Craig Smyser *(Pro Hac Vice)*
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com

*Proposed Co-Lead Counsel*

Scott J. Sholder (Pro Hac Vice)
CeCe M. Cole (Pro Hac Vice)
**COWAN DEBAETS ABRAHAMS
& SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
ssholder@cdas.com
ccole@cdas.com

*Additional Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing and all documents attached hereto were served May 21, 2025 upon counsel of record via service by ECF.

                        */s/ Rachel Geman*
                          Rachel Geman