| | |
|---|---|
| DOUGLAS A. WINTHROP (Bar No. 183532) | ANGEL T. NAKAMURA (Bar No. 205396) |
| Douglas.Winthrop@arnoldporter.com | Angel.Nakamura@arnoldporter.com |
| JOSEPH FARRIS (Bar No. 263405) | OSCAR RAMALLO (Bar No. 241487) |
| Joseph.Farris@arnoldporter.com | Oscar.Ramallo@arnoldporter.com |
| JESSICA L. GILLOTTE (Bar No. 333517) | ALLYSON MYERS (Bar No. 342038) |
| Jessica.Gillotte@arnoldporter.com | Ally.Myers@arnoldporter.com |
| ESTAYVAINE BRAGG (Bar No. 341400) | **ARNOLD & PORTER KAYE SCHOLER** |
| Estayvaine.Bragg@arnoldporter.com | **LLP** |
| **ARNOLD & PORTER KAYE SCHOLER** | 777 South Figueroa Street, 44th Floor |
| **LLP** | Los Angeles, CA 90017-5844 |
| Three Embarcadero Center, 10th Floor | Telephone: (213) 243-4000 |
| San Francisco, CA 94111-4024 | Facsimile: (213) 243-4199 |
| Telephone: (415) 471-3100 | |
| Facsimile: (415) 471-3400 | JOSEPH R. WETZEL (Bar No. 238008) |
| | joe.wetzel@lw.com |
| MARK LEMLEY | ANDREW M. GASS (Bar No. 259694) |
| mlemley@lex-lumina.com | andrew.gass@lw.com |
| **LEX LUMINA LLP** | **LATHAM & WATKINS LLP** |
| 700 S. Flower Street, Suite 1000 | 505 Montgomery Street, Suite 2000 |
| Los Angeles, CA 90017 | San Francisco, CA 94111 |
| Telephone: (213) 600-6063 | Telephone: (415) 391-0600 |
| | Facsimile: (415) 395-8095 |

*Attorneys for Defendant* ANTHROPIC PBC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-CV-05417-WHA<br><br>Action Filed: August 19, 2024<br><br>**DEFENDANT ANTHROPIC PBC'S OMNIBUS ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Judge: Honorable William H. Alsup |

Pursuant to Civil Local Rule 79-5 and the Court's Order dated May 15, 2025 (ECF No. 196), Defendant Anthropic PBC ("Anthropic") moves to maintain under seal certain documents and portions of documents that contain and reveal highly confidential, nonpublic Anthropic business and technical information.[1] Anthropic's omnibus motion relates to documents that were the subject of the following prior motions to seal: ECF Nos. 101, 116, 119, 123, 131, 137, 145, 146, 170, 176, 179, 188.

In view of the Court's Order directing the parties to dramatically pare down prior sealing requests, Anthropic is no longer moving to seal the following thirty-eight documents, or any portions thereof: ECF Nos. 101-2, 101-3, 101-4, 101-5, 101-6, 116-3, 137-4, 121-8 (Exs. 1 & 3), 137-5, 137-6, 137-7, 121-8 (Ex. 7), 121-9 (Ex. 15), 137-9, 121-9 (Exs. 15, 21, 24), 131-4, 145-3, 170-6, 152-9, 152-12, 152-18, 152-19, 152-21, 170-9, 152-30, 170-7, 170-10, 152-34, 152-35, 152-36, 171-3, 171-4, 176-3, 176-6, 146-6, 179-3. *See* Gillotte Decl. ¶ 5, Table 1 (table summarizing withdrawn requests by document).

Anthropic presently requests only narrowly tailored redactions of the most confidential and sensitive information. Anthropic has not sought to seal the entirety of any document, except for a single two-page document consisting entirely of confidential source code. Anthropic respectfully requests that the information subject to this motion be sealed so that it remains confidential for the reasons detailed in the Declaration of Jessica Gillotte in Support of Defendant Anthropic PBC's Omnibus Administrative Motion to Seal ("Gillotte Declaration"), the Declaration of Jared Kaplan in Support of Defendant Anthropic PBC's Omnibus Administrative Motion to Seal ("Kaplan Declaration"), the Declaration of Thomas Turvey in Support of Defendant Anthropic PBC's Omnibus Administrative Motion to Seal ("Turvey Declaration"), and as set forth in the Proposed Order, which is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed, and also attaches proposed redacted versions of each document sought to be sealed in part.

---

[1] Anthropic is not seeking to seal the courtroom for the hearing on Anthropic's Motion for Summary Judgment scheduled for May 22 at 12 p.m.

## I. LEGAL STANDARD

A party seeking to seal material is required to establish that the document, or portions thereof, are sealable. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79, 1182 (9th Cir. 2006). Where the underlying filing is "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101-02 (9th Cir. 2016), the moving party must make a showing of "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178-79 (citation omitted). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

The Ninth Circuit also recognizes that preventing the release of proprietary information and/or trade secrets is a compelling reason that overrides this strong presumption. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."). Examples of what might constitute a compelling reason to seal include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety,* 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2014 WL 6664621, at *1 (N.D. Cal. Nov. 24, 2014) (finding compelling reasons to seal "proprietary literature describing the structure, configuration, and operation of the … technology"); *Guzik Tech. Enters., Inc. v. W. Digit. Corp.*, 2013 WL 6092852, at *11-12 (N.D. Cal. Nov. 19, 2013) (granting motion to seal confidential information regarding the plaintiff's technology where the disclosure of that information would harm the plaintiff's competitive standing).

## II. THERE ARE COMPELLING REASONS TO SEAL

Anthropic respectfully requests that this Court seal the documents listed below because they contain Anthropic's highly confidential and trade secret information such that the public disclosure of this highly sensitive information would cause competitive injury to Anthropic, as well as the forms of additional harm described in the Kaplan and Turvey Declarations. In making this request,

1  Anthropic has carefully considered the legal standard and sought to seal the narrowest portions of
2  documents on the public docket as possible, such that no less restrictive alternative to sealing is
3  available. After narrowing, Anthropic has significantly reduced the total number of pages it is
4  seeking to keep under seal. Originally, Anthropic had proposed redactions or sealing on 1,272 pages
5  of these documents. Gillotte Decl. ¶ 2. In this revised omnibus sealing motion, Anthropic is
6  requesting targeted redactions on 536 pages of documents. *Id.* Anthropic has therefore withdrawn
7  its request to seal in full with respect to **736 pages** of documents. *Id.* What is more, on the pages for
8  which Anthropic continues to request sealing, Anthropic has dramatically narrowed the amount of
9  material that it requests to seal. Anthropic does not seek to seal or redact any document or any part
10 of any document that was not the subject of a previous sealing or proposed redaction request. *Id.*

11       As set forth in the Turvey and Kaplan Sealing Declarations (and as summarized in the
12 Gillotte Sealing Declaration), the information that Anthropic seeks to seal comprises system access
13 credential and link information that poses a security risk to internal systems, granular research
14 findings that could enable rapid LLM capability advances by competitors or those who would
15 misuse such systems, information about Anthropic's compute costs, the composition of Anthropic's
16 training corpora and the accompanying specific token counts, highly confidential and trade secret
17 information regarding Anthropic's negotiations and transaction details for specific types of training
18 data, details on present and future business operations and strategy, and internal code names for
19 unreleased and forthcoming models that are both competitively sensitive and increase the potential
20 for damage in the case of information exfiltration from the business. Kaplan Decl. ¶¶ 3-19; Turvey
21 Decl. ¶¶ 3-12; Gillotte Decl. ¶ 10. This information also reveals the highly confidential and sensitive
22 logistical operational details and sensitive commercial negotiations of Anthropic's book scanning
23 project, the mere existence of which Anthropic no longer seeks to maintain under seal because the
24 Court has permitted the plaintiffs in this case to discuss scanning in open court. Turvey Decl. ¶¶ 7-
25 8. Public disclosure would create a significant risk of competitive harm for Anthropic because
26 competitors could utilize it to modify their own business strategies and technical practices in order
27 to gain a competitive advantage over Anthropic. Turvey Decl., ¶¶ 9-10. Such harm could not be
28 avoided by less restrictive means than the narrowly tailored sealing of these documents.

  Moreover, much of the material that Anthropic seeks to redact is not related to the merits of the case, meaning that the public has little to no interest in viewing the materials. *Ctr. for Auto Safety*, 809 F.3d at 1101–02. For example, Anthropic has redacted credentials that would allow direct access to Anthropic's secure systems. Gillotte Decl., Table 3, Rows 11-13, 16, 20, 22-26, 28, 37-39, 49, 51, 57, 63. It has also redacted links addresses that would create attack vectors if revealed, but which have no relation to the merits of the case. Kaplan Decl. ¶ 18-19. Similarly, Anthropic has redacted email addresses (but not the portion of email addresses after the "@" symbol containing domain names) of third-parties and employees. Gillotte Decl, Table 3, Rows 25, 26, 40-42, 57, 62, 68; *Dangaard v. Instagram, LLC*, No. C 22-01101 WHA, 2023 WL 6851697, at *3 (N.D. Cal. Oct. 17, 2023) (permitting redaction of party employee addresses). Anthropic has also redacted specific portions of sensitive trade secret material contained in lengthy documents attached to Plaintiffs' submissions, but which were not actually cited or relied upon by the parties in their briefing and which are not relevant to the issues in the case. *E.g.* Gillotte Decl. Table 1, Row 20 (describing proposed redactions on 110 page document, which was cited for a single sentence that Anthropic does not seek to redact).

  Anthropic also has *not* sought to seal several broad categories of information that it sought to seal in its prior requests. For example, Anthropic does not seek to seal the fact that it has engaged in a project to purchase and scan a large number of books. Rather, it has limited its request only to seal specific details about the project, such as price terms and specific operational and process details whose disclosure would allow competitors to more easily imitate the process without engaging in the same investment of time, money, and efforts as Anthropic. *See* Turvey Decl. ¶¶ 4-6. Anthropic does not seek to seal references to internet book datasets (referred to by Plaintiffs as "pirated" books), such as Books3, LibGen, or Pilimi. Anthropic has also limited its sealing requests to timely information. For example, Anthropic has not sought to seal the token count in its earlier Claude 1 model, whose age makes the information less sensitive. *See, e.g.*, Gillotte Decl, Table 3, Row 7. Rather, Anthropic seeks to seal token account information about recent models, such as Claude 3.7. *See id.*

Even where Anthropic has continued to seek redactions it has done so in a dramatically narrowed fashion. For example, whereas Anthropic previously redacted the entirety of every single one of nine paragraphs of a declaration describing its books scanning project, it now seeks to redact only thirteen price or quantity figures or deal terms consisting of one or two words. *See* Gillotte Decl., Table 3, Row 10; ECF No. 123-2, Turvey Declaration in Support of Motion for summary judgment ¶¶ 19-27, ). Thus, Anthropic redacted 13 one or two word phrases instead of nearly 2 pages of text. Although precise measurement is impracticable—as illustrated by this example and by the fact Anthropic has withdrawn sealing requests on 736 pages of documents in their entirety—Anthropic believes that its current sealing requests are approximately, or at minimum very near, 5% of its original. Gillotte Decl. ¶ 2.

### III.   CONCLUSION

For the foregoing reasons, Anthropic respectfully requests that this Court grant this administrative motion.

Dated: May 22, 2025

Respectfully submitted,

**Arnold & Porter Kaye Scholer LLP**

By:   */s/ Douglas A. Winthrop*
      DOUGLAS A. WINTHROP

*Attorneys for Defendant*
ANTHROPIC PBC

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Tenth Floor, San Francisco, California 94111-4024. On May 22, 2025, the foregoing **DEFENDANT ANTHROPIC PBC'S OMNIBUS ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**, **SUPPORTING DECLARATIONS, AND EXHIBITS** thereto were electronically served on the following:

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
Collin Fredricks (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
cfredricks@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Jordan W. Connors (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com

Rachel Geman (*pro hac vice*)
Wesley Dozier (*pro hac vice*)
Anna Freymann (*pro hac vice*)
Jacob Miller (*pro hac vice*)

| | |
|---|---|
| 1 | **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** |
| 2 | 250 Hudson Street, 8th Floor |
| 3 | New York, New York 10013-1413 |
|   | Telephone: (212) 355-9500 |
| 4 | rgeman@lchb.com |
|   | wdozier@lchb.com |
| 5 | afreymann@lchb.com |
|   | jmiller@lchb.com |
| 6 | |
| 7 | Reilly T. Stoler (SBN 310761) |
|   | **LIEFF CABRASER HEIMANN** |
| 8 | **& BERNSTEIN, LLP** |
|   | 275 Battery Street, 29th Floor |
| 9 | San Francisco, CA 94111-3339 |
|   | Telephone: (415) 956-1000 |
| 10 | rstoler@lchb.com |
| 11 | |
|    | Scott J. Sholder (*pro hac vice*) |
| 12 | CeCe M. Cole (*pro hac vice*) |
|    | **COWAN DEBAETS ABRAHAMS** |
| 13 | **& SHEPPARD LLP** |
|    | 60 Broad Street, 30th Floor |
| 14 | New York, New York 10010 |
|    | Telephone: (212) 974-7474 |
| 15 | sshoulder@cdas.com |
| 16 | ccole@cdas.com |

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed May 22, 2025 at Palo Alto, California.

                                                                               /s/ Sherri Mills
                                                                                  Sherri Mills