

June 6, 2025

**VIA ECF**

Judge William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

        RE:    *Bartz et al. v. Anthropic PBC*, Case Number 3:24-CV-05417 (N.D. Cal.)
                 Letter Motion to Compel Privileged Documents

Dear Judge Alsup:

    Anthropic has asserted improper privilege claims to redact, withhold, and claw back hundreds of documents, including communications with third parties and non-lawyers. Despite being given two months and two opportunities to meet and confer to correct these deficiencies, Anthropic has failed to do so. Plaintiffs therefore respectfully request that the Court order Anthropic to produce all improperly withheld documents identified below.

**I.    Communications Involving Third-Party Consultants**

    First, Anthropic has improperly withheld or redacted nearly one hundred communications and documents involving third-party public relations firms Aircover Communications, Breakwater Strategy, and 150Bond.[1] The relevant privilege log entries for these communications and documents are compiled in Exhibit 1.

    In the Ninth Circuit, the party asserting a privilege bears the burden of demonstrating both that the privilege applies and that it has not been waived. *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010). That burden is a high one: because the attorney-client privilege "impedes full and free discovery of the truth," it must always be "strictly construed." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009); *see also Graf*, 610 F.3d at 1156 (same).

    The "general rule" is that "the attorney-client privilege does not extend to communications between either the client or its attorney and a third party." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1070 (N.D. Cal. 2002). One exception is where the involvement of a third party "is necessary to interpret the client's statements to the attorney." *Sidibe v. Sutter Health*, 2018 WL 783808, at *4 (N.D. Cal. Feb. 7, 2018) (citing *United States v. Kovel*, 296 F.2d 918 (2nd Cir. 1961)). In such cases, however, the privilege "does not extend to" any of the third party's "*own* advice about the client's situation." *Id.* Nor does the privilege apply simply because the communication is helpful to the lawyer's representation. *Id.*; *see also ChevronTexaco Corp.*, 241

---

[1] The online websites of these entities do not appear to contain any suggestion that they offer legal services. *See* https://aircoverpr.com/our-people (focused on "driving impactful PR strategies"); https://www.150bond.com ("amplifying their [client's] message and expanding their network"); https://breakwaterstrategy.com/what-we-do (listing specialties as, *inter alia*, "corporate communications," "digital and social content creation," "paid advertising," "digital intelligence").

Judge William H. Alsup
June 6, 2025
Page 2

F. Supp. 2d at 1072. Instead, the third-party communications must focus on "translat[ing] informative information between the client and attorney," 2018 WL 783808, at *4 (cleaned up), or "be nearly indispensable or serve some specialized purpose in facilitating the attorney-client communications." *ChromaDex, Inc. v. Elysium Health, Inc.*, 2019 WL 8227385, at *3 (C.D. Cal. Dec. 20, 2019).

Anthropic has failed to provide any explanation—let alone admissible evidence[2]—showing that communications with Aircover Communications, Breakwater Strategy, and 150Bond meet these requirements. Absent a sworn declaration establishing that these third parties facilitated legal advice in accordance with the *Kovel* line of cases, the attorney-client privilege cannot apply. Plaintiffs therefore respectfully request that the Court order Anthropic to produce all withheld communications involving these entities. *See Sidibe*, 2018 WL 783808, at *4–5 (ordering production where consultant conducted business—not legal—analysis); *ChromaDex*, 2019 WL 8227385, at *3 (holding that a conclusory statement was insufficient under *Kovel*).

### II.     Business Communications Involving In-House Counsel

Second, Anthropic has redacted or withheld hundreds of documents and communications whose primary purpose is business-related, not legal. The relevant privilege log entries for these communications are compiled in Exhibit 2.

It is well settled that the mere inclusion of in-house counsel, or vague references to legal review, does not confer attorney-client privilege. Courts in this District have repeatedly rejected such superficial claims of privilege. *See, e.g., Sidibe*, 2018 WL 783808, at *4 ("The fact that an attorney was copied on the email chain and 'will be reviewing this' does not render it a privileged communication."); *In re Chase Bank USA, N.A. Check Loan Cont. Litig.*, 2011 WL 3268091, at *3 (N.D. Cal. July 28, 2011) ("Stating an intention to pass an issue 'along to the legal team to ensure they are aware' or noting that 'counsel is reviewing the issues' does not confer the privilege on a communication"); *Oracle Am., Inc. v. Google Inc.*, No. 10-cv-03561 (WHA), 2011 WL 5024457, at *4 (N.D. Cal. Oct. 20, 2011) (rejecting privilege where the attorney was merely a passive recipient and did not provide legal advice).

Instead, where in-house counsel is involved, the burden is on the withholding party to clearly demonstrate that the primary purpose of the communication was to provide legal advice. *See City of Roseville Employees' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *17 (N.D. Cal. Aug. 3, 2022); *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *In re Chase Bank*, 2011 WL 3268091, at *4.

Anthropic has failed to do so. The unredacted portions of the documents reveal that these communications were driven by business strategy—not legal advice—as the representative examples below illustrate:

- ANTPRIV_0000079: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Anthropic's counsel clawed back this document when Plaintiffs questioned Tom Turvey, Anthropic's Head of Data Partnerships, about it during his deposition.

---

[2] "A cursory review of the case law demonstrates that attorney declarations generally are necessary to support the designating party's position in a dispute about attorney-client privilege." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 865 (N.D. Cal. 2019).

- ANTPRIV_0000098: An internal memo by non-lawyer Tom Turvey that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and redacts information about Anthropic's proposed response to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

- ANTPRIV_0000191: Another internal summary redacting third-party concerns about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

- ANTPRIV_0001335: Slack thread about ▇▇▇▇▇▇▇▇▇, redacting supposed legal advice from Brian Israel, even though the redacted messages *predate* Mr. Israel joining the thread.

In addition, the sheer number of recipients for many of these documents further undermines Anthropic's privilege claims. Over twenty-five documents were sent to more than fifty people, and at least five documents were distributed to over one hundred and fifty recipients. Courts routinely view such widespread circulation as evidence that the communications served business, not legal, purposes. *See In re Chase Bank USA, N.A. Check Loan Cont. Litig.*, 2011 WL 3268091, at *5 ("It is not proper to automatically confer the privilege on every communication of which a lawyer is a recipient, particularly when … sent to a large number of recipients, many of whom are not attorneys."); *Engurasoff v. Zayo Grp. LLC*, 2015 WL 335793, at *3 (N.D. Cal. Jan. 23, 2015) ("[T]he number of recipients the number of recipients, and the fact that the attorney is merely CC'd on emails, suggests the possibility that the emails could be communications regarding business strategy that do not involve the communication or solicitation of legal advice.").

Accordingly, Plaintiffs respectfully request that the Court compel Anthropic to produce all documents listed in Exhibit 2. In the alternative, if the Court prefers, Plaintiffs can propose a sample of 30 documents for *in camera* review.

### III. Business Communications Between Non-Lawyers

Finally, consistent with the Court's recent guidance that "if there was anyone who was not a lawyer who is copied on it, that blows the privilege," Plaintiffs challenge the assertion of privilege over communications that are exclusively between non-lawyers and concern business matters. A compilation of the relevant privilege log entries is attached as Exhibit 3.

Courts have consistently held that the presence or involvement of legal counsel is typically a necessary condition for the attorney-client privilege to apply. *See In re Novalpina Cap. Partners I GP S.a.r.l.*, 2025 WL 920667, at *4 (D. Or. Mar. 26, 2025). The rare exception may occur where communications between non-lawyers both (i) "discuss or transmit legal advice given by counsel" and (ii) reflect an "intent to seek legal advice about a particular issue." *Dolby Lab'ys Licensing Corp. v. Adobe, Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019).

The documents at issue do not meet this standard. They are business communications exclusively among non-lawyers and, on their face, do not reflect legal advice or any intent to seek such advice. Accordingly, they fall outside the scope of the attorney-client privilege. Plaintiffs respectfully request that the Court compel production of all documents listed in Exhibit 3. In the alternative, Plaintiffs are prepared to propose a sample of 30 documents for *in camera* review.

Judge William H. Alsup
June 6, 2025
Page 4

Respectfully Submitted,

| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | SUSMAN GODFREY LLP | COWAN DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman<br>Rachel Geman | /s/ Rohit Nath<br>Rohit Nath | /s/ Scott J. Sholder<br>Scott J. Sholder |