# Arnold & Porter

**Joseph Farris**
+1 415.471.3454 Direct
Joseph.Farris@arnoldporter.com

June 19, 2025

Hon. William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

      Re:    **Anthropic's Response to Plaintiffs' Letter Motion to Compel Privileged Documents in *Bartz, et al. v. Anthropic PBC* No. 3:24-cv-05417-WHA (Dkt. 223)**

Dear Judge Alsup:

Plaintiffs' motion to compel production of three categories of privileged documents should be denied.

## I.    Category 1: Communications with Anthropic's PR Firms

Plaintiffs' challenges to a first category of 78 documents[1] fails for two reasons: (1) the communications with public relations firms ("PR Firms") are protected by the attorney-client privilege, and there is no waiver under the Ninth Circuit's functional equivalence standard, and (2) Plaintiffs fail to challenge or refute the claim of attorney work product protection made over 72 of these documents.

*First*, Anthropic's PR Firms are functional employees under Ninth Circuit law, so sharing attorney-client privileged advice or attorney work product with them does not waive those protections. If "a third party is the functional equivalent of a corporate employee, her participation or inclusion in an attorney-client communication does not destroy the corporation's privilege." *Klein v. Meta Platforms, Inc.*, 2022 WL 767096, at *4 (N.D. Cal. 2022) (citing *United States v. Graf*, 610 F.3d 1148, 1158-59 (9th Cir. 2010)). In *Medversant Technologies, LLC v. Morrisey Associates, Inc.*, 2011 WL 13124128, at *3-5 (C.D. Cal. 2011), the court affirmed that communications disclosed to a PR firm did not break privilege because "the public-relations firm was associated with plaintiff in a way that made it appropriate to consider it an insider" because the firm "essentially function[ed] as Medversant's public relations department." *See also Meta Platforms*, 2022 WL 767096, at *5-6 (summarizing cases). Plaintiffs' argument about the "*Kovel* line of cases" is inapposite; that doctrine applies to a third party consultant's "own advice about the client's situation." *Sidibe v. Sutter Health*, 2018 WL 783808, at *4 (N.D. Cal. Feb. 7, 2018) (cleaned up). Here, Anthropic shared its ***attorneys'*** advice with its PR Firms (and is ***not***

---

[1] In each category, after duplicates and near duplicates are excluded, there is a ***much*** smaller number of unique privilege claims (423 of 574 documents are duplicates or near duplicates, *i.e.*, 73%). *See* Declaration of Assad Rajani ("Rajani Decl.") ¶ 2.

**Arnold & Porter**

Hon. William Alsup
June 19, 2025
Page 2

claiming protection over advice *from* the PR Firms), *see* Declaration of Janel Thamkul ("Thamkul Decl.") ¶¶ 10-17, so the relevant question is whether they had "functional equivalence" to employees.

The PR Firms were undoubtedly the functional equivalent of employees. As set out in the declaration of Anthropic's Policy Communications Lead, the PR Firms have worked closely with Anthropic for years, including when it was a startup with no dedicated internal Communications team. Declaration of Jennifer Martinez ("Martinez Decl.") ¶¶ 4, 16-26. These were not limited retentions; rather, the PR Firms have served extensive and integrated functions for Anthropic, such as collaborating with it to develop strategic messaging and communicating on its behalf with external stakeholders. *Id.* ¶¶ 5-15. Further, as set out in the declaration of Anthropic's Deputy General Counsel, due to the numerous legal and regulatory issues that Anthropic faces as a company building rapidly emerging and cutting-edge technology, it is critical that Anthropic's legal team be able to communicate privileged information to its PR Firms so they can do their job effectively. *See* Thamkul Decl. ¶¶ 4-9.

*Second*, Anthropic also claimed attorney work product protection over 72 documents in this category due its reasonable anticipation of litigation, and Plaintiffs have failed to challenge those designations or to make any argument that work product protection should not apply. Moreover, work product waiver requires even more intentional disclosure than attorney-client privilege waiver. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1120 (9th Cir. 2020) (work product protection only waived by disclosure "to an adversary or a conduit to an adversary"). Plaintiffs have not met their burden of showing any attorney-client privilege waiver, much less work product waiver.

## II.   Category 2: "Business Communications Involving In-House Counsel"

With the second category of documents, Plaintiffs speculate that the "primary purpose [of the communication] is business-related, not legal." Mot. 2. Despite listing hundreds of documents in this category, Plaintiffs did not meet and confer about the vast majority (334 of 347) of them, and Plaintiffs' motion only specifically addresses ***four documents*** in this category. The failure to meet and confer and the shotgun nature of this privilege challenge are each sufficient reason to deny the motion.[2]

---

[2] The argument that the "sheer number" of recipients undermines the claim of privilege is not the law. Plaintiffs' cited cases (Mot. 3) support the ***opposite*** result. *Chase Bank*, 2011 WL 3268091, *2-3 (holding after *in camera* review that "attorney's comments on the draft

**Arnold & Porter**

Hon. William Alsup
June 19, 2025
Page 3

As to those four specifically challenged documents, the declaration of Anthropic's in-house counsel confirms that the primary purpose of the ***narrow*** redactions within them was to protect express requests for legal advice or legal advice itself. Thamkul Decl. ¶¶ 18-22. *See, e.g.*, *Meta Platforms*, 2022 WL 767096, at *2 (primary purpose test). Indeed, various ***comments from in-house counsel*** in these documents with a primary business purpose were ***disclosed*** to Plaintiffs. As such, the facts here are unlike any of the cases cited by Plaintiffs, where there were "superficial" privilege claims based on the "mere inclusion of in-house counsel" or "vague references to legal review." Mot. 2. Instead, Anthropic applied the same level of careful scrutiny as described in Ms. Thamkul's declaration to the hundreds of documents subject to Plaintiffs' generic challenges here.

### III. Category 3: "Business Communications Between Non-Lawyers"

Finally, Plaintiffs challenge a set of documents they characterize as "exclusively among non-lawyers." Mot. 3. First, Plaintiffs did not meet and confer about the vast majority (135 of 149) of them. Second, Plaintiffs falsely characterize these documents by relying only on the fact that certain privilege log entries lack ***metadata*** fields populated with an attorney's name. Plaintiffs omit that the "***Attorney Nexus***" field of the privilege log ***always*** identifies an attorney or law firm. These particular documents do not have an attorney listed in metadata fields because, among, other reasons: (i) the relevant attorneys are listed in related cover emails and chats, which context-providing log entries Plaintiffs have omitted from their Exhibit 3, (ii) attorneys communicated on email threads, but not the most-recent email,[3] and/or (iii) an attorney's advice is requested, summarized, or conveyed in the document. Rajani Decl. ¶¶ 3-7. Plaintiffs' cited authority does not suggest that the existence of an attorney's privileged communications should be ignored under these circumstances.[4]

For these reasons, Plaintiffs' motion should be denied.

---

training materials" sent to a large number of people "would certainly be privileged."); *Engurasoff*, 2015 WL 335793, *2-4 (the "mere fact that a document includes multiple recipients or CC recipients does ***not*** mean that privilege cannot attach") (emphasis added).
[3] *See* ECF No. 73 (ESI Order) at 7 ("[W]ith respect to email threads . . . only the top e-mail in the chain will be set forth" in the privilege log).
[4] In fact, *In re Novalpina Capital Partners*, 2025 WL 920667, at *4 (D. Or. Mar. 26, 2025), and *Dolby Laboratories Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019), ***support*** Anthropic's assertion of privilege here. None of the challenged documents here include an attorney merely "cc'd" on business discussions.

Arnold & Porter

Hon. William Alsup
June 19, 2025
Page 4

                                  Sincerely,

                                  */s/Joseph Farris*

                                  Joseph Farris

Arnold & Porter

## CERTIFICATE OF SERVICE

I, Joseph Farris, am the ECF user whose identification and password are being used to file the foregoing **DEFENDANT ANTHROPIC PBC'S RESONSE TO PLAINTIFFS' LETTER MOTION TO COMPEL (DKT. 223) AND DECLARATIONS IN SUPPORT THEREOF.**

Dated: June 19, 2025                                             */s/ Joseph Farris*
                                                                                    Joseph Farris