DOUGLAS A. WINTHROP (Bar No. 183532)
Douglas.Winthrop@arnoldporter.com
JOSEPH FARRIS (Bar No. 263405)
Joseph.Farris@arnoldporter.com
JESSICA L. GILLOTTE (Bar No. 333517)
Jessica.Gillotte@arnoldporter.com
ESTAYVAINE BRAGG (Bar No. 341400)
Estayvaine.Bragg@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:   (415) 471-3100
Facsimile:   (415) 471-3400

MARK LEMLEY
mlemley@lex-lumina.com
**LEX LUMINA LLP**
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (213) 600-6063

ANGEL T. NAKAMURA (Bar No. 205396)
Angel.Nakamura@arnoldporter.com
OSCAR RAMALLO (Bar No. 241487)
Oscar.Ramallo@arnoldporter.com
ALLYSON MYERS (Bar No. 342038)
Ally.Myers@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:   (213) 243-4000
Facsimile:   (213) 243-4199

JOSEPH R. WETZEL (Bar No. 238008)
joe.wetzel@lw.com
ANDREW M. GASS (Bar No. 259694)
andrew.gass@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:   (415) 391-0600
Facsimile:   (415) 395-8095

*Attorneys for Defendant* ANTHROPIC PBC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-CV-05417-WHA<br><br>Action Filed: August 19, 2024<br><br>**DECLARATION OF ASSAD RAJANI IN SUPPORT OF DEFENDANT ANTHROPIC PBC'S RESPONSE TO PLAINTIFFS' LETTER MOTION TO COMPEL PRIVILEGED DOCUMENTS**<br><br>Place: Courtroom 12, 19th Floor<br><br>Judge:  Honorable William H. Alsup |

I, Assad Rajani, declare as follows:

1. I am a Counsel at Arnold & Porter Kaye Scholer LLP and am one of the attorneys representing Anthropic PBC ("Anthropic") in this matter. I am an attorney duly licensed to practice law in the State of California. I make this declaration in support of Anthropic's Response to Plaintiffs' Letter Motion to Compel Privileged Documents (Dkt. 223).

**A. Many Log Entries Are Duplicates or Near Duplicates**

2. The ESI order requires that each privileged document be separately logged. *See* Dkt. 73 (ESI Order) at 7. I have reviewed the documents subject to challenge listed in Plaintiffs' Exhibits 1-3. In Exhibit 1, 70 of the 78[1] challenged documents are duplicates or near duplicates.[2] In Exhibit 2, 299 of the 347[3] challenged documents are duplicates or near duplicates. In Exhibit 3, 54 of the 149[4] documents challenged are duplicates or near duplicates.

**B. Plaintiffs Misrepresent the Third Categories of Challenged Documents (Exhibit 3)**

3. I understand that the Plaintiffs have asserted that the privilege log entries identified in Exhibit 3 are "exclusively among non-lawyers" because the log entries in Exhibit 3 do not have an attorney listed in the ***metadata*** fields in the privilege log (*e.g.*, author, recipient, email to, email

---

[1] Four of these documents, including three duplicates, have been downgraded to not privileged and produced concurrent to this filing. The downgraded documents are ANTPRIV_0000001, ANTPRIV_0000002, ANTPRIV_0000003, and ANTPRIV_0000004.

[2] A "near duplicate" includes all versions of a document that are either earlier or later-in-time.

[3] 28 of these documents, including 21 duplicates, have been downgraded to not privileged and produced concurrent to this filing. The downgraded documents are: ANTPRIV_0000161, ANTPRIV_0000207, ANTPRIV_0000413, ANTPRIV_0000414, ANTPRIV_0000415, ANTPRIV_0000416, ANTPRIV_0000417, ANTPRIV_0000418, ANTPRIV_0000419, ANTPRIV_0000420, ANTPRIV_0000421, ANTPRIV_0000422, ANTPRIV_0000436, ANTPRIV_0000698, ANTPRIV_0000699, ANTPRIV_0000702, ANTPRIV_0000703, ANTPRIV_0000704, ANTPRIV_0000705, ANTPRIV_0000799, ANTPRIV_0001004, ANTPRIV_0001013, ANTPRIV_0001014, ANTPRIV_0001015, ANTPRIV_0001016, ANTPRIV_0001190, ANTPRIV_0001194, and ANTPRIV_0001200.

[4] Seven of these documents have been downgraded to not privileged and produced concurrent to this filing. The downgraded documents are ANTPRIV_0000436, ANTPRIV_0000544, ANTPRIV_0000558, ANTPRIV_0000677, ANTPRIV_0001059, ANTPRIV_0001060, and ANTPRIV_0001061.

from, email cc). Plaintiffs' premise is inaccurate. The challenged documents do include privileged communications with counsel or otherwise reflect privileged advice even though the metadata for these documents does not list the attorneys by name. Where the metadata does not reflect the presence of an attorney, Anthropic has specifically identified the attorney in the "Attorney Nexus" field of its privilege log.

4. The documents challenged in Exhibit 3 fall into three sub-categories: (i) the relevant attorneys are listed in related cover emails and chats, which context-providing log entries Plaintiffs have omitted from their Exhibit 3, (ii) attorneys are communicating on email threads, but not on the top-most email, and (iii) an attorney's advice is requested, summarized, or conveyed in the document.

5. *Sub-Category 1:* The ESI order requires that each privileged document be separately logged. *See* ECF No. 73 (ESI Order) at 7 ("[T]he Party shall . . . produce a log treating **each Document** withheld or redacted for privilege from that production **separately** . . .") (emphases added). Thus, where an email or chat message and its attachments were privileged, the document and its attachment were separately logged, one after the other. As such, the privilege log entry for the main document provides essential context for the attachment, including the names of the relevant attorney(s) involved. However, the Plaintiffs omitted all of these context-providing log entries from Exhibit 3. For example, the Plaintiffs challenged ANTPRIV_0000507 and ANTPRIV_0000508, but failed to disclose that these documents are attachments to a privileged email thread (ANTPRIV_0000506) authored by Anthropic attorney Biran Shah. All three documents provide Mr. Shah's legal advice regarding data partnerships. Because Mr. Shah was not the original author of the attachments upon which he was commenting, he is not listed as the "author" in their metadata. Plaintiffs' omission applies to 16 documents in this category.

6. *Sub-category 2:* The ESI Order requires that, for email threads, "only the top e-mail in the chain will be set forth" on the privilege log. Here, Plaintiffs have challenged several log entries because the top email in the chain does not list an attorney. This interpretation is incorrect. For example, the Plaintiffs challenge ANTPRIV_0000151, a partially redacted email chain from which Plaintiffs could see **on the face of the document** that several emails throughout the chain

- 2 -

RAJANI DECL. ISO ANTHROPIC'S RESP.                                  No. 3:24-CV-05417-WHA

1  were authored by Anthropic counsel, Janel Thamkul and Brian Israel, who each provided legal
2  advice. That neither attorney is listed as the top-most email in the chain does not mean this
3  communication is exclusively between non-attorneys as Plaintiffs assert. Plaintiffs made *no effort*
4  to filter out such emails from Exhibit 3. Plaintiffs' omission applies to 7 documents in this category.

5        7. *Sub-category 3:* There are also numerous challenged documents in Exhibit 3 where an
6  attorney's advice is requested, summarized, or conveyed in the document. For example, the
7  Plaintiffs challenged:

8        a. Slack chat logs where the redacted portions comprise chat messages requesting or
9           summarizing advice provided by Anthropic counsel or messages from Anthropic
10          counsel providing advice, such as ANTPRIV_0001383, in which there are two
11          narrowly drawn redactions where an Anthropic employee specifically requests advice
12          from Anthropic attorney Janel Thamkul. This applies to 14 of the documents in this
13          sub-category.

14       b. Documents like summaries of meetings, working group notes, memoranda, draft
15          revisions to agreements, or attorney comments in margins of documents, where the
16          body of the document summarizes or reflects legal advice such as
17          ANTPRIV_0001197, which is an eight-page document containing notes from various
18          Anthropic business development meetings that has a single section redacted in which
19          Janel Thamkul provides legal advice. This applies to 56 of the documents in this sub-
20          category.

21       c. Emails that are generated by Slack or Google Docs notifying a user of a new chat or
22          comment in a document, where the body of the emails includes the content of
23          privileged information but the email header does not identify the attorney because the
24          email is in the form of a notification, such as ANTPRIV_0001168, which is an auto-
25          generated Google Docs email containing comments made in an underlying document
26          in which Anthropic employees direct information and legal inquiries to Janel
27          Thamkul. This applies to 56 of the documents in this sub-category.

28

1 | I declare under penalty of perjury under the laws of the United States of America that the
2 | foregoing is true and correct. Executed on June 19, 2025, in Palo Alto, California.

         */s/ Assad Rajani*
          Assad Rajani