# Arnold&Porter

**Joseph Farris**
+1 415.471.3454 Direct
Joseph.Farris@arnoldporter.com

June 25, 2025

Hon. William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

Re:    **Anthropic's Response to Plaintiffs' Letter Motion to Compel Additional Custodians and Compensation Documents in *Bartz, et al. v. Anthropic PBC*, No. 3:24-cv-05417-WHA (D.I. 227)**

Dear Judge Alsup:

Plaintiffs' motion to compel production of documents from additional custodians and documents regarding employee documents should be denied.

## I.    <u>Plaintiffs Fail to Justify Adding Five More Document Custodians.</u>

Plaintiffs' request to expand discovery to include five new document custodians is unjustified. It is a fishing expedition into irrelevant topics such as the "impact" of AI on society at large and AI "safety." There are few, if any, relevant facts yet to be discovered by Plaintiffs. Anthropic has given Plaintiffs training data for its models, they know how Anthropic acquired books and what it used them for, and how the technology works. Anthropic has already agreed to review over three hundred thousand documents via ESI searches alone. Having exhausted proportional discovery, Plaintiffs are now casting about and unreasonably driving up costs.

Anthropic has already agreed to perform full ESI collections (*i.e.*, complete collections of email, Slack, and Google Documents that include calendars, text documents, spreadsheets, presentation decks, PDFs, etc., as well as Notion files) for *18 custodians*. That collection originally encompassed 13 custodians, including six top-level executives such as Dario Amodei (CEO/Founder), Jared Kaplan (Chief Science Officer/Founder), Mike Krieger (Chief Product Officer), Ben Mann (Founder), Vinay Rao (Head of Safety), Tom Turvey (VP of Product Partnerships), plus seven other employees. In May, Plaintiffs requested additional custodians, principally justifying the request on the basis that the new custodians had responsibilities related to the acquisition or use of the so-called "pirated" books datasets. On that basis, Anthropic *agreed* to add five more custodians.

Now, Plaintiffs again seek to add *five more custodians* (for *23 total)*, most of whom are in operational or public policy-related roles and whom Plaintiffs speculate *may* have documents

**Arnold & Porter Kaye Scholer LLP**
Three Embarcadero Center, 10th Floor  |  San Francisco, CA 94111-4024  |  **www.arnoldporter.com**

**Arnold&Porter**

Hon. William Alsup
June 25, 2025
Page 2

about non-actionable theories of harm (*e.g.*, the risk that AI will replace the role of authors in society generally) or the safety "risks" of AI to society at large:[1]

- Chris Olah: Olah is an Anthropic employee focused on AI-safety research. Plaintiffs characterize Olah as having "written extensively" about the impact of Claude on the "market for authors," citing a pair of documents. But the question of Claude's impact on the "market" as a whole for authors is not relevant. And the two documents they cite do not address a *licensing* market for LLM training data.

- Sam McCandlish: At Anthropic, as is typical at a software company, the CTO oversees the Security and Infrastructure teams. McCandlish also oversees the Responsible Scaling Policy, which seeks to ensure that, as the risks of LLMs grow alongside their capabilities, appropriate safeguards are in place prior to public release. As Plaintiffs say, in that role, McCandlish may have information about topics like "security" and "safety vulnerabilities"-- but those topics are wholly irrelevant to this copyright lawsuit. And there are *15 other agreed custodians* who are software engineers, researchers, or data scientists, so there is no need to add him simply because he has a senior role related to technology. Plaintiffs identify no actual gap in discovery that his addition would fill.

- Daniela Amodei: President Daniela Amodei is CEO Dario Amodei's sister and an operational leader at the company who oversees many functions, including Sales, Legal, Product, Public Policy, Finance, and certain technical teams. Plaintiffs cite no documents indicating Amodei has relevant, non-duplicative information. A laundry list of suppositions that she might know about topics such as "the effect of [Claude] on the marketplace" and "the risks [Claude] poses to users, authors, and the public at large" is insufficient.

---

[1] Plaintiffs complain that Anthropic produced a small number of documents from 2021-2022 as compared to later years. First, that is natural, as Anthropic was founded in 2021 as a startup with 7 employees. By the end of 2022, there were only around 20 employees, as compared to over 900 at the end of 2024. Second, as explained in the Declaration of Assad H. Rajani ("Rajani Decl."), there are several hundred documents from 2021-22 that Plaintiffs omitted from their count, and more than 6,700 that are already subject to review based on Anthropic's agreement to produce additional documents from 14 custodians (9 of whom worked at Anthropic prior to 2023). *See* Rajani Decl. ¶¶ 2-3.

**Arnold&Porter**

Hon. William Alsup
June 25, 2025
Page 3

- <u>Jack Clark</u>: Plaintiffs assert that Clark's work as the Head of Policy and on the "Anthropic Economic Index" relates to the "labor market and the broader impacts of Anthropic's Claude models." Again, Claude's impact on the labor market is not on trial, and these topics are wholly irrelevant.

- <u>Danny Hernandez</u>: Plaintiffs claim Hernandez played a role with respect to "pirated" datasets, and that he "helped" compile those datasets. In fact, no one at Anthropic "compiled" the Internet datasets; they were obtained as existing compilations. And Hernandez played no role in acquiring them. That may be why Plaintiffs cite no documents to support their demand to add him as a custodian.

## II.    <u>Discovery of Personal Equity Documents Is Unwarranted.</u>

It is common sense to assume that, in most cases, an employee will be biased in favor of his or her employer, but that does not justify discovery into their personal finances in violation of their right of financial privacy. *See Johnson v. Hewlett-Packard Co.,* 2010 WL 4510345, at \*2 (N.D. Cal. 2010) (denying discovery into witness personal finances because "employment with HP already implies bias, and thus, exact information as to amounts of compensation is unnecessary for such a purpose" and violates employees' "reasonable expectations of privacy"). This is particularly so when the stated intent of Plaintiffs is to disclose this information in open court to inform a jury about those details. Nor do Plaintiffs' cases help them. In *Oracle USA, Inc. v. Rimini St., Inc.*, 2015 WL 5089779, at \*3 (D. Nev. 2015), the court found that, in addition to showing bias, the defendant's CEO's financial interest was "a direct element of whether or not he can be held vicariously liable for Rimini's alleged copyright infringement."[2] Here, the direct liability of the employees is not at issue. The Court should not support such harassment by discovery. For these reasons, Plaintiffs' motion should be denied.

---

[2] In *Pacira Pharms., Inc. v. Rsch. Dev. Found.*, 2024 WL 4244305, at \*3 (D. Nev. 2024), the court stated that it was following *Rimini St.*, but failed to note that the financial interest was directly relevant to the claim in *Rimini St.*. And in *Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, 2010 WL 11505684, at \*23–24 (C.D. Cal. 2010), such discovery was relevant because it showed that the employees in question ***owned over 75%*** of the plaintiff company such that "any damages from this case would flow directly to them as corporate shareholders").

**Arnold&Porter**

Hon. William Alsup
June 25, 2025
Page 4

Sincerely,

*/s/Joseph Farris*
Joseph Farris

**Arnold&Porter**

Arnold&Porter

Hon. William Alsup
June 25, 2025
Page 5

## **CERTIFICATE OF SERVICE**

I, Joseph Farris, am the ECF user whose identification and password are being used to file the foregoing **ANTHROPIC'S RESPONSE TO PLAINTIFFS' LETTER MOTION TO COMPEL RE COSTODIANS; DECLARATION IN SUPPORT THEREOF.**

Dated: June 25, 2025

　　　　　　　　　　　　　　　 */s/ Joseph Farris*　　　　　　
　　　　　　　　　　　　　　　　Joseph Farris