# Arnold&Porter

**Douglas A. Winthrop**
+1 415.471.3174 Direct
Douglas.Winthrop@arnoldporter.com

July 11, 2025

<u>VIA ECF</u>

Judge William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

Re:     *Bartz et al. v. Anthropic PBC*, Case No. 3:24-CV-05417 (N.D. Cal.) Letter
        Motion to Compel Discovery Responses

Dear Judge Alsup:

Defendant Anthropic files this motion to compel for two reasons. *First*, Plaintiffs have failed to produce documents for months and are withholding those documents on the improper condition that Anthropic complete its much more substantial document production. Plaintiffs should be ordered to begin rolling productions of documents now. *Second*, Plaintiffs are long overdue on supplementing certain critical interrogatory responses staking out their contentions and positions on basic facts—such as who owns the copyrights and what theories of harm they are asserting. The parties have met and conferred over all issues via Zoom.

## I.     Plaintiffs have not produced documents in months and should be required to make rolling productions.

Plaintiffs have improperly failed to produce documents responsive to the parties' agreed-upon search terms. In May and June, the parties met and conferred, and Plaintiffs agreed to run 29 ESI search terms and produce responsive documents. *See* Declaration of Allyson Myers ¶ 2. Plaintiffs represented that running those 29 search terms resulted in approximately 19,000 documents. *Id.* **To date, Plaintiffs have not produced a single one of these documents.** *Id.* During the same time period, Anthropic has made six productions consisting of thousands of documents, and it continues to produce documents to Plaintiffs on an ongoing basis.

On June 30 and July 2, Anthropic requested that Plaintiffs provide a production timeline. Plaintiffs refused to commit to any date for producing even a single document. *See* Exhibit A at 2, 5. Plaintiffs have not objected to producing these documents on a substantive basis; they simply refuse to produce anything unless Anthropic completes its much larger document production. Plaintiffs' position is contrary to their obligation to proceed in the "utmost good faith" and to avoid manufacturing spurious "tit-for-tat" objections to discovery. *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009).

# Arnold&Porter

July 11, 2025
Page 2

Anthropic requests an order requiring Plaintiffs to: (1) produce within two business days all documents collected and identified as responsive to date; and (2) make rolling productions thereafter rather than withholding documents until an arbitrary future date.

## II.  Plaintiffs must supplement their responses to key interrogatories.

Plaintiffs have also refused to supplement certain incomplete interrogatory responses despite initial, deficient responses that claimed the interrogatories were "premature." On June 30, Anthropic asked Plaintiffs to provide supplemental responses to Interrogatory Nos. 3, 8, 9, and 12. Exhibit A at 8-9. In response, Plaintiffs have taken the position that their obligation to supplement these four interrogatories should be conditioned on Anthropic supplementing all of its interrogatory responses, despite Plaintiffs failing to identify any deficiency in any of Anthropic's responses. Plaintiffs' position that they should not be required to update their deficient responses is without merit. *Oracle America, Inc. v. Google Inc.*, 2016 WL 5393938, at *7 (N.D. Cal. Sept. 27, 2016) (parties are required "to supplement discovery responses in a timely manner") (citing Fed. R. Civ. P. 26(e)). Discovery closes soon and Anthropic is entitled to know exactly what theories Plaintiffs are pursuing.

**Interrogatory No. 3.** Interrogatory No. 3 asks Plaintiffs (i) to identify all persons who have had copyright ownership interests in each of their books, (ii) to specify those interests, and (iii) to identify relevant documents establishing those rights. As the Court will recall from the class certification proceedings, there are numerous unresolved questions about Plaintiffs' ownership rights, and this information is highly relevant because only the legal or beneficial owner of a particular portion of the bundle of copyright rights has standing to sue for copyright infringement. *Fahmy v. Jay-Z*, 908 F.3d 383, 394 (9th Cir. 2018). But Plaintiffs' responses only vaguely identify themselves and their publishers as entities with ownership interests in their works and then improperly cite FRCP 33(d) with reference to many agreements. But invoking Rule 33(d) is insufficient here because Anthropic cannot tell from examining voluminous contracts what *Plaintiffs'* position is on what those contracts purportedly show concerning ownership of their copyrights. Moreover, documents produced by Plaintiffs so far reveal that there are at least dozens of other entities with ownership interests in their works that are not identified in Plaintiffs' interrogatory responses, and Plaintiffs have not even finished producing all relevant agreements. *See, e.g.*, ECF No. 147-30 at 3-6, 13-15; Exhibit A at 6-7. Rule 26(e) requires Plaintiffs to update their responses to accurately identify all entities that have held ownership interests in the works, to specify what those interests are, and to specify what documents demonstrate such ownership interests.

# Arnold&Porter

July 11, 2025
Page 3

**Interrogatory Nos. 8 & 9.** Interrogatory No. 8 seeks the types of harms Plaintiffs claim to have suffered, and Interrogatory No. 9 seeks a computation of each type of monetary relief Plaintiffs seek. Plaintiffs objected to both as "premature" and provided only generalities hedged with disclaimers about "ongoing claims evaluation efforts." For the damages calculation in Interrogatory No. 9, Plaintiffs stated merely that they "may present other damages and methodologies, such as disgorgement, based on information obtained during discovery" without any concrete calculations. Now that the parties have conducted extensive discovery and fully briefed summary judgment and class certification motions, Plaintiffs have sufficient information to explain their positions in detail, yet they continue to refuse to do so. *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003) (holding a plaintiff must "provide greater detail as to its calculations as discovery progresses").

**Interrogatory No. 12.** Interrogatory No. 12 requests facts and witnesses supporting Plaintiffs' contention that Anthropic's large language models affect the potential market for or value of their works. Plaintiffs again objected to the request as "premature" and provided only conclusory allegations of Anthropic's conduct. For example, Plaintiffs asserted that "Anthropic . . . has deprived authors of books sales and licensing revenues," without providing any facts that support the contention that Plaintiffs have lost sales or licensing revenues. Plaintiffs should be required to update their responses to state the facts known to them that support their contention.

Plaintiffs have not raised any substantive objection to the requested supplementation. Instead, Plaintiffs have taken an inappropriate "tit-for-tat" posture, in which they have stated that they will only agree to supplement these four interrogatory responses if Anthropic supplements every single one of its interrogatory responses.[1] *Nat'l Acad. of Recording Arts & Scis*, 256 F.R.D. at 680. This is improper. Anthropic requests an order compelling Plaintiffs to supplement their responses to at least Interrogatories Nos. 3, 8, 9, and 12.

---

[1] Plaintiffs last supplemented their interrogatory responses on February 18. In contrast, Anthropic has supplemented interrogatory responses on three separate occasions since then.

# Arnold&Porter

July 11, 2025
Page 4

Respectfully Submitted,

ARNOLD & PORTER
KAYE SCHOLER LLP

By _s/ Douglas A. Winthrop_
    Douglas A. Winthrop

*Counsel for Defendant Anthropic PBC*

**CERTIFICATE OF SERVICE**

I, Douglas A. Winthrop, am the ECF user whose identification and password are being used to file the foregoing **DEFENDANT ANTHROPIC PBC'S LETTER MOTION TO COMPEL.**


Dated: July 11, 2025                                     */s/ Douglas A. Winthrop*
                                                                          Douglas A. Winthrop