

Michael S. Kwun
mkwun@kblfirm.com
(415) 630-2351

July 18, 2025

**Via ECF**
Judge William Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

Re: ***Bartz v. Anthropic PBC,*** **No. 3:24-cv-05417, Plaintiffs' Motion to Compel Non-Party OpenAI to Produce Documents**

Dear Judge Alsup:

The Court has ordered counsel for "both sides" in the above-captioned case to appear for a discovery hearing on all pending discovery motions at noon on July 23, 2025. (Dkt. No. 245.) Non-party OpenAI understands "both sides" to mean Plaintiffs and Anthropic. At the Wednesday hearing, the Court thus might not be planning to address Plaintiffs' letter motion to compel *non-party* OpenAI to produce certain documents. (Dkt. No. 224.)

OpenAI respectfully requests that the Court defer any consideration of Plaintiffs' motion to compel OpenAI to produce documents until after deciding Anthropic's motion to certify the Order on Fair Use for interlocutory appeal. (Dkt. No. 241.) If Anthropic appeals the Order on Fair Use (Dkt. No. 231), there will be no need for any OpenAI documents while an appeal is ongoing. And if the Court denies Anthropic's motion for leave to appeal, the issue of OpenAI's documents can be addressed then. Deferring a ruling on the motion to compel until after Anthropic's motion is resolved would minimize the burden on OpenAI, a non-party to the *Bartz* litigation.

Regardless of when the Court addresses it, OpenAI opposes Plaintiffs' motion to compel. Plaintiffs seek (1) the transcript and exhibits from Benjamin Mann's deposition in a separate lawsuit involving OpenAI, related to Mann's prior work at OpenAI; and (2) certain of Mann and Dario Amodei's OpenAI documents and communications from January 1, 2019, to December 31, 2020, while they were employed by OpenAI. Because they thus seek confidential testimony and documents about *Mann and Amodei's pre-Anthropic work as OpenAI employees,* Plaintiffs must show a substantial need for those documents. *In re Apple iPhone Antitrust Litig.,* No. 11-cv-06714-YGR (TSH), 2021 WL 485709, at *2 (N.D. Cal. Jan. 26, 2021).

Judge William Alsup
July 18, 2025
Page 2

Plaintiffs assert that what Mann and Amodei did or knew *while at OpenAI* bears "directly" on *Anthropic's* willfulness, because their conduct *at OpenAI* could tend to show that Mann and Amodei *later, at Anthropic,* acted with knowledge that their conduct *at Anthropic* constituted copyright infringement. Ltr. Mot. at 2. Specifically, Plaintiffs argue that the OpenAI documents might "evince whether, for example, they knew there was a risk that the books [that they downloaded at Anthropic] were pirated but nonetheless went forward with downloading them anyway while at Anthropic." *Id.* at 3 (quotation marks and citation omitted).

Yet discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court's Order on Fair Use already recites that when Mann downloaded approximately 200,000 books in early 2021 *while at Anthropic,* he knew they "had been assembled from unauthorized copies of copyrighted books—that is, pirated." Order on Fair Use at 3. In mid-2021, when Mann downloaded five million books while at Anthropic, he knew those books "had been pirated." *Id.* And more than a year after that in 2022, when Anthropic downloaded two million books, it knew that those books, too, had been pirated. *Id.* Plaintiffs offer no basis for concluding that Mann and Amodei's *OpenAI* documents and testimony about their work *at OpenAI* would be any more probative of the issue of *Anthropic's* willfulness than *Anthropic's* documents that Plaintiffs already have.

Plaintiffs also argue that the documents they seek from non-party OpenAI are relevant to the first fair use factor. Ltr. Mot. at 3. The Court, however, has already decided the issue of fair use. *See generally* Order on Fair Use. Because fair use has already been decided, Plaintiffs do not need any OpenAI documents based on any alleged relevance to the first fair use factor. In any event, Anthropic's own documents are the best evidence of why Anthropic did what Anthropic did. *See* Order on Fair Use at 5 (discussing Anthropic's goals and reasons for using books to train its models).

To the extent that they are relevant at all, documents about what Mann and Amodei did *at OpenAI* thus are cumulative. Fed. R. Civ. P. 26(b)(2)(C)(i). OpenAI, meanwhile, is a non-party, and Anthropic's direct competitor. *In re Apple iPhone Antitrust Litig.,* 2021 WL 485709, at *2 (denying motion to compel "competitively sensitive internal documents" from a non-party, where the documents would have only "minimal relevance"). Given the evidence Plaintiffs already have from Anthropic, the confidential testimony and documents Plaintiffs seek from non-party OpenAI are not proportional to the needs of their case.

The Court should not compel OpenAI to produce the second category of documents Plaintiffs seek—Mann and Amodei's OpenAI documents, regardless of whether they were introduced as exhibits at the Mann deposition—for an additional reason: in his capacity as counsel for plaintiffs in an OpenAI case, Justin Nelson, one of the Susman Godfrey attorneys representing Plaintiffs in *this* case against Anthropic, questioned Mann for hours at his OpenAI deposition. If Plaintiffs' own attorney declined to question Mann about a document at that deposition, it is strikingly unlikely that the document is anything other than cumulative.

OpenAI thus requests that the Court defer any ruling on the motion to compel until after it first resolves Anthropic's motion for leave to appeal the fair use order. When and if the Court does

Judge William Alsup
July 18, 2025
Page 3

address the motion to compel, OpenAI requests that Plaintiffs' motion be denied entirely, or at least with respect to the second category of documents sought.

Respectfully submitted,

Michael S. Kwun
Counsel for Non-Party OpenAI