**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**SUSMAN GODFREY**

July 18, 2025

**VIA ECF**
Judge William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

      RE:   *Bartz et al. v. Anthropic PBC*, Case Number 3:24-cv-05417 (N.D. Cal.)
            Response to Anthropic's July 11, 2025 Letter Motion to Compel
            Discovery Responses

Dear Judge Alsup:

      Plaintiffs write to oppose Anthropic's inappropriate letter motion. *See* ECF No. 239. Anthropic seeks an order directing Plaintiffs to produce documents and discovery responses that *Plaintiffs agreed to—and already did—produce*. On July 8, three days before Anthropic filed its motion, Plaintiffs agreed to substantially complete their document productions by July 17. ECF No. 239-2 at 2–3. Plaintiffs also agreed to supplement their responses to contention Interrogatories Nos. 3, 8, 9, and 12. *Id*. As of this writing, Plaintiffs have substantially completed their production of documents and remain on track to supplement these interrogatories by the end of this month. Declaration of Jacob S. Miller ("Miller Decl.") ¶¶ 7–10.

      Anthropic has once again[1] failed to honor its commitments in discovery by failing to substantially complete its own production by the end of June. Miller Decl. Ex. A. Indeed, despite Plaintiffs' compliance, Anthropic has not even responded to Plaintiffs' request for a *new* substantial completion deadline or a date by which Anthropic will supplement its own contention interrogatory responses. Miller Decl. ¶ 6. Instead, faced with these requests, Anthropic filed a motion seeking relief that Plaintiffs already agreed to provide. There is no live dispute, and the Court should deny Anthropic's motion as moot.

      **Background.** On June 30, 2025, Anthropic first requested (1) a deadline for substantial completion of Plaintiffs' rolling production of documents responsive to agreed-upon search terms; and (2) that Plaintiff supplement their February 18, 2025 responses to Interrogatory Nos. 3, 8, 9, and 12. ECF No. 239-2 at 8–9. Plaintiffs promptly responded on July 1, stating that they would review the relevant interrogatories and offering times to meet and confer. *Id.* at 5. The parties conferred the very next day, on July 2. Plaintiffs agreed to provide a substantial completion deadline and confirm whether they would supplement their interrogatory responses. *Id.* at 3. On

---

[1] *See generally* ECF No. 86.

Judge William H. Alsup
July 18, 2025
Page 2

July 8, Plaintiffs agreed to substantially complete their production of documents responsive to search terms by July 17, and to supplement their responses to the relevant interrogatories pursuant to Fed. R. Civ. P. 26(e). *Id.* at 2. Because Anthropic already failed to honor its agreement to substantially complete its own production by the end of June, Plaintiffs insisted that Anthropic likewise complete its production by July 17. Miller Decl. ¶ 5. Plaintiffs also requested that Anthropic propose a date by which the parties would agree to mutual supplementation of all contention interrogatory responses.

Instead of responding to Plaintiffs' offer or further conferring, Anthropic filed its letter motion. *See* ECF No. 239. Then, the next day, Anthropic served a new set of contention interrogatories, which requested that Plaintiffs "state all facts that support" their supplemental responses to Interrogatory Nos. 8 and 9.

**Argument.** Anthropic's motion was moot upon filing and serves no useful purpose. Anthropic's own exhibits confirm that Plaintiffs agreed to (1) supplement their responses to Interrogatory Nos. 3, 8, 9, and 12; and (2) substantially complete their document production by July 17. ECF No. 239-2. Plaintiffs timely completed that production and will supplement by the end of this month. Miller Decl. ¶¶ 7–10. Anthropic "can win no effective relief" from its letter motion and the Court should deny it as moot. *Koller v. Harris*, 312 F. Supp. 3d 814, 822 (N.D. Cal. 2018); *see also SanDisk3D IP Holdings Ltd. v. Viasat, Inc.*, No. 22-CV-04376-HSG (PHK), 2025 WL 823785, at *8 (N.D. Cal. Mar. 14, 2025) (denying as moot plaintiff's motion to compel production of slide deck where defendant represented that it already produced the deck); *Availink, Inc. v. Texas Instruments, Inc.*, No. 22-CV-06947-EKL (PHK), 2025 WL 1592734, at *3 (N.D. Cal. June 5, 2025) (denying as moot motion to compel production of documents where defendant produced the requested documents); *Floyd v. Saber Fitness Hegenberger, LLC*, No. 24-CV-01278-TSH, 2025 WL 1009361, at *1 (N.D. Cal. Apr. 4, 2025) (noting that plaintiff's motion to compel production of documents would be mooted where defendant confirmed that it would produce all relevant non-privileged documents in response to the request); *Medal v. Amazon.com Servs.*, LLC, No. 2:23-CV-01975-JHC, 2025 WL 1827735, at *3 (W.D. Wash. July 2, 2025) (denying plaintiff's motion to compel discovery responses as moot where defendant "represented that it intends to comply with the Court's June 11th Order and will provide Plaintiffs with amended, supplemental discovery responses."); *Merrick v. Inmate Legal Servs.*, No. CV1301094PHXSPLBSB, 2017 WL 11492644, at *1 (D. Ariz. May 17, 2017) (denying defendant's motion to compel as moot where plaintiff responded to the discovery requests defendant sought to compel).

Plaintiffs respectfully request the Court deny Anthropic's letter motion to compel as moot.

Respectfully submitted,

Judge William H. Alsup
July 18, 2025
Page 3

| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | SUSMAN GODFREY LLP |
|---|---|
| /s/ Rachel Geman<br>Rachel Geman | /s/ Rohit Nath<br>Rohit Nath |

Judge William H. Alsup
July 18, 2025
Page 4

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 18, 2025

                                                                         */s/ Rachel J. Geman*