**VIA ECF**
Judge William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

        RE:    *Bartz et al. v. Anthropic PBC*, Case Number 3:24-CV-05417-WHA
              (N.D. Cal.) Plaintiffs' Letter Motion to Compel

1

3281619.2

Dear Judge Alsup:

With the end of discovery fast approaching, a December 1st trial on the LibGen and PiLiMi Class's claims, Plaintiffs respectfully request an order directing Anthropic to search for and produce (i) board minutes related to three specific topics, (ii) its basic financial statements, and (iii) documents and communications its founders had about whether Anthropic should be founded as a for profit, a not-for-profit, or (as they eventually decided) a "Public Benefit Corporation." Additionally, Plaintiffs request that the Court order Anthropic to run ten (10) search terms and produce the relevant documents. The parties have met and conferred about these issues several times but remain at an impasse.

**Issue One: RFPs 39, 43, and 100**

Anthropic has refused to produce documents as to these three RFPs despite their obvious relevance and minimal burden. That is improper and must be corrected.

**RFP No. 39**: "All minutes of meetings of Your board of directors, and Documents provided to Your board of directors, that Concern or Relate to Your training data; Your intention to commercialize, monetize, or productize Your LLMs; or projections regarding revenues or profits for particular products or for You as a whole."

The limited scope of the board minutes sought by this RFP relates to key issues in this case, namely, Anthropic's decision to commercialize and monetize its activities, Anthropic's beliefs regarding its future financial performance, and the company's state of mind in acquiring copyrighted books. Anthropic objects that the request is overbroad and unduly burdensome. However, it has neither articulated any particularized burden nor demonstrated a lack of relevance. To the contrary, what Anthropic as a corporation knew and understood regarding its data, its commercial activities, and its future financial prospects will be highly relevant to the forthcoming trial on damages and Anthropic's central library. *See, e.g., Vasudevan Software, Inc. v. MicroStrategy Inc.*, 2013 WL 597655, *1 (N.D. Cal. Feb. 15, 2013) (granting motion to compel production of board minutes and financial documents related to allegedly infringing products because "information about the value of the accused products and their other features is obviously relevant"); *Lieberman v. Unum Grp.*, 2021 WL 4807643, at *5 (C.D. Cal. Oct. 14, 2021) (granting motion to compel production of board minutes over objections of burden and privilege where relevant to plaintiff's claim that defendants had repeatedly denied meritorious insurance claims). The Court should order the limited production of board minutes sought by this RFP.

**RFP No. 43**: "Your balance sheet, income statement, and cash flow statement, on a monthly basis."

While Anthropic has agreed to produce income statements on a monthly basis and revenue projections, it has refused to produce any balance sheet or cash flow statements. As the Court is well aware, however, these financial statements are together necessary to provide an accurate picture of Anthropic's financial condition over time, facts which are directly relevant to statutory damages. *See, e.g.*, *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 926, 928 (N.D. Cal. 2009) ("[t]o determine the amount of statutory damages, courts consider such factors as … the expenses saved and the profits reaped"); *Warm v. Innermost Ltd.*, 2024 WL 3467803, at *4 (C.D. Cal. June 25, 2024) (ordering produced the "total global sales, revenue, and profits of the products at issue" and finding such material "relevant for discovery purposes," in particular as to defendant's "potential willfulness or knowledge of any infringing activities"); *Bangkok Broad. & T.V. Co., LTD. v. IPTV*

*Corp.*, 2010 WL 11523703, at *4 (C.D. Cal. Feb. 12, 2010) (granting motion to compel "all documents concerning [defendant's] exploitation of the copyrighted works at issue, including … financial information such as gross revenue …, annual and quarterly reports, and … profits and losses" for relevant time period). Anthropic offers no serious contention regarding burden: it has existed only since 2021, so month-by-month balance sheets and cash flow statements would just amount to some 86 documents in total.

**RFP No. 100**: "Documents Concerning or Relating to Anthropic's founding, Including the decision to incorporate Anthropic in Delaware."

Plaintiffs have agreed to narrow the scope of this RFP to encompass only communications between and among Anthropic's cofounders regarding the decision to incorporate as a Public Benefit Corporation ("PBC") in Delaware, including financial motivations for Anthropic's founding. Yet Anthropic has refused to produce anything in response to this RFP apart from (1) its certificate of incorporation, and (2) its public benefit mission statement prepared as part of its Series A investment. Because Anthropic emphasizes its status as a PBC in its public communications regarding its differences from traditional "for profit" entities, because that PBC form relates to the valuation of the company and the motivations behind its founders' actions, and because Anthropic refuses to agree that it will refrain from offering any argument on that issue at the forthcoming trial, the Court should order the limited additional discovery that Plaintiffs seek.

The limited additional material sought by Plaintiffs directly addresses Anthropic's contention that its status as a PBC renders it "different" from a traditional for-profit corporation or that its motives were non-financial. In fact, however, Anthropic's choice to incorporate as a PBC in Delaware may have actually been driven by the fact that PBCs under California Law reportedly are forbidden from distributing profits, gains, or dividends to any person, thereby centralizing profits in Anthropic itself. *See "Eleven OpenAI Employees Break Off to Establish Anthropic, Raise $124 Million"*, Sebastian Moss, June 2, 2021, accessible at https://aibusiness.com/verticals/eleven-openai-employees-break-off-to-establish-anthropic-raise-124m#close-modal.

Plaintiffs informed Anthropic that if it was willing to forgo any argument related to its corporate form and the motivations undergirding its corporate form at trial, Plaintiffs would agree to withdraw this request. Anthropic refused, leaving Plaintiffs in the untenable position of lacking materials relevant to challenging an argument Anthropic may rely on at trial. Nor has Anthropic articulated any burden to collecting this limited scope of material. The Court should thus order Anthropic to search for and produce the documents and communications among its cofounders responsive to this RFP.

**Issue Two: Search Terms**

Anthropic is refusing to run, review, and produce the results of ten search terms despite Plaintiffs' significant compromises, including excluding tens of thousands of family members from Anthropic's obligation to review and produce. The disputed terms fall into two specific categories, both of which are critical to this case.

First, there are two search strings relating to the negative impacts that Anthropic's conduct may have on the market for authors and their works. Those strings are "("destr*" OR "eliminat*" OR "los*") W/3 "job*" and "replac*" W/5 ("writ*" OR "author*"). Anthropic has not provided hit counts for these strings (which already represent a compromise by Plaintiffs from earlier terms which had looser proximity requirements), but instead simply asserts they are overbroad. Even

3

using the last hit counts Anthropic provided—which were run on significantly broader terms and do not appear deduplicated—Anthropic would have to review at most 4,527 documents. *See, e.g.*, *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 11917874 (N.D. Cal. July 31, 2017) (Alsup, J.) (granting motion to compel production of "all responsive documents" because they were "highly relevant to [plaintiff's] damages" where insufficient evidence that producing documents would be burdensome or disproportionate to the needs of the case); *Acclaim Lighting, Inc. v. Bruck*, No. 217CV00147RFBGWF, 2018 WL 11409432 (D. Nev. Apr. 6, 2018) (granting motion to compel responses to production of documents where documents "highly relevant to Plaintiff's damages" where defendants did not provide sufficient explanation on burden or expense).

Second, there are search terms and strings relating to Anthropic's knowledge and use of copyrighted material in its operations. These terms are "Finch," "copyright*" W/5 subject, "copyright*" W/5 "issue*", copyright* W/3 data, "copyright*" W/5 "concern*", copyright* W/3 "work*", "infring*" W/10 "copyright*", and copyright* W/3 "material*.

Anthropic's claims that these terms are duplicative and / or overbroad are without merit. These terms go to the heart of Anthropic's conduct in acquiring copyrighted material and the core of Anthropic's knowledge (*e.g.*, its "concerns" or "issues" stemming from the acquisition and use of copyrighted works). Even now, Anthropic is just producing highly relevant documents related to LibGen and PiLiMi which relate to custodians and search terms that Anthropic had previously represented it had completed production of prior to summary judgment—for instance, in a 15,000-document production made just this past weekend.

Plaintiffs have serious concerns that without these terms, documents reflecting Anthropic's state of mind and its motivations behind its conduct will go unreviewed and unproduced. Given their core relevance, moreover, these terms represent only a marginal burden on Anthropic. Anthropic has not provided updated or deduplicated hit counts but at most, these terms would comprise ~32,425 documents in total. As noted, Plaintiffs expect the actual number to be far, far lower given the likelihood that these hits contain duplicates or include documents which are already being reviewed and produced.

Given the scope and focus of the forthcoming trial, Anthropic should review and produce from these terms.

Respectfully Submitted,

LIEFF CABRASER HEIMANN &  
BERNSTEIN, LLP

SUSMAN GODFREY LLP

*/s/ Rachel Geman*  
Rachel Geman

*/s/ Justin Nelson*  
Justin Nelson

4