**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**SUSMAN GODFREY**

July 24, 2025

**VIA ECF**
Judge William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

      RE: *Bartz et al. v. Anthropic PBC*, Case Number 3:24-CV-05417-WHA (N.D. Cal.) re: Court's Request for Information Regarding Anthropic's Reliance on Advice of Counsel

Dear Judge Alsup:

  In response to the Court's recent order seeking information regarding Anthropic's reliance on advice of counsel, *see* Dkt. 269, Plaintiffs state the following:

  Anthropic has not pleaded an advice of counsel defense and has never identified any counsel on its Rule 26(a) disclosures, including in a supplemental disclosure provided to Plaintiffs this week. It is too late to change course now. *See* Anthropic's Answer to Pls.' FAC, Dkt. 72 at pp. 10-12; Dkt. 49 (scheduling order).

  Anthropic has, however, pleaded at least two affirmative defenses that turn on its state of mind. In its Eleventh Affirmative Defense of "Innocent Infringement," Anthropic states that its infringement was "innocent" and thus that statutory damages should be reduced "as low as $200 per work infringed." Dkt. 72 at 12 (citing 17 U.S.C. § 504(c)(2)). Anthropic has similarly asserted a defense of "Volitional Conduct," in which Anthropic alleges that it "did not have the volition required to be liable for copyright infringement." *Id.* at 10 (Third Affirmative Defense).

  By asserting privilege over materials relevant to these affirmative defenses, as well as to its denial of willfulness more generally, Anthropic has selectively used privilege as both a sword and a shield, comparable to situations where a party improperly asserts an advice of counsel defense in that manner. It is well established, however, that "[t]he privilege which protects attorney-client communications may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). To the contrary, "[w]here a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Id.* (citing *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)); *see also Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (affirming preclusion of reliance on advice-of-counsel defense to defeat claim

1

of willfulness at trial where party had previously asserted privilege over the communications); *Arista Recs. LLC v. Lime Grp. LLC*, No. 06-cv-5936, 2011 WL 1642434, at *3 (S.D.N.Y. Apr. 20, 2011) (precluding defendants "from offering evidence or argument at trial regarding their purported belief in the lawfulness of their conduct" because "a party may not assert that it believed its conduct was lawful, and simultaneously claim privilege to block inquiry into the basis for the party's state of mind or belief").

Anthropic's most recent privilege log served on July 20, 2025, suggests that Anthropic seeks to maintain privilege over several documents that bear on its state of mind, including entries from the time period immediately before Anthropic torrented LibGen and entries from the period when Anthropic ceased using LibGen and Pilimi in its models "for legal reasons." Dkt. 231 (Order on Fair Use) at 2–3. Anthropic must therefore be required to elect either:

(1) to withdraw its Third and Eleventh Affirmative Defenses and be barred from offering evidence or argument at trial regarding its purported belief in the lawfulness of its conduct, *see Arista Recs.*, 2011 WL 1642434, at *3; or

(2) by August 7th, to produce and un-redact all purportedly privileged documents related to its knowledge of, or belief in, the (il)legality of its conduct (and allow its witnesses, including 30(b)(6) witnesses, to testify regarding the same).

Respectfully Submitted,

| | |
|---|---|
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | SUSMAN GODFREY LLP |
| */s/ Rachel Geman* | */s/ Justin Nelson* |
| Rachel Geman | Justin Nelson |