| | |
|---|---|
| COOLEY LLP<br>KATHLEEN R. HARTNETT (314267)<br>(khartnett@cooley.com)<br>3 Embarcadero Center<br>20th Floor<br>San Francisco, CA  94111-4004<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693 2222<br><br>ARNOLD & PORTER KAYE SCHOLER LLP<br>DOUGLAS A. WINTHROP (183532)<br>(Douglas.Winthrop@arnoldporter.com)<br>JOSEPH FARRIS (263405)<br>(Joseph.Farris@arnoldporter.com)<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111-4024<br>Telephone: (415) 471-3100<br>Facsimile: (415) 471-3400<br><br>Attorneys for Defendant<br>ANTHROPIC PBC<br><br>(Additional Counsel on Next Page) | MORRISON & FOERSTER LLP<br>Daralyn J. Durie (169825)<br>(Ddurie@mofo.com)<br>425 Market Street<br>San Francisco, CA  94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br><br>MORRISON & FOERSTER LLP<br>Whitney R. O'Bryne (325698)<br>(WOByrne@mofo.com)<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017-3543<br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454<br><br>Attorneys for Defendant<br>ANTHROPIC PBC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, CHARLES GRAEBER, and KIRK WALLACE JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-cv-05417-WHA<br><br>Action Filed: August 19, 2024<br><br>**DEFENDANT ANTHROPIC PBC'S MOTION FOR STAY**<br><br>Hearing Date:  August 28, 2025<br>Hearing Time:  8:00 a.m.<br>Judge: Honorable William H. Alsup |

COOLEY LLP
EPHRAIM MCDOWELL (*pro hac vice*)
(emcdowell@cooley.com)
ALEXANDER J. KASNER (310637)
(akasner@cooley.com)
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

ARNOLD PORTER & KAYE SCHOLER LLP
JESSICA L. GILLOTTE (333517)
(Jessica.Gillotte@arnoldporter.com)
ESTAYVAINE BRAGG (341400)
(Estayvaine.Bragg@arnoldporter.com)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

LEX LUMINA LLP
MARK LEMLEY (155830)
(mlemley@lex-lumina.com)
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (213) 600-6063

MORRISON & FOERSTER LLP
Ramsey W. Fisher (334228)
(RamseyFisher@mofo.com)
Jackson Lane (351633)
(jlane@mofo.com)
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MORRISON & FOERSTER LLP
Fitz Beckwith Collings (*pro hac vice*)
(fcollings@mofo.com)
Mary Prendergast (272737)
(MPrendergast@mofo.com)
Aditya Vijay Kamdar (324567)
(AKamdar@mofo.com)
2100 L Street, N.W.
Washington, DC 20037
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

Attorneys for Defendant
ANTHROPIC PBC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANTHROPIC PBC'S
MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT**, on August 28, 2025, at 8:00 a.m., or as soon thereafter as may be heard, Defendant Anthropic PBC ("Anthropic") will and hereby does move this Court for an order staying these proceedings pending the Ninth Circuit's resolution of Anthropic's forthcoming Federal Rule of Civil Procedure 23(f) petition for permission to appeal this Court's order granting class certification (ECF No. 244, or the "Class Certification Order"), to be filed with the Ninth Circuit by July 31, 2025, and any subsequent appeal; and, additionally, for an order staying these proceedings if the Court certifies the order denying in part Anthropic's motion for summary judgment (ECF No. 231, or the "Summary Judgment Order") for interlocutory appeal under 28 U.S.C. § 1292(b), which is set for hearing by the Court on August 28, 2025. This motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, the papers on file in this action, and such other and further evidence or argument that the Court may consider.

# STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should stay these proceedings pending the Ninth Circuit's resolution of Anthropic's forthcoming Rule 23(f) petition and any subsequent appeal, and if the Court certifies the Summary Judgment Order for interlocutory appeal under 28 U.S.C. § 1292(b).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case is one of many putative class actions against leading technology companies for alleged copyright infringement related to the development of revolutionary generative artificial intelligence technology.[1]  Each case turns on how the fair use defense applies to the training of large language models (LLMs), including on datasets from so-called "pirate" websites. Late last

---

[1] *See, e.g.*, *Denial et al. v. OpenAI, Inc. et al.*, No. 25-cv-05495 (N.D. Cal. June 30, 2025); *Bird v. Microsoft Corp.*, No. 25-cv-05282, (S.D.N.Y. June 24, 2025); *In re Mosaic LLM Litig.*, No. 24-cv-01451 (N.D. Cal. Mar. 8, 2024); *Nazemian v. NVIDIA Corp.*, No. 24-cv-01454 (N.D. Cal. Mar. 8, 2024); *Authors Guild v. OpenAI Inc.*, No. 23-cv-08292 (S.D.N.Y. Sept. 19, 2023), MDL No. 3143; *In re Google Generative AI Copyright Litig.*, No. 23-cv-03440 (N.D. Cal. July 11, 2023); *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, (N.D. Cal. July 7, 2023); *Tremblay v. OpenAI, Inc.*, No. 25-cv-03482 (S.D.N.Y. June 28, 2023), MDL No. 3143.

month, the Court issued a Summary Judgment Order reaching novel legal conclusions on these topics that starkly conflict with a summary judgment ruling in another case in the District. And just last week, the Court certified a massive and uncertain damages class, likely numbering in the millions, and ordered a novel notice plan that, among other things, involves class members identifying and giving notice to competing class members. To date, the Court has made clear it intends to hold trial under this framework in just four months, thereby exposing Anthropic to potentially billions of dollars in liability.

The Court should issue a stay pending potential appellate guidance on the weighty issues presented, particularly given the potentially profound and unfair harm to Anthropic from further litigation and a trial under the present framework. By July 31, 2025, Anthropic will file a Rule 23(f) petition in the Ninth Circuit seeking permission to appeal this Court's Class Certification Order. The Ninth Circuit typically takes about three months to rule on a Rule 23(f) petition, although in some cases takes over 120 days to do so, meaning that Anthropic's petition may not be resolved until near, during, or after the December 1 trial date.[2]

Absent the requested stay, the parties will be required to complete discovery, pre-trial preparations, class notice and opt-out procedures and potentially trial—all while the Ninth Circuit considers an appeal of core legal issues that could end or significantly change this litigation. Courts, including this one, have not hesitated to issue stays pending resolution of Rule 23(f) petitions and when certifying questions for interlocutory appeal pursuant to Section 1292(b). If this Court denies a stay, Anthropic intends to seek one from the Ninth Circuit in conjunction with its Rule 23(f) petition, in order to pause these proceedings and avoid wasted resources while the Ninth Circuit decides whether to grant review.

The applicable factors all weigh strongly in favor of a stay. First, Anthropic's Rule 23(f) petition has—at a minimum—the required fair prospect of success. The Class Certification Order involves "an unsettled and fundamental issue of law relating to class actions" and also creates a likely "death-knell situation" for this litigation, because Anthropic may be forced into settlement

---

[2] Joseph R. Palmore, *How Do Rule 23(f) Petitions Fare in the Ninth Circuit?*, Morrison Foerster (June 30, 2022), https://classdismissed.mofo.com/topics/how-do-rule-23f-petitions-fare-in-the-ninth-circuit-camt.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ANTHROPIC PBC'S
MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

1  negotiations regardless of the strength of its case. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005). Anthropic's motion to certify the Summary Judgment Order for interlocutory appeal under Section 1292(b) likewise has at least the required fair prospect of success, given that it presents controlling questions of law on which reasonable jurists in this District have disagreed.

Second, Anthropic will be irreparably injured absent a stay, as potentially millions of people and companies will receive class notice that may need to be retracted or modified substantially, creating confusion among potential plaintiffs and inflicting reputational harms on Anthropic that cannot be unwound. All parties also will be irreparably injured by the significant additional litigation that will occur in the coming months absent a stay—all of which may need to be redone.

Third, a stay would not substantially injure Plaintiffs, who seek monetary damages and can continue to do so if they prevail on appeal.

Finally, the public interest weighs in favor of a stay. If either of this Court's orders is reversed or revised on appeal, any discovery, class notice, and trial that took place during appeal may well need to be undone or redone, rendering fruitless the time and effort of jurors, class members, the Court, and the parties. Moreover, the groundbreaking legal issues presented by this case and the many others like it should be resolved in a fair and orderly fashion by the Court of Appeals before a class trial here, which carries the specter of unprecedented and potentially business-threatening statutory damages against the smallest one of the many companies developing LLMs with the same books data. In short, the public interest would be well-served by a stay that allows this and similar cases to proceed with appellate guidance.

## II. BACKGROUND

On July 14, 2025, Anthropic filed a motion seeking to certify the Summary Judgment Order for interlocutory appeal under 28 U.S.C. § 1292(b), or, in the alternative, for leave to move for reconsideration of the Summary Judgment Order under Northern District of California Civil Local Rule 7-9. *See* ECF No. 241.[3] The certification motion is set for hearing before this Court on August 28, 2025. On July 17, 2025, this Court granted Plaintiffs' motion for class certification as to the

---

[3] Further background and context for Anthropic's certification motion is contained in that motion. *See* ECF No. 241.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ANTHROPIC PBC'S
MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

"LibGen & PiLiMi Pirated Books Class." See ECF No. 244. By July 31, 2025, Anthropic will file a Rule 23(f) petition in the Ninth Circuit seeking permission to appeal the Court's Class Certification Order.

Litigation is proceeding quickly toward a December 1, 2025 trial. Fact discovery is set to close on August 29, 2025; expert discovery is set to commence with opening expert reports on August 29, 2025; motions related to fact discovery must be filed by September 5, 2025; opposition expert reports must be disclosed by September 12, 2025; reply expert reports must be disclosed by September 19, 2025; dispositive motions must be filed by October 1, 2025; expert discovery is set to close on October 3, 2025; motions related to expert discovery must be filed by October 10, 2025; and the final pre-trial conference is scheduled for November 19, 2025.

In addition, the parties now must carry out the notice procedures set forth in the Class Certification Order. By August 15, 2025, both parties must "submit a single agreed-on proposed form of notice" and "a plan for distribution of notice." Class Certification Order at 30. And by September 1, 2025, Plaintiffs must produce "a per work list in the form of a CD with a table having columns for title, author, publisher, copyright registration number, copyright-registered author," "copyright-registered claimant," and "ISBN and/or ASIN." Id. at 16-17. Absent an issue with Plaintiffs' September 1, 2025 submission, presumably the Court will thereafter direct that class notice be disseminated.[4]

### III. ARGUMENT

District courts and courts of appeals routinely grant stays pending resolution of a Rule 23(f) petition and appeal. See, e.g., Patel v. Facebook, Inc., No. 18-80053, ECF No. 24 (9th Cir. May 29, 2018); Solano v. Kroger Co., 2024 WL 5245561, at *4 (D. Or. Nov. 18, 2024); Romero v. Securus Techs., Inc., 383 F. Supp. 3d 1069, 1077 (S.D. Cal. 2019); Senne v. Kansas City Royals Baseball Corp., 2017 WL 5973487, at *4 (N.D. Cal. May 5, 2017); Brown v. Wal-Mart Stores, Inc., 2012 WL 5818300, at *5 (N.D. Cal. Nov. 15, 2012); Gray v. Golden Gate Nat'l Recreational Area, 2011 WL 6934433, at *1 (N.D. Cal. Dec. 29, 2011); In re Apple & ATTM Antitrust Litig.,

---

[4] The Class Certification Order appears to contemplate a *Daubert* process before notice goes out. Class Certification Order at 17 n.3. This necessary process does not appear to allow notice and opt-outs to happen in an orderly or appropriate fashion before trial.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ANTHROPIC PBC'S
MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

2010 WL 11489069, at *3-4 & n.11 (N.D. Cal. Sept. 15, 2010) ("courts routinely grant stays pending decision on Rule 23(f) petitions"). District courts also regularly grant stays pending "resolution of [an] interlocutory appeal" under Section 1292(b), recognizing that "[i]t would be a waste of judicial and party resources to proceed" with the case "while the appeal is pending." *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008); *see, e.g.*, *Silbersher v. Allergan Inc.*, 2021 WL 292244, at *3 (N.D. Cal. Jan. 28, 2021); *Mauia v. Petrochem Insulation, Inc.*, 2020 WL 1031911, at *4 (N.D. Cal. 2020); *Canela v. Costco Wholesale Corp.*, 2018 WL 3008532, at *4 (N.D. Cal. June 15, 2018); *Regents of Univ. of Cal. v. DHS*, 2018 WL 1210551, at *7 (N.D. Cal. Mar. 8, 2018) (Alsup, J.); *Senne*, 2017 WL 5973487, at *3-4; *Cobalt Partners, LP v. Sunedison, Inc.*, 2016 WL 4488181, at *8 (N.D. Cal. Aug. 26, 2016) (Alsup, J.). Such stays are granted as part of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

District courts apply a four-factor test when deciding whether to grant a stay pending a Rule 23(f) petition and appeal. Specifically, they consider: (1) whether the stay applicant has a "fair prospect" of success on the merits; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964, 967 (9th Cir. 2011). Here, all of these factors weigh in favor of a stay of proceedings in this Court.

### A. At a Minimum, Anthropic Has a Fair Prospect of Success on its Rule 23(f) Petition or its Section 1292(b) Motion

The first stay factor requires Anthropic to show that it "has a substantial case" or "fair prospect" of success on the merits. *Leiva-Perez*, 640 F.3d at 967-68. Anthropic need not "show[] that success is more likely than not." *Id.* at 968.

Here, Anthropic has at least a fair prospect of obtaining permission to appeal the Class Certification Order under Rule 23(f). The Ninth Circuit deems "[r]eview of class certification decisions" to "be most appropriate when" the "certification decision presents an unsettled and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

ANTHROPIC PBC'S
MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

fundamental issue of law relating to class actions"; "the district court's class certification decision is manifestly erroneous"; or "there is a death-knell situation for [the litigation] that is independent of the merits of the underlying claims." *Chamberlan*, 402 F.3d at 959.  While the presence of any one of those factors is sufficient to permit Rule 23(f) review, all three exist here.  Specifically, this Court's unprecedented decision to certify a copyright class of millions of rightsholders, many of whom may have shared interests in the same works, raises novel questions about the scope and manageability of copyright class actions.  That decision is also, in Anthropic's view, manifestly erroneous because of the many individualized issues presented, including ownership, registration, validity, substantial similarity, and damages.  And the certification decision places significant pressure on Anthropic to settle, regardless of the correct view of the merits, given the magnitude of potential damages liability it faces.

In addition, Anthropic has a substantial case for interlocutory appeal under Section 1292(b), which requires that an order "involve[] a controlling question of law as to which there is substantial ground for difference of opinion" and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  As explained in Anthropic's Section 1292(b) motion, this Court's Summary Judgment Order conflicts with another order presenting the same issues involving the same data and presents an important legal question concerning fair use that warrants immediate appellate review.  *See* ECF No. 241, at 7-16.

### B. Anthropic Will Be Irreparably Injured Absent a Stay

Anthropic faces irreparable injury without a stay.  Courts in the Ninth Circuit have routinely held that a defendant suffers irreparable harm if it is compelled to spend "substantial, unrecoverable time and resources" on litigation "where an appeal may result in decertification of the class."  *Romero*, 383 F. Supp. 3d at 1075; *see, e.g.*, *Senne*, 2017 WL 5973487, at *3 ("Should the Ninth Circuit reverse this Court's . . . Order on certification . . . , Defendants will suffer substantial harm if this action is not stayed pending appeal as they will have devoted very substantial time and resources on the litigation, particularly with respect to the completion of discovery, dispositive motions and trial preparation on class claims."); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 WL 4397175, at *3 (C.D. Cal. June 8, 2015) (monetary losses can be irreparable if "the imminence

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ANTHROPIC PBC'S
MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

of trial" means defendants "are forced to incur much of the expense of potentially unnecessary trial-oriented litigation" pending a decision on the 23(f) petition); *Pena v. Taylor Farms Pac., Inc.*, 2015 WL 5103157, at *4 (pretrial costs may be irreparable harm "when granting a motion to stay would avoid substantial, unrecoverable, and wasteful discovery costs"); *Gray*, 2011 WL 6934433, at *3 (defendant "suffer[s] substantial harm" if it is compelled to spend "substantial time and resources" on litigation "and the [district court] is later reversed on the issue of class certification").

Here, fact discovery is ongoing and scheduled to close on August 29, 2025. Immediately thereafter, expert discovery will commence with the disclosure of opening expert reports. Opposition and reply reports will be disclosed over the next few weeks, and expert discovery will close on October 3. In parallel, the parties may file motions related to fact discovery (due September 5), dispositive motions (due October 1), and motions related to expert discovery (due October 10). Jurors will then be summoned with trial set to begin in early December 2025. Absent a stay, this intensive litigation will occur even though it may ultimately need to be redone after appellate guidance is provided. *See Flo & Eddie*, 2015 WL 4397175, at *3-4 (Where "[t]rial in this case is fast-approaching," a stay pending 23(f) petition avoids the defendant having to "expend significant resources preparing for and likely actually trying the class action," while "concurrently" litigating 23(f) appeal—which it "will have to abandon in favor of a full-blown appeal of the final judgment if the trial concludes before an interlocutory appellate decision issues").

Proceeding with class notice absent a stay threatens Anthropic with irreparable reputational injury, as millions of potential class members would receive notice that may later prove unfounded if the certification order is reversed on appeal. Indeed, those reputational costs "would be completely unnecessary . . . if the class is decertified." *Romero*, 383 F. Supp. 3d at 1075; *see Willcox v. Lloyds TSB Bank, PLC*, 2016 WL 917893, at *7 (D. Haw. Mar. 7, 2016) (holding that "premature issuance of class notice could certainly damage [a defendant's] reputation," especially because "it is not clear whether each member of the putative class is aware of the pending litigation").

Finally, Anthropic faces potentially business-threatening liability and reputational harm from a trial under the Court's present framework. Anthropic should not be subject to such

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

ANTHROPIC PBC'S
MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

irreparable harm absent appellate guidance—particularly when other lower courts are resolving the same fair use questions involving the same books datasets against other companies differently and more favorably.

### C. Plaintiffs Will Not Be Harmed If a Stay Is Granted

There will be no substantial injury to Plaintiffs if the Court stays the case pending Anthropic's Rule 23(f) petition or Section 1292(b) interlocutory appeal. Plaintiffs seek monetary damages as a classwide remedy. *E.g.*, Class Certification Mot. (ECF No. 125) at 13 (seeking to "maximiz[e] recovery in and compensation for" Anthropic's alleged copyright infringement); *see* Summary Judgment Order at 31-32 (confirming remedy phase at trial would resolve any "resulting damages, actual or statutory"). If the Ninth Circuit ultimately upholds that theory of liability, then Plaintiffs' harms can be adequately remedied by damages. As this Court has explained when granting a stay, "a delay in recovering monetary damages (as opposed to injunctive or declaratory relief) does not constitute 'a strong showing in support of [the] assertion that [a plaintiff] will suffer irreparable damage and a miscarriage of justice.'" *Hung v. Tribal Techs.*, 2014 WL 12812429, at *2 (N.D. Cal. Sept. 18, 2014) (alteration in original) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962)).

### D. The Public Interest Favors a Stay

"[T]he public . . . has an interest in efficient use of judicial resources." *Romero*, 383 F. Supp. 3d at 1077; *see Brown*, 2012 WL 5818300, at *5. Here, a stay will maximize efficiency. The Ninth Circuit—which averages three months to resolve a Rule 23(f) position, but which can take over 120 days to do so—may not rule on Anthropic's Rule 23(f) petition until discovery is complete, the notice and opt-out process has occurred, and potentially even trial has begun. If the Ninth Circuit were to grant review and reverse either of this Court's orders, then all the work by the parties, the jurors, and Court could be wasted. *E.g.*, *Karoun Dairies, Inc. v. Karlacti, Inc.*, 2013 WL 4716202, at *4 (S.D. Cal. Sept. 3, 2013) (granting stay pending Ninth Circuit resolution given "hardship or inequity on behalf of all those involved—the litigants, the witnesses, the jury members, and the Court—if a stay is denied"); *Brown*, 2012 WL 5818300, at *5 (granting stay to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

ANTHROPIC PBC'S
MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

"prevent[] potentially wasteful work on the part of the court and the parties while the Ninth Circuit considers the serious legal question raised by Defendant's Rule 23(f) petition").

Moreover, if the Ninth Circuit were to issue an opinion clarifying or revising this Court's orders, then discovery and trial could have to be redone under a different legal framework. Even if the Ninth Circuit affirms entirely, a stay allows the parties and the Court to proceed with confidence. In all events, allowing these proceedings to continue while appellate proceedings are pending could well lead to "an inefficient use of resources." *Johnson v. Merck & Co., Inc.*, 2007 WL 754882, at *2 (N.D. Cal. Mar. 8, 2007) (Alsup, J.) (granting stay); *see, e.g.*, *Senne*, 2017 WL 5973487, at *4 (granting stay because the Ninth Circuit's decision on appeal might make it "necessary to decide a second round of dispositive motions and conduct a second trial"); *Gray*, 2011 WL 6934433, at *3 (finding that "a stay would avoid wasting resources on a class action litigation which might be changed in scope on appeal").

The public interest would also be well served by allowing appellate input prior to any trial against Anthropic—notably, the smallest of the LLM companies facing similar lawsuits—that raises the specter of billions of dollars in potential liability. As explained, many putative class actions against many technology companies based on the same conduct are working their way through the courts. It does not serve the public interest to have the trial against Anthropic occur prior to orderly appellate review of the vitally important questions presented about this transformative technology.

### IV.    CONCLUSION

The Court should stay these proceedings pending resolution of Anthropic's Rule 23(f) petition, and if the petition is granted, its Ninth Circuit appeal. In addition, if the Court certifies the Summary Judgment Order for interlocutory review, the Court should also stay these proceedings until the final resolution of proceedings in the Ninth Circuit.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

ANTHROPIC PBC'S
MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

| | |
|---|---|
| Dated: July 24, 2025 | COOLEY LLP |
| | |
| | By: */s/ Kathleen R. Hartnett* |
| | Kathleen R. Hartnett |
| | |
| | *Attorneys for Defendant* |
| | *Anthropic PBC* |

## CERTIFICATE OF SERVICE

I, Kathleen Hartnett, am the ECF user whose identification and password are being used to file the foregoing Defendant Anthropic PBC's Motion for Stay.

Dated: July 24, 2025

By: */s/ Kathleen R. Hartnett*
Kathleen R. Hartnett

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

ANTHROPIC PBC'S
MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA