| | |
|---|---|
| Justin A. Nelson (*pro hac vice*)<br>Alejandra C. Salinas (*pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002-5096<br>Telephone: (713) 651-9366<br><br>Rohit D. Nath (SBN 316062)<br>**SUSMAN GODFREY L.L.P.**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-2906<br>Telephone: (310) 789-3100<br><br>Jordan W. Connors (*pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 516-3880<br><br>J. Craig Smyser (*pro hac vice*)<br>Samir H. Doshi (*pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>One Manhattan West, 51st Floor,<br>New York, NY 10019<br>Telephone: (212) 336-8330<br><br>*Co-Lead Counsel* | Rachel Geman (*pro hac vice*)<br>Jacob S. Miller (*pro hac vice*)<br>Danna Z. Elmasry (*pro hac vice*)<br>**LIEFF CABRASER HEIMANN<br>& BERNSTEIN, LLP**<br>250 Hudson Street, 8th Floor<br>New York, New York 10013-1413<br>Telephone: (212) 355-9500<br><br>Daniel M. Hutchinson (SBN 239458)<br>Reilly T. Stoler (SBN 310761)<br>Jallé H. Dafa (SBN 290637)<br>**LIEFF CABRASER HEIMANN<br>& BERNSTEIN, LLP**<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br><br>Betsy A. Sugar (*pro hac vice*)<br>**LIEFF CABRASER HEIMANN<br>& BERNSTEIN, LLP**<br>222 2nd Avenue S., Suite 1640<br>Nashville, TN 37201<br>Telephone: (615) 313-9000<br><br>*Co-Lead Counsel*<br><br>Scott J. Sholder (*pro hac vice*)<br>CeCe M. Cole (*pro hac vice*)<br>**COWAN DEBAETS ABRAHAMS<br>& SHEPPARD LLP**<br>60 Broad Street, 30th Floor<br>New York, New York 10010<br>Telephone: (212) 974-7474<br><br>*Additional Counsel for the Class* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No.: 3:24-cv-05417-WHA<br><br>**PLAINTIFFS' OPPOSITION TO ANTHROPIC'S MOTION TO STAY** |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................... 1
II. LEGAL STANDARD ............................................................................................................... 2
III. ARGUMENT ............................................................................................................................ 3
   A. Anthropic has Not Shown it is Likely to Succeed on the Merits................................... 3
      1. Rule 23(f) Petition................................................................................................ 3
      2. 1292(b) Motion .................................................................................................... 4
   B. Anthropic Will Not be Irreparably Injured Absent a Stay.............................................. 5
   C. Plaintiffs Will Be Substantially Injured by a Stay.......................................................... 7
   D. A Stay Will Not Be in the Public Interest...................................................................... 7
IV. CONCLUSION ........................................................................................................................ 8

# TABLE OF AUTHORITIES

Page

**Cases**

*Al Otro Lado v. Wolf*,
   952 F.3d 999 (9th Cir. 2020).................................................................................................. 2

*Alfred v. Pepperidge Farm, Inc.*,
   2017 WL 11558468 (C.D. Cal. May 19, 2017) ...................................................................... 5

*Biomet Biologics, LLC v. Bio Rich Med., Inc.*,
   2011 WL 4448972 (C.D. Cal. Sept. 26, 2011)........................................................................ 7

*Brown v. Wal-Mart Stores, Inc.*,
   2012 WL 5818300 (N.D. Cal. Nov. 15, 2012).................................................................... 6, 8

*Canchola v. Allstate Ins. Co.*,
   2025 WL 1712395 (C.D. Cal. May 12, 2025) .................................................................... 3, 5

*Chamberlan v. Ford Motor Co.*,
   402 F.3d 952 (9th Cir. 2005).................................................................................................. 3

*F.T.C. v. Standard Oil Co. of Cal.*,
   449 U.S. 232 (1980) ............................................................................................................... 5

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
   2015 WL 4397175 (C.D. Cal. June 8, 2015) ......................................................................... 6

*Gray v. Golden Gate Nat'l Recreational Area*,
   2011 WL 6934433 (N.D. Cal. Dec. 29, 2011) ....................................................................... 6

*Henley v. Jacobs*,
   2019 WL 8333448 (N.D. Cal. Oct. 25, 2019)........................................................................ 4

*Hung v. Tribal Techs.*,
   2014 WL 12812429 (N.D. Cal. Sept. 18, 2014) .................................................................... 7

*James v. Price Stern Sloan, Inc.*,
   283 F.3d 1064 (9th Cir. 2002)................................................................................................ 5

*Johnson v. Merck & Co., Inc.*,
   2007 WL 754882 (N.D. Cal. Mar. 8, 2007) (Alsup, J.) ......................................................... 8

*Kadrey, et al. v. Meta Platforms, Inc.*,
   No. 3:23-cv-03417-VC, Dkt. No. 598................................................................................ 4, 5

*Karoun Dairies, Inc. v. Karlacti, Inc.*,
   2013 WL 4716202 (S.D. Cal. Sept. 3, 2013) ......................................................................... 8

# TABLE OF AUTHORITIES

Page

*LD v. United Behav. Health, Inc.*,
  2023 WL 11983753 (N.D. Cal. June 20, 2023) .................................................................. 4, 5

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) ............................................................................................... 2, 5

*Newmark Realty Cap. Inc. v. BGC Partners Inc.*,
  2018 WL 10701601 (N.D. Cal. July 16, 2018) .................................................................. 5, 8

*Nken v. Holder*,
  556 U.S. 418 (2009) .......................................................................................................... *passim*

*Pena v. Taylor Farms Pac., Inc.*,
  2015 WL 5103157 (E.D. Cal. Aug. 31, 2015) ........................................................................ 6

*Robles v. Domino's Pizza*,
  2019 WL 6482232 (C.D. Cal. July 30, 2019) ......................................................................... 7

*Romero v. Securus Techs., Inc.*,
  383 F. Supp. 3d 1069 (S.D. Cal. 2019) ................................................................................... 6

*Senne v. Kansas City Royals Baseball Corp.*,
  2017 WL 5973487 (N.D. Cal. May 5, 2017) .......................................................................... 6

*Sweet v. Cardona*,
  657 F. Supp. 3d 1260 (N.D. Cal. 2023) (Alsup, J.) ................................................................. 6

*Walker v. Life Ins. Co. of the Sw.*,
  953 F.3d 624 (9th Cir. 2020) ................................................................................................... 3

**Statutes**

28 U.S.C. § 1292(b) ................................................................................................... 1, 4, 5, 8

**Court Rules**

Fed. R. Civ. P. 23(f) ................................................................................................... *passim*

## I. INTRODUCTION

Anthropic has shown no basis for a stay. Weeks before summary judgment briefing began, Plaintiffs discovered that Anthropic torrented troves of books from two notorious criminal enterprises. The Court denied Anthropic's summary judgment motion on this basis and certified a class comprised of the owners of certain registered copyrights in the books Anthropic downloaded from LibGen and Pirate Library Mirror. Despite urgently requesting early summary judgment briefing, Anthropic now changes course and asks the Court to pause everything and deprive Plaintiffs—and scores of copyright owners—of their day in court. At the discovery hearing just last week, this Court reminded all parties of the importance of sticking to the December 1 trial date. This Court should deny Anthropic's request.

Anthropic cannot satisfy even a single factor required for a stay under *Nken v. Holder*, 556 U.S. 418 (2009). Anthropic identifies no substantial question likely to yield reversal in its not-yet-filed Rule 23(f) petition or its pending request for interlocutory appeal pursuant to 28 U.S.C. §1292(b). Instead, Anthropic offers only speculative, self-serving, purported "harms" that are indistinguishable from the ordinary burdens of litigation, while ignoring the harms suffered by Plaintiffs and class members whose pirated, copyrighted works remain in Anthropic's files to this day. Far from serving the public interest, a stay would reward Anthropic's strategy of hiding its conduct from the public and those harmed by its infringement.

*First*, Anthropic is not likely to succeed on the merits. Anthropic's proposed Section 1292(b) application merely repackages the same characterization of the facts the Court rejected at summary judgment, and hardly attempts to identify controlling questions of law that can be decided without access to the factual record. The forthcoming Rule 23(f) petition will—by Anthropic's preview—likewise recycle the arguments this Court has already considered and rejected in its thorough class certification order. Even Anthropic does not suggest a misapplication of any element under Rule 23. The Court's class certification order, moreover, follows settled precedent allowing copyright classes where common questions—here, whether Anthropic unlawfully pirated troves of books, *Napster*-style—predominate over any individual issues. Anthropic's assertion that this Court's certification order is "unprecedented" and requires reversal because the class is large or

because ownership issues may be addressed in the claim process has similarly been rejected time and again by courts in this district and circuit.

*Second*, the analysis of respective harms confirms a stay is not warranted. Trying this case on the schedule set by this Court nearly 10 months ago is not the sort of irreparable injury that justifies a stay. Anthropic's lament that it will suffer "reputational harm" if this litigation proceeds is self-serving fiction. Worse, it ignores that the facts about which it is concerned are not "speculation," but flow directly from Anthropic's own admissions in an already-public record whose development Anthropic sought to expedite via early summary judgment. By contrast, delaying trial would prolong the ongoing infringement and postpone any relief for Plaintiffs.

*Third*, the public interest and judicial economy are best served by proceeding with trial. These factors weigh decisively against a stay. The Court and the parties have already invested enormous resources to meet the current schedule. Halting the case now would squander that effort and create a time gap only for the parties to be back to the same place in the indeterminate future.

## II.  LEGAL STANDARD

A stay pending appeal "is not a matter of right, even if irreparable injury might otherwise result." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006–07 (9th Cir. 2020). Rather, it is "an exercise of judicial discretion," and the party seeking that extraordinary relief "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 1006 (citing *Nken*, 556 U.S. at 433–34).

In evaluating a stay request the Court considers four familiar factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Al Otro Lado*, 952 F.3d at 1006–07. The first two factors are "the most critical," and the latter two come into play only "[o]nce an applicant satisfies the first two." *Id.* at 1007. The moving party "must make a strong showing" on these elements; a mere possibility of success or harm is insufficient. *Id.* at 1010; *see also Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) ("[S]imply showing

some possibility of irreparable injury fails to satisfy the second factor.").

## III. ARGUMENT

### A. Anthropic has Not Shown it is Likely to Succeed on the Merits.

Demonstrating a likelihood of success on the merits requires the steep "showing that serious legal questions are raised" or that the movant "has a substantial case for relief on the merits." *Canchola v. Allstate Ins. Co.*, 2025 WL 1712395, at *4 (C.D. Cal. May 12, 2025) (internal citation omitted). Anthropic does not satisfy that standard.

#### 1. Rule 23(f) Petition

Anthropic's not-yet-filed Rule 23(f) petition for interlocutory review is no grounds for a stay. As a threshold matter, Anthropic asks this Court to effectively stand in the shoes of the Ninth Circuit and grant a stay based on a petition it intends to file. This alone is reason to deny the stay. Rule 23(f) purposely commits the decision to review class certification orders to the discretion of the courts of appeals, a discretion exercised "sparingly" in "rare cases." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005). Moreover, the standard of review of the class certification order on a Rule 23(f) petition is abuse of discretion, and courts of appeal are loath to second-guess a district court's fact-bound determinations in that context. *Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 631 (9th Cir. 2020) (denying 23(f) petition because the district court certified the case after evaluating the correct questions). Instead, the discretionary and highly deferential review of class certification decisions under Rule 23(f) is limited to specific circumstances situations, *Chamberlan*, 402 F.3d at 959. Anthropic invokes two of them without success:[1]

*First*, the Court's class certification order presents no "unsettled and fundamental issue of law relating to class actions . . . that is likely to evade end-of-the-case review." *Chamberlan*, 402 F.3d at 959. Anthropic cites no authority on either point, instead asserting that this Court's order raises "raises novel questions about the scope and manageability of copyright class actions." Mot. to Stay, Dkt. 272 at 6. But Anthropic provides no argument at all as to how these issues would evade review. *See id.* And the Court has already either addressed—via expedited discovery regarding the works in the certified class—or rejected Anthropic's attempt to inject such concerns

---

[1] Anthropic appears to acknowledge there is no manifest error.

1  in the Class Certification Order itself. *See, e.g.*, Dkt. 244 at 1. Indeed, the Court certified only part of one of the classes Plaintiffs sought, as informed (due to Anthropic's request to alter typical case sequencing) by a factual record including a prior summary judgment order.

*Second*, Anthropic cannot justify application of the so-called "death-knell" exception for various reasons. Even setting aside Anthropic's strategic exaggerations of potential liability by conflating the class size with the size of the pirate libraries, Anthropic "raise[s] no convincing arguments that the class certification decision is questionable." *LD v. United Behav. Health, Inc.*, 2023 WL 11983753, at *2 (N.D. Cal. June 20, 2023). The Court correctly recognized that this is "the class litigation that should be certified as a representative action, for the entire class stands aggrieved by defendant's downloading of their books from pirate libraries on the internet." *See, e.g.,* Order on Class Certification, Dkt. 244 at 1, 26-27 (describing Judge Patel's decision in the *Napster* case as "very close to our case.").

### 2. 1292(b) Motion

Anthropic also cannot satisfy the exacting requirements of 28 U.S.C. §1292(b). Plaintiffs respectfully incorporate their opposition to Anthropic's Section 1292(b) motion, which will be filed later today. To summarize, there is no "controlling question of law" or "difference of opinion," and this Court's Summary Judgment Order rested on a heavily fact-bound analysis of Anthropic's conduct paradigmatically unsuitable for §1292 review. Facts related to Anthropic's acquisition and storage of pirated works are not "controlling" questions appropriate for interlocutory review. *See Henley v. Jacob*s, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019) (controlling question of law is a "purely legal one that can be resolved quickly without delving into a particular case's facts").

Nor does Judge Chhabria's order in *Kadrey v. Meta* provide a basis for interlocutory review. Indeed, Judge Chhabria earlier this month declined to certify an interlocutory appeal and ordered supplemental briefing on certain of the *Kadrey* plaintiff's allegations of piracy.[2] What is more, the *Kadrey* case only confirms the fact-bound nature of fair use question at issue. The *Kadrey* decision acknowledges that "[i]n the vast majority of cases, this sort of peer-to-peer file-sharing will

---

[2] *Kadrey, et al. v. Meta Platforms Inc.*, July 11, 2025 Hearing Tr. at 25:24–21 (court requesting schedule for summary judgment briefing schedule on torrenting distribution of pirated works).

constitute copyright infringement" and that the "use of shadow libraries is . . . relevant" to the fair use analysis. *Kadrey, et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC, Dkt. No. 598 at 19. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068-69 (9th Cir. 2002) (interlocutory orders can be appealed only if they raise "important and unsettled question of law whose disposition will advance the ongoing proceedings"). An interlocutory appeal on such a fact-dependent defense—with fact discovery ongoing, depositions of Anthropic's founders yet to come, and expert discovery yet to begin—will be inefficient and unlikely to advance the litigation.

Anthropic points to no extraordinary circumstance warranting departure from the normal appellate sequence.

### B.    Anthropic Will Not be Irreparably Injured Absent a Stay.

Even if Anthropic were correct on its likelihood of success of either motion, either this Court or the Ninth Circuit can grant a stay at the time it grants either petition. Granting a stay now is premature and would effectively provide relief to Anthropic even though briefing is not complete—and in the case of the Rule 23(f) petition, not yet filed. In short, Anthropic has failed to meet its burden to make a "threshold showing that irreparable harm is probable" not merely possible, absent a stay. *Leiva-Perez*, 640 F.3d at 968–69; *Nken*, 556 U.S. at 434–35. Anthropic principally complains that, without a stay, it will be forced to continue participating in discovery, trial preparation, class notice planning, and other normal litigation tasks while its Rule 23(f) petition and Section 1292(b) request are pending. But "[m]onetary losses incurred in litigation are generally not considered irreparable harm." *Newmark Realty Cap. Inc. v. BGC Partners Inc.*, 2018 WL 10701601, at *4 (N.D. Cal. July 16, 2018). Courts in this District and throughout the Ninth Circuit have rejected stays where the only harm alleged is "the expense and hardship of litigating." *LD v. United Behav. Health*, 2023 WL 11983753, at *3 (N.D. Cal. June 20, 2023); *see also F.T.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.") (internal citation omitted); *Canchola*, 2025 WL 1712395, at *5 (C.D. Cal. May 12, 2025) ("litigation expenses, without more, do not constitute irreparable harm"); *Alfred v. Pepperidge Farm, Inc.*, 2017 WL 11558468, at *4 (C.D. Cal. May 19, 2017). Anthropic's claim that it must spend "substantial, unrecoverable resources" is

no different from the complaint of every defendant denied a stay—and is insufficient under *Nken*.[3]

Anthropic's other assertion of "business-threatening reputational harm" is conjectural and legally inadequate. Courts routinely deem such assertions too "speculative" to meet the *Nken* threshold. *See Sweet v. Cardona*, 657 F. Supp. 3d 1260, 1272 (N.D. Cal. 2023) (Alsup, J.) (rejecting "markedly speculative" claims of reputational injury). As a threshold matter, this is a curious complaint given that Anthropic itself moved for summary judgment on the ground that the record has established the key facts as being admitted or undisputed. *Compare Gray v. Golden Gate Nat'l Recreational Area*, 2011 WL 6934433, (N.D. Cal. Dec. 29, 2011) and *Senne v. Kansas City Royals Baseball Corp.*, 2017 WL 5973487 (N.D. Cal. May 5, 2017) (granting stays *before* ruling on summary judgment). In any event, Anthropic provides no concrete evidence—no lost customers, no cancelled contracts, no market metrics—showing that continued litigation (much less routine class notice) will irreparably tarnish its goodwill. Moreover, whether Anthropic prevails on its appeals, Anthropic cannot deny the fact that it pirated huge volumes of books to avoid a "legal/practice/business slog." That reputational harm is of Anthropic's own making and provides no reason to stay this case just months before trial.

Last, Anthropic speculates that class notice might need to be "retracted or modified" if the Ninth Circuit later reverses. But that is true of every case. The Court should dismiss these arguments

---

[3] Anthropic's authority on this point is inapposite. As an initial matter, Anthropic cites two cases in which the Ninth Circuit had *already* granted defendant's Rule 23(f) petition, *see Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1072 (S.D. Cal. 2019); *Pena v. Taylor Farms Pac., Inc.*, 2015 WL 5103157 (E.D. Cal. Aug. 31, 2015), and one case where the court had not yet ruled on summary judgment, *Gray v. Golden Gate Nat'l Recreational Area*, 2011 WL 6934433, (N.D. Cal. Dec. 29, 2011). Closer review of the cases reveals yet more key differences. Unlike in *Romero*, 383 F. Supp. 3d 1069, where plaintiffs sought additional discovery on class issues and the parties disputed whether plaintiffs were entitled to discovery on merits of their individual claims, fact discovery in this case *ends* on August 29, one month away. In *Senne v. Kansas City Royals Baseball Corp.*, 2017 WL 5973487 (N.D. Cal. May 5, 2017), not only did both plaintiffs *and* defendant file 23(f) petitions of the district court's class certification order, but the questions at issue turned on whether plaintiffs could rely on a survey to establish uniformity across players' work schedules and activities—a stark contrast to Anthropic's uniform bulk downloads of copyrighted works. *See also Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *5 (N.D. Cal. Nov. 15, 2012) (granting stay where the legal question turned on use of statistical sampling to establish commonality). Finally, Anthropic's reliance on *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 WL 4397175, at *3 (C.D. Cal. June 8, 2015) is misplaced because that case involved a Rule 23(f) petition presenting a discrete legal question about the application of the one-way intervention rule.

because (a) notice-related expenses are monetary and therefore reparable, and (b) any hypothetical confusion among class members is neither certain nor irreparable. *See Robles v. Domino's Pizza*, 2019 WL 6482232, at *5 (C.D. Cal. July 30, 2019). Further, subsequent notice can correct any prior misunderstanding.

Under governing Ninth Circuit precedent, therefore, Anthropic has made no "probable" showing of irreparable harm. At most it has identified garden-variety litigation burdens and speculative business concerns, none of which satisfy *Nken*. Because failure on either the first or second factor is fatal to a stay motion, the Court can deny Anthropic's request on these grounds alone. Should the Court proceed with analyzing the two remaining *Nken* factors, it should find Anthropic failed to meet its burden to show Plaintiffs will not be injured by—and the public interest favors—a stay.

### C. Plaintiffs Will Be Substantially Injured by a Stay.

Contrary to Anthropic's cursory claim that "Plaintiffs will suffer no prejudice because they merely seek damages," the record and controlling precedent demonstrate concrete, immediate, and irreparable harms that will flow from any pause in these proceedings. Courts have held that the continued unauthorized use of intellectual-property rights constitutes non-compensable harm warranting immediate relief. *See Biomet Biologics, LLC v. Bio Rich Med., Inc.*, 2011 WL 4448972, at *2 (C.D. Cal. Sept. 26, 2011). As this Court's Summary Judgment Order noted, Anthropic intends to hoard class members' stolen books in its central library "forever." Dkt. 244 at 3. Delaying vindication of statutory rights—here the right to control copyrighted expression—constitutes substantial injury that weighs against a stay. *See Robles,* 2019 WL 6482232, at *5. Anthropic's sole case in support involved the court granting a stay where the same plaintiffs and same defendants in an individual action were litigating the same issues in a parallel, first-filed state court action—such facts have no persuasive bearing on this case. *See Hung v. Tribal Techs.*, 2014 WL 12812429 (N.D. Cal. Sept. 18, 2014).

### D. A Stay Will Not Be in the Public Interest.

Judicial economy favors continuing toward the December 1, 2025 trial rather than idling while Anthropic pursues discretionary appellate relief that may never materialize or that, if it does,

likely will result in affirmances that put the parties back to the same place at some indeterminate point in the future. Rule 23(f) petitions are granted sparingly; Section 1292(b) review is "a narrow exception to the final-judgment rule." And this Court will be assured of presiding over the case, so that it does not go to a different judge next year. In the far more common event that the Ninth Circuit declines interlocutory review, the parties, the Court, and the public will have lost months of progress for no benefit at all. The Supreme Court has cautioned that "a stay is not a matter of right, even if irreparable injury might otherwise result," *Nken*, 556 U.S. at 433, because indiscriminate grants of pauses would turn appellate courts into boards of referees for frequent interruptions of district court proceedings. Nothing in Anthropic's motion shows that such an extraordinary interruption is warranted here. The public also has an interest in the expedient resolution of this case. *See Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, 2018 WL 10701601, at *6 (N.D. Cal. July 16, 2018).

Anthropic's parade of speculative burdens cannot outweigh the public's concrete interest in robust copyright enforcement. Anthropic claims it would expend resources on expert discovery, dispositive motions, and trial preparation that might later need to be "redone." But, as noted in Section III.B, defending a suit does not constitute an inefficient use of resources. Anthropic has made a total about-face from its earlier position urging to this Court to expedite summary judgment. Nor do Anthropic's cases support its argument. In *Karoun Dairies, Inc. v. Karlacti, Inc.*, 2013 WL 4716202 (S.D. Cal. Sept. 3, 2013), the court granted a stay pending a decision from the Ninth Circuit in a parallel case by the same parties about the same claim. Similarly off-base is *Johnson v. Merck & Co., Inc.*, 2007 WL 754882 (N.D. Cal. Mar. 8, 2007) (Alsup, J.) in which the court granted a stay pending resolution of motions to transfer into an MDL.

Finally, Anthropic argues that a stay is warranted because it is smaller than some other companies that have been accused of copyright infringement. Mot. to Stay at 3, 9. This is entirely irrelevant, considering Anthropic's $150 billion valuation and billions in annual revenue.

## IV.   CONCLUSION

Anthropic has not met its burden to justify the extraordinary remedy of a stay. Plaintiffs respectfully request that the Court deny Anthropic's motion in its entirety and maintain the current

schedule with trial on December 1, 2025.

Dated: July 28, 2025

Respectfully submitted,
By: /s/Rachel Geman

Rachel Geman *(pro hac vice)*
Jacob S. Miller *(pro hac vice)*
Danna Z. Elmasry *(pro hac vice)*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
Jallé H. Dafa (SBN 290637)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
rstoler@lchb.com
jdafa@lchb.com

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S., Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com

*Co-Lead Counsel*

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Jordan W. Connors (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser (*pro hac vice*)
Samir H. Doshi *(pro hac vice*
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com
sdoshi@susmangodfrey.com

*Co-Lead Counsel*

Scott J. Shoulder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
**COWAN DEBAETS ABRAHAMS
& SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
sshoulder@cdas.com
ccole@cdas.com

*Additional Counsel for the Class*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 28, 2025

                                                                            */s/ Rachel Geman*