| | |
|---|---|
| COOLEY LLP<br>KATHLEEN R. HARTNETT (314267)<br>(khartnett@cooley.com)<br>3 Embarcadero Center<br>20th Floor<br>San Francisco, CA 94111-4004<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693 2222<br><br>ARNOLD & PORTER KAYE SCHOLER LLP<br>DOUGLAS A. WINTHROP (183532)<br>(Douglas.Winthrop@arnoldporter.com)<br>JOSEPH FARRIS (263405)<br>(Joseph.Farris@arnoldporter.com)<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111-4024<br>Telephone: (415) 471-3100<br>Facsimile: (415) 471-3400<br><br>Attorneys for Defendant<br>ANTHROPIC PBC<br><br>(Additional Counsel on Next Page) | MORRISON & FOERSTER LLP<br>DARALYN J. DURIE (169825)<br>(Ddurie@mofo.com)<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br><br>MORRISON & FOERSTER LLP<br>WHITNEY R. O'BYRNE (325698)<br>(WOByrne@mofo.com)<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017-3543<br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454<br><br>Attorneys for Defendant<br>ANTHROPIC PBC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, CHARLES GRAEBER, and KIRK WALLACE JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-cv-05417-WHA<br><br>Action Filed: August 19, 2024<br><br>**DEFENDANT ANTHROPIC PBC'S REPLY IN SUPPORT OF MOTION FOR STAY**<br><br>Judge: Honorable William H. Alsup |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANTHROPIC PBC'S
REPLY ISO MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

| | |
|---|---|
| COOLEY LLP<br>EPHRAIM MCDOWELL (*pro hac vice*)<br>(emcdowell@cooley.com)<br>ALEXANDER J. KASNER (310637)<br>(akasner@cooley.com)<br>1299 Pennsylvania Avenue NW<br>Suite 700<br>Washington, DC  20004-2400<br>Telephone: (202) 842-7800<br>Facsimile: (202) 842-7899 | MORRISON & FOERSTER LLP<br>RAMEY W. FISHER (334228)<br>(RamseyFisher@mofo.com)<br>JACKSON LANE (351633)<br>(jlane@mofo.com)<br>425 Market Street<br>San Francisco, CA  94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 |
| ARNOLD PORTER & KAYE SCHOLER LLP<br>JESSICA L. GILLOTTE (333517)<br>(Jessica.Gillotte@arnoldporter.com)<br>ESTAYVAINE BRAGG (341400)<br>(Estayvaine.Bragg@arnoldporter.com)<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111-4024<br>Telephone: (415) 471-3100<br>Facsimile: (415) 471-3400 | MORRISON & FOERSTER LLP<br>FITZ BECKWITH COLLINGS (*pro hac vice*)<br>(fcollings@mofo.com)<br>MARY PRENDERGAST (272737)<br>(MPrendergast@mofo.com)<br>ADITYA VIJAY KAMDAR (324567)<br>(AKamdar@mofo.com)<br>2100 L Street, N.W.<br>Washington, DC 20037<br>Telephone: (202) 887-1500<br>Facsimile: (202) 887-0763 |

LEX LUMINA LLP
MARK LEMLEY (155830)
(mlemley@lex-lumina.com)
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (213) 600-6063

Attorneys for Defendant
ANTHROPIC PBC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANTHROPIC PBC'S
REPLY ISO MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

## I. INTRODUCTION

Anthropic moved for a stay, Dkt. No. 272 ("Mot."), because the parties and the public alike stand to benefit from an orderly appellate process. This Court's summary judgment and class certification orders address critical legal questions shared among the many pending copyright challenges to generative AI technology. Yet under the current schedule, in the next four months, this litigation will proceed to a massive, first-of-its kind class action trial exposing Anthropic alone to potentially hundreds of billions of dollars of liability—over conduct that is common across the generative AI industry and that another court in this District has deemed fair use. Plaintiffs have had and will have "their day in court." Dkt. No. 275 ("Opp.") at 1. Anthropic simply asks for a pause that allows meaningful appellate review first.

Anthropic filed its stay motion on July 24, 2025 so that it could be addressed at the scheduled August 28, 2025 hearing on Anthropic's pending Section 1292(b) and reconsideration motion, and with the benefit of Anthropic's forthcoming Rule 23(f) Petition, to be filed with the Ninth Circuit tomorrow. Anthropic respectfully submits that the Court should review the forthcoming Rule 23(f) Petition before deciding Anthropic's request for a stay. That Petition will demonstrate that Anthropic has, at a minimum, a fair prospect of success in obtaining immediate review of the Court's class certification decision, which presents unsettled questions about application of Rule 23(b)(3)'s predominance requirement in the copyright context and creates immense settlement pressure that may make end-of-case review unavailable. Likewise, Anthropic's Section 1292(b) Motion identifies controlling and uncertain questions of law from the Court's summary judgment order that would benefit from immediate appellate review.

All of the other stay factors also weigh strongly in Anthropic's favor. Plaintiffs face only a delay in potentially obtaining money damages, which pales in comparison to the unrecoverable economic and reputational costs Anthropic will suffer as this case speeds through class notice toward trial. And the public will plainly benefit from ensuring that judicial and juror resources are not wasted and that this and other courts have the benefit of clear appellate guidance regarding the important issues presented by this and many similar cases. A stay will benefit all and should be granted.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ANTHROPIC PBC'S
REPLY ISO MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

## II.  ARGUMENT

### A. At a Minimum, Anthropic Has a Fair Prospect of Success on its Rule 23(f) Petition and its Section 1292(b) Motion

Anthropic has satisfied the first requirement for a stay, as its Rule 23(f) Petition and Section 1292(b) motion raise "serious legal questions." *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011). The standard does not require "extraordinary circumstances," as Plaintiffs suggest. *See* Opp. at 5. Rather, Anthropic need only show a "fair prospect" of success on the merits, *Leiva-Perez*, 640 F.3d at 967-68, and can readily do so here.

**23(f) Petition.** As Anthropic's stay Motion previews, and its Rule 23(f) Petition will detail, it has (at minimum) the requisite "substantial case" for interlocutory review. Although Plaintiffs attempt to argue otherwise (*see* Opp. at 3), there is nothing improper about Anthropic seeking a stay now and in this Court. In fact, the Federal Rules *require* Anthropic to first seek a stay here before seeking one from the Ninth Circuit. *See* Fed. R. App. P. 8(a)(2). District courts in this Circuit regularly stay their own proceedings while a Rule 23(f) Petition is pending, in order to ensure appellate review before trial. *See* Mot. at 4-5 (citing cases). And this is precisely the sort of case where interlocutory appeal is warranted, under each of the three independent criteria from *Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005). *See* Mot. at 5-6.

First, the class certification order presents "unsettled and fundamental issue[s] of law relating to class actions." *Id.* Copyright claims are generally "poor candidates for class-action treatment," *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 717 (N.D. Cal. 2023), and Plaintiffs identify no precedent for a copyright class of this size, nature, or complexity. This Court's decision to certify a class with millions of members and claims—each of which will present individualized ownership and fair-use inquiries (among others)—raises novel questions likely to recur in other, similar cases. Those unsettled issues will also "evade end-of-case review" if not addressed now, *Chamberlan*, 402 F.3d at 959, because of the substantial settlement pressure the class certification order exerts.

Second, respectfully, the class certification decision is "manifestly erroneous." Mot. at 6. Indeed, as Anthropic's Motion argued, the class certification decision misapplies Rule 23(b)(3)'s

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ANTHROPIC PBC'S
REPLY ISO MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

predominance requirement by failing to account for "the many individualized issues presented, including ownership, registration, validity, substantial similarity, and damages." Mot. at 6. Plaintiffs are thus simply mistaken to assert that "Anthropic appears to acknowledge there is no manifest error," Opp. at 3 n.1, and that "Anthropic does not suggest a misapplication of any element under Rule 23," *id.* at 1.

Third, the class certification order creates "immense pressure to settle" for Anthropic, which may prove the "death knell" of this case. Mot. at 6; *Chamberlan*, 402 F.3d at 960. Plaintiffs incorrectly accuse Anthropic of "strategic exaggerations of potential liability," Opp. at 4, ignoring the actual stakes of this case as reflected by the Court's class certification order: up to $150,000 in statutory damages per work, with up to seven million works at issue. Dkt. No. 244 at 3, 28-29. A damages award of that magnitude—potentially *hundreds of billions* of dollars—would be devastating for Anthropic, or indeed almost any company, regardless if it had "billions in annual revenue" (Opp. at 8). *Cf. Nat'l ATM Council, Inc. v. Visa Inc.*, 2023 WL 4743013, at *5 (D.C. Cir. July 25, 2023) (Rule 23(f) review warranted in light of extreme settlement pressure created by potential treble damages, which were larger than Fortune 50 defendant's annual income).

**Section 1292(b) Motion.** Anthropic likewise has, at minimum, a "substantial case" for interlocutory review of the summary judgment order. As Anthropic's Section 1292(b) motion explains, this Court's order raises two "controlling question[s] of law," resolution of which "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b)—first, whether fair use is analyzed based on the defendant's ultimate purpose in copying a work or instead based on separate constituent steps; and second, whether a defendant's initial acquisition of a work from a third party who distributed it without permission counsels strongly against fair use. Dkt. No. 241. These issues are not, as Plaintiffs contend, "fact-bound." Opp. at 4. Under a different (and, Anthropic submits, the correct) legal standard, the specifics of Anthropic's "acquisition and storage of pirated works" (*id.*) obtained for the ultimate purpose of training its LLMs would not undermine Anthropic's claim of fair use.

Moreover, as Judge Chhabria's conflicting decision in *Kadrey v. Meta Platforms, Inc.*, 2025 WL 1752484 (N.D. Cal. June 25, 2025) illustrates, Mot. at 6, "reasonable jurists might disagree"

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ANTHROPIC PBC'S
REPLY ISO MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

about these issues. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011); *see* Mot. at 6. Plaintiffs' opposition severely misconstrues *Kadrey*. First, Judge Chhabria did not "decline[] to certify an interlocutory appeal" of his summary judgment order (Opp. at 4), which no party moved for; he instead declined to *sua sponte* enter partial final judgment in favor of Meta under Federal Rule of Civil Procedure 54(b), which Meta had suggested as an option after plaintiffs in that case retreated from an earlier proposal for immediate appeal. *See* Dkt. No. 276-1 at 13-15 (*Kadrey* transcript); Joint Case Mgmt. Stmt. at 6-7, *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417 (N.D. Cal. July 8, 2025), Dkt. No. 605 (Meta, describing potential 54(b) judgment); *id.* at 5 (Meta, noting that initially "Plaintiffs had taken the position in meet and confer that they wished to seek prompt appellate review of the summary judgment order"). Second, Judge Chhabria did not order supplemental briefing on "piracy" (Opp. at 4), but directed the parties to brief plaintiffs' remaining claim of unlawful *distribution* under the Copyright Act, *see* Dkt. No. 276-1 at 25 (*Kadrey* transcript)—a claim not present in this case. Finally, *Kadrey* did not reach fact-bound conclusions or hold merely that the "use of the shadow libraries is relevant" (Opp. at 4) as a factual matter "to the issue of bad faith." 2025 WL 1752484, at *11. Rather, *Kadrey* questioned "whether bad faith is relevant to fair use" at all, concluded that "good faith versus bad faith shouldn't be especially relevant," and ultimately held in Meta's favor, rejecting the notion that downloading from so-called "pirate" sites dictated (or even strongly weighed in favor of) liability. 2025 WL 1752484, at *11.

### B. Anthropic Will Be Irreparably Injured Absent a Stay

Anthropic faces irreparable economic and reputational injuries without a stay. Plaintiffs are wrong that a stay would be "premature" and that Anthropic should wait until the Ninth Circuit "grants either petition." Opp. at 5. As Anthropic has explained, and as Plaintiffs do not dispute, the Ninth Circuit typically takes three months, and sometimes over four, to rule on a 23(f) Petition, meaning that there is a real risk that the Petition will not be resolved by the December 1 trial date. Mot. at 2. Moreover, a stay now is needed to address Anthropic's other irreparable injuries—namely, the unique economic and reputational burdens as this case rapidly proceeds through a novel class notice procedure leading up to an impending trial.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ANTHROPIC PBC'S
REPLY ISO MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

Plaintiffs err in suggesting that unrecoverable litigation costs are categorically "insufficient" to establish irreparable harm (Opp. at 6), ignoring relevant authority. *See* Mot. at 6-7 (citing cases). Plaintiffs offer no persuasive response to Anthropic's many cases (Mot. at 6-7) holding unrecoverable litigation costs to be irreparable, fixating instead on irrelevant purported legal and factual distinctions. *See* Opp. at 6 n.3. Indeed, Plaintiffs' own cases (Opp. at 5-6) acknowledge that "courts have found litigation costs to constitute irreparable harm . . . , depend[ing] on the specific circumstances of each case." *Newmark Realty Cap. Inc. v. BGC Partners, Inc.*, 2018 WL 10701601, at *4 (N.D. Cal. July 16, 2018) (internal quotation marks and citation omitted); *Canchola v. Allstate Ins. Co.*, 2025 WL 1712395, at *5 (C.D. Cal. May 12, 2025) (acknowledging the same, and citing cases).[1] For example, in *Newmark*, litigation costs were not irreparable only because the case was "very likely" to "proceed to trial" "regardless of the Ninth Circuit's resolution of the interlocutory appeals[.]" 2018 WL 10701601, at *4. The court there expressly recognized that a case "concern[ing] an interlocutory appeal of an order granting class certification" would be "distinguishable" because the 23(f) Petition would be dispositive and the costs avoidable. *Id.*

Anthropic's reputational harm is likewise irreparable. As courts have recognized, impending class notice creates the prospect of irreparable harm (*see* Mot. at 7 (citing cases)), even where that notice has not yet been approved and the precise degree of harm is uncertain, *see Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1075-76 (S.D. Cal. 2019). Nor is there any requirement that Anthropic present evidence of already-"lost customers" and "cancelled contracts" (Opp. at 6), as the relevant question is not whether Anthropic has already been harmed but "whether the applicant *will be* irreparably injured *absent a stay*." *Leiva-Perez*, 640 F.3d at 964, 967 (emphasis added). Finally, Plaintiffs are wrong that Anthropic's "reputational harm" stems solely from the summary judgment record and thus is of its "own making." Opp. at 6. Any reputational

---

[1] *LD v. United Behavioral Health, Inc.*, 2023 WL 11983753, at *2-3 (N.D. Cal. June 20, 2023), concerned *plaintiffs'* motion to stay after their class certification motion failed, and so the case would be "litigated to conclusion, whether individually or otherwise." In *Alfred v. Pepperidge Farm, Inc.*, 2017 WL 11558468, at *3-4 (C.D. Cal. May 19, 2017), the defendant invented an "unrealistic" burden of needing to depose "hundreds of class members" to show irreparable injury.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

ANTHROPIC PBC'S
REPLY ISO MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

harm from the summary judgment record is distinct from and pales in comparison to the irreparable harm from the "heightened emotion and awareness of the lawsuit that [class] notice would bring" if erroneously sent to millions of class members. *Romero*, 383 F. Supp. 3d at 1076. The Ninth Circuit should be allowed to resolve Anthropic's Rule 23(f) petition before that irreversible injury manifests.

### C. Plaintiffs Will Not Be Harmed If a Stay Is Granted

While Anthropic will be irreparably harmed absent a stay, a stay will not harm Plaintiffs. Despite colorfully alleging that Anthropic is purportedly "hoard[ing] class members' stolen books in its central library 'forever'" (Opp. at 7), Plaintiffs do not dispute that they seek only money damages. *See* Mot. at 8 (citing Dkt. No. 125 at 13; Dkt. No. 231 at 31-32). And the Ninth Circuit is clear: a plaintiff "has not made a strong showing" that a stay will cause it "irreparable damage" where "[t]he relief which it seeks in the district court action is monetary damages." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962); *accord FormFactor, Inc. v. Micronics Japan Co.*, 2008 WL 361128, at *2 (N.D. Cal. Feb. 11, 2008) ("Potential money damages" for intellectual-property infringement "are not sufficient harm to warrant not staying this proceeding.").

Plaintiffs contend that "unauthorized use of intellectual-property rights constitutes non-compensable harm," Opp. at 7, but that principle does not apply here. Their only cited authority, *Biomet Biologics, LLC v. Bio Rich Medical, Inc.*, 2011 WL 4448972, at *2 (C.D. Cal. Sep. 26, 2011), addressed the unique harm of a stay pending a patent reexamination, where delay would "[p]lac[e] the [] patent in limbo for the majority of its remaining life." *Id.* In any case, Plaintiffs here *do* seek compensation—precluding any argument that their harms are "non-compensable."

### III. THE PUBLIC INTEREST FAVORS A STAY

Finally—and as Plaintiffs cannot dispute—a stay would vindicate the public interest in the efficient use of judicial resources, including the time and resources of the Court, the parties, and the jurors whose work may ultimately prove unnecessary if Anthropic's interlocutory appeals are successful. Mot. at 8. Plaintiffs' caricature of an "idling" case "while Anthropic pursues discretionary appellate relief that may never materialize" (Opp. at 7) falls flat. Anthropic's requested stay would last only until the Ninth Circuit can weigh in on the 23(f) Petition and a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ANTHROPIC PBC'S
REPLY ISO MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

1292(b) petition (if this Court grants the 1292(b) motion first), and it would be extended only if the Ninth Circuit were to grant interlocutory review. Nor would granting a stay here be an "indiscriminate" pause. *See* Opp. at 8. This case raises precisely the type of novel, important, and broadly consequential legal issues that prompt courts to grant interlocutory review. Before Anthropic is subject to massive class notice, extraordinary settlement pressure, and a judgment of potentially hundreds of billions of dollars, the Ninth Circuit should be permitted the opportunity to clarify the rules governing this developing legal landscape.

### IV. CONCLUSION

The Court should stay these proceedings pending resolution of Anthropic's Rule 23(f) petition, and if the petition is granted, its Ninth Circuit appeal. In addition, if the Court certifies the Summary Judgment Order for interlocutory review, the Court should also stay these proceedings until the final resolution of proceedings in the Ninth Circuit.

Dated: July 30, 2025                                        COOLEY LLP

                                                            By: */s/ Kathleen R. Hartnett*
                                                                Kathleen R. Hartnett

                                                            *Attorneys for Defendant*
                                                            *Anthropic PBC*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

ANTHROPIC PBC'S
REPLY ISO MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA

# CERTIFICATE OF SERVICE

I, Kathleen Hartnett, am the ECF user whose identification and password are being used to file the foregoing Defendant Anthropic PBC's Reply in Support of Motion for Stay.

Dated: July 30, 2025

By: */s/ Kathleen R. Hartnett*
Kathleen R. Hartnett

322314160

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANTHROPIC PBC'S
REPLY ISO MOT. FOR STAY
CASE NO. 3:24-CV-05417-WHA