UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREA BARTZ, ANDREA BARTZ INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ INC.,

    Plaintiffs,

v.

ANTHROPIC PBC,

    Defendant.

No. C 24-05417 WHA

**PROCEDURAL ORDER**

    Pursuant to my appointment as Special Master for discovery issues, I issue the following Order to govern discovery matters henceforth:

    **1.** All parties will continue to observe the Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup, subject to the following clarifications and points of emphasis.

    **2.** The parties are reminded about the Court's policies concerning overbroad discovery requests set out in that Order's Paragraph 18. Refusal to enforce overbroad requests can be an expensive deterrent.

    **3.** The parties are reminded of the duty to file privilege logs and to file them timely. This is set out in that Order's Paragraph 25.

    **4.** Paragraphs 27 and 28 set out the process for setting deposition dates.

    **5.** Paragraph 33 discusses 30(b)(6) depositions. When used thoughtfully, these depositions can minimize the expense and improve the efficiency of discovery. I expect

1  designated witnesses to be prepared to testify about the full scope of the subjects for which they have been designated.

**6.** One of the benefits of using a Special Master is availability. In those cases where disputes can reasonably be resolved in an expedited matter, a party can reach me by email at haroldmcelhinny@gmail.com. I will not accept ex-parte communications.

**7.** Discovery disputes should be presented by Letter Brief. The Letter should not exceed three pages and must be filed with the Court. The Letter Brief must certify that the party had conferred in a good-faith, but unsuccessful, attempt to resolve the dispute. The Letter Brief must also attach, as an appendix, a list, by title, of every exhibit submitted in support of the letter brief. The appendix does not count toward the page limit. The attachments themselves need not be filed with the Court, subject to further order. Upon receipt of a Letter Brief, the opposing party may file its own Letter in opposition within three business days of the first filing. The identical rules as to page limits, appendix, and attachments apply. The purpose of the Letter Briefs is to permit me to understand the dispute and to determine the most efficient manner in which to resolve it. Attachments should be chosen to further those goals and with the understanding that I may resolve the dispute on the written submissions alone. No additional briefing is permitted unless invited or directed. Motions to Seal, if any, should be directed to the District Court.

**8.** If Plaintiffs intend to oppose Defendant's Motion for Protective Order (Dkt. No. 291), that Opposition should be filed no later than **WEDNESDAY, AUGUST 13**.

**9.** Physical, courtesy copies of all discovery filings and attachments should be sent to me, next-day delivery, at the following address:

> Harold J. McElhinny
> 67 Dipsea Road
> PO Box 122
> Stinson Beach, CA 94970-0122

At the conclusion of my service, I will recycle the documents I have received unless a party specifically requests their return.

**10.** Normally, all hearings will be by video conference arranged by the moving party. If any party desires a transcript of a hearing, it must arrange for a reporter, give at least 24 hours' notice to all parties that the hearing will be recorded, and provide me with a copy of the transcript. No other recording method is permitted.

**IT IS SO ORDERED.**

Dated: August 9, 2025.

/s/ *Harold J. McElhinny*
HAROLD J. McELHINNY
SPECIAL MASTER