UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREA BARTZ and KIRK WALLACE JOHNSON, individually, and ANDREA BARTZ, INC., CHARLES GRAEBER, and MJ + KJ, INC., individually and as representatives of the class,

    Plaintiffs,

  v.

ANTHROPIC PBC,

    Defendant.

No.  C 24-05417 WHA

**ORDER GRANTING PROTECTIVE ORDER**

Defendant Anthropic seeks protection from two Rule 30(b)(6) deposition notices, arguing that the use of numerous subsections violates the limitation contained in Paragraph 33(a) of this Court's Supplemental Order (as revised August 27, 2024). The issue is urgent (as all discovery issues remaining in this case are likely to be) because Anthropic's main deponent is scheduled to be deposed on this coming Friday, August 15. Plaintiffs have not yet opposed the motion; their opposition is not due until Wednesday, August 13. Nevertheless, having reviewed the actual Notices, cognizant of the urgency, and hoping to achieve a fair result, I have decided to rule without waiting for the opposition.

Judge Alsup's standing order could not be clearer: "Without a prior order increasing the limit, a party may seek FRCP 30(b)(6) depositions from another party on up to a total of ten subject matters (for the entire case) described with 'reasonable particularity.'" The two notices in question contain over 70 different subjects presented in a format of topic and subtopics.

Needless, to say, Plaintiffs have not sought an order increasing the limit on topics. Consequently, on their faces, the Notices are improper. The requested Protected Order quashing those two Notices (Dkt. No. 291) is **GRANTED**.

Clear as the issue may be (at least to me), if I stop here, I have not served the end of securing reasonable discovery in the case. It is clear from the moving papers that Plaintiffs have some justification (although the argument that "the Judge made me do it" would not be a winner). Moreover, it is apparent that Plaintiffs are entitled to some additional discovery. Defendant concedes that, at most, Plaintiffs have used only four of their allotted notices. It may also be that an expansion of discovery would be appropriate in this case had a motion been filed. Consequently, I **FURTHER ORDER** that the parties shall meet and confer no later than **TUESDAY, AUGUST 12** to resolve the proper scope of discovery.

Please inform me if the dispute is resolved. If the parties are unable to resolve their dispute given the guidance in this Order and in my Procedural Order, no later than **COB ON WEDNESDAY, AUGUST 13**, each side shall file its list of proposed deposition topics. Each proposed topic should be separately numbered without the use of subsections, definitions or other expanders. There is no limit on how many topics may be proposed. In addition, each side may file a supporting letter of no more than three pages supporting their proposal. The notices and supporting papers shall be filed with the Court. On Thursday, August 14, I will choose one of the proposed Notices to enforce. The August 15 deposition should proceed on that date.

This Order supersedes Paragraph 8 of my Procedural Order.

Nothing in this Order limits the right of either party to seek an expansion of discovery limits by filing a properly noticed Letter Brief.

**IT IS SO ORDERED.**

Dated: August 11, 2025.

/s/ *Harold J. McElhinny*
HAROLD J. MCELHINNY
SPECIAL MASTER

2