Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100

Jordan W. Connors (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880

J. Craig Smyser (*pro hac vice*)
Samir H. Doshi (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330

*Co-Lead Counsel*

Rachel Geman (*pro hac vice*)
Jacob S. Miller (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500

Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
Jallé H. Dafa (SBN 290637)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
222 2nd Avenue S., Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000

*Co-Lead Counsel*

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
**COWAN DEBAETS ABRAHAMS
& SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474

*Additional Counsel for the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendants. | Case No.: 3:24-cv-05417-WHA<br><br>**MOTION TO APPROVE CLASS NOTICE** |

3287145.1

MOTION TO APPROVE CLASS NOTICE
CASE NO. 3:24-CV-05417

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B) and this Court's July 17, 2025 Order on Class Certification (Dkt. No. 244), Plaintiffs Andrea Bartz Inc., Charles Graeber, MJ + KJ Inc. (collectively, "Plaintiffs") move for approval of the parties' agreed-upon form of Class Notice and Plaintiffs' notice dissemination plan.[1] On July 17, 2025, the Court certified the "LibGen & PiLiMi Pirated Books Class," comprised of: "All beneficial or legal copyright owners of the exclusive right to reproduce copies of any book in the versions of LibGen or PiLiMi downloaded by Anthropic." Dkt. No. 244 at 11, 31.

The Court further ordered the parties to (i) meet and confer regarding notice, (ii) provide Anthropic's bibliographic data for the books at issue by August 1, 2025, and (iii) submit a single, agreed proposed notice and distribution program by noon on August 15, 2025. *Id.* at 30-31. The Court ordered a "rigorous notice process," including (i) "first-class mail and email to the author, publisher, and copyright owner listed on the copyright certificate for each work recorded"; (ii) "first-class mail and email to all trade and university publishers in the United States"; and (iii) publication notice at least once in a trade journal. *Id.* at 10, 29-30.

To comply with the rigorous notice process, Class Counsel took a series of additional steps to compile relevant contact information and inform stakeholders of this class action lawsuit. Through subpoenas and voluntary compliance, Plaintiffs have compiled—and will continue to compile—contact information from all known major sources of information. These efforts include (1) seeking relevant author contact information from all leading author organizations, literary agencies, and agent organizations; (2) seeking relevant publisher and author contact information from Amazon.com for self-published and non-self-published books available on that website; (3) working with publishers' organizations to gather publisher contact information, and with publishers to seek additional author information, and (4) collecting contact information from potential class members directly through a case website.

Since the entry of the Court's Certification Order, Class Counsel have also consulted with four experienced and nationally recognized class-action notice administrators, and sought a competitive bidding process to ensure the best and most cost-effective class notice program consistent with the requirements of Rule 23(c)(2)(B). *See* Declaration of Daniel M. Hutchinson ("Hutchinson Decl.") attached hereto as Exhibit

---

[1] Plaintiffs met and conferred with counsel for Anthropic. The parties agreed to the form of Class Notice, but Anthropic has declined to join this motion.

1. As a result of that process, Class Counsel recommend that JND Legal Administration ("JND" or the "Notice Administrator") act as the class action notice administrator to implement the best notice practicable under the circumstances. In consultation with Class Counsel, JND has purchased additional contact information for potential class members from every known source and developed a comprehensive notice plan. *See* Declaration of Jennifer Keough ("Keough Decl.") attached hereto as Exhibit 2. Class Counsel expect the reach of this notice plan to easily exceed the threshold that due process requires.

In addition, the parties conferred to craft a notice package that satisfies Rule 23, due-process requirements, and the specific directives of the Court's Certification Order. The proposed notice (i) clearly describes the nature of the action, the definition of the class certified, the certified claims and corresponding issues and defenses, the litigation posture, and the binding effect of a class judgment on members; (ii) states the right to opt out; and (iii) explains the procedures and deadlines for doing so. The dissemination plan provides for direct first-class mailed and email notice to every reasonably identifiable author, publisher, and registered copyright owner, augmented by publication in leading industry periodicals, digital advertising, and social-media outreach—collectively ensuring the "best notice that is practicable under the circumstances."

The Supreme Court requires that individual notice be provided to Class Members who are identifiable through reasonable efforts. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)). Class Counsel submit that providing class members a combination of mailed, emailed, website, and publication notice constitutes the best notice that is practicable under these circumstances. Because the proposed notice and plan fully comport with Rule 23, constitutional due process, and this Court's express instructions, the parties respectfully request that the Court grant this motion.

**FACTUAL BACKGROUND**

This action arises from allegations that Anthropic engaged in large-scale copyright infringement by downloading and using copyrighted books from so-called "pirate" websites, including Library Genesis ("LibGen") and Pirate Library Mirror ("PiLiMi"). First Amended Class Action Complaint, Dkt. No. 70. Plaintiffs own copyrights in books that were allegedly included in the datasets downloaded and used by Anthropic. *Id.* Plaintiffs bring this action on behalf of themselves and a class of similarly situated copyright owners. *Id.*

On July 17, 2025, this Court entered an order granting in part Plaintiffs' motion for class certification.

*See* Order on Class Certification. The Court certified the following class (the "LibGen & PiLiMi Pirated Books Class"):

> All beneficial or legal copyright owners of the exclusive right to reproduce copies of any book in the versions of LibGen or PiLiMi downloaded by Anthropic. "Book" refers to any work possessing an ISBN or ASIN which was registered with the United States Copyright Office within five years of the work's publication and which was registered with the United States Copyright Office before being downloaded by Anthropic, or within three months of publication. Excluded are the directors, officers and employees of Anthropic, personnel of federal agencies, and district court personnel.

*Id.* at 31. The Court appointed Andrea Bartz, Inc., Charles Graeber, and MJ + KJ Inc. as Representative Plaintiffs for the certified class, and appointed Lieff Cabraser Heimann & Bernstein, LLP and Susman Godfrey LLP as Class Counsel. *Id.*

The Court's order requires Plaintiffs to prepare and file a comprehensive, per-work list of the books at issue. *Id.* at 25, 30. The class is limited to books downloaded by Anthropic from LibGen or PiLiMi. The list will include the title, author, publisher, copyright registration number, copyright-registered author, copyright-registered claimant, and ISBN and/or ASIN. This list will be offered as evidence at trial and will be used to identify class members for notice purposes. *See id.* at 15, 16-17, 25, 31.

The Court further ordered that notice be provided to (a) all authors, publishers, copyright-registered authors (if different), and copyright-registered claimants (if different) whose works were downloaded by Anthropic from LibGen and PiLiMi and (b) all major, regional, and university presses. *Id.* at 10, 12, 29-30. Notice is to be disseminated by first-class mail, by email, and by publication in at least one national trade journal, with all costs of notice to be borne by Plaintiffs (but recoverable as costs upon judgment). *Id.* at 30. The notice will inform class members that they will be bound by the outcome and judgment unless they timely opt out, and that only those who submit satisfactory claims will be eligible to recover in the event of a judgment in favor of the class. *Id.* at 29-30.

The parties have conferred and now submit for the Court's approval an agreed-upon proposed form of class notice and Plaintiffs' plan for its dissemination, as required by the Court's July 17, 2025 order. The proposed notice and plan are designed to provide the best notice practicable under the circumstances, consistent with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and the Court's directives.

# THE PROPOSED NOTICE PLAN

### I. Direct Notice by First-Class Mail and E-Mail

#### A. The Notice Administrator

Class Counsel has retained JND Legal Administration ("the Administrator") to help facilitate the class action. After a reasonable effort to identify contact information for each class member, the Administrator will transmit to all such class members individualized, Court-approved notice via first-class U.S. Mail and via e-mail to: (i) each identified author, copyright-registered author, copyright-registered claimant, and publisher; and (ii) every major, regional, and university press in the United States.

For any notice returned undeliverable, the Administrator will perform advanced address tracing and re-mail where feasible. The Administrator will maintain a toll-free telephone line and monitored e-mail inbox to answer inquiries and to re-send notices upon request.

The Administrator was selected by class counsel after a competitive bidding process, which considered comprehensive notice proposals from four notice administrators who possess extensive experience in large copyright class actions. As set forth in the declaration attached hereto, the Administrator is well-qualified to serve in this role. *See* Exhibit 2, Keough Decl., ¶¶1-17. As discussed below, the Administrator's costs and expenses for this class notice program will be borne by Class Counsel, subject to potential reimbursement at a later stage.

#### B. Direct Notice to Class Members

Plaintiffs propose that direct notice—substantially in the forms shown in Exhibits B, C, and D to the Keough Declaration—be sent via first class mail and email to potential class members. The Administrator recommends transmitting the mailed notice via a double-panel postcard (Exhibit C to the Keough Declaration). Since Anthropic does not possess contact information for all potential class members, Class Counsel have consulted with class members, class action notice administrators, and industry experts—and has already implemented a robust, multi-step process to collect as many *additional* mailing and email addresses as is practicable beyond those purchased by the Administrator. *See* Hutchinson Decl. ¶¶ 6–7.

##### 1. Author Contact Information and Outreach

First, Class Counsel are collecting contact information directly from authors. Many authors already provided their mailing or email addresses to Class Counsel voluntarily throughout the course of this case. In

addition, on August 7, 2025, Class Counsel launched a secure intake portal at https://www.lieffcabraser.com/anthropic-author-contact/ where authors can enter their mailing address, e-mail, book title(s), and ISBN/ASIN(s). The webpage collects only information needed to effectuate notice and will be used solely for that purpose. *See* Hutchinson Decl. ¶ 13.

Second, Class Counsel have identified leading organizations that potentially possesses contact information. The Authors Guild reports that it is the nation's oldest and largest organization for published writers.[2] The Authors Guild produced email and mailing addresses for all its current and former members. The Authors Registry is a not-for-profit clearinghouse formed by a consortium of U.S. authors' organizations, which facilitates payments to authors by receiving royalties from organizations and distributing them to U.S. authors.[3] The Authors' Registry likewise voluntarily produced authors' email and mailing addresses. Through these efforts, Plaintiffs have already collected contact information for more than 60,000 authors and anticipate obtaining contact information for many more. Class Counsel reasonably believe their collection of contact information already includes most of the authors in the United States. Indeed, according to the Bureau of Labor Statistics, the total number of authors and writers in the United States was 49,450 as of 2023.[4] *See* Hutchinson Decl., ¶ 9.

In addition to providing Class Counsel with the author mailing and e-mail addresses from their proprietary databases strictly for the limited purpose of effectuating Court-ordered notice, the Authors Guild and Authors Registry have each agreed to share the author intake link and class notice with the smaller author organizations within their networks, as well as three large literary agencies (William Morris Endeavor, CAA-ICM, and Writers House). Class Counsel have also shared the author intake webpage with other author, agent, and writing-industry organizations, including Association of American Literary Agents ("AALA"), Dramatists Guild, Novelists, Inc. ("NINC"), Romance Writers, Sisters in Crime, and dozens of other organizations. *See* Hutchinson Decl., ¶ 13.

Third, Class Counsel has subpoenaed Anthropic's investor Amazon seeking relevant author and publisher contact information from authors with books listed on Amazon.com that are associated with an

---

[2] *See generally* https://authorsguild.org/.
[3] *See generally* https://www.authorsregistry.org/.
[4] *See* https://www.bls.gov/oes/2023/may/oes273043.htm.

ASIN in the metadata produced by Anthropic. Class Counsel reasonably anticipate that Amazon will provide contact information for a large set of self-published authors. *See* Hutchinson Decl., ¶ 10.

Fourth, to the extent practicable, the Administrator is making use of available databases, including the National Change of Address ("NCOA") database, to acquire accurate and up-to-date contact information for potential class members. *See* Keough Decl., ¶ 32.

### C. Publisher Contact Information and Outreach

Similarly, Class Counsel is taking appropriate steps to collect accurate and comprehensive contact information for all publishers.

By way of background, Class Counsel have been in ongoing contact with the American Association of Publishers ("AAP") and multiple other publishers to ensure the best practicable notice. On August 11, 2025, to further facilitate the coordination with the publisher class members, Class Counsel associated in Publishers' Coordination Counsel, the law firms Oppenheim + Zebrak, LLP, and Edelson PC. Dkt. No. 298. Publishers will provide contact information directly to Class Counsel. *See* Hutchinson Decl., ¶ 11.

In addition, Class Counsel have undertaken or are undertaking the following steps:

First, where available, they are collecting publisher data for the specific works at issue directly from the U.S. Copyright Office. The U.S. Copyright Office maintains comprehensive public records of copyright registrations. These records often include the names and mailing addresses of publishers associated with registered works. These records are accessible through the Copyright Public Records System ("CPRS") and the Copyright Public Catalog, both of which serve as official repositories of copyright registration information. Plaintiffs are systematically extracting and aggregating this data from the Copyright registry to identify and obtain mailing addresses and other available contact information. *See* Hutchinson Decl., ¶ 8.

Second, Class Counsel have obtained data regarding publishers and publisher mailing addresses from Bowker ISBN Services ("Bowker") and Bowker's "Books in Print" offering. Bowker is a leading American company in the book and periodical publishing industry and is the exclusive official source of International Standard Book Numbers ("ISBNs") in the United States. *See* "About the Data," *Bowker Book Data*, https://bowkerbookdata.proquest.com/about. The company provides a range of supply-chain services and analytical tools to publishers, booksellers, libraries, and other stakeholders in the book trade. *See id.*

"Books in Print" is the leading bibliographic database in the publishing industry. *See* "Books in Print,"

*Bowker Book Data*, https://www.bowker.com/books-in-print. Anthropic uses Bowker's "Books in Print" offering to source metadata for its scanned books. Bowker's Books in Print database and associated offerings contain millions of records and are used by publishers, booksellers, libraries, and distributors to discover, evaluate, and source books. *See id.;* "Bowker Book Data," *Bowker Book Data*, https://www.bowker.com/bowker-book-data. Bowker's data includes detailed metadata for books, including book titles, authors, ISBN(s), publication date(s), and publisher contact information. *See* "Products," *Bowker Book Data*, https://bowkerbookdata.proquest.com/products. Publishers update and maintain their own contact information through Bowker's online platforms, such as BowkerLink and MyIdentifiers.com, ensuring that the information remains current and accurate. *See* "Bowker Link Frequently Asked Questions," https://www.bowkerlink.com/corrections/common/LearnMore.asp; "My Identifiers," https://www.myidentifiers.com/. Publishers have a strong incentive to keep their information accurate in Bowker's system because such accurate information enables retailers, libraries, and other industry partners to more easily communicate and do business with the publishers. The publisher contact information for class notice will be supplemented using the information in the Bowker database. *See* Hutchinson Decl., ¶¶ 11–12.

Thus, publisher contact information will be sourced (1) directly from the publishers, (2) from the U.S. Copyright Office, and (3) from Bowker. Leveraging these sources will maximize the likelihood of reaching all relevant publishers, as it draws on the most current and official information available from the publishing industry and the federal government's copyright registration system. This more than satisfies the requirements of due process and Rule 23(c)(2)(B).

These extensive publisher-outreach efforts will also help to further bolster outreach to authors. Class Counsel will use publisher contact information and work with Publishers' Coordination Counsel to obtain contact information that is reasonably available for authors (or their representatives), subject to a protective order. *See* Hutchinson Decl., ¶ 11.

## II. Publication Notice

The Administrator will also arrange for a one-page advertisement summarizing the notice to run in targeted trade journals and other publications that are likely read by class members and/or discuss issues addressed in this lawsuit, including *Publishers Weekly*, *The Atlantic*, and *Ars Techica*. An extensive online notice plan will display an estimated 26.5 million digital impressions over a four-week period through the

Google Display Network ("GDN"), Facebook, Instagram, and Reddit. All impressions will be targeted to likely authors and/or publishers. *See* Keough Decl., ¶¶40-61.

### III. Case Website and Toll-Free Telephone Number

The parties propose the Administrator establish and maintain a dedicated case website (at the URL www.AnthropicCopyrightLawsuit.com). The website will include a simple form for potential class members to submit the mailing address and e-mail address for all persons or entities who may have a copyright interest in the work(s) at issue. In addition, potential class members can receive case updates, obtain further information about the case, and view key case documents—including the operative Amended Complaint and the Class Certification Order (Dkt Nos. 70, 244), and other documents as agreed to by the parties or ordered by the Court. The parties also propose that the Administrator establish and maintain a toll-free telephone number at which class members can call with questions about the lawsuit and their options as class members. The web address and phone number will be included in all forms of notice. *See* Keough Decl., ¶¶63-67.

### IV. Opt-Out Procedure

The parties propose that any class member may opt out by sending a request for exclusion to the Administrator (at the mailing address provided in the notices), postmarked no later than 45 days following the Notice Date ("Opt-Out Deadline") or submitted via the case website. The request for exclusion shall clearly state: "I wish to be excluded from the Class." If the person submitting the exclusion is doing so on behalf of a class member (such as an attorney or estate), that person shall state, his, her, or its full name and the basis of his, her, or its authority to act on behalf of the class member. Mass or group opt-outs will not be permitted. The notices will provide instructions for how to opt out and the deadline for doing so. The Administrator will receive and process opt-out requests, update the parties periodically, and will submit to the Court within 6 days following the Opt-Out Deadline a list of those persons who timely submitted requests for exclusion. *See* Keough Decl., ¶¶ 66, 69. Class Counsel has committed that, in the event of any future settlement, class members will be given an additional opt-out opportunity pursuant to Civil Rule 23(e)(4).

### V. Class Notice Schedule

Plaintiffs propose the following schedule for class notice:

| Event | Date |
|---|---|
| Plaintiffs prepare and file a comprehensive, per work list | September 1, 2025 |
| Direct notice sent on a rolling basis | September 1–26, 2025 |

| Publication notice implemented on a rolling basis | September 1–October 16, 2025 |
| Opt out deadline | November 11, 2025 |
| Administrator reports number of opt outs to the Court | November 17, 2025 |

## VI. Payment of Class Notice Program Costs

Class Counsel will bear all costs and expenses of the Administrator in implementing this class notice program, subject to possible reimbursement at a later stage (*e.g.*, out of any class judgment or settlement proceeds). *See Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009) ("The usual rule is that a plaintiff must initially bear the cost of notice to the class. . . . However, many district courts have placed notice costs on the class action defendant once the defendant's liability has been established. . . . These district court decisions point us towards recognizing, as commentators have suggested, a general principle that 'interim litigation costs, including class notice costs, may be shifted to defendant after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure.'") (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); 3 William B. Rubenstein, Alba Conte, and Herbert B. Newberg, Newberg on Class Actions § 8:6 (4th ed. 2007)).

## THE PROPOSED NOTICE PLAN SATISFIES ALL APPLICABLE REQUIREMENTS

Fed. R. Civ. P 23(c)(2)(B) requires:

> the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

As described above, the proposed class notice plan satisfies these requirements.

First, the proposed plan includes individual direct notice via first-class mail and email to all class members who can be identified through reasonable effort. Here, such reasonable effort includes (i) compiling authors' contact information by distributing an intake webpage to numerous industry organizations and (ii) collecting publisher information by utilizing existing connections with Publishers' Coordination Counsel and referencing publisher data compilations maintained by the U.S. Copyright Office and Bowker. The plan also includes publication notice in a national trade journal and other prominent publications, amplified by a

robust social media campaign targeted to known author and publishing audiences.

Second, the proposed form of notice includes, in clear, easily understood language all the required items enumerated in Rule 23(c)(2)(B). This includes the nature of the action; the class definition; a summary of the claims, issues, and positions involved; and the process for opting out. The notice also contains the specific provisions mandated by the Court's Certification Order. In addition, the notice informs class members that, if the case settles, they will receive settlement notice—which will include a second opportunity to opt out—and a claim form. The notice also directs class members to the case website—which includes all the same content as the notice itself plus additional information like key filings—and a toll-free telephone number class members can call to ask questions about the case.

This rigorous notice plan and detailed form of notice constitute the best notice practicable under the circumstances. Other courts within the Ninth Circuit have approved similar notice plans under similar circumstances. *See, e.g.*, *AdTrader, Inc. v. Google LLC*, No. 5:17-CV-07082-BLF, 2021 WL 2073816, at *1 (N.D. Cal. Mar. 23, 2021) (approving notice plan that included direct mailings, emails, and a case-specific website); *Novoa v. GEO Grp., Inc.*, No. EDCV172514JGBSHKX, 2020 WL 6694349, at *4–5 (C.D. Cal. Sept. 14, 2020) (approving notice plan that included emails and a case-specific website).

## CONCLUSION

For the foregoing reasons, Plaintiffs request the Court grant the Motion for Class Notice and approve the Form of Notice (Exhibits B–D to the Keough Decl.).

Dated: August 15, 2025

Respectfully submitted,

By: /s/ Rachel Geman

Rachel Geman *(pro hac vice)*
Jacob S. Miller *(pro hac vice)*
Danna Z. Elmasry *(pro hac vice)*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
Jallé H. Dafa (SBN 290637)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
rstoler@lchb.com
jdafa@lchb.com

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S., Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com

*Co-Lead Counsel*

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

|   |   |
|---|---|
| 1 | Jordan W. Connors (*pro hac vice*) |
| 2 | **SUSMAN GODFREY L.L.P**<br>401 Union Street, Suite 3000 |
| 3 | Seattle, WA 98101<br>Telephone: (206) 516-3880 |
| 4 | jconnors@susmangodfrey.com |

Jordan W. Connors (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser (*pro hac vice*)
Samir H. Doshi *(pro hac vice*
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com
sdoshi@susmangodfrey.com

*Co-Lead Counsel*

Scott J. Shoulder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
**COWAN DEBAETS ABRAHAMS & SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
sshoulder@cdas.com
ccole@cdas.com

*Additional Counsel for the Class*