Judge William H. Alsup
August 15, 2025
Page 1

**VIA ECF**
Judge William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

> RE:  *Bartz et al. v. Anthropic PBC*, Case Number 3:24-CV-05417-WHA (N.D. Cal.) Plaintiffs' Letter Motion to Compel Anthropic to Produce Information from LibGen-SciMag and Respond to Discovery Regarding the Court-Ordered Interrogatory

Dear Judge Alsup:

Plaintiffs respectfully request an order directing Anthropic to provide information from a component of LibGen—the "LibGen-SciMag" subset—in response to the Court-ordered interrogatory concerning the class work list. *See* Dkt. 244 at 30. Plaintiffs further request an order directing Anthropic to respond to Plaintiffs' limited discovery requests regarding Anthropic's August 1 disclosure as to that list, including four interrogatories that Plaintiffs have served.[1]

The Court's class-certification order required Anthropic to "provide the titles, authors, publishers, ISBNs and/or ASINs data to plaintiffs' counsel to the extent such information about the two pirated sets is in its possession or that of its attorneys" on or before August 1, 2025. Dkt. 244 at 30. The Court further stated that "Plaintiffs will be allowed reasonable discovery" as necessary "to prepare the list." *Id.*

Notwithstanding the Court's order, Anthropic's August 1 disclosure fails to provide any information about LibGen-SciMag, a component of the LibGen database that contains scientific books and papers. Anthropic has never justified its failure to provide such information. Nor has Anthropic explained why it cannot respond to just four interrogatories served by Plaintiffs concerning the information that Anthropic disclosed on August 1. This is simply the latest in a series of efforts by Anthropic to "resist[] putting into the record" information directly relevant to this case. Dkt. 231 at 8 (Order on Fair Use). Anthropic should not be permitted to "dodge[] discovery" yet again. *Id.* at 31. Plaintiffs' submission of the class work list is due in two weeks.[2]

---

[1] Because this dispute involves the Court-ordered interrogatory in the Court's class-certification order, Dkt. 244 at 30-31, Plaintiffs have filed this letter directly with the Court. Plaintiffs have no objection to the dispute being referred to the Special Master if the Court prefers.

[2] On August 14, Plaintiffs requested that Anthropic respond to Plaintiffs' latest proposal with respect to the disputed topics herein no later than 5:00PM EST on August 15. After not hearing back from Anthropic, Plaintiffs began the process of filing this motion. As Plaintiffs were about to conclude filing, at 7:31PM EST, Anthropic responded. That response did not offer any change

## LIBGEN-SCIMAG

LibGen has three components—fiction, non-fiction, and SciMag. ▮▮▮▮ For the first seven months of this case, Anthropic refused to provide any discovery into the very two datasets whose works now comprise the certified class: LibGen and PiLiMi. It was not until March 21, 2025—just *six days* before Plaintiffs' class certification brief was due, that Anthropic finally produced what it should have.

Anthropic now takes the same course again, refusing to include on its August 1 disclosures any information about the LibGen-SciMag database. "LibGen-SciMag" is a mirrored copy of the notorious pirate library "SciHub," and it contains a staggering amount of scientific research papers and books. *See* https://wiki.archiveteam.org/index.php/Library_Genesis. Anthropic ▮▮▮▮ Ex. A (ANT_BARTZ_000268684) at 3, 4. ▮▮▮▮

Recent discovery from an August 8 deposition of an Anthropic 30(b)(6) witness confirms ▮▮▮▮ Ex. C (ANT_BARTZ_001765518). And public research likewise confirms that SciHub—which SciMag mirrors (*i.e.*, copies)—contains books. *See* RESERACHGATE, *Sci-Hub Provides Access to Nearly All Scholarly Literature* at p. 18, https://tinyurl.com/SciHub-Books (2018) ("Sci-Hub's catalog contains 72.4% of [] 510,760 distinct book chapters"); *id.* at p. 8 (noting that Sci-Hub has 1,500,000 book chapters). Indeed, after Plaintiffs' counsel presented Anthropic the materials cited above, Anthropic itself agreed to run "SciHub" as a search term to respond to Plaintiffs' requests for production. (Anthropic, however, has refused to let its substantive 30(b)(6) witness testify about SciMag).

There is no justification for Anthropic's refusal to provide information about books in the SciMag component of LibGen—which is to say books in LibGen—as part of its August 1 disclosures.

## DISCOVERY AS TO THE CLASS LIST

Anthropic also refuses to produce any discovery to Plaintiffs concerning Anthropic's August 1 submission as to the class list. That refusal is likewise improper.

---

in position with respect to the topics herein. Plaintiffs accordingly informed Anthropic that, given the timelines of the case and Anthropic's belated response, Plaintiffs intended to file their motion. Plaintiffs further noted that, if further meet and confers would materially aid Anthropic in producing the material that Plaintiffs seek, Plaintiffs were willing to do so.

***Interrogatories.*** On August 2, Plaintiffs served four interrogatories on Anthropic for the limited purpose of analyzing Anthropic's August 1 disclosures. In sum, those interrogatories ask Anthropic to (i) identify the documents and witnesses it relied on to compile the August 1 list; (ii) confirm the accuracy of the metadata for the August 1 list; and (iii) identify if the books on the August 1 list were fully downloaded by Anthropic. Given the purpose of the list—to facilitate the provision of notice to class members—these requests are eminently reasonable. *See generally* Ex. D (Plaintiffs' Metadata Interrogatories).

Anthropic refuses to provide any substantive response anyway, objecting that, among other things, Plaintiffs had already served 25 total interrogatories. But Anthropic's position ignores this Court's express instruction at class certification that Plaintiffs were permitted "Plaintiffs will be allowed reasonable discovery" as necessary "to prepare the list." Dkt. 244 at 30. It is precisely such reasonable discovery that Plaintiffs seek.

***Metadata tools.*** As the Court's class certification decision observed, because "Anthropic itself needed to identify the works it copied," Anthropic applied "methods including hashing" to the LibGen and PiLiMi metadata. Dkt. 244 at 3; *see also id.* at 4 ("A hash value is another critical piece of metadata contained in those catalogs. Anthropic used hash values, too."). In keeping with the Court's requirement that Anthropic provide "information about the two pirated sets . . . in its possession or that of its attorneys," *id.* at 30, Plaintiffs requested that Anthropic provide the hashing methodologies and lookup tools that Anthropic created. Indeed, Plaintiffs even provided Anthropic a specific example of the type of material it was seeking. But Anthropic again outright refused to provide any material at all.

***Information in Possession of Anthropic's Attorneys.*** The Court's order requires production of "information about the two pirated sets" in the possession of Anthropic "***or that of its attorneys.***" Dkt. 244 at 30 (emphasis added). During a 30(b)(6) deposition on August 8, deponent Mycal Tucker But these analyses—or any other performed by Anthropic's attorneys—have not been produced. Similarly, Plaintiffs observed that Anthropic's experts had also conducted analysis of the metadata for LibGen and PiLiMi which would be probative of ascertaining the list of works in suit. Anthropic, however, remains unwilling to provide any of this information, either.

\*\*\*

Plaintiffs respectfully request that the Court order Anthropic to: (i) promptly amend its August 1 disclosure to include all books and related metadata from the SciMag component of LibGen; (ii) respond to the four interrogatories Plaintiffs served no later than August 22, 2025; (iii) provide the hashing and metadata tools Anthropic used on LibGen and PiLiMi; and (iv) provide the analyses in its attorneys' or its experts' possession regarding the composition of the LibGen and PiLiMi datasets.

Judge William H. Alsup
August 15, 2025
Page 4

Respectfully submitted,

*/s/ Samir Doshi*

Samir Doshi*
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51 Floor,
New York, NY 10019
Telephone: (212) 336-8330
sdoshi@susmangodfrey.com

Justin A. Nelson *
Alejandra C. Salinas *
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
Michael Adamson (SBN 321754)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
rnath@susmangodfrey.com
madamson@susmangodfrey.com

Jordan W. Connors *
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser *
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51 Floor,
New York, NY 10019
Telephone: (212) 336-8330
sdoshi@susmangodfrey.com

Judge William H. Alsup
August 15, 2025
Page 5

Rachel Geman *
Jacob S. Miller*
Danna Z. Elmasry*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
wdozier@lchb.com
jmiller@lchb.com

Daniel M. Hutchinson (SBN 239458)
Jallé Dafa (SBN 290637)
Reilly T. Stoler (SBN 310761)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
rstoler@lchb.com
jdafa@lchb.com
dhutchinson@lchb.com

Betsy A. Sugar*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 Second Ave., #1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com

Jay Edelson*
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
jedelson@edelson.com

Matthew J. Oppenheim*
**OPPENHEIM & ZEBRAK LLP**
4530 Wisconsin Ave, NW, 5th Floor

Judge William H. Alsup
August 15, 2025
Page 6

        Washington, DC 20016
        Telephone: 202.450.3958
        matt@oandzlaw.com

Judge William H. Alsup
August 15, 2025
Page 7

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 15, 2025

                                                               */s/ Rachel J. Geman*