| | |
|---|---|
| COOLEY LLP<br>Kathleen R. Hartnett (314267)<br>(khartnett@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693 2222 | MORRISON & FOERSTER LLP<br>Daralyn J. Durie (169825)<br>(Ddurie@mofo.com)<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 |
| ARNOLD & PORTER KAYE SCHOLER LLP<br>Douglas A. Winthrop (183532)<br>(Douglas.Winthrop@arnoldporter.com)<br>Joseph Farris (263405)<br>(Joseph.Farris@arnoldporter.com)<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111-4024<br>Telephone: (415) 471-3100<br>Facsimile: (415) 471-3400 | MORRISON & FOERSTER LLP<br>Whitney R. O'Byrne (325698)<br>(WOByrne@mofo.com)<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017-3543<br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454 |

Attorneys for Defendant
ANTHROPIC PBC

*(Counsel continued on subsequent page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, CHARLES GRAEBER,, AND KIRK WALLACE JOHNSON<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-cv-05417-WHA<br><br>Action Filed: August 19, 2024<br><br>**ANTHROPIC PBC'S RESPONSE TO PLAINTIFFS' MOTION TO APPROVE CLASS NOTICE** |

| | |
|---|---|
| COOLEY LLP<br>Ephraim McDowell (*pro hac vice*)<br>(emcdowell@cooley.com)<br>Alexander J. Kasner (310637)<br>(akasner@cooley.com)<br>1299 Pennsylvania Avenue NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone: (202) 842-7800<br>Facsimile: (202) 842-7899<br><br>ARNOLD PORTER & KAYE SCHOLER LLP<br>Jessica L. Gillotte (333517)<br>(Jessica.Gillotte@arnoldporter.com)<br>Estayvaine Bragg (341400)<br>(Estayvaine.Bragg@arnoldporter.com)<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111-4024<br>Telephone: (415) 471-3100<br>Facsimile: (415) 471-3400<br><br>LEX LUMINA LLP<br>Mark Lemley (155830)<br>(mlemley@lex-lumina.com)<br>700 S. Flower Street, Suite 1000<br>Los Angeles, CA 90017<br>Telephone: (213) 600-6063<br>Attorneys for Defendant<br>ANTHROPIC PBC | MORRISON & FOERSTER LLP<br>Ramsey W. Fisher (334228)<br>(RamseyFisher@mofo.com)<br>Jackson Lane (351633)<br>(jlane@mofo.com)<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br><br>MORRISON & FOERSTER LLP<br>Fitz Beckwith Collings (*pro hac vice*)<br>(fcollings@mofo.com)<br>Mary Prendergast (272737)<br>(MPrendergast@mofo.com)<br>Aditya Vijay Kamdar (324567)<br>(AKamdar@mofo.com)<br>2100 L Street, N.W.<br>Washington, DC 20037<br>Telephone: (202) 887-1500<br>Facsimile: (202) 887-0763 |

ANTHROPIC PBC'S RESPONSE TO
PLAINTIFFS' MOTION TO APPROVE CLASS NOTICE
CASE NO. 3:24-CV-05417-WHA

1    Anthropic PBC ("Anthropic") respectfully submits this response to Plaintiffs' Motion to
2    Approve Class Notice.

3    Anthropic engaged in good-faith meet-and-confer discussions with Plaintiffs regarding the
4    proposed form of notice and has reached agreement with Plaintiffs on the form of notice attached
5    as Exhibits B-D to Plaintiffs' Motion. Anthropic has agreed to this proposed form of notice while
6    fully reserving its rights and position before this Court and on appeal that no class should have
7    been certified, that no notice (including the proposed form of notice) should be issued at present,
8    and that the notice and claims process ordered by the Court is insufficient and unwarranted under
9    Rule 23.

10   With respect to Plaintiffs' proposed notice plan set forth in Plaintiffs' Motion, Anthropic
11   also conferred in good faith with Plaintiffs' counsel. It is Anthropic's position that given the
12   fundamental flaws in the underlying class certification order, any issuance of notice to potential
13   class members at this time would be premature, potentially misleading, and irreparably harmful to
14   Anthropic. As the Court is aware, Anthropic has petitioned the Ninth Circuit for immediate
15   appellate review of the class certification order under Federal Rule of Civil Procedure 23(f), and
16   Anthropic also has sought a stay of these proceedings from the Ninth Circuit pending its
17   resolution of that petition. Both of those motions are pending before the Ninth Circuit.
18   Anthropic thus objects to the Court's approval of any notice plan until, at a minimum, the appeals
19   court has resolved Anthropic's pending motions.

20   In addition to its objection to any issuance of class notice at this juncture, Anthropic
21   cannot agree in substance to the notice plan presented by Plaintiffs. To begin, the notice plan
22   requires potential class members to identify other potential class members, and Anthropic objects
23   to such a process, which, as it has explained in its appellate filings, only underscores that the class
24   is not ascertainable and that class certification is unwarranted. Anthropic also is not in a position
25   to know whether the notice proposed by Plaintiffs is—as they contend—reasonable or the best
26   notice practicable under the circumstances. Many of the contentions in Plaintiffs' Motion—
27   including those based on its communications with potential class members and those pertaining to
28   the likely reach of the notice—are based on representations and assumptions that Anthropic has

1  not been able to investigate or test.  Plaintiffs have also not provided Anthropic the data they rely
2  on to contact potential class members, which hinders Anthropic's ability to investigate or
3  challenge the sufficiency of Plaintiffs' notice plan.  Anthropic has requested that Plaintiff provide
4  this information on a rolling basis.  Moreover, including in light of the fact that two of the three
5  initial plaintiffs ultimately were not class members, Anthropic has no basis to believe that the
6  proposed notice plan is not both significantly overinclusive and underinclusive.  Including for
7  these reasons, Anthropic cannot agree to the proposed notice plan or Plaintiffs' representations
8  that it is the best notice practicable under the circumstances or otherwise consistent with Rule 23
9  and due process.

11  Dated: August 18, 2025                          MORRISON & FOERSTER LLP

13                                                  By:  */s/ Daralyn J. Durie*
14                                                       Daralyn J. Durie

15                                                  *Attorneys for Defendant*
                                                    ANTHROPIC PBC