1  DOUGLAS A. WINTHROP (Bar No. 183532)
   Douglas.Winthrop@arnoldporter.com
2  JOSEPH FARRIS (Bar No. 263405)
   Joseph.Farris@arnoldporter.com
3  PIETER de GANON (Bar No. 320385)
   Pieter.deGanon@arnoldporter.com
4  JESSICA L. GILLOTTE (Bar No. 333517)
   Jessica.Gillotte@arnoldporter.com
5  ESTAYVAINE BRAGG (Bar No. 341400)
   Estayvaine.Bragg@arnoldporter.com
6  **ARNOLD & PORTER KAYE SCHOLER LLP**
   Three Embarcadero Center, 10th Floor
7  San Francisco, CA 94111-4024
   Telephone: (415) 471-3100
8  Facsimile: (415) 471-3400

9  KATHLEEN R. HARTNETT (No. 314267)
   khartnett@cooley.com
10 **COOLEY LLP**
   Three Embarcadero Center, 20th Floor
11 San Francisco, CA 94111-4004
   Telephone: (415) 693-2000
12 Facsimile: (415) 693-2222

13 *Attorneys for Defendant* ANTHROPIC PBC
   (Additional Counsel on Next Page)

   DARALYN J. DURIE (Bar No. 169825)
   ddurie@mofo.com
   RAMSEY FISHER (Bar No.334228)
   ramseyfisher@mofo.com
   JACKSON LANE (Bar No. 351633)
   jlane@mofo.com
   **MORRISON & FOERSTER LLP**
   425 Market Street
   San Francisco, CA 94105-2482
   Telephone: (415) 268-7000

   MARK LEMLEY (Bar No. 155830)
   mlemley@lex-lumina.com
   **LEX LUMINA LLP**
   700 S. Flower Street, Suite 1000
   Los Angeles, CA 90017
   Telephone: (213) 600-6063

14

15                    **UNITED STATES DISTRICT COURT**

16                **NORTHERN DISTRICT OF CALIFORNIA**

17                    **SAN FRANCISCO DIVISION**

18 | ANDREA BARTZ, ANDREA BARTZ, INC., | Case No. 3:24-CV-05417-WHA
   CHARLES GRAEBER, KIRK WALLACE
19 JOHNSON, and MJ + KJ, INC., individually and on | Action Filed: August 19, 2024
   behalf of others similarly situated,
20
                                                    | **DEFENDANT ANTHROPIC PBC'S
               Plaintiffs,                          | RESPONSE TO MOTION TO
21                                                  | SUPPLEMENT**
       v.
22                                                  | Judge: Honorable William H. Alsup
   ANTHROPIC PBC,
23
               Defendant.
24

25

26

27

28

1    ASSAD H. RAJANI (No. 251143)                    WHITNEY R. O'BYRNE (No. 325698)
     Assad.Rajani@arnoldporter.com                   WOByrne@mofo.com
2    **ARNOLD & PORTER KAYE SCHOLER LLP**            **MORRISON & FOERSTER LLP**
     3000 El Camino Real, Suite 500                  707 Wilshire Boulevard
3    Palo Alto, CA 94306-3807                        Los Angeles, CA 90017-3543
     Telephone: (650) 319-4500                       Telephone: (213) 892-5200
4    Facsimile: (650) 319-4700                       Facsimile: (213) 892-5454

5    RYAN NISHIMOTO (No. 235208)                     FITZ BECKWITH COLLINGS (*pro hac vice*)
     Ryan.Nishimoto@arnoldporter.com                 FCollings@mofo.com
6    OSCAR RAMALLO (No. 241487)                      MARY PRENDERGAST (No. 272737)
     Oscar.Ramallo@arnoldporter.com                  MPrendergast@mofo.com
7    ALLYSON MYERS (No. 342038)                      ADITYA KAMDAR (No. 324567)
     Ally.Myers@arnoldporter.com                     AKamdar@mofo.com
8    **ARNOLD & PORTER KAYE SCHOLER LLP**            **MORRISON & FOERSTER LLP**
     777 South Figueroa Street, 44th Floor           2100 L Street, NW, Suite 900
9    Los Angeles, CA 90017-5844                      Washington, D.C. 20037
     Telephone: (213) 243-4000                       Telephone: (202) 887-1500
10   Facsimile: (213) 243-4199                       Facsimile: (202) 887-0763

11   EPHRAIM MCDOWELL (*pro hac vice*)
     emcdowell@cooley.com
12   ALEXANDER J. KASNER (No. 310637)
     akasner@cooley.com
13   **COOLEY LLP**
     1299 Pennsylvania Avenue NW, Suite 700
14   Washington, DC 20004-2400
     Telephone: (202) 842-7800
15   Facsimile: (202) 842-7899

16   *Attorneys for Defendant*
     ANTHROPIC PBC

17

18

19

20

21

22

23

24

25

26

27

28

## ANTHROPIC'S RESPONSE TO MOTION TO SUPPLEMENT

Even if Plaintiffs were correct on the law (and they are not, *see* ECF 280 at 3-9), Benjamin Mann's testimony does not support Plaintiffs' efforts to bar Anthropic from presenting an innocent infringement defense (or denying willfulness).

Mr. Mann specifically and repeatedly testified that he personally believed that downloading from sites like LibGen to train AI models was fair use and that he believed this based on his own "independent" research, *i.e.*, independent of advice of counsel.  Ex. A (Mann Final Tr. [hereinafter Tr.] Vols. 1 & 2) at 92:15-17; *see also* Tr. 91:15-19 ("I had other beliefs than informed by attorneys.");[1] Tr. 91:22-24 ("In my personal capacity, I believed that this usage would be covered by fair use."); Tr. 91:25-92:5 ("I researched what fair use was and tried to come to my own understanding of whether what we were doing would be covered by that.  And my – my personal feeling was that it would be."); Tr. 89:18-90:5 ("downloading this data set for the purposes of building large language models and doing science was the right thing to do"); Tr. 337:9-14 ("*Independent of what my attorneys may or may not have said*, my personal belief was that what we were doing was legal." (emphasis added)).  He explained in great detail, over the course of more than 15 transcript pages, when and how he had conducted his independent research, beginning with an interest in high school and then subsequently again when he was doing AI work as an adult.  Tr: 91:22-93:21; *see also* Tr. 341:2-355:1. Based on this independent research, he came to his own conclusions about fair use.  Tr. 341:2-355:1; *see also* Tr. 396:18-397:13; Tr. 450:15-19.

After asking Mr. Mann about his beliefs as to "fair use," Plaintiffs also asked questions about Mr. Mann's belief in "legality."  Although Mr. Mann had disclosed at length the independent basis for his and other company executives' beliefs about fair use, *see* Tr. 89:18-94:6, Tr. 94:21-95:6, he said that he could not offer an ultimate opinion on legality or lawfulness without divulging attorney-client privileged information.  Tr. 98:1-20 (stating, in response to a

---

[1] The rough transcript of the deposition that plaintiffs attach contains a substantive error. *Compare* Pls.' Ex. A, Rough Tr. 85:5-6 ("I had other beliefs then, informed by attorneys."), *with* Anthropic's Ex. A, Final Tr. 91:18-19 ("I had other beliefs than informed by attorneys.").

question about whether what he was doing was "lawful," that he could not "answer the question *as you've asked it*" (emphasis added)); *see also*, e.g., Tr. 144:14-146:14 (stating whether he was "a hundred percent sure that what you were doing was legal in June of 2021" would implicate privileged information); *see also generally* Tr. 90-92 (distinguishing questions about fair use and legality).

On the second day of his deposition, Mr. Mann clarified that he had understood the prior day's questions about whether it was "legal to download" to be asking about the "exact bounds of the law," which he did not "know," Tr. 335:11-21, *i.e.*, he invoked privilege because he thought questions using the word "legal" or "lawful" were calling for an expert legal conclusion, not his own subjective belief about fair use.[2] He then clarified that in his "judg[ment] as a layperson," he believed that "[e]verything we did … would have been covered under fair use and I believe was legal, to the extent that I'm capable of judging that."  Tr. 335:17-336:7; *see* Tr. 351:19-23 ("We had a very different use from what these sources are usually used for, and I believe that was distinguishing in how we ended up using the data and my nonlegal expert view of its legality.").

He then repeatedly stated that, based on his own, non-expert view about legality, he believed that Anthropic's conduct was legal "[i]ndependent of what my attorneys may or may not have said." Tr. 337:9-14. He later testified that, "[A]t the time my belief was substantially informed by my own research.  And that *based on that*, I felt confident that what we were doing was legal."  Tr. 356:23-357:1 (emphasis added); *see also* Tr.336:8-21.  Mr. Mann further explained that he had formed those independent beliefs in large part while working at his prior employer, OpenAI, where he also was "personally… involved in downloading" LibGen and used it to train models in 2019, at which time he researched fair use using Internet sources.  Tr. 346:15-347:10; *see* Tr. 398:8-25.

---

[2] The Day 2 correction was not prompted in any way by any Anthropic attorney; as Mr. Mann testified, he had no communications with any Anthropic attorney and reviewed no deposition-related documents between the conclusion of the first day of his deposition and the start of the second day. Tr. 334:21-335:8. Mr. Mann simply independently realized that he had misunderstood the import of the questions.

To be sure, Mr. Mann candidly acknowledged that he could not testify that his "beliefs have never been affected by anything counsel has ever said." Tr: 356:23-357:4. But that is not inconsistent with his testimony that he had an independent belief in fair use. And if that sort of truthful testimony—that the witness had an independent source for his subjective belief, but four years later he cannot say with certainty that *nothing* about his views was informed by counsel—is enough to preclude an innocent infringement defense, no one who consulted an attorney could ever offer such a defense.

*Finally*, even if the Court believed (1) that a party could impliedly waive privilege even if it is not using or relying on privileged communications with the jury and (2) that Mr. Mann lacked an independent source for his beliefs, that still would not support barring Anthropic from offering an innocent infringement defense *at all*. At most, during the pretrial process, the Court could consider whether to craft appropriate limits on the testimony elicited about Mr. Mann's subjective views. There would be no support for barring Mr. Mann from offering objective testimony concerning his experience at OpenAI and that company's use of downloaded books to train models. Nor would there be any support for precluding any other witness from testifying.

Dated: August 21, 2025                          Respectfully submitted,

                                        **ARNOLD & PORTER KAYE SCHOLER LLP**

                                      By:  */s/ Douglas A. Winthrop*
                                              DOUGLAS A. WINTHROP

                                              *Attorneys for Defendant*
                                              ANTHROPIC PBC

1

**CERTIFICATE OF SERVICE**

I, Douglas A. Winthrop, am the ECF user whose identification and password are being used to file the foregoing **DEFENDANT ANTHROPIC PBC'S RESPONSE TO MOTION TO SUPPLEMENT.**

Dated:  August 21, 2025

 */s/ Douglas A. Winthrop*
Douglas A. Winthrop