# Arnold & Porter

**Oscar Ramallo**
+1 213.243.4290 Direct
Oscar.Ramallo@arnoldporter.com

August 22, 2025

**VIA ECF**

Harold J. McElhinny
The Law Offices of Harold J. McElhinny
1664 9th Avenue
San Francisco, CA 94122

Re: *Bartz et al. v. Anthropic PBC*, Case No. 3:24-CV-05417 (N.D. Cal.) Letter Motion to Compel Plaintiffs to Amend Privilege Log & Supplement Responses to Interrogatory No. 3

Dear Mr. McElhinny:

Defendant Anthropic files this motion to compel for two reasons. *First*, Plaintiffs are withholding communications based on improper privilege assertions. *Second*, Plaintiffs refuse to provide a complete response to Anthropic's Interrogatory No. 3 ("Rog 3").

## I. Plaintiffs' Improper Privilege Assertions

Plaintiffs are improperly withholding 22 documents that are not protected by privilege because they were disclosed to third parties without proper justification. Despite serving three versions of their privilege log, Plaintiffs have provided no explanation for why the presence of non-attorney *literary agents* and other non-attorney third parties was necessary for these communications.

The procedural history demonstrates Plaintiffs' inability to support their privilege claims. On August 4, Anthropic sent Plaintiffs a meet and confer email noting that Plaintiffs' privilege assertions in their Second Amended Privilege Log contained dozens of entries listing third-parties who would presumably break privilege without explanation as to why the presence of those third-parties met any applicable exception to the waiver doctrine. *See* Exhibit A at 1. During a meet and confer on August 11, Anthropic asked Plaintiffs to either amend the privilege log to explain why privilege was not waived, or, alternatively, submit the documents for *in camera* review. Plaintiffs' Third Amended Privilege log served on August 19 withdrew privilege claims on 31 of the 58 entries that Anthropic challenged in the meet and confer but still failed to provide justification for the 22 documents challenged in this motion.[1]

---

[1] An excerpt of the Third Amended Privilege Log containing the entries that remain in dispute is attached as Exhibit C. Column M of Exhibit C reproduces the "Privilege Description" from the Second Amended Privilege Log, with those descriptions that remain unchanged between the two logs highlighted in yellow.

# Arnold & Porter

August 22, 2025
Page 2

These deficiencies are not mere technicalities. For example, BARTZ000057740 is a communication solely between Plaintiff Kirk Wallace Johnson and his non-lawyer literary agent Katherine Flynn. *See* Exhibit B. The privilege description states only "Confidential communication transmitting legal advice from attorney Paul Sennott re: publishing agreement." The document BARTZ000057740 is partially redacted, and given the surrounding context, it does not appear likely that Ms. Flynn was communicating specialized information such that a literary agent would be a nearly indispensable mediary between the attorney and client. The disclosure of attorney-client communication to Ms. Flynn without an appropriate reason for doing so waives privilege. *Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) ("[I]t has been widely held that voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject.").

More broadly, Plaintiffs continue to assert privilege and have completely withheld 21 communications with no explanation as to why the third-parties are nearly indispensable or serve some specialized purpose for facilitating attorney-client communication. Compounding these problems, there are numerous communications with third-parties in which Rohit Nath (Plaintiffs' counsel of record in this litigation) is listed as the attorney nexus, but he is not a participant in the communication at all, and he was not listed at all on earlier versions of Plaintiffs' privilege log. *See* Exhibit C at rows 10-15, 22-23 (PRIV-000000156, PRIV-000000167–171, PRIV-000000228, PRIV-000000232).

Because Plaintiffs have not supported their privilege claims on these disputed documents, Anthropic requests that Plaintiffs be compelled to produce them. Alternatively, Anthropic requests that the Special Master review these communications *in camera* to determine whether privilege has been waived.

## II.      Plaintiffs' Responses to Rog 3 Are Incomplete

Plaintiffs have now failed four times to provide complete responses to Rog 3, which requests identification of all agreements transferring copyright interests for each work the named Plaintiffs allege Anthropic has infringed. *See* Exhibits D, E, & F. Anthropic is entitled to discovery on such agreements to answer the fundamental question of whether Plaintiffs have standing to assert their claims or whether Plaintiffs have transferred those rights to another person or entity. *See Fahmy v. Jay-Z*, 908 F.3d 383, 394 (9th Cir. 2018). Seemingly recognizing this point, Plaintiffs committed in open court during the July 23 discovery hearing to supplement their deficient responses to moot Anthropic's prior motion to compel. *See* ECF 277 at 16-17. Since that hearing, Plaintiffs have served supplemental responses but still refuse to fully respond to the interrogatory.

**Arnold & Porter**

August 22, 2025
Page 3

In particular, Plaintiffs served Second Supplemental Responses to Rog 3 on July 25. Those responses were facially incomplete because, among other reasons, they failed even to identify responsive agreements that transfer copyright interests. On August 5, 2025, Anthropic emailed Plaintiffs Bates numbers of agreements or documents that reference agreements that were not identified in the interrogatory response. *See* Exhibit A at 2. In addition, on June 30, 2025, Anthropic emailed Plaintiffs a list of dozens of agreements referred to in Plaintiffs' document production that were not themselves produced and that would apparently be responsive to Rog 3. Exhibit G at 5-6.

After nearly two months of meeting and conferring on this issue, on August 18, Plaintiffs once again served unverified, facially deficient responses. On August 21, Plaintiffs served verified responses with some changes from the August 18 version that are immaterial to this motion. *See* Exhibits D, E, & F. In comparison to the interrogatories that were the subject of the July 23 hearing, the August 21 supplemental responses identify just one additional agreement—one of the three that Anthropic had already identified for Plaintiffs by Bates number.

Anthropic is left in a position of not knowing the full universe of agreements concerning the rights Plaintiffs are asserting in this case. Based on the face of documents Plaintiffs have produced, Anthropic knows Plaintiffs' responses to Rog 3 are incomplete because they fail to identify dozens of produced and unproduced documents. As just one example, an email that Plaintiffs produced states that a studio renewed an option agreement for one of Plaintiffs' books, but Plaintiffs have not identified the agreement. Exhibit H.

Without a full response, Anthropic cannot assess whether Plaintiffs have standing to assert their claims—a fundamental element that must be established. Anthropic cannot know if other responsive agreements exist. Anthropic has given Plaintiffs three opportunities to provide complete responses, and Plaintiffs have repeatedly committed to doing so, including in open court in order to moot Anthropic's prior motion to compel on the same issue. Anthropic respectfully requests that the Special Master order Plaintiffs to finally provide a complete and verified response to Rog 3.

# Arnold & Porter

August 22, 2025
Page 4

                          Respectfully Submitted,

                          ARNOLD & PORTER
                          KAYE SCHOLER LLP

                          By */s/ Oscar Ramallo*
                              Oscar Ramallo

                          *Counsel for Defendant Anthropic PBC*

**Arnold & Porter**

August 22, 2025
Page 5

## APPENDIX OF ATTACHMENTS*

| | |
|---|---|
| **Exhibit A** | Email dated August 5, 2025 from counsel for Anthropic to counsel for Plaintiffs regarding discovery deficiencies |
| **Exhibit B** | Email dated June 18, 2017 regarding contract (BARTZ000057740) |
| **Exhibit C** | Excerpt of Second and Third Amended Privilege Log |
| **Exhibit D** | Plaintiffs Kirk Wallace Johnson and MJ + KJ, Inc.'s Fourth Supplemental Responses to Defendant Anthropic PBC's Second Set of Interrogatories (Nos. 3-5, 7-9, & 12) |
| **Exhibit E** | Plaintiff Charles Graeber's Third Supplemental Responses to Defendant Anthropic PBC's Second Set of Interrogatories (Nos. 3-5, 7-9, & 12) |
| **Exhibit F** | Plaintiffs Andrea Bartz and Andrea Bartz, Inc.'s Third Supplemental Responses to Defendant Anthropic PBC's Second Set of Interrogatories (Nos. 3-5, 7-9, & 12) |
| **Exhibit G** | Email dated June 30, 2025 from counsel for Anthropic to counsel for Plaintiffs regarding discovery deficiencies |
| **Exhibit H** | Email dated June 25, 2021 regarding option contract (BARTZ000047734) |

\* The exhibits to the letter brief will be served on the Special Master and counsel of record, but per the Procedural Order (Dkt. No. 295), ¶ 7, "the attachments themselves need not be filed with the Court."