| | |
|---|---|
| Justin A. Nelson (*pro hac vice*) | Douglas A. Winthrop (Bar No. 183532) |
| Alejandra C. Salinas (*pro hac vice*) | Joseph Farris (Bar No. 263405) |
| **SUSMAN GODFREY L.L.P.** | Pieter de Ganon (Bar No. 320385) |
| 1000 Louisiana Street, Suite 5100 | Jessica L. Gillotte (Bar No. 333517) |
| Houston, TX 77002-5096 | Estayvaine Bragg (Bar No. 341400) |
| Telephone: (713) 651-9366 | **ARNOLD & PORTER KAYE SCHOLER LLP** |
| | Three Embarcadero Center 10th Floor |
| Rohit D. Nath (SBN 316062) | San Francisco, CA 94111-4024 |
| Michael Adamson (SBN 321754) | (415) 471-3100 |
| **SUSMAN GODFREY L.L.P.** | (415) 471-3400 (fax) |
| 1900 Avenue of the Stars, Suite 1400 | douglas.winthrop@aporter.com |
| Los Angeles, CA 90067-2906 | joseph.farris@arnoldporter.com |
| Telephone: (310) 789-3100 | pieter.deganon@arnoldporter.com |
| | estayvaine.bragg@arnoldporter.com |
| Rachel Geman (*pro hac vice*) | jessica.gillotte@arnoldporter.com |
| Jacob S. Miller (*pro hac vice*) | estayvaine.bragg@arnoldporter.com |
| Danna Z. Elmasry (*pro hac vice*) | |
| **LIEFF CABRASER HEIMANN** | Daralyn J. Durie (Bar No. 169825) |
| **& BERNSTEIN, LLP** | Ramsey Fisher (Bar No.334228) |
| 250 Hudson Street, 8th Floor | Jackson Lane (Bar No. 351633) |
| New York, New York 10013-1413 | **MORRISON & FOERSTER LLP** |
| Telephone: (212) 355-9500 | 425 Market Street |
| | San Francisco, CA 94105 |
| Daniel M. Hutchinson (SBN 239458) | (415) 268-7000 |
| Reilly T. Stoler (SBN 310761) | (415) 268-7522 (fax) |
| Jallé H. Dafa (SBN 290637) | DDurie@mofo.com |
| **LIEFF CABRASER HEIMANN** | RamseyFisher@mofo.com |
| **& BERNSTEIN, LLP** | jlane@mofo.com |
| 275 Battery Street, 29th Floor | |
| San Francisco, CA 94111-3339 | *Attorneys for Defendant Anthropic PBC* |
| Telephone: (415) 956-1000 | |

*Co-Lead Counsel*

[Additional counsel listed in the signature block.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated, <br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendants. | Case No.: 3:24-cv-05417-WHA<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT REPORTS** |

The parties to the above-referenced action, through their respective counsel of record, hereby stipulate to the following regarding the scope of expert discovery relating to all testifying experts and non-testifying experts or expert consultants in this matter.

1. Except as provided otherwise in this Stipulation, expert discovery shall be governed by the Federal Rules of Civil Procedure and any other applicable rule.

2. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure, the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this Stipulation nor the parties' agreement to them shall be considered an admission by any person that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

3. Pursuant to the Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases before Judge William Alsup, Dkt. 9, the parties acknowledge and agree that "FRCP 26(a)(2)(B) requires disclosure of all opinions, bases, reasons and other information considered by an expert. Counsel shall preserve all drafts of expert reports (partial or complete) and notes and other evidence of communications with experts (or with any intermediaries between counsel and the experts) on the subject of this actual or potential testimony, and shall instruct their experts and any intermediaries to do likewise. These materials, however, need not be produced absent the showing required by FRCP 26(b)(3) and (4)." The parties likewise agree that no discovery is permitted from non-testifying experts except as provided by Fed. R. Civ. P. 26(b)(4)(D).

4. Except as provided in paragraphs 6 and 7, below, the following types of information shall not be the subject of any form of discovery, and the parties shall not be obligated to preserve such information in any form or include such information on any privilege log:

(a) the content of oral, written, or other communications among and between:

    i. counsel and the expert and/or the expert's staff and/or supporting firms;

    ii. counsel and any non-testifying expert consultant and/or the consultant's staff;

    iii. a party and the expert and/or the expert's staff and/or supporting firms;

    iv. a party and any non-testifying expert consultant and/or the consultant's staff;

    v.  the expert and other experts and/or other non-testifying expert consultants;

    vi.  the expert and their staff and/or supporting firms;

    vii.  non-testifying expert consultants and their staffs;

    viii.  the expert and the respective staffs and/or supporting firms of other experts or non-testifying expert consultants;

    ix.  non-testifying expert consultants and the respective staffs and/or supporting firms of other experts or non-testifying expert consultants; and/or

    x.  the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.

  (b)  notes, drafts, written communications, preliminary or intermediate calculations, computations, or other types of preliminary work created by, for, or at the direction of a testifying expert in connection with this matter (aside from the final written expert report(s) and notes generated while testifying), including copies of documents produced by any party bearing the notes, markings, or comments of any of the following persons or their staff or agents: the expert, other expert witnesses, non-testifying experts, consultants or outside or in-house attorneys for the party or parties.

  5.  Except as provided in paragraphs 6 and 7 below, no party or their experts are obligated to preserve or produce budgets, invoices, bills, receipts, or time records concerning the work performed by testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, associates, or other agents, or their companies or organizations, relating to the report, testimony, or services provided in this matter.

  6.  The limitations contained in paragraphs 4 and 5, above, shall not apply to any communications, documents, calculations, computations or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports. To the extent a testifying expert relies on an assumption provided by counsel, the assumption—but not the communication(s) between counsel and the testifying expert concerning that assumption—must be disclosed. For the avoidance of doubt, preliminary or intermediate calculations, computations, or other types of preliminary work need not be produced where the expert ultimately relied on a later, revised version of such calculations, computations, or other types of work.

7. Notwithstanding the limitations contained in paragraphs 4 and 5, above, a testifying expert may be asked to respond to reasonable questions regarding the hourly rates of the expert and his or her staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

8. Except as indicated in the schedule in paragraph 13 below, within **three (3) calendar days** of any party serving any expert report and/or expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) or otherwise, the party or parties proffering the expert witness shall produce: the documents, data or other information relied upon by the expert witness in forming the expert witness's opinions; any exhibits that will be used to summarize or support the expert witness's opinions; and any final work product (including but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the expert witness that is based on the output from any computer programs that are produced. This production shall satisfy in full the requirements of Fed. R. Civ. P. 26(a)(2)(B)(ii). All other disclosures required by Fed. R. Civ. P. 26(a)(2)(B) will be served at the time of the report. "Documents, data or other information relied upon," as used in this paragraph, shall include underlying schedules, spreadsheets, coding, or other information sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions.

9. The information required by paragraph 8 above shall be produced electronically (via email, disc, or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce computer software that is reasonably and commercially available (e.g., Microsoft Word, Excel). Documents that are publicly available need not be produced if they are available online for free at an internet address identified in the expert's report/declaration. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

10. Notwithstanding the statement in Paragraph 15 of the Court's "Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases that before the Honorable William Alsup" that "[i]llustrative animations, diagrams, charts and models may be used on direct examination only if they were part of the

1  expert's report," the parties agree that demonstrative exhibits may be used at trial if disclosed by category in
2  the parties' respective pretrial disclosures. Further, paragraph 8 above is not intended to limit the ability of
3  any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an
4  expert's testimony, during the course of any argument, hearing, or trial. The admissibility of any such
5  demonstrative exhibits shall be subject to the Federal Rules of Evidence and the Federal Rules of Civil
6  Procedure unless otherwise provided by order of the Court. The parties agree to meet and confer **at least**
7  **twenty-one (21) calendar days** before trial regarding the timing and procedure for exchanging
8  demonstratives that may be used with experts during trial.

9         11.    No subpoenas (for depositions or documents) need be served on any testifying expert from
10 whom a report or declaration is provided. Instead, the party proffering such expert will (a) be responsible for
11 producing all materials and information required by this Stipulation or the Federal Rules of Civil Procedure
12 (to the extent those Rules are not modified by this Stipulation), and (b) make the expert available for
13 deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders. To
14 the extent the testifying expert is also a percipient witness, if otherwise permissible under the Federal Rules
15 of Civil Procedure and the Local Rules, the opposing party is not precluded from serving a subpoena for
16 depositions or documents on such witness seeking the witness's percipient testimony or documents.

17        12.    Nothing in this Stipulation shall permit a party or a testifying expert to withhold a proposition,
18 fact, belief, or other data, information, or material (including any assumption) on which the expert relies in
19 support of her or his opinion(s) in this matter or that is otherwise discoverable by order of the Court.

13. The parties agree to the following schedule for expert reports and Daubert motions related to Plaintiffs' "comprehensive, per work list" referenced in the Court's Order on Class Certification (Dkt. 244) at 17, currently due to be filed on **September 1, 2025**:

| | |
|---|---|
| **September 1, 2025** | Plaintiffs will serve on Anthropic the opening expert report relating to this "per work list." |
| **September 3, 2025** | Plaintiffs will serve on Anthropic all Fed. R. Civ. P. 26(a)(2)(B)(ii) material as described fully in paragraph 8 above. |
| **September 10, 2025** | Plaintiffs will make available their "per work list" expert for deposition. |
| **September 15, 2025** | (1) Defendant will serve on Plaintiffs the expert report challenging Plaintiffs' "per work list" and any related expert reports, as well as all Fed. R. Civ. P. 26(a)(2)(B)(ii) material as described fully in paragraph 8 above; and<br><br>(2) Defendant will file any *Daubert* motion to exclude the testimony of Plaintiffs' "per work list" expert (the "Per Work Daubert" motion). |
| **September 19, 2025** | Defendant will make its expert available for deposition. |
| **September 22, 2025** | Plaintiffs will file any opposition to Defendant's Per Work *Daubert* motion. |
| **September 25, 2025 at 8:00 a.m.** or at the Court's convenience | Hearing on Defendant's Per Work *Daubert* motion. |

14. The parties also agree that any *Daubert* motions to exclude any other expert testimony (i.e., expert testimony not related to Plaintiffs' "comprehensive, per work list") will be due on **October 30, 2025**, with oppositions due **November 10, 2025**. Otherwise, this Stipulation does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or the timing of any deposition of any testifying expert. The parties reserve all rights, including, for example, the right to seek additional follow-on discovery and/or adjustments to the case schedule, including due to Plaintiffs' pending letter motion dated August 15, 2025 (Dkt. 323).

15. The parties agree to comply with this Stipulation pending the Court's approval.

IT IS SO STIPULATED, through Counsel of Record.

Dated:  August 22, 2025

By: /s/Daniel M. Hutchinson

Rachel Geman (pro hac vice)
Jacob S. Miller (pro hac vice)
Danna Z. Elmasry (pro hac vice)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
Jallé H. Dafa (SBN  290637)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
rstoler@lchb.com
jdafa@lchb.com

Betsy A. Sugar (pro hac vice)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S., Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com

*Co-Lead Counsel*

Respectfully submitted,

By: /s/ Fitz Beckwith Collings

Douglas A. Winthrop (Bar No. 183532)
Joseph Farris (Bar No. 263405)
Pieter de Ganon (Bar No. 320385)
Jessica L. Gillotte (Bar No. 333517)
Estayvaine Bragg (Bar No. 341400)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center 10th Floor
San Francisco, CA 94111-4024
(415) 471-3100
(415) 471-3400 (fax)
douglas.winthrop@aporter.com
joseph.farris@arnoldporter.com
pieter.deganon@arnoldporter.com
estayvaine.bragg@arnoldporter.com
jessica.gillotte@arnoldporter.com
estayvaine.bragg@arnoldporter.com

Assad H. Rajani (Bar No. 251143)
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
(650) 319.4500
(650) 319-4700 (fax)
assad.rajani@arnoldporter.com

Oscar Ramallo (Bar No. 241487)
Angel Tang Nakamura (Bar No. 205396)
Ryan M. Nishimoto (Bar No. 235208)
Allyson C. Myers (Bar No. 342038)
**ARNOLD & PORTER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
(213) 243-4000
(213) 243-4199 (fax)
oscar.ramallo@arnoldporter.com
angel.nakamura@arnoldporter.com
ryan.nishimoto@arnoldporter.com
ally.myers@arnoldporter.com

| | |
|---|---|
| Rohit D. Nath (SBN 316062)<br>Michael Adamson (SBN 321754)<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-2906<br>Telephone: (310) 789-3100<br>RNath@susmangodfrey.com<br>MAdamson@susmangodfrey.com | Daralyn J. Durie (Bar No. 169825)<br>Ramsey Fisher (Bar No.334228)<br>Jackson Lane (Bar No. 351633)<br>**MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, CA 94105<br>(415) 268-7000<br>(415) 268-7522 (fax)<br>DDurie@mofo.com<br>RamseyFisher@mofo.com<br>jlane@mofo.com |
| Justin A. Nelson (*pro hac vice*)<br>Alejandra C. Salinas (*pro hac vice*)<br>**SUSMAN GODFREY L.L.P**<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002-5096<br>Telephone: (713) 651-9366<br>jnelson@susmangodfrey.com<br>asalinas@susmangodfrey.com | Whitney Rose O'Byrne (Bar No. 325698)<br>**MORRISON & FOERSTER LLP**<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017<br>(213) 892-5200<br>(213) 892-5454 (fax)<br>WOByrne@mofo.com |
| Jordan W. Connors (*pro hac vice*)<br>**SUSMAN GODFREY L.L.P**<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 516-3880<br>jconnors@susmangodfrey.com | Mary Prendergast (Bar No. 272737)<br>Fitz Beckwith Collings (*pro hac vice*)<br>Aditya Vijay Kamdar (Bar No. 324567)<br>**MORRISON & FOERSTER LLP**<br>2100 L Street, N.W.<br>Washington, DC 20037<br>(202) 572-6757<br>(202) 887-0763 (fax)<br>MPrendergast@mofo.com<br>fcollings@mofo.com<br>AKamdar@mofo.com |
| J. Craig Smyser (*pro hac vice*)<br>Samir H. Doshi (*pro hac vice*)<br>**SUSMAN GODFREY L.L.P**<br>One Manhattan West, 51st Floor,<br>New York, NY 10019<br>Telephone: (212) 336-8330<br>csmyser@susmangodfrey.com<br>sdoshi@susmangodfrey.com | Kathleen R. Hartnett<br>**COOLEY LLP**<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>(415) 693-2071<br>(415) 693-2222 (fax)<br>khartnett@cooley.com |
| *Co-Lead Counsel* | |
| Scott J. Shoulder (*pro hac vice*)<br>CeCe M. Cole (*pro hac vice*)<br>**COWAN DEBAETS ABRAHAMS<br>& SHEPPARD LLP**<br>60 Broad Street, 30th Floor<br>New York, New York 10010<br>Telephone: (212) 974-7474<br>sshoulder@cdas.com<br>ccole@cdas.com | Alexander J. Kasner (Bar No. 310637)<br>Ephraim McDowell (*pro hac vice*)<br>**COOLEY LLP**<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004-2400<br>(202) 776-2266<br>(202) 842-7899 (fax)<br>akasner@cooley.com<br>emcdowell@cooley.com |
| *Additional Counsel for the Class* | |

| | |
|---|---|
| Jay Edelson* <br> **EDELSON PC** <br> 350 North LaSalle Street, 14th Floor <br> Chicago, IL 60654 <br> Telephone: (312) 589-6370 <br> jedelson@edelson.com | |
| Matthew J. Oppenheim* <br> **OPPENHEIM & ZEBRAK LLP** <br> 4530 Wisconsin Ave, NW, 5th Floor <br> Washington, DC 20016 <br> Telephone: 202.450.3958 <br> matt@oandzlaw.com | Mark Alan Lemley (Bar No. 155830) <br> **LEX LUMINA LLP** <br> 700 S. Flower St., Suite 1000 <br> Los Angeles, CA 90017 <br> (650) 723-4605 <br> mlemley@lex-lumina.com |
| *Publishers' Coordinating Counsel* | *Attorneys for Defendant Anthropic PBC* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____

_____
The Honorable William H. Alsup
United States District Court Judge