UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BARTZ and KIRK WALLACE JOHNSON, individually, and ANDREA BARTZ, INC., CHARLES GRAEBER, and MJ + KJ, INC., individually and as representatives of the class,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | No. C 24-05417 WHA<br><br>**ORDER ON LETTER BRIEF (DKT. NO. 323)** |

    The Court and the parties in this case are working to identify the members included in the class certified by the Court (Dkt. No. 244) and to prepare a form of class notice. On August 2, 2025, Plaintiff served broad discovery requests on Defendant directed to those issues. For numerous reasons, Defendant objected to this discovery. The parties met and conferred but made no progress. On August 15, 2025, Plaintiffs filed a Letter Brief (Dkt. No. 323). Defendant opposed (Dkt. No. 336). After reflection, Plaintiffs narrowed their request to a motion to compel answers to three interrogatories. At my invitation, Plaintiffs filed a one-page reply (Dkt. No. 340).

    The three interrogatories in question are narrowly drawn and directed to a list of "pirated books" that the District Court ordered Defendant to produce (Dkt. No. 244 at 30). Defendants have two major objections. *First*, they argue that discovery is essentially over in this case and

that Plaintiffs have exhausted the interrogatories allowed to them by the Court at the outset. Seeing the barn so close, Defendant is ready to drop its saddle and hit the hay. *Second*, Defendant argues that Plaintiffs are trying improperly to shift the burden of class identification to them. Unfortunately, there are a few miles yet to go, and the District Court has already denied them both objections. In its Order, the District Court expressly stated, "Plaintiffs will be allowed reasonable discovery and time to prepare the list" (*id.* at 17:5). This general permission was not conditioned on Plaintiffs having unused interrogatories to apply. Then, as noted, the District Court ordered Defendant to begin the process by providing a list from its own records. That burden has been shifted. Plaintiffs are clearly entitled to inquire as to how Defendant complied with the Court's Order.

As limited to the three interrogatories in question, the Motion is **GRANTED**. Defendant shall reply to the interrogatories without further objection no later than **FRIDAY, AUGUST 30, 2025**.

I have not been called upon to decide any issue of privilege in deciding this Motion.

The hearing scheduled for Tuesday, August 26, 2025 shall proceed on the other agenda topics previously noticed.

**IT IS SO ORDERED.**

Dated: August 22, 2025.

/s/ *Harold J. McElhinny*
HAROLD J. McELHINNY
SPECIAL MASTER