UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BARTZ and KIRK WALLACE JOHNSON, individually, and ANDREA BARTZ, INC., CHARLES GRAEBER, and MJ + KJ, INC., individually and as representatives of the class,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANTHROPIC PBC,<br><br>    Defendant. | No. C 24-05417 WHA<br><br>**PARTIAL ORDER ON<br>LETTER BRIEF (DKT. NO. 223)** |

## PROCEDURE

Plaintiffs filed a Letter Brief (Dkt. No. 223) seeking to compel production of documents withheld from production by Defendant Anthropic on grounds of privilege, attorney client and attorney work product. The Motion was divided into three parts: I. Communications Involving Third-Party Consultants, II. Business Communications Involving In-House Counsel, and III. Business Communications Between Non-Lawyers. Defendant opposed the Motion (Dkt. No. 230). The District Court heard the Motion July 23, 2025. After the hearing, pursuant to stipulation of the parties, I was appointed Special Master for discovery issues in the case (Dkt. No. 292). In that Reference, the District Court retained responsibility for the issues raised by Part I of the Letter Brief. Parts II and III were referred to me.

At my request, Defendant provided me with both redacted and unreacted versions of the documents at issue before me. I reviewed each of the 35 documents in camera. At the

conclusion of my review, I prepared a Tentative Order which I circulated to the parties. I allowed them to file comments and objections. Defendant filed comments and objections to some, but not all of my tentative rulings. In addition, Defendant submitted six additional documents for in camera review, some to provide context, others to correct printing errors in documents previously provided. Plaintiffs objected to my consideration of the additional documents, but I found them helpful. Now, having considered those filings, I issue this Final Order.

## LEGAL ISSUES

The parties do not appear to disagree on the law of privilege. They agree that privilege extends to a request for the provision of legal advice. They agree that in a communication that combines business and legal subjects, the "primary purpose" of the communication must be legal advice to maintain the privilege. They agree that privilege may be lost if the communication is circulated too broadly. And finally, they agree that the party asserting the privilege bears the burden of proof. Therefore, in this Motion, I have been called simply to apply these principles to the redactions in question.

This Order is, of course, subject to the questions raised in the District Court's Order (Dkt. No. 338). Based on the responses to those questions, subsequent rulings may overrule claims of privilege sustained in this Order.

Finally, I note that, as part of its Opposition, Anthropic alleged that Plaintiffs had failed to meet and confer on some challenged documents. Given the procedural posture, and the hearing transcript, I have concluded that the District Court believed that the meet and confer requirement was satisfied.

## ORDER ON PRIVILEGE CLAIMS

1. **PART II.**

   1. ANTPRIV_0000041 (Aug. 23, 2023): A communication among nine employees, one of whom, Janel Thamkul, is an attorney. The communication requests comments on a proposal jointly drafted by the legal team, although Defendant has not redacted that fact. I have reviewed the three redactions. Although they are written by Ms. Thamkul, I find that

their primary purpose is business strategy, not a legal discussion. The claim of privilege is **OVERRULED**.

2. ANTPRIV_0000097: The privilege claim is **SUSTAINED**.

3. ANTPRIV_0000123 (Mar. 22, 2024, e-mail from T. Turvey to J. Thamkul): The claims of privilege are **SUSTAINED** with one narrow exception: The two lines at the top of BATES 6088 are simply the transmittal of a public document. The privilege claim with respect to that one redaction is **OVERRULED**.

4. ANTPRIV_0000133: The privilege claim is **SUSTAINED**.

5. ANTPRIV_0000141: The privilege claim is **SUSTAINED**.

6. ANTPRIV_0000208: The privilege claim is **SUSTAINED**.

7. ANTPRIV_0000232: The privilege claim is **SUSTAINED**.

8. ANTPRIV_0000248: The privilege claim is **SUSTAINED**.

9. ANTPRIV_0000264: The privilege claim is **SUSTAINED**.

10. ANTPRIV_0000364: The privilege claim is **SUSTAINED**.

11. ANTPRIV_0000350: The privilege claim is **SUSTAINED**.

12. ANTPRIV_0000575 (Jan. 24, 2024, Strategic Data Partnerships): There are 14 redactions. The claims of privilege are **SUSTAINED** with the following exceptions:

- On Bates 28518, right column, two comments are redacted. Comment 5 simply refers to another document. The claim with respect to that specific comment is **OVERRULED**.

- The redaction on BATES 28524 reflects business, not legal strategy, and has been claimed selectively, redacting one of three options. The claim of privilege is **OVERRULED**.

- The redaction on BATES 28528 appears to be a description of previous experience, not a request for legal advice. Defendant objects that this reading is inconsistent with upholding the privilege on an earlier redaction, but re-reading the two sections confirms my judgment. This earlier-in-time description of prior history is written in the past tense. The much later statement describes a legal strategy to be taken in the future. The claim of privilege with respect to the latter redaction is **OVERRULED**.

- The redactions on BATES 28537 are a description of past experience, not a request for legal advice. The claim of privilege is **OVERRULED**.

3

|   |   |   |   |
|---|---|---|---|
| 1 | 13. | ANTPRIV_0001313: | The claim of privilege is **SUSTAINED**. |
| 2 | 14. | ANTPRIV_0001458: | The claim of privilege is **SUSTAINED**. |
| 3 | 15. | ANTPRIV_0001335: | The claim of privilege is **SUSTAINED**. |

**2.    PART III.**

1. ANTPRIV_0000012:  The claim of privilege is **SUSTAINED**.

2. ANTPRIV_0000064:  The claim of privilege is **SUSTAINED**.

3. ANTPRIV_0000065:  The claim of privilege is **SUSTAINED**.

4. ANTPRIV_0000069:  The claim of privilege is **SUSTAINED**.

5. ANTPRIV_0000088 (Nov. 1, 2023, Strategic Data Partnerships):  There are 15 redactions.  The claims of privilege are **SUSTAINED** with the following exceptions:

- The redaction at the top of BATES 4939 is a discussion of business strategy, not legal advice.  The claim of privilege is **OVERRULED**.

- The two-line redaction at the top of BATES 4942 is a discussion of business strategy.  The claim of privilege is **OVERRULED**.

- The redactions on BATES 4943 and 4944 are a mixture of business and legal advice that has been redacted as a block.  In its objections, Defendant has now re-designated and I accept its position.  Defendant may continue to assert privilege for the statements outlined in its red boxes, but the remainder of the material must be produced.

- The redaction on BATES 4948 is a discussion of business, not legal strategy.  The claim of privilege is **OVERRULED**.

- The redaction at the top of BATES 4949 is a discussion of business, not legal strategy.  The claim of privilege is **OVERRULED**.

- I have accepted Defendant's objection concerning the redaction at the bottom of BATES 4949 and the first two lines of 4950.  The claim of privilege for that redaction is **SUSTAINED**.

- The remaining redactions on BATES 4950 are business, not legal strategy.  The claim of privilege is **OVERRULED**.

- On BATES 4950, the redactions are a mixture of legal and business.  According to its objections, Defendant is now limiting its claims to specific bullet points on that page.  I accept that those bullet points are privileged, but the rest of the page must be produced.

6. ANTPRIV_0000095:  The claim of privilege is **SUSTAINED**.

7. ANTPRIV_0000139 (Feb. 27, 2024): This document is largely a business discussion. Ms. Thamkul's question may be redacted, so is **SUSTAINED**, but the privilege claim to the remainder of the document is **OVERRULED**.

8. ANTPRIV_0000144: The claim of privilege is **SUSTAINED**.

9. ANTPRIV_0000272: The claim of privilege is **SUSTAINED**.

10. ANTPRIV_0000283: The claim of privilege is **SUSTAINED**.

11. ANTPRIV_0000284: The claim of privilege is **SUSTAINED**.

12. ANTPRIV_0000507 (Unsigned NDA). The document itself is not privileged. The redlines submitted as part of Defendant's objection are scrivener's corrections. The claim of privilege is **OVERRULED**.

13. ANTPRIV_0000525: The claim of privilege is **SUSTAINED**.

14. ANTPRIV_0000642 (Jan. 31, 2024): While this document discusses legal issues, it is a lay person's analysis. It appears from the document that the legal department was intentionally excluded. The fact that the legal group may have been discussing the same issues doesn't make this document privileged. The claim of privilege is **OVERRULED**.

15. ANTPRIV_0000667: The claim of privilege is **SUSTAINED**.

16. ANTPRIV_0000690: The claim of privilege is **SUSTAINED**.

17. ANTPRIV_0000691: The claim of privilege is **SUSTAINED**. The accurate copy of the document submitted with Defendant's objection discloses a sustained legal discussion about a proposed policy.

18. ANTPRIV_0000781: The claim of privilege is **SUSTAINED**.

19. ANTPRIV_0000903: The claim of privilege is **SUSTAINED**.

20. ANTPRIV_0001017 (Nov. 1, 2024): This document is a discussion of business strategy; no attorney is involved in the communication. A suggestion that legal advice might be sought in the future does not make this document privileged. The claim of privilege is **OVERRULED**.

**CONCLUSION**

All material for which I have overruled the objections must be produced to the Plaintiffs no later than **NOON PDT ON TUESDAY, AUGUST 26**.

**IT IS SO ORDERED.**

Dated: August 22, 2025.

                                                */s/ Harold J. McElhinny*
                                                HAROLD J. McELHINNY
                                                SPECIAL MASTER