**VIA ECF AND MAIL**
Special Master Harold J. McElhinny
1664 Ninth Ave.
San Francisco, CA 94122.

RE:   *Bartz et al. v. Anthropic PBC*, No. 3:24-CV-05417-WHA (N.D. Cal.)
      Plaintiffs' Letter Motion to Compel Responses to RFPs

Dear Special Master McElhinny:

Plaintiffs request an order compelling Anthropic to produce materials presented or transmitted to investors (including prospective investors) in Anthropic (i) from 2021 to 2022, the period of Anthropic's founding and the initial acts of piracy; and (ii) as pertaining to Anthropic's recent effort to secure $10 billion in financing at a $170 billion valuation.[1] These materials are highly relevant to damages, may reflect the benefits to Anthropic of its acquisition of LibGen and PiLiMi, and bear on the veracity of representations that Anthropic has made to the district court and to the Ninth Circuit about its financial condition as recently as last week.

The timing of Plaintiffs' request, notwithstanding the close of fact discovery on August 29, is appropriate in light of the parties' lengthy meet-and-confer efforts, the recent submissions by Anthropic on this issue, and the fact that Anthropic's CEO (Dario Amodei) and President (Daniela Amodei) will be deposed on August 29 and (with Court approval) September 22 and/or 23 respectively.[2] Financial information about Anthropic is particularly relevant to depositions of Anthropic's leadership.

## BACKGROUND

Plaintiffs requested documents relating to "any investments made into Anthropic in 2021 and 2022," including documents "memorializing such investments," or "information or projections provided by Anthropic." *See* Ex. A at 5 (RFP No. 102). Plaintiffs have also requested that Anthropic produce documents pertaining to its recent funding round. *See* Ex. B at 1. Plaintiffs have limited their requests to: (1) documents reflecting investments into Anthropic (*e.g.*, final term sheets and executed investment documents); (2) final materials presented or otherwise transmitted

---

[1] Ryan Gould and Shirin Ghaffay, *Anthropic in Talks to Raise Up to $10 Billion in New Funding*, https://www.msn.com/en-us/money/other/anthropic-in-talks-to-raise-up-to-10-billion-in-new-funding/ar-AA1KYfjZ?ocid=finance-verthp-feeds&apiversion=v2&noservercache=1&domshim=1&renderwebcomponents=1&wcseo=1&batchservertelemetry=1&noservertelemetry=1 (Aug. 21, 2025).

[2] The parties are expected to agree to jointly ask Judge Alsup to permit Ms. Amodei's deposition after the close of fact discovery. The parties are also expected to agree to hold the deposition of Tom Henighan, a technical employee at Anthropic, after the close of fact discovery. This timing is necessitated by the fact these employees have been on leave. In addition, the parties are expected to seek to hold depositions of certain third party Rule 26(a) witnesses in early-mid September.

3302511.2

to investors / prospective investors**,** and (3) materials annexed thereto, including any financial projections. *See* Ex. C at 9.

While Anthropic produced the first category of documents (executed investment agreements) as to the 2021–2022 time period, it refuses to produce any materials presented or transmitted to investors, as well as the materials annexed thereto. *See* Ex. C at 6, 9 (Anthropic confirming it produced "investment instruments"). Instead, Anthropic offered to search solely for "communications provided to investors that address data acquisition and profitability **based on pirating**." *See* Ex. C at 7 (emphasis added). When Plaintiffs then proposed a series of search terms, *see* Ex. C at 5, Anthropic asserted Plaintiffs' proposal would require it to "review a minimum 20,000 documents (and potentially hundreds of thousands of documents with families)," *id.* at 4. Plaintiffs expressed willingness to work with Anthropic to develop a list of alternative search terms, requesting Anthropic send a de-duplicated breakdown of which terms were causing large hits. *See* Ex. C at 2. Anthropic refused to cooperate, necessitating this motion. *See* Ex. C at 1.

### DISCUSSION

The investment materials that Plaintiffs seek are plainly relevant to this case and should have been produced long ago. Those materials are directly probative of statutory damages, and also bear on the veracity of representations that Anthropic has recently made in the district court and the Ninth Circuit.

***Statutory Damages.*** Courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). "To determine the amount of statutory damages, courts consider such factors as (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant." *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 926, 928 (N.D. Cal. 2009) (Alsup, J.).

Anthropic's investment materials will bear directly on several of these factors. For instance, Anthropic's present investment materials will disclose the current valuation of Anthropic, as well as details on its current cashflows and financial condition. This financial information is relevant to assessing the level of statutory damages necessary to "discourag[e]" Anthropic from engaging in piracy again, and, by extension, deter others from committing future infringement. Investment materials from the 2021–2022 time period, meanwhile, will help inform the value of the time and money Anthropic saved by pirating books instead of purchasing them, as well as the value that Anthropic assigned to the copyrighted works.

The reasonable scope of Plaintiffs' requests mirrors what S.D.N.Y. Magistrate Judge Wang ordered recently in the OpenAI litigation. *See In Re: OpenAI, Inc. Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW, ECF No. 270 at 2 (ordering OpenAI "to produce final

slide decks and any attachments thereto for the specific investor presentations made by OpenAI" to certain investors). And Anthropic should not be permitted to invoke vague burden objections with respect to search terms—then ignore Plaintiffs' request for further information to reduce that burden—to escape providing relevant and proportional discovery. *Cf. Lantiq Deutschland GMBH v. Ralink Tech. Corp.*, 2011 WL 13394713, at *2 (N.D. Cal. Sept. 15, 2011) (rejecting burden argument where defendant "has made no evidentiary showing of undue burden and only presents attorney argument" which is "insufficient to substantiate a claim of undue burden."); *Doe v. Trump*, 329 F.R.D. 262, 271 (W.D. Wash. 2018) (rejecting burden objection because "[w]ithout some indication of why responding to the specific discovery requests at issue here is unduly burdensome, the court cannot sustain Defendants' objection.").

    ***Anthropic's Recent Representations.*** Just four days ago, Anthropic submitted in the Ninth Circuit a declaration from its Chief Financial Officer, Krishna Rao, in support of Anthropic's motion for leave to file a reply brief to support its petition for interlocutory review under Federal Rule of Civil Procedure 23(f). *See* Ex. D at 21–24 ("Rao Declaration"). The Rao Declaration responds to Plaintiffs' statement made in Plaintiffs' opposition to Anthropic's Rule 23(f) Petition that Plaintiffs agreed to cap any appeal bond at $5 billion. The Rao Declaration claims that "Anthropic would be unable to obtain a bond" of $5 billion because "it is virtually impossible that Anthropic's investors, including, without limitation, Google or Amazon, would simply shoulder the cost of a verdict in this case." Ex. D at 23. The basis for that representation, according to the Rao Declaration, is Rao's "discussions with relevant stakeholders and my professional expertise, ***as well as the nature of third-party investments in Anthropic to date.***" *Id.* (emphasis added). Rao also writes that "putting $5 billion in escrow to support a bond would threaten the viability of Anthropic"; that it "is extremely unlikely that Anthropic would be able to secure a letter of credit for $5 billion"; and that "Anthropic's investors have, to date, provided capital to Anthropic in exchange for equity and convertible securities." *Id.*

    Anthropic cannot have it both ways. It cannot use information about its current funding and investor communications as a sword in seeking to stay proceedings, while at the same time refusing to produce this obviously relevant information in discovery. The Court should compel Anthropic to produce critical context about those investments—including the materials sent to investors preceding their investments (or not). That information is likely to also reveal the veracity of Rao's statements concerning Anthropic's financial position and its ability to secure credit—information that would be highly relevant to prospective investors, and almost surely disclosed to them.

    If Anthropic would like to upend these proceedings by relying on "discussions with relevant" investors and the "nature of third-party investments in Anthropic," the least Anthropic must do is produce analogous materials to the Plaintiffs.

    Respectfully submitted,

    */s/ Samir Doshi*

3

Samir Doshi\*
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51 Floor,
New York, NY 10019
Telephone: (212) 336-8330
sdoshi@susmangodfrey.com

Justin A. Nelson \*
Alejandra C. Salinas \*
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
Michael Adamson (SBN 321754)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
rnath@susmangodfrey.com
madamson@susmangodfrey.com

Jordan W. Connors \*
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser \*
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51 Floor,
New York, NY 10019
Telephone: (212) 336-8330
sdoshi@susmangodfrey.com

Rachel Geman \*
Jacob S. Miller\*
Danna Z. Elmasry\*
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**

4

250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Jallé Dafa (SBN 290637)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
jdafa@lchb.com
dhutchinson@lchb.com

Betsy A. Sugar*
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
222 Second Ave., #1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com

Jay Edelson*
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
jedelson@edelson.com

Matthew J. Oppenheim*
**OPPENHEIM & ZEBRAK LLP**
4530 Wisconsin Ave, NW, 5th Floor
Washington, DC 20016
Telephone: 202.450.3958
matt@oandzlaw.com