Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366

Rohit D. Nath (SBN 316062)
Michael Adamson (SBN 321754)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100

Jordan W. Connors (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880

J. Craig Smyser (*pro hac vice*)
Samir H. Doshi (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330

*Co-Lead Counsel*

Rachel Geman (*pro hac vice*)
Jacob S. Miller (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500

Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
Jallé H. Dafa (SBN 290637)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S., Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000

*Co-Lead Counsel*

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
**COWAN DEBAETS ABRAHAMS & SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474

*Additional Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>　　　　　　　Defendant. | Case No.: 3:24-cv-05417-WHA<br><br>**REPLY IN SUPPORT OF MOTION TO APPROVE CLASS NOTICE** |

## I. INTRODUCTION

Class Plaintiffs have proposed a robust plan for dissemination of the agreed-upon class notice. This plan, designed with a highly experienced class notice administrator, includes direct mail and email notice, notice through major guilds and membership organizations, and publication notice through targeted social media outreach and across widely-read trade publications and high-traffic websites. Distributing notice across these various channels complies with Rule 23 and the Court's order granting class certification.

Anthropic's objections to the proposed notice plan are meritless. As set forth below, Anthropic's objections arise out of its assertion that "class certification is unwarranted," Dkt. 329 at 1, a claim that this Court has now twice rejected, Dkt. 244 (Cert. Order); Dkt. 296 (Order Denying Stay). Plaintiffs resepectfully submit that the Court should grant Plaintiffs' motion for the approval of the form and manner of class notice, so that notice can proceed well in advance of the December 1 trial date.

## II. FACTUAL BACKGROUND

### A. The Court's Class Certification Order.

On July 17, 2025, this Court granted in part Plaintiffs' Motion for Class Certification. Dkt. 244. The Court ordered: "By **NOON ON AUGUST 15, 2025**, both sides shall submit a single agreed-on proposed form of notice for the judge's review as well as a plan for distribution of notice." *Id.* at 30 (emphasis in original).

### B. Anthropic Refused to Meet and Confer Over the Notice Plan.

To comply with the Court's Order on Class Certification, the parties agreed to a week-long meet-and-confer schedule. Declaration of Daniel M. Hutchinson ("Hutchinson Reply Decl.") ¶ 3. Accordingly, the parties exchanged multiple draft class notices between August 10 and August 15. *Id.* ¶ 4. After several rounds of exchanged edits, the parties reached final agreement on a joint form of notice on August 15. *Id.* ¶ 5.

As part of the parties' meet-and-confer process, Plaintiffs shared their proposed plan for distribution of notice with the Anthropic on August 13. *Id.* ¶ 6. Specifically, Plaintiffs shared their draft Motion to Approve Class Notice with Anthropic, a draft that at that point was styled as a *joint* motion, consistent with the Court's instruction to "submit a single agreed-on . . . plan for distribution of notice." *Id.* (quoting Dkt. 244 at 30). The draft Plaintiffs sent to Anthropic on August 13 was substantially the same as the Motion ultimately filed with the Court. *Id.* In their August 13 correspondence, Plaintiffs asked Anthropic to "[p]lease send any proposed edits tomorrow." *Id.* Anthropic, however, did not respond on August 14 as requested, nor did Anthropic *ever*

offer any comments or proposed edits to Plaintiffs' proposed plan for distribution of notice. *Id.* ¶ 7.

The following day, on August 15 at 8:00 am, the parties met and conferred by Zoom, pursuant to the parties' agreed-upon meet-and-confer schedule. *Id.* ¶ 8. During that meeting, Anthropic did not critique or ask any questions about Plaintiffs' proposed plan for distribution of notice. *Id.* Rather, Anthropic told Plaintiffs that it would not agree to *any* plan for distribution *of any type*. *Id.* Anthropic maintained that no notice should issue at all because of the contention in its Rule 23(f) petition that class certification is not appropriate here. *Id.*

Accordingly, Plaintiffs filed—individually rather than jointly—a Motion to Approve Class Notice. Dkt. 317. In that filing, Plaintiffs noted that "[t]he parties agreed to the form of Class Notice, but Anthropic has declined to join this motion." *Id.* at 2 n.1.

C. **Anthropic's Post-Filing Questions and Objections.**

Three days later, on August 18, Anthropic requested production of four categories of Class Counsel's communications and documents in order to "properly evaluate your proposed notice plan." Dkt. 334-1 at 2. This was the first time Anthropic ever requested any information about the proposed plan for distribution. Hutchinson Decl. ¶ 10. Indeed, Anthropic has never explained to Plaintiffs why the company now wants to further "evaluate" the distribution plan, *see id.*, given its blanket, unconditional opposition to "*any* issuance of notice to potential class members," Dkt. 329 at 1 (emphasis added).

Less than an hour after sending its belated request for information, Anthropic then filed its first Response to Plaintiffs' Motion to Approve Class Notice. Dkt. 329. In that Response, Anthropic stated, for the first time, that it "has not been able to investigate or test" "[m]any of the contentions in Plaintiffs' Motion." *Id.* at 1–2. Then, in a second Response to Plaintiffs' Motion to Approve Class Notice filed two days later, Anthropic claimed, for the first time, that September 1, 2025 was too early to start sending notice on a rolling basis to class members. Dkt. 334 at 1.

Neither of Anthropic's Responses mentions that Anthropic (i) received a near-final draft of Plaintiffs' Motion to Approve Class Notice on August 13 identifying *inter alia* a September 1 start date for sending notice to class members and (ii) did not raise any questions or concerns about that start date—or any aspect of Plaintiffs' proposed plan for distribution of notice—until *after* the parties' agreed-upon meet-and-confer period ended. Hutchinson Decl. ¶¶ 3–12.

1  **III.  PLAINTIFFS' PROPOSED PLAN SATISFIES RULE 23 AND DUE PROCESS, AND DEFENDANT'S OBJECTIONS ARE MERITLESS AND UNTIMELY.**

Plaintiffs' proposed plan for distribution of the agreed-upon notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Hernandez v. Wells Fargo Bank, N.A.*, Case No. 18-cv-07354-WHA, 2020 WL 6020593, at *4 (N.D. Cal. Oct. 12, 2020) (quoting *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Indeed, under the proposed plan, notice would be distributed through several different channels, including direct mail and email, by way of multiple trade organizations to their members, and publication through targeted social media, and in several trade publications and high-traffic websites. Dkt. 317 at 5–9; Dkt. 318 ¶¶ 4–13; Dkt. 319 ¶¶ 21–68.

Rather than challenge any specific aspect of the proposed distribution plan, Anthropic instead claims that it now needs more information, which it never bothered to request during the parties' agreed-upon meet-and-confer period. The information already provided—supported by sworn declarations from Plaintiffs' counsel and the notice administrator—is sufficient to evaluate the proposed distribution plan. Nevertheless, Plaintiffs address each of Anthropic's untimely questions below.

*Request 1*: "All communications, documents and data upon which you relied in making the various factual assertions contained in your Motion to Approve Class Notice, including, without limitation, with regard to your "steps to compile relevant contact information and inform stakeholders of this class action lawsuit," including class members and publishers, as represented to the Court on page 2 of your Motion."

*Response*: It is not clear what non-privileged information Anthropic seeks within the requested communications and documents beyond what is already described in Plaintiffs' Motion to Approve Class Notice and corresponding declarations and exhibits. On August 18, Plaintiffs served duly noticed Rule 45 subpoenas on the Authors Guild and the Authors Registry seeking additional class member contact information. Plaintiffs will produce any responsive information to Anthropic, subject to the terms of the case protective order. Plaintiffs are also willing to meet and confer about additional materials.

*Request 2*: "All your communications with JND and any of the administrators you considered

retaining, including, without limitation, the notice proposals and information or requirements provided to or received from JND."

**Response**: Relevant information regarding JND and its plan for administering notice are detailed in Ms. Keough's 16-page declaration and accompanying exhibits A–G. Dkt. 319. Any additional nonprivileged communications with JND are unlikely to reveal relevant information beyond what was already described in the brief and supporting declarations and exhibits. As for communications with administrators Plaintiffs *rejected*, it is not clear why those would be relevant to the proposed distribution plan Plaintiffs developed with JND. Nevertheless, Plaintiffs are willing to meet and confer about this request.

**Request 3**: "All of your communications with 'leading author organizations, literary agencies, and agent organizations' regarding obtaining author contact information, as represented to the Court on page 2 of your Motion and in Paragraph 13 of the Hutchinson Declaration in support of your Motion, including, without limitation, Authors Guild, Authors Registry, William Morris Endeavor, CAAICM, Writers House, Association of American Literary Agents, Dramatists Guild, Novelists, Inc. Romance Writers, and Sisters in Crime."

**Response**: Again, it is not clear what non-privileged information Anthropic seeks beyond what has already been disclosed or will be disclosed in connection with productions made pursuant to third-party subpoenas. Plaintiffs are willing to meet and confer about this request.

**Request 4**: "All communications, documents, and data on which you are relying for the contention made on page 8 o[f] your Motion that *Publishers Weekly*, *The Atlantic*, *Ars Technica* and other publications through which Plaintiffs propose to disseminate notice 'are likely read by class members and/or discuss issues addressed in this lawsuit.'"

**Response**: Although Ms. Keough's declaration already addressed the issue (Dkt. 319 ¶¶ 52–59), Plaintiffs provided by email a further explanation to Anthropic regarding why trade publications such as *Publishers Weekly* and *Writer's Digest* were appropriate outlets for publication notice. *See* Hutchinson Reply Decl., Ex. A.

Each of these requests is untimely, and Anthropic has already made it clear it will reject *any* notice plan, no matter how much additional information Plaintiffs provide. Accordingly, the Court should not delay

a decision to account for any future meet-and-confer, which Plaintiffs have offered but Anthropic has not yet pursued.

Finally, Anthropic is also wrong that notice must not be sent until after it has a "meaningful opportunity to respond to and challenge the proposed class list," as the Court already recognized. *See* Dkt. 346 at 2 ("Note well . . . that this schedule pertains to a *Daubert* challenge to trial evidence. It does not address use of the per-work list for purposes of class notice."). The agreed-upon form of notice states that notice recipients may access a "searchable database of books included in the LibGen or PiLiMi datasets downloaded by Anthropic" and alerts recipients that if they "own the copyright to a book that is in the searchable database, then [they] may be a member of the Class." Dkt. 319-2 at 7. Nothing is "inaccurate" about that form of notice, the language of which Anthropic already endorsed and which corresponds to the definition of the certified class. The fact that the Court *may* later refine the class definition in response to *Daubert* motions—or even decertify in response to a potential motion to decertify—is always true in class actions. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). By the logic put forward by Anthropic, notice should not go out until the eve of final judgment. But this would deny class members the critical notice and ability to opt out required by due process. In the present case, delayed notice is inconsistent with a December 1 trial date, confirming that Anthropic seeks not an improved notice plan but instead to postpone Plaintiffs' and the Class's day in court.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Approve Class Notice without delay so that the parties may comply with all deadlines before the December 1 trial. To the extent the Court has any questions of Plaintiffs or Class Counsel, they stand ready to address them before or at the August 28 hearing. The proposed notice administrator, JND Legal Administration, will also be available by phone or Zoom, if the Court has questions.

| | |
|---|---|
| Dated: August 25, 2025 | Respectfully submitted, |
| | By: */s/ Daniel M. Hutchinson* |

Rachel Geman *(pro hac vice)*
Jacob S. Miller *(pro hac vice)*
Danna Z. Elmasry *(pro hac vice)*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Reilly T. Stoler (SBN 310761)
Jallé H. Dafa (SBN 290637)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
rstoler@lchb.com
jdafa@lchb.com

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S., Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com

*Co-Lead Counsel*

Rohit D. Nath (SBN 316062)
Michael Adamson (SBN 321754)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com
MAdamson@susmangodfrey.com

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Jordan W. Connors (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser (*pro hac vice*)
Samir H. Doshi *(pro hac vice*
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com
sdoshi@susmangodfrey.com

*Co-Lead Counsel*

Scott J. Shoulder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
**COWAN DEBAETS ABRAHAMS
& SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
sshoulder@cdas.com
ccole@cdas.com

*Additional Counsel for the Class*