| | |
|---|---|
| Justin A. Nelson* | Rachel Geman* |
| Alejandra C. Salinas* | Jacob S. Miller* |
| **SUSMAN GODFREY L.L.P.** | Danna Z. Elmasry* |
| 1000 Louisiana Street, Suite 5100 | **LIEFF CABRASER HEIMANN &** |
| Houston, TX 77002-5096 | **BERNSTEIN, LLP** |
| Telephone: (713) 651-9366 | 250 Hudson Street, 8th Floor |
| jnelson@susmangodfrey.com | New York, NY 10013-1413 |
| asalinas@susmangodfrey.com | Telephone: (212) 355-9500 |
| | rgeman@lchb.com |
| Rohit D. Nath (SBN 316062) | jmiller@lchb.com |
| Michael Adamson (SBN 321754) | delmasry@lchb.com |
| **SUSMAN GODFREY L.L.P.** | |
| 1900 Avenue of the Stars, Suite 1400 | Daniel M. Hutchinson (SBN 239458) |
| Los Angeles, CA 90067-2906 | Jallé Dafa (SBN 290637) |
| Telephone: (310) 789-3100 | **LIEFF CABRASER HEIMANN &** |
| rnath@susmangodfrey.com | **BERNSTEIN, LLP** |
| madamson@susmangodfrey.com | 275 Battery Street, 29th Floor |
| | San Francisco, CA 94111-3339 |
| Jordan W. Connors* | Telephone: (415) 956-1000 |
| **SUSMAN GODFREY L.L.P.** | dhutchinson@lchb.com |
| 401 Union Street, Suite 3000 | jdafa@lchb.com |
| Seattle, WA 98101-2683 | |
| Telephone: (206) 516-3880 | Betsy A. Sugar* |
| jconnors@susmangodfrey.com | **LIEFF CABRASER HEIMANN &** |
| | **BERNSTEIN, LLP** |
| J. Craig Smyser* | 222 Second Ave., #1640 |
| Samir Doshi* | Nashville, TN 37201-2375 |
| **SUSMAN GODFREY L.L.P.** | Telephone: (615) 313-9000 |
| One Manhattan West, 51st Floor, | bsugar@lchb.com |
| New York, NY 10001-8602 | |
| Telephone: (212) 336-8330 | *Co-Lead Class Counsel* |
| csmyser@susmangodfrey.com | *(Pro Hac Vice)* |
| sdoshi@susmangodfrey.com | |

*Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No.: 3:24-cv-05417-WHA<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

1   Pursuant to Civil Local Rule 79-5, Plaintiffs Andrea Bartz, Inc., Charles Graeber, and MJ
2   + KJ, Inc. ("Plaintiffs") respectfully move to file a single line of the parties' Settlement Agreement
3   under seal. Specifically, the blow provision's opt-out threshold should be "kept confidential to
4   encourage settlement and discourage third parties from soliciting class members to opt out." *Spann*
5   *v. J.C. Penney Corp.*, 314 F.R.D. 312, 329 (C.D. Cal. 2016) (quoting *In re HealthSouth Corp. Sec.*
6   *Litig.*, 334 Fed. Appx. 248, 250 n.4 (11th Cir. 2009)). Prior to filing this Application, counsel for
7   Plaintiffs conferred with counsel for the Defendant, Anthropic PBC, who do not oppose this
8   Application. *See* Declaration of Rachel Geman in Support of Administrative Motion to File Under
9   Seal ¶¶ 3-5.

10  **I.   LEGAL STANDARD**

11  The general right of the public to access judicial records can be overcome where there are
12  "compelling reasons" to keep the records sealed. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679
13  (9th Cir. 2010). Courts often find such "compelling reasons" present for sealing an opt-out
14  threshold agreement, where the potential for abuse if the information is disclosed outweighs the
15  public's interest in that information. *See In re Yahoo! Inc. Sec. Litig.*, No. 17-00373, 2018 WL
16  11349976, at *2 (N.D. Cal. May 9, 2018) ("There are compelling reasons to keep the opt-out
17  threshold number confidential in order to prevent third parties from utilizing it for the improper
18  purpose of obstructing the settlement and obtaining higher payouts." (internal citations and
19  quotations omitted)); *see also Estakhrian v. Obenstine*, No. 11-cv-3480, 2016 WL 6517052, at *12
20  (C.D. Cal. Feb. 16, 2016) ("Having reviewed the Confidential Supplemental Agreement, the court
21  finds that the opt-out dollar threshold is reasonable and, given the circumstances of this case and
22  the parties involved, they need not disclose it to the class."); *Fernandez v. CoreLogic Credco, LLC*,
23  No. 20-cv-1262, 2024 WL 538585, at *3, n.7 (S.D. Cal. Feb. 9, 2024) (granting motion "to seal
24  one portion of the original settlement agreement which concerned the opt-out threshold
25  provision"); *Thomas v. Magnachip Semiconductor Corp.*, No. 14-cv-01160, 2016 WL 3879193, at
26  *7 (N.D. Cal. July 18, 2016) (describing additional risks of disclosing opt-out thresholds).

27  **II.  THERE ARE COMPELLING REASONS TO SEAL**

28  Courts generally agree that "the opt-out threshold 'is typically not disclosed and is kept

1  confidential to encourage settlement and discourage third parties from soliciting class members to
2  opt out.'" *Spann*, 314 F.R.D. at 329 (quoting *In re HealthSouth Corp.*, 334 Fed. App'x. at 250 n.4
3  ); *Friedman v. Guthy-Renker, LLC*, No. 14-06009, 2016 WL 5402170, at *3 (C.D. Cal. Sept. 26,
4  2016) (concurring "with the numerous other courts that have held that the opt-out threshold should
5  be kept confidential"); *In re Lyft Inc. Sec. Litig.*, No. 19-02690, 2023 WL 2960006, at *2 (N.D.
6  Cal. Mar. 16, 2023); , *In re Online DVD-Rental*, 779 F.3d 934, 948 (9th Cir. 2015) (finding that a
7  settlement agreement was fair when "[o]nly the exact threshold, for practical reasons, was kept
8  confidential"); *In re Skelaxin (Metaxalone) Antitrust Litig.*, 2015 WL 1486709, *2 (E.D. Tenn.
9  2015) (granting motion to seal opt-out threshold); *In re Remeron End-Payor Antitrust Litig.*, 2005
10 WL 2230314, *18 (D. N.J. 2005) (sealing of the opt-out threshold agreed to by court, attorneys
11 general, and class counsel); *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 253 (D. Del.
12 2002) (holding that the opt-out threshold was "irrelevant to members' opt-out decision").

13     As in these cases, the opt-out threshold number here should be kept confidential to guard
14 against the risk of abuse. This case involves a class of readily identifiable class members,
15 heightening these risks. Furthermore, the public's interest in learning the specific details of the
16 parties' opt-out threshold is minimal, particularly as the existence of the threshold itself will be
17 made available to the public through this filing. As the court in *In re Skelaxin* observed in granting
18 plaintiffs' motion to file under seal, "[a]t worst, [publicizing the threshold] could result in the failure
19 of the Settlement to become effective." 2015 WL 1486709, at *2 (quoting plaintiffs' motion). "At
20 best, it could result in Settlement proceeds being unfairly channeled away from the proposed
21 Settlement Class members to parties and attorneys who do not deserve them." *Id.* Accordingly, any
22 public interest here in revealing the precise threshold is outweighed by the potential for abuse. As
23 the advisory committee's note to the 1966 Amendment of Federal Rule of Civil Procedure Rule
24 23(e)(2) recognizes, "Further inquiry into the agreements identified by the parties should not
25 become the occasion for discovery by the parties or objectors . . . . Some agreements may include
26 information that merits protection against general disclosure."

27     Plaintiffs have sought to seal the narrowest possible portions of this information. Plaintiffs
28

seek to seal only the following information:

| Document | Party Claiming Confidentiality | Portions to Be Filed Under Seal |
|---|---|---|
| Ex. A, Settlement Agreement | Plaintiffs | Yellow highlighted portion of ¶ 7.2 |

### III.   CONCLUSION

Plaintiffs respectfully request that the Court grant the administrative motion to file under seal.

| | | |
|---|---|---|
| 1 | Dated: September 5, 2025 | By: */s/Rachel Geman* |
| 2 | | |
| 3 | | Justin A. Nelson* |
| | | Alejandra C. Salinas* |
| 4 | | **SUSMAN GODFREY L.L.P.** |
| | | 1000 Louisiana Street, Suite 5100 |
| 5 | | Houston, TX 77002-5096 |
| | | Telephone: (713) 651-9366 |
| 6 | | jnelson@susmangodfrey.com |
| | | asalinas@susmangodfrey.com |
| 7 | | Rohit D. Nath (SBN 316062) |
| | | Michael Adamson (SBN 321754) |
| 8 | | **SUSMAN GODFREY L.L.P.** |
| | | 1900 Avenue of the Stars, Suite 1400 |
| 9 | | Los Angeles, CA 90067-2906 |
| | | Telephone: (310) 789-3100 |
| 10 | | rnath@susmangodfrey.com |
| | | madamson@susmangodfrey.com |
| 11 | | |
| 12 | | Jordan W. Connors* |
| | | **SUSMAN GODFREY L.L.P.** |
| 13 | | 401 Union Street, Suite 3000 |
| | | Seattle, WA 98101-2683 |
| 14 | | Telephone: (206) 516-3880 |
| | | jconnors@susmangodfrey.com |
| 15 | | J. Craig Smyser* |
| | | Samir Doshi* |
| 16 | | **SUSMAN GODFREY L.L.P.** |
| | | One Manhattan West, 51st Floor, |
| 17 | | New York, NY 10001-8602 |
| | | Telephone: (212) 336-8330 |
| 18 | | csmyser@susmangodfrey.com |
| | | sdoshi@susmangodfrey.com |
| 19 | | *Co-Lead Class Counsel* |
| 20 | | Rachel Geman * |
| 21 | | Jacob S. Miller* |
| | | Danna Z. Elmasry* |
| 22 | | **LIEFF CABRASER HEIMANN** |
| | | **& BERNSTEIN, LLP** |
| 23 | | 250 Hudson Street, 8th Floor |
| | | New York, NY 10013-1413 |
| 24 | | Telephone: (212) 355-9500 |
| | | rgeman@lchb.com |
| 25 | | jmiller@lchb.com |
| | | delmasry@lchb.com |
| 26 | | |
| 27 | | Daniel M. Hutchinson (SBN 239458) |
| | | Jallé Dafa (SBN 290637) |
| 28 | | **LIEFF CABRASER HEIMANN &** |
| | | **BERNSTEIN, LLP** |
| | | 275 Battery Street, 29th Floor |

|   |   |
|---|---|
| 1 | San Francisco, CA 94111-3339 |
| 2 | Telephone: (415) 956-1000<br>dhutchinson@lchb.com |
| 3 | jdafa@lchb.com |

Betsy A. Sugar*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 Second Ave., #1640
Nashville, TN 37201-2375
Telephone: (615) 313-9000
bsugar@lchb.com

*Co-Lead Class Counsel*

Jay Edelson*
J. Eli Wade-Scott*
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
jedelson@edelson.com
ewadescott@edelson.com

Matthew J. Oppenheim*
Jeffrey M. Gould*
**OPPENHEIM & ZEBRAK LLP**
4530 Wisconsin Ave, NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
jeff@oandzlaw.com

*Publishers' Coordinating Counsel*
*\*(Pro Hac Vice)*