# Exhibit A

| | | | **Copyright Class Cases** | | | |
|---|---|---|---|---|---|---|
| **Case** | **Claims Released** | **Class Size & Method(s) of Notice** | **Class Recovery and Relief** | **Submission of Claims Forms & Average Class Payment** | **Fees, Costs, and Service Awards** | **Exposure If Plaintiffs Had Prevailed on Every Claim** |
| *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-5693, 2017 WL 4685536 (C.D. Cal. May 8, 2017)<br><br>Note: Flo & Eddie brought claims against Sirius XM in Florida and New York and lost in both states | Claims arising from radio unlawfully playing audio recordings made prior to February 15, 1972 by duplicating and broadcasting those audio recordings through its satellite and internet radio services in violation of Cal Civ. Code § 980(a)(2) and California's Unfair Competition Law. | Class Size: At least 253<br><br>Notice: direct mailing, targeted publications and periodicals, and a website | Common Fund: range of $25 to $73 million, with amount within range contingent on outcome of appeal of legal question at center of case.<br><br>Sirius XM prevailed on appeal, limiting range of recovery. | Avg. Class Payment: Unknown | The court awarded $7.65 million; $1,679,587.55 for reimbursement of expenses; and $25,000 in service awards for each of the two named plaintiffs. | Unknown |
| *In re Napster, Inc. Copyright Litig*. No. 3:00-MD-00-1369, Dkt. 1298 (Aug 31, 2007 N. D. Cal.); Dkt. 1308 (Feb. 24, 2008 N.D. Cal.) | Claims arising from defendant Bertelsmann AG investing in Napster, a peer-to-peer sharing website of plaintiffs' copyrighted music. | Class Size: Up to 27,000 music publisher class members<br><br>Notice: direct mailing to 8,000 top class members and a website maintained by music producer class representative | Common Fund: $130 million | Claims Rate: Unknown<br><br>Avg. Class Payment: Unknown | The court awarded $28.7 million in attorneys' fees; $3.29 million in reimbursement of expenses; and $25,000 in service awards to two individual named plaintiffs and $50,000 to one corporate named plaintiff. | Statutory damages of at least $750 per infringement, and potentially up to $150,000 per infringement. |

| Copyright Class Cases | | | | | | |
|---|---|---|---|---|---|---|
| **Case** | **Claims Released** | **Class Size & Method(s) of Notice** | **Class Recovery and Relief** | **Submission of Claims Forms & Average Class Payment** | **Fees, Costs, and Service Awards** | **Exposure If Plaintiffs Had Prevailed on Every Claim** |
| *Ferrick v. Spotify USA Inc.*, No. 16-CV-8412 (AJN), 2018 WL 2324076 (S.D.N.Y. May 22, 2018) | Claim arising out of Spotify streaming artists' songs without license | Class Size: 535,000<br><br>Notice: direct mailing to class members, email notice to class members, print notice in music magazines, settlement website, toll-free number, and settlement notification on Spotify's website | Common Fund: $43.45 million immediately and a commitment to pay royalties valued at $63.1 million | Claims Rate: Unknown<br><br>Avg. Class Payment: Unknown | Spotify agreed to pay $5 million in attorneys' fees, and the court granted $8,035,000 in attorneys' fees for a total of $13.035 million; $718,236.80 for reimbursement of expenses; $25,000 incentive awards for each plaintiff | Statutory damages of at least $750 per infringement, and potentially up to $150,000 per infringement. |
| **Settlement rejected because future relief exceeded scope of Rule 23 and represented attempt to use class action mechanism to achieve forward-looking business arrangements:** *Authors Guild v. Google, Inc.*, 770 F. Supp. 2d 666, 667, 686 (S.D.N.Y. 2011). | Claims arising out of Google scanning books to create search engine.<br><br>Settlement would have granted Google the right to (1) continue to digitize Books, (2) sell subscriptions to an electronic Books database, (3) sell online access to individual Books, (4) sell advertising on pages from Books, and (5) make certain other uses. | All persons (and their heirs, successors, and assigns) who, owned a U.S. copyright interest in one or more Books, forwards, prologues, or essays. | $45 million payment into a Settlement Fund<br><br>Establishment of Book Rights Registry to maintain a database of Rightsholders, and administer distributions of revenues for use of books. Initial funding of registry with a payment of $34.5 million. | For settlement fund, a maximum of $300 per Principal Work, $75 per Entire Insert, and $25 per Partial Insert.<br><br>For registry-covered works on a go-forward basis: 70% of net revenues from sales and advertising. | Fees and costs denied. | Unstated, however Court noted "there is no real risk that a judgment following trial would render Google insolvent." *Authors Guild v. Google, Inc.*, 770 F. Supp. 2d 666, 676 (S.D.N.Y. 2011).<br><br>Named plaintiffs and putative class members ultimately received no recovery following decision that Google's conduct was "fair use" in *Authors Guild v. Google, Inc.*, 804 F.3d 202, 230 (2d Cir. 2015). |

| Mass Infringement (Non-Class) Copyright Cases |||
|---|---|---|
| **Case** | **Claims** | **Recovery and Relief** |
| *In re Napster, Inc. Copyright Litig.* No. 3-MD-00-1369, Dkt. 1300-1 (Exhibit B) (Aug 31, 2007 N. D. Cal.)<br><br>Resolving Universal Music Group's claims against Bertelsmann | Claims arising from defendant BertelsmannAG investing in Napster, a peer-to-peer sharing website of plaintiffs' copyrighted music | Total Settlement: $60 million |
| *In re Napster, Inc. Copyright Litig.* No. 3-MD-00-1369, Dkt. 1300-1 (Exhibit C) (Aug 31, 2007 N. D. Cal.)<br><br>Resolving EMI Group PLC's claims against Bertelsmann | Claims arising from defendant BertelsmannAG investing in Napster, a peer-to-peer sharing website of plaintiffs' copyrighted music | Total Settlement: $61.22 million |
| *In re Napster, Inc. Copyright Litig.* No. 3-MD-00-1369, Dkt. 1304 (Jan. 7, 2008 N. D. Cal.)<br><br>Resolving Warner Music Group's claims against Bertelsmann | Claims arising from defendant BertelsmannAG investing in Napster, a peer-to-peer sharing website of plaintiffs' copyrighted music | Total Settlement: $110 million |
| *Metro-Goldwyn-Mayer Studios Inc., et al., v. Grokster, LTD, et al.*, No. CIV-01-08541 (C.D. Cal.)<br><br>Resolving claims against Sharman Networks (owner of Kazaa a peer-to-peer sharing network) | Claims arising from peer-to-peer sharing network with sufficient knowledge of users infringing plaintiffs' copyrights to be contributorily liable. | Total Settlement: $115 million |
| *Sony Music Ent., et al., v. Cox Comms., Inc., et al.*, 1:18-cv-950 (E.D. Va.); *Sony Music Ent. v. Cox Commc'ns, Inc.*, 93 F.4th 222 (4th Cir. 2024);<br><br>**Certiorari Granted**: June 30, 2025 | Claims arising from broadband communications and entertainment company with sufficient knowledge of users infringing plaintiffs' copyrights to be contributorily liable. | Jury Verdict: $1 billion; damages award vacated on appeal, 94. F.4th at 241; currently pending before Supreme Court. |

| Mass Infringement (Non-Class) Copyright Cases |||
|---|---|---|
| **Case** | **Claims** | **Recovery and Relief** |
| *UMG Recordings, Inc., v. Grande Comms. Network, LLC,* 1:17-cv-365 (W.D. Tex.); *UMG Recordings, Inc. v. Grande Commc'ns Networks, L.L.C.*, 118 F.4th 697 (5th Cir. 2024)<br><br>**Petition for Certiorari**: Mar. 10, 2025 | Claims arising from internet service provider with sufficient knowledge of users infringing plaintiffs' copyrights to be contributorily liable. | <u>Jury Verdict:</u> $46.76 million; damages award vacated on appeal, 118 F.4th at 724. |

-4-

| Misuse of Data Class Cases ||||||
|---|---|---|---|---|---|
| **Case** | **Claims Released** | **Class Size & Method(s) of Notice** | **Class Recovery and Relief** | **Submission of Claims Forms & Average Class Payment** | **Fees, Costs, and Service Awards** | **Exposure If Plaintiffs Had Prevailed on Every Claim** |
| *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843, 2023 WL 8443230 (N.D. Cal. Oct. 10, 2023); Dkt. 1139 (N.D. Cal. June 26, 2023). | Claims related to making user data and data about users' friends accessible to third parties. | Class Size: 253 million<br><br>Notice: individual in-app notice to 685 million Facebook accounts, digital banner and social media advertisements, paid campaign to Google to direct people searching for information about the settlement, settlement website, publications in USA Today and People, posts to class action aggregate sites, work with social media influencers | Injunctive Relief: Confirmatory discovery and declarations attesting that the data-sharing practices that Plaintiffs challenged have either stopped or are subject to monitoring under a 2020 consent decree between Facebook and the FTC<br><br>Common Fund: $725 million | Claims Rate: 5.93%<br><br>Avg. Class Payment: $35 | The court awarded $181,250,000; $4,101,608.09 for reimbursement of expenses; $15,000 in service awards to the eight named plaintiffs; at preliminary approval, anticipated administrative costs were estimated between $3,500,000 and $4,225,000. | Statutory damages of at least $2,500 per consumer under the VPPA and $1,000 per person under the SCA |

| Misuse of Data Class Cases | | | | | | |
|---|---|---|---|---|---|---|
| **Case** | **Claims Released** | **Class Size & Method(s) of Notice** | **Class Recovery and Relief** | **Submission of Claims Forms & Average Class Payment** | **Fees, Costs, and Service Awards** | **Exposure If Plaintiffs Had Prevailed on Every Claim** |
| *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 620 (N.D. Cal. 2021), *aff'd*, No. 21-15553, 2022 WL 822923 (9th Cir. Mar. 17, 2022) | Claims arising out of Facebook's collection, storage, or dissemination of biometric data related to facial recognition (excluding affiliated entities Instagram, Inc., WhatsApp Inc., and Oculus VR Inc.) | Class Size: 6.9 million<br><br>Notice: Direct email and Facebook Newsfeed notice, published notice via dedicated settlement website, targeted internet banner ads, and print publication in the Chicago Tribune and Chicago Sunday Times. Notice was delivered to 10,295,502 email addresses, and the total number of impressions to unique users from the Facebook Newsfeed notice was 9,124,351 (30.47% click-through rate) | Injunctive Relief: Facebook to set its "Face Recognition" default user setting to "off," and delete all existing and stored face templates unless it gains express consent from the user. It will also delete the face templates for any class members who have no activity on Facebook for three years.<br><br>Common Fund: $650 million | Claims Rate: 22% (1.5 million claims submitted) with 109 opt-outs and 3 objections<br><br>Avg. Class Payment: $397 | The court awarded $97.5 million in attorneys' fees; $915,454.37 for reimbursement of expenses; and $7,500 in service awards for the three named plaintiffs. The court awarded $1,828,009.89 in administrative costs. | Plaintiffs' BIPA claims would have provided $1,000 per class member had Facebook been found to have negligently violated the statute, and $5,000 per class member if it were found to have intentionally or recklessly violated the statute. 740 Ill. Comp. Stat. 14/20(1)-(2). |

| Misuse of Data Class Cases | | | | | | |
|---|---|---|---|---|---|---|
| **Case** | **Claims Released** | **Class Size & Method(s) of Notice** | **Class Recovery and Relief** | **Submission of Claims Forms & Average Class Payment** | **Fees, Costs, and Service Awards** | **Exposure If Plaintiffs Had Prevailed on Every Claim** |
| *Katz-Lacabe v. Oracle Am., Inc.*, 2024 WL 4804974, at (N.D. Cal. Nov. 15, 2024) **Currently on appeal:** *Katz-Lacabe, et al. v. Oracle America, Inc.*, 9th Cir., Dec. 19, 2024 | Data brokering business violates internet users' right to privacy via covert collection and aggregation of personal data. | Class Size: 220 million  Notice: Internet notice, paid search campaign, engagement on social media, and press releases; supplemental email notice campaign; settlement website | Injunctive Relief: Oracle shut down the ad tech business responsible for virtually all contact at issue in the litigation. If Oracle returns to that area of commerce, its practices will be subject to the injunctive relief standards.  Common Fund: $115 million | Claims Rate: 1.47%  Avg. Class Payment: $25 | The court awarded $28.75 million in attorneys' fees; the court awarded $211,350.52 in reimbursement costs; and $10,000 to each of the two class representatives. | Unknown |
| *Bernstein v. Cengage Learning, Inc.*, No. 19-CV-7541-ALC-SLC, Dkt. 322 (S.D.N.Y. Nov. 8, 2024); Dkt. 335 (S.D.N.Y. Feb. 19, 2025); Dkt. 342 (S.D.N.Y. Feb. 26, 2025). | Claims for unpaid royalties for Cengage underpaying its textbook contributors | Class Size: Unknown  Notice: Direct email and postcard notice, settlement website, print and online advertisement | Common Fund: $20.99 million | Unknown | The court awarded $7 million in attorneys' fees; the court awarded $1,187,399.11 in reimbursement costs; and $16,500 to each of the class representatives. | $44.3 million |

| Misuse of Data Class Cases | | | | | | |
|---|---|---|---|---|---|---|
| **Case** | **Claims Released** | **Class Size & Method(s) of Notice** | **Class Recovery and Relief** | **Submission of Claims Forms & Average Class Payment** | **Fees, Costs, and Service Awards** | **Exposure If Plaintiffs Had Prevailed on Every Claim** |
| *In re Google LLC St. View Elec. Commc'ns Litig.*, 611 F. Supp. 3d 872 (N.D. Cal. 2020), *aff'd sub nom. In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102 (9th Cir. 2021) | Google intercepted and stored private electronic communications and Google's Street View vehicles collected and stored data without permission. | Class Size: 60 million<br><br>Notice: Settlement website, digital advertisements on websites, social media, search engines, and a press release | Injunctive Relief: Google destroyed the acquired data within 45 days of final approval; Google will not collect and store data except with notice and consent.<br><br>*Cy Pres* Settlement Fund: $13 million | N/A | The court awarded $3.03 million in attorneys' fees; the courted awarded $750,000 in reimbursement costs; and $5,000 to each of the eighteen class representatives who undertook additional burdens for jurisdictional discovery and $500 for the class representatives who did not participate in jurisdictional discovery. | Unknown |
| *Cottle v. Plaid Inc.*, No. 20-CV-03056-DMR, 2022 WL 2829882 (N.D. Cal. July 20, 2022) | Defendant used consumers' banking login credentials to harvest and sell financial data without consumers' consent. | Class Size: 98 million<br><br>Notice: Email and postcard notice to whom email and/or mailing address available, online ads, settlement website | Injunctive Relief: Plaid deleted data from its system that it had harvested; prominently explained user controls available to Plaid users, minimized data Plaid stores from users, and enhance its End User Privacy Policy.<br><br>Common Fund: $58 million | Claims Rate: 1.28%<br><br>Avg. Class Payment: $31.50 | The court awarded $11 million in attorneys' fees; the courted awarded $115,920.21 in reimbursement costs; and $5,000 to each of the eleven class representatives. | Unknown |

| Misuse of Data Class Cases | | | | | | |
|---|---|---|---|---|---|---|
| **Case** | **Claims Released** | **Class Size & Method(s) of Notice** | **Class Recovery and Relief** | **Submission of Claims Forms & Average Class Payment** | **Fees, Costs, and Service Awards** | **Exposure If Plaintiffs Had Prevailed on Every Claim** |
| *In re Zoom Video Communications, Inc. Privacy Litigation*, 3:20-cv-02155 (N.D. Cal.) | Claims arising out of sharing data with third parties and failing to adequately protect consumer data | Class Size: 150 million<br><br>Notice: Email and mail, newspaper, social media, sponsored search, informational release, and settlement website | Injunctive Relief: Over a dozen major changes to its practices, designed to improve meeting security, bolster privacy disclosures, and safeguard consumer data<br><br>Common Fund: $85 million | Claims Rate: 1%<br><br>Avg. Class Payment: $95 for those with a Paid Subscription Claim, and $29 for those with User Claims | The court awarded $21,250,000 million; $130,842.24 for reimbursement of expenses; and $5,000 in service awards for each of the class representatives. At the time of final approval, administrative costs were estimated to be $2,833,000. | Unknown |

| Recent Exemplar Mega-Fund Class Actions | | | | | | |
|---|---|---|---|---|---|---|
| **Case** | **Claims Released** | **Class Size & Method(s) of Notice** | **Class Recovery and Relief** | **Submission of Claims Forms & Average Class Payment** | **Fees, Costs, and Service Awards** | **Exposure If Plaintiffs Had Prevailed on Every Claim** |
| *In re Coll. Athlete NIL Litig.*, No. 20-CV-03919 CW, 2025 WL 1675820 (N.D. Cal. June 6, 2025)<br><br>**Currently on appeal:** *House, et al. v. National Collegiate Athletic Association, et al.*, 9th Cir. July 9, 2025 | Claims relating to any previously existing NCAA and conference rules regarding monies and benefits that may be provided to student-athletes by the NCAA, Division I conferences and/or Division I Member Institutions, or relating in any way to any NCAA or conference limitations on the numbers of scholarships allowed or permitted in any sport | <u>Class Size:</u> 389,7000<br><br><u>Notice:</u> Direct notice via email and postcard where possible, digital campaign advertising the settlement, and press releases | <u>Injunctive Relief:</u> NCAA and its members can modify rules to allow schools to provide additional direct benefits and compensation to Division I student-athletes, eliminate scholarship limits, and narrower name-image-likeness restrictions.<br><br><u>Common Fund:</u> $2.576 billion | <u>Claims Rate:</u> 26.2%<br><br><u>Avg. Class Payment:</u> Between $80 and $91,000 | To be resolved in a future order | Unknown |

| | | Recent Exemplar Mega-Fund Class Actions | | | | |
|---|---|---|---|---|---|---|
| **Case** | **Claims Released** | **Class Size & Method(s) of Notice** | **Class Recovery and Relief** | **Submission of Claims Forms & Average Class Payment** | **Fees, Costs, and Service Awards** | **Exposure If Plaintiffs Had Prevailed on Every Claim** |
| *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2024 WL 4982979 (N.D. Ala. Dec. 4, 2024) | Claims relating to defendants' use of the exclusive Service Areas as a restraint of trade in violation of the Sherman Act | <u>Class Size:</u> 6,000 hospitals, several thousand other medical facilities, and several hundreds of thousands of physicians and other professionals<br><br><u>Notice:</u> Direct email and postcard notice, settlement website, print and online advertisements | <u>Injunctive Relief:</u> Transform BlueCard Program infrastructure, BlueCard prompt pay commitment to pay fully insured claims within thirty days, appointment of BlueCard executive at each Blue Plan, implementation of real-time Blues internal messaging system, creation of a Blue National Executive Resolution Group to further improve the BlueCard Program.<br><br><u>Common Fund:</u> $2.8 billion | Unknown | To be resolved in a future order | Unknown |