1
2
3

UNITED STATES DISTRICT COURT

4

NORTHERN DISTRICT OF CALIFORNIA

5

SAN FRANCISCO DIVISION

6
7
8
9
10
11
12
13
14

| | |
|---|---|
| ANDREA BARTZ and KIRK WALLACE JOHNSON, individually, and ANDREA BARTZ, INC., CHARLES GRAEBER, and MJ + KJ, INC., individually and as representatives of the class,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-cv-05417-WHA<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

15       WHEREAS, Plaintiffs Andrea Bartz, Inc., Charles Graeber, and MJ + KJ Inc. ("Plaintiffs"),

16   on behalf of themselves and the Class as defined below, and Defendant Anthropic PBC

17   ("Anthropic") (collectively, the "Parties") entered into a Settlement Agreement (Dkt. 362-3 (Ex.

18   A)) on September 5, 2025, which sets forth the terms and conditions for a proposed settlement of

19   this Action and for its dismissal with prejudice upon the terms and conditions set forth therein;[1]

20       WHEREAS, Plaintiffs have moved pursuant to Federal Rule of Civil Procedure 23(e) for

21   an order preliminarily approving the settlement of this Action ("Motion") (Dkt. 362); and

22       WHEREAS, the Court is familiar with and has reviewed the record; the Settlement

23   Agreement, including the proposed forms of class notice and other exhibits; Plaintiffs' Notice of

24   Motion and Motion for Preliminary Approval of Class Action Settlement; the Memorandum of

25   Points and Authorities in support thereof; and the supporting Declarations and exhibits thereto;

26       **NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:**

27

28

---

[1] All capitalized terms not defined herein have the same meaning as in the Settlement Agreement, which is provided as Exhibit A to Class Counsel's Declaration in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

3309772.1

<u>Jurisdiction.</u> The Court preliminarily finds that the Court has subject-matter jurisdiction over the claims asserted in the Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and that the Court has personal jurisdiction over Plaintiffs, Anthropic, and all members of the certified Class (collectively, "Class Members").[2] Venue is proper in this District under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b)(2).

## **PRELIMINARY APPROVAL OF THE SETTLEMENT**

<u>Preliminary Approval of Proposed Settlement Agreement.</u> The Motion (Dkt. 362) is granted. The Court preliminarily finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted as described below.

The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Class—including (i) a non-reversionary Settlement Fund of at least $1.5 billion, plus all interest earned thereon, and (ii) the destruction of all copies of Class Members' works downloaded or torrented from Library Genesis or Pirate Library Mirror. That relief, at this stage, comes without the risks, burdens, costs, and delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement is the result of informed, arm's-length negotiations between experienced class action attorneys with the assistance of the neutral mediation services of Hon. Layn Phillips. The Settlement Agreement meets all applicable requirements of law, including those imposed by Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, the United States Constitution, and the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.

<u>Direction of Class Notice.</u> The Court further finds that the Settlement is within the range of reasonableness such that Notice shall be provided to the Class.

<u>Class.</u> The Class, as set forth in Section 1, Paragraph 1.7 of the Settlement Agreement, is

---

[2] The Court previously certified the Class pursuant to Federal Rule of Civil Procedure 23(b)(3). Dkt. No. 244.

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:24-CV-05417-WHA

3309772.1

substantially identical[3] to the "LibGen & PiLiMi Pirated Books Class" certified by the Court and satisfies the criteria set forth in the Court's Order Granting Class Certification requiring submission of a list of Works involved (Dkt. 244 at 30):

> All beneficial or legal copyright owners of the exclusive right to reproduce copies of any book in the versions of LibGen or PiLiMi downloaded by Anthropic as contained on the Works List. "Book" refers to any work possessing an ISBN or ASIN which was registered with the United States Copyright Office within five years of the work's first publication and which was registered with the United States Copyright Office before being downloaded by Anthropic, or within three months of publication. Excluded are the directors, officers and employees of Anthropic, personnel of federal agencies, and district court personnel. For avoidance of doubt, only works included on the Works List are in the Class.

Class Representatives and Class Counsel. Pursuant to Federal Rules of Civil Procedure 23(e)(2)(A), the Court reaffirms the appointment of Lieff Cabraser Heimann & Bernstein, LLP and Susman Godfrey LLP as Class Counsel. Pursuant to Rule 23(c)(1)(B), the Court reaffirms the appointment of Plaintiffs Andrea Bartz, Inc., Charles Graeber, and MJ + KJ Inc. as Class Representatives. The Court has finds that Class Counsel and Class Representatives have adequately represented the interests of the Class.

## NOTICE AND SETTLEMENT ADMINISTRATION

Settlement Administrator. The Court appoints JND Legal Administration ("Settlement Administrator") to administer the settlement. The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement and the below schedule, and to perform all other tasks that the Settlement Agreement requires of it.

Qualified Settlement Fund. The Settlement Administrator is authorized to establish the Settlement Fund under 26 C.F.R. § 1.468B-1 for federal tax purposes. The Settlement Fund shall be a court-approved Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing

---

[3] The only differences between the Class definition here and the class definition in the certification order are the Class definition in the Settlement (1) adds the phrase "on the Works List" after the phrase "downloaded by Anthropic," (2) adds the word "first" before "publication" as a clarification, and (3) adds the final "[f]or the avoidance of doubt" sentence. These modifications do not change the scope of claims that the Court certified for class treatment.

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:24-CV-05417-WHA

3309772.1

of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Anthropic shall provide to the Settlement Administrator any documentation reasonably requested by the Settlement Administrator that is required to obtain QSF status for the Settlement Fund pursuant to Treas. Reg. § 1.468B-l. All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

Class Notice. The Court finds that the content, format, and method of disseminating notice as set forth in the Settlement Agreement and documents in support of Plaintiffs' Motion satisfy the requirements of Federal Rule of Civil Procedure 23 and are approved. As set forth in Paragraph 4.4 of the Settlement Agreement, the Settlement Administrator shall disseminate direct notice to each potential Class Member for whom an email address and/or physical mailing address is available.[4] Within seven (7) days of this Order, the Settlement Administrator will create, develop, host, administer, and maintain the Settlement Website (www.AnthropicCopyrightSettlement.com), which, among other things will contain the searchable Works List database, allowing Class Members to search for works by author, title, publisher, ISBN, ASIN, or U.S. Copyright Registration Number, as set forth in Paragraph 4.5 of the Settlement Agreement. On or prior to the Notice Date, the Settlement Administrator shall place notice in appropriate trade media publications as set forth in Paragraph 4.6 of the Settlement Agreement including but not limited to: *Publishers Weekly The Toronto Star*, *The Globe & Mail*, *La Presse* and *The Atlantic*. At the start of the Notice campaign, the Settlement Administrator will distribute a press release to major media outlets in the United States, England, and Canada as set forth in Paragraph 4.10 of the Settlement Agreement. The Settlement Administrator shall also establish a digital media campaign as set forth in

---

[4] Based on the Works List and to the extent such information is available through reasonable efforts, the Settlement Administrator will compile (1) all available contact information (including name, last known e-mail address, and last known mailing address) for each person or entity identified on the Works List as having copyright interests in the Works List; (2) the specific works from the Works List in which each Class Member has a copyright interest; and (3) the nature of each Class Member's copyright interest (*e.g.*, legal or beneficial owner), within twenty-eight (28) days after receipt of the Works List.

3309772.1

1    Paragraphs 4.7–4.9 of the Settlement Agreement. The Court approves, as to form and content, the

2    Notice Plan, the Settlement Website, Toll-Free Number, and the forms of notice (attached as

3    Exhibits B (Long Form Notice) C (Postcard Notice), D (Email Notice), E (Digital Media Notice),

4    F (Print Advertisement Notice), and G (Press Release Notice) to the Declaration of Jennifer Keough

5    Regarding Proposed Settlement Notice Plan ("Keough Declaration")). Nonmaterial modifications

6    to the notices may be made by the Settlement Administrator without further order of the Court, so

7    long as they are approved by the Parties and consistent in all material respects with the Settlement

8    Agreement and this Order.

9        The Court further finds that the form, content, and method of giving notice to the Class as

10   described in Section 4 of the Settlement Agreement and the Declaration of Jennifer Keough

11   Regarding Proposed Settlement Notice Plan submitted with the Motion: (a) constitute the best

12   practicable notice to the Class; (b) are reasonably calculated, under the circumstances, to apprise

13   Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights

14   to object to the Settlement and to exclude themselves from the Class; (c) are reasonable and

15   constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and

16   (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement

17   of due process, and any other legal requirements. The Court further finds that the Notice Plan

18   complies with the United States District Court for the Northern District of California's Procedural

19   Guidance for Class Action Settlements. Accordingly, the Court hereby approves such notice and

20   directs that such notice be disseminated in the manner set forth in the proposed Settlement

21   Agreement.

22       The Settlement Administrator shall provide notice consistent with Section 4 of the

23   Settlement Agreement and notice shall begin to be disseminated to Class Members within sixty

24   (60) days of this Order ("Notice Date"). All costs associated with compiling the Class List,

25   providing all forms of Notice, responding to inquiries from the Class, and performing all other

26   Settlement Administrator duties shall be paid out of the Settlement Fund, as set forth in

27   Paragraphs 1.32, 1.34, and 2.1(g) of the Settlement Agreement.

28       CAFA Notice. The Settlement Administrator shall serve the notice required under the Class

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:24-CV-05417-WHA

3309772.1

1    Action Fairness Act, 28 U.S.C. § 1715 ("CAFA") by September 15, 2025, which is no later than

2    ten calendar (10) days following the filing of the Settlement Agreement with the Court.

3        Submission of Claims. To participate in the Settlement, Class Members must follow the

4    directions in the Notice and submit an Approved Claim with the Claims Administrator by the

5    Claims Deadline of March 7, 2026, which is one hundred twenty (120) days after the settlement

6    Notice Date. Class Members who do not submit an Approved Claim will not receive a cash award,

7    but they will be bound by the Settlement.

8        Processing Claims. The Settlement Administrator shall employ reasonable procedures to

9    screen all Claim Forms to determine their validity and each Claimant's eligibility, and shall employ

10   reasonable procedures to screen claims for abuse or fraud. The Settlement Administrator shall

11   determine whether a Claim Form submitted by a Class Member is an Approved Claim and shall

12   reject any claim that does not materially comply with the instructions on the Claim Form or the

13   terms of the Settlement Agreement, fails to provide full and complete information as requested on

14   the Claim Form, is not submitted by a Class Member, or is deemed to be duplicative or fraudulent.

15       Class Member Data. The Works List shall be considered a confidential settlement

16   communication protected by Federal Rule of Evidence 408. The Settlement Administrator shall

17   keep all personal contact information obtained from the Class List strictly confidential. The

18   information in these lists shall not be used for any purpose other than administrating this Settlement.

19       Method of Allocation. As provided in Paragraph 6.1(c) of Settlement Agreement, Class

20   Counsel will form a working group consisting of experts in the publishing industry, Authors

21   Coordination Counsel, Publishers Coordinating Counsel, and the Hon. Layn Phillips to advise Class

22   Counsel on the claims process, the contents of a Claim Form, and adjustments to the relevant

23   sections of the form of Class Notice for the purpose of fairly, equitably, and efficiently addressing

24   situations where there are multiple Class Members submitting Claims for a particular work on the

25   Works List. Class Counsel will submit for the Court's approval by October 10, 2025, any proposals,

26   , Claim Form, or adjustment resulting from the Working Group.

27       Settlement Distribution. As provided in Paragraph 1.35 of the Settlement Agreement,

28   Settlement Payments shall be made from the Settlement Fund to each Class Member who timely

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:24-CV-05417-WHA

3309772.1

1    submits a valid Claim Form. Such payments will be distributed on an equal-per-work basis, after

2    deduction of any fees, expenses, or service awards approved by the Court after deduction of any

3    fees, expenses, or service awards approved by the Court. Each work eligible for a Settlement

4    Payment will be identified on the Works List.

5        To the extent that a check issued to a Class Member is not cashed within ninety (90) days

6    after the date of issuance, or an electronic deposit is unable to be processed within ninety (90) days

7    of the first attempt, such funds will remain in the Settlement Fund to be re-distributed to Class

8    Members who cashed their checks or successfully received their electronic payments. Any such

9    distribution shall be apportioned on a pro rata basis consistent with prior distributions to

10   participating Class Members in a second distribution, if practicable. If additional distribution(s) are

11   not feasible, the remaining funds shall be distributed to a *cy pres* recipient approved by the Court

12   on application from Class Counsel.

13                                **OPT-OUT AND OBJECTION PROCEDURES**

14       <u>Exclusion from the Class.</u> Any person or entity in the Class can exclude a Work or multiple

15   Works from inclusion in the Settlement by submitting a request for exclusion from the Settlement

16   on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must: (a) be

17   in writing; (b) identify the case name *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D.

18   Cal.); (c) state the full name and current address of the person or entity seeking exclusion;

19   (d) identify the specific work(s) from the Works List from which they seek exclusion, including

20   title, author, U.S. Copyright Office Registration Number, and ISBN/ASIN; (e) describe the

21   person's or entity's copyright interest in the identified work(s); (f) be signed by the person(s) or

22   entity seeking exclusion or their authorized representative; and (g) be postmarked or received by

23   the Settlement Administrator on or before the Objection/Exclusion Deadline. Each request for

24   exclusion must also contain a statement to the effect that "I hereby request to be excluded from the

25   proposed Class in *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D. Cal.)."

26       No person may request to be excluded from the Class through "mass" or "class" opt-outs,

27   meaning, *inter alia*, that each individual who seeks to opt out must mail an individual, separately

28   signed request to the Settlement Administrator that complies with all requirements of this

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:24-CV-05417-WHA

3309772.1

1    paragraph. To be effective, the written notice shall be postmarked or received by the Settlement

2    Administrator sixty (60) days after the Notice Date, in accordance with Paragraph 1.24 of the

3    Settlement Agreement ("Objection/Exclusion Deadline").

4          Any Class Member who does not submit a valid and timely request for exclusion in the

5    manner described herein shall remain a Class Member upon expiration of the Objection/Exclusion

6    Deadline, and shall be bound as a Class Member by the Settlement Agreement. Any person who

7    elects to request exclusion from the Class shall not (a) be bound by any orders or Final Judgment

8    entered in the Action; (b) receive a Settlement Payment under this Settlement Agreement; (c) gain

9    any rights by virtue of this Settlement Agreement, or (d) be entitled to object to or appeal from any

10   aspect of this Settlement Agreement or Final Judgment.

11         <u>Re-Inclusion in the Class.</u> Any person or entity in the Class who submitted a valid request

12   for exclusion, subject to the terms of this Agreement, will have 30 days from the

13   Objection/Exclusion Deadline to submit a request for re-inclusion, as set forth in Paragraph 4.15 of

14   the Settlement Agreement. To be valid, any request for re-inclusion must: (a) be in writing;

15   (b) identify the case name *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D. Cal.); (c) state

16   the full name and current address of the person or entity seeking re-inclusion; (d) identify the

17   specific work(s) from the Works List from which they seek re-inclusion, including title, author, and

18   ISBN/ASIN; (e) describe the person or entity's copyright interest in the identified work(s);

19   (f) identify whether the person or entity seeking re-inclusion is aware of any other copyright

20   interests in the identified work(s); (g) be signed by the person(s) or entity seeking re-inclusion or

21   their authorized representative; and (h) be postmarked or received by the Settlement Administrator

22   on or before the Re-Inclusion Deadline. Each request for re-inclusion must also contain a statement

23   to the effect that "I hereby request to be included in the proposed Class in *Bartz v. Anthropic PBC*,

24   No. 3:24-cv-05417-WHA (N.D. Cal.). This request supersedes my previous request for exclusion."

25   The submission of a valid request for re-inclusion shall constitute the final, binding decision of the

26   requesting Class Member as it pertains to the requested Work(s).

27         <u>Objections to the Settlement.</u> Any Class Member can object or comment upon the

28   Settlement. Any Class Member who intends to object to this Settlement Agreement must present

3309772.1

the objection in writing, which must be personally signed by the objector and must include: (a) the Class Member's full name and current address; (b) identification of the specific work(s) in the Works List in which the objector claims a copyright interest, including title, author, U.S. Copyright Office Registration Number, and ISBN/ASIN; (c) a statement describing the objector's copyright interest in the identified work(s); (d) the specific grounds for the objection; (e) all documents or writings that the Class Member desires the Court to consider; (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek pro hac vice admission in accordance with the Local Rules).

All written objections must be filed with the Court and be filed or delivered to the Court no later than sixty (60) days after the Notice Date (the "Objection/Exclusion Deadline"). To the extent that the objection attaches confidential documents, such as author agreements, acquisition agreements or assignments, those documents may be filed under seal, as highly confidential pursuant to the Protective Order in the case.

Any Class Member who fails to timely file a written objection with the Court and any notice of his or her intent to appear at the Final Approval Hearing in the manner prescribed above and as detailed in the Notice shall not be permitted to object to this Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement or Final Judgment by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

Class Members cannot both object to and exclude themselves from the Settlement Agreement. Any Class Member who attempts to do so will be deemed to have excluded themselves and will have forfeited the right to object to the Agreement or any of its terms. In other words, Class Members who submit a valid and timely Objection, but also submit a valid and timely Request for Exclusion, will be deemed to have opted out of the Settlement and their objection will be void and invalid.

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:24-CV-05417-WHA

3309772.1

**FAIRNESS HEARING**

A hearing will be held in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, at 12:00 p.m. on March 24, 2026 (which is 17 days after Claims Deadline, or as soon thereafter as is convenient for the Court) ("Final Approval Hearing"), to determine: (a) whether the Settlement should receive final approval as fair, reasonable, and adequate; (b) whether a Final Approval order and Final Judgment should be entered dismissing the Action with prejudice except as to such Class Members who timely submit valid requests for exclusion in accordance with the Settlement Agreement and the Notice; (c) whether the Settlement benefits as proposed in the Settlement Agreement should be approved as fair, reasonable, and adequate; (d) whether to approve the application for service awards for the Class Representatives and any Fee Award to Class Counsel; and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Final Approval Hearing may, without further notice to Class Members (except those who have filed timely and valid objections and requested to speak at the Final Approval Hearing), be continued or adjourned by order of the Court.

Class Counsel's motion for a Fee Award and service awards to the Class Representatives will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or service awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel the Settlement Agreement.

Extensions of Time. The time periods and dates provided in this Order may be altered by the Court or through written consent of the Parties' counsel, without notice to the Class; provided, however, that any such changes in the schedule of Settlement proceedings will be posted on the Settlement Website (www.AnthropicCopyrightSettlement.com).

Termination of the Settlement and Use of this Order. If the Judgment does not become final, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Settlement Agreement, and this Order shall be null, void, and vacated, and shall not be used

or cited thereafter by any person or entity.

The following chart summarizes the dates and deadlines set by this Order.

| Event | Date | Relevant Provisions of Settlement Agreement and Parties' Proposal |
|---|---|---|
| Preliminary Approval Hearing | September 8, 2025 at noon | Dkt. 355 |
| CAFA Notice due | September 15, 2025 | 28 U.S.C. § 1715(b), 10 days after the Parties' file the Settlement Agreement with the Court |
| Internet Notice due | September 15, 2025 | Per ¶ 4.5 of the Settlement Agreement, 7 days after issuance of Preliminary Approval Order |
| Deadline for Settlement Administrator to compile the Class List | September 29, 2025 | Per ¶ 4.2 of the Settlement Agreement, within 28 days after JND's receipt of the Works List |
| Deadline for the Parties' submission of Plan of Allocation proposal, amended notices, and claim form | October 10, 2025 | Per ¶¶ 2.1(c), 6.1(c) of the Settlement Agreement |
| Deadline for Parties to submit joint Works List and raise any disputes with the Court over its composition | October 10, 2025 | Per ¶ 4.1 of the Settlement Agreement |
| Notice Date | November 7, 2025 | Per Definitions ¶ 1.23 of the Settlement Agreement, no later than 60 days after issuance of Preliminary Approval Order |
| Deadline for Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards | December 2, 2025 | Per ¶ 1.24 of the Settlement Agreement and N.D. Cal. Procedural Guidelines, at least 35 days *prior to* Exclusion and Objection Deadline |

3309772.1

| Event | Date | Relevant Provisions of Settlement Agreement and Parties' Proposal |
|---|---|---|
| Request for Exclusion (Opt-Out) or Objection Deadline | January 6, 2026 | Per ¶¶ 1.24, 4.14 of the Settlement Agreement, 60 days after <u>Notice Date</u> |
| Deadline for Settlement Administrator to inform rights holders of a requested exclusion | January 13, 2026 | Per ¶¶ 4.14, 5.1(d) of the Settlement Agreement, within 7 days after the <u>Objection/Exclusion Deadline</u> |
| Re-Inclusion Deadline | February 6, 2026 | Per ¶¶ 1.28, 4.15 of the Settlement Agreement, 30 days after <u>Exclusion Deadline</u> |
| Deadline for Settlement Administrator to inform rights holders of re-inclusion | February 12, 2026 | Per ¶¶ 4.15, 5.1(e) of the Settlement Agreement, within 7 days after <u>Re-Inclusion Deadline</u> |
| Deadline to Submit Claim Form ("Claims Deadline") | March 7, 2026 | Per ¶ 1.6 of the Settlement Agreement, 120 days after the <u>Notice Date</u> |
| Deadline for Settlement Administrator to file proof of compliance with CAFA | March 17, 2026 | 7 days before <u>Fairness Hearing</u> |
| Deadline for Motion for Final Approval | March 17, 2026 | (7 days before <u>Fairness Hearing</u>) |
| Fairness Hearing | March 24, 2026 | (17 days after <u>Claims Deadline</u>) |

3309772.1

| Event | Date | Relevant Provisions of Settlement Agreement and Parties' Proposal |
|---|---|---|
| Deadline for Class Members to cure timely submitted Claim Forms | March 31, 2026 | Per ¶ 5.1(h) of the Settlement Agreement, 28 days after <u>Claims Deadline</u> |

**IT IS SO ORDERED.**

DATED: _____, 2025.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3309772.1