UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BARTZ and KIRK WALLACE JOHNSON, individually, and ANDREA BARTZ, INC., CHARLES GRAEBER, and MJ + KJ, INC., individually and as representatives of the class,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | No. C 24-05417 WHA<br><br>**QUESTIONS FOR PRELIMINARY APPROVAL HEARING ON SEPTEMBER 25** |

By **NOON ON SEPTEMBER 23, 2025**, both sides shall provide complete and succinct written answers as to how the following scenarios will be handled under the settlement. If the answer turns on facts not given, identify those facts and the alternative outcomes. If the parties disagree, identify the disagreement.

1. Author and publisher file a joint claim providing adequate documentation of their beneficial and legal ownership of the right to reproduce copies and stating they have reached agreement on how to split their award.

2. Author and publisher file joint (or separate) claims stating they have not reached agreement on how to split their award and refuse to submit the dispute to a special master.

3. Author alone files a claim providing adequate documentation of her beneficial ownership of the right to reproduce copies, but the publisher files no claim and remains silent.

4. Publisher alone files a claim providing adequate documentation of its legal ownership of the right to reproduce copies, but the author files no claim and remains silent.

5. No claim is filed by anyone for a particular work on the Works List.

6. A publisher opts out hundreds of its published works, work by work, yet all (or most) of the authors file claims for those same works. The publisher elects not to re-include itself (and the works) in the class.

7. One of three authors of a single work opts out while the others file claims to participate (as does the publisher). All claimants (but not the absent author) have reached an agreement as to how to split the award. As a variant, two of three opt out; one later requests re-inclusion; upon receiving notice of the re-inclusion request, the third wishes to re-include.

8. Describe all circumstances where a side payment might be made to induce a class member who has opted out to request re-inclusion.

9. The Long-Form Notice states that every owner of a work who has "*opted out*" will be notified regarding re-inclusion if one owner of the same work submits a claim for it (Q. 21). But the Settlement Agreement provides that every owner of a work who has "*submitted a valid claim*" will be notified if one owner of the same work submits an opt out for it (or, later, requests re-inclusion) (¶¶ 5.1(d)–(e) (emphases added)). What is the correct plan?

10. Relatedly, counting from the date preliminary approval is granted, the Settlement Agreement sets the number of days by which steps must be completed (*e.g.*, ¶¶ 1.23–24, 1.6, 5.1(h); *cf.* Supp. Br. Keough ¶ 95). The schedule permits the claims deadline (and, after it, the supplemental information deadline for validating claims) to be set after the opt-out deadline and after the re-inclusion deadline. But, again, the plan set by the Agreement requires that claims be validated before these dates so that valid claimants can be notified about any opt-out or re-inclusion request submitted by another owner of the work. What is the correct timeline?

11. What documentary proof, if any, will be required to back up a claim of beneficial or legal ownership of a work on the Works List? Relatedly, the Settlement Agreement provides that the Settlement Administrator may request information beyond whatever the Claim Form requires; describe the process for any such further requests and any review.

12. A claimant is paid only to be sued later by an author or publisher seeking its "share" of the recovery. What provisions of the notification and claims processes (or otherwise, including caselaw) would bear on whether any such collateral actions could be brought and, if brought, on how they could be decided?

13. The class defined in the order on class certification and in the Settlement Agreement requires that a member of the class be a beneficial or legal owner of the exclusive right to reproduce copies of a relevant work (under Section 106(1)). Suppose, however, that while the author and publisher have retained beneficial and legal ownership of that right, a movie studio has acquired the exclusive legal right to prepare derivative works (under Section 106(2)). Does this mean that the movie studio is not in the class and therefore has not given up its potential claim against Anthropic, one turning on its contention that Anthropic created derivative works?

14. Describe all circumstances wherein a claimant could receive settlement money yet still sue Anthropic for any conduct sued on in this case. What provisions of the notification and claims processes (or otherwise, including caselaw) would bear on whether any such follow-on actions could be brought and, if brought, on how they could be decided?

15. To what extent are claims based on downloaded copies from Books3 released? If such claims are released, why is no injunctive relief proposed to delete any copies downloaded from Books3 (or further copies tracing to the copies downloaded)?

16. To what extent are claims based on copies from scanned books released?

17. The Settlement Agreement states that any person "in Class can exclude a work or multiple works from inclusion in the Settlement" (¶ 4.14), which counsel described at our hearing as meaning that no owner could receive an award for that work as part of the Settlement (Tr. 23, 28). But both the Settlement Agreement and the Long-Form Notice elsewhere describe that absent an exclusion submitted by an owner she "remain[s] in the Settlement Class" (Q. 12). If one owner requests to exclude the work, but a second owner of the same work does not opt out of the class, will the second owner be bound by the settlement as to that work even though she is unable to collect on it? Note well that the proposed Long-

3

Form Notice ends by summarizing that an author is "bound by the terms of this lawsuit if" she does not opt out and "[c]an [ ] receive settlement money if" she submits a claim instead, without explaining any implications on either scenario of another claimant's decision to exclude the work (Q. 29).

**IT IS SO ORDERED.**

Dated: September 10, 2025.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE