Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
Michael Adamson (SBN 321754)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
rnath@susmangodfrey.com
madamson@susmangodfrey.com

Jordan W. Connors*
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101-2683
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser*
Samir Doshi*
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51st Floor,
New York, NY 10001-8602
Telephone: (212) 336-8330
csmyser@susmangodfrey.com
sdoshi@susmangodfrey.com

*Co-Lead Class Counsel*

Rachel Geman (*pro hac vice*)
Jacob S. Miller (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Jallé H. Dafa (SBN 290637)
Amelia Haselkorn (SBN 339633)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
jdafa@lchb.com

Betsy A. Sugar*
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
222 Second Ave., #1640
Nashville, TN 37201-2375
Telephone: (615) 313-9000
bsugar@lchb.com

*Co-Lead Class Counsel*
**(Pro Hac Vice)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No.: 3:24-cv-05417-WHA<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to the Court's September 8, 2025 Order (Dkt. 371) and Civil Local Rules 7-11 and 79-5, Class Representatives Andrea Bartz, Inc., Charles Graeber, and MJ + KJ, Inc. ("Plaintiffs") respectfully move to file the Works List and Class List under seal. These documents are attached as Exhibits 1 and 2 to the parties' Notice of Compliance. Prior to filing this Motion, Plaintiffs conferred with Defendant Anthropic PBC, who does not oppose. For the reasons set forth below, Plaintiffs respectfully request that the Court permit these documents to be maintained under seal.

## I. FACTUAL BACKGROUND

On September 8, 2025, the Court ordered the parties to "file the final versions of the Works List and Class List by NOON ON SEPTEMBER 15." *See* Dkt. 371.

### A. Works List and Class List

As set forth in the Class Action Settlement Agreement, the Works List contains the complete set of Books that satisfy the Class definition, including their the title, author(s), publisher, an ISBN and/or ASIN, and United States copyright registration number. *See* Dkt. 363-3 at § 1.37.

The Class List, in turn, contains "available contact information (including name, last known e-mail address, and last known mailing addresses) of each person or entity identified on the Works List." Dkt. 363-3 at § 4.2.

### B. Obtaining the Confidential Information in the Class List and Treatment of the Lists in the Settlement Agreement

Class Counsel compiled the Class List information from non-public sources, including through third-party subpoenas to the Authors Guild and Authors Registry, who designated their responses as confidential. The Settlement Agreement provides the proposed "Settlement Administrator shall keep the Class List and all personal information obtained therefrom, including but not limited to the identity, mailing addresses, and e-mail addresses of all persons, strictly confidential." *Id.* (emphasis added). Because the Class List includes sensitive personal information—including individual home addresses, business addresses, and email addresses—there is compelling reason for the Class List to remain **permanently sealed**. *See* Dkt. 63 (Order Adopting Stipulated Protective Order (With Conditions)) at ¶ 5 (listing home addresses and phone numbers as among the reasons justifying "sealing" submissions).

The Class Action Settlement Agreement also states that "all exchanged versions of the Works List

shall be considered confidential" unless or until the Court finds otherwise. *See id.* at § 1.37. The categories of information in the Works List are the same categories that the Settlement Agreement contemplates Class Members will be required to submit in order to complete a valid claim form. *Id.* at § 1.5.

If and when the Court preliminarily approves the parties' Settlement Agreement, Plaintiffs will make publicly available an online search tool to enable Class members to search for Class Works by title, author, and other criteria. *See id.* at ¶ 4.1. Thus, and for reasons further addressed below, there is reason for the Works List to remain sealed in its full form at this time but for access to its information to be available to Class members (and the public) as part of the notice and claims process.

## II. LEGAL STANDARD

Confidential documents that are "unrelated, or only tangentially related[] to the underlying cause of action" may—in most instances—be kept under seal upon a showing of good cause. *Kamakana v. City & County. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Juarez v. Soc. Fin., Inc.*, No. 20-CV-03386-HSG, 2023 WL 5749260, at *2 (N.D. Cal. Sept. 6, 2023) ("Because the Class List is not associated with any dispositive motion, the Court applies the lower good cause standard."). Good cause exists when the Court weighs the interests of the parties and the public and determines that guarding the materials from disclosure to the public will "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1), (c)(1)(A); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("The 'good cause' standard is not limited to discovery.").

## III. ARGUMENT

### A. There are Compelling Reasons to Seal the Class List

"The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (sealing home address and personal account information, which "ha[d] little or no relevance to any material issue in this case"). Courts agree that private individuals hold a privacy interest in guarding their personal identifiable information—such as names, email addresses, and mailing addresses—from the public. *See Berton v. Aetna Inc.*, No. 23-CV-01849-HSG, 2024 WL 869651, at *7 (N.D. Cal. Feb. 29, 2024) (sealing *inter alia* "plaintiff's home address, telephone numbers, and other personally-identifiable information").

The Class List includes personal identifiable information of absent class members that should be sealed: the names, email addresses, and mailing addresses of copyright owners whose works appear on the Works List. Plaintiffs therefore request that the Court seal the Class List in its entirety to prevent any disclosure of this personal identifiable information. *See* Dkt. 63 (Order Adopting Stipulated Protective Order (With Conditions)) at ¶ 5 (listing home addresses and phone numbers as among the reasons justifying "sealing" submissions); *Juarez*, 2023 WL 5749260, at *2 (sealing class list that "divulge[d] sensitive information unrelated to the public's understanding of the judicial proceedings").

### B. There are Compelling Reasons to Seal the Works List in its Full Form

While the Works List does not include sensitive personal information, it does contain non-public information. Plaintiffs respectfully submit that this Court can strike the balance between and among allowing Class members and others access to information, facilitating the settlement (if approved), and avoiding the specter of fraudulent claims by (a) permitting the Works List to remain under seal in its full form but (b) permitting a form of access to it by a publicly-searchable database to be released as part of the notice and claims process. *See In re Bank of America California Unemployment Benefits Litigation*, 2024 WL 4820704, at *5, (S.D. Cal. Nov. 12, 2024) (granting motion to seal due to risk of future fraud); Alison Frankel, *The class action claim bots are coming! (Actually, they're already here)*, Reuters (Jan. 18, 2018). Indeed, the Works List contains non-public information that, if disclosed publicly without proper precautions, risks providing a roadmap for non-class members to submit fraudulent claims in this high-profile case. Even if these claims are rejected, they may result in unnecessary time and costs for the proposed Settlement Administrator, which would ultimately be paid from the Settlement to the detriment of actual Class Members.

Nor is there a specific need for Class Members to access a full copy of the Works List at this time. Should the Court preliminarily approve the proposed Settlement, Class Members will be directed to a Settlement Website—Plaintiffs have proposed www.AnthropicCopyrightSettlement.com—which will allow potential class members to search for specific entries in order to determine whether they are Class Members. *See* Dkt. 363-12, Keough Declaration at 9. This will strike a necessary balance, providing potential Class Members with an easy mechanism to identify whether they are in the Class while deterring mass submissions of potentially fraudulent claims. At the conclusion of the Settlement, the Works List could be

made public.

IV.     **CONCLUSION**

Plaintiffs respectfully request that the Court grant the administrative motion to file under seal.

Dated:  September 15, 2025

Respectfully submitted,

By: /s/ Rachel Geman
     /s/ Justin Nelson

Rachel Geman (*pro hac vice*)
Jacob S. Miller (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Jallé H. Dafa (SBN 290637)
Amelia Haselkorn (SBN 339633)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
rstoler@lchb.com
jdafa@lchb.com
ahaselkorn@lchb.com

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S., Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com

*Co-Lead Counsel*

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com

asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
Michael Adamson (SBN 321754)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com
MAdamson@susmangodfrey.com

J. Craig Smyser (*pro hac vice*)
Samir H. Doshi (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com
sdoshi@susmangodfrey.com

*Co-Lead Counsel*

Scott J. Shoulder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
**COWAN DEBAETS ABRAHAMS
& SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
sshoulder@cdas.com
ccole@cdas.com

*Additional Counsel for the Class*

Jay Edelson*
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
jedelson@edelson.com

Matthew J. Oppenheim*
**OPPENHEIM & ZEBRAK LLP**
4530 Wisconsin Ave, NW, 5th Floor
Washington, DC 20016
Telephone: 202.450.3958
matt@oandzlaw.com

*Publishers' Coordinating Counsel*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 15, 2025

> */s/ Rachel J. Geman*
> Rachel J. Geman