# EXHIBIT 1

## Plan of Allocation and Distribution

1. ***Per Work Allocation***. The share of the Settlement Fund allocated to each class work will be calculated as follows:

    a. First: Calculate the amount of the Net Settlement Fund by subtracting fees, expenses, service awards, and a reserve for future expenses approved by the Court.

    b. Second: Divide the Net Settlement Fund by the total number of class works for which at least one valid claim has been submitted ("Claimed Works").

2. ***Class Notice***

    a. Within 7 days of Preliminary Approval:

        i. The settlement website will go live, with, among other things: (A) a searchable database of works on the Works List, enabling class members to query whether their books are in the Class; (B) copies of the long-form notice (containing answers to frequently asked questions) and Claim Form; and (C) key filings, dates, and deadlines in the case.

        ii. Internet, trade media, online, and social media class notice will go out through paid advertising, including in publications and on social media, directing people to the website and the Works List.

        iii. Key industry groups, including author and publisher organizations in the United States, United Kingdom, and Canada, will contact their members about the settlement and direct them to the settlement website.

        iv. Class counsel also expects that the settlement approval and distribution process will generate a significant amount of traditional media coverage and coverage through social media. In addition, the Settlement Administrator is distributing press release to media organizations in the United States and other countries.

    b. Within 45 days of Preliminary Approval:

        i. Major publishers will produce to the Settlement Administrator additional author contact information in their possession, custody, or control. The publishers who have, to date, committed to voluntarily produce author contact information include Cengage Learning, Inc., Elsevier, Hachette Book Group, HarperCollins Publishers LLC, John Wiley and Sons Inc., Macmillan Learning, Macmillan Publishing Group, LLC, McGraw Hill LLC, Pearson, Penguin Random House LLC, Simon & Schuster, LLC, Springer Nature, and Oxford University Press.

    c. Within 14 days of receiving of this contact information (*i.e.*, within 59 days after Preliminary Approval) (the "Notice End Date"):

        i. The Settlement Administrator will issue direct notice by U.S. mail and email to all authors and publishers on the Class List for whom contact information has been collected.

1

    d.  The deadline to opt out will be 104 days after Preliminary Approval (*i.e.*, 45 days after the Notice End Date).

    e.  Opt-out requests and Claim Forms may be submitted to the Settlement Administrator any time after Preliminary Approval

    **f.**  **_Opt-Out Process_**

        i.  A person who falls within the class definition can opt out of the Class and settlement by submitting an opt-out request to the Settlement Administrator. Opt-out requests can be submitted electronically on the settlement website and via email, fax, and U.S. mail. A valid opt-out request submitted for a work on the Works List will exclude that work from the settlement.

        ii.  Notice to other potential legal and beneficial owners and process for re-inclusion:

            1.  Parties that submit opt-out requests will be required to provide name and contact information for any other persons who may be a legal or beneficial owner of the right to reproduce the work.

            2.  Within 5 days of receiving an opt-out request, the Settlement Administrator will notify all other potential legal and beneficial owners of the work(s) opted out, including any party identified by the party that submitted the opt-out request and any author or publisher of the work in the Settlement Administrator's records.

            3.  The party who opted out will have until three weeks prior to the Claims Deadline to file a request for re-inclusion in the class. If that party files a re-inclusion request, the work(s) are re-included in the class and settlement.

**3.**  **_Claims Process_**

    a.  *Schedule for Claims Process*

        i.  The deadline to submit claims ("Claims Deadline") shall be 120 days after the Notice End Date, and 179 days after Preliminary Approval.

    b.  *Claims Form & Submission Process*

        i.  The Claim Form will be electronic and available on the settlement website. Class members will be encouraged to submit claims through the settlement website but will also be able to receive a Claim Form by U.S. mail and to download, print, and submit a Claim Form via U.S. mail, fax, or email.

        ii.  To the extent possible, the Claim Form will be prepopulated with information already received by the Settlement Administrator. The Claim Form will otherwise call for claimants to submit (a) contact information for themselves and other rightsholders, (b) information about their works (*e.g.*, title, author, and copyright registration number), (c) information regarding how settlement proceeds should be split among any co-claimants, and (d) a preferred method of payment.

c. _Multiple Claims Submitted for One Work_

    i. _Consolidating Claim Form information_. If two parties submit claims for the same work (_e.g._, author and publisher), the Settlement Administrator will combine the information from the Claim Forms and share any relevant information with each claimant before any payment is issued.

    ii. _Notice of claims to other potential claimants._ Class counsel anticipate that owners of a work will often not submit claims simultaneously. For example, an author of a work may file a claim while the publisher of the same work has not yet done so, and vice versa. For the purposes of this subsection, the party filing the Claim Form for the work is the "Filing Claimant" and the party who does not file a claim for the work is the "Nonfiling Claimant." This subsection addresses that situation:

        1. Promptly after receiving a Claim Form for a particular work, the Settlement Administrator shall contact all other known potential owners of the work—including any authors or publishers identified on the filed Claim Form—to notify those Nonfiling Claimants that another party has submitted a claim for the work. This notice will be sent by email or, if email is not available, U.S. mail.

        2. Nonfiling Claimants may then file their claim within the later of (a) 70 days after the date that the Settlement Administrator issues notice of the Filing Claimant's claim; or (b) the Claims Deadline.

        3. If the Nonfiling Claimant does not file a claim by the applicable deadline, the Settlement Administrator will determine the amount of the settlement proceeds owed to that Nonfiling Claimant based on the Claim Form submitted by the Filing Claimant.

          a. The Nonfiling Claimant will receive a check for this amount from the settlement fund.

          b. If the Nonfiling Claimant does not cash the check or otherwise claim these funds within 18 months after Final Approval, the amount will be redistributed to the Filing Claimant for the work.

        4. If the check is not cashed within 60 days, the Settlement Administrator will follow up with other forms of notice and will also determine if any other contact information is available to encourage the Nonfiling Claimant to cash the check or receive a new one.

        5. At least one additional check will be sent to the Non-Filing claimant approximately 120 days after Final Approval. The Settlement Administrator will continue to follow up to encourage the Nonfiling Claimant to cash the check.

        6. Illustration of claim-notification process: A publisher files a claim for Book 1, submits contact information for the author of Book 1, and indicates a 50/50 author-publisher percentage split. Promptly,

the Settlement Administrator sends a notification to the author of Book 1. The author of Book 1 does not file a claim within the applicable deadline of 70 days after receiving a claim notification from the Settlement Administrator. Later, when settlement funds are distributed, the Settlement Administrator sends 50% of the per-work award to the publisher and 50% to the author. If the author does not cash the check within 18 months of Final Approval or otherwise contact the Settlement Administrator to accept the funds, then the author's unclaimed 50% share is later distributed to the publisher.

    d. _Dispute Resolution_

        i. In the event that class members dispute the ownership of a work or the portion of the settlement award for a work to which they are entitled—and in the event that dispute cannot be resolved by mutual agreement, as facilitated by the Settlement Administrator—these disputes will be addressed and resolved by a Court-appointed, neutral special master.

        ii. Any funds that are subject to a dispute will be held in reserve in the interest-bearing settlement escrow account.

        iii. All submissions made to the special master in connection with any dispute resolution process—including publishing agreements—shall remain confidential and under seal.

        iv. Class members who do not timely submit a Claim Form may not challenge splits established during the claims process.

4. **_Distribution Splits Where Multiple Claimants Submit Claims for The Same Work._**

    a. _Author(s) & Publisher Default Option._ Where both author(s) and publisher class members submit a valid claim for the same work, the following default rules will apply in distributing proceeds for the work:

        i. For all works other than Education Works, the non-mandatory, default author(s) share and publisher(s) share are each 50% (the "Default Option").

            1. Education Works are works published by education publishers. Education publishers specialize in creating and publishing works, including but not limited to textbooks, for the instruction of students and professionals, which are distributed for and through educational and professional markets. The searchable directory of works accessible on https://www.anthropiccopyrightsettlement.com/ will identify which works are Education Works.

        ii. The Default Option will not apply to Education Works. Instead, for Education Works, claimants will make a good-faith determination of the rightsholder split for that work based on the applicable contractual relationship. Claimants need not submit documentation at the Claim Form stage but may describe the basis for their good-faith determination. If the claimants to an Education Work disagree, they will submit relevant information and/or documentation as part of the dispute-resolution process.

b. *Co-Author Default Percentage Splits.* Where multiple authors submit valid claims for a work, the co-authors will divide any proceeds to authors for the work equally among them.

c. *Illustration of Defaults.* For example, in the case of a book published by a university press with three co-authors, all four parties (the university press and the three co-authors) submit valid claims, and all four parties elect to follow the default rules. If the per-work allocation is $3,000, then $1,500 is distributed to the university press and $500 is distributed to each co-author. (For ease, this example assumes a net payment for the work of $3,000, but the actual net payment for a work may be higher or lower depending on, for example, the total number of claimants, and the amount of Court-awarded fees and costs.)

d. *Sole Owners of a Work.* Where a party is the sole owner of a work—and there is no other legal or beneficial owner of the work—then the default rules do not apply, and the claimant is entitled to 100% of the settlement proceeds allocated to the work.

    i. A sole owner holds all rights to reproduce the work. Examples of sole ownership include: (i) an author whose rights in the work have reverted from the publisher; (ii) an author whose rights assigned to the publisher have terminated; (iii) a self-published author who did not work with a co-author and never assigned rights to a publisher; (iv) a publisher that commissioned a work-for-hire, as defined in the Copyright Act; and (v) a publisher to which all rights in a work have been assigned, with no royalty obligations to an author or anyone else.

e. *Option To Deviate from Default Rules.* Every claimant will have the option to deviate from the default rules set forth above by checking a box on the Claim Form and submitting relevant information and/or documentation (including publishing agreements) that govern their entitlement to the proceeds of the settlement. All claimants for a given work will receive notice of the distribution elections made by other claimants on the work.

5. **_Distribution of Funds._**

    a. Within 80 days of the Claims Deadline, the Settlement Administrator will calculate the distribution of settlement funds for Claimed Works based on (i) the formula set forth in Section 1 above and (ii) the elections and determinations made during the claims process.

    b. Funds will be distributed in accordance with the class member's stated preferred form of payment (*e.g.*, check, Zelle). If a class member does not specify a preferred form of payment, the Settlement Administrator will send a check by U.S. mail.

6. **_Final Approval Hearing._** The Court will hold a final approval hearing within 30 days of the Claims Deadline.

7. **_Proposed Schedule_**: The proposed schedule of dates and deadlines is below, assuming the Court grants preliminary approval on September 25, 2025.

| Event | Timing | Date |
|---|---|---|
| Preliminary approval of settlement ("Preliminary Approval") | Day 0 | Sept. 25, 2025 |
| Settlement Administrator initiates publication notice and digital and social media notice | Within 7 days of Preliminary Approval | Oct. 2, 2025 |
| Major publishers submit author contact information to Settlement Administrator | Within 45 days of Preliminary Approval | Nov. 10, 2025 |
| Settlement Administrator finalizes distribution of direct notice ("Notice End Date") | Within 59 days of Preliminary Approval | Nov. 24, 2025 |
| Deadline to submit opt-out request | 104 days after Preliminary Approval | Jan. 7, 2026 |
| Deadline for opt-outs to request re-inclusion | 158 days after Preliminary Approval | Mar. 2, 2026 |
| Deadline to submit claims ("Claims Deadline") | 179 days after Preliminary Approval | Mar. 23, 2026 |
| Final approval hearing | Within 30 days of the Claims Deadline | Apr. 22, 2026 |
| Assuming no appeals, Settlement Administrator calculates per-work and per-claimant distribution amounts | 80 days after the Claims Deadline | June 11, 2026 |