UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ and KIRK WALLACE JOHNSON, individually, and ANDREA BARTZ, INC., CHARLES GRAEBER, and MJ + KJ, INC., individually and as representatives of the class,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-cv-05417-WHA<br><br>**[AMENDED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, Plaintiffs Andrea Bartz, Inc., Charles Graeber, and MJ + KJ Inc. ("Plaintiffs"), on behalf of themselves and the Class as defined below, and Defendant Anthropic PBC ("Anthropic") (collectively, the "Parties") entered into a Settlement Agreement (Dkt. 363-3) on September 5, 2025, which sets forth the terms and conditions for a proposed settlement of this Action and for its dismissal with prejudice upon the terms and conditions set forth therein;[1]

WHEREAS, Plaintiffs have moved pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the settlement of this Action ("Motion") (Dkt. 363); and

WHEREAS, the Court is familiar with, and has reviewed, the record; the Settlement Agreement; the Plan of Distribution and Allocation; the proposed forms of Class Notice and related exhibits (including the proposed Long-Form Notice, Short-Form Notice, Reminder Notice, and Claim Forms); Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action

---

[1] All capitalized terms not defined herein have the same meaning as in the Settlement Agreement, which is provided as Exhibit A to Class Counsel's Declaration in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. 363-3), and as in the Plan of Allocation and Distribution (Dkt. 401-1).

Settlement; the Memorandum of Points and Authorities in support thereof, and the supporting declarations and attached exhibits; and the supplemental briefing in support of preliminary approval, and the supporting declarations and attached exhibits related to the supplemental briefing.

**NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:**

<u>Jurisdiction.</u> The Court preliminarily finds that it has subject-matter jurisdiction over the claims asserted in the Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and has personal jurisdiction over Plaintiffs, Anthropic, and all members of the certified Class (collectively, "Class Members").[2] Venue is proper in this District under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b)(2).

**PRELIMINARY APPROVAL OF THE SETTLEMENT**

<u>Preliminary Approval of Proposed Settlement Agreement.</u> The Motion (Dkt. 363) is granted. The Court preliminarily finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted as described below.

The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Class—including (i) a non-reversionary Settlement Fund of at least $1.5 billion, plus all interest earned thereon, and (ii) the destruction of all copies of Class Members' works downloaded or torrented from Library Genesis or Pirate Library Mirror, as described and subject to the limitations set forth in Section 2.2 of the Settlement Agreement. That relief, at this stage, comes without the risks, burdens, costs, and delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement is the result of informed, arm's-length negotiations between experienced class action attorneys with the assistance of the neutral mediation services of Hon. Layn Phillips. The Settlement Agreement meets all applicable requirements of law, including those imposed by Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, the United States Constitution, and the United States District Court for the Northern District of California's

---

[2] The Court previously certified the Class pursuant to Federal Rule of Civil Procedure 23(b)(3). Dkt. 244.

Procedural Guidance for Class Action Settlements.

<u>Direction of Class Notice.</u> The Court further finds that the Settlement is within the range of reasonableness such that Notice shall be provided to the Class.

<u>Class.</u> The Class, as set forth in Section 1, Paragraph 1.7 of the Settlement Agreement, is substantially identical[3] to the "LibGen & PiLiMi Pirated Books Class" certified by the Court and satisfies the criteria set forth in the Court's Order Granting Class Certification requiring submission of a list of Works involved (Dkt. 244 at 30):

> All beneficial or legal copyright owners of the exclusive right to reproduce copies of any book in the versions of LibGen or PiLiMi downloaded by Anthropic as contained on the Works List. "Book" refers to any work possessing an ISBN or ASIN which was registered with the United States Copyright Office within five years of the work's first publication and which was registered with the United States Copyright Office before being downloaded by Anthropic, or within three months of publication. Excluded are the directors, officers and employees of Anthropic, personnel of federal agencies, and district court personnel. For avoidance of doubt, only works included on the Works List are in the Class.

The Works List has been filed with the Court at Dkt. 404–1.

<u>Class Representatives and Class Counsel.</u> Pursuant to Federal Rules of Civil Procedure 23(e)(2)(A), the Court reaffirms the appointment of Lieff Cabraser Heimann & Bernstein, LLP and Susman Godfrey LLP as Class Counsel. Pursuant to Rule 23(c)(1)(B), the Court reaffirms the appointment of Plaintiffs Andrea Bartz, Inc., Charles Graeber, and MJ + KJ Inc. as Class Representatives. The Court finds that Class Counsel and Class Representatives have adequately represented the interests of the Class.

**NOTICE AND SETTLEMENT ADMINISTRATION**

<u>Settlement Administrator.</u> The Court appoints JND Legal Administration ("Settlement Administrator") to administer the settlement. The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement and the below schedule, and to

---

[3] The only differences between the Class definition here and the class definition in the certification order are the Class definition in the Settlement (1) adds the phrase "on the Works List" after the phrase "downloaded by Anthropic," (2) adds the word "first" before "publication" as a clarification, and (3) adds the final "[f]or the avoidance of doubt" sentence. These modifications do not change the scope of claims that the Court certified for class treatment.

perform all other tasks that the Settlement Agreement requires of it.

Qualified Settlement Fund. The Settlement Administrator is authorized to establish the Settlement Fund under 26 C.F.R. § 1.468B-1 for federal tax purposes. The Settlement Fund shall be a court-approved Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. The Settlement Administrator shall establish an escrow account and maintain the escrow account as a QSF throughout the implementation of the Settlement. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Anthropic shall provide to the Settlement Administrator any documentation reasonably requested by the Settlement Administrator that is required to obtain QSF status for the Settlement Fund pursuant to Treas. Reg. § 1.468B-l. All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

Class Notice. The Court finds that the content, format, and method of disseminating notice as set forth in the Settlement Agreement, the Plan of Distribution and Allocation, and documents in support of Plaintiffs' Motion satisfy the requirements of Federal Rule of Civil Procedure 23 and are approved. As set forth in Paragraph 4.4 of the Settlement Agreement and the Plan of Distribution and Allocation, the Settlement Administrator shall disseminate direct notice to each potential Class Member for whom an email address and/or physical mailing address is available.[4] Within seven (7) days of this Order, the Settlement Administrator will create, develop, host, administer, and maintain the Settlement Website (www.AnthropicCopyrightSettlement.com), which, among other things will contain the searchable Works List database, allowing Class Members to search for works by author, title, publisher, ISBN, ASIN, or U.S. Copyright

---

[4] Based on the Works List and to the extent such information is available through reasonable efforts, the Settlement Administrator will compile (1) all available contact information (including name, last known e-mail address, and last known mailing address) for each person or entity identified on the Works List as having copyright interests in the Works List; and (2) the specific works from the Works List in which each Class Member has a copyright interest.

Registration Number, as set forth in Paragraph 4.5 of the Settlement Agreement. Within seven (7) days of this Order, the Settlement Administrator shall place notice in appropriate trade media publications as set forth in Paragraph 4.6 of the Settlement Agreement including but not limited to: *Publishers Weekly*, *The Toronto Star*, *The Globe & Mail*, *La Presse*, and *The Atlantic*. At the start of the Notice campaign, the Settlement Administrator will distribute a press release to major media organizations in the United States, United Kingdom, and Canada as set forth in Paragraph 4.10 of the Settlement Agreement. The Settlement Administrator shall also establish a digital media campaign as set forth in Paragraphs 4.7–4.9 of the Settlement Agreement. The Court approves, as to form and content, the Notice Plan, the Settlement Website, Toll-Free Number, and the forms of notice (including the Long-Form Website Notice, Mailed Notice and Envelope, Email Notice, Reminder Mailed Notice, Reminder Email Notices, Buck Slip, Press Release, and Digital Media Notices referenced in the Supplemental Declaration of Jennifer Keough Regarding Proposed Settlement Notice Plan ("Supplemental Keough Declaration") (Dkt. 399) and filed with Court (Dkts. 405–16)). Nonmaterial modifications and clarifications, and/or updates to reflect and respond to frequently asked questions, may be made to the Notices by the Settlement Administrator without further order of the Court. Any such modifications must be approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order. The Settlement Administrator may also adjust the layout of the Notices for purposes of accuracy and clarity, and may adjust the layout of the Notices for efficient electronic presentation and mailing.

The Court further finds that the form, content, and method of giving notice to the Class as described in Section 4 of the Settlement Agreement and the Supplemental Declaration of Jennifer Keough Regarding Proposed Settlement Notice Plan: (a) constitute the best practicable notice to the Class; (b) are reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights to object to the Settlement and to exclude themselves from the Class; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court also finds that the Notice Plan complies with the United

-5-

[AMENDED PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT | CASE NO. 3:24-CV-05417-WHA

States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements. Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in Section 2 of the Plan of Allocation and Distribution and proposed Settlement Agreement.

The Settlement Administrator shall provide notice consistent with Section 4 of the proposed Settlement Agreement and, consistent with Section 2 of the Plan of Allocation and Distribution, notice shall begin to be disseminated to Class Members within seven (7) days of this Order, to be completed within fifty-nine (59) days after this Order ("Notice End Date"). All costs associated with compiling the Class List, providing all forms of Notice, responding to inquiries from the Class, and performing all other Settlement Administrator duties shall be paid out of the Settlement Fund, as set forth in Paragraphs 1.32, 1.34, and 2.1(g) of the Settlement Agreement.

CAFA Notice. The Court finds that the CAFA notice sent by the Settlement Administrator on behalf of Anthropic complies with the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

Submission of Claims. To participate in the Settlement, Class Members must follow the directions in the Notice and submit an Approved Claim with the Settlement Administrator by the Claims Deadline of March 23, 2026, which is one hundred twenty (120) days after the Notice End Date, and one hundred and seventy-nine (179) days after the issuance of this Order. Class Members who do not submit an Approved Claim will not receive a cash award, but they will be bound by the Settlement.

Processing Claims. The Settlement Administrator shall employ reasonable procedures to screen all Claim Forms to determine their validity and each Claimant's eligibility, and shall employ reasonable procedures to screen claims for abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Class Member is an Approved Claim and shall reject any claim that does not materially comply with the instructions on the Claim Form or the terms of the Settlement Agreement, fails to provide full and complete information as requested on the Claim Form, is not submitted by a Class Member, or is deemed to be duplicative or fraudulent.

The Settlement Administrator will also notify other potential claimants when a claim has

been filed. Promptly after receiving a claim form for a particular work, the Settlement Administrator shall contact all other known potential owners of the work to notify Nonfiling Claimant(s) that another party has submitted a claim for that work. Nonfiling Claimants will have at least seventy (70) days after the Settlement Administrator issues notice of the Filing Claimant's claim.

If two or more parties submit claims for the same work, the Settlement Administrator will combine the information from the claim forms and share any relevant information with each claimant before any payment is issued.

<u>Class Member Data.</u> The Works List shall be considered a confidential settlement communication protected by Federal Rule of Evidence 408. The Settlement Administrator shall keep all personal contact information obtained from the Class List strictly confidential. The information in these lists shall not be used for any purpose other than administrating this Settlement.

<u>Settlement Distribution.</u> As provided in Paragraph 1.35 of the Settlement Agreement, Settlement Payments shall be made from the Settlement Fund to each Class Member who timely submits a valid Claim Form. Such payments will be distributed on an equal-per-work basis, after deduction of any fees, expenses, or service awards approved by the Court. Each work eligible for a Settlement Payment will be identified on the Works List.

Within eighty (80) days of the Claims Deadline, the Settlement Administrator will calculate the distribution of Settlement Funds for Claimed Works based on (i) the formula set forth in Section 1 of the Plan of Allocation and Distribution and (ii) the elections and determinations made during the claims process.

To the extent that a check issued to a Class Member is not cashed within one hundred and twenty (120) days after the date of issuance, or an electronic deposit is unable to be processed within one hundred and twenty (120) days of the first attempt, such funds will remain in the Settlement Fund to be re-distributed to Class Members who cashed their checks or successfully received their electronic payments. Any such distribution shall be apportioned on a pro rata basis consistent with prior distributions to participating Class Members in a second distribution, if practicable. If subsequent distribution(s) are necessary, but not feasible, the remaining funds shall

-7-

[AMENDED PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT | CASE NO. 3:24-CV-05417-WHA

be distributed to a *cy pres* recipient approved by the Court on application from Class Counsel.

Method of Allocation. The Court has reviewed the Plan of Allocation and Distribution (Dkt. 401-1) and proposed Claim Form (Dkt. 405), adopts them in full and incorporates them by reference herein, and finds that they meet the standards for preliminary approval. The Plan establishes a simple and fair claims process. The information requested on the Claim Form is sufficiently detailed to verify members of the Class, but also avoids requiring information that is overly burdensome.

The distributions to verified claimants are fair and reasonable, reflect well-established industry standards, and allow claimants to enforce their prior agreements. As provided in Sections 3 and 4 of the Plan of Allocation and Distribution, the Claim Form provides information about how (and whether) Settlement proceeds from a given work should be split among multiple claimants. Where a party is the sole owner of a work—and there is no other legal or beneficial owner of the work—the claimant is entitled to 100 percent of the Settlement proceeds allocated to the work.

If multiple parties submit claims for the same work, Settlement proceeds allocated to that work will be distributed according to the default splits provided below. In no case, however, is a claimant obligated to accept the default split; every claimant may choose not to use the default rules by checking a box on the claim form and providing the information the claim form requests regarding the claimant's proposed allocation of the award.

*Author(s) & Publisher Default Option.* For all works other than Education Works,[5] where both author(s) and publisher(s) Class Members submit a valid claim for the same work, the non-mandatory default author(s) share and publisher(s) share shall each be 50 percent (the "Default Option"). For Education Works, there will be no default split. Instead, for Education Works, claimants will make a good-faith determination of the rightsholder split for that work based on the applicable contractual relationship. All claimants for a given work will receive notice of the distribution elections made by other claimants on the work.

---

[5] Education Works are works published by education publishers. Education publishers specialize in creating and publishing works, including but not limited to textbooks, for the instruction of students and professionals, which are distributed for and through educational and professional markets. The searchable directory of works accessible on the Settlement Website will identify which works are Education Works.

*Co-Author Default Percentage Splits.* Where multiple authors submit valid claims for a work, the co-authors will divide any proceeds to authors for the work equally among them, by default.

Dispute Resolution. In the event that class members dispute the ownership of a work or the portion of the Settlement award for a work to which they are entitled—and in the event that dispute cannot be resolved by mutual agreement, as facilitated by the Settlement Administrator—these disputes will be addressed and resolved by Court-appointed, neutral special master. All submissions made to the special master in connection with any dispute resolution process—including publishing agreements—shall remain confidential and under seal. Class members who do not timely submit a claim form may not challenge splits established during the claims process.

## OPT-OUT AND OBJECTION PROCEDURES

Exclusion from the Class. Any person or entity in the Class can exclude a work or multiple works from inclusion in the Settlement by submitting a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. Opt-out requests can be submitted electronically on the Settlement Website or via email, fax, and U.S. mail. A valid opt-out request submitted for a work on the Works List will exclude that work from the Settlement, subject to the process for re-inclusion described below.

Parties that submit opt out requests will be required to provide name and contact information for any other persons who may be a legal or beneficial owner of the right to reproduce the work. Within five (5) days of receiving an opt out notice, the claims administrator will notify all other potential legal and beneficial owners of the work(s) opted out, including any party identified by the party that submitted the opt out request and any author or publisher of the Work in the claims administrator's records.

To be valid, any request for exclusion must: (a) be in writing; (b) identify the case name *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D. Cal.); (c) state the full name and current address of the person or entity seeking exclusion; (d) identify the specific work(s) from the Works List from which they seek exclusion, including title, author, U.S. Copyright Office Registration Number, and ISBN/ASIN; (e) describe the person's or entity's copyright interest in the identified

work(s); (f) provide the name and contact information for any other persons who may be a legal or beneficial owner of the right to reproduce the work; (g) be signed by the person(s) or entity seeking exclusion or their authorized representative under penalty of perjury; and (h) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Class in *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D. Cal.)."

No person may request to be excluded from the Class through "mass" or "class" opt-outs, meaning, *inter alia*, that each individual who seeks to opt out must submit an individual, separately signed request to the Settlement Administrator that complies with all requirements described in the notice. To be effective, the written notice shall be postmarked or received by the Settlement Administrator ninety-seven (97) days after issuance of this Order, in accordance with Paragraph 1.24 of the Settlement Agreement ("Objection/Exclusion Deadline").

Any Class Member who does not submit a valid and timely request for exclusion in the manner described herein shall remain a Class Member upon expiration of the Objection/Exclusion Deadline, and shall be bound as a Class Member by the Settlement Agreement. Any person who elects to request exclusion from the Class shall not (a) be bound by any orders or Final Judgment entered in the Action; (b) receive a Settlement Payment under this Settlement Agreement; (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to or appeal from any aspect of this Settlement Agreement or Final Judgment.

Re-Inclusion in the Class. Any person or entity in the Class who submitted a valid request for exclusion, subject to the terms of this Agreement, will have three (3) weeks prior to the Claims Deadline to submit a request for re-inclusion of their work, as set forth in Section 2(f) of the Plan of Allocation and Distribution. If the party that submitted an opt out request files a re-inclusion request, the work(s) are re-included in the Class and Settlement.

To be valid, any request for re-inclusion must: (a) be in writing; (b) identify the case name *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D. Cal.); (c) state the full name and current address of the person or entity seeking re-inclusion; (d) identify the specific work(s) from the

Works List from which they seek re-inclusion, including title, author, and ISBN/ASIN; (e) describe the person or entity's copyright interest in the identified work(s); (f) identify whether the person or entity seeking re-inclusion is aware of any other copyright interests in the identified work(s); (g) be signed by the person(s) or entity seeking re-inclusion or their authorized representative; and (h) be postmarked or received by the Settlement Administrator on or before the Re-Inclusion Deadline. Each request for re-inclusion must also contain a statement to the effect that "I hereby request to be included in the proposed Class in *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D. Cal.). This request supersedes my previous request for exclusion." The submission of a valid request for re-inclusion shall constitute the final, binding decision of the requesting Class Member as it pertains to the requested Work(s).

Objections to the Settlement. Any Class Member can object or comment upon the Settlement. Any Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the Class Member's full name and current address; (b) identification of the specific work(s) in the Works List in which the objector claims a copyright interest, including title, author, U.S. Copyright Office Registration Number, and ISBN/ASIN; (c) a statement describing the objector's copyright interest in the identified work(s); (d) the specific grounds for the objection; (e) all documents or writings that the Class Member desires the Court to consider; (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek pro hac vice admission in accordance with the Local Rules).

All written objections must be filed electronically with the Court, in person at any location of the United States District Court for the Northern District of California, or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Division. Objections, and any papers submitted in support of said objection, must be filed or delivered to the Court no later than one hundred and four (104) days after issuance of this Order

(the "Objection/Exclusion Deadline"). To the extent that the objection attaches confidential documents, such as author agreements, acquisition agreements or assignments, those documents may be filed under seal, as highly confidential pursuant to the Protective Order in the case (Dkt. 62).

Any Class Member who fails to timely file a written objection with the Court and any notice of his or her intent to appear at the Final Approval Hearing in the manner prescribed above and as detailed in the Notice shall not be permitted to object to this Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement or Final Judgment by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

Class Members cannot both object to and exclude themselves from the Settlement Agreement. Any Class Member who attempts to do so will be deemed to have excluded themselves and will have forfeited the right to object to the Agreement or any of its terms. In other words, Class Members who submit a valid and timely Objection, but also submit a valid and timely Request for Exclusion, will be deemed to have opted out of the Settlement and their objection will be void and invalid.

## **FAIRNESS HEARING**

A hearing will be held in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, at 1:00 p.m. on April 22, 2026 (which is within 30 days of the Claims Deadline, or as soon thereafter as is convenient for the Court) ("Final Approval Hearing"), to determine: (a) whether the Settlement should receive final approval as fair, reasonable, and adequate; (b) whether a Final Approval order and Final Judgment should be entered dismissing the Action with prejudice except as to such Class Members who timely submit valid requests for exclusion in accordance with the Settlement Agreement and the Notice; (c) whether the Settlement benefits as proposed in the Settlement Agreement should be approved as fair, reasonable, and adequate; (d) whether to approve the application for service awards for the Class Representatives and any Fee Award to Class Counsel; and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Court

may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Final Approval Hearing may, without further notice to Class Members (except those who have filed timely and valid objections and requested to speak at the Final Approval Hearing), be continued or adjourned by order of the Court.

Class Counsel's motion for a Fee Award and service awards to the Class Representatives will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or service awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel the Settlement Agreement.

<u>Extensions of Time.</u> The time periods and dates provided in this Order may be altered by the Court or through written consent of the Parties' counsel, without notice to the Class; provided, however, that any such changes in the schedule of Settlement proceedings will be posted on the Settlement Website (www.AnthropicCopyrightSettlement.com).

<u>Termination of the Settlement and Use of this Order.</u> If the Judgment does not become final, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Settlement Agreement, and this Order shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity.

The following chart summarizes the dates and deadlines set by this Order upon the Court's granting preliminary approval on September 25, 2025.

| Event | Date | Relevant Provisions of Settlement Agreement and Parties' Proposal |
|---|---|---|
| Preliminary Approval Hearing | September 25, 2025 at 1:00 P.M. | Dkt. 371 |
| Publication, Digital, and Social Media Notice Begin | October 2, 2025 | Per ¶ 2(a) of the Plan of Allocation and Distribution, 7 days after <u>issuance of Preliminary Approval Order</u> |

-13-

[AMENDED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT | CASE NO. 3:24-CV-05417-WHA

| Event | Date | Relevant Provisions of Settlement Agreement and Parties' Proposal |
|---|---|---|
| Major Publishers Submit Additional Author Contact Information to Settlement Administrator | November 10, 2025 | Per ¶ 2(b) of the Plan of Allocation and Distribution, 45 days after issuance of Preliminary Approval Order |
| Settlement Administrator Finalizes Initial Distribution of Direct Notice ("Notice End Date") | November 24, 2025 | Per ¶ 2(c) of the Plan of Allocation and Distribution, 59 days after issuance of Preliminary Approval Order |
| Deadline for Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards | November 26, 2025 | Per ¶ 1.24 of the Settlement Agreement and N.D. Cal. Procedural Guidelines, at least 35 days *prior to* Exclusion and Objection Deadline |
| Request for Exclusion (Opt-Out) or Objection Deadline | January 7, 2026 | Per ¶ 2(d) of the Plan of Allocation and Distribution, 104 days after issuance of Preliminary Approval Order |
| Deadline for Settlement Administrator to inform rights holders of a requested exclusion | January 13, 2026 | Per ¶¶ 4.14, 5.1(d) of the Settlement Agreement, within 7 days after the Objection/Exclusion Deadline |
| Re-Inclusion Deadline | March 2, 2026 | Per ¶ 2(f)(ii)(3) of the Plan of Allocation and Distribution, 21 days before the Claims Deadline, and 158 days after issuance of Preliminary Approval Order |
| Deadline for Settlement Administrator to inform rights holders of re-inclusion | February 12, 2026 | Per ¶¶ 4.15, 5.1(e) of the Settlement Agreement, within 7 days after Re-Inclusion Deadline |

| Event | Date | Relevant Provisions of Settlement Agreement and Parties' Proposal |
|---|---|---|
| Deadline to Submit Claim Form ("Claims Deadline") | March 23, 2026 | Per ¶ 3(a) of the Plan of Allocation and Distribution, 179 days after issuance of Preliminary Approval Order |
| Deadline for Motion for Final Approval | April 15, 2026 | (7 days before Fairness Hearing) |
| Deadline for Class Members to cure timely submitted Claim Forms | April 20, 2026 | Per ¶ 5.1(h) of the Settlement Agreement, 28 days after Claims Deadline |
| Fairness Hearing | April 22, 2026 | (within 30 days after Claims Deadline) |
| Calculation of Per-Work and Per-Claimant Distributions (if Settlement if not appealed) | June 11, 2026 | Per ¶ 5(a) of the Plan of Allocation and Distribution, 80 days after Claims Deadline |

**IT IS SO ORDERED.**

DATED: _____, 2025.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE