# EXHIBIT A

## Notice of $1.5 Billion Proposed Class Action Settlement
## Between Authors & Publishers and Anthropic PBC

**United States District Court for the Northern District of California**
*Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA
*A court authorized this Notice.*
*This is not an advertisement or a solicitation from a lawyer.*

● A Settlement has been reached in a class action lawsuit claiming that Anthropic infringed protected copyrights by downloading works in two allegedly pirated online datasets called Library Genesis (LibGen) and Pirate Library Mirror (PiLiMi). The current Settlement provides for **approximately $3,000 per work**, prior to the deduction of any costs, fees, and expenses as described below.

● The Settlement will establish a Settlement Fund of $1.5 billion to pay cash payments to members of the Class, notice and administrative costs related to the Settlement, plaintiffs' attorneys' fees and expenses, and any service awards for the Class Representatives.

● The Settlement releases **past claims only**. The Settlement also **does not release** any claims regarding the output of AI.

● The Class consists of all legal or beneficial copyright owners, including exclusive licensees of reproduction rights under 17 U.S.C. § 106, of the works in the Class. **This likely means, in practice, authors and their loan-out companies, publishers, and literary trusts and estates.** Your books may be in Anthropic's downloaded datasets without your knowledge. To qualify, your book must:
    o have been downloaded by Anthropic from LibGen or PiLiMi;
    o have an International Standard Book Number (ISBN) or Amazon Standard Identification Number (ASIN);
    o have been registered with the United States Copyright Office within five years of publication; and
    o have been registered before being downloaded by Anthropic, or within three months of publication.

● You may be eligible to receive a cash payment if you are a publisher or author of a work that meets the above requirements and (a) you either own the exclusive right to publish and reproduce the work or (b) as an author, you have granted the exclusive right to publish and reproduce the work to a publisher in exchange for royalty payments.

● If you are not the sole owner of the reproduction rights for your work(s), the per-work award may be split among all owners, including, for example, between an author and publisher.

● **Please read this Notice carefully.** Your legal rights may be affected whether you act or not. You have the following options: (1) submit a valid claim by March 23, 2026 to receive payment, (2) opt out of the Settlement Class by January 7, 2026, (3) object to the Settlement by January 7, 2026, or (4) do nothing.

● You can get a complete copy of the proposed Settlement and other key documents in this lawsuit at: www.AnthropicCopyrightSettlement.com.

● Para recibir una notificación en español, llama al 877-206-2314 o visita nuestro sitio web en www.AnthropicCopyrightSettlement.com.

● Pour recevoir une notification en français, veuillez nous appeler au 877-206-2314 ou visiter notre site web www.AnthropicCopyrightSettlement.com.

## YOUR LEGAL RIGHTS AND OPTIONS

| OPTION | WHAT IT MEANS |
|---|---|
| **Submit a Claim Form** | To ensure that you are eligible to receive a payment, you **must** submit a valid Claim Form by March 23, 2026. Submitting a valid Claim Form is the only way to guarantee that you will receive a payment from this Settlement. You can receive payment for each qualifying work you own.<br><br>If you submit a valid Claim Form, you will give up the right to sue Anthropic in a separate lawsuit about the legal claims this Settlement resolves. |
| **Exclude Yourself and all Rightsholders ("Opt Out") from the Settlement** | You may exclude yourself and every other legal and beneficial owner of your work by following the directions below by January 7, 2026. This is the only option that allows you to bring your own separate lawsuit against Anthropic for the claims this Settlement resolves.<br><br>If you exclude yourself and all other rightsholders, you will give up the right to receive any payment from this Settlement and will prevent all other legal and beneficial owners of your works from receiving any payment from this Settlement. If you exclude yourself and all other rightsholders from the Settlement, you cannot object to it, and other legal and beneficial owners of your works also cannot object to the Settlement. |
| **Object to the Settlement** | You may object to the Settlement by January 7, 2026 by writing to the Court and informing it why you do not think the Settlement should be approved. You will still be bound by the Settlement if it is approved.<br><br>If you object, you may also file a Claim Form to receive a payment from this Settlement. |
| **Do Nothing** | If you do nothing, three potential outcomes may result, depending on what the other rightsholders for your work do.<br>- If another rightsholder for your work **files a Claim Form** confirming your right to payment, **you may receive payment even if you do not submit a Claim Form**.<br>- If another rightsholder for your work **opts out** your work, your work will be opted out of the Settlement. |

2

| | - If no other rightsholder for your work does anything, you will **not** receive a payment from the Settlement and you will give up your rights to sue Anthropic for the claims this Settlement resolves. |
|---|---|

**Table of Contents**

Basic Information
    1.    Why did I get this Notice?
    2.    What is this lawsuit about?
    3.    Why is this a class action, and who is involved?
    4.    Why did the parties settle?

Who Is in the Settlement?
    5.    What is the Class?
    6.    How do I know if I am in the Settlement Class?
    7.    What sources did you use to create the Works List?
    8.    What is a legal owner of a work? What is a beneficial owner of a book? What is the sole owner of a work?
    9.    I'm still not sure if I am included.
    10.    I believe I am a Class Member, but I did not receive the notice by mail or email.

Benefits of the Settlement
    11.    What does the Settlement provide?
    12.    How much will my payment be?
    13.    Are there any other benefits to the Settlement?
    14.    What am I giving up to receive a payment from the Settlement or stay in the Class?
    15.    What are the Released Claims?

How to Get a Settlement Payment – Submitting a Claim Form
    16.    How do I make a claim to receive a Settlement Payment?
    17.    Can I submit a Claim Form for more than one work?
    18.    How do I know if I am a sole copyright owner, and if I am, can I claim the entire award?
    19.    Will my per-work award be shared with a publisher (if I'm an author) or an author (if I'm a publisher)?
    20.    Why do I have to share the per-work award?
    21.    What is the default option for distributing per-work awards?
    22.    Do I have to accept the Default Option?
    23.    What if a publisher, an author (or author's estate) cannot locate the publishing contract for a work?
    24.    What if I do not accept the Default Option and believe I should receive a different Settlement payment?
    25.    What if I have rights in an Education Work, and why don't Education Works have a Default Option?
    26.    What if a publishing contract is silent on how copyright enforcement money is split but the author receives splits under the contract for other forms of publishing income?
    27.    Why do I have to list other rightsholders on the Claim Form?
    28.    What if I do not have and cannot readily obtain contact information for other rightsholders?
    29.    Will I receive notice if someone else makes a claim for my book?
    30.    Can I change my mind after submitting a Claim Form?

31.    What if I still have questions about the Claim Form?
32.    Can Class Members who do not submit a Claim Form receive payment?
33.    When and how will I receive a payment from the Settlement?
34.    It seems like you are saying I must submit a claim to get money, but that I can get money even if I don't claim. Please explain.

Lawyers Representing You
35.    Who represents the Class in this case?
36.    Should I get my own lawyer?
37.    How will the lawyers and class representatives be paid?

Excluding Yourself from the Ongoing Lawsuit
38.    How do I exclude myself from the Settlement?
39.    Can I change my mind about opting out?
40.    If I don't exclude myself and my book is not excluded, can I sue Anthropic for the same conduct or claims later?
41.    If I exclude myself and all other rightsholders for a work, can I still receive a payment from the Settlement?

Objecting to the Settlement
42.    How do I tell the Court that I do not like the Settlement?
43.    What is the difference between objecting and requesting exclusion?

If You Do Nothing
44.    What happens if I do nothing at all?

The Final Approval Hearing
45.    When and where will the Court decide whether to approve the Settlement?
46.    Do I have to come to the Final Approval Hearing?

Works Not on the Works List
47.    How did you determine whether a work should be on the Works List?
48.    What if some of my books are not on the Works List?
49.    My work was on The Atlantic's list of LibGen files. Why is it not on the Works List?
50.    Why aren't all 7 million works that Anthropic downloaded on the Works List?

Getting More Information
51.    Are more details about the Settlement available?

## **Basic Information**

**1.  Why did I get this Notice?**

You got this Notice because records show you may be the legal or beneficial copyright owner of a work that Anthropic downloaded from one of two websites: Library Genesis and Pirate Library Mirror.

This means in most cases that you are a **publisher or author** of a book and (a) either own the exclusive right to publish and reproduce the book or (b) as an author, have granted the exclusive right to publish and reproduce the book to a publisher in exchange for royalty payments.

The parties litigating Anthropic's conduct in a class action lawsuit have reached a proposed Settlement that must be approved by the Court.

**The Court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to receive those benefits.**

**2.  What is this lawsuit about?**

The lawsuit alleges that Anthropic infringed copyrights by downloading datasets containing copyrighted books in violation of the federal Copyright Act. Anthropic denies all the allegations and denies that it did anything wrong. Anthropic argues that its use of the downloaded datasets was fair use. You can get more information about the lawsuit and view related court documents, including a copy of the Class Action Complaint, at www.AnthropicCopyrightSettlement.com.

**3.  Why is this a class action, and who is involved?**

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" sue on behalf of other people who have similar claims. Together, the people with similar claims are a "Class" and are called "Class Members." In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Each Class Member is bound by the result of the lawsuit, including any settlement. That means Class Members may not file their own lawsuits regarding the same claims that were decided in the class action.

The Court appointed Named Plaintiffs Andrea Bartz, Inc., Charles Graeber, and MJ + KJ Inc. as Class Representatives in this case.

6

### 4.  Why did the parties settle?

The Named Plaintiffs and Anthropic disagree over whether Anthropic has violated the law. The lawsuit has not gone to trial, and the Court has **not** decided in favor of the Named Plaintiffs or Anthropic. Instead, the Class Representatives and Anthropic have agreed to settle the Action. The Class Representatives believe that the Settlement Agreement offers significant benefits to all Class Members, and that the Settlement is fair, reasonable, adequate, and in the best interest of the Class Representatives and all Class Members.

This class action settlement arises out of a lawsuit brought by various authors against Anthropic PBC ("Anthropic") alleging that Anthropic violated the Copyright Act by downloading copyrighted works from online websites called Library Genesis (LibGen) and Pirate Library Mirror (PiLiMi) for purposes of training large language models (LLMs).  Anthropic denies that it violated the Copyright Act and contends instead that such downloading and subsequent use was fair use under the Copyright Act.  The plaintiffs contend that Anthropic's downloading violated Section 106(1) of the Copyright Act, which gives a copyright owner the exclusive right to reproduce copies, or to license or transfer that right to others. Copying a work without permission is not copyright infringement if a defendant can show the copying was fair use. If the use is determined to be infringement, the Copyright Act provides for statutory damages of between $200 and $150,000 per work, depending on factors including the harm that was actually caused by the infringement, and whether the alleged infringer reasonably believed its use was fair or instead acted willfully. If the use was fair (or there was no copying), the defendant owes $0.

Three authors sued Anthropic alleging copyright infringement. In June 2025, the district court ruled that using the books to train AI models was fair use and therefore not a violation of the Copyright Act but left for trial the question whether downloading and use of works from LibGen and PiLiMi was fair use.

In July 2025, the District Court ruled that the individual plaintiffs (or their associated legal entities) could represent all beneficial and legal copyright owners of the exclusive right to reproduce copies of the works in question. This order was, however, conditional on further steps being taken. Anthropic sought to appeal both the fair use ruling and class certification ruling. The District Court and the Court of Appeals have not ruled on those requests.

Trial was set to begin in December 2025. The parties then reached a settlement agreement. The litigation involved significant uncertainties. If the case had proceeded, it is possible the class could have been de-certified even before trial, with Class Members receiving nothing. If the case had gone to trial, it is possible the class could have lost on the issue of fair use, again with Class Members receiving nothing. Even if the class could have prevailed at trial and later on likely appeals, a jury might have awarded a wide range of amounts, to be paid only after the added expense and delay of the trial and its likely appeals.

The resulting settlement is the largest copyright class action settlement in history. It provides at least $3,000 per work (not per copyright owner), less costs and fees.

**Who Is in the Settlement?**

**5.  What is the Class?**

The Class includes legal or beneficial owners of the right to reproduce copies of a work that was included in the versions of the LibGen or PiLiMi datasets downloaded by Anthropic and is listed in the searchable database called the Works List (described below). A "work," in this context, refers only to works that:

✔ have an International Standard Book Number (ISBN) or Amazon Standard Identification Number (ASIN);

✔ were registered with the United States Copyright Office within five years of publication; and

✔ were registered before being downloaded by Anthropic, or within three months of publication.

**You do not need to be listed on the original Copyright Registration to be a Class Member. Exclusive licensees of reproduction rights under 17 U.S.C. § 106 are included if they meet the Class criteria.** The Class includes publishers, authors (and estates thereof), academic institutions, or others if they are the legal owners of the reproduction right to a work or the beneficial owner of the rights. For example, a legal owner could be an **author or publisher** with the right to publish and reproduce a book. A beneficial owner could be an author who transferred legal ownership to a publisher in exchange for royalty payments. Excluded from the Class are the directors, officers, and employees of Anthropic, personnel of federal agencies, and district court personnel.

**6.  How do I know if I am in the Settlement Class?**

You are receiving this Notice because you may be a Class Member. Only the legal or beneficial owners of works in the LibGen or PiLiMi datasets that Anthropic downloaded are eligible to be Class Members. The Class does not include entities with a solely derivative-works right in a book in the LibGen or PiLiMi datasets. Your work may have been in these datasets without your knowledge.

Class Counsel have compiled a searchable database of books included in the Class and Settlement.

**The only way to determine whether your work is included in the Settlement is by checking the searchable database of Class Works (the "Works List").** You can access that database at www.AnthropicCopyrightSettlement.com. The website allows you to search for works by author, title, publisher, ISBN number, ASIN number, or copyright registration number to see if your work is included. **If you are the legal or beneficial owner of a work that is in the searchable database, then you are a Class Member.**

8

**7. What sources did you use to create the Works List?**

In this lawsuit, Anthropic produced all the files it downloaded from LibGen and PiLiMi, and "metadata" files, which may describe the contents of these files.

Plaintiffs' attorneys and experts then determined whether each work satisfied the Class definition in Question 5 by comparing Anthropic's files downloaded from LibGen and PiLiMi with (1) United States Copyright Office records and (2) industry-wide ISBN databases. In many cases, Plaintiffs' attorneys and experts used manual review to ensure that every book that satisfied the Class definition in Question 5 was included. See Questions 47–50 below for more information about the Works List and works that were included in the Works List.

**8. What is a legal owner of a work? What is a beneficial owner of a book? What is the sole owner of a work?**

A **legal owner** of a work holds the exclusive right to publish and reproduce that work. Often, by contract, the legal owner of the work is the publisher because it holds the right to reproduce by contract.

A **beneficial owner** of a book is a former legal owner who assigned the exclusive right to publish and reproduce the book to another in exchange for royalty payments. Often, authors are beneficial owners.

A **sole owner** holds all rights to reproduce the book. Examples of sole ownership include:

- An author whose rights in the book have **reverted** from the publisher.

- An author whose rights assigned to the publisher have **terminated**.

- A **self-published** author who did not work with a co-author and never assigned rights to a publisher.

- A publisher that commissioned a **work-for-hire**, as defined in the Copyright Act.

- A publisher to which all rights in a book have been **assigned**, with no royalty obligations to an author or anyone else.

**9. I'm still not sure if I am included.**

If Notice was mailed or emailed to you, then you were listed as a potential Class Member. If you are still not sure whether you are included, you can get help at www.AnthropicCopyrightSettlement.com, by calling 877-206-2314, by emailing info@AnthropicCopyrightSettlement.com, or by contacting any of the lawyers listed in response to Question 35.

**10. I believe I am a Class Member, but I did not receive the notice by mail or email.**

You may be a Class Member even if you did not receive an individual notice by mail or email. We are still gathering some Class Members' contact information and will continue sending notice by mail and email until November 24, 2025.

If you are a Class Member, you can submit a Claim Form, opt out, object, or do nothing regardless of whether you received a notice by mail or email. You can obtain a notice and Claim Form at www.AnthropicCopyrightSettlement.com, by calling 877-206-2314, or by emailing info@AnthropicCopyrightSettlement.com, or by contacting any of the lawyers listed in response to Question 35.

If you are a Class Member and did not receive mail or email notice, you are still bound by the terms of the Settlement unless you, or another rightsholder for your work, opts out.

## Benefits of the Settlement

**11. What does the Settlement provide?**

Under the Settlement, Anthropic has agreed to establish a non-reversionary Settlement Fund of one-billion-five-hundred-million dollars ($1,500,000,000). Anthropic will fund the Settlement Fund in four installments, including (1) three-hundred-million dollars ($300,000,000) paid on October 2, 2025, (2) three-hundred-million dollars ($300,000,000) paid no later than five (5) business days of entry of Final Approval, (3) four-hundred-fifty-million dollars ($450,000,000) paid by September 25, 2026, and (4) four-hundred-fifty-million dollars ($450,000,000) paid by September 27, 2027. The Settlement requires Anthropic to pay interest on its third and fourth payments, from September 25, 2025 until those third and fourth payments are made.

This Settlement Fund will be divided equally across all Class Works for which copyright owner(s) submit a valid Claim Form. The Settlement Fund will also be used to pay for notice and administrative costs related to the Settlement, attorneys' fees and expenses, and any service awards for the Class Representatives. Therefore, each unique work (or title) that Anthropic downloaded, for which a copyright owner submits a valid Claim Form, will be allocated the same amount of money from the Settlement.

**12. How much will my payment be?**

Class Members who submit a valid Claim Form will be entitled to a payment from the Settlement. The amount of that payment will depend on several factors, including (i) how many works on the Works List you own, (ii) how many other Class Members submit a valid Claim Form, and (iii) whether multiple Class Members submit a valid Claim Form for your work(s).

Because no money will go back to Anthropic, the amount per work could increase depending on how many people claim.

If someone else is a legal or beneficial owner of the same work as you, the per-work payment may be split among all those owners of the work (or title). Please read your Claim Form carefully to learn how payments will be determined.

Finally, to further facilitate payments to Class Members, there are limited circumstances in which you will be paid even if you do not file a claim form. See Question 34.

**13. Are there any other benefits to the Settlement?**

Yes. The Settlement requires Anthropic to destroy all books that it downloaded from the LibGen or PiLiMi datasets and any copies of those books, subject to Anthropic's existing legal preservation obligation or obligation pursuant to court order under either U.S. or international law.

Anthropic also represented that neither the LibGen or PiLiMi datasets, nor any portions of those datasets, were in the training corpus of any of its commercially released large language models.

To view the full benefits of the Class Action Settlement Agreement and Release, visit www.AnthropicCopyrightSettlement.com.

**14. What am I giving up to receive a payment from the Settlement or stay in the Class?**

Unless you exclude yourself or another copyright owner excludes you, you will remain in the Class and the Settlement. If the Settlement is approved and becomes final, all the Court's orders will apply to you and legally bind you. You will not be able to bring a lawsuit against Anthropic for any of the legal claims released by the Class Action Settlement Agreement.

The specific rights you are giving up are called Released Claims (see Question 15, below).

**15. What are the Released Claims?**

A Released Claim means a claim that you are giving up – releasing – in exchange for getting the benefits from the Settlement.

Released Claims means any and all claims or causes of action for any relief of any kind including, but not limited to, actual damages, statutory damages, liquidated damages, penalties, injunctive relief, declaratory relief, attorneys' fees and costs, expenses and interest, liabilities, demands, or lawsuits against the Released Parties arising from Defendant's alleged past torrenting (including uploading and seeding), scanning, retention,

and use of works, including training, research, development, and production of AI models and associated products and services of works on the Works List as of the date of preliminary approval of the Settlement. For purposes of clarity, no claims based on the output of AI models are released. For the avoidance of doubt, Released Claims extend only to past claims on the Works List. There will be no release of any claims for future reproduction, distribution and/or creation of derivative works of the works on the Works List. The release does not constitute, in any respect, a license to torrent, scan, or train AI models on any copyrighted works, or to create infringing outputs from AI models. Released Claims do not extend to any activity or conduct that occurs or occurred after August 25, 2025.

**You will also waive any rights or benefits available to you under the provisions of Section 1542 of the California Civil Code or any similar law, which generally preserves a releasing party's right to bring any claims that could have been asserted in the action which were not known or suspected to exist at the time of executing the release and would have materially affected the settlement.**

Released Claims do not include any claims about works in Books3 or scanned books that do not appear on the Works List.

### How to Get a Settlement Payment – Submitting a Claim Form

**16. How do I make a claim to receive a Settlement Payment?**

To **guarantee** that you are eligible to receive money from the Settlement, you **must** submit a valid Claim Form. Please read and follow the instructions on the Claim Form carefully. **All Class Members can receive personal assistance completing the Claim Form by contacting the Settlement Administrator at www.AnthropicCopyrightSettlement.com, 877-206-2314, or info@AnthropicCopyrightSettlement.com, or by contacting any of the lawyers listed in response to Question 35.**

Visit www.AnthropicCopyrightSettlement.com to quickly submit your Claim Form online, or to download a full Claim Form to complete and return by mail. Submitting your Claim Form **online** is recommended for ease and faster processing. Claim Forms must be submitted online by March 23, 2026. Claim Forms submitted by mail must be postmarked no later than March 23, 2026.

Class Members can also request a Claim Form by calling toll-free 877-206-2314 or by writing to the Settlement Administrator at the following address:

Bartz v. Anthropic
c/o JND Legal Administration
PO Box 91204
Seattle, WA 98111
Toll-Free Number:  877-206-2314

Email: info@AnthropicCopyrightSettlement.com

Plaintiffs and Anthropic have agreed that books on the Works List meet the requirements to participate in the Settlement. However, Class Members may be required to submit documentation to establish their status as a legal or beneficial owner of a work on the Works List. This documentation may include the operative contract(s) for the work and any relevant written communications with other potential owners in the work.

**17. Can I submit a Claim Form for more than one work?**

Yes. If you are the legal or beneficial owner of more than one work in the LibGen or PiLiMi datasets that Anthropic downloaded, you can submit a single Claim Form that identifies the required information for all your works.

**It is highly recommended that Class Members with multiple works on the Works List submit a Claim Form with a list of the works in electronic form to the Settlement Administrator. For personal assistance, please contact the Settlement Administrator at www.AnthropicCopyrightSettlement.com, 877-206-2314 or info@AnthropicCopyrightSettlement.com, or contact any of the lawyers listed in response to Question 35. The Claim Form also includes instructions for how to submit a list to the Settlement Administrator.**

**18. How do I know if I am a sole copyright owner, and if I am, can I claim the entire award?**

The circumstances under which **publishers** are **sole owners** include:

The publisher commissioned a **work-for-hire**.

Even if not a work-for-hire, the author has **no rights** to any payment for the book.

The publisher and the author are the same: the book is **self-published**.

The circumstances under which **authors** are **sole owners** include:

The author and the publisher are the same: the book is **self-published**.

The author assigned rights to the publisher, but those rights **reverted** back to the author because the book was out of print or the contract was otherwise **terminated**.

The author gave the publisher only a non-exclusive license to publish, or rights that were term-limited, and the term has **elapsed**.

If you are the sole copyright owner, you can claim the entire award. You may be asked to submit documentation to the Settlement Administrator to make this determination.

This notice is designed and intended to provide written notice of this case and corresponding Settlement to everyone whose interest is likely to be affected by the

Settlement, consistent with 17 U.S.C. § 501(b). A copy of the complaint is available at www.AnthropicCopyrightSettlement.com. If you would like to receive a hard copy of the complaint, please contact the Settlement Administrator at www.AnthropicCopyrightSettlement.com, 877-206-2314, or info@AnthropicCopyrightSettlement.com, or contact any of the lawyers listed in response to Question 35.

**19. Will my per-work award be shared with a publisher (if I'm an author) or an author (if I'm a publisher)?**

      If someone else also has some rights to the same work as you, the per-work award may be split among all legal or beneficial owners of the work. For example, if you are a publisher, authors who are legal or beneficial owners of the work may submit a Claim Form for the same work. Or, if you are an author, publishers and other authors who are legal or beneficial owners of the work may submit a Claim Form for the same work. The claims process will determine the amount of your Settlement payment.

**20. Why do I have to share the per-work award?**

      The goal of the claims process is to give each Class Member an appropriate share of the per-work award as contemplated under each Class Member's contractual rights. Many publishing contracts provide that copyright infringement recoveries are shared equally between authors and publishers. So, whether you are an author or a publisher, you may need to share a portion of the proceeds from the Settlement with another party.

      The Claim Form requires you to specify what percentage of the per-work award you believe should be paid to you or to any other legal or beneficial owners of the work.

**21. What is the default option for distributing per-work awards?**

      The Settlement provides that for many types of works such as trade books and university press books, the payment will be split 50-50 between authors and publishers that submit valid claims for the same work. This 50-50 split is called the Default Option.

      The Default Option does not apply to Education Works. Education Works are works published by education publishers. Education publishers specialize in creating and publishing works, including but not limited to textbooks, for the instruction of students and professionals, which are distributed for and through educational and professional markets. The searchable directory of works accessible on www.AnthropicCopyrightSettlement.com identifies which works are Education Works.

      If your work is not an Education Work, you may choose to accept the Default Option. If you do, your Claim Form will be valid even if you do not submit additional documentation in support of your claim. If all owners who submit a valid Claim Form accept the Default Option, that is how you and the others will be paid. If you accept the

Default Option but another owner does not, you will be contacted by the Settlement Administrator to help reach a resolution.

If multiple authors file valid claims for the same work, the authors' share will be split equally among all authors who file a valid claim (unless otherwise specified). If multiple publishers file valid claims for the same work, the publishers' share will be split equally among all publishers who file a valid claim (unless otherwise specified).

**22. Do I have to accept the Default Option?**

No, you are not required to agree to the Default Option. The Default Option may not be consistent with your contractual arrangement for the claimed work. You have the option to accept the Default Option or claim an alternative split. Other owners of your work will have the same option. The Claim Form specifies the circumstances under which you may be required to submit documentation.

The Default Option does not apply to Education Works. The Claim Form includes a section for owners of Education Works to complete (see Question 25). That portion of the Claim Form calls for owners of Education Works to make a good-faith representation regarding the percentage of recovery they believe they are entitled to receive relative to other rightsholders. If owners of Education Works do not know the percentage recovery they and others are entitled to, they can so designate on the Claim Form. They can also upload a copy of any relevant publishing agreement(s) or other documents to the Settlement Administrator, who will determine the amount, if any, to which the claimant is entitled.

**23. What if a publisher or an author cannot locate the publishing contract for a work?**

If you cannot locate the publishing contract for a work, you should still complete the Claim Form, following all applicable instructions. If any questions arise, the publisher, the author or author's estate can **contact the Settlement Administrator at www.AnthropicCopyrightSettlement.com,** 877-206-2314 or **info@AnthropicCopyrightSettlement.com, or contact any of the lawyers listed in response to Question 35.**

**24. What if I do not accept the Default Option and believe I should receive a different Settlement payment?**

For works other than Education Works, if you want to claim an alternative contractual split instead of the Default Option, you must submit all requested information and documentation as specified in your Claim Form.

If a dispute arises, the Court-appointed Settlement Administrator will coordinate with all rightsholders to help decide how much to pay each legal or beneficial owner based on the agreement(s) or other documents for your work. If the rightsholders do not agree, the final determination will be made by a Court-appointed Special Master. If you submit a claim, you thereby consent to the possibility that a Special Master will decide any disputes

15

on which you cannot reach agreement with all other rightsholders. All decisions by the Special Master shall be final.

**25. What if I have rights in an Education Work, and why don't Education Works have a Default Option?**

The Default Option does not apply to Education Works. Education Works are works published by education publishers. Education publishers specialize in creating and publishing works, including but not limited to textbooks, for the instruction of students and professionals, which are distributed for and through educational and professional markets. The searchable directory of works accessible on www.AnthropicCopyrightSettlement.com identifies which works are Education Works. For any Education Works, you should fill out Section E of the Claim Form.

The reason that the Default Option does not apply to Education Works is that contracts for Education Works are sufficiently diverse that a Default Option could be confusing for authors and publishers.

If you have any questions about how to complete the Claim Form, **please contact the Settlement Administrator at www.AnthropicCopyrightSettlement.com, 877-206-2314 or info@AnthropicCopyrightSettlement.com, or contact any of the lawyers listed in response to Question 35.**

**26. What if a publishing contract is silent on how copyright enforcement money is split but the author receives splits under the contract for other forms of publishing income?**

If you are unsure, you should still complete the Claim Form, following all applicable instructions. If any questions arise, the author can **contact the Settlement Administrator at www.AnthropicCopyrightSettlement.com, 877-206-2314 or info@AnthropicCopyrightSettlement.com, or contact any of the lawyers listed in response to Question 35.**

**27. Why do I have to list other rightsholders on the Claim Form?**

The Court and the parties want to ensure that all Class Members receive notice of their rights under this Settlement. If you are not the **sole owner** (as defined in Question 8 above), the Claim Form requires you to either (i) provide any contact information you have or can readily obtain for any other rightsholders or (ii) certify that you have already, separately submitted such contact information to the Settlement Administrator or to Class Counsel.

For most works on the Works List, authors and publishers both own certain rights in the work. For example, the publisher may own the right to reproduce the work, while the author owns the right to receive royalty income from the use of the work.

16

**28. What if I do not have and cannot readily obtain contact information for other rightsholders?**

Please provide as much information as you can. The Claim Form requires that you either (i) provide any contact information you have or can readily obtain (including, for example, by contacting someone you believe may have the contact information) for any other rightsholders or (ii) certify that you have already, separately submitted such contact information to the Settlement Administrator or to Class Counsel. Other rightsholders may include authors, co-authors, co-owners, and publishers of the identified work(s).

**29. Will I receive notice if someone else makes a claim for my book?**

Yes, the Settlement Administrator will notify you if someone else submits a valid Claim Form in connection with a work on the Works List for which you are identified as a potential rightsholder.

**30. Can I change my mind after submitting a Claim Form?**

Yes. If you change your mind before January 7, 2026, you can withdraw your Claim Form and opt out of the Settlement.

**31. What if I still have questions about the Claim Form?**

Please read the Claim Form carefully and follow the directions. The Claim Form is available at www.AnthropicCopyrightSettlement.com. If you have questions, you can get personal assistance at www.AnthropicCopyrightSettlement.com, by calling 877-206-2314, by emailing info@AnthropicCopyrightSettlement.com, or by contacting any of the lawyers listed in response to Question 35.

**32. Can Class Members who do not submit a Claim Form receive payment?**

If one copyright owner submits a valid Claim Form that identifies another rightsholder, that other rightsholder may receive payment.

If a copyright owner can't be reached or does not respond after reasonable notice efforts, their claim to Settlement funds for the relevant work will be deemed forfeited. In such cases, the release of claims will still apply, meaning the owner will be bound by the Settlement and unable to pursue separate legal action regarding the covered conduct, but they will not receive any payment from the Settlement fund. The funds allocated for that work may be redistributed among other eligible claimants, consistent with the Settlement's allocation plan.

**33. When and how will I receive a payment from the Settlement?**

To receive a payment, please submit a valid Claim Form by March 23, 2026. Payments will be issued only after the Court grants final approval and the Settlement

17

becomes final (the "Effective Date"). The Effective Date is the first business day after both: (1) the Court has entered final approval and judgment, and (2) all appeal periods have ended or any appeals are resolved.

The Settlement Administrator will calculate payments within 80 days after the deadline for all claims to be submitted. Payments may be made in up to three installments, depending on when Anthropic funds the settlement as described in Question 11. Anthropic's funding alone does not trigger payments. No payments will be made before the Effective Date or the calculation of payment amounts.

It is currently **estimated** that you will receive your initial payment by August 10, 2026. Subsequent payments to Class Members may also occur, depending on the timing of Anthropic's installment payments into the Settlement Fund, as described in Question 11. Please check the Settlement Website for updates. The payments may be slower than predicted if the Settlement is appealed, or faster than predicted if Anthropic pays the Settlement on a faster timetable.

Payments will be issued consistent with the payment method selected on each validly submitted Claim Form. It is your responsibility to inform the Settlement Administrator of any updates to your payment information after the submission of your Claim Form, including your current address if you choose payment by check.

The Settlement approval process may take time before any payments can be issued. Please check www.AnthropicCopyrightSettlement.com for updates.

**34. It seems like you are saying I must submit a claim to get money, but that I can get money even if I don't claim. Please explain.**

The only way to ensure that you are eligible to receive a payment is to file a valid Claim Form. Filing a valid Claim Form is also the only way to have input into the allocation of the per-work award – meaning, for example, whether or not to accept the Default Option.

However, if your work is a shared work (that is, it is not owned solely by a single rightsholder) **and** another rightsholder files a valid Claim Form and either (i) elects the Default Option or (ii) establishes that a different allocation percentage should apply, you will be sent a check for your share. The reason for this is to maximize the number of Class Members who get paid consistent with their rights in the work.

## The Lawyers Representing You

**35. Who represents the Class in this case?**

In a class action, the court appoints lawyers to work on the case and represent the interests of all the Class Members. In this case, the Court appointed the following Class Counsel to represent the Class:

| | |
|---|---|
| Rachel Geman<br>Daniel Hutchinson<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>250 Hudson Street, 8th Floor<br>New York, NY 10013 | Justin Nelson<br>Rohit Nath<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067 |

You may contact Class Counsel to answer any questions about the Settlement. You may also contact the claims administrator by calling 877-206-2314, or by emailing info@AnthropicCopyrightSettlement.com.

**36. Should I get my own lawyer?**

If you stay in the Settlement Class, you do not need to hire your own lawyer. Class Counsel is working on behalf of the Class. However, if you want to be represented by your own lawyer, you may hire one at your own expense and cost. You may also appear for yourself without a lawyer.

**37. How will the lawyers and class representatives be paid?**

Plaintiffs will request an award of attorneys' fees for Plaintiffs' Counsel of up to 25% of the Settlement Fund, and for reimbursement of Plaintiffs' Counsel's costs and other expenses, to be paid from the Settlement Fund. Plaintiffs will post the motion for attorneys' fees and costs on www.AnthropicCopyrightSettlement.com. All amounts awarded shall be determined by the Court.

Plaintiffs' Counsel will also ask the Court to award service payments of up to $50,000 to each of the Named Plaintiffs (Andrea Bartz Inc., Charles Graeber, and MJ+ KJ Inc.) for the time and effort they contributed to the case on behalf of Class Members. If approved by the Court, any service awards will be paid from the Settlement Fund.

## Excluding Yourself from the Ongoing Lawsuit

**38. How do I exclude myself from the Settlement?**

If you do not want to be included in the Settlement, then you may "opt out" of it. If you opt out a work from the Settlement, that means that you and any other legal or beneficial owners of that work will not receive any payment from the Settlement for that work. If one rightsholder opts out of the Settlement, the entire work, and the rest of the rightsholders for that work, are opted out as well. For example, if you are an author and choose to opt out your work, that means you will not receive any payment, your co-authors

will not receive any payment, and your publisher will not receive payment. If you are a publisher and choose to opt out your work, that means that you will not receive any payment, and all authors of that book will not receive any payment.

      To opt out, you must submit an opt-out request to the Notice Administrator via mail, email, or electronically at www.AnthropicCopyrightSettlement.com. To be valid, an opt-out request must: (a) be in writing; (b) identify the case name, *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D. Cal.); (c) state your full name and current address; (d) identify the specific work(s) from the Works List that you seek to opt out, including title, author, U.S. Copyright Office Registration Number, and ISBN/ASIN for each work; (e) describe your copyright interest in the work(s); (f) contain the statement that "I hereby request to be excluded from the proposed Class in *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D. Cal.). I certify under penalty of perjury that all the information I have provided is true and correct."; (g) provide the name and contact information for any other persons who may be a legal or beneficial owner of the right to reproduce the work; (h) be signed by you or your authorized representative; and (i) be postmarked or received by the Settlement Administrator by January 7, 2026. If you have any questions about how to opt out, you can get personal assistance at www.AnthropicCopyrightSettlement.com, by calling 877-206-2314, by emailing info@AnthropicCopyrightSettlement.com, or by contacting any of the lawyers listed in response to Question 35.

      If you choose to mail your opt-out request, it must be postmarked no later than January 7, 2026. If you submit an opt-out request via email, fax, or the Settlement Website, it must be received by January 7, 2026.

      The Notice Administrator's address and contact information is:

Bartz v. Anthropic
c/o JND Legal Administration
PO Box 91204
Seattle, WA 98111
Email:  info@AnthropicCopyrightSettlement.com

      You cannot exclude yourself (opt out) by telephone.

      When an owner submits a valid opt-out request for a particular work, the Settlement Administrator will take reasonable steps to notify all other parties who may be legal or beneficial owners of the right to reproduce that same work, informing them that another Class Member has requested exclusion.

### 39. Can I change my mind about opting out?

      If you opt out a work from the Settlement and another copyright owner submits a claim for that same work, the Settlement Administrator will attempt to notify all legal and beneficial owners of the work within five days of receiving a valid opt-out request. Those

copyright owners may try to contact you and encourage you to opt back in so that they can receive payment from the Settlement.

If you opt out but wish to opt back in, you may do so by submitting a request for re-inclusion in the settlement by March 2, 2026.

To be valid, your request for re-inclusion must (a) be in writing; (b) identify the case name, *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D. Cal.); (c) state your full name and current address; (d) identify which work(s) you wish to re-include in the Settlement; (e) be signed personally by you; and (f) be postmarked or received by the Settlement Administrator on or before March 2, 2026.

You are prohibited from seeking or agreeing to any side payments or side agreements, nor may you negotiate any "quid pro quo" with other rightsholders in exchange for re-inclusion. Any demands for payment in exchange for re-inclusion will be reported to the Court, which may refer such conduct to the U.S. Attorney's Office to investigate the potential obstruction of justice.

If a copyright owner submits a valid request for re-inclusion for a work, the Settlement Administrator will attempt to notify all legal and beneficial owners of the work that a Class Member has requested to be re-included.

**40. If I don't exclude myself and my work is not excluded, can I sue Anthropic for the same conduct or claims later?**

No. If you are a Class Member, unless you exclude yourself from the ongoing lawsuit, you give up your right to sue Anthropic for the claims discussed in Question 15 above.

**41. If I exclude myself and all other rightsholders for a work, can I still receive a payment from the Settlement?**

No. If you exclude yourself and all rightsholders for a work, you will not receive any payment from the Settlement for that work, and all other legal and beneficial owners of that work will not receive payment from the Settlement. By opting out, you are telling the Court that you do not want to be part of the Settlement. You are only eligible to receive a payment from the Settlement if you stay in the Settlement.

## <u>Objecting to the Settlement</u>

**42. How do I tell the Court that I do not like the Settlement?**

You can notify the Court that you don't like the proposed Settlement by filing an objection. If you disagree with any part of the Settlement, including Class Counsel's potential award of attorney's fees and costs, you can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different Settlement; the Court can

only approve or reject this Settlement. If the Court denies approval of the Settlement, Class Members will not receive any Settlement payments, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed settlement must be in writing. You must give reasons why you think the Court should not approve it and say whether your objection applies to just you, a part of the class, or the entire Class. The Court will consider your views. You may, but don't need to, hire your own lawyer to help you.

To object, you must send a letter to the Court that:

(1)     is postmarked by January 7, 2026;

(2)     includes the case name and number (*Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA);

(3)     includes your full name, current address and telephone number, and email address (if you have one);

(4)     states that you believe yourself to be a member of the Class;

(5)     identifies at least one work on the Works List to which the objector is a rightsholder and describes your copyright interest in the work(s);

(6)     states whether the objection applies only to you, to a subset of the Class, or to the entire Class;

(7)     includes the specific grounds for the objection, and all documents or writings that you want the Court to consider;

(8)     includes the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection, or who may profit from the objection;

(9)     says whether either you or your lawyer intend to appear at the final approval hearing; and

(10)    is signed by you personally.

The objection must be filed with the Court or postmarked on or before January 7, 2026. You may submit the objection to the Court either by filing it electronically or in person at any location of the United States District Court for the Northern District of California, or by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Ave., 16th Floor, San Francisco, CA 94102.

**43. What is the difference between objecting and requesting exclusion?**

Objecting is telling the Court you do not like something about the Settlement. You can object only if you stay in the Settlement Class (that is, if you do not exclude yourself and no other copyright owner excludes you). Requesting exclusion is telling the Court you do not want to be part of the Class or the Settlement, and that any other legal and beneficial owners of your works cannot be part of the Class or Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer affects you, and any other legal

22

and beneficial owners of your works cannot be part of the Settlement because it no longer affects them.

### If You Do Nothing

**44. What happens if I do nothing at all?**

If you are a Class Member and you do nothing, there are three possible outcomes.

First, if you do nothing but another rightsholder submits a Claim Form confirming that you are the legal or beneficial owner of a work on the Works List, you may receive payment without filing a Claim Form yourself. However, you should not rely on anyone else to submit a Claim Form for your works. The only way to ensure that you receive payment is by submitting a valid Claim Form.

Second, if you do nothing but another rightsholder opts out your work from the Settlement, you will be opted out of the Settlement for that work too.

Third, if you do nothing and all other rightsholders for your work also do nothing, you will **not** receive a payment from the Settlement. In addition, by staying in the Settlement Class, you give up your right to sue Anthropic on your own for the same legal claims released by the Settlement.

### The Final Approval Hearing

**45. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing to decide whether to approve the settlement. The hearing is currently scheduled to occur on April 23, 2026 at 12:00 P.S.T. at the San Francisco Federal Courthouse, 450 Golden Gate Ave., Courtroom 12 – 19th Floor.

The date and time of the Final Approval Hearing is subject to change without further notice to the Class, so please check www.AnthropicCopyrightSettlement.com for updates.

Because the settlement of a class action decides the rights of all members of the Class, the Court must give final approval to the Settlement before it can take effect. Payments will only be made if the Court approves the Settlement and any appeals are resolved. At the Final Approval Hearing, the Court may, at its discretion, listen to Class Members who have asked to speak at the hearing.

**The date and time of the Final Approval Hearing is subject to change without further notice to the Settlement Class, so please check www.AnthropicCopyrightSettlement.com or the Court's PACER site for updates.**

**46. Do I have to come to the Final Approval Hearing?**

No. You don't have to attend, but you may at your own expense. You may also ask the Court for permission to speak and express your opinion about the Settlement. If the Court does not approve the Settlement or the parties decide to end it, it will be void and the lawsuit will continue.

## **The Works List**

**47. How did you determine whether a work is on the Works List?**

Plaintiffs' attorneys and experts put the LibGen and PiLiMi files through two "matching" processes (a) to assess whether each file met the Class definition (as identified in Question 5) and (b) to improve, refine, and supplement the metadata contained in Anthropic's files. Those two matching processes were based on (1) the ISBN(s) extracted from LibGen and PiLiMi text files, and (2) on metadata created by users of LibGen and PiLiMi.

**48. What if some of my books are not on the Works List?**

You retain ***all*** of your rights for the books not included on the Works List. The settlement does not affect your books not included on the Works List.

**49. My work was on *The Atlantic*'s list of LibGen files. Why is it not on the Works List?**

The Works List only includes works that meet the Class definition (as identified in Question 5). A work on *The Atlantic*'s list of LibGen files may not meet the Class definition for many reasons, including, for example:

- Anthropic did not download any works from LibGen after July 2021. To compile its list, *The Atlantic* used metadata from LibGen as that database existed in 2025. Between July 2021 and 2025, more books were added to LibGen. Your book would not be part of the Class, and therefore not on the Works List, if it was added to LibGen after July 2021 (and also not present in the files Anthropic downloaded from PiLiMi in August 2022).

- As explained above in Question 5, a work falls within the Class definition only if it (i) has an ISBN or ASIN; (ii) was registered with the U.S. Copyright Office within five years of publication; and (iii) was registered before being downloaded by Anthropic, or within three months of publication. Many works in LibGen and PiLiMi were not registered or did not have an ISBN or ASIN. Such works are not part of the Class and therefore not on the Works List.

24

**50. Why aren't all 7 million works that Anthropic downloaded from LibGen and PiLiMi on the Works List?**

Even though Anthropic downloaded approximately 7 million files from LibGen and PiLiMi, many of those files were duplicates of works, or unregistered works, or were empty, corrupted, or incomplete files.

About 40% of the files Anthropic downloaded (approximately 3 million) were duplicates. Duplicate copies are not eligible to be in the Works List.

Likewise, works not validly registered with the U.S. Copyright Office are not eligible to be in the Works List. Many of the works Anthropic downloaded were not registered. For example, non-English works have very low registration rates. Of the approximately 4 million unique works that Anthropic downloaded, around 2.5 million were written in languages other than English. Most of those 2.5 million non-English works were unregistered. In addition, many of the 1.5 million unique English works were not registered. And even among registered works, many failed to satisfy the date criteria in the Class definition, because registration occurred (i) more than five years after publication or (ii) after Anthropic downloaded such works.

Finally, many works failed validation tests. For example, the Works List does not include files that were empty, corrupted, or incomplete.

## **Getting More Information**

**51. Are more details about the Settlement available?**

Yes. The information in this Settlement Notice is only a summary of the Settlement.

You can get more detailed information, including links to a copy of the Class Action Complaint, the notice, claim form, motion for preliminary settlement approval, responses to questions raised by the Court in connection with a preliminary approval hearing, preliminary approval order, motion for final settlement approval (when filed), and motion for attorneys' fees and costs, the Settlement Agreement, and other important case documents at www.AnthropicCopyrightSettlement.com.

If you have questions regarding the Settlement or need personal assistance completing the Claim Form you can contact the Settlement Administrator at 877-206-2314 or info@AnthropicCopyrightSettlement.com.

To learn more information about the settlement you can visit the settlement website at www.AnthropicCopyrightSettlement.com or contact any of the lawyers listed in response to Question 35.

You can access the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov/, or by visiting the office of the Clerk of the Court

for the United States District Court for the Northern District of California, San Francisco Courthouse, from 9:00 a.m. to 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT REGARDING THIS ACTION. YOU SHOULD DIRECT ANY QUESTIONS YOU MAY HAVE ABOUT THIS NOTICE TO THE SETTLEMENT ADMINISTRATOR AND/OR TO CLASS COUNSEL.**

You may also seek the advice and counsel of your own attorney at your own expense, if you desire.