Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
Michael Adamson (SBN 321754)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
rnath@susmangodfrey.com
madamson@susmangodfrey.com

Jordan W. Connors*
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101-2683
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser*
Samir Doshi*
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51st Floor,
New York, NY 10001-8602
Telephone: (212) 336-8330
csmyser@susmangodfrey.com
sdoshi@susmangodfrey.com

*Co-Lead Class Counsel*

Rachel Geman (*pro hac vice*)
Jacob S. Miller (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Jallé H. Dafa (SBN 290637)
Amelia Haselkorn (SBN 339633)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
jdafa@lchb.com
ahaselkorn@lchb.com

Betsy A. Sugar*
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
222 Second Ave., #1640
Nashville, TN 37201-2375
Telephone: (615) 313-9000
bsugar@lchb.com

*Co-Lead Class Counsel*
*(Pro Hac Vice)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No.: 3:24-cv-05417-WHA <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER LIMITING THIRD PARTY'S COMMUNICATIONS WITH CLASS MEMBERS AND FOR OTHER RELIEF PURSUANT TO FED. R. CIV. P. 23(d)** <br><br> Judge: Hon. William Alsup <br> Date: December 11, 2025 <br> Time: 8:00 a.m. <br> Courtroom: 12 |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 2

    I.     INTRODUCTION ......................................................................................... 2

    II.    FACTUAL AND PROCEDURAL BACKGROUND ................................... 4

          A.    The Notice and Claims Program ...................................................... 4

          B.    Nonparty ClaimsHero ....................................................................... 5

          C.    ClaimsHero's Deceptive Solicitation of Class Members ................. 6

                1.    ClaimsHero's Initial Marketing ........................................... 7

                2.    ClaimsHero's Refusal to Cooperate with Class Counsel and Cosmetic Changes to its Webpage ........................................ 9

    III.   ARGUMENT ............................................................................................... 11

          A.    Legal Standard ................................................................................ 11

          B.    ClaimsHero's Communications May Deter Participation and Mislead Class Members into Opting Out Without Consent. ........... 12

    IV.   CONCLUSION ........................................................................................... 14

# TABLE OF AUTHORITIES
Page

**Cases**

*Alfred v. Pepperidge Farm, Inc.*,
    No. 14-07086-JAK, 2020 WL 13587900 (C.D. Cal. Apr. 14, 2020) ..................... 14

*Camp v. Alexander*,
    300 F.R.D. 617 (N.D. Cal. 2014) ................................................................. 12

*Chalian v. CVS Pharmacy, Inc.*,
    No. 2:16-CV-8979-AB-AGR, 2020 WL 7347866 (C.D. Cal. Oct. 30, 2020) ................. 12, 14

*County of Santa Clara v. Astra USA, Inc.*,
    No. C 05-03740-WHA, 2010 WL 2724512 (N.D. Cal. July 8, 2010) .............................. 12, 13

*Georgine v. Amchem Prods., Inc.*,
    160 F.R.D. 478 (E.D. Pa. 1995) ................................................................. 14

*Kleiner v. The First Nat'l Bank of Atlanta*,
    751 F.2d 1193 (11th Cir. 1985) ................................................................. 12

*Lopez v. Apple Inc.*,
    No. 4:19-cv-04577-JSW (N.D. Cal.) .............................................................. 6

*In re McKesson HBOC, Inc. Sec. Litig.*,
    126 F. Supp. 2d 1239 (N.D. Cal. 2000) ....................................................... 14

*O'Connor v. Uber Technologies, Inc.*,
    No. C-13-3826 EMC, 2014 WL 1760314 ............................................................ 12

*Retiree Support Grp. of Contra Costa Cnty. v. Contra Costa Cnty.*,
    No. 12-cv-00944-JST, 2016 WL 4080294 (N.D. Cal. July 29, 2016) ........................ 12, 13, 14

*Stark v. Patreon, Inc.*,
    No. 22-CV-03131-JCS, 2025 WL 1592736 (N.D. Cal. June 5, 2025) .......................... 14

*Wang v. Chinese Daily News, Inc.*,
    623 F.3d 743 (9th Cir. 2010) ................................................................... 11

*Wright v. Adventures Rolling Cross Country, Inc.*,
    No. C-12-0982-EMC, 2012 WL 2239797 (N.D. Cal. June 15, 2012) ........................ 12

**Statutes**

All Writs Act, 28 U.S.C. § 1651 .................................................................. 11

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**Court Rules**

Federal Rule of Civil Procedure 23(d) ................................................................................ 4, 9, 11, 12

**Other Authorities**

Manual for Complex Litigation (4th ed. 2004))
    §§ 21.323, 21.33 ........................................................................................................................ 11

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 11, 2025 at 8:00 a.m., in Courtroom 12 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Representative Plaintiffs Andrea Bartz, Inc., Charles Graeber, and MJ + KJ Inc. ("Plaintiffs") and Class Counsel, on behalf of the Class, will and hereby do move the Court for an order: (1) prohibiting ClaimsHero Holdings LLC ("ClaimsHero") from making or disseminating any further false or misleading statements to Class Members concerning the Settlement; (2) requiring ClaimsHero to delete its misleading webpage(s), cease any related solicitations, and disclose the full ambit of its marketing efforts to Class Counsel; (3) directing ClaimsHero to produce to Class Counsel the names and contact information of any Class Member who has engaged with or signed up for ClaimsHero's services in connection with the Settlement; and (4) granting Class Counsel permission to issue a Court-approved corrective communication to those individuals providing complete and accurate information regarding the Settlement and their rights.

This Motion is based upon this Notice of Motion; the Memorandum of Points and Authorities in Support thereof; the Declaration of Class Counsel and exhibits attached thereto ("Class Counsel Decl."); the records, pleadings, and papers filed in this action; and upon such argument as may be presented to the Court should it schedule a hearing of this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Class Counsel recently discovered that an Arizona law firm called ClaimsHero Holdings LLC has been aggressively soliciting opt outs through a misleading online marketing campaign. ClaimsHero, as its name suggests, markets itself as a firm that helps class members file settlement claims. The frontpage of its website says, "Every year, consumers miss out on billions in settlement compensation" and boasts: "We Handle the Claims. You Get the Rewards." However ethically dubious a claims-assistance business model is, what ClaimsHero is doing here is far worse. After luring class members in with promises of a "three minute" "claim application" for Anthropic,[1] ClaimsHero's signup process actually gets class members to authorize ClaimsHero to do the opposite: Those who complete ClaimsHero's signup process authorize ClaimsHero to ***opt out of the settlement*** on their behalf and relinquish any right—for all owners of a given work—to a distribution from the Settlement. This is a bait-and-switch scheme that requires the Court's immediate attention.

ClaimsHero's Anthropic campaign began last week, with social media ads designed to direct class members to the company's website to "see if [they are] eligible to ***file a claim*** for compensation" (emphasis added):



---

[1] https://claimshero.io/anthropic-copyright-infringement/get-started (accessed November 4, 2025).

1  Once on the website, Class Members were, up until yesterday afternoon, invited to "[s]tart claim," with no reference to any Court-approved notice or Court-approved Claim Form[2]:



Class Members are then instructed to "[c]reate an account to start your *claim application*" and "quickly find and apply for the *claim* that suits you." Exhibit A to Class Counsel Decl. ("Ex. A") (emphases added).

Thus, at virtually every step, ClaimsHero's name, marketing, and website lead Class Members to believe that they are submitting a claim when, in fact, they may be *giving up the right* to settlement funds—not only for themselves but for all other owners of a given work—and "authorizing ClaimsHero to take any necessary steps on their behalf *to exclude them* from the Class." Ex. B (Nov. 3, 2025 Email from ClaimsHero to Class Counsel) (emphasis added). Although a "Frequently Asked Questions" section near the bottom of the company's webpage states that "ClaimsHero is only representing authors and rightsholders who intend to opt-out from the Anthropic Settlement," such text is (and was) only visible to those who scroll to the bottom of the webpage and click on the question. Further, the website did not (and does not) include any information about what it means to "opt out" of the Settlement, let alone the depth of detail contained on the Settlement Website and Long-Form Notice.

On discovering ClaimsHero's misleading scheme, Class Counsel immediately reached out to, and yesterday met and conferred with, ClaimsHero. Class Counsel Decl. ¶¶ 3–4. Class Counsel urged ClaimsHero to immediately stop its deceptive conduct by deleting its website and halting all misleading marketing. *Id.* ¶ 5–6. Class Counsel also asked ClaimsHero to identify (a) anyone who used its deceptive webpage to submit an opt-out disguised as a claim so that Class Counsel could issue corrective notice to such users and (b) all

---

[2] This screenshot of the ClaimsHero webpage was captured on November 3, 2025. As described below, the webpage has since changed, but remains misleading.

marketing associated with the ClaimsHero scheme, so Class Counsel could help ensure that all such marketing stopped. *Id.* ¶ 6. ClaimsHero refused, made some minor changes to its website, but still continued to distribute ads directing people interested "fil[ing] a claim for compensation" to ClaimsHero's website and continues to list "Anthropic Copyright Infringment" as a "Popular Claim" for "settlement compensation" on the front page of its website. *See id.* ¶ 7.

Plaintiffs, on behalf of themselves and the Class, respectfully move under Federal Rule of Civil Procedure 23(d) and applicable law for an order: (1) prohibiting ClaimsHero from making or disseminating any further false or misleading statements to Class Members concerning the Settlement; (2) requiring ClaimsHero to delete its misleading webpage(s), cease any related solicitations, and disclose the full ambit of its marketing efforts to Class Counsel; (3) directing ClaimsHero to produce to Class Counsel the names and contact information of any Class Member who has engaged with or signed up for ClaimsHero's services in connection with the Settlement; and (4) granting Class Counsel permission to issue a Court-approved corrective communication to those individuals providing complete and accurate information regarding the Settlement and their rights.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Notice and Claims Program

The Settlement Notices have undergone continuous improvement to ensure that Class Members receive full and accurate information concerning the Settlement and their rights. *See, e.g.*, Dkt. 375 (Questions for Preliminary Approval Hr'g on Sept. 25); Dkt. 383 (Further Questions for Preliminary Approval Hr'g on Sept. 25); *see also* Preliminary Approval Hr'g Tr. at 7:23–8:4 ("We need to get the notice out so that class members have an opportunity to decide whether they want to participate."). Publication notice—together with digital and social media notice—were initiated on October 2, 2025, in accordance with the Court-approved Plan of Allocation. *See* Dkt. 440 (First Report on Settlement Implementation) § I. All Court-approved notices make clear that opt-outs are not entitled to recover funds from the Settlement and that claiming and opting out are two different options.

The Long-Form Notice (which has not yet been sent) and Settlement Website (available now) provide extensive detail. Direct notice will issue soon, upon publishers providing updated mailing and email address information. This sequencing was designed to maximize deliverability, reduce returned mail and email

bounces, and ensure that Class Members receive accurate and complete notice. Consistent with that plan, the Long-Form and Email Notices will be sent to Class Members via U.S. Mail and email respectively within the next three weeks. *See* Dkt. 401-1 (Plan of Allocation) § 2(c). Thus, Class Members—who have not yet been sent a complete set of information about *inter alia* the consequences of opting out versus submitting a claim—are especially susceptible now to ClaimsHero's deceptive scheme.

### B. Nonparty ClaimsHero

ClaimsHero has for at least the last fourteen months operated as a law firm in Arizona, where nonlawyers may own and operate a law practice. Its website does not list the lawyers who handle client matters. Instead, it lists only an executive team comprising a Chief Executive Officer, Chief Legal Officer, Chief Technology Officer, and Chief Product Officer.

ClaimsHero presents itself as a business that aggregates and files class members' claims in class-wide settlements. The very top of the frontpage of its website describes the apparent problem the firm exists to solve ("Billions Go Unclaimed Every Year") and ClaimsHero's proposed solution ("We Handle the Claims"):



Scroll down further and the website describes a rinse-and-repeat process for ClaimsHero's clients, one that tells users to "claim *your share in minutes*" after doing nothing other than completing a form:

[Screenshot of ClaimsHero webpage: "Claim your share in minutes. ClaimsHero makes it easy by managing the process end-to-end. And it's always $0 out-of-pocket. When you win, we all win." Steps: 1. Find your claim  2. Complete our form — It only takes a few minutes and we guide you every step of the way.  3. We handle the rest  4. Collect... and repeat!]

Virtually everything about ClaimsHero—its name, litany of references to "claims" on its website, its promises of "settlement compensation" and "unclaimed" funds—would lead a reasonable person to understand that ClaimsHero is a claims aggregator, not a law firm representing opt outs.

This is not the first time that ClaimsHero has been before this Court in the course of a claims administration process. Just months ago, in *Lopez v. Apple Inc.*, No. 4:19-cv-04577-JSW (N.D. Cal.), Judge Jeffrey S. White denied an administrative motion filed on behalf of a ClaimsHero client to compel the Court-appointed settlement administrator to accept claim forms submitted in bulk. *See* Ex. C (Order Denying Administrative Motion, Dkt. 364 (June 13, 2025)). There, the parties demonstrated that ClaimsHero mass-submitted claims in a way that was inconsistent with the Court-approved claims process. That process required each class member to personally submit and attest to their claim under penalty of perjury to prevent fraud, confusion, and increased administrative costs.

### C. ClaimsHero's Deceptive Solicitation of Class Members

On November 1, 2025, Class Counsel discovered that ClaimsHero had launched a webpage titled "Anthropic Copyright Infringement" (www.claimshero.io/anthropic-copyright-infringement) (the "webpage"), accompanied by an aggressive social media advertising campaign intended to drive traffic to the website. Class Counsel Decl. ¶ 3. The webpage contained (and still contains) *none* of the language mandated

by the Court-required Notices. *See* Exs. A & D. The webpage also failed (and fails) to provide any contact information for Class Counsel or the Settlement Administrator. *See id*. Even worse, as previewed above, ClaimsHero uses deceptive bait-and-switch tactics to solicit pre-notice opt-outs. ClaimsHero's name alone primes Class Members to believe the company will help them submit a settlement claim rather than an opt-out request.

          **1.**          **ClaimsHero's Initial Marketing**

Prior to its revision, ClaimsHero's webpage, as shown above, featured a "Start claim" button. Ex. A. And the website further promised that Class Members could "[c]laim your share in minutes" by "[f]ind[ing] your claim," and "[c]omplet[ing] our form," after which ClaimsHero would supposedly "handle the rest." *Id*. The webpage also touted that "[o]ur tech and legal experts created the most user-friendly platform to get you what you deserve." *Id*. "Filing claims shouldn't be complicated—we've made it simple, reliable, and trustworthy." *Id*.

Only if a Class Member scrolled to the bottom of the page and expanded a tab for FAQs would the Class Member see that ClaimsHero "only represent[s] authors and rightsholders who intend to opt-out from the Anthropic Settlement." *Id*.



The webpage did not (and still does not) contain fulsome disclosures as approved by the Court in connection with the preliminary approval process. *See* Exs. A & D. Class Members unfortunate enough to be lured to the ClaimsHero website likely believed they were submitting a claim form for themselves. They were instead authorizing ClaimsHero to opt out both the website user ***and other co-owners of that user's Class works***.

ClaimsHero did not (and still does not) explain ***any*** of the consequences of opting out. *See id*. The

webpage omitted (and still omits) that opting out excludes the entire Work and forfeits eligibility for payment of any Settlement funds. The webpage also failed (and still fails) to disclose the comparative costs and burdens, including additional time, expense, and discovery obligations that Class Members will be subject to if ClaimsHero pursues litigation. *See id.*

To drive Class Members to its deceptive webpage, ClaimsHero circulates paid advertisements on Instagram and Facebook. Those advertisements lure Class Members to visit the website by telling them they "may be eligible to file a claim for compensation" and that they could "check in seconds" at ClaimsHero's webpage[3]:



In these ads, paid influencers direct viewers to ClaimsHero's webpage to "see if you're eligible to file a claim." Complementary ads give a "COMPENSATION ALERT" and invite Class Members to "Start Your Claim":

---

[3] Screenshots of these advertisements are shown in Exhibit E to the Class Counsel Declaration filed herewith.



Other ads invite Class Members to "[q]ualify today for potential serious cash settlement":



Every aspect of this marketing scheme reinforces the misimpression that ClaimsHero assists with settlement claims rather than exclusion requests. And each of these deceptive ads stands in stark contrast to the Court-approved ads submitted in connection with preliminary approval, which direct Class Members to the Court-approved Settlement Website.

### 2. ClaimsHero's Refusal to Cooperate with Class Counsel and Cosmetic Changes to its Webpage

After learning of ClaimsHero's solitications, on November 1, 2025, Class Counsel emailed ClaimsHero on November 1, 2025, requesting a meeting immediately. Class Counsel Decl. ¶ 3. Class Counsel met and conferred with counsel for ClaimsHero on November 3, 2025. *Id.* ¶ 4. During that meeting, Class Counsel requested that ClaimsHero take down its misleading webpage, disclose any other methods it has used or intends to use to contact Class Members, and state how many opt-out submissions ClaimsHero has received to date. *Id.* ¶ 6. Counsel for ClaimsHero did not agree to take down its webpage and refused to provide any of the requested information. *Id.* ¶ 7. Class Counsel explained that their requests were consistent with Rule

1   23(d) and necessary to protect Class Members. *Id.* ¶ 6.

2   After the meeting with Class Counsel, ClaimsHero insisted that its marketing was appropriate, refused to provide additional information, and made only superficial changes to the webpage. *Id.* ¶ 7. The revised webpage now includes "Opt Out Today" language and a disclaimer that ClaimsHero "is only representing authors and rightsholders seeking to opt-out of the Anthropic Settlement"[4]:



But the core deception persists: the website still describes a "max claim" and suggests the process is no more than "3 minutes," even though in reality the signup process will cause Class Members to relinquish any claim under the current class-wide Settlement and start litigation against Anthropic from square one. What's more, when a visitor clicks on the "Opt Out Today" button, the webpage still presents users with a workflow instructing them to "[c]reate an account to start your *claim* application" to "[q]uickly find and apply for the *claim* that suits you," and promises that after users "enter your information . . . we'll take care of the rest":

---

[4] Screenshots of updated webpage are also shown in Exhibit D to the Class Counsel Declaration filed herewith.

[Screenshot of ClaimsHero webpage: "Create an account to start your claim application." with three steps — 1. Enter your details (Create your account and explore relevant claims.), 2. Find your claim (Quickly find and apply for the claim that suits you.), 3. ClaimHero's got it (Enter your information and we'll take care of the rest.). A blue "Next" button and "Already have an account? Log In" link below.]

Thus, the webpage still confuses claims for opt-outs and, in any event, fails to disclose all the Court-approved information Class Members need to make an informed choice. Despite ClaimsHero's revisions, the webpage is still misleading, and ClaimsHero has not made *any* changes to its deceptive advertisements.

### III.   ARGUMENT

The Court can—and should—order ClaimsHero to remove its webpage and related solicitations, disclose all its marketing efforts, produce records of all individuals it has engaged with or signed up in connection with this Settlement, and permit Class Counsel to issue corrective notice. Where, as here, "misleading communications have contaminated the class notice period," the Court should exercise its power under Rule 23 to issue corrective or prophylactic notice to those who received the misleading advertisement. *See* Manual for Complex Litigation (4th ed. 2004)) §§ 21.323, 21.33 n.916 ("Corrective or prophylactic notice to potential class members may be ordered under Rule 23(d)(2) at any stage of the proceedings.").

#### A.   Legal Standard

The Court has broad authority to oversee the Class Settlement by restricting communications with Class Members, including over nonparties through Rule 23 as well as the All Writs Act, 28 U.S.C. § 1651. *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 756 (9th Cir. 2010), *judgment vacated on other grounds*,

565 U.S. 801, 132 S. Ct. 74, 181 L. Ed. 2d 1 (2011) ("Rule 23(d) gives district courts the power to regulate the notice and opt-out processes and to impose limitations when a party engages in behavior that threatens the fairness of the litigation."); *Chalian v. CVS Pharmacy, Inc.*, No. 2:16-CV-8979-AB-AGR, 2020 WL 7347866, at *3 (C.D. Cal. Oct. 30, 2020) (authority over nonparties). Any such order "must be grounded in good cause and issued with a heightened sensitivity for the First Amendment." *Camp v. Alexander*, 300 F.R.D. 617, 621 (N.D. Cal. 2014) (citing *Kleiner v. The First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1203–06 (11th Cir. 1985)). Courts routinely exercise their authority under Rule 23(d) "to protect class members and fairly conduct the action." Fed. R. Civ. P. 23(d)(1)(B). Improper class communications interfere with both (1) class members' decision whether to participate in the settlement and (2) the integrity of the class action procedure more broadly. *See Retiree Support Grp. of Contra Costa Cnty. v. Contra Costa Cnty.*, No. 12-cv-00944-JST, 2016 WL 4080294, at *8 (N.D. Cal. July 29, 2016) ("Class members have a due process right to not be misled while they are deciding whether to participate in a class settlement affecting their rights.") (citation omitted); *O'Connor v. Uber Technologies, Inc.*, No. C-13-3826 EMC, 2014 WL 1760314, at *3 (N.D. Cal. May 2, 2014) ("[T]he purpose of Rule 23(d)'s conferral of authority is not only to protect class members in particular but [also] to safeguard generally the administering of justice and the integrity of the class certification process.").

      **B.**    **ClaimsHero's Communications May Deter Participation and Mislead Class Members into Opting Out Without Consent.**

Rule 23(d) protections are triggered here given the "realistic danger that the communications will chill participation in the class action." *Wright v. Adventures Rolling Cross Country, Inc.*, No. C-12-0982 EMC, 2012 WL 2239797, at *5 (N.D. Cal. June 15, 2012). As the Court has observed, the "test is concomitant with the [] potential for abuse in the communications, including [class members] being misled about the strength and extent of their claims." *County of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 WHA, 2010 WL 2724512, at *3 (N.D. Cal. July 8, 2010) (J. Alsup); *see also Retiree Support Grp. of Contra Costa Cnty.*, 2016 WL 4080294, at *1 (invalidating opt outs and ordering issuance of curative notice to correct misleading letter from officers of a third-party retiree organization urging class members not to participate in the settlement and providing a form by which class members could purportedly opt out or object to the settlement).

Here, ClaimsHero is engaged in bait-and-switch tactics, directing Class Members to their webpage to supposedly file a claim. For example, in one Instagram advertisement, a paid ClaimsHero representative

invites Class Members to "see if you're eligible to file a claim." Ex. E. Another advertisement tells Class Members that "you may be eligible to file a claim for compensation," and "you can check in seconds at ClaimsHero.io/Anthropic." *Id.* Once on the ClaimsHero webpage—even after ClaimsHero's insufficient changes in response to Class Counsel's concerns—Class Members see even more communications strongly indicating that *Claims*Hero offers a means of filing a claim in the Settlement. For example, the webpage still states that "additional criteria may apply upon review of *claim*" and the "Opt Out Today" button leads to a page for visitors to "start your *claim* application." Ex. D (emphasis added). In addition, the webpage includes misleading information about the risks and burdens of opting out of the Settlement and pursuing a claim separately. The website tells Class Members that, once they fill out the ClaimsHero form, they have nothing else to do:



The webpage fails to disclose that each Class Member who wants to opt-out must "mail an individual, separately signed request to the Settlement Administrator," and that "[n]o person may request to be excluded from the Class through 'mass' or 'class' opt outs." Dkt. 363-3 ¶ 4.14. Nor does the webpage explain that after opting out, the only way to seek recovery from Anthropic is to file a separate lawsuit, with all the attendant litigation burdens and risks.

By issuing these misleading communications that direct people *away* from the Settlement Website (and before direct notice has issued), ClaimsHero is subverting the Court-approved notice and claims processes. ClaimsHero's webpage fails to adequately advise Class Members of their rights under the Settlement or the consequences of opting out to engage in private litigation. Nor does it inform Class Members

that they are already represented by Class Counsel. This information is required. *See Astra USA, Inc.*, 2010 WL 2724512, at *2 (Defendant's "letter did not include a copy of the complaint, contact information for plaintiffs' counsel, or information about the current status of the case"); *Retiree Support Grp. of Contra Costa Cnty.*, 2016 WL 4080294, at *6 ("Nor does the letter identify the class's counsel or provide any way for the recipients to contact them."); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1245 (N.D. Cal. 2000) ("The solicitations do not identify the court-appointed lead plaintiff and counsel.").

ClaimsHero's webpage therefore undermines the Court-ordered notice process and curative notice is needed. Courts regularly cure solicitations, like these, that are intended to mislead class members to opt out of a class settlement. *See, e.g.*, *Stark v. Patreon, Inc.*, No. 22-CV-03131-JCS, 2025 WL 1592736, at *23, 26 (N.D. Cal. June 5, 2025) (invalidating 927 opt-outs and issuing curative notice "to dispel confusion that may have been caused by [third party claim filing company's] omission of material information" about the settlement); *Chalian*, 2020 WL 7347866, at *4 (ordering non-party law firm to remove opt-out form from its website and stop soliciting opt-outs via text message); *Alfred v. Pepperidge Farm, Inc.*, No. 14-07086 JAK (SKx), 2020 WL 13587900, at *8 (C.D. Cal. Apr. 14, 2020) (issuing corrective notice to class members who filed objections or opted out and voiding previous requests for exclusion from the settlement following dissemination of misleading newsletters and videos by a third party trade organization); *Retiree Support Grp. of Contra Costa Cnty.*, 2016 WL 4080294, at *1 (invalidating opt-outs and ordering issuance of curative notice to correct misleading letter from officers of a third-party organization urging class members not to participate in the settlement and providing a form by which class members could purportedly opt out or object to the settlement); *Georgine v. Amchem Prods., Inc.*, 160 F.R.D. 478, 518 (E.D. Pa. 1995) (invalidating opt-outs and creating a second opt-out period where several outside law firms opposed to the settlement sent misleading communications and advertisements to absent class members).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court: (1) prohibit ClaimsHero from making or disseminating any further false or misleading statements to Class Members concerning the Settlement; (2) require ClaimsHero to delete its misleading webpage(s), cease any related solicitations, and disclose the full ambit of its marketing efforts to Class Counsel; (3) direct ClaimsHero to produce to Class Counsel the names and contact information of any Class Member who has engaged with or signed up for

ClaimsHero's services in connection with the Settlement; and (4) grant Class Counsel permission to issue a Court-approved corrective communication to those individuals providing complete and accurate information regarding the Settlement and their rights.

Dated: November 4, 2025

Respectfully submitted,

By: */s/ Rachel Geman*

Rachel Geman (*pro hac vice*)
Jacob S. Miller (*pro hac vice*)
Danna Z. Elmasry (*pro hac vice*)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Jallé H. Dafa (SBN 290637)
Amelia Haselkorn (SBN 339633)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
rstoler@lchb.com
jdafa@lchb.com
ahaselkorn@lchb.com

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
222 2nd Avenue S., Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com

*Co-Lead Counsel*

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100

|    |                                                                                                              |
|----|--------------------------------------------------------------------------------------------------------------|
| 1  | Houston, TX 77002-5096                                                                                       |
| 2  | Telephone: (713) 651-9366<br>jnelson@susmangodfrey.com<br>asalinas@susmangodfrey.com                         |
| 3  | Rohit D. Nath (SBN 316062)                                                                                   |
| 4  | Michael Adamson (SBN 321754)<br>**SUSMAN GODFREY L.L.P**                                                     |
| 5  | 1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-2906                                           |
| 6  | Telephone: (310) 789-3100<br>RNath@susmangodfrey.com                                                         |
| 7  | MAdamson@susmangodfrey.com                                                                                   |
| 8  | J. Craig Smyser (*pro hac vice*)<br>Samir H. Doshi (*pro hac vice*                                           |
| 9  | **SUSMAN GODFREY L.L.P**<br>One Manhattan West, 51st Floor,                                                  |
| 10 | New York, NY 10019<br>Telephone: (212) 336-8330                                                              |
| 11 | csmyser@susmangodfrey.com<br>sdoshi@susmangodfrey.com                                                        |
| 12 | *Co-Lead Counsel*                                                                                            |
| 13 |                                                                                                              |
| 14 | Scott J. Shoulder (*pro hac vice*)<br>CeCe M. Cole (*pro hac vice*)                                          |
| 15 | **COWAN DEBAETS ABRAHAMS<br>& SHEPPARD LLP**                                                                 |
| 16 | 60 Broad Street, 30th Floor<br>New York, New York 10010                                                      |
| 17 | Telephone: (212) 974-7474<br>sshoulder@cdas.com                                                              |
| 18 | ccole@cdas.com                                                                                               |
| 19 | *Additional Counsel for the Class and Authors'<br>Coordinating Counsel*                                      |
| 20 | Jay Edelson*                                                                                                 |
| 21 | **EDELSON PC**<br>350 North LaSalle Street, 14th Floor                                                       |
| 22 | Chicago, IL 60654<br>Telephone: (312) 589-6370                                                               |
| 23 | jedelson@edelson.com                                                                                         |
| 24 | Matthew J. Oppenheim*<br>**OPPENHEIM & ZEBRAK LLP**                                                          |
| 25 | 4530 Wisconsin Ave, NW, 5th Floor<br>Washington, DC 20016                                                    |
| 26 | Telephone: 202.450.3958<br>matt@oandzlaw.com                                                                 |
| 27 | *Publishers' Coordinating Counsel*                                                                           |
| 28 |                                                                                                              |