| | |
|---|---|
| Justin A. Nelson (*pro hac vice*) | Rachel Geman (*pro hac vice*) |
| Alejandra C. Salinas (*pro hac vice*) | Jacob S. Miller (*pro hac vice*) |
| **SUSMAN GODFREY L.L.P.** | Danna Z. Elmasry (*pro hac vice*) |
| 1000 Louisiana Street, Suite 5100 | **LIEFF CABRASER HEIMANN** |
| Houston, TX 77002-5096 | **& BERNSTEIN, LLP** |
| Telephone: (713) 651-9366 | 250 Hudson Street, 8th Floor |
| jnelson@susmangodfrey.com | New York, New York 10013-1413 |
| asalinas@susmangodfrey.com | Telephone: (212) 355-9500 |
| | rgeman@lchb.com |
| Rohit D. Nath (SBN 316062) | jmiller@lchb.com |
| Michael Adamson (SBN 321754) | delmasry@lchb.com |
| **SUSMAN GODFREY L.L.P.** | |
| 1900 Avenue of the Stars, Suite 1400 | Daniel M. Hutchinson (SBN 239458) |
| Los Angeles, CA 90067-2906 | Jallé H. Dafa (SBN 290637) |
| Telephone: (310) 789-3100 | Amelia Haselkorn (SBN 339633) |
| rnath@susmangodfrey.com | **LIEFF CABRASER HEIMANN** |
| madamson@susmangodfrey.com | **& BERNSTEIN, LLP** |
| | 275 Battery Street, 29th Floor |
| Jordan W. Connors* | San Francisco, CA 94111-3339 |
| **SUSMAN GODFREY L.L.P.** | Telephone: (415) 956-1000 |
| 401 Union Street, Suite 3000 | dhutchinson@lchb.com |
| Seattle, WA 98101-2683 | jdafa@lchb.com |
| Telephone: (206) 516-3880 | ahaselkorn@lchb.com |
| jconnors@susmangodfrey.com | |
| | Betsy A. Sugar* |
| J. Craig Smyser* | **LIEFF CABRASER HEIMANN** |
| Samir Doshi* | **& BERNSTEIN, LLP** |
| **SUSMAN GODFREY L.L.P.** | 222 Second Ave., #1640 |
| One Manhattan West, 51st Floor, | Nashville, TN 37201-2375 |
| New York, NY 10001-8602 | Telephone: (615) 313-9000 |
| Telephone: (212) 336-8330 | bsugar@lchb.com |
| csmyser@susmangodfrey.com | |
| sdoshi@susmangodfrey.com | *Co-Lead Class Counsel* |
| | *(Pro Hac Vice) |
| *Co-Lead Class Counsel* | |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No.: 3:24-cv-05417-WHA<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR PLAINTIFFS' MOTION FOR AN ORDER LIMITING THIRD PARTY'S COMMUNICATIONS WITH CLASS MEMBERS AND FOR OTHER RELIEF PURSUANT TO FED. R. CIV. P. 23(D)** |

## I. INTRODUCTION

Plaintiffs respectfully apply *ex parte* for an order shortening time to hear their Motion for Order Limiting Third-Party's Communications with Class Members and for Other Relief Pursuant to Federal Rule of Civil Procedure 23(d). Dkt. No. 442. Plaintiffs request that the hearing be held on November 12, 2025, or on the earliest convenient date for the Court. The urgency arises from the deceptive actions of nonparty ClaimsHero Holdings LLC ("ClaimsHero"), which is actively running a misleading opt-out solicitation campaign masquerading as a "claims" assistance service. As explained in Plaintiffs' brief (Dkt. No. 442), ClaimsHero's social-media advertisements tell Class Members they "may be eligible to file a claim for compensation" and direct Class Members to a webpage labeled "Anthropic Copyright Infringement." Once at the website, Class Members saw or see prominent prompts such as "Start claim," "claim your share in minutes," and "Max Claim," suggesting that users are submitting a Settlement claim. In reality, ClaimsHero's sign-up flow authorizes ClaimsHero to opt users out of the Settlement without providing Court-approved disclosures or contact details for Class Counsel or the Settlement Administrator. This bait-and-switch risks confused, uninformed opt-outs, chills participation, and subverts the Court-approved notice and claims process—harms that compound with every day the campaign remains live. Good cause therefore exists for *ex parte* relief under Civil Local Rules 7-10 and 7-11 and Federal Rule of Civil Procedure 23, so the Court can promptly hear Plaintiffs' motion regarding ClaimsHero's communications before Class Members are further prejudiced.

## II. BACKGROUND

Plaintiffs have filed a targeted Rule 23(d) Motion because nonparty ClaimsHero is conducting a misleading opt-out campaign that is already confusing Class Members and threatening the Court-approved notice and claims process. At present, publication, digital, and social media notice are underway, and direct notice (Long-Form and Email Notices) will issue within weeks, as soon as publishers finish submitting contact information for authors. Class members have thus not yet received the full, Court-approved notices about their rights, including full information about the differences between submitting a claim and opting out and the consequences of exclusion. This makes Class Members particularly vulnerable to misleading third-party solicitations.

ClaimsHero holds itself out online as a "claims" assistance service that, until very recently, featured a prominent "Start claim" button on its opt-out webpage, which advised users to "[c]laim your share in minutes". Dkt. No. 442-2 at 1–2. At the time of this filing, the ClaimsHero webpage still refers to a "Max Claim." Dkt. No. 442-5 at 2. And the company's paid social advertisements likewise invite users to see if they are "eligible to file a claim for compensation," to "Start Your Claim," and to "[q]ualify today for potential serious cash settlement," driving traffic to its website. Dkt. No. 442-6 at 1–5. Once there, users are instructed to "[c]reate an account to start your claim application" and told that ClaimsHero will "take care of the rest." Dkt No. 442-5 at 7. The webpage omits Court-approved information, fails to provide contact information for Class Counsel or the Settlement Administrator, and does not explain the consequences and burdens of exclusion.

Behind this claims-oriented veneer, ClaimsHero's signup flow in reality authorizes ClaimsHero to submit exclusion requests on users' behalf. The site does not disclose that mass or "class" opt-outs are prohibited, that each exclusion must be individually submitted to the Settlement Administrator, or that opting out necessarily means forgoing Settlement benefits and pursuing separate litigation with attendant costs and risks. The net effect is to divert Class Members from the Court-approved Settlement Website and to induce uninformed (and likely accidental) exclusions.

Class Counsel discovered ClaimsHero's campaign on November 1, 2025, immediately contacted ClaimsHero, and met and conferred on November 3. Dkt. No. 422-1 ¶¶ 3-4. ClaimsHero refused to take down its webpage or identify the scope of its solicitations, and made only minor, insufficient changes to the webpage (e.g., adding "Opt Out Today" text while continuing to describe a "claim" application and "max claim"). *Compare* Dkt No. 442-1 *with* 442-5. Given the ongoing ads (which, to Class Counsel's knowledge, have not changed at all and remain as misleading as ever), the persistence of a misleading webpage, and ClaimsHero's refusal to cooperate, prompt Court intervention on shortened time is necessary to prevent further harm and to protect the integrity of the Court-ordered notice program.

### III. LEGAL STANDARD

Plaintiffs seek expedited relief under Northern District of California Civil Local Rules 7-10 and 7-11 and Federal Rule of Civil Procedure 23. Civil Local Rule 7-10 authorizes an *ex parte* application when permitted by a federal rule. Rule 23 provides that authority here. As the Supreme Court explained, because

class actions present opportunities for abuse and case-management problems, "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). Rule 23(d)(1) authorizes orders needed to "protect Class Members and fairly conduct the action," including restricting or directing communications and issuing corrective notice. Courts grant expedited, *ex parte* relief when ordinary calendaring would allow ongoing harm to compound. *See Cabrales v. BAE Sys. S.D. Ship Repair, Inc.*, No. 21-cv-02122-AJB-DDL, 2023 WL 8608262, at *2–4 (S.D. Cal. Dec. 12, 2023) (granting *ex parte* application addressing misleading settlement communications). These standards are satisfied here and good cause exists for *ex parte* relief.

## IV. ARGUMENT

### A. Good Cause Exists Because the Communications are Likely to Mislead, Chill Class Participation, and Disrupt the Court-Approved Notice Program.

A prompt hearing is necessary to preserve the integrity of the Rule 23 framework and to protect Class Members' due process interests. *Ex parte* relief is warranted because ClaimsHero's ongoing solicitations during the notice period are misleading, divert Class Members from the Court-approved Settlement Website, and induce premature exclusions without Court-approved disclosures, thereby risking irreparable prejudice to Class Members. These communications are especially pernicious given their timing before direct long-form and email notices issue, when the risk of confusion and accidental forfeiture of rights under the settlement is high. The record before the Court substantiates this urgency and establishes good cause for immediate intervention. *See* Dkt. No. 442 (Pls.' Mot.; Geman Decl.; and Exs. A–E).

### B. Without Shortened Time, the Prejudice Will Compound and Become Difficult to Remedy.

The cumulative prejudice increases daily as paid distribution and influencer ads continue to reach Class Members. ClaimsHero misbrands exclusions as "claims," touts quick "max claim" payouts, and directs users to "start your claim," while its intake workflow prompts account creation to "start your claim application." Dkt. Nos. 442-2, 442-5, 442-6. The phrasing and presentation persist even after superficial edits, continuing to obscure that the outcome of submitting information to ClaimsHero is an opt-out rather than a claim submission. Dkt. Nos. 442-5, 442-6. These communications are actively disrupting the Court-approved

notice plan by siphoning traffic from the official Settlement Website and contradicting the best practicable notice contemplated by Rule 23(c)(2)(B). The Court-approved direct long-form and email notices are designed to deliver comprehensive, plain-language disclosures explaining the differences between claiming and opting out. ClaimsHero's campaign sows confusion before those notices can even be delivered. Class Members who sign up with ClaimsHero may even disregard the Court-approved notices when they arrive, thinking that they have already submitted their claim or asked someone else to handle it. The Court should hear the motion *ex parte* on shortened time and enter narrowly tailored relief halting ClaimsHero's misleading communications, requiring disclosures to enable corrective outreach, and authorizing curative notice.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their *ex parte* application and advance the hearing on Plaintiffs' Motion for an Order Limiting Third-Party's Communications with Class Members and for Other Relief Under Federal Rule of Civil Procedure 23(d) to November 12, 2025, or, alternatively, to the earliest available date.

Dated:  November 5, 2025

Respectfully submitted,

By: */s/ Rachel Geman*

Rachel Geman *(pro hac vice)*
Jacob S. Miller *(pro hac vice)*
Danna Z. Elmasry *(pro hac vice)*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Jallé H. Dafa (SBN 290637)
Amelia Haselkorn (SBN 339633)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
rstoler@lchb.com
jdafa@lchb.com
ahaselkorn@lchb.com

Betsy A. Sugar (*pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue S., Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
bsugar@lchb.com

*Co-Lead Counsel*

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
Michael Adamson (SBN 321754)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com
MAdamson@susmangodfrey.com

J. Craig Smyser (*pro hac vice*)
Samir H. Doshi *(pro hac vice*
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com
sdoshi@susmangodfrey.com

*Co-Lead Counsel*

Scott J. Shoulder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
**COWAN DEBAETS ABRAHAMS & SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
sshoulder@cdas.com
ccole@cdas.com

*Additional Counsel for the Class and Authors' Coordinating Counsel*

Jay Edelson*
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
jedelson@edelson.com

Matthew J. Oppenheim*
**OPPENHEIM & ZEBRAK LLP**
4530 Wisconsin Ave, NW, 5th Floor
Washington, DC 20016
Telephone: 202.450.3958
matt@oandzlaw.com

*Publishers' Coordinating Counsel*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 5, 2025

*/s/ Rachel Geman*