UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BARTZ and KIRK WALLACE JOHNSON, individually, and ANDREA BARTZ, INC., CHARLES GRAEBER, and MJ + KJ, INC., individually and as representatives of the class,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | No. C 24-05417 WHA<br><br>**ORDER ON STATUS REPORT RE CHANGES TO CLASS NOTICE AND SPECIAL MASTER** |

The settlement was preliminarily approved on September 25, 2025, contingent on some changes to the class notice. Also, the choice of Naomi Jane Gray as special master for claims disputes was preliminarily approved, contingent upon her declaring her qualifications and absence of conflict (*see* Dkt. No. 427). Class counsel then presented its proposed changes to the notice (Dkt. No. 432). And, a memorandum opinion set forth the reasoning for the preliminary approval while also setting out where proposed changes met what had been requested and where minor changes remained necessary — and it pointed out that the proposed special master's declaration remained due (Dkt. No. 437).

Now, class counsel has filed a "Notice of Compliance and First Report on Settlement Implementation" (Dkt. No. 440). Indirect notice is underway but direct notice by mail and

email is not (§ I). This order addresses several issues.[1]

1. **CHANGES TO NOTICES.**

Class counsel reports that it has revised the notices to respond to new questions from class members, and to comply with the Court's directives (§ II). Counsel does not request approval for these changes and instead purports to merely report on Counsel's activities. This is improper because the content of class notices should be approved by the district judge. And, some changes reported by counsel must now be altered or removed.

   A. **CHANGES RESPONDING TO CLASS MEMBERS' QUESTIONS.**

      (i) *Dispute Procedure and Precedential Effect.*

A new question-and-answer explains the claims process (FAQ 26), but in so doing imposes procedural and substantive limits not approved. Several additions therein must be struck or altered.

*First*, the new answer states in part (emphasis and paragraphing altered):

> The *position* that any claimant takes *will not be binding* on that claimant for other purposes or other works. A decision by the Special Master will be binding without a right of appeal. It will also have *no precedential value* as to other claims.

This is unacceptable as written. These statements must be struck. They shall be **REPLACED** with the following:

> The positions any claimant takes and the decisions of the Settlement Administrator or Special Master respecting them will not be discoverable by claimants in this same litigation for use as to other works in this litigation. Such procedure would be unworkable.
>
> The decisions of the Special Master, however, will mark the final end of that particular dispute and will bind without a right of appeal all claimants and potential claimants to the work occasioning that dispute. By not opting out, all class members who remain in this action are bound to this procedure.
>
> Also, all claim forms, all submissions in support thereof, and all decisions on them will be submitted confidentially and not publicly docketed but will be maintained by the Settlement Administrator

---

[1] All page and section numbers are to the "Report" (Dkt. No. 440), and "FAQ" citations are to the long-form notice that tracks changes to the numbered questions and answers (Dkt. No. 440-2).

and/or Special Master. And, all such records may be discoverable by third parties in other litigation for good cause and upon court order.

Finally, notwithstanding anything above, what claim awards are distributed and to whom will be public records, with redactions only to banking information and personal, non-corporate contact information. Class members are entitled to know the final approved plan of distribution and to whom the money is paid.

*Second*, the new answer states (emphasis added):

*No* claimant will be permitted to serve *any* discovery requests, *nor be required to respond to any discovery requests* in resolving such disputes.

These changes may lead a lay person to believe he will not be required to respond to discovery orders even from the special master. And, if the special master determines there is a clear-cut need for limited discovery, the special master may permit limited discovery or order limited productions, which must be made promptly. This sentence must be **STRUCK OR ALTERED**.

*Finally*, the new answer states (still in FAQ 26, with emphasis added):

If a claimant *fails to timely submit a claim* during the claims period, that claimant is bound by the allocations determined during the claims period.

This change may prompt a class member to submit a claim to avoid being bound, when she might prefer to opt out her work to preclude any claims on it at all — and it neglects that the plan of allocation allows persons named on another person's timely claim submission to have a second chance to submit a corroborating or competing claim (Dkt. No. 401-1 ¶ 3(c)(ii)). That sentence must be **STRUCK**. It may be replaced with the following: "If a class member does not opt out and does not submit a timely claim pursuant to the claims process, that class member will be bound by the allocations determined during the claims process and will receive only the allocations if any made there in favor of that class member."

### (ii) Pseudonyms.

Another new question-and-answer addresses the situation where the online, searchable Works List displays both an author's "real name" and an author's "pseudonym," and a person wants to remove some "information" displayed (FAQ 55). The proposed answer would allow

the person to submit "proof" to class counsel or the Settlement Administrator that they are "an author or owner of the work" in order to change the listing ad hoc.

This proposed question and answer shall be **STRUCK**, and the practices they imply shall cease. There shall be no changes to the Works List (or Class List), as displayed publicly or otherwise, except as approved by the Court.[2]

### B. CHANGES RESPONDING TO THE COURT.

A set of changes were made to remove any false impression that payments always would be received or "guarantee[d]."

*In the long-form notice*, these changes solved the problem using replacements that are readable and not misleading (*see* Intro, FAQ 16).

*In the short-form notice and other supplemental email notice*, however, the problem started out less pronounced, and the changes to solve it introduced ambiguity (Dkt. Nos. 440-4, 440-6). The changes occurred in the "What options do I have?" sections. This is how the prior and proposed short-form notices differently state a first point and a second point:

> *Prior*: "Submit a Claim Form by March 23, 2026 to <u>receive payment</u> from the Settlement Fund . . . . Do nothing, in which case you may still <u>receive a payment but are not guaranteed to</u> receive a payment. You will give up your right to sue Anthropic . . . ."
>
> *Proposed*: "Submit a Claim Form by March 23, 2026 to <u>request to be eligible to receive payment</u> from the Settlement Fund . . . . Do nothing, in which case you may still <u>be eligible</u> receive [*sic*] a payment. You will give up your right to sue Anthropic . . . ."

The proposed change to the <u>first point</u> is acceptable. But the proposed change to the <u>second point</u> results in an unclear meaning, especially when read alongside the first one. Better to **REPLACE** the entire second sentence here, "Do nothing, in which case you may still be eligible receive [*sic*] a payment," with: "Do nothing, in which case it is possible that you may still

---

[2] Relatedly, class counsel reports that it has corrected a systematic "miscod[ing]" in how the intended designation of works as Education Works was actually applied to works on the Works List, the dominant result being that about 0.8% of total works were not so designated but should have been (§ III). This revision has not been produced to the Court. Class counsel **SHALL LODGE** this corrected Works List with the Court for archival purposes (under seal for the time being), and shall file on the docket a certification of having done so. In reliance on class counsel's word that the changes do not alter any other detail, the corrected list may continue to be used.

1  become eligible to receive payment — but only if another owner of the same work submits
2  their own claim for it and, for example, in their claim states that you are eligible to receive
3  payment for it."

\*     \*     \*

The district judge is concerned with the large number of changes to the class notice contained in this "Report" and by their possible implications. These changes were made without briefing, so it is difficult to discern in all cases the problems they aim to solve, and the countervailing problems they may create instead. This concern is amplified by the observation that not all changes made since the last version reviewed by the Court were tracked (if only by mistake). And, it is amplified by the observation that the opposing party here, Anthropic, has neither expressly agreed to nor challenged these exact changes, some of which may be material. Class counsel states that the changes are "agreed to by the parties," but nowhere on the public record can we see the exact changes reviewed and the express agreement resulting — leaving what was agreed prone to mistake or misrecollection.

As a result, **BY NOON ON TUESDAY, NOVEMBER 11, 2025**, Anthropic **SHALL SUBMIT** a statement approving of *all* changes approved by class counsel as modified by this order, or object thereto. Note well that this order makes a final clarification to the notice further below.

Also, any future modifications to class notice **SHALL BE SUBMITTED IN A JOINT MOTION** stating (1) counsel's intent in making each change or family of changes, (2) counsel's candid assessment of any other potential implications of each change or changes (good and bad), and (3) each side's approval of each change or changes (or disapproval, set out completely but concisely), plus (4) exhibits of the redlined copies, of the resulting clean copies, and of the sworn statement of the person who generated the redlined copies that they accurately and completely track the changes from the copies last docketed (some tracked changes therefore reflecting, as occurred in this "Report," changes previously ordered).

Finally, the Court is surprised and disappointed that class counsel took it upon themselves to create and to publish new information that may have seemed to class members to create new material rights, obligations, and immunities. For example, the long-form notice has

been published for some unknown time on the class website in a version containing at least some of the changes only now "Report[ed]" to the Court (at 4 n.2 (re FAQ 26)). This version of the long-form notice **SHALL BE REMOVED IMMEDIATELY** from the website (whether as PDF or webpage). And, **BY NOON ON TUESDAY, NOVEMBER 11**, counsel shall promptly submit a plan for correcting this error, including a plan for curing misinformation for any class members who have submitted claims in possible reliance on inaccurate information.

2. **REQUEST FOR USE OF SEAL.**

Next, class counsel requests that the Court permit the Clerk to share a super high-resolution image of the Court's seal for printing on envelopes for notices (§ IV.B; *see* Dkt. No. 416). After considering this issue further, the request to use this version of the seal or any is **DENIED**. Counsel may instead include something like the below:

> **Important Class Action Notice**
> **Authorized by Senior District Judge William Alsup**
> United States District Court for the Northern District of California
> *Contact*: 450 Golden Gate Ave., San Francisco, CA 94102

3. **REQUEST FOR SUBSTITUTION OF SPECIAL MASTER.**

To fill the role of special master, class counsel requests that the contingently approved attorney Naomi Jane Gray be replaced with attorney Theodore K. Cheng. This is "to avoid the appearance of a potential unforeseen conflict" (at 4). The contingent approval of Attorney Gray is fully **WITHDRAWN**.

Attorney Cheng's declaration of qualifications is too thin, however, making it difficult to assess not only sufficiency of qualifications but also absence of any conflict or appearance of conflict (*see* Dkt. No. 440-7). The proposed rate of $1,000 is too high (*see* Dkt. No. 440-8). And, the order of reference was not jointly stipulated and submitted, as requested (Dkt. No. 437 at 14), although class counsel does state in its brief that Anthropic agrees with the proposed choice of special master. This request to appoint Attorney Cheng is **DENIED**.

Counsel may re-propose Attorney Cheng, or may propose someone else instead. But it must ensure the candidate attorney submits a supporting declaration sufficiently detailed to show that the problem encountered as to Attorney Gray (and other foreseeable problems) will

6

not arise as to the attorney chosen. The Court reminds the parties that Special Master Harold McElhinny already has been approved to serve in this action by agreement of the parties, is available to serve in this particular capacity if again agreed by the parties, and is willing to do the job for $500 an hour. **BY NOON ON TUESDAY, NOVEMBER 18**, counsel shall jointly submit a recommended special master, the candidate's detailed declaration, and a standalone, stipulated order of reference.

### 4. CLAIM AGGREGATORS.

Class counsel reports that all claim aggregators encountered so far but one have decided not to attempt to aggregate claims to file for this settlement (§ I).

The Court always has anticipated that class members would directly submit their own request for exclusion (opt out), request for re-inclusion (opt back), objections, and claims. The Court does not authorize claim aggregators, for instance, to prepare and to submit claim forms on behalf of someone else. Notwithstanding any contrary indication in the settlement agreement, every opt out, opt back, objection, or claim must be signed personally by the class member except that where the class member is not an individual but a legal entity then by necessity the class member must have either an officer or managing agent sign such submissions. If a class member requires assistance to complete a submission, that is the role of class counsel. The class member must personally sign and attest to the submission where relevant. Class counsel **SHALL CLARIFY** the class notice and anything else to the extent necessary to make these points clear, including by replacing instances of "signed by you or your authorized representative" to instead read "signed personally by you (the class member)."

**IT IS SO ORDERED.**

Dated: November 7, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7