Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas *(pro hac vice)*
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (SBN 316062)
Michael Adamson (SBN 321754)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
rnath@susmangodfrey.com
madamson@susmangodfrey.com

Jordan W. Connors*
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101-2683
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser*
Samir Doshi*
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 51st Floor,
New York, NY 10001-8602
Telephone: (212) 336-8330
csmyser@susmangodfrey.com
sdoshi@susmangodfrey.com

*Co-Lead Class Counsel*

Rachel Geman *(pro hac vice)*
Jacob S. Miller *(pro hac vice)*
Danna Z. Elmasry *(pro hac vice)*
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Daniel M. Hutchinson (SBN 239458)
Jallé H. Dafa (SBN 290637)
Amelia Haselkorn (SBN 339633)
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com
jdafa@lchb.com
ahaselkorn@lchb.com

Betsy A. Sugar*
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
222 Second Ave., #1640
Nashville, TN 37201-2375
Telephone: (615) 313-9000
bsugar@lchb.com

*Co-Lead Class Counsel*
*(Pro Hac Vice)*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>    Defendant. | Case No.: 3:24-cv-05417-WHA<br><br>**PLAINTIFFS' RESPONSE AND NOTICE OF COMPLIANCE REGARDING COURT'S ORDER ON CHANGES TO CLASS NOTICE AND THE APPOINTMENT OF A SPECIAL MASTER (DKT. NO. 453)** |

## **TABLE OF CONTENTS**

**Page**

I.      PRELIMINARY STATEMENT ................................................................ 1

II.     FORM OF NOTICE. ........................................................................... 2

        A.      FAQ 26: Special Master Dispute Procedure. ............................... 2

        B.      FAQ 55: Authors Who Use Pseudonyms Have Legitimate Privacy and Safety
                Concerns That Support Removing Their Real Names from the Works List. .......... 3

        C.      Claims Aggregators and Requirement for Class Members Sign Their Own Name. ............ 4

        D.      Additional Corrective Notice ........................................................ 5

III.    SPECIAL MASTER ......................................................................... 5

IV.     CONCLUSION.............................................................................. 5

## I.    **PRELIMINARY STATEMENT**

Class Counsel submits this response to the Court's November 7, 2025 Order addressing class notice and the appointment of a Special Master. Dkt. No. 453. Immediately following the Court's Order, Class Counsel removed the prior long-form notice from the Settlement Website, along with the two FAQs impacted by the Court's order. Geman Decl. ¶ 2. Class Counsel believe that its adjustments to the long-form notice were consistent with prior filings allowing for further FAQ modifications in response to Class Member inquiries,[1] but going forward no change to class notice will be made without first obtaining the Court's express approval through a joint noticed motion. As for the remaining issues identified in the Court's November 7 Order:

*First,* Class Counsel request one edit to FAQ 26. By way of background, the text of FAQ 26 came verbatim from the Claim Form. With respect to the Court's new language for FAQ 26 provided by the Court, Class Counsel propose to permit a post-distribution accounting that strikes a balance between protecting Class Member privacy while permitting Class Member and the public to see the distribution of awards, i.e., an anonymized list of awards.

*Second,* Class Counsel request that the Court reconsider its order addressing FAQ 55 and permit the use of pseudonyms. The use of pen names is a common practice—particularly among romance authors—and is expressly recognized by the Copyright Office. Allowing authors, upon request and after identity verification, to substitute pseudonyms for legal names would impose minimal administrative burden while materially safeguarding important privacy and reputational interests for affected authors.[2]

*Third*, with respect to submissions by representatives, Class Counsel seek to clarify that, in addition to situations where an officer or managing agent may sign the Claim Form, Objection, or Opt-Out, trustees of trusts and representatives of deceased authors' estates should likewise be permitted to sign a Claim Form on

---

[1] *See, e.g.*, Dkt No. 417 at 5 ("Nonmaterial modifications and clarifications, and/or updates to respond to frequently asked questions, may be made to the Notices by The Settlement Administrator without further order of Court. Any such modifications must be approved by the Parties and consistent win all material respects with the Settlement Agreement and this Order."); Dkt. No. 399 ¶ 99 ("The frequently asked questions will be updated regularly to reflect passed deadlines as well as questions that arise about the claim form or claims procedure."); Dkt. 363-3 ("The Settlement Administrator shall send Notice . . . substantially in the form of that attached to the Motion for Preliminary Approval."); *see generally* Dkt. No. 437 at 1 (citing Court's review of docket entries in preliminary approval order, including Dkr. Nos. 417, 399, 363). Class Counsel also note that the October 31 filing contained all of the proposed changes, although some inadvertently were not shown up in redline, for which Class Counsel apologize.

[2] As Anthropic will set forth in its simultaneous filing, Anthropic concurs with this request.

behalf of the entities they represent.

*Fourth,* Class Counsel renew their joint request that the Court appoint Mr. Theodore K. Cheng as special master. As set forth in his concurrently filed declaration, Mr. Cheng's has extensive copyright experience, has confirmed he has no conflicts in this action, and has agreed to a reduced hourly rate of $500.

*Fifth,* Class Counsel address two forms of curative notice. First, while no Claim Forms have been submitted that were signed by a claims aggregator, Class Counsel proposes that, with Court approval, the Settlement Administrator directly contact Class Members whose submitted Claim Forms lack a personal signature or attestation and/or appear to have been submitted by a third-party. Geman Decl. Ex. H. Second, to address the changes to the Settlement Website (including taking language from the Claim Form and adding it into an FAQ), Class Counsel propose that (a) the Notice will state "UPDATED AS OF ____ DATE" and (b) the Settlement Administrator e-mail any Class Member who already has submitted a claim by linking to the updated Long-Form Notice.

Attached as Exhibit A is the Long-Form Notice (including the FAQs) jointly proposed by Class Counsel and Anthropic, which includes the proposed reinsertion of FAQ 55 and the other proposed edits addressed below.

## II.   FORM OF NOTICE.

Class Counsel propose a modified form of notice that implements all the Court's changes, except for a few proposed modifications addressed below. For the Court's approval, Class Counsel also submit a proposed Corrected Buckslip, which removes the word "guarantee" pursuant to the Court's order. Geman Decl. Ex. G.

### A.   FAQ 26: Special Master Dispute Procedure.

The Court's new language for FAQ 26 will be implemented, with one request discussed below.[3]

Class Counsel understand that the Court envisions a final plan of distribution under which the amounts each Class Member receives from the Settlement will be made public. Class Counsel respectfully submit that

---

[3] The Parties do not read the Court's November 7, 2025 Order to be altering the Claim Form's existing language that makes clear that the Special Master's decisions are non-precedential. The Court approved this language, and for good reason: it is fully consistent with the efficient dispute-resolution mechanism the settlement envisions. It is also worth noting that more than 60,000 works have been submitted on the approved form, and that the approved form has been addressed in a number of Class Member town halls, webinars, and communications addressed to authors' and publishers' groups.

public disclosure of individualized payment information may expose sensitive details, including private contractual relationships and the names of estate planning entities. Such disclosures risk depressing the claims rate or encouraging objections and opt-outs. To balance transparency with privacy, Class Counsel propose that the identities of distribution recipients be filed under seal and/or otherwise anonymized. *See, e.g.*, *Norton v. LVNV Funding, LLC*, 2021 WL 3129568, at *10 n.4 (N.D. Cal. July 23, 2021) (requiring the filing of "an anonymized spreadsheet" in connection with settlement claims and distributions). For example, transparency and privacy could both be served by making public the amounts distributed among the relevant authors for each work and publishers for each work, without disclosing the names of specific persons or entities that received the funds. If the Court approves such a procedure, Class Counsel propose the following corresponding edit to FAQ 26:

- <u>From</u>: "Finally, notwithstanding anything above, what claim awards are distributed and to whom will be public records, with redactions only to banking information and personal, non-corporate contact information. Class Members are entitled to know the final approved plan of distribution and to whom the money is paid."

- <u>To</u>: "Finally, notwithstanding anything above, what claim awards are distributed and to whom *(identified by a unique claimant number)* will be public records, *in that the final plan of distribution will include a table of payments.* Class Members are entitled to know the final approved plan of distribution."

### B.    FAQ 55: Authors Who Use Pseudonyms Have Legitimate Privacy and Safety Concerns That Support Removing Their Real Names from the Works List.

Class Counsel respectfully seek reconsideration of the Court's Order striking FAQ 55. The FAQ—and the accompanying protocol permitting removal, upon request, of the legal names of authors who write under a pen name—was implemented in response to concerns raised by more than a dozen Class Members who write pseudonymously. Geman Decl. ¶ 3. Many of these Class Members have articulated significant privacy concerns, explaining that their friends, family members, or employers are unaware of their writing career. Because of the high-profile nature of this settlement, and because the Settlement Website is well-publicized, these authors are gravely concerned that the association of their legal names with their works on the Settlement Website will expose their identities. Geman Decl. ¶ 3.

1    Authors use pseudonyms for a range of legitimate reasons, including protecting personal safety,

2    preserving professional boundaries in public-facing roles, and avoiding harassment from fans or critics. The

3    protocol adopted by Class Counsel and the Settlement Administrator addresses these interests without

4    disrupting the claims-administration process. The Settlement Administrator will still maintain a record of the

5    author's legal name (confidentially), continue to send direct notice to all authors, and will only make an

6    adjustment to the public, searchable database of Class works after verifying the identity of a pseudonymous

7    author. In short, the protocol preserves the integrity of the claims process while mitigating the privacy risks

8    to legitimate pseudonymous authors.

9    Class Counsel therefore respectfully urge the Court to permit the protocol for removing legal names

10    from the public works list when doing so will protect the privacy interests of verified pseudonymous authors,

11    and to avoid any chilling effect on Claims filing.

12    ### C.    Claims Aggregators and Requirement for Class Members To Sign Their Own Name.

13    Pursuant to the Court's November 7, 2025 Order, Class Counsel propose a limited curative notice plan

14    to ensure that any Class Members who have already submitted a claim know that their Claim Form must be

15    signed personally by the Class Member. Dkt. No. 453 at 7. The proposed curative notice would explain that

16    any Claim Form not signed by a Class Member should be re-submitted with the Class Member's signature.

17    For Class Members that are not individuals but a legal entity (*e.g.*, a company or trust), the Claim Form should

18    be signed by the entity's officer, manager, trustee, or equivalent. A full draft of the proposed curative notice

19    is filed herewith as Exhibit H to the Geman Declaration. This curative notice, if approved, will ensure that

20    Class Members who have already filed claims receive correct information and the opportunity to cure a

21    noncompliant claim.

22    In addition, as currently drafted, the Notices inform Class Members that opt-out requests may "be

23    signed by you or your authorized representative," FAQ 40; but FAQ 44 directs that objections must be "signed

24    by you personally." To harmonize these provisions, Class Counsel propose striking "or your authorized

25    representative" from FAQ 40. *See* Geman Decl., Ex. A. To date, all opt-outs (and objections) received by

26    the Settlement Administrator have been submitted by the Class Members themselves. Geman Decl.

27    ¶ 4. Accordingly, revising the language in the Notices and on the Settlement Website is sufficient and no

28    additional curative notice is necessary.

### D.    Additional Corrective Notice

To account for those who may have seen the Settlement Website when it included statements not approved by the Court and/or not approved by the Court to be in the FAQ section versus in the Claim Form, Class Counsel propose that the mailed long-form notice include the following statement on the first page: "This Notice includes up-to-date information as of [date]. Please note that if you visited the Settlement Website before November 7, 2025, some of the information contained in this Notice may have since changed, so please review this Notice carefully." Likewise, Class Counsel propose that the Settlement Website include the following statement: "Please note that, prior to November 7, 2025, this website included some information that has since been revised pursuant to the Court's Order. These changes were made to FAQs 16 and 26. If you reviewed the website before November 7, please carefully re-review the website for the latest Court-approved information."

## III.    SPECIAL MASTER

Class Counsel re-propose the appointment of Theo Cheng as Special Master. Mr. Cheng has agreed to reduce his standard rate by half (to $500) for this matter in response to the Court's November 7, 2025 Order. Mr. Cheng has extensive experience in intellectual property, including nearly 25 years of experience as an IP and commercial litigator with a focus on copyrights and patents, and has more than seven years of experience serving as a neutral in high-stakes intellectual property cases. Geman Decl. Ex. I (Cheng Resume). Class Counsel's decision to propose Mr. Cheng came after extensive discussions with a variety of stakeholders and key membership associations, including the Authors Guild, Textbook and Academic Authors Association, and the Association of American Publishers. Consistent with the Court's order, the Parties will file contemporaneously a joint stipulated order of reference and detailed declaration for Mr. Cheng.

## IV.    CONCLUSION

For the foregoing reasons, Class Counsel request that the Court (1) approve the final versions of the Long Form, Short Form and Email notices, and Buckslip[4]; (2) permit the requested change to FAQ 26 related to dispute resolution; (3) permit the reinstatement of FAQ 55 related to pseudonyms; (4) approve Theodore K. Cheng as Special Master of the Settlement; and (5) approve the plan for the issuance of limited curative

---

[4] Class Counsel are informed that final versions of the notices are needed by November 14 to permit satisfaction of the November 24 mailed notice deadline.

1  notice.

2   Dated: November 11, 2025

3  By: */s/ Justin A. Nelson*                       By: */s/ Rachel Geman*

4   Justin A. Nelson (*pro hac vice*)              Rachel Geman *(pro hac vice)*
    Alejandra C. Salinas (*pro hac vice*)          Jacob S. Miller *(pro hac vice)*
5   **SUSMAN GODFREY L.L.P**                         Danna Z. Elmasry *(pro hac vice)*
    1000 Louisiana Street, Suite 5100              **LIEFF CABRASER HEIMANN**
6   Houston, TX 77002-5096                          **& BERNSTEIN, LLP**
    Telephone: (713) 651-9366                      250 Hudson Street, 8th Floor
7   jnelson@susmangodfrey.com                      New York, New York 10013-1413
    asalinas@susmangodfrey.com                     Telephone: (212) 355-9500
8                                                  rgeman@lchb.com
    Rohit D. Nath (SBN 316062)                     jmiller@lchb.com
9   Michael Adamson (SBN 321754)                   delmasry@lchb.com
    **SUSMAN GODFREY L.L.P**
10  1900 Avenue of the Stars, Suite 1400
    Los Angeles, CA 90067-2906                     Daniel M. Hutchinson (SBN 239458)
11  Telephone: (310) 789-3100                      Jallé H. Dafa (SBN 290637)
    RNath@susmangodfrey.com                        Amelia Haselkorn (SBN 339633)
12  MAdamson@susmangodfrey.com                     **LIEFF CABRASER HEIMANN**
                                                   **& BERNSTEIN, LLP**
13  J. Craig Smyser (*pro hac vice*)               275 Battery Street, 29th Floor
    Samir H. Doshi (*pro hac vice*                 San Francisco, CA 94111-3339
14  **SUSMAN GODFREY L.L.P**                         Telephone: (415) 956-1000
    One Manhattan West, 51st Floor,                dhutchinson@lchb.com
15  New York, NY 10019                             rstoler@lchb.com
    Telephone: (212) 336-8330                      jdafa@lchb.com
16  csmyser@susmangodfrey.com                      ahaselkorn@lchb.com
    sdoshi@susmangodfrey.com

17                                                 Betsy A. Sugar (*pro hac vice*)
    *Co-Lead Counsel*                              **LIEFF CABRASER HEIMANN**
18                                                 **& BERNSTEIN, LLP**
                                                   222 2nd Avenue S., Suite 1640
19                                                 Nashville, TN 37201
                                                   Telephone: (615) 313-9000
20                                                 bsugar@lchb.com

21
                                                   *Co-Lead Counsel*
22

23  Scott J. Shoulder (*pro hac vice*)             Jay Edelson*
    CeCe M. Cole (*pro hac vice*)                  **EDELSON PC**
24  **COWAN DEBAETS ABRAHAMS**                       350 North LaSalle Street, 14th Floor
    **& SHEPPARD LLP**                               Chicago, IL 60654
25  60 Broad Street, 30th Floor                    Telephone: (312) 589-6370
    New York, New York 10010                       jedelson@edelson.com
26  Telephone: (212) 974-7474
    sshoulder@cdas.com                             Matthew J. Oppenheim*
27   ccole@cdas.com                                **OPPENHEIM & ZEBRAK LLP**
                                                   4530 Wisconsin Ave, NW, 5th Floor
28  *Additional Counsel for the Class and Authors'*  Washington, DC 20016
    *Coordinating Counsel*                          Telephone: 202.450.3958

matt@oandzlaw.com

*Publishers' Coordinating Counsel*