Ivy Ngo (S.B.N. 249860)
**FREEDMAN NORMAND FRIEDLAND LLP**
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
T: (646) 494-2900
Email: ingo@fnf.law

Devin (Velvel) Freedman (*pro hac vice*)
Alex Potter (*pro hac vice*)
**FREEDMAN NORMAND FRIEDLAND LLP**
155 E. 44th Street, Suite 915
New York, NY 10017
T: (646) 494-2900
Email: vel@fnf.law
           apotter@fnf.law

*Counsel for Third Party*
*ClaimsHero Holdings LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-cv-05417-WHA<br><br>**DECLARATION OF MATTHEW FREUND IN SUPPORT OF CLAIMSHERO'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER LIMITING THIRD PARTY'S COMMUNICATIONS WITH CLASS MEMBERS AND FOR OTHER RELIEF PURSUANT TO FED. R. CIV. P. 23(d)** |

I, Matthew Freund, declare as follows:

1.   I am the CEO of ClaimsHero Holdings LLC ("ClaimsHero").

2.   I make this declaration in support of ClaimsHero's Opposition to Plaintiffs' Motion for An Order Limiting Third Party's Communications With Class Member and For Other Relief Pursuant to Fed. R. Civ. P. 23(D).

3.   I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.

**ClaimsHero unambiguously sought to represent opt-outs from the proposed settlement**

4. On October 27, 2025, ClaimsHero launched a website seeking clients that want to opt out of the Anthropic settlement (the "Settlement") and file claims against Anthropic in court.

5. I will refer to that website as the Version 1 or "V1" of ClaimsHero's Anthropic-related website.

6. ClaimsHero's V1 website referenced opting out of the Settlement no less than five times.

7. The *first sentence* specified that "authors and rightsholders *may be entitled to more compensation by opting-out of the settlement.*" Emphasis is added throughout.

8. Attached as **Exhibit 1** is a true and correct copy of a screenshot of the first paragraph on ClaimsHero's V1 website.

9. The "Overview" section of the website explained the Settlement provides "$3,000 per work" but "you may be eligible for more compensation than provided by the Settlement by *opting out of it and pursuing your claims against Anthropic in court.*"

10. Attached as **Exhibit 2** is a true and correct copy of a screenshot of the V1 "Overview" section of ClaimsHero's website.

11. The V1 FAQ section of the website stated: "Is ClaimsHero only representing opt-outs from the Settlement?" *"Yes, ClaimsHero is only representing authors and rightsholders who intend to opt-out from the Anthropic Settlement*."

12. Attached as **Exhibit 3** is a true and correct copy of a screenshot of that "FAQ" on ClaimsHero's V1 website. That FAQ remained unchanged on ClaimsHero's website from launch to today.

13. The V1 FAQs also answered "*why would an author or rightsholder op-out of the Settlement?*" in part with "if Anthropic is determined to have infringed the works, then the Copyright Act provides for statutory damages up to $150,000 for willful infringement. Authors and

rightsholders *may wish to seek these damages directly against Anthropic rather than settling for $3,000 per work.*"

14. Attached as **Exhibit 4** is a true and correct copy of a screenshot of that V1 "FAQ" on ClaimsHero's Anthropic website.

15. The V1 FAQs answered "How do I know if my work is part of the class settlement *so that I can opt-out?*" in part by providing a link to the Works List on the settlement administrator's website.

16. Attached as **Exhibit 5** is a true and correct copy of a screenshot of that V1 "FAQ" on ClaimsHero's Anthropic website.

17. The V1 FAQs also answered "Where can I find out more information about this case" by providing a link to the settlement administrator's website.

18. Attached as **Exhibit 6** is a true and correct copy of a screenshot of that V1 "FAQ" on ClaimsHero's Anthropic website.

19. During ClaimsHero's client intake process on its website, ClaimsHero made prospective class members click, *two separate times*, that they wanted to be excluded from the class.

20. First, they had to click the radio button below requesting "to be excluded from the proposed Class . . . ."

21. Attached as **Exhibit 7** is a true and correct copy of a screenshot of that first radio button consent on ClaimsHero's V1 website. That radio button consent has remained unchanged on ClaimsHero's website from launch to today.

22. Later on the page, they had to click a second radio button, authorizing ClaimsHero to take the steps "on my behalf to exclude me from the proposed Class . . . ."

23. Attached as **Exhibit 8** is a true and correct copy of a screenshot of that second radio button consent on ClaimsHero's Anthropic V1 website. That radio button consent has remained unchanged on ClaimsHero's website from launch to today.

24. If a potential client completed the intake process, ClaimsHero presented them with an engagement letter.

25. The first sentence of ClaimsHero's engagement letter for its Anthropic opt-out clients states that they "***hereby retain ClaimsHero*** Holdings LLC (the 'Firm') ***to represent You*** (the 'Client') ***in opting out from the class action settlement*** in *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D. Cal.) (the 'Settlement') ***and asserting your copyright claims against Anthropic***." That engagement letter language has remained unchanged on ClaimsHero's website from launch to today.

26. On October 27, 2025, ClaimsHero began social media advertising to truthfully inform class members that they may be entitled to more compensation than the Settlement provided and to direct them to ClaimsHero's website so that they could determine their eligibility to opt out and file a claim in court against Anthropic.

**Class Counsel conveys concerns to ClaimsHero**

27. On November 2, 2025, Class Counsel contacted ClaimsHero regarding unspecified "concerns."

28. The same day, ClaimsHero immediately paused all social media advertising until it could hear Class Counsel's concerns.

29. On November 3, 2025, a call was held with Class Counsel—including Rachel Geman, Daniel Hutchinson, and Rohit Nath—in which they conveyed concerns described further in the Attorney Declaration of Alex Potter.

**ClaimsHero addressed Class Counsel's concerns**

30. After the call, ***and that same day***, ClaimsHero addressed Class Counsel's concerns by creating a new version of the website that went above and beyond on disclosures.

31. I will refer to that website as the Version 2 or "V2" of ClaimsHero's Anthropic-related website.

32. Even though ClaimsHero's prior button stating "Start a Claim" was truthful because its clients intend to bring claims in court against Anthropic, ClaimsHero revised the button leading to its intake forms for V2 to state "Opt Out Today."

33. ClaimsHero also revised its opening paragraph in V2 to make it absolutely clear that there is a settlement for $3,000 per work, that class members could be entitled to more, but that to do so, they must opt out of the settlement, and fight for it.

34. Attached as **Exhibit 9** is a true and correct copy of a screenshot of the opening paragraph on ClaimsHero's Anthropic V2 webpage.

35. To further address Class Counsel's concerns, ClaimsHero revised the "Overview" section of V2 to include, among other things, (i) as the first sentence in **bold font** that it was **not** affiliated with class counsel or settlement administrator and was **only seeking to represent** opt outs of the settlement; (ii) maintained the prior language that the current settlement provided for $1.5 billion or $3,000 per work; (iii) maintained the prior language that you "may be eligible for more compensation than provided by the Settlement by opting out of it and pursing claims against Anthropic in court"; and concluded by asking class members to (iv) let ClaimsHero "represent you in your case against Antrhopic by opting out now!"

36. Attached as **Exhibit 10** is a true and correct copy of a screenshot of the "Overview" section on ClaimsHero's V2 website.

37. On reviewing the site after the call, ClaimsHero realized that its V1 website had inadvertently re-used a graphic from the claims processing side of its operations that stated clients could "claim your share in minutes" and "complete our form" and "we handle the rest." ClaimsHero immediately deleted that graphic from V2.

38. ClaimsHero also revised the FAQ about why a class member would opt out. The FAQ now asks why an author would "**opt out**" and "**file an individual lawsuit**," and responds by telling class member they "**have a right to let the class action resolve their claims** . . for just $3,000" but "**also have the right to opt out** . . . and let us (or another law firm) seek damages directly against Anthropic."

39. Attached as **Exhibit 11** is a true and correct copy of a screenshot of that FAQ on ClaimsHero's Anthropic V2 webpage.

40. Finally, in response to the FAQ "where can I find out more information about this case," ClaimsHero added links to both Class Counsel's websites *in addition to* the link to the settlement administrator.

41. Attached as **Exhibit 12** is a true and correct copy of a screenshot of that FAQ on ClaimsHero's Anthropic V2 webpage.

**ClaimsHero addressed the additional concerns identified in the motion**

42. Following Class Counsel's motion, ClaimsHero *again* revised its website and advertisements to eliminate even the additional "issues" identified in the motion.

43. ClaimsHero revised its generic account creation page complained of to remove all refences to "claims" and "taking care of the rest."

44. Attached as **Exhibit 13** is a true and correct copy of a screenshot of the account creation page on ClaimsHero's updated webpage.

45. To further address Class Counsel's complaints that the ramifications of opting out weren't clear enough, ClaimsHero also added an FAQ, which (i) explains the consequences of opting out in plain English, (ii) links to the settlement administrator's own FAQ website about opting out, and (iii) reproduces the settlement administrator's own language about opting out.

46. Attached as **Exhibit 14** is a true and correct copy of that FAQ on ClaimsHero's updated website.

47. In light of Class Counsel's concerns, and out of an abundance of caution, ClaimsHero even removed its *single* ad reference saying clients may qualify for a "serious cash settlement," despite that being true in the case that they opt out and file an individual claim against Anthropic.

48. ClaimsHero has revised its social media static advertising to prominently state it seeks to opt out clients from the Settlement.

49. Attached as **Exhibit 15** is a true and correct copy of screenshots of each of the static social media ads that were run beginning on November 6, 2025.

50. ClaimsHero continues to pause its social media video advertisements until they can be revised to prominently reference opting out of the Settlement.

DECLARATION OF MATTHEW FREUND

1   I declare under penalty of perjury that the foregoing is true and correct.

2   Executed on Tuesday, November 12, 2025, at Miami, Florida.

/s/ *Matthew Freund*
Matthew Freund