Ivy Ngo (S.B.N. 249860)
**FREEDMAN NORMAND FRIEDLAND LLP**
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
T: (646) 494-2900
Email: ingo@fnf.law

Devin (Velvel) Freedman (*pro hac vice*)
Alex Potter (*pro hac vice*)
**FREEDMAN NORMAND FRIEDLAND LLP**
155 E. 44th Street, Suite 915
New York, NY 10017
T: (646) 494-2900
Email: vel@fnf.law
   apotter@fnf.law

*Counsel for Third Party*
*ClaimsHero Holdings LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-cv-05417-WHA<br><br>**ATTORNEY DECLARATION OF ALEX POTTER IN SUPPORT OF CLAIMSHERO'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER LIMITING THIRD PARTY'S COMMUNICATIONS WITH CLASS MEMBERS AND FOR OTHER RELIEF PURSUANT TO FED. R. CIV. P. 23(d)** |

I, Alex Potter, declare as follows:

1. I am a partner at Freedman Normand Friedland LLP and counsel for Third Party ClaimsHero Holdings LLC ("ClaimsHero"). I am admitted *pro hac vice* before the Court. (Dkt. No. 445).

2. I make this declaration in support of ClaimsHero's Opposition to Plaintiffs' Motion for An Order Limiting Third Party's Communications With Class Member and For Other Relief Pursuant to Fed. R. Civ. P. 23(d).

3. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.

4. On November 2, 2025, I responded to Class Counsel's communication to ClaimsHero that they had unspecified concerns by setting up a call for the next day.

5. On November 3, 2025, a call was held between me, ClaimsHero's CEO Matthew Freund, and Class Counsel—including Rachel Geman, Daniel Hutchinson, and Rohit Nath.

6. On the call, Class Counsel asserted ClaimsHero's website was misleading because they found it unclear whether ClaimsHero was submitting claims to the settlement administrator or opting clients out of the Settlement.

7. I requested detail regarding what aspects of the website Class Counsel considered misleading.

8. Class Counsel pointed to (1) the existence of a button that stated "start a claim" to initiate ClaimsHero's intake process and (2) that the Anthropic-related website did not have an *express* statement that ClaimsHero is not affiliated with the settlement administrator or Class Counsel.

9. I conveyed to Class Counsel that I would address potential revisions to the website with ClaimsHero and asked them how the website might be revised such that their concerns would be allayed.

10. Class Counsel responded with three demands: that (1) ClaimsHero take down its website regardless of any revisions it might make, (2) ClaimsHero disclose all Anthropic-related advertisements to them, and (3) ClaimsHero disclose the number of clients that had retained it.

11. I informed Class Counsel I would discuss their requests with my client.

12. The same day, I emailed Class Counsel to let them know revisions had been made to ClaimsHero's website to allay their concerns. *See* Dkt. No. 442-3 at 2.

13. I wrote, among other things, that: "I trust this correspondence has resolved your concerns. To the extent it has not, I'd be happy to speak with you about what exactly you find problematic." *Id.*

1   I declare under penalty of perjury that the foregoing is true and correct.

2   Executed on November 12, 2025, at San Francisco, California.

                                                            */s/  Alex Potter*
                                                            Alex Potter