UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BARTZ and KIRK WALLACE JOHNSON, individually, and ANDREA BARTZ, INC., CHARLES GRAEBER, and MJ + KJ, INC., individually and as representatives of the class,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | No.  C 24-05417 WHA<br><br>**FURTHER ORDER ON STATUS REPORT RE CHANGES TO CLASS NOTICE** |

Class counsel filed a "Notice of Compliance and First Report on Settlement Implementation" (Dkt. No. 440), prompting an order (Dkt. No. 453 ("Pr. Or.")). Class counsel responded (Dkt. Nos. 455, 457, 472–74), as did Anthropic PBC (Dkt. No. 454). This order results.[1]

1. **CHANGES TO NOTICES.**

This order addresses required changes to the long-form notice to class members and the buckslip (Exhs. A, G). A separate order will address required changes to the other forms of direct notice to class members, namely the short-form and email notices (Exhs. C, E). The short-form and email notices are **NOT APPROVED** and **SHALL NOT BE DISSEMINATED** until further order (*see also* Dkt. No. 437 ("Op.") at 10–11). In reviewing the proposed email notice to be sent to class members in particular, the district judge sees that it does not give equal

---

[1] Unless otherwise noted, pages cited are from the response (Dkt. No. 455), exhibits are from its attached declaration, and "FAQs" are from the long-form notice (Exh. A (clean); Exh. B (redline)).

dignity to the option of filing a claim versus the option of opting out, and in fact steers class members toward filing a claim even before mentioning there still is an opportunity to opt out. This and other problems — including regarding the settlement website — will be addressed in the further order.

### A. PREVIOUSLY ORDERED CHANGES FOR WHICH CLASS COUNSEL SEEKS RECONSIDERATION, RESULTING IN AMENDED CHANGES.

#### (i) Dispute Procedure and Precedential Effect.

Class counsel states that several paragraphs that the last order clarified in the long-form notice's FAQ 26 also appeared in the claim form itself (at 1).

*As to one paragraph*, class counsel proposes this revision (at 3 (reformatted)):

☐ *Previously Ordered*: "Finally, notwithstanding anything above, what claim awards are distributed and to <u>whom will</u> be public records, <u>with redactions only to banking information and personal, non-corporate contact information</u>. Class Members are entitled to know the final approved plan of distribution and to whom the money is paid."

☐ *Proposed*: "Finally, notwithstanding anything above, what claim awards are distributed and to <u>whom (identified by a unique claimant number) will</u> be public records, <u>in that the final plan of distribution will include a table of payments</u>. Class Members are entitled to know the final approved plan of distribution."

The proposal is **DENIED**. The following final alternative addresses a legitimate clarification while retaining the prior points, and is **APPROVED AND ORDERED**:

> Finally, notwithstanding anything above, what claim awards are distributed and to whom will be public information (such as in a table of payments that always shows amounts paid by legal name by copyright registration while redacting banking information and non-corporate contact information). Class Members are entitled to know the final approved plan of distribution and to whom the money is paid.

*As to all paragraphs ordered changed in the class notice that also appear in the claim form*, class counsel and Anthropic make an ambiguous objection (at 2 n.3). They state that they consider the previous order's required changes as consistent with what was said before and clarifying only details. And, they suggest that no one could have relied detrimentally upon these details when submitting a claim form — so no curative notice is needed for past

2

submitters. This order does not necessarily agree with this view of the prior order nor of the absence of any need for cure. (Curative measures are addressed below.) Less clear, however, is whether class counsel and Anthropic oppose making the changes to these paragraphs where they appear in the claim form (Dkt. No. 405 (in the section titled "Resolving Any Disputes")) so as to be seen by future submitters.

To avoid doubt, all changes required by the prior order and this one to the paragraphs appearing in FAQ 26 **SHALL BE MADE** also to the same paragraphs appearing in the claim form going forward.

### (ii) Authors' Pen Names Versus Real Names.

Class counsel renews the request to include FAQ 55 and to permit removal of real names from the Works List Lookup, that is, from the publicly searchable copy of the Works List available at the settlement website (at 3–4). Class counsel's proposed text and policy is **DENIED**. The following final alternative is **APPROVED AND ORDERED**:

> **55. Why is my real name listed next to my pen name? Please remove my real name that is not on my public U.S. copyright registration.**
>
> As set forth in Questions 49–54, the information on the Works List was compiled from several publicly available sources, including from the copyright pages in printed books and from the works' U.S. copyright registrations. Such records often already list an author's real name (legal name) and the author's pen name (pseudonym). And, persons with a claim to a given work may find that work best by searching for one name or the other.
>
> As a result and by court order, no real name will be removed from a work's public listing in the Works List Lookup if it already is on the work's public U.S. copyright registration or on the copyright page of the printed book. Also, court records are presumptively public. At the end of this Settlement, the record of final payments made to Class Members will be public and will include the real names of the recipients, again by court order.
>
> So, if your work was registered with the U.S. Copyright Office such that only your pseudonym (and NOT your real name) is revealed publicly on the U.S. copyright registration, then the Court will allow the Works List Lookup to be amended such that only your pseudonym (and NOT your real name) is revealed there, too. Otherwise, real names will remain publicly displayed on the Works List Lookup.
>
> For your request to be approved, you will need to provide:

3

- ☐ compelling reasons to remove your real name
- ☐ proof of your pen name (pseudonym) and your real name (legal name)
- ☐ proof you are the author in question who corresponds to both names
- ☐ any agreement from others like your publisher to the removal, and
- ☐ copies of the U.S. copyright registration for the work and of the copyright page of your work as published.

Contact Class Counsel to make your request (they are listed in response to Question 37). Class Counsel will then submit your request on your behalf to the Court with all your submitted documents attached. That filing initially will be sealed.

Please note that the Court may deny and unseal part or all of your request without further notice if the Court decides it was not made for sufficiently compelling reasons.

Either way, if you file a claim for an award in this Settlement, you must then submit your legal name and your pseudonym for that purpose. And, if the Settlement is approved and if an award is paid to you, your real name will become public (see also Question 26).

### B.  PREVIOUSLY ORDERED CHANGES STILL NOT IMPLEMENTED.

#### (i)  *"Harmoniz[ing]" Requirements.*

The prior order required counsel to harmonize the requirements for personal signatures partly by "replacing instances of 'signed by you or your authorized representative' to instead read 'signed personally by you (the class member)'" (Pr. Or. 7). Counsel proposed striking "or your authorized representative" as if a fresh issue, it seemed, and did not fully complete the change as ordered. The change is still **ORDERED**.

Across the board for requests for exclusion, requests for re-inclusion, objections, and claims, the submission must be personally signed by the class member. If the class member is a living individual, the signature must be that person. If not, then by necessity the class member must sign through a specific signatory: If the class member is a corporate entity, then it must sign through its officer or managing agent; if the class member is a trust, then it must sign through its trustee; finally, if the class member is the estate of a deceased individual, then it must sign through its executor, estate administrator, or estate representative. Even so, these signatures must themselves be made personally by the signatories just stated. Only the above-

4

stated signatories are **APPROVED**. Class notice and claims forms shall not deviate in stating the personal signature requirement.

The foregoing is only one example where the requirements for exclusion (opt out), re-inclusion (opt back), objections, and claims were (or still are) not the same — and of where the class notice does not track the signed settlement agreement (*see* Dkt. No. 383 Q.34). For instance, the settlement agreement requires the submitter to identify the copyrighted work and the submitter's interest in it with specificity (among other specifying requirements) *both* for exclusion *and* for re-inclusion — whereas the class notice sets forth these requirements *only* for exclusion. The class notice, in other words, makes it hard to get out but easy to get back in, contrary to the parties' signed agreement. The district court cannot paw through hundreds of pages to correct every inconsistency. The district court must rely on counsel to do so.

### (ii) Applying Changes to the Buckslip.

Recall that the "buckslip" is the bookmark-like slip of paper that is to be included in the same letter envelope as the long-form notice sent to class members. The Court previously ordered that "bookmark and short-form notices also shall each contain each element of the Rule 23(c)(2)(B)(i)–(vii) content succinctly" (Op. 10). And, it ordered that "changes made in one place shall be made in every place relevant" (*ibid.*). Counsel did not comply. For example, the buckslip is still missing the changes proposed elsewhere to explain Anthropic's views, to state the manner of exclusion, to flag that a class member may appear through an attorney, to clarify that a claim is a "request to be eligible," and so on. The buckslip as-is (Exh. G) is **NOT APPROVED**. The changes previously ordered are **APPROVED AND ORDERED**.

Relatedly, the essential information **SHALL INCLUDE** those representing the class. This means the class representatives Andrea Bartz, Inc., Charles Graeber, and MJ + KJ Inc. And, this means class counsel, specifically the law firms, titles, and names of attorneys Rachel Geman and Justin A. Nelson, and one way to reach each. (For the same reason, the sentence set to be cut from FAQ 3 **SHALL REMAIN** in place or be moved to what is now FAQ 3's end.)

The buckslip, for avoidance of doubt, **SHALL BE DISSEMINATED *ONLY*** in the same letter envelope as the long-form notice sent to class members and not any other way.

5

### *(iii)* *Inconsistent Usage and Obvious Errors.*

Also in the category of changes that prior orders had assumed would be made by class counsel before now, class counsel shall please ensure that "changes made in one place [are] made in every place relevant" and fix typographical, grammatical, formatting, and other nits. **THE FOLLOWING CHANGES ARE SPECIFICALLY ORDERED** yet also are examples of other changes the two co-lead law firms with seventeen lawyers appearing should accomplish:

- ☐ Clean up usage so that "first" publication is consistently applied (*compare, e.g.*, Exh. G (not inserting "first"), *and* FAQ 51 (inserting "first" to clarify "first publication" only as to five-year but not as to three-month timeline), *with* Op. 2 (inserting "first" and "first" to clarify "first publication" as to five-year and as to three-month timelines, citing 17 U.S.C. § 410(c) and § 412(2)));

- ☐ Break out the lengthy lists of requirements now embedded in paragraphs (*e.g.*, FAQs 40, 41) so they can be consumed easily as checklists like the others (*e.g.*, FAQ 44);

- ☐ Clean up other incongruous paragraphing and spacing as possible (*compare, e.g.*, FAQ 51, *with* FAQs 8, 18, 53; *see, e.g.*, FAQ 49);

- ☐ Write out the website address of the Settlement Website and the Works List Lookup where now seemingly "linked" (*e.g.*, FAQ 3 ("[Works List Lookup](#)")) or not even "linked" although the location is key (FAQ 6 (" . . . available at Works List Lookup.")) in order to help readers of paper-copy notices learn where to find them;

- ☐ Clean up typos like "Works L   ist" (FAQ 3) and "**..**" (FAQ 6);

- ☐ Clean up "definition in by comparing [*sic*]" by restoring "Question 5" (FAQ 7);

- ☐ Clean up inconsistent defined terms — such as for "Settlement Administrator," "Notice Administrator," and "claims administrator" (*e.g.*, FAQs 16, 37, 40, 54), such as for "Class Counsel," "Plaintiffs' Counsel," and "Plaintiffs' attorneys" (*e.g.*, FAQs 7, 39, 49), and so on.

### C. *NEWLY ORDERED CURATIVE STATEMENT.*

For class members who may have visited the website and seen information without the benefit of the above clarifications, counsel proposes adding one statement to the top of the first

page of the long-form notice (explained at 5). The proposed statement is **DENIED**. The following amended statement is **APPROVED AND ORDERED**:

> Please note that if you earlier visited the Settlement Website, some answers to common questions may have since been revised by the district court, such as to Questions 16 and 26 below. This notice and this statement were ordered by the district court on November 18, 2025. Please carefully review all information provided.

\*   \*   \*

This is final. Do not argue with it, please. Implement these requirements, then disseminate the long-form notice with buckslip.

### 2. CURATIVE STEPS.

As just set forth above, a statement shall be added to the top of the long-form notice.

Also, for any request that resulted in the removal of information from the Works List Lookup, that is, from the public display of the Works List, class counsel shall do the following **BY 9:00 A.M. ON DECEMBER 8**: (1) inform the requester of this order (re pseudonyms) and provide counsel's recommendation whether to resubmit the request or to retract it; then, (2) for those who choose to resubmit, file individual filing(s) according to the process set out above; and/or, (3) for those who choose to retract or who do not respond after a second effort to reach them, revert all the related changes and then file counsel's attestation of having done so.

\*   \*   \*

Except as required above, this order issues no further curative measures at this time as there will be more glitches and in due course we will address the need to cure them so as to avoid confusion from a stream of cures. This does not relieve counsel of the duty to bring concerns to the district court as they come up.

3. **OUTSIDE LAW FIRMS.**

The district court has become aware that at least one third-party law firm has been encouraging class members to opt out of the settlement and suggesting that the law firm can get a class member a better result than the class wide settlement. Of course every class member has the right to opt out, but the district judge urges any class member tempted by such an encouragement or advertisement to first study the class notice and the reasons for the settlement and to study the track record of any such law firm when it comes to actual litigation in any state or federal court.

**IT IS SO ORDERED.**

Dated: November 18, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE