GAW POE LLP
CHRISTOPHER WIMMER (Bar Number 263275)
cwimmer@gawpoe.com
ONE EMBARCADERO, SUITE 1200
SAN FRANCISCO, CA 94111
Telephone: (415) 326-3957
Facsimile: (415) 737-0642

SLARSKEY LLC
DAVID N. SLARSKEY
dslarskey@slarskey.com
767 THIRD AVENUE, 14TH FLOOR
NEW YORK, NY 10017
Telephone: (646) 893-6082

Attorneys for Proposed Intervenors

Textbook and Academic Authors Association

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC. CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHROPIC PBC,<br><br>Defendants. | Case No. 3:24-cv-05417-WHA<br><br>**PROPOSED ORDER ON TEXTBOOK AND ACADEMIC AUTHORS MOTION TO INTERVENE AND FOR CURATIVE COMMUNICATION PURSUANT TO RULE 23(D)**<br><br>Date: January 27, 2026<br>Time: 8:00 am<br>Courtroom: 12-19th Floor<br><br>The Honorable William Alsup |

1    On December 22, 2025, Textbook and Academic Authors Association ("TAA") filed a
2 motion to intervene in this action and for an order pursuant to Rule 23(d).

3    Plaintiffs' application is **GRANTED**. TAA shall be permitted to appear in this action, the
4 Court having determined that (i) TAA has a significantly protectable interest in the action as a
5 member organization representing hundreds of class members and a participant in the mediation and
6 negotiations that led to the Court-approved distribution plan; (ii) TAA's interests are not adequately
7 represented by the parties in this action, insofar as it appropriately brought the issues reflected in its
8 application to Class Counsel prior to bringing this application, and was unable to resolve the issue
9 promptly; (iii) failure to address the issue raised by TAA promptly would adversely affect its
10 interests; and (iv) the motion has been made timely.

11    In the alternative, the Court would grant TAA permissive right to intervene as TAA (i) has
12 an independent grounds for jurisdiction based on the interests of its members and its participation in
13 discussions related to the distribution plan, (ii) the motion is made timely, and (iii) the issues raised
14 are directly related to Court supervision of the Class distribution plan. Permitting TAA to intervene
15 will not unduly delay or prejudice the adjudication of the original parties' rights.

16    TAA's motion pursuant to Rule 23(d) is **GRANTED**. TAA has shown that emails from
17 Sage Publishing, Inc. to author Class members on or about December 12, 2025 have potentially
18 interfered with the rights of authors in the Class, and that they were misleading, omitted critical
19 information, and were potentially coercive in the context of the author-publisher relationship. Class
20 Counsel is directed to prepare and send a curative notice to all Class member authors whose
21 publisher is Sage Publishing (or any affiliate), (i) identifying the communications from Sage; (ii)
22 informing the class members that the Court has found the communications to be misleading an
23 potentially interfere with the claims process; (iii) directing class members to disregard the contents
24 of the Sage emails, and (iv) inviting class members to contact Class Counsel or the Settlement
25 Administrator if they have questions about how to determine how much they are entitled to under
26 the settlement agreement. In addition, Class Counsel should specifically inform Sage author Class
27 members that if they filed a claim in reliance on Sage's communication, they may amend their
28 claim as to what percentage of the settlement proceeds they are seeking, if they know.

Dated: December __, 2025

So Ordered.

_____
Hon. William H. Alsup