Elizabeth J. Cabraser (SBN 83151)
Daniel M. Hutchinson (SBN 239458)
Jallé H. Dafa (SBN 290637)
Amelia Haselkorn (SBN 339633)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
ecabraser@lchb.com
dhutchinson@lchb.com
jdafa@lchb.com
ahaselkorn@lchb.com

Rachel Geman *(pro hac vice)*
Jacob S. Miller *(pro hac vice)*
Danna Z. Elmasry *(pro hac vice)*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
jmiller@lchb.com
delmasry@lchb.com

Betsy A. Sugar *(pro hac vice)*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 Second Ave., #1640
Nashville, TN 37201-2375
Telephone: (615) 313-9000
bsugar@lchb.com

*Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No.: 3:24-cv-05417-WHA <br><br> **DECLARATION OF COURT APPOINTED CLASS COUNSEL RACHEL GEMAN REGARDING JUDGE'S MEMORANDUM REGARDING PETITIONS FOR FEES AND COSTS, AND ORDER (DKT. 515)** |

I, Rachel Geman, declare:

1. I am a partner at the law firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB" or "Lieff Cabraser"), counsel to Plaintiffs and Court-appointed Co-Lead Class Counsel ("Class Counsel"). Dkt. 244, at 14-15; Dkt. 437, at 14. I am a member in good standing of the State Bar of New York, and am admitted *pro hac vice* before this Court. I have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them. I submit this Declaration in response to the Judge's Memorandum Regarding Petitions for Fees and Costs, and Order (Dkt. 515).

I.  **INTRODUCTION**

2. I appreciate the Court's questions, and, to answer them in summary, with more details below: I have made no agreements to share fees with parties or Class Members in this or any other AI Copyright (or, in fact, any) class action case; I am aware of no such agreements; and, were I to become aware of such agreements, I would bring such agreements to the attention of the Court. The same is true for Lieff Cabraser.

3. At every point I have understood that fees are up to the Court. This is clear from the start of this case—my Attorney Representation Agreement with my client Andrea Bartz provided that fee terms were "subject to the principle that fees in a class action case are subject to Court approval"—and was clear in the Settlement Agreement: "The amount of the Fee Award shall be determined **by the Court** based on petition from Class Counsel." Dkt. 363-3, at ¶ 8.1 (emphasis added).

4. And, whatever fees the Court may award, I also submit that the law firms other than Class Counsel have provided considerable value to the Class. Class Counsel included non-Class Counsel to help ensure consideration of all interests in crafting a first-of-its-kind-Settlement that treats all Class Members equitably.

5. Thus, anterior to and separate from the question of the fee or its allocation,[1] I do not believe that the participation of other counsel in this case has caused me, Lieff Cabraser, or Susman Godfrey to deviate from any of our own important duties to the Class and in fact it has furthered them. I am proud of

---

[1] The Fee Petition (Dkt. 505 and 506) and the Judge's Memorandum Regarding Petitions for Fees and Costs, and Order (Dkt. 515) are posted on the settlement website.

this Settlement because of the tremendous relief it will provide to Class Members (if approved) and because it enables authors and publishers alike to recover.

6. The four specific items raised by the Court's Order are addressed below, and I also stand ready to answer any other questions the Court may have. In sum, I unequivocally state that there is no agreement to share any fee award (or any portion of any fee award) from this litigation with any party, plaintiff, or Class Member. Nor is there any quid pro quo or agreement of any kind, anywhere, that would result in payment by Class Counsel to any other lawyer or law firm in another lawsuit based on anything that has transpired, or will transpire, in this litigation or in this Court. The sole agreements Plaintiffs' Counsel and Class Counsel have made in this litigation regarding sharing any fee award relate to sharing fees with law firms or attorneys who have appeared as counsel of record in this Litigation and/or who have otherwise performed common benefit work on behalf of Plaintiffs and the Class: co-lead Class Counsel Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"), and Susman Godfrey L.L.P. ("SG"); Cowan DeBaets Abrahams & Sheppard LLP ("CDAS"); Professor Samuel Issacharoff ("Prof. Issacharoff"); Edelson PC ("Edelson"), and Oppenheim + Zebrak, LLP ("O+Z"); and Slarskey LLC and Archstone Law Group ("Slarskey"). No Class Member will receive a "sweeter deal" that would result in payment beyond their Court-approved share of the Settlement Fund.

## II. THE COURT'S ORDER.

### A. LCHB's Response to Item No. 1.

7. Item No. 1 states:

> All law firms who have filed fee or cost petitions in this action (or on whose behalf one has been filed) shall file a declaration setting forth the full extent to which such firm has (or has not) made any agreement(s) to share any portion(s) of any fee award in this class action or in any other class action(s) (putative or certified) involving any party (or class member) herein, and stating as to each such agreement its date, terms, the extent to which it is verbal and the extent to which it is in writing (or in an email or text or other message), and the parties and the names of all persons who made the agreement."

Dkt. 515, at 10.

8. **There is no agreement to share attorneys' fees with any party, plaintiff, or Class Member in this litigation ("Litigation").** LCHB has not made any agreement to share any fee award (or

any portion of any fee award) from this Litigation with any party, plaintiff, or Class Member in this Litigation.

9. Any agreement LCHB has made in this Litigation regarding sharing any fee award relates to sharing fees only with law firms or attorneys who have appeared as counsel of record in this Litigation and/or who have otherwise performed common benefit work on behalf of Plaintiffs and the Class.

10. On August 19, 2024, LCHB and CDAS entered into a written Attorney Representation Agreement ("ARA") with Plaintiff Andrea Bartz. The ARA noted: "The ATTORNEYS have agreed between themselves and their co-counsel (COWAN DEBAETS ABRAHAMS & SHEPPARD LLP (CDAS) and SUSMAN GODFREY LLP (SG), subject to the principle that fees in a class action case are subject to Court approval, to divide the fees as such: after repayment of costs, LCHB and SG will each receive 45% of fees and CDAS will receive 10% of fees."

11. The ARA was signed by me for LCHB, by Scott J. Sholder for CDAS, and by Ms. Bartz for herself. I understand that, at the time, SG likewise executed fee agreements with the two other plaintiffs that contained similar language disclosing the participation of LCHB and CDAS and the proposed allocations.

12. On November 27, 2024, LCHB entered into a written agreement with SG and CDAS to jointly prosecute claims for copyright infringement against Defendant Anthropic PBC on behalf of Plaintiffs and a proposed class in *Bartz et al. v. Anthropic PBC*, Case No. 3:24-cv-5417 (N.D. Cal.).

13. The November 27 Agreement was signed by me for LCHB, by Rohit Nath for SG, and by Kenneth Swezey for CDAS.

14. The November 27 Agreement provided that LCHB, SG, and CDAS would share in the contribution of work and receipt of fees as follows: 45% of the work and fees for LCHB, 45% of the work and fees for SG, and 10% of the work and fees for CDAS.

15. The November 27 Agreement further provided that the proposed work-sharing and fee-sharing percentages could be adjusted: (1) if the law firms agree, (2) if any law firm failed to pay its fair share of litigation expenses, (3) if any law firm is not contributing its fair share of work, or (4) if any law firm withdraws or is terminated.

16. In our first substantive discussion with Edelson and O+Z, LCHB—mindful of the Local Rules and the Rule 23 principles—confirmed with Edelson and O+Z that they had not, and would not,

receive payment from any other person or entity in connection with this Litigation. Indeed, in subsequent filings and court appearances, Edelson and O+Z have unambiguously re-confirmed the above.

17. LCHB's written agreement with SG, CDAS, Edelson, and O+Z, dated August 7, 2025 and finalized August 11, 2025, (the "August 7 Agreement") was fully executed and superseded the prior November 27 Agreement.

18. The August 7 Agreement was signed by me for LCHB, by Justin A. Nelson for SG, by Kenneth Swezey for CDAS, by Matthew Oppenheim for O+Z, and by Jay Edelson for Edelson.

19. Each of the Class Representatives agreed to, accepted, and signed the August 7 Agreement. Plaintiff Andrea Bartz signed for herself and Plaintiff Andrea Bartz, Inc. Plaintiff Kirk Wallace Johnson signed for himself and Plaintiff MJ + KJ, Inc. Plaintiff Charles Graeber signed for himself.

20. The August 7 Agreement provided that LCHB, SG, CDAS, Edelson, and O+Z would share in the contribution of work and receipt of fees as follows: 37.5% of the work and fees for LCHB, 37.5% of the work and fees for SG, 5% of the work and fees for CDAS, 12.5% of the work and fees for O+Z, and 7.5% of the work and fees for Edelson.[2]

21. The August 7 Agreement provided that the proposed work-sharing and fee-sharing percentages could be adjusted for the same reasons as the November 27 Agreement: (1) if the law firms agree, (2) if any law firm failed to pay its fair share of litigation expenses, (3) if any law firm is not contributing its fair share of work, and (4) if any law firm withdraws or is terminated.

22. Class Counsel disclosed to the Court (and the Class) the amounts in the August 7 Agreement in Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Plaintiff Service Awards (Dkt. 505 & 506), which stated: "The law firms representing Plaintiffs have agreed to divide any fees awarded by the Court as follows: LCHB and SG with 37.5% each, CDAS with 5%, O+Z with 12.5%, and Edelson PC with 7.5%."

23. Further, Class Counsel has disclosed to the Court that they would, subject to Court approval, share any fees with two other law firms who performed common benefit work. Specifically, as set forth in my declaration (Dkt. 505-3 ¶ 45), Class Counsel noted the intention to share $137,431.40 from any

---

[2] In addition, the November 27 Agreement included a now moot provision that, if the total fees recovered exceeded $500,000,000, then any amounts in excess of $500,000,000 would be shared as follows: 32.8125% for LCHB, 32.8125% for SG, 4.375% for CDAS, 18.75% for O+Z, and 11.25% for Edelson.

fee awarded to Slarskey LLC and Archstone Law Group (Ms. Brenda Ulrich) for work completed in connection with the Author-Publisher Working Group and Authors' Coordination Counsel duties. I also noted that Class Counsel did not include this amount in the calculation of total lodestar. Previously, on September 16, Class Counsel had informed Mr. Slarskey and Ms. Ulrich that while any fee was subject to Court approval, Class Counsel was willing to support a request for fees for work supporting authors of up to 2x their lodestar. The $137,431.40 is 2x the lodestar of Mr. Slarskey and Ms. Ulrich. As further set forth in my Declaration (Dkt. 505-3), the Class also benefited from the work of Prof. Samuel Issacharoff, who provided critical assistance in this case, including commenting on and evaluating the settlement agreement, Counsel's extensive filings regarding preliminary approval, the structure of the claims process, and the discussion of the default split between rights holders. Class Counsel would, subject to Court approval, share any fee awarded with Professor Issacharoff based on his $93,440 in lodestar that he accumulated doing this common benefit work. Plaintiffs filed their notice of association of counsel identifying Professor Issacharoff on August 11, 2025. *See* Dkt. 298.

24. SG and LCHB set forth Class Counsel's intention to share this amount with Professor Issacharoff orally.

25. **There is no agreement to share attorneys' fees with any party, plaintiff, or Class Member in other class action copyright litigation.** LCHB has not made any agreement to share any fee award (or any portion of any fee award) from any other such litigation with any party, plaintiff, or Class Member in this Litigation. There is no "quid pro quo" or agreement of any kind, anywhere, with anybody, that would result in payment by LCHB to any party, plaintiff, or Class Member.

26. LCHB is involved in pending copyright class actions as follows: (1) *In Re: OpenAI, Inc. Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW (S.D.N.Y.); (2) *Bird et al. v. Microsoft Corporation*, No. 1:25-cv-05282-SHS (S.D.N.Y.); (3) *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC (N.D. Cal.); (4) *Nazemian et al. v. NVIDIA Corporation*, No. 4:24-cv-01454-JST (N.D. Cal.); and (5) *In Re Mosaic LLM Litigation*, No. 3:24-cv-01451-CRB (N.D. Cal.).

27. I do not read the Court's Order to require disclosure of matters in which LCHB declined to participate or non-Class matters. And, while it is unclear whether the Court was seeking specific terms (or a representation that there are no terms), I am providing the below information nonetheless.

28.     None of the proposed joint prosecution agreements in other lawsuits are related to or contingent upon anything in this Litigation or the Court. There is no "quid pro quo" or agreement of any kind that would result in payment by LCHB to any other lawyer or law firm in another lawsuit based on anything that has transpired, or will transpire, in this Litigation or in this Court.

29.     Neither Edelson, O+Z, Slarskey, Archstone, nor Professor Issacharoff is counsel of record in these cases.

30.     I refer to Mr. Nelson's Declaration for the proposed fee allocation shares in Nvidia and Mosaic (case numbers (4) and (5) above), as well as for the discussion of the OpenAI case (case number (1) above) after March 2024, when LCHB, SG, and CDAS filed a consolidated complaint in the Southern District of New York.[3]

31.     With respect to the start of the OpenAI case through March 2024, LCHB and CDAS filed the first AI copyright class action case against OpenAI (and, later, Microsoft) in the S.D.N.Y., which came to be the transferee Court in the MDL, in September 2023. We disclosed to our clients that "[t]he ATTORNEYS have agreed between themselves, subject to the principle that fees in a class action case are subject to Court approval, to divide the fees . . . [after lodestar] (1) 70% LCHB/30% CDAS if the case resolves before a resolution on an motion to dismiss (assuming discovery is stayed in that time); (2) 80% LCHB/20% CDAS if the hard costs go over $400,000 or the case enters discovery (whichever comes first); and (3) 85% LCHB/15% CDAS as of the time the parties have had to brief class certification." Once the case sequencing was such that we were litigating summary judgment before class certification, and in the wake of LCHB's time commitment, we agreed that, after lodestar was repaid, the proposed allocation above the lodestar amount would be 15% to CDAS and 85% to LCHB.

32.     A March 6, 2024 written agreement between LCHB, SG, and CDAS provided that LCHB, SG, and CDAS would share in the contribution of work and receipt of fees, and noted that the "the Law Firms understand that in a class action, fees ultimately are up to the Court." The agreement was signed by Mr. Nelson for SG, by me for LCHB, and by Mr. Swezey for CDAS. Subject to change and Court approval,

---

[3] Among the plaintiffs' counsel in OpenAI, Meta, Nvidia, and Mosaic is Matthew Butterick. Mr. Butterick is the author of one (1) work on the Works List. It is therefore possible he will recover in this Litigation. We, however, have no agreements with him in connection with this Litigation. Separately, I also have relatives whose works are on the Works List (including my father).

the agreement provided for the work and fees to be split at least 45% to SG; at least 7.5% to CDAS; and 55% to LCHB and CDAS combined.

33. The Microsoft case (case number (2) above) is stayed. SG, CDAS, and I have addressed that the agreement, if approved, would be akin to the March 6, 2024 OpenAI agreement among our three firms. As is my practice, I disclosed to my clients in this matter that "[f]ees in a class action case are subject to Court approval."

34. There is at present no proposed fee sharing agreement between and among all counsel in Meta (case number (3) above). I have orally discussed fees with Mr. Swezey of CDAS, specifically our anticipation that the agreement would be similar to those in our other cases.

35. Finally, it is possible that some absent Class Members in this Litigation are also absent Class Members in other non-copyright-related cases. I do not read the Court's Order as requiring an investigation into the full contours of potential overlap between Class Members in this matter and in the firm's other cases. I am unaware of any firm Class case, past or present, in which any fee was or would be shared with any party or Class Member, or in which any Class Member or party would receive a greater recovery than others similarly situated. The sole exception would be noticed applications for service awards to class representatives in some cases, which awards are at the discretion of the court.

**B.   LCHB's Response to Item No. 2.**

36. Item No. 2 states:

> Likewise, all law firms who have filed fee petitions herein (or on whose behalf on has been filed) shall file a declaration setting forth the full extent to which such firm has made any proposal(s) to anyone — and the full extent to which anyone has made any proposal(s) to such firm — to share any portion(s) of any fee award in this class action or in any other class action(s) (putative or certified) involving any party (or class member) herein, and stating as to each such proposal its date, proposed terms (including as suggested or implied), the extent to which it was verbal and the extent to which it was in writing (or in an email or text or other message), and the parties and the names of all persons who made or received the proposal.

Dkt. 515, at 10.

37. Item No. 2 seeks the same information as Item No. 1 for any "proposal(s)" to share any fee award, rather than for "agreement(s)".

38. In the time leading up to the initial preliminary approval submissions in early September 2025, LCHB joined a discussion with counsel from Fairmark Partners, SG, and CDAS about Fairmark Partners' potential role in the Author-Publisher Working Group. No proposed agreement was consummated and I did not discuss potential fee allocation with that firm, although my understanding was Class Counsel would seek to have their time compensated if permitted.

39. LCHB has neither proposed, nor been the recipient of any proposal to share, any fee award (or any portion of any fee award) with any party, plaintiff, or Class Member in this Litigation, in other litigation, or in any other context.

### C. LCHB's Response to Item No. 3.

40. Item No. 3 states:

> All law firms who have filed fee petitions herein (or on whose behalf one has filed) also shall file a declaration setting forth the full extent to which any arrangement has been made or proposed by which any class member would receive a sweeter recovery than other class members.

Dkt. 515, at 10-11.

41. No such arrangements or proposals have been made by or proposed to LCHB, nor is LCHB aware of any such arrangements or proposals by anyone else. If LCHB becomes aware of any request for a "sweeter deal," we will immediately report it to the Court.

### D. LCHB's Response to Item No. 4.

42. Item No. 4 states:

> All emails, messages, and written materials relating to any of the above shall be preserved for future potential discovery.

Dkt. 515, at 10-11.

43. LCHB is preserving all "emails, messages, and written materials" related in any way to the matters set forth in the Judge's Memorandum Regarding Petitions for Fees and Costs, and Order (Dkt. 515).

I declare under penalty of perjury that the foregoing is true and correct.

Executed New York, New York, this 30th day of December, 2025.

*/s/ Rachel Geman*
Rachel Geman