Samuel Issacharoff (*Pro Hac Vice*)
40 Washington Square South, Suite 411J
New York, NY 10012
(212) 998-6580
Fax: (212) 995-4590
Email: si13@nyu.edu

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No.: 3:24-cv-05417-WHA<br><br>**SUPPLEMENTAL DECLARATION OF SAMUEL ISSACHAROFF IN SUPPORT OF PLAINTIFFS' MOTION FOR SETTLEMENT APPROVAL, ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PLAINTIFF SERVICE AWARDS** |

I, Samuel Issacharoff declare:

1. I previously submitted a declaration in this matter on December 3, 2025, as part of Class Counsel's Motion for Settlement Approval and an Award of Attorneys' Fees. In response to the Court's Order of December 23, 2025, I submit this additional information.

2. I originally appeared in this litigation before there was any settlement reached in order to advise Class Counsel with issues that might arise in prosecuting or settling this case. At no point have I held myself out as representing any class members separately or serving independently as Class Counsel. I have instead played the role I frequently play in complex litigation of advising appointed Class Counsel in anticipating issues that might arise, particularly should there be appeals of a class judgment or settlement. I have played this role many times with both of the class firms: Lieff Cabraser and Susman Godfrey.

3. In this role I consult with and advise Class Counsel and frequently argue cases on appeal. This includes cases in the Northern District of California and the Ninth Circuit, such as the litigation

involving VW Emissions, TransUnion credit privacy, Uber sexual assault, and others that are divulged to the courts and opposing counsel as the issues mature. Because of the areas that I focus on, there is often a need for confidentiality with regard to my involvement in the case until questions mature, if they ever do.

4. In these cases, I am sometimes paid by Class Counsel as an expense. More frequently, if the case is large and it is difficult to anticipate how extensive my participation will be, I work with Class Counsel and my time and expenses are submitted to the Court for approval as part of class fees. In such cases, I bear the risk of nonpayment if the case is not successful and I carry my own expenses. Generally in such cases I share the upside of a risk enhancement if the case prevails and recover nothing if it fails. I would hope to recover my expenses as well if the case resolves favorably.

5. In the present case, I agreed to work on this basis. This establishes the extent of my only contractual expectations from Class Counsel. At all times, my participation was subject to court approval as part of the ultimate fee submission if the case resolved favorably for the class. There was never any expectation that any counsel could commit to this agreement absent Court approval or that the agreement of Counsel would bind the Court. This is exactly the arrangement presented to Judge Breyer at the conclusion of VW Emissions, in which I worked for the entirety of the litigation as counselor to Class Counsel Elizabeth Cabraser and as a counsel of record on the appeals in that case, including successful appellate argument in defense of the settlement. My role there was at all times to work as supplemental counsel to the Court-appointed lead counsel. I believe that the submission of the work done in this case and the conditions as part of the fee approval process conforms to the requirements of Rule 23, as amended in 2018, and particularly as to making all such arrangements public and subject to court approval.

6. In response to the Court's specific questions, I declare that I am not in possession of any fee agreements in this case between any lawyers, and that there are no agreements governing my fees other than an oral agreement with Mr. Nelson that I would submit my hours as part of Class Counsel's submission for the Court's review process.

I declare under penalty of perjury that the foregoing is true and correct.

Executed, this 30th day of December, 2025.

*/s/ Samuel Issacharoff*
Samuel Issacharoff

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that all signatories above have concurred in the filing of this document.

Dated: December 30, 2025                          By:   /s/ *Rachel J. Geman*
                                                             Rachel J. Geman