UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No.3:24-cv-05417 <br><br> **DECLARATION OF JUSTIN A. NELSON IN RESPONSE TO JUDGE'S MEMORANDUM REGARDING PETITIONS FOR FEES AND COSTS, AND ORDER (DKT. 515)** |

I, Justin A. Nelson, declare and state as follows:

1. I am a partner at the law firm of Susman Godfrey L.L.P. ("SG") and serve as Class Counsel for Plaintiffs in the above-captioned action ("Action"). I submit this declaration in response to the Judge's Memorandum Regarding Petitions for Fees and Costs, and Order (Dkt. 515) ("Memorandum and Order"), issued on December 23, 2025.

2. I have personal knowledge of the information contained herein, and if called to testify as a witness, could and would testify competently thereto.

3. I am immensely proud of the $1.5 billion settlement. If approved, the settlement would provide the largest known copyright recovery in history. The Settlement also provides substantial non-monetary relief as detailed in the motions for preliminary approval. We achieved this result in the face of significant legal uncertainty in a novel and emerging area of law of tremendous importance to the public interest. It is the first major settlement of an AI lawsuit on behalf of copyright owners.

4. The reaction to the Settlement that Class Counsel have seen thus far has been overwhelmingly positive. Since the Settlement was announced, we have heard enthusiastic support

1  for the Settlement from authors, from publishers large and small, membership trade associations for authors and publishers, and other members of the rightsholder and creator community.

5. The priority for Class Counsel in this case is ensuring that this excellent Settlement receives final approval in an efficient and expeditious manner so that the hundreds of thousands of Class Members can receive the substantial cash distributions under the Settlement. Class Counsel hope that the attorneys' fee requests do not delay the progress of the Settlement and, ultimately, what we firmly believe is a fantastic recovery for the Class.

6. As explained in detail below, except for what was disclosed already to the Court, no other agreement exists to share any portion(s) of any fee award in this Action. No agreement—express or implied—exists to share any part of the fee award with any party or absent class member in this or any other class action involving any party or class member herein. And aside from those detailed in the fee petition (Dkt. 506-1), no other law firm is sharing or will share—either directly or indirectly—in any portion of this fee award.

## QUESTION NO. 1

7. The Memorandum and Order first asks: "All law firms who have filed fee or cost petitions in this action (or on whose behalf one has been filed) shall file a declaration setting forth the full extent to which such firm has (or has not) made any agreement(s) to share any portion(s) of any fee award in this class action or in any other class action(s) (putative or certified) involving any party (or class member) herein, and stating as to each such agreement its date, terms, the extent to which it is verbal and the extent to which it is in writing (or in an email or text or other message), and the parties and the names of all persons who made the agreement."

### Agreements to Share Fees Awarded in this Action

8. No named party or absent class member is sharing directly or indirectly in any fees awarded in this Action. In addition, to the best of my and my firm's knowledge, no named party or absent class member in this Action is sharing fees in any other class action (putative or certified).

9. The sole agreements for sharing any fees awarded in this Action, express or implied, are agreements among the law firms identified in the fee petition filed on December 3, 2025. Dkt.

1  506-1 at 7; Dkt. 503-3 (Geman Decl.) ¶ 45. Each of those agreements is identified and described
2  below.

3      10.    ***Retention Agreements with Class Representatives.*** Prior to filing this action, SG
4  entered direct retention agreements with Plaintiffs Kirk Wallace Johnson and Charles Graeber. The
5  agreements provided that any SG fees for work on behalf of the class would be as awarded by the
6  Court out of any recovery. The agreements also disclosed that SG would work with Lieff Cabraser
7  Heimann & Bernstein, LLP (LCHB) and Cowan, DeBaets, Abrahams & Sheppard LLP (CDAS),
8  and that the firms intended to have SG and LCHB each advance 50% of any out-of-pocket expenses
9  and an allocation of fees of SG 45%, LCHB 45%, and CDAS 10%. The agreement further specified
10 that SG may work with other attorneys as co-counsel, subject to applicable case law and rules
11 relevant to the certification and management of class actions and the appointment of class counsel,
12 and that SG would seek Mr. Johnson and Mr. Graeber's agreement to the association of any other
13 such attorneys and division of fees with them. Both agreements were in writing, executed by Mr.
14 Johnson and Mr. Graeber respectively, executed by Rohit Nath for SG, and dated August 15, 2024
15 (though fully executed by August 19, 2024 (Johnson) and August 18, 2024 (Graeber)).

16     11.    I understand that, around the same time, LCHB and CDAS entered into a retention
17 agreement with Andrea Bartz, which similarly disclosed that all fees would be subject to Court
18 approval, that LCHB and CDAS would work with SG, and the proposed expense and fee allocation
19 described above.

20     12.    ***November 2024 Co-Counsel Agreement***. On November 27, 2024, SG, LCHB, and
21 CDAS memorialized the share of expenses, work, and fee allocation described in the retention
22 agreements with the named plaintiffs by executing a written co-counsel agreement. That agreement
23 provided that SG and LCHB would each advance 50% of the out-of-pocket expenses in the
24 litigation, with LCHB managing the joint litigation fund. Fees awarded and work was agreed to be
25 split 45% (SG), 45% (LCHB), and 10% (CDAS). The agreement also provided that the sharing
26 percentages could be adjusted if a firm did not contribute its share of work or expenses, by written
27 agreement of the law firms, or if a firm withdraws or is terminated. The agreement was executed
28 by a representative for each of the three law firms. These terms were substantially similar to the

1  then-existing co-counsel agreement among the same three firms in the OAI class action. The
2  agreement was executed by Rohit Nath for SG, Rachel Geman for LCHB, and Scott Sholder for
3  CDAS.

4        13.      ***August 2025 Co-Counsel Agreement***. As explained in Plaintiffs' supplemental brief
5  in support of preliminary approval (Dkt. 401 at 4), Plaintiffs and Class Counsel have extensively
6  engaged with relevant stakeholders in the author and publishing communities throughout this case.
7  For example, before class certification, Plaintiffs kept the Authors Guild, Inc. ("Authors Guild")
8  and the Association of American Publishers ("AAP") informed about the litigation and critical
9  developments in the case, including settlement discussions after this Court permitted such
10 conversations. After the class was certified and defined to include both authors and publishers,
11 Plaintiffs' counsel had direct conversations with the general counsels' offices of the five major trade
12 publications and also the AAP; invited the inclusion of a publishers' coordination counsel to further
13 assist prosecution of this case, including proposing O+Z among other potential firms even though
14 Class Counsel had not previously worked with the firm; and continued to engage with authors and
15 the class representatives about case developments. On August 11, 2025, Plaintiffs filed a notice of
16 association of counsel with Publishers' Coordination Counsel. See Dkt. 298. Structures similar to
17 the Author-Publisher Working Group have been successful in other similarly complex class action
18 settlements.

19       14.      In an agreement dated August 7, 2025 and fully executed on August 11, SG, LCHB,
20 CDAS, Edelson, and O+Z executed a written co-counsel agreement for the sharing of work,
21 advanced expenses, and fees in the action that superseded the prior co-counsel agreement. This
22 agreement provided for the sharing of fees awarded as follows: 37.5% SG, 37.5% LCHB, 5%
23 CDAS, 7.5% Edelson, and 12.5% O+Z. The agreement provided that the firms would do work in
24 proportion with these sharing percentages, and that the sharing percentages could be adjusted by
25 written agreement of the law firms, if a firm fails to pay its share of expense contributions, if a firm
26 did not contribute its share of work, or if a firm withdraws or is terminated. The agreement also
27 provided that, in the event the court awarded fees above $500 million, Edelson/O+Z's collective
28 share of any fee award would increase from 20% to 30% for any fees above $500 million. Under

the agreement, LCHB would continue to manage the joint expense fund, with SG and LCHB collectively advancing 80% of all expenses going forward and 90% of any expenses related to class notice, and Edelson advancing 20% of expenses going forward and 10% of expenses related to class notice. The agreement provided that the Publishers' Coordination Counsel (PCC) would represent the interests of publishers in the shared class goal of maximizing the per-work recovery. The agreement further provided that the PCC's duties would include providing Class Counsel (and, as necessary, the Court) with publishers' perspective on case strategy, discovery, briefing, oral argument, pre-trial, and trial; participating at trial in coordination with Class Counsel; working with Class Counsel on pending requests for interlocutory appeal and any further appeals with respect to publishers' interests; assisting with compiling the works list and with class notice; and participation in settlement discussions and allocation issues. This agreement was in writing and executed by representatives of each of the five law firms—Justin Nelson for SG; Rachel Geman for LCHB; Ken Swezey for CDAS; Matthew Oppenheim for O+Z; and Jay Edelson for Edelson—as well as the three named plaintiffs.

15. This agreement was executed at a time when the parties were preparing in earnest for trial.

16. Nothing in this agreement provided for the sharing of fees awarded in this Action with any of the named plaintiffs or any class member in this Action. Indeed, nothing in this agreement provided for any sharing of fees in this Action with any person or entity other than the law firms that executed the agreement.

17. On August 11, 2025, Plaintiffs filed a notice of association of counsel identifying Edelson and O+Z as Publishers Coordination Counsel, as well as Prof. Samuel Issacharoff. Dkt. 298. Lawyers from Edelson and O+Z filed notices of appearance on behalf of Plaintiffs and *pro hac vice* applications on or around the same day. Dkts. 299-303.

18. **Agreement with Professor Samuel Issacharoff.** Along with LCHB, we sought advice from Professor Issacharoff about class certification and related procedural issues. After consultation with Ms. Geman, I told him that we would submit his time with any fee application,

1  in the event that there was a recovery. This agreement was oral and prior to the filing of the notice
2  of association of counsel on August 11, 2025.

3        19.     **Agreement with Slarskey LLC and Archstone Law Group PC.** On or around
4  September 11, 2025, we invited the Textbook and Academic Authors Association ("TAA") to
5  participate in the deliberations of the Author Publisher Working Group. The APWG was comprised
6  of leaders of membership and trade organizations with industry expertise, and tasked with advising
7  Class Counsel on developing a plan of allocation and distribution. As explained in detail in
8  Plaintiffs' supplemental brief in support of preliminary approval filed on September 22 (Dkt. 401)
9  and explained at the hearing on September 25, Class Counsel's goal was to create a plan of
10 allocation and distribution carefully calibrated to ensure efficient distribution of funds, while
11 respecting existing contractual arrangements among class members.

12       20.     The TAA was represented by David Slarskey at Slarskey LLC and Brenda Ulrich at
13 Archstone Law Group. On September 16, Mr. Slarskey emailed Ms. Ulrich of Archstone Law along
14 with Scott Sholder and Nancy Wolff of CDAS and Rohit Nath and me from Susman Godfrey
15 seeking fees for TAA's work on the APWG. I responded by email later that evening, adding Rachel
16 Geman at Lieff Cabraser to the chain. I stated that, subject to clearing it by the CDAS firm, we
17 were hopeful we could apply for fees to Slarskey and Archstone at 2x lodestar or 1% of fees,
18 whichever was less. My email stated expressly that any fees requested were subject to the Court's
19 approval, and referenced the transcript of the September 8, 2025 hearing. This communication was
20 by email on September 16, 2025. SG understood that this amount would be deducted from any fees
21 due to CDAS, as Slarskey and Archstone's role was to assist the work of Authors' Coordination
22 Counsel.

23       21.     Slarskey and Archstone ultimately did not file a separate fee petition and Class
24 Counsel did not include Slarskey or Archstone's time as part of the lodestar calculation used to
25 determine the lodestar multiplier in the fee application filed on December 3, 2025 (Dkt. 505).
26 Instead, as disclosed, Class Counsel seek to share up to $137,431.40 of any fee awarded with
27 Slarskey and Archstone. Dkt. 505-3 (Geman Decl.) ¶ 45. This amount reflects a 2x multiplier on
28

1  Slarskey and Archstone's time for work performed arising out of the APWG and prior to the Court's
2  memorandum opinion on preliminary approval. Dkt. 437.

3      22.    In my view, both Slarskey and Archstone, representing the TAA, made positive
4  contributions to the APWG and in developing the plan of allocation, including feedback on the
5  claim form that was incorporated into the final version.

6      *    *    *

7      23.    The agreements set forth above comprise all the agreements—express or implied,
8  direct or indirect—that SG is aware of to share fees awarded in this Action. SG has made no
9  agreements to share any fees awarded in this Action with any other person, including but not limited
10 to (a) any party to this Action or any member of the certified Class, (b) any party or absent class
11 member in any other class action where there is overlap of parties or absent class members; (c) any
12 law firm in any other class action that is not listed in Class Counsel's fee petition (Dkt. 506-1 at 7;
13 Dkt. 505-3 (Geman Decl.) ¶ 45) here; and (d) any law firm in this class action for work or help on
14 another class action. Additionally, to the best of SG's knowledge, this is also true of all lawyers and
15 law firms that have appeared for the Plaintiffs in this Action.

16 ***Agreements to Share Fees in Other Class Actions Involving Class Members From This Action***

17     24.    SG is involved in several putative class actions against other AI companies. In each
18 of these cases, the proposed classes likely include persons or entities who are also members of the
19 certified class in this Action. That is because the pirated datasets at issue are, in these other cases,
20 either from the same sources or similar pirated sources as the LibGen and PiLiMi data sets at issue
21 in this Action. In several of these other putative class actions, SG has entered co-counsel agreements
22 to share work, advanced expenses, and fees awarded (if any).

23     25.    Each agreement identified below is specific to that individual case—it does not
24 include any sort of agreement to share work, fees, or expenses for any other case, including this
25 Action. The agreements identified below are applicable to the firms for that particular case only.

26     26.    ***In re OpenAI, Inc. Copyright Infringement Litigation*, Case No. 1:25-md-03143-**
27 **SHS-OTW (S.D.N.Y.).** This is an MDL pending in the Southern District of New York before Judge

28

Sidney Stein. The MDL was formed on April 3, 2025. I was appointed interim lead counsel on May 30, 2025.

27. At the outset of this litigation—before the formation of an MDL—there were overlapping putative class actions pending in two separate districts. In the Southern District of New York, there was *Authors Guild et al. v. OpenAI Inc.*, No. 1:23-cv-08292-SHS, and *Alter v. OpenAI Inc.*, No. 1:23-cv-10211-SHS. LCHB and CDAS were the original counsel in the *Authors Guild* action (filed on September 19, 2023) and SG was the original counsel in the *Alter/Sancton* action (originally filed on November 21, 2023). The SG complaint named Microsoft as a party in addition to OpenAI. Both the *Authors Guild* and *Alter/Sancton* actions were assigned to Judge Sidney H. Stein and eventually consolidated. There was another set of consolidated putative class actions pending in the Northern District of California, before Judge Araceli Martinez-Olguin, *In re OpenAI ChatGPT Litig.*, Case Nos. 3:23-cv-03223-AMO, 3:23-cv-03416-AMO, 3:23-cv-04625-AMO (hereinafter "NDCA OpenAI Actions").

28. On February 5, 2024, SG, LCHB, and CDAS filed a consolidated complaint in the Southern District of New York listing all firms as co-counsel. *Authors Guild* Dkt. 69. On February 6, 2024, the Court appointed SG, LCHB, and CDAS interim co-lead counsel in the consolidated SDNY cases. *Authors Guild* Dkt. 70.

29. On March 6, 2024, SG, LCHB, and CDAS executed a co-counsel agreement for the sharing of work, expenses, and fees awarded in the consolidated SDNY actions. This agreement provided that SG and LCHB would each advance 50% of expenses. The agreement also provided that CDAS would receive a minimum of 7.5% of any fee awarded, with SG and LCHB receiving the remainder 50/50, unless CDAS's fee exceeded 10%, in which case SG would receive no less than 45% of any fee awarded. The agreement provided that the sharing percentages could be adjusted if a firm did not contribute its share of work or expenses, by written agreement of the law firms, or if a firm withdraws or is terminated. This agreement was entered before the formation of the MDL. The agreement was executed by Justin Nelson for SG, Rachel Geman for LCHB, and Ken Swezey for CDAS. This agreement did not contemplate sharing fees awarded from any other

1  class action other than the OpenAI/Microsoft actions consolidated in SDNY at that time before
2  Judge Stein.

3      30.    On September 19, 2024, in connection with potential settlement discussions and
4  court-ordered mediation, SG, LCHB, and CDAS entered a joint prosecution agreement with
5  counsel in the NDCA OpenAI Actions. Counsel in the NDCA OpenAI Actions, at that time,
6  included the Joseph Saveri Law Firm (JSLF), Cafferty Clobes Meriwether & Sprengel LLP
7  (CCMS), and Matthew Butterick (MB).[1] Because the SDNY Actions and the NDCA OpenAI
8  Actions alleged overlapping classes, counsel in both actions sought to avoid a situation where
9  defendants could seek a race to the bottom and pit one action against the other.

10     31.    The joint prosecution agreement obligated counsel in both actions to jointly
11 participate in any class-wide settlement discussions, provided that counsel in the SDNY and NDCA
12 Actions would cooperate to jointly seek approval for any settlement reached, and provided for the
13 division of fees evenly (50/50) between the SDNY and NDCA counsel in the event of a class-wide
14 settlement and fee award approved. This agreement was entered before the formation of the MDL.
15 This agreement was in writing and executed by Justin Nelson for SG, Rachel Geman for LCHB,
16 Ken Swezey for CDAS, Joseph Saveri for JSLF, Bryan Clobes for CCMS, and Matthew Butterick.

17     32.    On December 18, 2024, the law firm Boies Schiller & Flexner (BSF) entered an
18 appearance for the plaintiffs in the NDCA OpenAI Actions. On December 26, 2024, the joint
19 prosecution agreement was updated in writing to include BSF. This was a written addendum to the
20 agreement executed by Rohit Nath for SG, Rachel Geman for LCHB, Scott Sholder for CDAS,
21 Joseph Saveri for JSLF, Bryan Clobes for CCMS, Matthew Butterick, and Maxwell Pritt for BSF.

22     33.    Since the MDL was formed and I was appointed interim lead counsel for the class
23 cases, the law firms listed above in Paragraph 31 have discussed and corresponded about sharing
24 percentages, but have not reached any agreement, and currently no fee sharing agreement exists.

---

[1] Mr. Butterick is an author of *Typography for Lawyers*, which is on the Works List. He may be entitled to a distribution under the settlement pursuant to the plan of allocation and distribution. Class Counsel have no agreement whatsoever with Mr. Butterick related to Anthropic, to share fees or about anything else.

34.     I am aware of no agreement made in connection with the OpenAI actions that in any way addresses or provides for the sharing of fees awarded in this Action. Nor am I aware of any agreement in the OpenAI actions that provides for the sharing of fees awarded in those actions with any named party or class member in this Action or the *OpenAI* action. I am also unaware of any other law firm aside from those listed in Paragraph 31 that have agreed to share in any fee award.

35.     **Bird v. Microsoft Corporation, Case No. 1:25-cv-05282-SHS (S.D.N.Y.).** This case was filed on June 24, 2025. It is a putative copyright class action against Microsoft Corporation, where SG is counsel along with LCHB and CDAS. The case is pending in the *OpenAI* actions and has been stayed. The three law firms (SG, LCHB, and CDAS) have an understanding that they will share in any recovery of fees in the *Bird* action in a manner similar to the March 6, 2024 agreement among the three law firms in the *OpenAI* actions described in Paragraph 28 above. There is no written agreement.

36.     I am aware of no agreement made in connection with the *Bird* action that in any way addresses or provides for the sharing of fees awarded in this Action. I am also unaware of any agreement that provides for sharing of fees awarded in the *Bird* action with any named party or class member in this Action or the *Bird* action. I am also unaware of any other law firm aside from SG, LCHB, and CDAS that have agreed to share in any fee award.

37.     *Nazemian et al. v. NVIDIA*, **Case Nos. 4:24-cv-01454-JST & 4:24-cv-02655-JST (N.D. Cal.).** This is a putative copyright class action against NVIDIA. No class has been certified. The case was filed in March 2024. SG entered an appearance on behalf of the plaintiffs on March 8, 2025, approximately a year after the case was filed.

38.     SG has entered a written co-counsel agreement dated February 27, 2025 regarding the sharing of fees, work, and expenses in the *NVIDIA* action. The parties to that agreement are JSLF, CCMS, MB, SG, LCHB, and CDAS. The agreement provides for the following share of advanced expenses, work, and fees recovered (if any): JSLF, CCMS, and MB collectively 57.5%; SG 30.5%; and LCHB 12%. CDAS does not advance expenses under the agreement, but could receive 1% of the fee for the same share of work contribution. The agreement also provides that the sharing percentages could be adjusted if a firm did not contribute its share of work or expenses, by

10

written agreement of the law firms, or if a firm withdraws or is terminated. The agreement is in writing and executed by representatives of each of Joseph Saveri for JSLF, Bryan Clobes for CCMS, Matthew Butterick, Rohit Nath for SG, Rachel Geman for LCHB, and Scott Sholder for CDAS. Around May 2, 2025, Joseph Saveri confirmed to me by email that any fees recovered by an additional plaintiff law firm, DiCello Levitt, would be accounted for in the JSLF/CCMS/MB share.

39. I am aware of no agreement made in connection with the *NVIDIA* action that in any way addresses or provides for the sharing of fees awarded in this Action. I am also unaware of any agreement that provides for sharing of fees awarded in the *NVIDIA* action with any named party or class member in this Action or the *NVIDIA* action. I am also unaware of any other law firm aside from those listed in Paragraph 38 that have agreed to share in any fee award.

40. ***In re Mosaic LLM Litig.*, Case No. 3:24-cv-01451-CRB (N.D. Cal.).** This is a putative copyright class action against MosaicML and Databricks. No class has been certified. The case was filed in March 2024. SG entered an appearance on behalf of the plaintiffs on March 6, 2025, approximately a year after the case was filed.

41. SG has entered a written co-counsel agreement dated February 27, 2025 regarding the sharing of fees, work, and expenses in the *Mosaic* action. The parties to that agreement are all counsel of record for the plaintiffs in that case: JSLF, CCMS, MB, SG, LCHB, and CDAS. The agreement provides for the following share of advanced expenses, work, and fees recovered (if any): JSLF, CCMS, and MB collectively 59.5%; SG 30.5%; and LCHB 10%. CDAS does not advance expenses under the agreement, but entitled to receive 1% of the fee for the same share of work contribution. The Agreement also provides that the sharing percentages could be adjusted if a firm did not contribute its share of work or expenses, by written agreement of the law firms, or if a firm withdraws or is terminated. The agreement is in writing and executed by Joseph Saveri for JSLF, Bryan Clobes for CCMS, Matthew Butterick, Rohit Nath for SG, Rachel Geman for LCHB, and Scott Sholder for CDAS.

42. I am aware of no agreement made in connection with the *Mosaic* action that in any way addresses or provides for the sharing of fees awarded in this Action. I am also unaware of any

11

1  agreement that provides for sharing of fees awarded in the *Mosaic* action with any named party or class member in this Action or in the *Mosaic* Action. I am also unaware of any other law firm aside from those listed in Paragraph 41 that have agreed to share in any fee award.

43.  ***Hendrix v. Apple, Inc.*, Case No. 4:25-cv-07558-YGR (N.D. Cal.).** This is a putative copyright class action against Apple, Inc. The case was filed on September 5, 2025. SG is co-counsel with Keller Rohrback L.L.P. (KR) and Matthew Butterick (MB). This case—along with two other cases alleging overlapping classes—is pending before Judge Yvonne Gonzalez Rogers. A motion for appointment of co-lead counsel is pending, with other groups filing applications in addition to the SG/KR/MB group. SG has executed a co-counsel agreement with KR and MB for the sharing of work, advanced expenses, and potential fees recovered, in the event that SG and KR are appointed interim lead counsel. The sharing of work and potential fees is KR 44%, SG 44%, and MB 12%, with SG and KR splitting advancing expenses 50/50. The agreement also provides that the sharing percentages could be adjusted if a firm did not contribute its share of work or expenses, by written agreement of the law firms, or if a firm withdraws or is terminated. The agreement is in writing dated November 18, 2025, and executed by Rohit Nath for SG and Benjamin Gould for KR.

44.  I am aware of no agreement made in connection with the *Apple* action that in any way addresses or provides for the sharing of fees awarded in this Action. I am also unaware of any agreement that provides for sharing of fees awarded in the *Apple* action with any named party or class member in this Action or the *Apple* action. No law firm in this Action has filed a competing application for appointment of interim co-lead counsel.

45.  **Other Cases.** Outside of AI copyright cases, SG is also counsel in a large number of other cases where the class definition or putative class definition may include persons who are also class members in this Action given the number of absent class members here and the possibility that they overlap with other cases. This includes cases like *In re National Football League's Sunday Ticket Antitrust Litig.*, Case No. 2:15-ml-02668-PSG-SK (C.D. Cal.); *Brown v. Google LLC*, Case No. 4:20-cv-03664 (N.D. Cal.); and *Flynn v. McGraw Hill LLC*, Case No. 1:21-cv-00614 (S.D.N.Y.). I do not believe the Court's question calls for an exhaustive list of all co-counsel

1  agreements across every class action and putative class action SG is involved in, but we can provide
2  further detail if the Court requires it. SG has, in none of its other class action cases, entered into
3  any sort of agreement of any kind related to fees awarded in this Action, or an agreement to share
4  fees awarded in those actions with any class member or named party in this Action.

**QUESTION 2**

46.     The Court's second question is as follows: "Likewise, all law firms who have filed fee petitions herein (or on whose behalf one has been filed) shall file a declaration setting forth the full extent to which such firm has made any proposal(s) to anyone — and the full extent to which anyone has made any proposal(s) to such firm — to share any portion(s) of any fee award in this class action or in any other class action(s) (putative or certified) involving any party (or class member) herein, and stating as to each such proposal its date, proposed terms (including as suggested or implied), the extent to which it was verbal and the extent to which it was in writing (or in an email or text or other message), and the parties and the names of all persons who made or received the proposal." Dkt. 515 at 10.

47.     In early September 2025, Rohit Nath of SG contacted Fairmark Partners about serving as Authors Coordination Counsel on the Author-Publisher Working Group. No specific proposals related to fee sharing were discussed, though the expectation at the time was that Fairmark would submit a fee request to the Court for work performed on the APWG. Fairmark ultimately did not perform additional work on the APWG after the September 8, 2025 hearing and did not submit any request for fees.

48.     Other than proposals related to the agreements in response to Question 1 above (¶¶ 8-43) and discussions with Fairmark (¶ 47), SG has neither made nor received any proposal to share fees awarded in this Action with any person (including any named party or class member in this Action).

49.     Although not called for by Question 2 because no proposals were exchanged, SG has had discussions with other law firms about joining other AI class actions. These discussions have been preliminary and did not progress far enough for proposals to be exchanged. In none of these cases did SG make or receive a proposal to share fees in those class actions. Moreover, at no

time did SG make or receive a proposal about this Anthropic class action. Additionally, SG has had discussions with LCHB and CDAS about other potential class actions that, if they went forward, would have proceeded on substantially the same fee sharing terms as the original co-counsel agreement in this case. Ultimately, the firms jointly decided not to file these actions together.

**QUESTION 3**

50. The Court's third question is as follows: "All law firms who have filed fee petitions herein (or on whose behalf one has been filed) also shall file a declaration setting forth the full extent to which any arrangement has been made or proposed by which any class member would receive a sweeter recovery than other class members." Dkt. 515 at 10.

51. I am aware of no arrangement of any kind, made or proposed, providing any class member a sweeter recovery under the Settlement than other class members. All class members will be distributed funds according to the plan of allocation and distribution filed on September 22, 2025 (Dkt. 401-1) and approved by the Court, and all claimed works on the Works List will receive an identical allocation of the Settlement Fund.

I declare under penalty of perjury that the foregoing is true and correct and to the best of my knowledge.

Executed on December 30, 2025, in Austin, Texas.

_____
Justin A. Nelson