OPPENHEIM + ZEBRAK, LLP
Matthew J. Oppenheim (pro hac vice)
Jeffrey M. Gould (pro hac vice)
4530 Wisconsin Avenue, NW, Fifth Floor
Washington, DC 20016
Tel: 202-480-2999

*Publishers' Coordination Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, AND MJ + KJ, INC., individually and on behalf of others similar situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendants. | Case No. 3:24-cv-05417-WHA<br><br>Hon. William Alsup<br><br>**DECLARATION OF PUBLISHERS' COORDINATION COUNSEL MATTHEW J. OPPENHEIM IN RESPONSE TO JUDGE'S MEMORANDUM REGARDING PETITIONS FOR FEES AND COSTS, AND ORDER (DKT. 515)** |

Pursuant to 28 U.S.C. § 1746, Matthew J. Oppenheim declares and states as follows:

1. I, Matthew J. Oppenheim, am the co-founding partner and managing partner of Oppenheim + Zebrak, LLP ("O+Z"). O+Z, along with Edelson PC, is Publishers' Coordination Counsel ("PCC") in the above-captioned action (the "Litigation"). I submit this declaration in response to Judge's Memorandum Regarding Petitions For Fees and Costs, and Order (Dkt. 515). I have personal knowledge of the facts set forth herein and if called upon to testify as a witness, I could and would competently testify hereto.

2. I respectfully disagree with the assumptions underlying the Court's order, including the repeated insinuations of anything untoward related to O+Z's involvement in this case. O+Z takes pride in always operating with the highest integrity. This case is no exception. Our firm has worked zealously to represent all publishers' interests in this case and to maximize the per-work recovery, with resounding benefits to the class.

3. I am aware of a single written fee-sharing agreement between law firms relating to this Litigation, described in Class Counsel's fee motion and more fully below. To the best of my knowledge, there are no other agreements, written or unwritten, and there have been no proposals for fee-sharing, fee-shifting, fee payment, or "side deals" or "arrangements" of any kind (or anything remotely like it) with either the design or effect of any class member or law firm receiving anything other than what is set forth in the Settlement, proposed plan of allocation, and above-reference fee-sharing agreement.

**Background**

4. I have provided the Court with detailed information on my personal background and about O+Z in previous declarations, including at Dkt. Nos. 505-4 and 398. To summarize, I have over 30 years' experience representing content owners, including education and trade book publishers, in their content protection efforts, including in several of the most preeminent and influential copyright infringement cases of our time. Our firm is widely recognized as a leading copyright firm in the country. We have a proven track record of successfully litigating in court for many of the biggest content companies in the world, negotiating private resolutions, and

1 providing thoughtful guidance on copyright and trademark issues.

2     5.    Prior to this matter, we had never served as counsel in a class action. While we have been involved in many very large copyright cases (including cases involving well over 10,000 copyrighted works), they have all been mass enforcement cases where we represent individual plaintiffs asserting claims on their own behalf. We have successfully litigated important copyright cases involving BitTorrent, peer-to-peer infringement, and Library Genesis ("LibGen"). We have multiple active copyright cases against artificial intelligence companies, including a separate case against Anthropic. O+Z as a firm, many of my partners, and I personally have been honored with numerous recognitions by many different groups for our work, including *Chambers USA*, *Super Lawyers*, *Best Lawyers in America*®, *Law360*, *Managing IP*, *Legal 500*, *Billboard* magazine, and others.

**Response**

6. On July 17, 2025, publishers were added to this case upon class certification. I am informed and understand that in discussions that followed immediately thereafter between Class Counsel, the Association of American Publishers ("AAP"), and several AAP member-publishers, Class Counsel sought publisher participation in the class action and invited additional counsel to represent publishers' interests in the class. I am informed and understand that Class Counsel proposed the addition of publishers' coordination counsel to represent the publishing industry's interests in the class, including O+Z specifically due to our expertise on relevant issues.

7. On approximately July 18, 2025, O+Z was contacted by the AAP and numerous of its member-publishers to represent publishers' particular interests in this class action. As long-time counsel to content owners with deep knowledge of the publishing industry, a successful track record in mass copyright infringement cases, experience litigating several ongoing infringement cases against AI companies (including Anthropic), and lack of conflicts, O+Z (along with Edelson PC) was put forward to represent publishers' interests in this class action.

8. Class Counsel invited the PCC's participation. In a letter agreement dated August 7, 2025 (and signed on August 10 and 11), Susman Godfrey LLP ("SG") and Lieff Cabraser

DECLARATION OF MATTHEW J. OPPENHEIM
IN RESPONSE TO DOCKET 515     -3-

1  Heimann & Bernstein, LLP ("LCHB") as co-lead Class Counsel; Cowan Debaets Abrahams &
2  Sheppard LLP ("CDAS") as additional counsel; and O+Z and Edelson PC as PCC, reached an
3  agreement. The agreement sets forth the PCC's role and duties in representing publishers'
4  interest in the shared class goal of maximizing the per-work recovery. Specifically, the PCC's
5  duties, as set forth in the agreement, include: (1) coordinating the prosecution of claims with
6  Class Counsel, including providing Class Counsel and the Court with publishers' perspective and
7  assistance on case strategy, discovery, briefing, oral argument, pre-trial, and trial; (2)
8  participating at trial in coordination with Class Counsel, including but not limited to presenting
9  evidence and witnesses from the publishers; (3) coordinating and helping with compilation of the
10 class works list and class notice, including helping obtain accurate information for class scope;
11 (4) working with Class Counsel on appeals with respect to publishers' interests; and (5)
12 participating in settlement discussions and representing the publishers' interests with respect to
13 allocation and other related issues. O+Z has more than fulfilled these duties, as explained in
14 previously submitted declarations, and is continuing to do so through the claims process. *See*
15 Dkt. Nos. 505-4 and 398.

16    9.   The law firms agreed to allocate work, expenses, fee awards, and reimbursements
17 as follows: SG and LCHB with 37.5% each, CDAS with 5%, O+Z with 12.5%, and Edelson with
18 7.5%. They further agreed that O+Z and Edelson's collective fee allocation would increase by
19 10% (from 20% collectively to 30% collectively) for any fees awarded over $500 million, with
20 proportionate deductions for SG, LCHB and CDAS.

21    10.  The following individuals signed the agreement for the law firms: Justin Nelson
22 for SG, Rachel Geman for LCHB, Ken Swezey for CDAS, Matthew Oppenheim for O+Z, and
23 Jay Edelson for Edelson PC.

24    11.  The three named author Plaintiffs Andrea Bartz, Kirk Wallace Johnson, and
25 Charles Graeber also signed the agreement.

26    12.  On August 11, 2025, Class Counsel filed a Notice of Association of Additional
27 Counsel, informing the Court that O+Z and Edelson PC would serve as PCC "to assist Class

1  Counsel in representing the Class" by "representing the interests of publishers in the common
2  goal of maximizing the per-work recovery of the Class" and confirming that "Edelson and O+Z
3  are supported in this role by the Association of American Publishers and its members." Dkt. 298.
4      13.   Simultaneous with filing the Notice, O+Z lawyers participating in the matter
5  sought to appear *pro hac vice*, which the Court ordered. Dkt. Nos. 308, 309, 320.
6      14.   Apart from this case, my firm has contemplated fee-sharing agreements with
7  Edelson PC for other potential matters (unrelated to this case) in which we would serve as co-
8  counsel. None of those discussions have involved was ever contemplated to involve payments to
9  any class member or anyone other than our two firms.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed on this 30th day of December, 2025 in Rome, Italy.

DocuSigned by:

*Matthew J. Oppenheim*

Matthew J. Oppenheim

DECLARATION OF MATTHEW J. OPPENHEIM
IN RESPONSE TO DOCKET 515                    -5-