UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREA BARTZ, CHARLES GRAEBER,
and KIRK WALLACE JOHNSON,

        Plaintiffs,

    v.

ANTHROPIC PBC,

        Defendant.

No. C 24-05417 AMO

**ORDER ON SEALING AND
OTHER PENDING MOTIONS**

This order resolves all pending motions to seal related to the motions for class

certification, the motion for summary judgment on fair use, and discovery disputes.

    **1.**    **THE LEGAL STANDARD.**

The public enjoys the right to know to whom the public courts provide relief (or not).

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). So, filings

"more than tangentially related to the merits" may be sealed only for "compelling reasons."

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). And,

even filings unrelated to the merits may be sealed only for "good cause." *Id.* at 1097. Because

most filings relate to the merits, the "'compelling reasons' standard applies to most judicial

records." *Id.* at 1098 (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir.

2010).

United States District Court
Northern District of California

United States District Court
Northern District of California

Parties seeking to seal filings in this district must follow basic rules. Above all, they must "narrowly tailor" requests to seal "only the sealable material." Civil L.R. 79-5(c)(3). A party must list each passage it proposes to redact (or document to seal), and for each specify: (1) the legitimate interests that warrant redaction; (2) the injury that will result should redaction be denied; and (3) why fewer redactions do not suffice. *Id.* at (c)(1). The party's assertions must be supported. *See id.* at (c)(2), (f)(3). For pleadings and briefs, the party must also file an unredacted copy and a redacted one, and in the unredacted copy highlight proposed redactions. *Id.* at (e). Rule violations and unreasonable requests reveal lack of cause to seal, and risk total rejection. *See id.* at (f)(3), (f)(6), (g)(2).

Redactions may be warranted where publication "could result in infringement upon trade secrets." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). So too where publishing "business information" might "harm a litigant's competitive standing," particularly where the public has minimal interest in that information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). And, in general, redaction will be proper where publication would turn "court files [into] a vehicle for improper purposes," *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as "to gratify private spite, promote public scandal, [or] circulate libelous statements," *ibid.*

But "vague boilerplate language or nebulous assertions of potential harm" are insufficient. *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019). As is mere "[r]eference to a stipulation or protective order." Civil L.R. 79-5(c); *see also Kamakana*, 447 F.3d at 1184. "A party seeking to seal a judicial record [ultimately] bears the burden of overcoming th[e] strong presumption" of public access. *Kamakana*, 447 F.3d at 1178. The final decision is "left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

Early in this litigation, an epidemic of oversealing plagued both sides. The district judge denied every motion then standing on the docket. The parties persuaded the judge, however, to provide a second opportunity to narrow their redactions to the essentials (*see* Dkt. No. 196).

The orders below *approve only the most recent redactions* (for example the green redactions by Anthropic, not the underlying yellow ones).  And, if something is not approved, it is denied.

### 2. MOTIONS TO SEAL RELATED TO MOTIONS FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

#### A. MOTIONS TO SEAL THE WORKS LIST

The motions to seal the comprehensive works list that are lodged with the Court (Dkt. Nos. 380 {379}[1], 403 {404}, 421 {422}, 433 {433-2}, 473 {472}) are **GRANTED**.  Much or all the information is public — but here it is in one place.  And, the class especially has an interest in knowing all whom receive payment from the class fund — but this is still to come.  For now, before approval, the risk of mischief involving *en masse* miscommunications is too great.

#### B. MOTIONS TO SEAL THE SETTLEMENT AGREEMENT.

Plaintiffs move to seal the settlement agreement, specifically to redact the threshold of opt-outs that triggers defendant's option to unwind the settlement, in its Paragraph 7.2 (Dkt. No. 360 (seeking to seal Dkt. Nos. {360-3 ¶ 7.2}, 362-3 ¶ 7.2, 363-3 ¶ 7.2)).

For the reasons stated in that motion, it is **GRANTED**.

### 3. MOTIONS TO SEAL RELATED TO MOTION FOR SUMMARY JUDGMENT ON FAIR USE

#### A. MOTIONS TO SEAL RELATED TO OPENING BRIEF.

##### (i) Brief.

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-9} | Anthropic's Opening Brief | 1:18 **DENIED**. | The trillions of words used in the models is important to the merits.  Is this 10?  Is this 10 gazillion?  It matters to the analysis — and at this point the number is stale ("Scale of Tokens"). |
|  |  | 3:13 **DENIED**. | The computing costs is quoted here is now stale and is important to understanding the scale of available budget not used to purchase books and yet to do something innovative with books ("Old Computing Costs"). |

---

[1] Dkt. Nos. appearing within {} correspond to sealed filings.

United States District Court
Northern District of California

| | | 3:14 **DENIED**. | The scale of potential beneficiaries is important context, too, and this number is now stale ("Old User Counts"). |
|---|---|---|---|
| | | 5:12–13 **GRANTED**. | The breakdown in training tokens reveals additional proprietary information that, while probably stale at this point, is also less important to the merits ("Specifics of Tokens"). |
| | | 5:14 **DENIED**. | *See* Scale of Tokens. |
| | | 8:10–11 **IN PART**. | As to the numerals, **GRANTED**. As to the units written out in words, **DENIED**. Again, the overall volume at issue both of expenditures and of books is related to the merits and not so compelling to seal (*cf.* Specifics of Scanned Books). |
| | | 9:3 **DENIED**. | The scale of this effort is important to the merits of the inquiry, which was premised on market failure — and for that reason the scale of this effort was also predictable.  The "wildly optimistic rate" of licensing was sized up as one point of comparison later in the brief.  And, those who have not licensed their works to Anthropic already know who they are.  **DENIED**. |
| | | 16:15 **DENIED**. | *See* Scale of Scanned Books. |
| | | 16:18 **DENIED**. | *See* Scale of Tokens. |
| | | 21–22 **DENIED**. | The passage makes a core merits argument about purported market failure and about the relative contribution of the copyrighted works to the transformative output.  That point is not made if the redactions are in place.  And, the redacted numbers are stale. |
| | | 23 **DENIED**. | *See* Scale of Tokens. |

(ii)    *Declarations.*

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-7} | Decl. Employee-Expert Jared Kaplan | ¶ 19 **DENIED** | *See* Old User Count; Old Computing Costs. |

| | | | ¶ 39 **GRANTED** | Proposed redactions zero in on the volume of base and sampled tokens. Together they reveal a small amount of information having commercial import. By redacting them away nothing is lost to the reader. *See* Specifics of Tokens. |
|---|---|---|---|---|
| | | | ¶ 46 **GRANTED** | *See* Specifics of Tokens. |
| | | | ¶ 53 Fig. 1 **IN PART** | Proposed redactions target the breakdown of Claude 1's training corpus by token source. There is obvious competitive import in this breakdown — even in negative know if to any extent these breakdowns no longer reflect current ones. That said, the relative contribution of book inputs to model outputs is an issue in the fair use defense which remains at play in class certification, and providing more insight is important. The written paragraph describes some of the categories in broad strokes. It does not show the ranking or values at all. This is the right way to strike the balance: *In Figure 1*, the column "% Unique Tokens" is **DENIED**. Also in that figure, the words "Books" and "Academic" are wherever they appear **DENIED**. Otherwise, **GRANTED**. |
| | | | ¶ 53 Fig. 2 **GRANTED** | The disclosures to Figure 1 convey sufficient information such that further disclosure is not warranted. |
| | | | ¶ 53 Fig. 3 **GRANTED** | Same as above. |
| | | | ¶ 55 **GRANTED** | *See* Specifics of Tokens. |
| {205-10} | Decl. Employee Tom Turvey | | ¶ 12 **GRANTED** | For the reasons in the motion. |
| | | | ¶¶ 20–27 **IN PART** | Proposed for redaction are the numbers of tokens sought and books needed for the Scanned Books project. The context of this endeavor is important to the merits and it is not convincing that rough amounts more than a year old warrant redacting. As to numerals, **GRANTED**. As to the written units for those numbers, **DENIED**. |
| | | | ¶¶ 38–45 **GRANTED** | Proposed for redactions are volumes and prices for books to be purchased or licensed from various sources. Because these go into finer detail than the numbers above and in some measure implicate third party confidences, the interest in sealing them warrants redaction. |

5

| {205-8} | Decl. Expert Steven R. Peterson | *Green highlights* ¶¶15 & n.19, 56, 65–66 **GRANTED** | *See* Specifics of Tokens. |
|---|---|---|---|
| | | *Green* ¶ 67 **DENIED** | Proposed to be redacted are high-level numbers about Anthropic's willingness to pay for a book. More detailed numbers are calculated in the two paragraphs before these redactions, and those redactions are approved as targeted and as more commercially sensitive. By contrast these numbers have so much rolled into them and such loose language around them that their value to understanding the argument on the merits outpaces their plausible competitive import. |
| | | ¶ 70 **IN PART** | Proposed to be redacted is the number of books to be scanned. The number is **GRANTED**, the units of that number **DENIED**. |
| | | *Blue and yellow highlights* | For avoidance of doubt, **DENIED**. |
| {205-66} | Supp. Decl. Expert Steven R. Peterson | **GRANTED**. | For the reasons stated in the motion. |

*(iii)  Exhibits.*

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-6} | Exh. 45, Financial Model for Valuing Tokens from Different Sources (-0279410) | **GRANTED** | Redactions target financial figures that also embed technical and business insight about the relative impact of these sources on model performance. Less sensitive information that is salient to the merits has not been redacted. |

**B.    MOTIONS TO SEAL RELATED TO OPPOSITION.**

*(i)   Brief.*

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-43} | Plaintiffs' Opposition Brief | 2:27–3:1 **DENIED**. | *See* Books Are Better at p. 11. |
| | | 5:3 **IN PART**. | The first digit in each number is **GRANTED**. Remaining numerals and written units **DENIED**. |

United States District Court
Northern District of California

| | | | | Yes, the orders of magnitude are themselves somewhat revealing but recall that important to the merits also was exactly that proportion, between acquisitions and further uses. Here the acquired works were purchased but this still provides circumstantial context for the overall approach that is important to the merits and not so compelling to seal ("Non-Use of Books?"). |
|---|---|---|---|---|
| | | | 13:1–2 **IN PART** | The numerals are **GRANTED**, the words **DENIED**. *See* Scale of Scanned Books. |
| | | | 16:17 **DENIED** | "[M]ath/science books improve coding" is nearly as related to the merits as the portion not redacted, that "fiction books improve prose." These are points basic to the arguments and captured by the order analyzing them. |
| | | | 23:20 **DENIED** | Similar to the point above, the portion of sampled tokens supplied by pirated books is given, and the portion supplied by scanned books is proposed to be redacted — but both provide important context to analyze the claims in this dispositive motion prospectively concerning both pirated and scanned books. |

*(ii)*    *Declarations.*

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-44} | Opp. Decl. Expert Ben Zhao | ¶¶ 32–34 & nn.3–4, 79 **GRANTED** | Proposed redactions target precise numbers of books in specific datasets and this goes beyond what is needed to understand the action while revealing plausibly sensitive commercial information. |
| | | ¶ 81 **GRANTED** | Proposed redaction targets the quantified benefit of using books in LLMs (when compared against using more brute force compute to get the same result). Sufficient detail is already disclosed. |
| {205-45} | Opp. Decl. Expert James Malackowski | ¶ 18 **IN PART** | Proposed redaction targets books scanned. As to the numeral itself, this is **GRANTED**. As to the written units, this is **DENIED**. |
| | | ¶ 34 & n.45 **GRANTED** | Proposed redactions include price and volume that go beyond what is needed to understand the case. |
| | | ¶ 43 **GRANTED** | Proposed redaction covers a range of possible amounts Anthropic might invest in books. On balance, especially as this number looks forward rather than backward (so may be less stale than other general numbers), this merits redaction. |

| | | ¶ 47<br>**DENIED** | Proposed for redaction is an arbitrary number of tokens around which the willingness to pay for books was modeled out, but that number of tokens could have been set at a higher or lower number to model the willingness to pay for books similarly. The redaction itself is overbroad. Disclosing this number will provide the ordinary reader with some sense for the scale of the endeavor that is addressed on the merits, without credibly disclosing specific information unlikely to be known by rivals.<br>*See* Scale of Tokens; Scale of Scanned Books. |
|---|---|---|---|
| | | ¶ 54 n.121<br>**DENIED** | Proposed for redaction is the self-serving argument striking at the merits quoted from Anthropic's summary judgment motion.<br>*See* Scale of Tokens. |

### (iii) Exhibits.

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-46} | Exh. 1, Anthropic Financial Forecast | **IN PART** | The proposed redaction in the bullet for "Data quality" on page -03441 is **DENIED**, but the remainder of the proposed redactions are **GRANTED**.<br>*See* Books Are Better;<br>*see* entry for Dkt. No. {205-21}. |
| {205-47} | Exh. 2, Forecast Memo. | -04915<br>**DENIED** | This memo does not contain meaningful financial forecasting. Anthropic has provided notice on our docket of investment since this memo. This memo also talks in broad terms about strategic decisions. But it does so from a time when the data team was 4 people. This memo is, in short, more than two years old in an industry that touts itself as flying at warp speed. What this memo does well is provide evidence that strikes at the merits discussed at the time of the conduct. And, the upshot is that the redactions are overbroad given the age of this file and the import of this file to the action. This strikes a balance:<br>"We think . . . advantage": **DENIED**.<br>"So we should be . . . well.": **GRANTED**.<br>"Last year . . . data," **DENIED**, but remainder of that paragraph's proposed redactions **GRANTED**. List of three things beginning "We" is **DENIED**, except redaction as to point two's second sentence, beginning "This is," is **GRANTED**. |

| | | | Redaction after "but we really want to prioritize" is **DENIED**. All other redactions **GRANTED**. |
|---|---|---|---|
| | | -04916–20 **GRANTED**. | There are more strategic comments that are relationship-specific and while they provide some value to understanding our action that is outweighed by evident risk from disclosure. |
| {205-48} | Exh. 4, Data Acquisition Opportunity 2025 | All pages **IN PART** | All written numbers and numerals **GRANTED**. All else **DENIED**. Given this is core subject matter of the litigation, and given that much of what is redacted here amount to platitudes already present in briefing, counsel was required to do more to target redactions if any were worth keeping. Anthropic had a first chance, it had a second chance, and it blew them both. |
| {205-37} | Exh. 12, Slack Messages | **IN PART** | Proposed redactions of file paths are granted up through the third forward slash, **GRANTED**. Thereafter, the structure and name itself has import to the merits and any commercial risk is thereafter implausible. |
| {205-38} | Exh. 13, Slack Messages | **GRANTED** | Proposed redactions obscure file paths with less import to our merits issues. |
| {205-49} | Exh. 14, Slack Messages | **GRANTED** | For the reasons stated in the motion. |
| {205-50} | Exh. 15 Company Meeting Slides | **GRANTED** | Counsel recovers some credibility with this entry: The family photo has no relation to the merits. |
| {205-39} | Exh. 16, Slack Messages | **GRANTED** | Proposed redactions obscure file paths with less import to our merits issues. |
| {205-51} | Exh. 20 Slack Messages | **IN PART** | Comments starting "I'd be 80% confident . . ." **DENIED** as related to merits issues and not outweighed by any competitive injury. Otherwise, **GRANTED**. |
| {205-52} | Exh. 22, Dep. Tr. Employee Tom Turvey | **GRANTED** | For the reasons stated in the motion. |
| {205-53} | Exh. 26, Purchase Agreement | **GRANTED** | For the reasons stated in the motion. |
| {205-54} | Exh. 27, Email of Comments | **GRANTED** | Proposed redactions obscure file paths and one specific data source and target volume for acquisition. |

| {205-55} | Exh. 28, Held-Out Data Sources Memo | **GRANTED** | Proposed redactions are of targeted numbers that do not greatly impair legibility while protecting plausible commercial and technical details. |
|---|---|---|---|
| {205-56} | Exh. 29, Writeup on Books Data | **DENIED** | To quote an employee, "I'm not sure there's anything actionable here." It's not clear this even amounts to negative know-how. It is a basic writeup with exceptionally overbroad redactions that strike at subject matter core to the litigation. That the same employee just quoted now swears otherwise counts for little. **DENIED**. |
| {205-57} | Exh. 31, Emails re Book Purchasing | **GRANTED** | Redactions obscure email prefixes and the like. |
| {205-40} | Exh. 32, Email to Mexican Bookseller Oceano | **GRANTED** | |
| {205-58} | Exh. 35, Deduplication | **IN PART** | Redactions are granted or denied in the same places and for the same reasons as those explained below with respect to another copy of this same document (re Dkt. No. {205-20}). |
| {205-41} | Exh. 36, Email re PR Risk | **GRANTED** | For the reasons stated in the motion. |

C.    *MOTIONS TO SEAL RELATED TO  REPLY BRIEF AND EXHIBITS.*

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-42} | Exh. 43 Email re Cost to Buy All Books in LibGen | **GRANTED** | It redacts only emails. |

D.    *MOTIONS TO SEAL RELATED TO HEARINGS.*

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-67} | Letter Brief from Anthropic Requesting | **IN PART** | As to numerals, **GRANTED**.<br>As to units of measure, **DENIED**. |
| {205-68} | Attached Email | | |

United States District Court
Northern District of California

10

**4.    MOTIONS TO SEAL RE THE
MOTION FOR CLASS CERTIFICATION (IF ANY)**

*A.    RE OPENING BRIEF AND EXHIBITS*

(i)    *Re Brief.*

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-29} | Plaintiffs' Opening Brief | *Green highlights:* 8:17, 8:18 9:1, 9:14, **GRANTED** | Redactions have been trimmed to a few well-chosen numbers that relate to strategic decisions about the volume of book acquisitions for Scanned Books.  Because of the way these references are combined, it is not practical to reveal even the units of some of these numbers. |

(ii)    *Re Declaration of Expert Ben Zhao in Support
(Dated: March 27, 2025).*

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-30} [Tab 3] | Opening Decl. of Expert Ben Zhao (March 27, 2025) | Green highlights: ¶¶ 36, 39, 40 & nn.6–7, 41, 80 **GRANTED**. | Redactions target a few well-chosen numbers only, these the specific numbers of books acquired and used in specific datasets, which has some competitive import ("Specifics of Scanned Books"). |
| | | Green ¶ 83 **DENIED** | Redaction would obscure a quotation of an employee stating that books are better than web content.  This issue is plain on the face of the motions and critical to the merits.  It is unclear how its disclosure could unjustifiably harm Anthropic, if it could harm Anthropic at all ("Books Are Better"). |
| | | Green ¶ 89 **DENIED** | Redaction would obscure generic areas of books Anthropic has obtained.  This is too core to merits issues for the purported reasons to seal to be compelling by comparison ("Topic Areas"). |
| {205-13} | Exh. C to Expert Zhao | **GRANTED** | Redaction obscures file paths only. |

(i)    *Re Declaration of Attorney Jacob S. Millier in
Support and Attachments*

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-32} [Tab 4] | Decl. Jacob S. Miller | ¶ 24 **GRANTED** | *See* Specifics of Scanned Books. |

| {205-14} | Exh. 2, Anthropic's Second Supp. Objections & Responses to Plaintiffs' Second Set of Interrogs. (Nos. 6-13) | Page 7, lines 14–16, lines 23–25 **GRANTED** | Redaction obscures confidential financing information that relates especially to individuals who could be subject to harassment. |
|---|---|---|---|
| {205-15} | Exh. 8, Valuing Tokens | Green highlights, **IN PART** | Some redactions would obscure too much that is too related to the merits and yet too general to have credible, compelling commercial import. So, the following are **DENIED**: <br>• "Valuing 1T Tokens," as any sum could have been chosen to use as a base for the calculations and this is helpful to the public to understand what this document is about and how it relates to the merits; <br>• "tokens in our corpus by then (estimate)" <br>• "tokens in our corpus by then (estimate)" <br>• "leading to a flywheel . . ." to end; <br>• Sentence beginning "If we believe the soft value" except for numeric values; <br>All other redactions, mainly being numbers, obscure back-of-the-envelope calculations that reflect plausible business insights ("Specifics of Tokens"), and are **GRANTED**. |
| {205-16} | Exh. 9, SCALE: BWB Remaining Currently Available Consumer Inventory | Green highlights, **IN PART** | Redactions obscuring numerals, URL suffixes, and email prefixes are **GRANTED**. Otherwise, the redactions are **DENIED**. |
| {205-17} | Exh. 10, Anthropic Datamation Book Scanning Proposal | Page -04034, **IN PART** | Redaction of "Anthropic is seeking . . ." would obscure only what is already obvious from other context, and relates to the merits. **DENIED**. Redacting all else on this page is **GRANTED** (*see also* Specifics of Scanned Books). |
| | | Page -04035, **IN PART** | Redacting the column titled "Quantity" would impair the ability to see the volume of this effort, which is important to understanding how this evidence weighs on the merits; the information is less competitively important once stripped of pricing and in any case is stale ("Scale of Scanned Books"). **DENIED**. |

United States District Court
Northern District of California

| | | | All else on page **GRANTED**. |
|---|---|---|---|
| {205-18} | Exh. 11, Scanning Worksheet | Green highlights, **GRANTED** | *See* Specifics of Scanned Books. |
| {205-19} | Exh. 12, Data Partnerships <> Finance; Monthly Syncs | Green highlights, **IN PART** | Redactions of numerals are **GRANTED**. Otherwise: Redactions of words are overbroad and erratic. Sometimes the same word is redacted in some places but not others, without rhyme or reason. Sometimes concepts are redacted in one place (how books will be treated as a capital asset) but not in other places (how books will be treated as a capital asset, that is, kept forever and accounted for as such). The result is that how this evidence bears on the issues becomes less clear to the public reader, without protecting anything of import for Anthropic. **DENIED**. |
| {205-20} | Exh. 13, Deduplic- ation | Page -029086 **DENIED** | These pages contain overbroad redactions that relate to the merits also. If something here were sufficiently important to Anthropic, it would have been precisely pointed out. It wasn't. *See* Books Are Better. |
| | | Page -029096 **DENIED** | |
| | | Pages -029100 to -029101 **DENIED** | |
| | | Page -029109 **DENIED** | Redaction would obscure the mathematical equivalent of the statements made herein respecting memorization. Just how well models can memorize was contested on the merits. The reasons for retaining the redaction are not so compelling by comparison. |
| | | Page -029115 **DENIED** | Redactions would obscure points of embarrassment or points of weakness in Anthropic's merits arguments, but not much else. The redactions are overbroad. If there were something worthy of protection, it would have been narrowly called out. |
| | | Page -029127 **DENIED** | |
| | | Page -029129 **DENIED**. | The phrase proposed to be redacted does not reveal much beyond what the document as a whole already makes obvious, and it is an important point to understand merits issues. |
| | | Page -029131 **DENIED**. | Again, Anthropic peppers into otherwise legitimate redactions ones that appear to have no purpose but to obscure the strength of certain merits arguments made against it. As for anything else here, it is not the role of the public |

United States District Court
Northern District of California

13

United States District Court
Northern District of California

| | | | | |
|---|---|---|---|---|
| | | | | courts to parse out what the party most interested did not care to parse — it is already public. |
| | | | Page -029138 **DENIED**. | The same applies here. The proposed redactions relate to study results. The redactions appear designed to confound the reader into believing the results Anthropic reached were unlike ones publicly reported elsewhere and that all of this discussion is unrelated to the merits. Not so. |
| | | | Page -029167 **DENIED**. | This, too, is overbroad. Yes, the proposed redactions capture product learnings from prior research. But, in the document's own words, the redactions also share tips from rivals — so it seems not so credible that these lessons have not been learned widely. Meanwhile, this passage explains well the upshot of this document for the public reader who seeks to understand how this evidence bears on the merits. |
| | | | Pages -029167–71 and all other pages here not specified, **GRANTED**. | These pages also have some overbreadth but have diminishing import for the public understanding and increasing import for rivals. On balance, these can be redacted in full. |
| {205-21} | Exh. 16, Anthropic Financial Forecast | **IN PART** | | The proposed redaction in the bullet for "Data quality" on page -03441 is **DENIED**, but the remainder of the proposed redactions are **GRANTED**. *See* Books Are Better. |
| {205-23} | Exh. 17, Amodei Email | **IN PART** | | The substantive redaction after the word "buying" is closely related to the merits issues and any residual competitive import is stale several years later. That redaction is **DENIED**. The remainder is **GRANTED**. |
| {205-24} | Exh. 19, Slack Thread (-389773) | **IN PART** | | The substantive redaction to the sentence about "dumping" the pirated book files at issue "by tonight" is **DENIED**. Whether there was evidence of common mental states with respect to the copyrighted works was an issue in the briefing. The URLs and file paths *up to the third forward slash* are **GRANTED** but thereafter **DENIED** as bearing too much on the merits. |
| {205-22} | Exh. 20, Slack Thread (-0391318) | **GRANTED** | | Redactions obscure only URLs and file paths. |
| {205-25} | Exh. 22, Turvey Email | **IN PART** | | Numerals, URLs, and emails are **GRANTED**. Otherwise, it is overbroad, and it is **DENIED**. |

| {205-26} | Exh. 23, Content Acquisition Meeting Minutes (-06363) | *Throughout* **IN PART** | The subject areas and formats of books (e.g., consumer non-fiction, textbooks, Religion, etc.) reflect a variety salient to the certification issues, and not of bracing competitive import at the level of generality conveyed here.  **DENIED**. Everything else has commercial import that outweighs salience, such as numbers and numerals, and is **GRANTED**. |
| {205-27} | Exh. 25, Internal Strategic Data Partnership, -04936 | *Throughout* **GRANTED** | Proposed redactions target specific information less salient to the merits but with commercial import. |
| {205-28} | Exh. 26, Document re Evals for Tokens (May 24, 2024) (-0209219) | *Throughout* **GRANTED** | So too here. |

**B.    MOTIONS TO SEAL RELATED TO OPPOSITION BRIEF.**

**(i)    Brief.**

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-36} | Anthropic's Opposition Brief | Green highlights: 7:21 **DENIED** | Redaction would obscure just one broad number concerning one operational dimension of the book-scanning project that helps characterize it for public understanding without revealing so much of credible commercial import. |
| | | Green highlights: 8:1–2 **GRANTED** | *See* Specifics of Scanned Books. |

**(ii)    Exhibits**

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {204-2} | Exh. 5, Bartz-Random House Agreement for *The Lost Night* | Yellow highlights **IN PART** | The value of these contracts is salient to the merits and damages, and some indication of that value is helpful to the public reader.<br><br>Redactions as to all numerals *except those to the left of what is or would be the last placeholder comma if the entire number were fully written* |

| {204-3} | Exh. 6, Bartz-Penguin Random House Agreement for two titles | Yellow highlights **IN PART** | *out with commas* (so if $1,000,000 or $1M is the figure, then the focus here is on the ",000,000" or equivalently the "M" but not the "1"), as well as the final written unit for each financial figure (e.g., "thousands" or "MM" or "k"), and any currency marker or word (e.g., "$" or "U.S. Dollars") are **DENIED**. |
| --- | --- | --- | --- |
| {204-4} | Exh. 7, Bartz-Penguin Random House Amendment for *The Lost Night* | Yellow highlights **IN PARTS** | Otherwise, the redactions are **GRANTED.** ("Scale of Book Deals"). Same as above. |
| {204-5} | Exh. 8, Bartz-Netflix Option for *We Were Never Here* | Yellow highlights **IN PARTS** | |
| {204-5} | Exh. 9, Bartz-Netflix Option for *We Were Never Here* | Yellow highlights **IN PART** | |
| {204-6} | Exh. 17, Graeber-Grand Central Publishing Agreement | Yellow highlights **IN PARTS** | |
| {204-7} | Exh. 18 Graeber-Grand Central Publishing Agreement for *The Breakthrough* | Yellow highlights **IN PARTS** | |

| | | |
|---|---|---|
| {204-8} | Exh. 22 Graeber-22nd Street Ent. Option Re *The Good Nurse* | |
| {204-9} | Exh. 23, Johnson-Simon & Schuster Earnings Invoice for *To Be a Friend Is Fatal* | Yellow highlights **IN PARTS** |
| {204-10} | Exh. 28, MJ+KJ Inc.-Penguin Random House Invoice for *The Feather Thief* | Yellow highlights **IN PARTS** |
| {204-11} | Exh. 29, MJ+KJ Inc.-Penguin Random House Invoice for *The Fishermen and the Dragon* | Yellow highlights **IN PARTS** |
| {204-12} | Exh. 30, Johnson-Simon & Schuster Agreement re *To Be a Friend Is Fatal* | Yellow highlights **IN PARTS** |

United States District Court
Northern District of California

| {204-13} | Exh. 31, MJ+KJ-Penguin Random House re *The Feather Underground* | Yellow highlights **IN PARTS** | |
|---|---|---|---|
| {204-14} | Exh. 32, Johnson-Penguin Random House re *The Fishermen and the Dragon* | Yellow highlights **IN PARTS** | |
| {204-15} | Exh. 33, MJ+KJ Inc-WME Ent. Option re *The Feather Thief* | Yellow highlights **IN PARTS** | |
| {205-33} | Exh. 35, Ablation Study: Books Data Exploration Scaffolded Results | -0273474 **DENIED** | Proposed redactions are broader than declared and the overage appears intended to obscure an important point related to the merits of whether the copying was done willfully. |
| | | -0273474–76 **GRANTED** | For the reasons stated in the motion. |
| | | -0273477–78 **DENIED** | Proposed redactions are broader than declared and the overage again strikes at merits issues. It is not convincing that generalities like those conveyed here would have commercial impact if disclosed. |
| | | -0273478–81 **GRANTED** | Although there is some overage here, it is less egregious. |
| | | -0273482–83 **IN PART** | Proposed redactions again include overage that strikes at merits issues. It is not credible that all this information is of the same compelling commercial value.<br>The graphs are **GRANTED**.<br>The remaining text is *in toto* **DENIED**. |

18

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
|  |  | -0273482–86 **GRANTED** | For the reasons stated in the motion. |
| {205-34} | Exh. 41, Dep. Tr. Employee Tom Turvey | **GRANTED** | For the reasons stated in the motion. |

### (iii)    Declarations.

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-35} | Decl. Expert Mycal Tucker | **DENIED**. | It is not credible that this is commercially sensitive information at this level of generality. This information strikes at the merits and even is part of the defense raised to the claims.  Parts if not all this material are thus hovering over the briefing in this case already.  So, it is furthermore doubtful that competitors would be confounded by these redactions; only the lay reader with an interest in the public courts and the legal reasoning would be.  If there were some nugget of gold among this mine run, Anthropic failed to point to it with specificity. |

### C.    MOTIONS TO SEAL RELATED TO REPLY BRIEF.

### (i)    Brief.

No redactions were sought for the reply brief.  For avoidance of doubt, any previously proposed redactions are **DENIED**.

### (ii)    Declarations.

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-59} | Decl. Jacob S. Miller | **GRANTED**. | For the reason stated in the motion. |

1
2

*(iii)     Exhibits.*

3

| {Sealed} | Document | Passage, Result | Reasoning |
|---|---|---|---|
| {205-60} | Exh. 42, Memo on Visions | **DENIED** | Seemingly narrow, the redactions nonetheless outpace the boilerplate rationale.  Hazy market share aspirations from 2023 are not commercially sensitive.  The other hazy prediction, about the future of humanity, is an ill fit with the purported rationale.  *See also* Dkt. No. 63 ¶ 4. |
| {205-61} | Exh. 44, Slack Messages | **IN PART** | Also striking merits issues are the comments on Page -0389154 (by Yudong only), Page -0389157, Page -0389160, Page -0389179 (re dedupe only), and Pages -0389193–94 (snippets of "Min . . . dedupe" only), are **DENIED**. All else **GRANTED**. |
| {205-62} | Exh. 45, Panama Partnership | **GRANTED** | For the reasons stated in the motion. |
| {205-63} | Exh. 46, Copy Fairy Code | **GRANTED** | For the reasons stated in the motion. |
| {205-64} | Exh. 47, Slack Messages | **GRANTED** | For the reasons stated in the motion. |
| {205-65} | Exh. 49, Dep. Tr. Mycal Tucker | **IN PART** | Numeric values only **GRANTED**. All else address generic learnings that relate to merits issues and are **DENIED**. |

**5.     MOTIONS TO SEAL RELATED TO DISCOVERY.**

All other pending motions to seal which stem from discovery disputes are **GRANTED**, subject to reconsideration should the settlement fall apart.  For filings related to discovery disputes predating class certification, there is little public benefit to unsealing the remainder because the elements most essential to the merits of the major orders to date already have been unsealed.  For filings related to discovery disputes postdating class certification, some of these raised new issues — and presently those documents are too attenuated from the case merits for the compelling reasons standard to apply.  So, the good cause standard applies, and is met.

United States District Court
Northern District of California

**6.    MOTIONS TO CORRECT THE DOCKET**

Class counsel moved to replace an administrative motion to seal (Dkt. No. 378) with the correct document, a notice of compliance (Dkt. No. 380). The motion to do so (Dkt. No. 381) is **GRANTED**.

Class counsel moved to replace a motion to seal (Dkt. No. 347) with another copy omitting defendant's clawed-back material (attached thereto). The motion to do so (Dkt. No. 357), and the accompanying motion to seal (Dkt. No. 358), are **GRANTED**.

The other motions to correct the docket (Dkt. Nos. 165, 167) are also **GRANTED**, as is the accompanying motion to seal (Dkt. No. 166).

**7.    OTHER MOTIONS.**

The motion to seal brought on behalf of a third party (Dkt. No. 194) is **GRANTED**.

## CONCLUSION

The sealing motions now pending are resolved above. For those motions that were denied, counsel shall please file them onto the docket in public format by **NOON ON JANUARY 21, 2026**. Please do not file them *en masse*. Counsel shall please file them as if filing each of the dispositive submissions to which they were attached once again, so much as possible, to facilitate interested class members having some shot at ever finding and reading them.

**IT IS SO ORDERED.**

Dated: January 15, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**