# EXHIBIT 26

## PURCHASE AGREEMENT

THIS Purchase Agreement (the "**Agreement**") is entered into this on the date of last signature below (the "**Effective Date**"), by and among World of Books Ltd, a [state/country] [entity type] ("**Seller**") Anthropic, PBC, a Delaware public benefit corporation ("**Buyer**") (individually a "**Party**", and collectively "**Parties**").

### RECITALS

WHEREAS the Buyer intends to purchase from the Seller, and Seller intends to sell to Buyer unique book titles ("**Books**") in accordance with this Agreement.

NOW, THEREFORE, for the avoidance of doubt, the Parties agree as follows:

### BUSINESS TERMS AND CONDITIONS

| Pricing | During the Term, Seller will provide the following pricing for Books to Buyer: |
| --- | --- |
| | <table><tr><th>Aggregate Book Volume During Term</th><th>Price per Book</th></tr><tr><td>■</td><td>■</td></tr><tr><td>■</td><td>■</td></tr><tr><td>■</td><td>■</td></tr><tr><td>■</td><td>■</td></tr></table> For the avoidance of doubt, these pricing tiers shall not be retroactive once the next tier is reached. |
| Minimum Purchase Requirement | Subject to the terms of this Agreement, Seller will sell to Buyer, and Buyer will purchase from Seller, ■■■ Books in accordance with the pricing tier provided above (the **Minimum Purchase Requirement**"). |
| ■ | ■■■ [redacted content] ■■■ |

Highly Confidential – Attorneys' Eyes Only

1

ANT_BARTZ_000146048

| | |
|---|---|
| **Damaged or Unwanted Books** | Less than ▇(which percentage may be modified upon written mutual agreement of the parties) of the Books shipped to Anthropic will be unsuitable for scanning ("**Damaged**") or Books where Anthropic has communicated in advance no desire to purchase ("**Unwanted**"). <br><br> For any Damaged or Unwanted Books, Seller will have 30 days to cure or replace with other Books can terminate. In the event that (a) Seller fails to reasonably replace Damaged or Unwanted Books or (b▇ or more of Books shipped to Buyer are Damaged or Unwanted, Buyer will have the right to terminate this Agreement without penalty and will not be required to meet the Minimum Purchase Requirement. |
| **Metadata** | Seller will provide to Buyer mutually agreed upon metadata regarding any Books to be purchased by Buyer, including for each book, the following information: ASINs, book title, author's name, publisher, publication date, suggested retail price, and cost to Anthropic. Seller will provide Book title and ISBN or ASIN for all Books purchased. |

**GENERAL TERMS AND CONDITIONS**

1. **Agreement Term.** This Agreement shall take effect on the Effective Date and shall continue thereafter for ▇ ▇ from the Effective Date (the "**Initial Term**"), which will renew automatically for ▇ terms (each, a "**Renewal Term**") unless either Party provides notices of non-renewal at least 30 days prior to the end of the then-current term (the Initial Term and any Renewal Terms, the "**Term**"), unless otherwise terminated by either Party pursuant to the terms of this Agreement. Notwithstanding anything herein to the contrary except for any termination for cause, the Parties agree that Buyer has the right to terminate this Agreement after the Buyer has completed the Minimum Purchase Requirement.

2. All purchase orders placed by Buyer to be fulfilled by Seller shall be memorialized in a mutually executed ordering document in a form substantially similar to the template provided in Exhibit A, attached hereto (each, an "**Ordering Document**").

3. **Title.** Title to Seller's Books that Seller sells to Buyer shall pass to Buyer when Buyer takes possession of the delivered Books.

4. **Book Condition.** Books shall be sold to Buyer by Seller in accordance with the condition mutually agreed upon by the Parties for each and every shipment in writing. If a Book is purchased by Buyer does not meet condition mutually agreed upon by the Parties, then the Seller will issue to the Buyer a refund equal to the amount paid for such Book, as long as Buyer requests such refund within thirty (30) days of the date of shipment of the book by Seller to Buyer.

5. **Confidentiality Obligations; Publicity.**

    a. Confidential Information" means information that one party (or an affiliate) discloses to the other party under this Agreement, and that is marked as confidential or would normally be considered confidential information under the circumstances. It does not include information that is independently developed by the receiving party, is rightfully given to the receiving party by a third party without confidentiality obligations, or becomes public through no fault of the receiving party.

    b. The receiving party will not disclose the disclosing party's Confidential Information, except to employees, affiliates, agents, professional advisors, or third-party contractors ("**Delegates**") who need to know it and who have a legal obligation to keep it confidential. The receiving party will use the Confidential Information only to exercise rights and fulfill obligations under this Agreement while using no less than reasonable care to protect the Confidential Information. The receiving party may disclose Confidential Information when legally compelled by a court or other government authority. To the extent permitted by law, receiving party will promptly provide the disclosing party with sufficient notice of all available details of the legal requirement and reasonably cooperate with the disclosing party's efforts to challenge the disclosure, seek

2

an appropriate protective order, or pursue such other legal action, as the disclosing party may deem appropriate. The receiving party will ensure that its Delegates are also subject to the same non-disclosure and use obligations.

    c. Except for the limited rights under this Agreement, neither party acquires any right, title, or interest in the other party's Confidential Information.

    d. Neither party may make any public statement regarding this Agreement without the other's written approval. Additionally, Seller may not identify Buyer as a customer of Buyer or use Buyer's name, logo or other brand features for any marketing purposes.

6. **Payment Terms.** Payment terms shall be Net 30 days from the Seller's invoice date, except when Buyer disputes any such invoice.. The Seller shall provide electronic invoices for each shipment of Books to the Buyer in accordance with Buyer's instruction.

7. **Notices.** Any notice required or permitted to be given to either Party shall be in writing and shall be deemed to be sufficiently given and received in all respects when either Party personally delivers or emails the notice to other the Party at the Notice Email as below listed.

8. **Limitation of Liability.** EXCEPT FOR A BREACH OF A PARTY'S CONFIDENTIALITY OBLIGATIONS: (i) NEITHER PARTY WILL HAVE ANY LIABILITY ARISING OUT OF OR RELATING TO THIS AGREEMENT FOR THE OTHER PARTY'S LOST REVENUES OR PROFITS; INDIRECT, SPECIAL, INCIDENTAL, OR CONSEQUENTIAL LOSSES; OR EXEMPLARY OR PUNITIVE DAMAGES; AND (ii) EACH PARTY'S AGGREGATE LIABILITY ARISING OUT OF OR RELATING TO THIS AGREEMENT WILL NOT EXCEED THE TOTAL AMOUNTS PAID AND PAYABLE BY BUYER TO SELLER UNDER THIS AGREEMENT.

9. **No Waiver.** The failure of either Party to enforce any part of this Agreement or the failure of either Party to declare a default shall apply only to that particular instance and shall not operate as the Party's continuing waiver or estoppel barring enforcement of any term or provision herein.

10. **Disputes.**
    a. **Disputes.** In the event of a dispute, claim or controversy relating to this Agreement ("Dispute"), the parties will first attempt in good faith to informally resolve the matter. The party raising the Dispute must notify the other party ("**Dispute Notice**"), who will have 15 days from the date of delivery of the Dispute Notice to propose a time for the parties to meet with appropriately leveled executives to attempt to resolve the Dispute. If the parties have not resolved the dispute within 45 days of delivery of the Dispute Notice, either party may seek to resolve the dispute through arbitration as stated in Section 9.b.

    b. **Arbitration.** Any Dispute will be determined by final, binding arbitration in San Francisco, California by a sole arbitrator pursuant to the Comprehensive Arbitration Rules and Procedures of Judicial Arbitration and Mediation Services, Inc. ("JAMS"). Judgment on any award issued through the JAMS arbitration process may be entered in any court having jurisdiction. EACH PARTY AGREES THEY ARE WAIVING THE RIGHT TO A TRIAL BY JURY, AND THE RIGHT TO JOIN AND PARTICIPATE IN A CLASS ACTION, TO THE FULLEST EXTENT PERMITTED UNDER THE LAW IN CONNECTION WITH THESE TERMS.

11. **Governing Law.** This Agreement is governed by and construed in accordance with the laws of the State of California without giving effect to any choice of law provision. Subject to Section 9 (Disputes), all suits, action, or proceedings related to these Terms will be instituted exclusively in federal or state courts located in San Francisco, California, and each party irrevocably submits to their exclusive jurisdiction.

12. **Relationship of the Parties.** Neither Party is nor shall be a partner, joint venturer, agent or representative of the other Party solely by virtue of this Agreement. Neither Party has the right, power, or authority to enter into any contract or incur any obligation, debt, or liability on behalf of the other Party.

13. **Force Majeure.** No Party shall be liable for any delay or failure in its performance of any of the acts required by this Agreement when such delay or failure arises for reasons beyond the reasonable control of such Party. The Party

Highly Confidential – Attorneys' Eyes Only    ANT_BARTZ_000146048_00003

so affected, however, shall use its best efforts to avoid or remove such causes of nonperformance and to complete performance of the act delayed, whenever such causes are removed. In the event of a failure or delay resulting in a delay of shipment of Books for an active order of 30 or more days, Buyer may provide 10 days' written notice of termination to Seller. If Seller is not able to cure the stoppage or delay within such 10-day notice period, Buyer may terminate this Agreement without penalty, and, for clarity, Buyer will not be required to complete the Minimum Purchase Requirement.

14. **Interpretation.** This Agreement will be construed mutually with neither party considered the drafter. Document and section titles are provided for convenience and will not be interpreted. The phrases "for example" or "including" or "or" are not limiting.

15. **Entire Agreement.** All terms, covenants and conditions of this Agreement are contained herein. There are no other warranties, obligations, covenants, or understandings between the Parties other than those expressed herein. Any prior agreements, warranties, obligations, covenants, or understandings between the Parties other than those expressed herein are superseded by this Agreement.

16. **Electronic Signatures.** To facilitate execution, this Agreement may be executed pursuant to the process set forth in the Electronic Signatures in Global and National Commerce Act (15 U.S.C. §7001 et seq.) or in as many counterparts as may be required to reflect all Parties' assent. All counterparts will collectively constitute a single agreement.

17. **Representation of Authority.** Each person signing this Agreement represents and warrants that he or she is duly authorized and has legal capacity to execute and deliver this Agreement. Each individual represents and warrants that such individual is duly authorized and empowered to enter into this Agreement on behalf of the respective below-listed Party and to bind such Party hereto.

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be executed as of the day and year first above written.

| BUYER: <br> **ANTHROPIC, PBC, a Delaware, public benefit corporation** <br> By: _____ <br><br> _____ <br><br> Tom Turvey <br><br> Vice President, Product Partnerships <br><br> Date: <br><br><br> Notice Email: | SELLER: <br> World of Books Ltd, a [state/country] [entity] <br> By:_____ <br><br> Name: <br><br> Title: <br><br> Date: _____ <br><br> Notice Email: _____ |
|---|---|

4

**EXHIBIT A**

**ORDERING DOCUMENT (TEMPLATE)**

1. **Purchase.** Subject to the terms and conditions of the Purchase Agreement executed on [DATE] by the Parties, Seller agrees to sell approximately _____ Books to Buyer as described in this Ordering Document.

2. **Titles.** The Books purchased and delivered under this Ordering Document shall be in accordance with the list(s) provided by Buyer to Seller in writing.

3. **Pricing.**
    a. <u>Books.</u> Seller will sell to Buyer approximately _____ Books in accordance with the pricing provided in the Purchase Agreement.
    b. <u>On-Shelf Higher Demand Books.</u> Seller will sell to Buyer approximately _____ On-Shelf Higher Demand Books at a price of ($____) per On-Shelf Higher Demand Book. "On-Shelf Higher Demand Books," as used herein, refers to Books that are in a higher demand bucket (as mutually agreed by the Parties) than Books available in accordance with the pricing table under the Purchase Agreement, which are currently in stock at Seller's warehouse and readily available for shipment.
    c. <u>Off-Shelf Higher Demand Books.</u> Seller will sell to Buyer approximately Off-Shelf High Demand Books at a price of ($____) per Off-Shelf Higher Demand Book. "Off-Shelf Higher Demand Books," as used herein, refers to Books that are in a higher demand bucket (as mutually agreed by the Parties) than Books available in accordance with the pricing table under the Purchase Agreement, which are currently in stock at Seller's warehouse and readily available for shipment.

4. **Minimum Purchase Requirement.** Seller hereby agrees that all purchases made under this Custom Purchase Addendum shall count toward the Minimum Purchase Requirement in the Agreement.

5. **Total Value.** The total dollar amount due to Seller from Buyer pursuant to this Ordering Document for _____ Books purchased pursuant to this Ordering Document shall be approximately _____ ($_____), excluding supplies, customs fees, relevant taxes, and any shipping-related costs.

6. **Term.** This Ordering Document shall automatically terminate upon the termination or expiration of the Agreement.

7. **Counterparts.** This Ordering Document may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS THEREOF, the parties have executed this Ordering Document as of the latest date set forth below.

Accepted and Agreed:

| **World of Books Ltd** | **ANTHROPIC, PBC** |
|---|---|
| By: _____ | By: _____ |
| Name: | Name: |
| Title: | Title: |
| Date: | Date: |

5