# EXHIBIT 30

| | |
|---|---|
| Douglas A. Winthrop (Bar No. 183532) | Joseph R. Wetzel (Bar No. 238008) |
| Douglas.Winthrop@arnoldporter.com | joe.wetzel@lw.com |
| Joseph Farris (Bar No. 263405) | **LATHAM & WATKINS LLP** |
| Joseph.Farris@arnoldporter.com | 505 Montgomery Street, Suite 2000 |
| Jessica L. Gillotte (Bar No. 333517) | San Francisco, California 94111 |
| Jessica.Gillotte@arnoldporter.com | Telephone:    (415) 391-0600 |
| Estayvaine Bragg (Bar No. 341400) | |
| Estayvaine.Bragg@arnoldporter.com | |

**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400

Angel T. Nakamura (Bar No. 205396)
Angel.Nakamura@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:    (213) 243-4000
Facsimile:    (213) 243-4199

*Attorneys for Defendant* Anthropic PBC

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, MJ + KJ, INC. individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-cv-05417-WHA<br><br>**ANTHROPIC PBC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT ANTHROPIC PBC (NOS. 6-13 )**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL HIGHLIGHTED IN YELLOW** |

| | |
|---|---|
| **PROPOUNDING PARTY:** | PLAINTIFFS ANDREA BARTZ, CHARLES GRAEBER, AND KIRK WALLACE JOHNSON |
| **RESPONDING PARTY:** | DEFENDANT ANTHROPIC PBC |
| **SET NUMBER:** | TWO (2) |

**ANTHROPIC PBC'S OBJECTIONS AND RESPONSES TO**

**PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Anthropic PBC ("Anthropic"), by and through its undersigned counsel, hereby objects and responds to Plaintiffs' Second Set of Interrogatories to Defendant Anthropic PBC, dated November 21, 2024 ("Interrogatories"), as follows:

**OBJECTIONS TO "INSTRUCTIONS"**

Anthropic objects to the "Instructions" and "Definitions" to the extent they purport to impose any obligations on it beyond those set forth in the Federal Rules of Civil Procedure or other applicable rules.

**OBJECTIONS TO "DEFINITIONS"**

1. Anthropic objects to the definitions of "You," "Your," and "Anthropic" as vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case. Anthropic will respond based on information that is reasonably within the possession, custody, or control of Anthropic PBC.

2. Anthropic objects to the Instruction/Definition that terms otherwise undefined in the Interrogatories should be interpreted pursuant to the Dictionary Act, 1 U.S.C. §1, *et seq.*, and the *New Oxford English*, 3d Ed. (2010).

**RESPONSE TO INTERROGATORIES**

**REQUEST FOR INTERROGATORY NO. 6:**

For each book identified in response to Interrogatory No. 2, please identify the number of copies Anthropic made of that book.

CONTAINS INFORMATION DESIGNATED SUBJECT TO PROTECTIVE ORDER

**RESPONSE TO INTERROGATORY NO. 6:**

Anthropic incorporates its objections to Interrogatory No. 2. Anthropic objects to this Interrogatory as vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response for large language models beyond its commercially released and generally accessible Claude models as of the date of these Responses. Anthropic objects to this Interrogatory on grounds that the term "book" is vague and ambiguous; Anthropic interprets the word "book" to mean a written work that has been issued a 10- or 13-digit ISBN. Anthropic objects to this Interrogatory on grounds that the term "copies" is vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent that it would require Anthropic to identify all possible instances of files reflecting portions of books and/or datasets that have ever existed at the company.

Subject to and without waiving the foregoing objections, Anthropic responds as follows:

Anthropic incorporates by reference its response to Interrogatory No. 2.

Further answering, for each of the datasets identified in Interrogatory No. 2, to the best of its knowledge, Anthropic obtained or created only a single version of the underlying data or dataset. To the extent this Interrogatory seeks an identification of the total number of transitory or intermediate copies of each such dataset or portions thereof that Anthropic has ever made after obtaining the data, Anthropic cannot answer because it would be impossible to provide such an enumeration or even a reasonably accurate estimate (and it would be extremely burdensome to even attempt this). ==In the case of each of Anthropic's models, there are dozens or hundreds of engineers that perform work developing the model using hundreds of different computers, servers, and other means of storing or transmitting electronic files, and incalculable operations performed that may entail writing the files reflecting portions of those datasets to computer memory or cloud storage for times of varying durations.==

**REQUEST FOR INTERROGATORY NO. 7:**

For each dataset identified in response to Interrogatory No. 4 that contains books, please identify the number of copies Anthropic made of that dataset.

3

ANTHROPIC'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES

Case No. 3:24-cv-05417-WHA

**RESPONSE TO INTERROGATORY NO. 7:**

Anthropic incorporates its objections to Interrogatory No. 4. Anthropic objects to this Interrogatory as vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response for large language models beyond its commercially released and generally accessible Claude models as of the date of these Responses. Anthropic objects to this Interrogatory on grounds that the term "books" is vague and ambiguous; Anthropic interprets the word "books" to mean written works that have been issued a 10- or 13-digit ISBN. Anthropic objects to this Interrogatory on grounds that the term "copies" is vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent that it would require Anthropic to identify all possible instances of files reflecting portions of books and/or datasets that have ever existed at the company.

Subject to and without waiving the foregoing objections, Anthropic responds as follows:

Anthropic incorporates by reference its response to Interrogatory No. 4.

Further answering, for each of the datasets identified in Interrogatory No. 4, to the best of its knowledge, Anthropic obtained or created only a single version of the underlying data or dataset. To the extent this Interrogatory seeks an identification of the total number of transitory or intermediate copies of each such dataset or portions thereof that Anthropic has ever made after obtaining the data, Anthropic cannot answer because it would be impossible to provide such an enumeration or even a reasonably accurate estimate (and it would be extremely burdensome to even attempt this). In the case of each of Anthropic's models, there are dozens or hundreds of engineers that perform work developing the model using hundreds of different computers, servers, and other means of storing or transmitting electronic files, and incalculable operations performed that may entail writing the files reflecting portions of those datasets to computer memory or cloud storage for times of varying durations.

**REQUEST FOR INTERROGATORY NO. 8:**

Identify the five Anthropic employees or former employees who are most knowledgeable about Your use of any dataset containing books (including but not limited to Books3, Internet Archive, and Common Crawl) in either pre-training, training, fine-tuning, or other development

phase of Your LLMs. For each Anthropic Individual identified, include (i) the Person's full name; (ii) any position the Person held with You at the time the Person possessed this knowledge; (iii) any email addresses the Person used to communicate about the Books3 dataset; and (iv) the name of any other form of ESI (e.g., text messages, Teams, and Slack) the Person used to communicate about or otherwise document information related to the subject of this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 8:**

Anthropic objects to this Interrogatory as vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response for large language models beyond its commercially released and generally accessible Claude models as of the date of these Responses. Anthropic objects to this Interrogatory on the grounds that it is vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response about "any other form of ESI" used to "document information related to the subject of this Interrogatory." Anthropic objects to this Interrogatory on grounds that the terms "Books3," "Internet Archive," and "Common Crawl" are vague and ambiguous, as they are massive datasets created by third parties which may exist in different versions. Anthropic objects that the request is vague and ambiguous and/or improperly compound to the extent it seeks information in subpart (iii) (concerning "Books3"), which is different in scope than the rest of the Interrogatory (concerning "any dataset containing books (including but not limited to Books3, Internet Archive, and Common Crawl"); Anthropic will respond concerning "any dataset containing books (including but not limited to Books3, Internet Archive, and Common Crawl"). Anthropic objects to this Interrogatory as violating the rights of privacy of its employees, overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about personal sources of ESI.

Subject to and without waiving the foregoing objections, Anthropic responds as follows:

(1) Jared Kaplan; Co-Founder & Chief Science Officer; jared@anthropic.com.

(2) Pranay Sangani; Manager, Tokens Team; pranay@anthropic.com.

(3) Tom Turvey; Manager, Member of Technical Staff, turvey@anthropic.com

(4) Cam McKinnon; Manager, Finetuning Team; cam@anthropic.com.

1  (5) Vinay Rao; Head of Trust & Safety; vinay@anthropic.com.

2  Each of these persons uses their Anthropic email accounts (email addresses listed above), Slack, and Google Workspace applications (e.g., Drive, Docs, Sheets) to communicate about the subject of this Interrogatory.

**REQUEST FOR INTERROGATORY NO. 9:**

Identify any Investors You communicated with about a potential investment in Anthropic and/or Your LLMs.

**RESPONSE TO INTERROGATORY NO. 9:**

Anthropic objects that the Request seeks information that is not relevant to any party's claim or defense and disproportionate to the needs of the case. Anthropic objects to this Interrogatory as vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response for large language models beyond its commercially released and generally accessible Claude models as of the date of these Responses. Anthropic objects to this Request on grounds that the term "Your LLMs" in this context is vague, ambiguous and overbroad in scope, unduly burdensome, and not proportional to the needs of the case. Anthropic objects to the definition of "Investor" as overbroad in scope, unduly burdensome, and not proportional to the needs of the case as including persons or entities beyond those who have actually made a financial investment in the operations of Anthropic or in any entity controlled and/or overseen by Anthropic.

**REQUEST FOR INTERROGATORY NO. 10:**

Identify every version of every one of Your LLMs (in whatever stage of development, use, or deprecation) that used books for any purpose (including but not limited to pretraining, training, fine-tuning, red-teaming, safety checking), or that used any earlier version of an LLM that itself trained on books. For each identified model, please include the date on which each model began pre-training, completed pre-training, began any fine-tuning, completed any fine-tuning, and was last modified, including any internal designation or description used for internal tracking or reference, and excluding any image or video generation model that did not train on text.

**RESPONSE TO INTERROGATORY NO. 10:**

Anthropic objects to this Interrogatory as vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response for large language models beyond its commercially released and generally accessible Claude models as of the date of these Responses. Anthropic objects to this Interrogatory on grounds that the term "used books for any purpose" is vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case. Anthropic objects to this Interrogatory on grounds that the term "books" is vague and ambiguous; Anthropic interprets the word "books" to mean written works that have been issued a 10- or 13-digit ISBN. Anthropic objects to this Interrogatory on grounds that the term "internal designation or description" is vague and ambiguous; Anthropic will interpret this to mean internal project names. Anthropic objects to this Interrogatory as overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of specific dates on which it began or completed any phase of training a relevant model or last modified any model.

Subject to and without waiving the foregoing objections, Anthropic identifies its commercially released and generally accessible Claude models as of the date of these Responses in the table below. Anthropic does not maintain records of the last "modification" of the models but states that, after the release dates of each of its models, no additional training was conducted for that model:

| Model | Internal Project Name | Release Date |
|---|---|---|
| Claude 1 | Lark, Santa | 3/14/2023 |
| Claude 1.1 | Santa | March/April 2023 |
| Claude 1.2 | Santa | March/April 2023 |
| Claude 1.3 | Santa | April 2023 |
| Claude Instant | Eagle | 3/14/2023 |
| Claude Instant 1.1 | Eagle2, Santa | Spring 2023 |
| Claude Instant 1.2 | Santa | 8/9/2023 |
| Claude 2 | Tern, Project Hatch | 8/11/2023 |
| Claude 2.1 | Santa | 11/21/2023 |
| Claude 3 Haiku | Wren, Catapult | 3/13/2024 |
| Claude 3 Sonnet | Eider, Catapult | 3/4/2024 |
| Claude 3 Opus | Teal, Catapult | 3/4/2024 |
| Claude 3.5 Haiku | Tepui | 10/15/2024 |

| Claude 3.5 Sonnet (June 2024) | Dove | 6/20/2024 |
| Claude 3.5 Sonnet (October 2024) | Dove; Firefly | 10/22/2024 |

**REQUEST FOR INTERROGATORY NO. 11:**

The title, author, ISBN, and year of publication of all books You purchased and scanned as part of the 2024 "book scanning" project testified to by Your corporate designee on November 8, 2024. If there are books that You purchased but did not scan, please so identify.

**RESPONSE TO INTERROGATORY NO. 11:**

Anthropic objects to this Interrogatory as vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response for large language models beyond its commercially released and generally accessible Claude models as of the date of these Responses. Anthropic objects that the Request seeks information that is not relevant to any party's claim or defense and is disproportionate to the needs of the case to the extent it seeks responses for books that Anthropic has purchased and/or scanned, but has not used for training large language models beyond its commercially released and generally accessible Claude models as of the date of these Responses.

Subject to and without waiving the foregoing objections, Anthropic responds as follows:

Pursuant to Rule 33(d), Anthropic will produce a document showing the title, author, ISBN, and year of publication of all books from the referenced "book-scanning" project used in training commercially available and generally accessible Claude models of the date of these Responses.

**REQUEST FOR INTERROGATORY NO. 12:**

For each book identified in Interrogatory No. 11, please identify the number of scans or copies You made of that book.

**RESPONSE TO INTERROGATORY NO. 12:**

Anthropic incorporates its objections to Interrogatory No. 11. Anthropic objects to this Interrogatory as vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response for large language models beyond its commercially released and generally accessible Claude models as of the date of these

1 Responses. Anthropic objects to this Interrogatory on grounds that the term "copies" is vague and
2 ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of
3 the case to the extent that it would require Anthropic to identify all possible instances of files
4 reflecting portions of books and/or datasets that have ever existed at the company.

5     Subject to and without waiving the foregoing objections, Anthropic responds as follows:
6     Anthropic incorporates its response to Interrogatory No. 11.
7     Anthropic states that its normal practice is to scan each listed book a single time (unless there
8 is a technical issue with the integrity of the scan that requires the scanning process to be re-done or
9 there is inadvertent duplication).

10     For purposes of training each of its commercially released and generally accessible Claude
11 models as of the date of these Responses, after any scanned book is incorporated into a dataset,
12 dozens or hundreds of engineers that perform work developing the model use hundreds of different
13 computers, servers, and other means of storing or transmitting electronic files, and perform
14 incalculable operations that may entail writing the files reflecting portions of those datasets to
15 computer memory or cloud storage for times of varying durations. As a result, to the extent this
16 Interrogatory seeks an identification of the total number of transitory or intermediate copies of each
17 such dataset or portions thereof that Anthropic has ever made after creating this dataset, Anthropic
18 cannot answer because it would be impossible to provide such an enumeration or even a reasonably
19 accurate estimate (and it would be extremely burdensome to even attempt this).

20 **REQUEST FOR INTERROGATORY NO. 13:**
21     Identify the five Anthropic employees or former employees who are most knowledgeable
22 about Your 2024 book scanning project, including how You selected books for purchase/ scanning.
23 For each Anthropic Individual identified, include (i) the Person's full name; (ii) any position the
24 Person held with You at the time the Person possessed this knowledge; (iii) any email addresses the
25 Person used to communicate about the Books3 dataset; and (iv) the name of any other form of ESI
26 (e.g., text messages, Teams, and Slack) the Person used to communicate about or otherwise
27 document information related to the subject of this Interrogatory.
28

**RESPONSE TO INTERROGATORY NO. 13:**

Anthropic objects to this Interrogatory as vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response for large language models beyond its commercially released and generally accessible Claude models as of the date of these Responses. Anthropic objects to this Interrogatory on the grounds that it is vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response about "any other form of ESI" used to "document information related to the subject of this Interrogatory." Anthropic objects that the request is vague and ambiguous and/or improperly compound to the extent it seeks information in subpart (iii) (concerning "Books3"), which is different in scope that the rest of the Interrogatory (concerning "Your 2024 book scanning project"); Anthropic will respond concerning "Your 2024 book scanning project." Anthropic objects to this Interrogatory as violating the rights of privacy of its employees, overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about personal sources of ESI.

Subject to and without waiving the foregoing objections, Anthropic responds as follows:

(1) Jared Kaplan; Co-Founder & Chief Science Officer; jared@anthropic.com.

(2) Pranay Sangani; Manager, Tokens Team; pranay@anthropic.com.

(3) Tom Turvey; Manager, Member of Technical Staff; turvey@anthropic.com

(4) Cecilia Latapie; Research Operations; cecilia@anthropic.com.

(5) Mycal Tucker; Member of Technical Staff; mycal@anthropic.com.

Each of these persons uses their Anthropic email accounts (email addresses listed above), Slack, and Google Workspace applications (e.g., Drive, Docs, Sheets) to communicate about the subject of the Interrogatory.

| | |
|---|---|
| Dated: December 23, 2024 | By: */s/ Douglas A. Winthrop* |
| | **ARNOLD & PORTER KAYE SCHOLER LLP** |
| | Douglas A. Winthrop |
| | Joseph Farris |
| | Angel Nakamura |
| | Jessica Gillotte |
| | Estayvaine Bragg |
| | |
| | **LATHAM & WATKINS LLP** |
| | Joseph R. Wetzel |
| | |
| | *Attorneys for Defendants* |
| | ANTHROPIC PBC |

CONTAINS INFORMATION DESIGNATED SUBJECT TO PROTECTIVE ORDER

# VERIFICATION

I, Jared Kaplan, declare as follows: I am Co-Founder and Chief Technology Officer of Anthropic PBC ("Anthropic"). I am authorized to make this verification for and on behalf of Anthropic in the above-captioned matter. I have read Anthropic's Objections and Responses to Plaintiffs' Second Set of Interrogatories and know the contents thereof. All facts stated in the above-referenced responses have been assembled by authorized employees and counsel of Anthropic. I am informed and believe that the matters stated therein are true and correct, and on that basis verify the responses on behalf of Anthropic, reserving the right, in the event new additional or different information is discovered, to revise or supplement the responses as warranted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of December, 2024, at San Francisco, California.

Anthropic PBC

By: /s/ Jared Kaplan

Jared Kaplan

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Tenth Floor, San Francisco, California 94111-4024. On December 23, 2024, the foregoing **ANTHROPIC PBC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES (NOS. 6-13)** was electronically served on the following:

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
Collin Fredricks (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
cfredricks@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Jordan W. Connors (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com

Rachel Geman (*pro hac vice*)
Wesley Dozier (*pro hac vice*)
Anna Freymann (*pro hac vice*)
Jacob Miller (*pro hac vice*)
**LIEFF CABRASER HEIMANN**

& BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com
jmiller@lchb.com

Reilly T. Stoler (SBN 310761)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
rstoler@lchb.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
**COWAN DEBAETS ABRAHAMS**
**& SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
ssholder@cdas.com
ccole@cdas.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed December 23, 2024 at San Francisco, California.

_____
ALAINA AUSTIN