# EXHIBIT 37

**CONTAINS INFORMATION DESIGNATED SUBJECT TO PROTECTIVE ORDER**

| | |
|---|---|
| Douglas A. Winthrop (Bar No. 183532) | Joseph R. Wetzel (Bar No. 238008) |
| Douglas.Winthrop@arnoldporter.com | joe.wetzel@lw.com |
| Joseph Farris (Bar No. 263405) | **LATHAM & WATKINS LLP** |
| Joseph.Farris@arnoldporter.com | 505 Montgomery Street, Suite 2000 |
| Jessica L. Gillotte (Bar No. 333517) | San Francisco, California 94111 |
| Jessica.Gillotte@arnoldporter.com | Telephone:    (415) 391-0600 |
| Estayvaine Bragg (Bar No. 341400) | |
| Estayvaine.Bragg@arnoldporter.com | |

**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400

Angel T. Nakamura (Bar No. 205396)
Angel.Nakamura@arnoldporter.com
Oscar Ramallo (Bar No. 241487)
Oscar.Ramallo@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:    (213) 243-4000
Facsimile:    (213) 243-4199

*Attorneys for Defendant* Anthropic PBC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC. individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 3:24-cv-05417-WHA<br><br>**ANTHROPIC PBC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES TO DEFENDANT ANTHROPIC PBC (NOS. 14-17 )**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL HIGHLIGHTED IN YELLOW** |

| | |
|---|---|
| 1 | **PROPOUNDING PARTY:** PLAINTIFFS ANDREA BARTZ, ANDREA BARTZ, INC., |
| 2 | CHARLES GRAEBER, KIRK WALLACE JOHNSON, AND MJ + KJ, INC. |
| 3 | **RESPONDING PARTY:**     DEFENDANT ANTHROPIC PBC |
| 4 | **SET NUMBER:**        THREE (3) |

**ANTHROPIC PBC'S OBJECTIONS AND RESPONSES TO**

**PLAINTIFFS' THIRD SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Anthropic PBC ("Anthropic"), by and through its undersigned counsel, hereby objects and responds to Plaintiffs' Third Set of Interrogatories to Defendant Anthropic PBC, dated February 5, 2025 ("Interrogatories"), as follows:

**OBJECTIONS TO "INSTRUCTIONS"**

Anthropic objects to the "Instructions" and "Definitions" to the extent they purport to impose any obligations on it beyond those set forth in the Federal Rules of Civil Procedure or other applicable rules.

**OBJECTIONS TO "DEFINITIONS"**

1.      Anthropic objects to the definitions of "You," "Your," and "Anthropic" as vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case. Anthropic will respond based on information that is reasonably within the possession, custody, or control of Anthropic PBC.

2.      Anthropic objects to the definition of "Torrenting" as vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case.

3.      Anthropic objects to the Instruction/Definition that terms otherwise undefined in the Interrogatories should be interpreted pursuant to the Dictionary Act, 1 U.S.C. §1, *et seq.*, and the *New Oxford English*, 3d Ed. (2010) as vague, ambiguous, and unduly burdensome.

## RESPONSE TO INTERROGATORIES

**REQUEST FOR INTERROGATORY NO. 14:**

Describe all guardrails Anthropic implements to regulate Claude's output, Including those preventing Claude from regurgitating copyrighted material, the reasons for imposing the guardrails, and when the guardrails were first implemented.

**RESPONSE TO INTERROGATORY NO. 14:**

Anthropic objects to this Interrogatory on the grounds that it is vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response about all "guardrails" used to "regulate Claude's output." Anthropic further objects to this Interrogatory on grounds that the term "regurgitating" is vague and ambiguous. Anthropic objects that certain responsive information is protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges and immunities.

Subject to and without waiving the foregoing objections, Anthropic responds as follows:

Anthropic intends Claude to serve humans in a helpful, honest, and harmless way. Restricting Claude from inadvertently allowing users to generate outputs that substantially reproduce copyrighted content furthers Anthropic's goal of providing a harmless general purpose, generative-AI model. Since its launch, Anthropic has implemented certain technological systems intended to prevent the generation of outputs that may substantially reproduce copyrighted content. Since then, Anthropic has augmented and iterated upon those systems and continues to make improvements.

***Constitutional Copyright Principle***. Anthropic has a Constitutional AI principle against substantially reproducing copyright content. Claude is fine-tuned on this principle. The principle asks Claude to "understand and respect intellectual property rights" and to avoid "reproduc[ing] portions of copyrighted text in a way that could infringe on copyright." This means that Claude can leverage its own intelligence to deter users from generating offending outputs and police itself before turning to any auxiliary guardrail systems that sit on top of the model.[1] Relying on the

---

[1] An auxiliary system is one that is separate from the model's training or fine-tuning itself. Two auxiliary guardrail systems, Prompt Shield and Content Compare System, are discussed in more detail below.

constitutional principle, the model is able to police itself before turning to any auxiliary systems, such as the ones discussed below. When Claude detects that a user is requesting an output that would violate the principle against substantially reproducing copyrighted content, Claude generates a refusal rather than responding to the user's prompt. This method is particularly effective at preventing users from writing creative prompts to get around more traditional auxiliary systems, in order to generate outputs substantially reproducing copyrighted content.

**Prompt Shield.** In addition to Claude's constitutional AI principle, which acts as the first line of defense, Anthropic uses two auxiliary systems to further detect and prevent the generation of copyrighted content. The first auxiliary system that Anthropic uses is an intervention tool called "Prompt Shield." Prompt Shield uses a specially trained classifier model to detect when a user attempts to generate an output that would violate Anthropic's Terms of Use or Acceptable Use Policy, including by eliciting outputs that may substantially reproduce copyrighted content. When Prompt Shield detects a prompt that may seek to elicit copyrighted content, Prompt Shield will append a request, invisible to the end user, at the end of the prompt asking Claude to be particularly considerate and careful not to substantially reproduce copyrighted content when responding. If Claude determines that an output would violate the appended request not to substantially reproduce copyrighted content, it will not provide the requested output.

**Content Compare System**. The second auxiliary system Anthropic uses to further detect and prevent the generation of outputs including substantial portions of copyrighted content is a recitation checker that sits on top of the model called "Content Compare System" or "CCS." A recitation checker is a tool that checks new content against a separate dataset, external to the model, to determine whether the new content is the same or similar to the external dataset's contents. CCS's external dataset is called the hash corpus. At the time that Claude generates an output, CCS checks the output against the hash corpus before the output is sent to the end user. When CCS performs its check, the texts are "normalized"—i.e., stripped of all spacing, casing, punctuation, and accents—to ensure that CCS catches matches in semantic content, not form. If CCS detects that the output

would reproduce an amount of a work in the hash corpus above a certain threshold, CCS will block the output so that it does not reach the user.

**REQUEST FOR INTERROGATORY NO. 15:**

Describe all reasons why Anthropic does not publicly disclose information about the composition of its training data, Including any measures You have taken to prevent Claude from describing the data used to train it or how that data was acquired.

**RESPONSE TO INTERROGATORY NO. 15:**

Anthropic objects to this Interrogatory on the grounds that it is vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response for "all reasons why Anthropic does not publicly disclose information about the composition of its training data." Anthropic further objects to this Interrogatory on grounds that the term "measures" is vague and ambiguous. Anthropic objects that certain responsive information is protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges and immunities.

Subject to and without waiving the foregoing objections, Anthropic responds as follows:

Anthropic does not publicly disclose information about the composition of its training data because that information constitutes a highly valuable trade secret. Anthropic's competitors do not know the composition of Anthropic's training data mixes and why it has selected certain mixes. The composition of mixes can significantly impact model quality, and keeping this information confidential helps maintain Anthropic's competitive position.

**REQUEST FOR INTERROGATORY NO. 16:**

For each dataset identified in response to Interrogatory No. 4 that contains books, please identify how Anthropic acquired that dataset, Including whether via download, torrenting, or another method, and also Including whether You provided payment or other consideration in exchange for that dataset.

**RESPONSE TO INTERROGATORY NO. 16:**

Anthropic objects to this Interrogatory on the grounds that it is vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the

extent it seeks a response about massive compilations of data contained in datasets beyond its commercially released and generally accessible Claude models as of the date of these Responses. Anthropic further objects to this Request on grounds that the terms "books," "download," "torrenting," and "another method" are vague and ambiguous. Anthropic interprets the word "books" to mean written works that have been issued a 10- or 13-digit ISBN. Anthropic incorporates its Objections and Response to Interrogatory No. 4 to the extent that this Request is overbroad in scope, unduly burdensome, and not proportional to the needs of the case because it asks Anthropic to undertake to identify all possible datasets that contain "books." Anthropic repeats its objection that not all identified datasets in Anthropic's Response to Interrogatory No. 4 are composed primarily of books, and that certain identified datasets in Anthropic's Response to Interrogatory No. 4 are massive datasets created by third parties which may exist in different versions.

Subject to and without waiving the foregoing objections, Anthropic responds as follows:

- **pile.books3_source -** Anthropic acquired these datasets from the public Internet by downloading them from the following site: pile.eleuther.ai.
- **internetarchive.books_source; internetarchive.toronto_source; internetarchive.universallibrary_source; internetarchive.americana_source_raw.** Anthropic acquired these datasets from the public Internet by downloading them from the following site: archive.org.
- **books.books.pdf_converted_text_exp.** Anthropic created this dataset from physical books it purchased from booksellers and scanned.

**REQUEST FOR INTERROGATORY NO. 17:**

Describe how You selected the books You purchased in connection with Your Book Scanning Project, Including any consideration of which books were previously used to train one or more of your large language models.

**RESPONSE TO INTERROGATORY NO. 17:**

Anthropic objects to this Interrogatory on the grounds that it is vague and ambiguous and also overbroad in scope, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a response for large language models beyond its commercially released and generally

accessible Claude models as of the date of these Responses. Anthropic further objects to this Interrogatory on grounds that the term "consideration of which books were previously used to train one or more of [its] large language models" is vague and ambiguous. Anthropic objects to this Interrogatory on grounds that the term "books" is vague and ambiguous. Anthropic interprets the word "books" to mean written works that have been issued a 10- or 13-digit ISBN.

Subject to and without waiving the foregoing objections, Anthropic responds as follows:

Anthropic requires a massive quantity and diversity of natural language data to train Claude. ==Accordingly, Anthropic purchases physical books at large scale. Anthropic considers many factors when determining whether to purchase books, including: the number of books available for purchase, the dates of publication, the price of the books, the language the books are written in, whether Anthropic purchased the book (or a version of it) in the past and/or the books are otherwise already available to it, the types/genres of book classifications, and sales terms offered by the seller (such as delivery terms and timing).==

Dated: March 7, 2025

By: /s/ Douglas A. Winthrop

**ARNOLD & PORTER KAYE SCHOLER LLP**
Douglas A. Winthrop
Joseph Farris Angel
Nakamura
Oscar Ramallo
Jessica Gillotte
Estayvaine Bragg

**LATHAM & WATKINS LLP**
Joseph R. Wetzel

*Attorneys for Defendants*
ANTHROPIC PBC

**CONTAINS INFORMATION DESIGNATED SUBJECT TO PROTECTIVE ORDER**

## VERIFICATION

I, Jared Kaplan, declare as follows: I am Co-Founder and Chief Science Officer of Anthropic PBC ("Anthropic"). I am authorized to make this verification for and on behalf of Anthropic in the above-captioned matter. I have read Anthropic's Objections and Responses to Plaintiffs' Third Set of Interrogatories and know the contents thereof. All facts stated in the above-referenced responses have been assembled by authorized employees and counsel of Anthropic. I am informed and believe that the matters stated therein are true and correct, and on that basis verify the responses on behalf of Anthropic, reserving the right, in the event new additional or different information is discovered, to revise or supplement the responses as warranted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of March, 2025, at San Francisco, California.

Anthropic PBC

By: _____

Jared Kaplan

**CONTAINS INFORMATION DESIGNATED SUBJECT TO PROTECTIVE ORDER**

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Tenth Floor, San Francisco, California 94111-4024. On March 7, 2025, the foregoing **ANTHROPIC PBC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES (NOS. 14-17)** was electronically served on the following:

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
Collin Fredricks (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
cfredricks@susmangodfrey.com

Rohit D. Nath (SBN 316062)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

Jordan W. Connors (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
jconnors@susmangodfrey.com

J. Craig Smyser (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West, 51st Floor,
New York, NY 10019
Telephone: (212) 336-8330
csmyser@susmangodfrey.com

Rachel Geman (*pro hac vice*)
Wesley Dozier (*pro hac vice*)

Anna Freymann (*pro hac vice*)
Jacob Miller (*pro hac vice*)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com
jmiller@lchb.com

Reilly T. Stoler (SBN 310761)
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
rstoler@lchb.com

Scott J. Sholder (*pro hac vice*)
CeCe M. Cole (*pro hac vice*)
**COWAN DEBAETS ABRAHAMS**
**& SHEPPARD LLP**
60 Broad Street, 30th Floor
New York, New York 10010
Telephone: (212) 974-7474
ssholder@cdas.com
ccole@cdas.com

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed March 7, 2025 at San Francisco, California.

_____
ELIJAH QUASTLER