# Arnold & Porter

Joseph Farris
+415.471.3454 Direct
Joseph.Farris@arnoldporter.com

May 13, 2025

Judge William H. Alsup
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

Re:   Anthropic's Request Regarding Treatment of Confidential Information During Upcoming Hearings in *Bartz et al. v. Anthropic PBC*, Case No. 3:24-CV-05417-WHA

Dear Judge Alsup,

Anthropic respectfully requests that the Court order Plaintiffs to refer to "sealable information at a level of abstraction that will allow the public to remain in the courtroom" in two upcoming hearings: the hearing on Plaintiffs' motion for class certification and the hearing on Anthropic's motion for summary judgment. *Waymo LLC v. Uber Technologies, Inc.*, 2018 U.S. Dist. LEXIS 251978 at *14-15 (N.D. Cal. Jan. 18, 2018) (ordering parties to agree on hearing protocols to protect confidential information, including speaking in sufficient abstraction). Specifically, Anthropic's book scanning project is a closely guarded and highly valuable trade secret. In meeting and conferring prior to submitting this letter, Anthropic requested that Plaintiffs refer to this project by using terms such as "books acquired by means other than downloading." Similarly, Anthropic requested that Plaintiffs refer to the Scanned Books Class as the "non-internet books class" or, using Plaintiffs' preferred terminology, the "non-pirate books class." Plaintiffs have refused, requiring Anthropic to seek relief from the Court to protect its valuable trade secret.

**The Book Scanning Project Is A Valuable Trade Secret**

To date, Anthropic has invested nearly ▮ million dollars on this highly confidential project. Turvey Decl. ¶¶ 22, 26 [ECF No. 123-02]. The fact that Anthropic obtains training data by scanning hard copy books is an extremely closely held trade secret: indeed, it is so confidential that the fact of its existence is shared on a need-to-know basis even among Anthropic employees. So far as Anthropic is aware, no other generative AI competitor has a similar approach to obtaining training data, and Anthropic's competitors do not know about the existence of this project or any details of it. Revealing it would allow competitors to copy the project, freeriding on Anthropic's research, development, and ingenuity. Kaplan Decl. ¶ 6 [ECF No. 146-1]. Public awareness of its existence, as well as copycat efforts by competitors, would result in price distortion from suppliers. *Id.* Because disclosure of the scanning project would materially decrease the value of Anthropic's trade secret, there are compelling reasons to prevent Plaintiffs from disclosing it to the public and to Anthropic's competitors. *In re Elec. Arts, Inc.*, 298 F.

**Arnold & Porter**

Judge William H. Alsup
May 13, 2025
Page 2

App'x 568, 569 (9th Cir. 2008) (holding protection of trade secrets provides "compelling reasons" to maintain confidential information under seal).

**The Requested Relief Will Not Prejudice Plaintiffs Or The Public**

The requested relief imposes no meaningful burden on Plaintiffs. By simply using alternative terminology such as "non-internet books," Plaintiffs can fully present their arguments on the motions for class certification and summary judgment. Revealing Anthropic's trade secrets would irreparably harm Anthropic while serving no legitimate purposes for the Plaintiffs.

In an email sent this morning, Plaintiffs claimed that they "don't see how the class could be accurately discussed as the 'non-pirate class' or skipped entirely at the hearing." Gillotte Decl. Ex. A. Not so. There is no need to skip discussion of that class at the hearing—and Anthropic never asked for that. Plaintiffs have defined a "Pirated Books Class" and "Scanned Books Class." ECF No.121-3, at 1. If a class is not the "Pirated Books Class," then it is the other class they define in the briefs: i.e., the "Scanned Books Class" or, equally effectively, the "non-pirate class." Plaintiffs can use the latter terminology without ambiguity.

When meeting and conferring, Plaintiffs contended that they need to show the Court pictures of scanning machines and discuss the minutiae of the scanning process. This position is without merit. Presumably, the Court is familiar with the practice of scanning documents, and neither Plaintiffs' class certification motion nor Anthropic's summary judgment motion raise any disputes about the functional details of the scanning process. Moreover, to the extent Plaintiffs still desire to show the Court images of scanners or other images of trade secret information, Plaintiffs can do so by displaying them on a screen visible only to the Court and not the gallery. *Waymo*, 2018 U.S. Dist LEXIS 251978, at *14. Accordingly, protecting Anthropic's trade secrets will not prejudice Plaintiffs. Furthermore, this protocol will minimize impact to the public's access to court proceedings because it does not require any sealing of the courtroom.

**Plaintiffs' Opposition To Sealing This Information Is Untimely And Not Asserted In Good Faith**

In addition to being unfounded on the merits, Plaintiffs' opposition to maintaining confidentiality of the scanning projects is untimely and not asserted in a good faith manner. Anthropic filed motions to seal information about scanned books on March 27 (ECF No. 119), April 3 (ECF No. 137), and April 17 (ECF No. 146). Plaintiffs did not oppose any of these motions.

On May 9, Anthropic emailed Plaintiffs proposing a call for May 12 to discuss how to handle confidentiality issues at the hearing in light of Anthropic's motions to seal, which at that point remained unopposed. On May 12, just twenty minutes before the scheduled meet and confer call, Plaintiffs filed an Opposition to Anthropic's most recent Motion Seal (ECF No. 176) before the

# Arnold & Porter

Judge William H. Alsup
May 13, 2025
Page 3

parties had even discussed the matter. This opposition amounted to an untimely opposition to all three prior motions to seal and an improper short-circuiting of the meet and confer process. *See Waymo*, 2018 U.S. Dist LEXIS 251978, at *14 (requiring the parties to meet and confer to protect trade secrets while avoiding sealing the courtroom); L.R. 7-11(b) (oppositions to administrative motions due four days after the motion's filing). Plaintiffs' Opposition to Anthropic's sealing motion (ECF No. 184) also seeks affirmative relief in addition to and unrelated to the original sealing motion, namely authorization to discuss confidential information in an open courtroom during two upcoming hearings, while the sealing motion sought relief limited to sealing papers filed on the docket.

* * *

Anthropic respectfully requests that the Court order Plaintiffs to refer to confidential information about the book scanning project at an appropriate level of abstraction during the upcoming hearings to protect the value of Anthropic's trade secret information. This approach would preserve Anthropic's ███ million investment in a valuable trade secret while still allowing Plaintiffs to fully present their case and maintaining complete public access to the proceedings. If the Court believes additional discussion would be beneficial, Anthropic is prepared to meet and confer with Plaintiffs under the Court's guidance to develop specific protocols that balance these important interests.

Sincerely,

/s/ Joe Farris

Joe Farris