# EXHIBIT 10
## Filed Under Seal

## AMENDMENT TO THE OPTION / ACQUISITION DEAL MEMORANDUM

Reference is made to the Option / Acquisition Deal Memorandum between Cartel Entertainment, LLC ("Company") and Andrea Bartz, Inc. ("Owner") with respect to certain rights in the novel entitled "The Lost Night" written by Andrea Bartz (the "Property"). For good and valuable consideration, the receipt of which is hereby acknowledged, Owner and Company agree to amend the aforesaid Option / Acquisition Deal Memorandum (hereinafter, the "Agreement") as follows:

1.  **PARAGRAPH 8:  Rights Reserved to Owner**: Paragraph 8 of the Agreement is amended as follows:

    (a) Live TV rights are not reserved to Owner. All television rights of every kind and nature, now known or hereafter devised, including transmission by any means of delivery now known or hereafter devised, are included within the rights granted to Company if the Option is exercised.

    (b) The live stage rights, radio play dramatization rights and podcast play dramatization rights that are reserved to Owner may not be exercised until the earlier of:[i] the date that the Rights revert to Owner pursuant to paragraph 15 of the Agreement, or [ii] that date that is one year after the initial telecast or other initial exhibition to consumers of the last episode of the last Series produced before the reversion of the Rights to Owner. For purposes of clarity, Owner may exploit readings of the Property (i.e., the text of the novel) on radio and on podcasts before the aforesaid date.

    (c) With respect to Owner's reserved rights to author written sequels, the following shall apply:  Owner may not sell, license, or otherwise exploit, or authorize others to exploit, any rights to such author-written sequels (other than print and audio publication rights) prior to the earlier of:[i] the date that the Rights revert to Owner pursuant to paragraph 15 of the Agreement, or [ii] that date that is one year after the initial telecast or other initial exhibition to consumers of the last episode of the last Series produced before the reversion of the Rights to Owner. The aforesaid rights to Owner concerning author-written sequels, other than print and audio publication rights, shall be referred to as the "Applicable Reserved Rights." If at any time that Owner is not restricted from so doing under the Agreement, Owner intends to exercise, sell, license, or otherwise dispose of any of the Applicable Reserved Rights to author-written sequels , then Owner shall accord Company the right of first negotiation with respect to the Applicable Reserved Right(s) as hereinafter set forth. Owner shall notify Company in writing of Owner's intention to dispose of the Applicable Reserved Right(s) and Owner shall thereafter negotiate in good faith exclusively with Company for a period of sixty (60) days for the purpose of reaching Agreement with Company as to the terms and conditions on which Company may acquire the particular Applicable Reserved Rights at issue. If Company is not interested in negotiating for such rights, or, at the expiration of said sixty (60)-day negotiation period, Owner and Company are unable to reach Agreement upon such terms and conditions, then Owner may negotiate for the sale, license or other disposition of the Applicable Reserved Rights with any third party; provided, however, that Company will have the right of first refusal to match any offer ("Offer") being considered by Owner to sell, license or otherwise dispose of any of such Applicable Reserved Right(s). Owner will provide Company with a written notice of any Offer that contains the financial terms of the Offer as well as all other material terms of such Offer (the "Notice"). Company

CONFIDENTIAL                                                                                                                              BARTZ000000023

                may elect, by written notification to Owner within thirty (30) calendar days of Company's receipt of the Notice, to acquire the Applicable Reserved Rights, on the same material terms specified in the Notice. If Company does not exercise its right to acquire the Applicable Reserved Rights within such thirty (30) day period, Owner may, during the following sixty (60) days, consummate such Offer with the applicable third party on the terms specified in the Notice provided by Owner to Company.  If Owner does not consummate such Offer within such period, Company's rights hereunder will be revived and the Applicable Reserved Rights will not be sold, licensed or otherwise disposed of to any third party unless first re-offered to the Company in accordance with the foregoing terms.

      (d)      The live stage rights that are reserved to Owner do not include theme park attraction rights, which theme park attraction rights are included in the Rights granted to Company.

      (e)      Owner's reserved rights shall not be deemed to convey to Owner any rights in any new elements added to the Property in any adaptation, version or derivative of the Property and/or by any other modification to the Property, made by Company or by any assignee of Company's rights or for Company or at Company's request or direction, or for any assignee of Company or at such assignee's request or direction, which new elements shall be the sole and exclusive property of Company or Company's assignee (as applicable).

2.      **PARAGRAPH 13:  Credit**: For purposes of clarity, if the applicable exhibition platform that licenses any program based on the Property does not permit source material credit in the main or opening titles, then the source material credit shall be in the end titles.

3.      **PARAGRAPH 14:  Contingent Compensation**: The two and one-half percent % of contingent compensation to be paid to Owner shall be computed accounted for and paid to Andrea Bartz under the same definition that is accorded to Company pursuant to the applicable agreement by which Company transfers its rights to the film or television studio that produces the applicable production based upon the Property.  Neither Owner nor Andrea Bartz is granted any so-called "Most Favored Nations" guarantee, except that Andrea Bartz will be accorded the same definition that is accorded to Company.  For purposes of clarity, if the agreement transferring rights to the aforesaid studio is amended to grant Company a more favorable definition, Andrea Bartz shall have the benefit of such amendment as it relates to the definition of contingent compensation.

4.  **PARAGRAPH 15:  Reversion**: Any reversion of rights to Owner shall not be deemed to convey to Owner any rights in any new elements added to the Property in any adaptation, version or derivative of the Property and/or by any other modification to the Property, made by Company or by any assignee of Company's rights or for Company or at Company's request or direction, or for any assignee of Company or at such assignee's request or direction, which new elements shall be the sole and exclusive property of Company or Company's assignee (as applicable).

5.  **PARAGRAPH 21:  Other Provisions:**

      (a)      Subparagraphs (c) and (d) shall not be binding upon the applicable film or television studio that produces the applicable production based upon the Property if the terms of such paragraph are not in accordance with the general policies of such studio.

      (b)      Owner and Company agree that the following terms are incorporated into the Agreement:

CONFIDENTIAL      BARTZ000000024

**MANDATORY ARBITRATION, APPLICABLE LAW AND FORUM**

i. This Agreement shall be construed and enforced in accordance with the internal, substantive law of the State of California, applicable to contracts negotiated, executed, and fully performed within that State, regardless of where performance of this Agreement may actually occur. For any claim submitted to arbitration, the burden of proof shall be as it would be if the claim were litigated in a judicial proceeding and the decision shall be based on the application of internal substantive California law.

ii. SUBJECT TO PARAGRAPHS iv AND vi BELOW, ALL CONTROVERSIES, DISPUTES OR CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT, INCLUDING THE SCOPE OR APPLICABILITY OF THIS AGREEMENT TO ARBITRATE, SHALL BE DETERMINED PURSUANT TO THE MEDIATION AND ARBITRATION PROCEDURES OF JAMS, AND ADMINISTERED BY JAMS OR ITS SUCCESSOR ("JAMS") IN ACCORDANCE WITH THE COMPREHENSIVE RULES AND PROCEDURES, INCLUDING THE OPTIONAL APPEAL PROCEDURE, OF JAMS ("JAMS RULES"), AS MODIFIED BY THIS AGREEMENT. THE PARTIES SHALL ENDEAVOR FIRST TO ATTEMPT TO RESOLVE THE CONTROVERSY OR CLAIM THROUGH MEDIATION ADMINISTERED BY JAMS BEFORE COMMENCING ANY ARBITRATION. MEDIATION AND ARBITRATION SHALL BE CONDUCTED IN LOS ANGELES COUNTY.

THE ARBITRATION SHALL BE HELD BEFORE A SINGLE NEUTRAL ARBITRATOR. THE JAMS RULES FOR SELECTION OF MEDIATORS AND ARBITRATORS SHALL BE FOLLOWED, EXCEPT THAT THE MEDIATOR OR ARBITRATOR SHALL BE AN EXPERIENCED ENTERTAINMENT OR LABOR OR EMPLOYMENT ARBITRATOR LICENSED TO PRACTICE LAW IN CALIFORNIA OR A RETIRED JUDGE. ANY APPELLATE PANEL SHALL CONSIST OF THREE NEUTRAL MEMBERS, SUBJECT TO THE FOREGOING REQUIREMENTS.

ANY MEDIATION AND/OR ARBITRATION SHALL BE CONFIDENTIAL (EXCEPT AS INFORMATION MAY BE REQUIRED IN ANY JUDICIAL PROCEEDING BROUGHT TO ENFORCE THESE ARBITRATION PROVISIONS OR ANY AWARD RENDERED HEREUNDER).

THE PARTIES SHALL BE ENTITLED TO CONDUCT DISCOVERY PROCEEDINGS IN ACCORDANCE WITH THE PROVISIONS OF SECTION 1283.05 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE, EXCEPT AS MODIFIED BY THIS AGREEMENT: SUBJECT TO PARAGRAPH v, EACH SIDE MAY TAKE UP TO A MAXIMUM OF THREE DEPOSITIONS AND NO OTHER DISCOVERY, EXCEPT DOCUMENT DISCOVERY, SHALL BE ALLOWED. NOTWITHSTANDING THE FOREGOING, UPON A SHOWING OF

CONFIDENTIAL                                                                                      BARTZ000000025

        GOOD CAUSE THE ARBITRATOR SHALL HAVE THE DISCRETION TO GRANT LIMITED FURTHER DISCOVERY.

        TO THE EXTENT PERMITTED BY LAW, AND EXCEPT AS SET FORTH IN PARAGRAPH v, THE PARTIES WAIVE THE RIGHT TO SEEK PUNITIVE OR EXEMPLARY DAMAGES AND IN NO EVENT SHALL EITHER PARTY BE LIABLE FOR SUCH DAMAGES. THE ARBITRATOR SHALL NOT HAVE THE AUTHORITY TO GRANT ANY REMEDIES THE PARTIES HAVE WAIVED (INCLUDING, WITHOUT LIMITATION, ANY WAIVER OF PUNITIVE OR EXEMPLARY DAMAGES CONTAINED IN THIS AGREEMENT).

        UPON CONCLUSION OF ANY ARBITRATION PROCEEDINGS HEREUNDER, THE ARBITRATOR SHALL RENDER FINDINGS OF FACT AND CONCLUSIONS OF LAW AND A WRITTEN OPINION SETTING FORTH THE BASIS AND REASONS FOR ANY DECISION HE OR SHE HAS REACHED AND SHALL DELIVER SUCH DOCUMENTS TO EACH PARTY TO THE AGREEMENT ALONG WITH A SIGNED COPY OF THE AWARD IN ACCORDANCE WITH SECTION 1283.6 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE.

        ANY ARBITRATION AWARD SHALL BE FINAL AND BINDING UPON THE PARTIES. JUDGMENT UPON AN AWARD RENDERED BY AN ARBITRATOR MAY BE ENTERED IN ANY COURT HAVING JURISDICTION OVER THE RELEVANT PARTY OR ITS ASSETS.

iii. Owner agrees that Owner's services to be rendered hereunder, and the rights and privileges granted to Company by Owner hereunder, are of a special, unique, unusual, extraordinary and intellectual character involving skill of the highest order, which gives them a peculiar value, the loss of which cannot be adequately compensated in damages in an action at law, and that a breach by Owner of this Agreement shall cause Company irreparable injury and damage. Owner therefore agrees that, in addition to all other rights and remedies available to Company hereunder, Company shall, in the event that Owner fails to perform any of Owner's material obligations hereunder, be entitled to injunctive and other equitable relief to prevent a breach or threatened breach of this Agreement. Notwithstanding the foregoing, Company acknowledges that injunctive relief is not automatically granted, but may only be awarded by a court or arbitrator of appropriate jurisdiction. Neither this provision nor the exercise by Company of its rights hereunder shall constitute a waiver by Company of any other rights that it may have to damages or otherwise.

iv. Either party may seek emergency relief (including injunctive relief pursuant to paragraph iii above in court, without first resorting to mediation, and prior to the appointment of any arbitrator; provided, however, that no monetary relief of any kind may be sought or awarded pursuant to this injunctive relief provision. Notwithstanding the foregoing, Owner agrees that given the nature of the entertainment industry, and the irreparable damage to Company that would result from delaying or preventing the exhibition of any program

CONFIDENTIAL        BARTZ000000026

<ol type="i" start="4">
<li style="list-style:none">

produced hereunder, such right to emergency relief (including injunctive relief) shall not include any injunction preventing Company from exhibiting or licensing the right to exhibit any program produced hereunder, or otherwise preventing any licensee from exhibiting any such program.
</li>
<li>To the extent required by law, Owner and Company agree that with respect to the arbitration of any federal or state claim brought by Owner that arises from unwaivable public rights, whether statutory or nonstatutory, the following shall apply: the arbitrator may award any remedy that would have been available in court; Owner and Company shall be permitted discovery adequate to secure the necessary information to present such claim or defend against such claim; and Company shall pay all types of costs that are unique to arbitration.</li>
<li>In the event any dispute between the parties is held to be non-arbitratable, the parties agree first to try to resolve the controversy or claim through mediation as set forth in paragraph ii above, and if such mediation does not resolve the dispute, the parties elect to have the dispute determined by a single referee in accordance with the procedures of sections 638 et seq. of the California Code of Civil Procedure.</li>
<li>The exclusive venue of any such proceedings under paragraphs iv and vi above shall be the appropriate state and federal courts in the State of California.</li>
<li>The parties agree to submit to the in personam jurisdiction of the Superior Court of the State of California for the County of Los Angeles and the United States District Court for the Central District of California for purposes of enforcing this agreement to arbitrate; confirming any arbitration award and entering judgment thereon; and for any proceeding under paragraphs iv and vi. The parties hereto waive any and all objections that they may have as to jurisdiction or venue in any of the above-referenced courts. Owner specifically agrees that service by Registered Mail within or without the State of California shall constitute effective personal service on Owner for jurisdictional and appearance purposes.</li>
<li>Owner and Company shall each be responsible for their own attorney's fees and costs. To the extent permitted by law, and except as set forth in paragraph v, the prevailing party shall not be entitled to any award of attorney's fees or costs from the other party.</li>
<li>If any portion of the dispute resolution mechanism set forth in this section of the Agreement is found to be invalid, illegal or unenforceable for any reason, that portion shall be severed from the rest and shall not affect the parties' agreement to resolve all controversies and claims through mediation and arbitration.</li>
</ol>

No representations or warranties have been made other than those expressly set forth herein. This amendment to the Agreement may be executed by original or facsimile signatures and in counterparts,

CONFIDENTIAL                                                                                                      BARTZ000000027

each of which shall be deemed an original but all of which together shall constitute a single instrument. Any signed copy of this amendment to the Agreement delivered by facsimile transmission shall for all purposes be treated as if it had been delivered containing an original signature of the party whose signature appears in the facsimile and shall be binding upon that party as though an original signed copy had been delivered.

**OWNER ACKNOWLEDGES THAT IN PARAGRAPH 5(b) OF THIS AMENDMENT TO THE AGREEMENT, OWNER HAS AGREED TO MANDATORY ARBITRATION OF ALL CLAIMS ARISING OUT OF OR IN CONNECTION WITH THE AGREEMENT, AND CONSEQUENTLY UNDERSTANDS THAT OWNER IS GIVING UP CERTAIN LEGAL RIGHTS UNDER THIS AGREEMENT, INCLUDING, WITHOUT LIMITATION, THE RIGHT TO FILE A LAWSUIT IN COURT.**

**ACCEPTED AND AGREED:**

| CARTEL ENTERTAINMENT, LLC<br>("Company") | ANDREA BARTZ, INC.<br>("Owner") |
|---|---|
| By:_____<br>(signature) | By: _[signature]_____<br>(signature) |
| _____ | __Andrea Bartz_____ |
| Title: _____<br>(print name) | Title: __CEO, Andrea Bartz Inc__<br>(print name) |
| Date: _____ | Date: __11/3/19_____ |

CONFIDENTIAL                                                                                           BARTZ000000028