EXHIBIT 26

```
 1                UNITED STATES DISTRICT COURT
 2                NORTHERN DISTRICT OF CALIFORNIA
 3
 4   _____
                                    )
 5   ANDREA BARTZ, ANDREA BARTZ,    )
     INC., CHARLES GRAEBER, KIRK    )
 6   WALLACE JOHNSON, MJ + KJ,      )
     INC., individually and on      )
 7   behalf of others similarly     )
     situated,                      )
 8                                  )
              Plaintiffs,           )
 9                                  )
         vs.                        ) No. 3:24-cv-05417
10                                  )
     ANTHROPIC PBC,                 )
11                                  )
              Defendant.            )
12   _____)
13
14
15
16       VIDEOTAPED DEPOSITION OF KIRK WALLACE JOHNSON
17                   Los Angeles, California
18                   Thursday, March 6, 2025
19
20
21
22   Reported by:
     RENEE A. PACHECO, RPR, CLR
23   CSR No. 11564
24   Job No. 7222286
25   PAGES 1 - 227
```

Page 1

```
 1    APPEARANCES:
 2
 3    For Plaintiffs:
 4        SUSMAN GODFREY LLP
 5        BY:  JORDAN W. CONNORS, ESQ.
 6        401 Union Street, Suite 3000
 7        Seattle, Washington 98101
 8        (206) 516-3880
 9        Jconnors@susmangodfrey.com
10
11        SUSMAN GODFREY L.L.P
12        By:  COLLIN FREDRICKS, ESQ.
13        1000 Louisiana Street, Suite 5100
14        Houston, Texas 77002-5096
15        (713) 651-9366
16        Cfredricks@susmangodfrey.com
17
18    For Defendant:
19        ARNOLD & PORTER KAYE SCHOLER LLP
20        BY:  OSCAR D. RAMALLO, ESQ.
21        777 South Figueroa Street, 44th Floor
22        Los Angeles, California 90017-5844
23        (213) 243-4290
24        oscar.ramallo@arnoldporter.com
25
```

Page 3

```
 1   APPEARANCES (Continued):
 2
 3   Also Present:   (Via Zoom)
 4         Ally Myers
 5         Cameron Klein
 6         Joe Farris
 7         Jessica Gillotte
 8         Reetu Sinha
 9
10   Videographer:
11         Tristen Knudsen
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

| | | |
|---|---|---|
| 1 | remotely, will now state their appearances and | |
| 2 | affiliations for the record, beginning with the | |
| 3 | noticing attorney, please. | |
| 4 |     MR. RAMALLO:  Good morning.  My name is | |
| 5 | Oscar Ramallo of Arnold & Porter Kaye Scholer LLP, | 09:19AM |
| 6 | and I'm here on behalf of defendant, Anthropic PBC. | |
| 7 |     MR. FREDRICKS:  My name is Collin | |
| 8 | Fredricks, Susman Godfrey LLP, representing | |
| 9 | plaintiffs. | |
| 10 |     MR. CONNORS:  And Jordan Connors from | 09:19AM |
| 11 | Susman Godfrey, representing plaintiffs. | |
| 12 |     THE VIDEOGRAPHER:  Thank you. | |
| 13 |     MR. RAMALLO:  And then we'll have the court | |
| 14 | reporter note the appearances of counsel on Zoom | |
| 15 | instead of having them appear. | 09:19AM |
| 16 |     THE VIDEOGRAPHER: Thank you.  Will the | |
| 17 | court reporter please introduce yourself and swear | |
| 18 | in the witness. | |
| 19 |     DEPOSITION REPORTER:  Hi.  I'm Renee | |
| 20 | Pacheco, CSR No. 11564. | 09:19AM |
| 21 |     Raise your right hand, please.  Do you | |
| 22 | solemnly state the testimony you're about to give | |
| 23 | will be the truth, the whole truth, and nothing but | |
| 24 | the truth? | |
| 25 |     THE DEPONENT:  I do. | 09:19AM |

Page 8

```
 1              MR. FREDRICKS:  Counsel, just one
 2     clarification before we start, are we starting with
 3     the 30(b)(1)?  I know the introduction said
 4     30(b)(6), but I just wanted to --
 5              MR. RAMALLO:  Oh.  Thanks for correcting         09:20AM
 6     that.  Yeah, this will be the individual deposition,
 7     not the 30(b)(6).
 8              MR. FREDRICKS:  Great.  Thank you.
 9
10                   KIRK WALLACE JOHNSON,
11     having been administered an oath, was examined and
12     testified as follows:
13
14                        EXAMINATION
15     BY MR. RAMALLO:                                           09:20AM
16         Q   Okay.  All right.  Good morning,
17     Mr. Johnson.
18         A   Good morning.
19         Q   Just to start off, can you state your full
20     name and spell it for the record.                         09:20AM
21         A   My name is Kirk Wallace Johnson, K-I-R-K,
22     W-A-L-L-A-C-E, J-O-H-N-S-O-N.
23         Q   Thank you for that.  Have you ever been
24     deposed before?
25         A   I have not.                                       09:20AM
```

```
1              I am feeling a little pressure from my
2    agent and publisher for when the next book idea
3    might come.  But, no, at the moment, I don't have a
4    book deal in place for my next book.
5         Q    Okay.  Do you have any other sources of        12:16PM
6    income related to writing in the past ten years that
7    we haven't talked about yet today?
8         A    Beyond my screenwriting in the short-form
9    pieces, the only one I think of is my friend who had
10   the tech start-up.  I believe he paid me to            12:17PM
11   ghostwrite an article for him probably eight or nine
12   years ago.  I can't remember.
13        Q    Okay.  So no other ghostwriting jobs other
14   than that one eight or nine years ago?
15        A    No.                                           12:17PM
16        Q    Okay.  You mentioned your S corporation.
17             Is that MJ + KJ, Inc.?
18        A    Yes.
19        Q    For what purpose was MJ + KJ, Inc. formed?
20        A    It's kind of common practice for authors,     12:17PM
21   for both liability reasons, but also just for sort
22   of financial housekeeping.  It makes it a little bit
23   easier to keep everything clear and organized.
24        Q    Who are the owners of that corporation?
25        A    My wife, Marie-Josée and I.                   12:18PM
```

Page 88

| | | |
|---|---|---|
| 1 | Q | Who are the officers? |
| 2 | A | Same answer. |
| 3 | Q | Does the corporation have any employees? |
| 4 | A | Sorry. Are we on the 30(b)(6) thing? Am I speaking now as a -- as a representative of the corporation or -- |
| 5 | | | 12:18PM |
| 7 | Q | Technically, you're speaking to your personal knowledge. |
| 9 | A | Oh, okay. I'm the only employee. Sorry. I do think my wife has drawn a small salary at one point, but she's not presently. |
| 10 | | | 12:19PM |
| 12 | Q | Do you recall when you formed it, it being the corporation? |
| 14 | A | If I recall, it was 2015. Will you tell me when we're switching to the 30(b)(6), or am I supposed to guess that? |
| 15 | | | 12:19PM |
| 17 | Q | I will tell you, yes. |
| 18 | A | Okay. |
| 19 | Q | Do you have a salary from MK + KJ, Inc. [sic]? |
| 20 | | | 12:20PM |
| 21 | | MR. FREDRICKS: Objection; form. |
| 22 | | THE DEPONENT: It's MJ + KJ, Inc. Are you asking if I have a salary from them? |
| 25 | /// | | 12:20PM |

Page 89

```
 1    BY MR. RAMALLO:
 2         Q    Yes.
 3         A    Yes.
 4         Q    What is your salary?
 5         A    It fluctuates pretty wildly depending on          12:20PM
 6    what projects I'm selling, but I think it's
 7    currently at about 90,000 per year.
 8         Q    How do you determine what salary you're
 9    going to draw from that corporation?
10         A    If I recall, in discussions with my               12:20PM
11    accountant, we figured out what the sort of
12    appropriate salary was for the kind of work that I'm
13    doing.
14         Q    Are you familiar with the term "loan out
15    company"?                                                   12:21PM
16         A    Yes, vaguely.
17         Q    Would you consider MK + KJ [sic] a loan out
18    company?
19         A    MJ + KJ.
20         Q    Yes.                                              12:21PM
21         A    My understanding is that an S corporation
22    is a loan out, but I'm -- beyond that, I'm not a
23    sort of expert in the -- in the terminology.
24         Q    Okay.  Not putting you on the spot to be an
25    expert, but did you have a loan out company other           12:21PM
```

Page 90

```
1       Q    And is it accurate that MJ + KJ is not the
2  author?
3       A    MJ + KJ, Inc.?
4       Q    Yes.
5       A    Yes.  It did not exist back then.           01:41PM
6       Q    Has the ownership of that copyright changed
7  since the time of the copyright registration?
8       A    Yes.  We recently assigned the copyright to
9  MJ + KJ, Inc. when we -- and so there's a -- a
10 document that I recently did in order to clarify     01:42PM
11 that all of my work would will be held -- or the
12 copyright would be held by MJ + KJ, Inc.
13      Q    Did you personally apply for the copyright,
14 or did someone assist you with that?
15      A    Sorry.  Can you -- you asked two questions.  01:42PM
16      Q    Did you personally go through the process
17 of submitting a copyright application for "To Be a
18 Friend Is Fatal"?
19      A    No.
20      Q    Who did that process?                       01:42PM
21      A    Typically, your publisher registers the
22 copyright.  I think -- I'm not a legal expert, but I
23 think it's called an attorney in fact for this
24 particular function.  It's one of the things that
25 the publisher does for you.                           01:43PM
```

Page 116

```
 1    am certain about that.
 2        Q   Okay.  All right.  Let's do Exhibit 36.
 3            MR. CONNORS:  Is now a good time to take a
 4    break.
 5            MR. RAMALLO:  Sure.                              02:13PM
 6            THE DEPONENT:  Thank you.
 7            THE VIDEOGRAPHER:  All right.  This marks
 8    the end of Media No. 7.  The time is 2:13 p.m.
 9    We're off record.
10            (Recess.)                                        02:27PM
11            THE VIDEOGRAPHER:  This marks the beginning
12    of Media No. 7.  The time is 2:27 p.m.  We're on the
13    record.
14            (Defendant's Exhibit 36 was marked
15            for identification.)                             02:27PM
16    BY MR. RAMALLO:
17        Q   Mr. Johnson, do you recognize Exhibit 36?
18        A   I do.
19        Q   What is it?
20        A   This is an assignment of the copyright of       02:27PM
21    my books to MJ + KJ, Inc.
22        Q   Okay.  And turning to the second page, do
23    you see that the works assigned are all three of
24    your books?
25        A   Yes, I do.                                      02:27PM
```

Page 133

```
 1       Q    To your understanding, was "The Fisherman
 2  and The Dragon," which was copyrighted in 2019,
 3  already the property of MJ + KJ, Inc. before this
 4  assignment?
 5       A    Yes, that's my understanding.                    02:28PM
 6       Q    Okay.  Given that, do you know why there
 7  was an assignment created for "The Fisherman and The
 8  Dragon" at this time?
 9       A    Well, my understanding is that "The Feather
10  Thief" is also held by MJ + KJ, Inc., and so as a      02:28PM
11  matter of housekeeping, I think we just wanted to
12  make clear that all of my work is held by the -- by
13  MJ + KJ, Inc.
14       Q    Okay.  And Exhibit 36 shows that it was
15  signed on January 28th, 2025.                              02:28PM
16            Do you see that?
17       A    I do.
18       Q    And is that date accurate as to when it was
19  actually signed in real life?
20       A    Yes, I believe so.                                02:28PM
21       Q    Are you aware of any other agreements
22  related to "To Be a Friend Is Fatal" that we haven't
23  talked about?
24       A    No.
25       Q    Moving on, another one of the works you           02:29PM
```

Page 134

```
 1            I, the undersigned, a Certified Shorthand
 2   Reporter of the State of California, Registered
 3   Professional Reporter, Certified Live Note Reporter,
 4   do hereby certify:
 5            That the foregoing proceedings were taken
 6   before me at the time and place herein set forth;
 7   that any witnesses in the foregoing proceedings,
 8   prior to testifying, were duly sworn; that a record
 9   of the proceedings was made by me using machine
10   shorthand which was thereafter transcribed under my
11   direction; that the foregoing transcript is a true
12   record of the testimony given.
13            Further, that if the foregoing pertains to
14   the original transcript of a deposition in a Federal
15   Case, before completion of the proceedings, review
16   of the transcript [ X ] was [  ] was not requested.
17   I further certify I am neither financially
18   interested in the action nor a relative or employee
19   of any attorney or party to this action.
20            IN WITNESS WHEREOF, I have this date
21   subscribed my name.
22   Dated: 3/12/25
23                         [signature: Renee A Pacheco]
24                         RENEE A. PACHECO
                           CSR No. 11564 RPR, CLR
25
```