# EXHIBIT 33

## SHORT-FORM RIGHTS OPTION AGREEMENT
### "The Feather Thief"

This Agreement (including Exhibits A and B attached hereto and incorporated by this reference) (the "**Agreement**") is made as of November 12, 2018 (the "**Agreement Date**") by and between Amazon Content Services LLC ("**Amazon**") and MJ+KJ Inc. ("**Grantor**") c/o WME, 9601 Wilshire Blvd., Beverly Hills, CA 90210, Attn: Sylvie Rabineau sjrabineau@wmeentertainment.com in connection with the motion picture currently entitled "The Feather Thief" (the "**Picture**").

1.  <u>CONDITION PRECEDENT</u>. Amazon's obligations pursuant to this Agreement are subject to Amazon's receipt and approval of all chain-of-title documentation relating to the Property (as defined below) (the "**Condition Precedent**").

2.  <u>PROPERTY</u>. The "**Property**" means the published book entitled "The Feather Thief: Beauty, Obsession and the Natural History Heist of the Century" written by Kirk Wallace Johnson ("**Writer**") together with all (if any) other works and materials of any kind created, developed and/or produced by or on behalf of Grantor or Writer in connection with "The Feather Thief: Beauty, Obsession and the Natural History Heist of the Century" (formerly known as "The Feather Underground") and/or the Picture, and the themes, stories, settings, plots, characters, characterizations, character names, illustrations, dialogues, descriptions, titles and other content of each of the foregoing, all translations, adaptions and existing and future versions of each of the foregoing now or hereafter owned and/or controlled by Grantor, and all right, title and interest in and to each and all of the foregoing.

3.  <u>OPTION</u>. Grantor hereby irrevocably grants Amazon the sole and exclusive option (the "**Option**"), commencing as of the Agreement Date and continuing after full execution of this Agreement and satisfaction of the Condition Precedent for the period of time specified on Exhibit A (the "**Initial Option Period**"), to acquire all right, title and interest other than the reserved rights specified on Exhibit A in and to the Property, including without limitation the right, subject to the frozen rights specified on Exhibit A, to exploit the Property, in whole or part, in perpetuity, throughout the universe, in any and all media and formats now or later known or developed, in and in connection with the Picture (the "**Rights**"). Amazon will pay the initial option fee set forth in Exhibit A (the "**Initial Option Fee**") within 15 days after full execution of this Agreement, including the Memorandum of Option attached hereto as Exhibit B, and satisfaction of the Condition Precedent. Amazon will have the right to extend the Option for the extension option period set forth in Exhibit A (the "**Extension Option Period**") upon written notice to Grantor at any time prior to the expiration of the Initial Option Period. If applicable, Amazon will pay the extension option fee set forth in Exhibit A within 15 days after Amazon's notice of extension. The Initial Option Period and Extension Option Period, if any (collectively, the "**Option Period**"), will be extended automatically without additional payment for periods equal to the length of (A) any outstanding claims, litigation, or chain-of-title disputes relating to the Property (not to exceed 9 months in the aggregate with respect to any single claim or dispute unless litigation has been filed in connection with such claim or dispute), (B) any periods of uncured, material default or non-compliance by Grantor, or (C) any industry-wide labor disputes or other force majeure events (not to exceed six months in the aggregate with respect to any single force majeure event). Amazon will provide written notice to Grantor of any such automatic extension; provided that Amazon's inadvertent failure to do so will not be deemed a breach of this Agreement or in any way affect the effectiveness of such extension. Amazon has the right to exercise the Option by written notice or commencement of principal photography or animation (as applicable) prior to the expiration of the Option Period. If Amazon exercises the Option, Amazon will pay the purchase price set forth in Exhibit A (the "**Purchase Price**") within 15 days after Option exercise and subject to Amazon's payment of the Purchase Price and any rights of reversion specified in Exhibit A, Amazon will own, and Grantor hereby irrevocably and automatically grants, transfers and assigns to Amazon the Rights.

4.  <u>REPRESENTATIONS AND WARRANTIES / INDEMNIFICATION</u>. Grantor represents and warrants that: (A) the Property is original with Grantor and/or Writer and was not adapted or copied from any other literary or dramatic work or other

BARTZ000000088

work of expression other than with respect to any elements of the Property that are in the public domain (which elements do not individually or collectively form a material or substantial part of the Property), (B) the Property does not and will not violate any copyright, trademark or, to the best of Grantor's knowledge, including that which Grantor should have known in the exercise of reasonable prudence and diligence ("**Grantor's Knowledge**"), any other rights of any person or entity, and (C) the Property is not subject to any encumbrance, third-party interest, pending litigation or, to the best of Grantor's Knowledge, threatened litigation. Grantor will indemnify Amazon and its affiliates against any third-party demand or claim arising out of Grantor's breach of any of its covenants, agreements, representations or warranties under this Agreement. Without limiting the foregoing, Amazon will be solely responsible for obtaining portrayal releases from any real persons depicted in the Property (other than Writer), if and as deemed necessary by Amazon, provided that Grantor agrees to use reasonable, good faith efforts as and when requested by Amazon to assist in obtaining such portrayal releases.  Amazon will indemnify Grantor and its successors against any third-party demand or claim arising out of the development, production, distribution and exploitation by Amazon or its affiliates of the Picture or any element thereof or ancillary rights therein (other than with respect to any claim with respect to which Grantor is obligated to indemnify Amazon under this Agreement).

5.  <u>REMEDIES</u>. Grantor's and Writer's rights and remedies in the event of any breach of this Agreement by Amazon or otherwise will be limited to the right, if any, to recover monetary damages in an action at law, and in no event will Grantor or Writer be entitled, and Grantor and Writer each hereby expressly waives any right, to terminate this Agreement or rescind any of the rights granted to Amazon hereunder or seek or obtain injunctive or other equitable relief. Each party hereby waives all claims hereunder for indirect, incidental, punitive and/or consequential damages.

6.  <u>MISCELLANEOUS</u>. Amazon has the right to assign this Agreement to one or more parties, provided that Amazon will remain secondarily liable under this Agreement unless the assignee is a so-called "major" or "mini-major" motion picture studio or distributor, national television network or studio, or similarly financially responsible party (as determined by Amazon in its discretion at the time of assignment), or an entity affiliated with, owned or controlled by or owning or controlling Amazon, or an entity that succeeds to substantially all of the assets of Amazon, and unless and until such assignment is accepted and all of Amazon's executory obligations are assumed by the assignee in writing. The parties agree that this Agreement shall be governed by California law, all disputes will be subject to the Federal Arbitration Act, and the parties consent to the exclusive jurisdiction of Los Angeles, California. This Agreement will not be binding unless and until fully executed. This Agreement incorporates Amazon's standard terms and conditions for agreements of this nature (which standard terms and conditions are subject to good-faith negotiation within Amazon's customary parameters). This Agreement (together with the Certificate of Engagement) constitutes the entire agreement between the parties, and supersedes all prior negotiations and undertakings relating to the subject matter hereof. At Amazon's request, the parties will negotiate in good faith and enter into a long-form agreement incorporating and supplementing the terms of this Agreement ("**LFA**"). Unless and until such time as the parties fully execute the LFA, the terms of this Agreement will control. Grantor may charge legally applicable national, state, local, use, or value added taxes, provided that such taxes are clearly stated on a valid tax invoice. Amazon may withhold legally applicable taxes, and payment reduced by such withholding shall constitute full payment under this Agreement. Grantor will provide any certifications or other documents required for purposes of information reporting and reducing or eliminating applicable withholding tax.  If and to the extent Amazon obtains and maintains general liability and errors and omissions policies in connection with the Picture, Amazon will have Grantor covered as an additional insured under its General Liability and Errors and Omissions insurance policies for the Picture with respect to claims or liabilities arising out of Amazon's production, distribution or exploitation of the Picture (except for claims or liabilities for which Grantor is required to indemnify Amazon hereunder), subject to the restrictions, limitations, terms and exclusions of such policies.

[signature page follows]

HIGHLY CONFIDENTIAL

## EXHIBIT A

**Initial Option Fee/ Initial Option Period:** $███000 for 18 months, applicable against the Purchase Price defined below.

**Extension Option Period/ Fee:** $███000 for an additional 18 months (non-applicable).

**Purchase Price:** 2.5% of 100% of direct ingoing net budget, with a floor of $███000 and a ceiling of $███000 (less the Initial Option Fee). The direct ingoing net budget of the Picture will be the actual direct cash budget of the Picture approved by Amazon prior to the commencement of principal photography of the Picture, exclusive of financing fees and costs, bank fees and charges, interest, completion bond fees and costs, insurance costs, tax credits and rebates, and contingency.

**Defined Proceeds:** 2.5% of 100% of Defined Proceeds. Defined Proceeds will be defined, computed and accounted for pursuant to Amazon's standard definition, subject to changes as are agreed to following good faith negotiations within Amazon's standard parameters taking into account Writer's stature in the motion picture industry as of the date first set forth above, provided however that (a) the imputed SVOD/AVOD/FVOD fee (the "**Amazon Imputed Fee**") will be 25% of the domestic box office in the initial theatrical release in the United States ("**USDBO**") for first $██MM, 20% USDBO for the next $██MM, and 15% USDBO thereafter (with a floor of $███k and a cap of $███MM); (b) Amazon Studios' distribution fee will not exceed 20%, inclusive of all sub-distributors (except when outside the United States and Canada a sales agent is used, in which case, the distribution fee will be inclusive of the sales agent's fee but not the local distributor's distribution fee); (c) for sales of hard goods home video media (e.g., Blu-ray, and DVD) by Amazon Studios or its affiliates on non-Amazon services (e.g., iTunes, Walmart), the amount included in gross receipts will be 100% of the wholesale price (less reserves) paid or credited (on a non-refundable basis) to Amazon Studios; (d) there will be no distribution fee charged on the Amazon Imputed Fee; (f) TVOD (rental and EST) sold directly by Amazon Studios or its affiliates (i.e., not by a third party distributor licensing rights back to Amazon Studios, if applicable) on Amazon services will be accounted at 70% of the non-refundable retail revenue received by Amazon Studios or its affiliates within the first 12 months from initial exploitation and 60% thereafter; and (e) 100% of tax credits and rebates actually received, net of any costs required to procure such credits and rebates, will reduce the cost of production.

**Granted Rights:** All rights except the Reserved Rights.

**Reserved Rights:** Publishing (including comic books/graphic novels/non-dramatic recorded readings/e-read devices); AW S/P subject to customary 3/5 hold back and F/L to Amazon regarding audio-visual productions; stage and podcasts (subject to Amazon's customary definition), Radio and Live TV subject to customary 3/5 year holdback and then F/L to Amazon.

**Frozen Rights:** Novelization and novelization of the screenplay; initial production as a television series frozen.

**Passives:** (a) for theatrical sequels/prequels, 100% of the compensation for each of Purchase Price and Defined Proceeds (reduced 50% for theatrical remakes), (b) for MOW/mini-series and DTV, $██k /hour (capped at $██k), (c) for network primetime series (i.e., ABC, CBS, NBC or FBC), per-episode royalty of $██500 for half-hours, $█750 for hours, $██000 for >hour , with (i) 50% of the foregoing for non-primetime / non network, (ii) 75% of the foregoing for premium cable and new media (i.e., Amazon, HBO, Showtime, Starz, Netflix or Hulu Plus), (iii) 50% of the foregoing for generic spinoffs and (iv) 25% of the foregoing for planted spin offs.

**Credit:** Source credit, main titles, single card based on or similar subject to guild. Credit in the billing block portion of Paid Ads. Size/style tie to the screenwriter on screen and in the billing block portion of Paid Ads. Size/style tie and excluded ad tie to screenwriter in the billing block of Excluded Ads, excluding customary awards and congrats ads.

BARTZ000000090

**Amazon Content Services LLC**

Signature: _____
Name: _____
Title: _____
Date of Signature: _____

**MJ+KJ INC.**

Signature: _____
Name: _Kirk_ _Wallace_ _Johnson_____
Title: _President_____
Date of Signature: _3/15/2019_____

ACKNOWLEDGED AND AGREED:

**KIRK WALLACE JOHNSON**

Signature: _____
Date of Signature: _3/15/2019_____

HIGHLY CONFIDENTIAL

**EXHIBIT B**

**MEMORANDUM OF OPTION**

For good and valuable consideration, the receipt of which is hereby acknowledged, MJ+KJ Inc. ("Grantor") hereby grants to Amazon Content Services LLC ("**Amazon**") the irrevocable right and option to purchase all rights, title and interest in and to the published book titled "The Feather Thief: Beauty, Obsession and the Natural History Heist of the Century" written by Kirk Wallace Johnson, all as more particularly set forth in, and subject to, the Short-Form Rights Option Agreement dated as of November 12, 2018 (the "**Rights Option Agreement**") between Grantor and Amazon.

This Memorandum of Option should be read in conjunction with the Rights Option Agreement, and, in the event of any conflict between the provisions of this Memorandum of Option and the Rights Option Agreement, the Rights Option Agreement will control.

IN WITNESS WHEREOF, the undersigned has executed this memorandum:

**MJ+KJ INC.**

Signature: _____

Name: _ KIRK WALLACE JOHNSON _

Title: PRESIDENT

Date of Signature: 3 | 15 | 2019

ACKNOWLEDGED AND AGREED:

**KIRK WALLACE JOHNSON**

Signature: _____

Date of Signature: 3/15/2019

**Reversion**: If Amazon exercises the option but does not commence principal photography within four years from exercise of the option (subject to cast unavailability or force majeure), then underlying rights will automatically revert to Grantor, subject to execution of Amazon's customary reversion agreement, which will include release and indemnity of Amazon and reimbursement of the Purchase Price (to be paid upon the earlier of set-up and commencement of principal photography).

**Key Art:** If requested by the Publisher, Amazon shall provide Grantor with key art for the Picture for inclusion in a paperback edition of the book (if such key art has been created and is available for such use and taking into consideration Amazon's promotional and marketing needs and timelines for the Picture), provided that the use of such key art may be subject to third party restrictions or clearances for which Grantor will be responsible and that Grantor shall require the Publisher to abide by such restrictions and acquire any third-party releases that may be necessary for the use of such key art in connection with the publication of a Tie-in Edition.

**Other**: All other terms and conditions (including premieres and DVD) to be negotiated in good faith in the LFA within Amazon's customary parameters for agreements of this type.

**Conditions Precedent:** Fully executed rights option agreement by and between Amazon and Grantor in connection with the underlying book entitled "The Feather Thief: Beauty, Obsession and the Natural History Heist of the Century" written by Writer, fully executed consulting agreement between Amazon and Writer, fully executed producer servicers agreement with producer(s), satisfactory review and approval of chain of title (including life rights, if applicable and deemed necessary by Amazon, and publisher's release in connection with the underlying book) and receipt of payment paperwork and tax forms satisfactory to Amazon.

HIGHLY CONFIDENTIAL