# EXHIBIT 61

```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3
 4   _____
                                    )
 5   ANDREA BARTZ, ANDREA BARTZ,    )
     INC., CHARLES GRAEBER, KIRK    )
 6   WALLACE JOHNSON, MJ + KJ,      )
     INC., individually and on      )
 7   behalf of others similarly     )
     situated,                      )
 8                                  )
              Plaintiffs,           )
 9                                  )
         vs.                        ) No. 3:24-cv-05417
10                                  )
     ANTHROPIC PBC,                 )
11                                  )
              Defendant.            )
12   _____)
13
14
15
16       VIDEOTAPED DEPOSITION OF KIRK WALLACE JOHNSON
17                  Los Angeles, California
18                  Thursday, March 6, 2025
19
20
21
22   Reported by:
     RENEE A. PACHECO, RPR, CLR
23   CSR No. 11564
24   Job No. 7222286
25   PAGES 1 - 227
```

Page 1

```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3
 4  _____
                                   )
 5  ANDREA BARTZ, ANDREA BARTZ,    )
    INC., CHARLES GRAEBER, KIRK    )
 6  WALLACE JOHNSON, MJ + KJ,      )
    INC., individually and on      )
 7  behalf of others similarly     )
    situated,,                     )
 8                                 )
             Plaintiffs,           )
 9                                 )
        vs.                        ) No. 3:24-cv-05417
10                                 )
    ANTHROPIC PBC,                 )
11                                 )
             Defendant.            )
12  _____)
13
14
15        Videotaped deposition of KIRK WALLACE JOHNSON,
16  taken on behalf of Defendant, taken at 777 South
17  Figueroa Street, Los Angeles, California, beginning at
18  9:17 a.m. and ending at 5:21 p.m. on Thursday,
19  March 6, 2025, before RENEE A. PACHECO, Certified
20  Shorthand Reporter No. 11564, RPR, CLR.
21
22
23
24
25
```

Page 2

```
 1    APPEARANCES:
 2
 3    For Plaintiffs:
 4         SUSMAN GODFREY LLP
 5         BY:  JORDAN W. CONNORS, ESQ.
 6         401 Union Street, Suite 3000
 7         Seattle, Washington 98101
 8         (206) 516-3880
 9         Jconnors@susmangodfrey.com
10
11         SUSMAN GODFREY L.L.P
12         By:  COLLIN FREDRICKS, ESQ.
13         1000 Louisiana Street, Suite 5100
14         Houston, Texas 77002-5096
15         (713) 651-9366
16         Cfredricks@susmangodfrey.com
17
18    For Defendant:
19         ARNOLD & PORTER KAYE SCHOLER LLP
20         BY:  OSCAR D. RAMALLO, ESQ.
21         777 South Figueroa Street, 44th Floor
22         Los Angeles, California 90017-5844
23         (213) 243-4290
24         oscar.ramallo@arnoldporter.com
25
```

Page 3

```
 1   APPEARANCES (Continued):
 2
 3   Also Present:   (Via Zoom)
 4        Ally Myers
 5        Cameron Klein
 6        Joe Farris
 7        Jessica Gillotte
 8        Reetu Sinha
 9
10   Videographer:
11        Tristen Knudsen
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

```
                         INDEX
 DEPONENT                                          EXAMINATION
 KIRK WALLACE JOHNSON
         BY MR. RAMALLO                                     9
         BY MR. RAMALLO 30(B)6                            184


                        EXHIBITS
 DEFENDANT'S                                             PAGE
 Exhibit 23   First Amended Complaint                      68
 Exhibit 24   Printout from                                75
              kirkwjohnson.com/about

 Exhibit 25   Printout from website                        80

 Exhibit 26   Printout from website                        83

 Exhibit 27   Printout from website                        84

 Exhibit 28   Plaintiff Kirk Wallace Johnson               92
              and MJ + KJ, Inc.'sFirst
              Supplement Responses to First
              Set of Request For Production
              of Documents

 Exhibit 29   "My Books Were Used to Train                103
              Meta's Generative AI.  Good.
              It Can Have My Next One Too."
              By Ian Bogost
 Exhibit 30   Article "It's Practically                   104
              Impossible to Run a Big AI
              Company Ethically"
 Exhibit 31   Copyright registration                      111
              information for "To Be a
              Friend Is Fatal"
```

```
 1                    INDEX (CONTINUED)
 2
 3                       EXHIBITS
 4      DEFENDANT'S                                          PAGE
 5      Exhibit 32   E-mail                                   118
 6      Exhibit 33   E-mail attachment                        118
 7      Exhibit 34   E-mail                                   130
 8      Exhibit 35   Attachment to E-mail                     131
 9      Exhibit 36   Assignment of the copyright of           133
                     books to MJ + KJ, Inc.
10
        Exhibit 37   Agreement dated 8-24-15                  143
11
        Exhibit 38   Option Agreement                         149
12
        Exhibit 39   TV Option for "The Feather               151
13                   Thief"
14      Exhibit 40   Assignment of the copyright of           156
                     "The Feather Thief"
15
        Exhibit 41   Book deal with Viking                    160
16
        Exhibit 42   Option for "The Fisherman and            164
17                   The Dragon"
18      Exhibit 43   Royalty Statement                        167
19      Exhibit 44   Royalty Statement                        168
20      Exhibit 45   Royalty Statement                        170
21      Exhibit 46   30(b)(6) Notice                          185
22
23
                     INSTRUCTION NOT TO ANSWER
24
                              (None)
25
```

| | | |
|---|---|---|
| 1 | A   Then no, not that I'm aware of. | |
| 2 | Q   Are you aware of any evidence that Claude | |
| 3 | has impacted the ability for you to exploit your | |
| 4 | books with respect to film right licensing? | |
| 5 | A   It's kind of a complicated question.  Are | 03:41PM |
| 6 | you saying has it prevented me from optioning my | |
| 7 | work to be adapted into a film or a TV series? | |
| 8 | Q   Sure.  Has it prevented you? | |
| 9 | MR. CONNORS:  Object to form. | |
| 10 | THE DEPONENT:  No, not that I'm aware of. | 03:42PM |
| 11 | Not yet. | |
| 12 | BY MR. RAMALLO: | |
| 13 | Q   Do you have any evidence that you would | |
| 14 | have made more money through film and TV licensing | |
| 15 | if Claude had never existed? | 03:42PM |
| 16 | A   Not that I'm aware of. | |
| 17 | Q   Do you know of any evidence that you would | |
| 18 | have made more money through speaking engagements if | |
| 19 | Claude had never existed? | |
| 20 | A   It's difficult for me to answer, but I'm | 03:42PM |
| 21 | not aware of that, of any evidence that would affect | |
| 22 | that. | |
| 23 | Q   Are you aware of any evidence that Claude | |
| 24 | has impacted any other of your income streams | |
| 25 | related to writing? | 03:43PM |

1       MR. CONNORS:  Object to form.
2       THE DEPONENT:  Well, they illegally
3  obtained and used my work without a license.  So if
4  we're talking about a loss of income for the fact
5  that I didn't get a license then, yes, I would -- I          03:43PM
6  would point to that.
7  BY MR. RAMALLO:
8       Q   Anything else that you could point to?
9       MR. CONNORS:  Object to form.
10      THE DEPONENT:  My understanding is that AI         03:43PM
11 is growing so quickly and growing in power so
12 quickly, that it's difficult for me to confidently
13 tell you how it might be negatively impacting me
14 financially.
15      I don't know yet.  I can't answer with any         03:44PM
16 kind of definitive figure, other than that I was
17 never paid a license for the LLM training.
18 BY MR. RAMALLO:
19      Q   So at this time, other than the loss of
20 income from a license that Anthropic could have paid     03:44PM
21 to you, are you aware of any other evidence of an
22 impact on your income as a result of Claude?
23      MR. CONNORS:  Object to form.
24      THE DEPONENT:  I think you could make an
25 argument that if the marketplace of books is flooded    03:44PM

Page 173

```
1    with a bunch of AI-generated books, that overall,
2    that would potentially devalue human written books.
3    BY MR. RAMALLO:
4        Q   Are you aware of any evidence that, as of        03:45PM
5    today, the marketplace has been flooded with
6    AI-generated books that have devalued your books?
7            MR. CONNORS:  Object to form.
8            THE DEPONENT:  I'm not -- I don't know how
9    many books have -- have hit the market that are AI
10   generated, so I can't answer that.  I've heard          03:45PM
11   anecdotes of some people cranking out tons of books
12   using AI, but I can't tell you a specific number.
13   BY MR. RAMALLO:
14       Q   Do you have any evidence that there are
15   consumers out there that are buying AI-generated        03:45PM
16   books instead of books that you wrote?
17           MR. CONNORS:  Object to form.
18           THE DEPONENT:  I don't know what goes into
19   a consumer's mind when they decide what book to buy.
20   BY MR. RAMALLO:                                          03:46PM
21       Q   We talked about earlier that you've written
22   works of authorship that are not books --
23   correct? -- like magazine and newspaper articles?
24       A   Yes.
25       Q   Do you hold the copyright in any of those       03:46PM
```

Page 174

```
 1           I, the undersigned, a Certified Shorthand
 2   Reporter of the State of California, Registered
 3   Professional Reporter, Certified Live Note Reporter,
 4   do hereby certify:
 5           That the foregoing proceedings were taken
 6   before me at the time and place herein set forth;
 7   that any witnesses in the foregoing proceedings,
 8   prior to testifying, were duly sworn; that a record
 9   of the proceedings was made by me using machine
10   shorthand which was thereafter transcribed under my
11   direction; that the foregoing transcript is a true
12   record of the testimony given.
13           Further, that if the foregoing pertains to
14   the original transcript of a deposition in a Federal
15   Case, before completion of the proceedings, review
16   of the transcript [ X ] was [  ] was not requested.
17   I further certify I am neither financially
18   interested in the action nor a relative or employee
19   of any attorney or party to this action.
20           IN WITNESS WHEREOF, I have this date
21   subscribed my name.
22   Dated: 3/12/25
23
                            RENEE A. PACHECO
24                          CSR No. 11564 RPR, CLR
25
```

Page 224