DUNCAN FIRM, P.A.
James H. Bartolomei III (Bar No. 301678)
809 W. 3rd Street
Little Rock, AR 72201
Telephone: (501) 228-7600
Email: james@duncanfirm.com

*Attorneys for Objector Chinonto Chakanga*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>     vs.<br><br>ANTHROPIC PBC,<br><br>            Defendant. | Hon. Araceli Martinez-Olguin<br><br>Case No. 3:24-cv-05417-AMO<br><br>Hearing Date:   None Set<br><br>*[Declaration of Chinonto Chakanga concurrently filed]* |

**OBJECTION BY CHINONTO CHAKANGA TO PROPOSED CLASS SETTLEMENT**

**I. INTRODUCTION: THE "GET NOTHING" FALLACY**

Class Member Chinonto "Chino" Chakanga ("Chakanga") is the author and copyright holder of at least one (1) work that Anthropic pirated as confirmed by the works settlement list. *See* Declaration of Chinonto Chakanga ("Chakanga Decl.") at ¶5. Chakanga has standing to make this objection. His declaration is fully incorporated by reference into this objection.

This Objection is filed pursuant to Federal Rule of Civil Procedure 23(e)(5) for two main reasons. First, the "Notice of $1.5 Billion Proposed Class Action Settlement Between Authors & Publishers and Anthropic PBC," that was sent on December 1, 2025, and later amended on or about January 8, 2026 per court order (Dkt. 535) (the "Notice") is <u>not</u> a neutral disclosure of the rights of class members ("Class Members"). Rather, it is a tool of suppression drafted in a non-neutral way to steer

and intimidate authors into a settlement by failing to affirmatively share the full potential value of their claims that could be pursued if they opt out and file an individual case.  Second, the Court just ordered the parties to un-redact thousands of pages of previously sealed documents and evidence, giving class members a mere eight (8) days to review and analyze these critical judicial records that directly relate to a Class Member's decision to opt out a Class Member's works from the pending settlement before January 29, 2026.  See Dkt. 547.

The Notice presents Class Members with a false and coercive choice: take a guaranteed estimated $3,000 or "get nothing" if you don't agree to this settlement. This framing is factually misleading and constitutionally defective.  It obscures the reality and legal option that by "getting nothing" from this Settlement, an author retains a claim for willful copyright infringement worth up to $150,000 per work.  And they now have only 8 days to decide this, which is not sufficient time to make a meaningful decision.   Chakanga Decl. at. ¶¶ 3 and 7.

For Objector Chakanga, a Class Member, author and copyright holder of at least one book on the settlement list, the Notice systematically hides this trade-off of $3,000 or up to $150,000.   Chakanga Decl. at. ¶6.  It segregates the "risk" from the "reward" by burying the potential of statutory damages for each work on Page 6, while the "Options" table on Page 2 — the only page many authors will likely read — frames opting out as "you will not receive any payment."

Specifically, the author will "**give up the right to receive any payment.**"  Additionally, page 16 of the Notice provides, "**For example, if you are an author and choose to opt out your work, that means you will not receive any payment, your co-authors will not receive any payment, and your publisher will not receive payment. If you are a publisher and choose to opt out your book, that means that you will not receive any payment, and all authors of that book will not receive any payment**."  Any class member, including Objector Chakanga, who read this will be left with the false impression that opting out means a copyright holder will receive nothing if they don't accept the settlement payment.  Chakanga Decl. at. ¶6.

This creates a "blind" opt-out framing. Class Members are being asked to release their rights for approximately **2% of each work's potential value**, based on a Notice that affirmatively warns them against exercising their right to opt out and sue individually.  A decision made under such coercive

1  misinformation cannot be "voluntary, knowing, and intelligent."

2      This Court should not condone or allow counsel for the parties to rely on a Settlement Notice that fails to notify all class members of the full range of options if one elected to opt out. Moreover, with a January 29, 2026 opt-out deadline (as provided by Order dated January 8, 2026), the Notice provides inadequate time for Class Members to review the more than 200 newly unredacted documented filed on January 21, 2026. Objector Chakanga asks this Court to reject the current Notice published on the Anthropic Settlement website and sent to class members via email and US mail, and to order a corrective disclosure that explicitly informs authors that opting out is the *only* path to seeking actual or statutory damages up to a maximum of $150,000 per infringed work. Chakanga Decl. at. ¶¶6-8.

    Chakanga's book is in the proposed Settlement Class, titled *Special* (TXU002106133). Chakanga Decl. at. ¶3.  Mr. Chakanga respectfully objects to the proposed Settlement Agreement and Notice and requests that the Court reject final approval of the Settlement or, in the alternative, stay the opt-out and objection deadline for at least 60 days to cure the procedural defects because the Class Settlement notice is defective, failing to disclose the trade-off of opting out. Chakanga Decl. at. ¶¶ 6-8.

**II. BASIS FOR OBJECTION**

    Objector Chakanga asserts that the Settlement is not fair, reasonable, or adequate under Fed. R. Civ. P. 23(e)(2), and that the notice procedure has failed to provide Class Members with sufficient information and time to make a meaningful decision regarding their rights and whether to opt out.

    **1.  The "Buried Truth" of Opting Out**

    The Notice engages in a game of hide the ball. It refers on Page 6 to the fact that statutory damages can reach up to $150,000 per work. Yet, when it discloses to Class Members "**Excluding Yourself from the Ongoing Lawsuit**" starting on Page 16, this amount – or the possibility of any alternative recovery greater than "nothing"— is not mentioned. This section of the Notice warns Class Members three separate times that opting out means "you will not receive any payment," but never once reminds them *here*—at the moment of decision—that they are retaining a claim that could receive more than the $3,000.   This is confusing.  Chakanga Decl. at. ¶6.

    **2.  The "False Binary" Argument**

    The "Options" Table (Page 2) is structurally biased. It presents the choice as "Submit a Claim"

(Get Paid) vs. "Exclude Yourself" (Give Up Payment). A neutral Notice would describe the Opt-Out option accurately: **"Exclude Yourself: Receive no settlement funds, but retain the right to sue Anthropic individually for up to $150,000 per work."** By omitting the *benefit* of opting out, the Notice steers Class Members toward settlement. This is anything but neutral. The pertinent question here is whether these proposed changes adversely affect Class Members or provide them with more information for full disclosure without the need of an attorney. "When the modification makes the settlement less desirable, notice may be required because courts cannot be sure whether more class members would have chosen to object to the settlement or exclude themselves from the class." *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 330 (N.D. Cal. 2018). Here, the deficient Notice that lacks a fuller explanation of what the opt-out means "make[s] the settlement less desirable" for class members who should have been provided with the range of options.

> **3. The Notice Period Is Constitutionally Defective Due to the Late Unsealing of Critical Evidence and Briefing.**

The coercive language in the Settlement Notice is compounded by the timing of newly released and unsealed documents as well as an opt-out period that occurred directly during the December and January holiday break. Critical summary judgment records, evidence, expert declarations and class certification briefs with hundreds of exhibits were sealed until January 21, 2026, the eve of the January 29th opt-out deadline. Class Members such as Chakanga are rushed to release their rights for pennies on the dollar before they can even fully assess the strength of the case against Anthropic for all of their works at issue. Chakanga at ¶7. This creates a "fire sale" atmosphere that benefits both Anthropic and larger stakeholders (such as the large publishers with thousands of works as the beneficial owners) at the expense of each individual Class Member's due process rights.

The class representatives and class counsel are fiduciaries to the class and have the full duty of honesty, loyalty, good-faith and fair dealing. *See, e.g.*, *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 331 (1980) (stating that class representatives have a responsibility "to represent the collective interest of the putative class" in addition to their private interests).

Due process and Rule 23 require that class members have a meaningful opportunity to evaluate the fairness of a settlement before they are rushed into releasing their claims and accept a settlement

amount for a fraction of the amount available under the law. A decision to remain in a class or to opt out cannot be "meaningful" if it is made in an information vacuum and based sealed judicial records.

In this case, critical judicial records—including the parties' Summary Judgment motions, Oppositions, and Class Certification briefing—were sealed from public view until just yesterday, January 21, 2026. The deadline for class members to opt out or object is January 29, 2026. This leaves Objector Chakanga, other class members and their counsel of choice a mere eight (8) days to review, analyze, and digest thousands of pages of complex legal arguments and evidentiary records and expert declarations that go to the very heart of the claims being settled.  Chakanga Decl. at. ¶7.  These documents are dispositive for a Class Member's analysis of the strength of the copyright holder's case on the merits, the risks of continued litigation and the possible universe of evidence available (without the benefit of full discovery), and whether the settlement amount represents a fair compromise or a "pennies on the dollar" capitulation.

By unsealing these records only 8 days before the opt-out deadline, the parties have effectively ambushed the Class without time to analyze these newly unredacted records. It is practically impossible for a Class Member such as Chakanga to review the newly available summary judgment and class certification record and make a fully informed strategic business and legal decision by January 29, even with counsel to assist him. Chakanga Decl. at. ¶7. To force a decision on such a compressed timeline renders the opt-out right illusory and violates the "best notice that is practicable under the circumstances" standard of Rule 23(c)(2)(B) and Objector Chakanga's due process rights.

**4. The Settlement Is Not Fair, Reasonable, or Adequate.**

The Settlement unfairly compromises the valuable copyright claims of authors in exchange for inadequate relief without adequate time to review the newly unsealed documents.  The settlement amount effectively discounts each Class Member's potential damages to an unreasonable degree. Without the extended time requested below, Objector Chakanga cannot fully analyze and consider the discrepancy between his book's true value (as shown in the unsealed record based on a cursory review by his counsel) and the Settlement offer.

**III. CONCLUSION AND REQUEST FOR RELIEF**

For the foregoing reasons, Objector Chakanga respectfully requests that the Court (1) extend the

**OBJECTION BY CHINONTO CHAKANGA TO PROPOSED CLASS SETTLEMENT**

opt-out and objection deadline by at least 60 days to allow Class Members adequate time to review the newly unsealed records; or (2) in the alternative, deny final approval of the Settlement as currently proposed and correct the Notice to make full disclosure of potential remedies in a neutral way. Chakanga Decl. at. ¶8.  Objector Chakanga respectfully requests a hearing on the approval of the settlement agreement and reserves all rights to engage in discovery, participate in the discovery, a hearing process and have a fair opportunity to be heard.  Objector Chakanga's counsel intends to attend a hearing when one is ordered by the Court.

Dated:  January 23, 2026              Respectfully Submitted,

**DUNCAN FIRM, P.A.**

By: */s/James H. Bartolomei*
James H. Bartolomei (SBN: 301678)

*Attorneys for Objector Chinonto "Chino" Chakanga*

**PROOF OF SERVICE**

I served and filed the following document via the Court's ECF filing system to all counsel of record and the Court:

**OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT & OPT OUT DEADLINE**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 23, 2026 in Palm Spring, California.

<u>/s/James H. Bartolomei III</u>

James H. Bartolomei III