Dale C. Carson
415 East Monroe Street, 2nd Floor
Jacksonville, Florida 32202
Email: XFBIAgent@gmail.com
Phone: 904-355-6777

RECEIVED

FEB 0 9 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFOR

February 6, 2026

Class Action Clerk,
US District Court for the Northern
     District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

RE:    *Bartz v. Anthropic PBC*, No.3:24-cv-05417-WHA (N.D. Cal.)
       Objection to the proposed settlement

I am a member of the Class and a Sub-Class member as the originator and co-author of two books. The books are copyrighted TX0007797161. The first writing is entitled "Arrest-Proof Yourself" (ISBN-13 978-155652-6374) and the second writing "Arrest-Proof Yourself" (Second Edition) (ISBN-13 978-161374-8046). I believe I am a member of the initial class of all writers whose writings were improperly absorbed and utilized without the writers' consent and a member of the subclass educational writers. The books were written to educate young people how to avoid arrest.

### First objection

Proposed litigation permits the continued use of ideas and information derived from personal experiences as a Miami Police Officer, FBI Special Agent, Private Investigator and presently a practicing Florida Criminal Defense Attorney. Ideas and solutions generated from my employment create various methods and solutions presented in my books to teach civilians unique methods designed to protect individuals from receiving negative treatment during encounters with law enforcement. These solutions are unique and not previously presented in other published writings. Writers who create teachings designed to protect readers from dangerous encounters with police should be rewarded more highly in

1

comparison to other writings which fail to serve this more important function. Writings such as fiction and humor, as examples, do not serve this function. The proposed settlement fails to consider these quantitative differences.

### Second objection

Authors whose writing have not been absorbed into the Anthropic algorithm are to be compensated equally to authors whose works have been referenced frequently. This has a three-prong detrimental effect. First, disproportionate compensation will further erode new efforts by gifted writers to evaluate social difficulties. Second, royalties received from book sales and the purchasing readers creates a publicity which allows compensation through lecture circuits, providing additional compensation to authors. Finally, the continued use of our ideas, strategies and solutions by the algorithmic structure created though the unlicensed use of our books now creates a perpetual allowance for Anthropic's algorithm to benefit at the authors' expense.

In conclusion, the moment at which the damages to individual writers as to royalties and publicity in lecture circuits can only be achieved when the existing algorithm grows mature enough to provide a determination of the actual use-related misuse of written material from this writer, and separately, an evaluation of the relationship between writers and publishers to determine the appropriate division of compensation. This author does not agree to the permanent licensing of algorithmic growth occasioned by the theft of my copyrighted knowledge without ample and continuing compensation. At this time I am considering my options to appear in person and would respectfully request the Court provide methods for appearing remotely.

Sincerely,

Dale C. Carson

2