**From:** Etan Jonathan Ilfeld <ilfeld@gmail.com>
**Sent:** Wednesday, January 28, 2026 2:37 PM
**To:** info@AnthropicCopyrightSettlement.com <info@AnthropicCopyrightSettlement.com>; dmca@anthropic.com <dmca@anthropic.com>
**Subject:** Formal Objection to Exclusion of Non-US-Registered Works from Anthropic Publisher Settlement


Dear Counsel,

I am writing on behalf of Watkins Media Limited and Collective Ink limited, both of which are UK-based publishers, to formally object to the exclusion of non-US-registered works from the scope of the proposed Anthropic publisher settlement.

A substantial portion of our catalogue consists of works first published in the United Kingdom. These works are fully protected under UK copyright law and benefit from automatic protection in the United States pursuant to the Berne Convention and other applicable international copyright treaties, to which both the UK and the US are signatories. As you are aware, copyright subsistence and enforceability do not depend on registration.

Registering copyright is not something that is routinely done outside of the US and therefore non-US authors and publishers are not familiar with this process. Conditioning eligibility for compensation or participation in the settlement on registration with the U.S. Copyright Office therefore has the practical effect of excluding a significant class of non-US rightsholders, notwithstanding the continued subsistence of their copyrights and the likelihood that such works were ingested or otherwise used in the training of the Anthropic model. Limiting copyright owners' remedies against Anthropic in this way is inconsistent with the Berne Convention and lacks any legal or moral logic.

While U.S. registration may be relevant for certain procedural remedies in U.S. litigation, it is not a prerequisite for copyright ownership, protection, or licensing entitlement. Using registration as a gatekeeping mechanism in a private settlement risks introducing a de facto formality that disadvantages foreign rightsholders in a manner inconsistent with the principles of national treatment under international copyright law.

Accordingly, we object to the exclusion of UK-published works lacking U.S. registration and request that the settlement be amended to permit alternative proof of rights ownership and subsistence, including but not limited to:

- 

- 

- UK publication records;

- 
- 
- 
- ISBN registration and publisher attestations; and
- 
- 
- 

- confirmation of copyright subsistence under UK law.

- 

To the extent that the settlement proceeds without accommodating such works, please note that our exclusion does not constitute consent, waiver, licence, or acquiescence with respect to any past or future use of our unregistered works by Anthropic or its affiliates. All rights are expressly reserved.

For the avoidance of doubt, while we intend to submit claims in respect of works registered with the U.S. Copyright Office, such participation is without prejudice and does not constitute a waiver, release, licence, or limitation of any rights in respect of works that are excluded from the settlement due to lack of U.S. registration. All rights in relation to such works are expressly reserved.

We would welcome confirmation that this objection has been received and placed on record, and we remain open to engaging constructively on an alternative eligibility mechanism that reflects international copyright norms.

Yours faithfully,

Etan Ilfeld
CEO
Watkins Media Limited and Collective Ink Limited
19 Cecil Court, London, UK, WC2N 4EZ
ilfeld@gmail.com
+44-7939592820