**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREA BARTZ, et al.,<br>    Plaintiffs,<br><br>  v.<br><br>ANTHROPIC PBC,<br>    Defendant. | Case No. 24-cv-05417-AMO<br><br>**OBJECTION TO PROPOSED<br>CLASS ACTION SETTLEMENT<br>BY CLASS MEMBER<br>VICTORIA PINDER** |

**I. INTRODUCTION**

I, Victoria Pinder, am a class member in the above-captioned action. I am a USA Today Bestselling Author who writes under the name Victoria Pinder. I submit this objection to the proposed class action settlement pro se and respectfully request that the Court consider my concerns before granting final approval.

My objection concerns the settlement's methodology for counting "Works" on the Works List, which systematically undercounts and undervalues the works of authors like me who utilized group copyright registration — a practice that was lawful and common at the time of registration. The settlement treats each copyright registration number as a single "claimable Work," regardless of how many distinct, independently published books are covered by that registration. This approach is fundamentally unfair to authors with group registrations and results in those authors being significantly undercompensated relative to the actual scope of infringement of their works.

**II. MY WORKS AND THE UNDERCOUNTING PROBLEM**

I have four entries on the settlement's Works List:

1. Chaperoning Paris (ISBN 9781619354722, Copyright Reg. TX0007936119)

2. Secret Crush, et al. (ISBNs 9781535140065, 9781974442072, Copyright Reg. TX0008716839)

3. Borrowing the Doctor (ISBN 9781619356924, Copyright Reg. TX0008025874)

4. Rocking Player (ISBN 9798616087270, Copyright Reg. TX0008924801)

The critical problem is with entry number 2. Copyright Registration TX0008716839 is a group registration that covers not one book, but over forty (40) separate, individually authored and published books, including but not limited to the following titles:

Secret Crush, Secret Baby, Secret Bet, Secret Wish, Secret Dad, Secret Heir, Secret Tryst, Secret Date, Secret Romeo, Secret Caress, Secret Match, Secret Bridesmaid, Forbidden Crown, Forbidden Prince, Forbidden Royal, Forbidden Duke, Forbidden Earl, Forbidden Monsieur, Forbidden Marquis, Tempting Gabe, Tempting James, Tempting Conner, Tempting Harry, Tempting Navid, Irresistibly Lost, Irresistibly Found, Irresistibly Charming, Irresistibly Tough, Irresistibly Played, Irresistibly Rugged, Hidden Gabriel, Hidden Raphael, Hidden Michael, Hidden Uriel, Favorite Crush, Favorite Mistake, Favorite Sin, Favorite Scandal, Electing Love, Keeping the Spy, Keeping the Captain, Call of the Dragon, Dawn of the Dragon, Whispers of a Throne, Makeup May Save Your Life, and Romancing Theseus.

Each of these is a distinct, full-length book that was independently written, published, and made available to the reading public. Each book has its own unique content, characters, and storyline. Each was separately downloaded from pirated websites by Anthropic — a fact the Settlement Administrator itself acknowledged when it stated that "the underlying datasets Anthropic downloaded originated from pirated websites."

Yet under the settlement's methodology, all 40+ of these books are collapsed into a single "claimable Work" simply because I used a single group copyright registration number. The result is that I am compensated as if Anthropic infringed one book, when in fact Anthropic downloaded and used the content of over forty of my books to train its AI model.

### III. MY EFFORTS TO RESOLVE THIS ISSUE WITH CLASS COUNSEL

I raised this concern with Class Counsel and the Settlement Administrator repeatedly, beginning on October 9, 2025, well before any objection deadline. The correspondence is summarized as follows:

a. October 9, 2025: I emailed the Settlement Administrator (info@AnthropicCopyrightSettlement.com) explaining that my copyright registration TX0008924801 covered more than one book under a group registration and asking them to confirm they reviewed the full registration.

b. October 28, 2025: The Settlement Administrator responded but referenced the wrong work ("Rocking Player" under TX0008924801) and stated that each copyright number represents one claimable Work. The Administrator also acknowledged that "the

underlying datasets Anthropic downloaded originated from pirated websites and may contain imperfect or incomplete metadata."

c. October 29, 2025: I responded clarifying that my concern was about the group copyright registration with multiple titles.

d. November 4, 2025: Jae Park, Staff Attorney at Lieff Cabraser Heimann & Bernstein, LLP (Class Counsel), acknowledged my question about multiple works under one copyright registration and stated it had been sent to Class Counsel for review.

e. November 10, 2025 (12:12 PM): Jae Park responded, still referencing only "Rocking Player" and directing me to FAQs 49-52 on the settlement website, without addressing my specific concern about group registrations containing multiple distinct works.

f. November 10, 2025 (3:58 PM): I replied pointing out that Class Counsel was referencing the wrong copyright and had never addressed my actual concern about multiple works under one registration.

g. November 10, 2025 (4:00 PM): I sent a follow-up email listing all 40+ titles covered by Copyright Registration TX 8-716-839 (TX0008716839) and attaching the copyright registration certificate.

h. November 10, 2025 (5:32 PM): Jae Park responded with a corrected table showing my four Works List entries, acknowledged the earlier confusion with book titles, apologized, but maintained that each line represents one claimable work. An offer was made to have an attorney discuss the matter by phone.

i. November 10, 2025 (6:15 PM): I provided my phone number and reiterated that my actual concern had still not been addressed.

Despite this extensive correspondence, Class Counsel never substantively addressed the fundamental unfairness of treating a group copyright registration covering 40+ distinct books as a single claimable work.


## IV. GROUNDS FOR OBJECTION

### A. The Settlement Unfairly Undercompensates Authors with Group Registrations

The settlement's one-registration-equals-one-work methodology creates an arbitrary and irrational distinction between authors based solely on how they chose to register their copyrights, not based on the actual number of works infringed. An author who registered 40 books individually would have 40 claimable works. I registered the same 40 books under a single group

registration — as was permitted and encouraged by the U.S. Copyright Office — and receive credit for only one.

This is not a minor discrepancy. I am being compensated for one work when Anthropic used over forty of my books. The settlement methodology penalizes authors who used a lawful registration method and creates a windfall for Anthropic at the expense of prolific authors.

**B. The Settlement Does Not Adequately Account for the Scope of Infringement**

The purpose of this settlement is to compensate authors whose copyrighted works were downloaded and used by Anthropic to train its AI models. The compensation should bear some reasonable relationship to the number of distinct works actually infringed. By treating a group registration as one work, the settlement ignores the reality that Anthropic downloaded and used the content of each individual book within that registration. Each book is a separate creative work with independent commercial value.

**C. Class Counsel Did Not Adequately Represent the Interests of Authors with Group Registrations**

As my correspondence demonstrates, Class Counsel was unable to provide a substantive explanation for why group-registered works should be treated as single works. The initial responses contained factual errors (referencing the wrong book title), and the final responses simply reiterated the settlement's methodology without addressing the underlying fairness concern. This suggests that the particular situation of authors with group registrations was not adequately considered during settlement negotiations.

**D. The FAQs Do Not Address This Issue**

Class Counsel directed me to FAQs 49, 50, 51, and 52 on the settlement website. However, none of these FAQs adequately explain or justify why multiple distinct, independently published books covered by a single group copyright registration should be treated as one claimable work for settlement purposes.

## V. RELIEF REQUESTED

I respectfully request that the Court:

1. Decline to approve the settlement in its current form, or in the alternative, require modification of the settlement to count each distinct book within a group copyright registration as a separate claimable work;

2. Direct Class Counsel to review and revise the Works List methodology to properly account for group copyright registrations that cover multiple distinct works;

3. Consider the impact of this undercounting methodology on all class members who used group copyright registrations, as I am unlikely to be the only author affected by this issue; and

4. Grant such other relief as the Court deems just and appropriate.

## VI. CONCLUSION

The proposed settlement's treatment of group copyright registrations is fundamentally unfair. It penalizes authors for using a lawful copyright registration method and results in compensation that bears no relationship to the actual number of works infringed by Anthropic. I urge the Court to require modification of the settlement to properly count each distinct book as a separate claimable work.

I am prepared to attend the final approval hearing on May 14, 2026 at 2:00 p.m. via Zoom to present this objection.

Dated: April 9, 2026

Respectfully submitted,

_____

Victoria Pinder, Pro Se

USA Today Bestselling Author

Email: victoriapinder01@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2026, I served a copy of this Objection on Class Counsel by email to:

AnthropicLawsuit

Lieff Cabraser Heimann & Bernstein, LLP

anthropiclawsuit@lchb.com

and to the Settlement Administrator at:

info@AnthropicCopyrightSettlement.com

_____

Victoria Pinder