# EXHIBIT C

# OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

*Bartz v. Anthropic, PBC*, Case No. 3:24-cv-05417 (N.D. Cal.)

**Date: January 12, 2026**

**To:**

Clerk of the Court
United States District Court, Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

**And via email to:** info@AnthropicCopyrightSettlement.com

## OBJECTOR INFORMATION

**Name:** Robert C. Jacobson
**Address:** PO Box 18404 Tampa, Florida 33679
**Telephone:** 310.625.6889
**Email:** hello@robertjacobson.com

## WORK COVERED

**Title:** *Space Is Open for Business*
**ISBN:** 9781734205107

## OBJECTION

I, Robert C. Jacobson, am a class member and the author of *Space Is Open for Business*, which appears on the Settlement Works List. I submit this objection to the proposed settlement pursuant to the Court's Preliminary Approval Order.

## GROUNDS FOR OBJECTION

**1. Inadequate Compensation.** The approximately $3,000 per-work payment significantly undervalues the harm caused by Anthropic's unauthorized acquisition and use of copyrighted works. My book was registered with the U.S. Copyright Office prior to the infringement, entitling me to statutory damages of up to $150,000 for willful infringement under 17 U.S.C. § 504(c). The settlement payment represents a small fraction of the potential statutory recovery and fails to adequately compensate authors whose creative works were pirated and exploited to build commercial AI systems valued in the billions of dollars.

**2. No Prospective Relief or Future Use Protections.** The settlement releases Anthropic from past liability but provides no meaningful protection against future unauthorized use and no ongoing licensing arrangement. Class members receive a one-time payment with no continuing benefit from Anthropic's exploitation of their intellectual property. The settlement does not establish any framework for future compensation if Anthropic continues to derive commercial value from models trained on the pirated works. Authors are left with no recourse and no ongoing stake in the enterprise their creative labor helped build.

**3. Lack of Transparency Regarding Use of Works.** The settlement was negotiated without adequate disclosure of how class members' works were actually used in training Anthropic's AI models. Class members have not been provided with information regarding: (a) the specific manner in which their works were processed and incorporated into training data; (b) the relative contribution or weight of individual works to model capabilities; (c) whether their works continue to influence model outputs; or (d) the commercial value Anthropic derived from their specific works. Without this transparency, class members cannot meaningfully evaluate whether the proposed compensation is fair or whether the release of claims is proportionate to the harm suffered.

## RELIEF REQUESTED

I respectfully request that the Court decline to approve the settlement in its current form, or alternatively, modify the settlement terms to:

(a) Provide more adequate per-work compensation that reflects the statutory damages available and the commercial value extracted by Anthropic;

(b) Include provisions addressing future use of works or establish an ongoing licensing framework; and

(c) Require greater transparency from Anthropic regarding how class members' works were used and continue to be used.

I do not know yet if I will appear at the Fairness Hearing scheduled for April 23, 2026 at 12:00 PM PT at the San Francisco Federal Courthouse.


Respectfully submitted,

_____

Robert C. Jacobson
Date: January 12, 2026