**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| ANDREA BARTZ, et al.,<br>    Plaintiffs,<br><br>  v.<br><br>ANTHROPIC PBC,<br>    Defendant. | Case No. 24-cv-05417-AMO<br><br>**REPLY OF CLASS MEMBER VICTORIA PINDER IN SUPPORT OF OBJECTION (DKT. 641) AND RESPONSE TO CLASS COUNSEL'S SUPPLEMENTAL PROPOSED ORDER (DKT. 646)**<br><br>Hearing: May 14, 2026, 2:00 p.m. |

### I. INTRODUCTION

Class Member Victoria Pinder respectfully submits this Reply in support of her timely Objection (Dkt. 641) and in response to Class Counsel's Supplemental Proposed Order Granting Final Approval (Dkt. 646-1, "Proposed Order") and accompanying List of Objections and Comments on Settlement (Dkt. 646-4, "Exhibit D"), filed April 30, 2026.

Class Counsel's submission addresses Ms. Pinder's Objection in two places, both of which reflect either factual error or a fundamental mischaracterization of her argument. This Reply respectfully requests that the Court (1) correct a name error contained in Class Counsel's Exhibit D, (2) reject the suggestion that Ms. Pinder lacks standing, and (3) decline to overrule her Objection on the basis Class Counsel proposes, because their proposed response does not address the unfairness she actually identified.

### II. THE NAME LISTED IN EXHIBIT D IS INCORRECT

Class Counsel's Exhibit D (Dkt. 646-4 at 4) identifies the objector at Dkt. 641 as "Lea Victoria Pinder." The objector's name is Victoria Pinder. The docket itself reflects the correct name: the entry for Dkt. 641 reads "OBJECTIONS to Final Approval of Settlement by Victoria Pinder." The introduction of "Lea" into Exhibit D appears to result from confusion with another objector in this case, Lea Victoria Bishop, listed at Dkt. 646-4 at 3.

Ms. Pinder notes that this is not the only naming discrepancy on page 4 of Exhibit D. The objector at Dkt. 640, listed in the docket as "Sarah M. Johnson," is identified in Exhibit D as "Sai

Marie Johnson." Ms. Pinder takes no position on the correct name of that objector but raises the discrepancy because it suggests that Exhibit D was not carefully cross-checked against the docket entries Class Counsel themselves filed on April 10, 2026.

Ms. Pinder respectfully requests that the Court correct any reference to her in any final order to read "Victoria Pinder" rather than "Lea Victoria Pinder" so that the record accurately reflects her name.

### III. MS. PINDER IS A CLASS MEMBER WITH STANDING

Class Counsel's Proposed Order groups Ms. Pinder with non-class member objectors and asserts that "non-class members lack standing, including to make objections regarding works that are not on the Works List." (Proposed Order at 9.) That argument does not apply to Ms. Pinder.

Ms. Pinder is, as Class Counsel's own Exhibit D confirms, a Class Member. (Dkt. 646-4 at 4 (column "Class Member?" marked "Yes").) Four of her works appear on the Works List under four separate copyright registration numbers (TX0007936119, TX0008716839, TX0008025874, and TX0008924801). Her Objection does not concern works "not on the Works List," it concerns the methodology by which works that ARE on the Works List are counted for purposes of compensation.

To the extent the Proposed Order suggests Ms. Pinder lacks standing, it is incorrect.

### IV. THE PROPOSED ORDER'S RESPONSE DOES NOT ADDRESS THE OBJECTION

On the merits, the Proposed Order responds to Ms. Pinder's Objection in a single sentence:

> "[A]ny author or publisher can register their work on an individual basis (contra Dkt. 641 (Pinder)), accordingly the Class definition does not exclude independent authors, small publishing houses, foreign publishers, or non-English authors." (Proposed Order at 10.)

This is non-responsive. Ms. Pinder's Objection does not contend that the Class definition excludes independent or small-press authors. Her Objection contends that the Settlement's methodology, counting each copyright registration number as a single "claimable Work," unfairly undercounts and undervalues the works of authors who utilized group copyright registration, a method that was lawful and expressly permitted by the U.S. Copyright Office at the time of registration.

Class Counsel's response amounts to: "the author could have registered her books individually." That is the very point of the Objection. The Settlement creates an arbitrary

distinction between authors based solely on which lawful registration method they chose. An author who registered forty books individually receives forty claimable Works. Ms. Pinder, who registered approximately the same number of distinct books under a single lawful group registration (TX0008716839 — covering Secret Crush, Secret Baby, Forbidden Crown, Tempting Gabe, Hidden Gabriel, and over forty other distinct, independently published novels), receives one. Anthropic individually downloaded each of those books from pirated sources. The Settlement Administrator itself acknowledged that "the underlying datasets Anthropic downloaded originated from pirated websites." Each book was a separate file. Each book has independent commercial value. Each book has its own ISBN or ASIN, as required by the Class definition.

The Proposed Order does not explain why the Settlement should treat lawful group-registered works differently from individually registered works. It simply observes that Ms. Pinder could have made a different filing choice years ago. That is not a reasoned response to a fairness objection; it is a non-answer.

## V. THE PROPOSED ORDER'S TREATMENT OF MS. PINDER UNDERSCORES THE INADEQUACY OF REPRESENTATION

Ms. Pinder first raised this issue with Class Counsel by email on October 9, 2025, less than two weeks after preliminary approval. She received factually incorrect responses (referencing the wrong book and wrong copyright number), eventually spoke by telephone with a Class Counsel attorney who suggested that counting her individual books separately could constitute a "windfall," and ultimately received no substantive resolution. (See Dkt. 641 § IV; Exhibit A to Dkt. 641.) The Proposed Order now compounds this pattern by misstating her name in Exhibit D and mischaracterizing her argument as one about Class definition rather than Class compensation methodology.

The fact that Class Counsel framed fair compensation for Ms. Pinder's 40+ infringed books as a potential "windfall," while seeking a percentage-based fee award on a $1.5+ billion settlement (Dkt. 505)  is itself relevant to whether Class Counsel adequately represented the interests of authors with group registrations during the settlement negotiations.

## VI. RELIEF REQUESTED

Ms. Pinder respectfully requests that the Court:

1. Correct any reference to "Lea Victoria Pinder" in the final order to read "Victoria Pinder";

2. Confirm on the record that Ms. Pinder is a Class Member with standing to object;

3. Decline to overrule her Objection on the grounds proposed by Class Counsel, which do not address the substance of the Objection;

4. Direct Class Counsel and the Settlement Administrator to revise the Plan of Allocation and Distribution so that distinct, individually published books covered by a single group copyright registration are counted as separate claimable Works for purposes of distribution; and

5. Grant such other relief as the Court deems just and appropriate.

## VII. CONCLUSION

The Settlement's treatment of group-registered works is not "fair, reasonable, and adequate" as required by Federal Rule of Civil Procedure 23(e)(2). The methodology arbitrarily collapses dozens of distinct, individually published, separately infringed books into a single "claimable Work" based solely on a lawful registration choice made years before this litigation. Ms. Pinder respectfully requests that the Court address this discrete issue before granting final approval, or in the alternative, expressly preserve her right to pursue further relief through the Settlement Administrator and the Special Master process. Ms. Pinder intends to appear via Zoom at the May 14, 2026 hearing.

Dated: May 1, 2026

Respectfully submitted,

Victoria Pinder, Pro Se

USA Today Bestselling Author

4340 Glen Castle Way

Winterville, NC 28590

Phone: (954) 258-9717

Email: victoriapinder01@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, I served a copy of this Reply by email on the following:


**Class Counsel:**

anthropiclawsuit@lchb.com (Lieff Cabraser — main inbox)

jpark@lchb.com (Jae Park, Staff Attorney)

rgeman@lchb.com (Rachel Geman, Lieff Cabraser)

ecabraser@lchb.com (Elizabeth Cabraser, Lieff Cabraser)

jnelson@susmangodfrey.com (Justin Nelson, Susman Godfrey)


**Counsel for Defendant Anthropic PBC:**

ddurie@mofo.com (Daralyn Durie, Morrison & Foerster LLP)

douglas.winthrop@arnoldporter.com (Douglas Winthrop, Arnold & Porter)

joseph.farris@arnoldporter.com (Joseph Farris, Arnold & Porter)

yar.chaikovsky@whitecase.com (Yar Chaikovsky, White & Case)


**Settlement Administrator:**

info@AnthropicCopyrightSettlement.com (JND Legal Administration)


**Court:**

amopo@cand.uscourts.gov (Chambers of Hon. Araceli Martínez-Olguín)

Victoria Pinder