DUNCAN FIRM, P.A.
James H. Bartolomei III (Bar No. 301678)
809 W. 3rd Street
Little Rock, AR 72201
Telephone: (501) 228-7600
Email: james@duncanfirm.com

*Attorneys for Objector Brenda Hampton*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>       vs.<br><br>ANTHROPIC PBC,<br><br>            Defendant. | Hon. Araceli Martinez-Olguin<br><br>Case No. 3:24-cv-05417-AMO<br><br>Hearing Date: May 14, 2026 at 2:00pm |

**REPLY IN SUPPORT OF OBJECTION FILED BY BRENDA HAMPTON [DKT. 571] TO**

**PROPOSED CLASS ACTION SETTLEMENT**

**I. INTRODUCTION**

Class Member and Objector Brenda Hampton respectfully submits this reply to address arguments that Class Counsel's Proposed Order (Dkt. 646-1) does not engage with regarding Hampton's notice objection (Dkt. 571). The proposed order asserts that the Settlement Notice gave "equal dignity" to opt-out rights and "expressly stated" the $150,000 per-work damages ceiling. Neither characterization addresses Hampton's structural argument: that the Notice's opt-out section actively suppresses disclosure of the retained right to pursue statutory damages of up to $150,000 per work while repeatedly warning authors they will "receive nothing" if they opt out. Critically, the Proposed Order cites Dkts. 490 and 495 as authority for the "equal dignity" proposition — but those orders are remediation orders

issued because Judge Alsup found the notice had failed to give equal dignity. They do not in any way support the conclusion the Proposed Order draws from them and entering the Proposed Order would be in error.

**II. ARGUMENT**

**A. The Proposed Order Misreads the Record: Dkts. 437, 490, and 495 Are Remediation Orders, Not Certifications of Adequacy**

The Proposed Order states: "As to content, the Court-approved Notice expressly stated that statutory damages could range from $200 to $150,000 per Work, and gave "equal dignity" to the options of filing a claim and opting out." Dkt. 646-1 at 7 (citing *Bartz*, 2025 WL 2961371, at *2; Dkt. 490 at 1–2; Dkt. 495 at 4). This characterization gets the cited orders exactly backwards.

**Dkt. 490** — the November 18, 2025 Further Order on Class Notice — opens with Judge Alsup's express finding that the email notice fails the standard the proposed order now attributes to it:

"[T]he district judge sees that it does not give equal dignity to the option of filing a claim versus the option of opting out, and in fact steers class members toward filing a claim even before mentioning there still is an opportunity to opt out."

**Dkt. 490 at 1–2** (emphasis added). That is a finding of failure, not approval. Judge Alsup then ordered extensive remediation of the email notice, the website, and the buckslip before any notice could be disseminated. Id. at 1–8.

**Dkt. 495** — the November 20, 2025 Third Order on Class Notice — goes further. Judge Alsup opened by identifying the problem as systemic, not merely technical:

"[T]he most important among them is that the entire process engineered by class counsel is steered toward submitting claims and steered away from opting out."

**Dkt. 495 at 1** (emphasis added). The Court found that the settlement website presented a prominent "File a Claim" button with no corresponding opt-out option anywhere. *Id.* at 1–2. He found that class members reaching the claim form "might never realize they could opt out. Indeed, this is probable." *Id.* at 3. He then commanded — as prospective relief — that "the options to file a claim and to opt out must be equal in dignity." *Id.* at 4.

**REPLY IN SUPPORT OF OBJECTION FILED BY BRENDA HAMPTON [DKT. 571] TO PROPOSED CLASS ACTION SETTLEMENT**

The "equal dignity" language at Dkt. 495 at 4, which the proposed order cites as authority for notice adequacy, is an injunctive command directing Class Counsel to achieve something the Court had just found was absent. This finding was evidence of prior failure, not subsequent success.

**Dkt. 437** — the October 17, 2025 Preliminary Approval Opinion — likewise approved the notice only conditionally, requiring counsel to make specific changes before dissemination, including ensuring the notice did not discourage class members from contacting the court. Dkt. 437 at 10. The preliminary approval order itself recognized the notice as a work in progress requiring remediation, not a finished product ready for class-wide dissemination.

Taken together, these three orders establish the following sequence: the Court approved the notice framework conditionally (Dkt. 437); found Class Counsel had implemented a biased notice that steered members away from opting out (Dkt. 490); and found the problem systemic and commanded equal treatment going forward (Dkt. 495). The Proposed Order now cites the Court's remediation commands as if they were findings of adequacy. That reading is neither supported by the text of those orders nor the record.

**B. The Structural Suppression Argument Was Never Addressed**

Hampton's objection was not — and has never been — that the $150,000 damages figure was absent from the notice entirely. Her argument is structural: the figure is buried on page 6 of the Long Form Notice in a background litigation section, and does not appear anywhere in the opt-out decision section on pages 16-18, which is where class members actually decide whether to exclude themselves. The opt-out section warns class members three separate times that excluding themselves means they "will not receive any payment." It does so without once disclosing in that section that opting out preserves the right to pursue up to $150,000 per work individually.

A class member reading the Options Table on page 2 — the most prominent decision-making page in the notice — sees a false binary choice: "Submit a Claim (Get Paid)" versus "Exclude Yourself (Give Up Payment)."  A neutral notice would describe the opt-out option accurately: "Exclude Yourself: Receive no settlement funds, but retain the right to sue Anthropic individually for up to $150,000 per work for willful infringement." Language equivalent to this appears nowhere in the notice.

**REPLY IN SUPPORT OF OBJECTION FILED BY BRENDA HAMPTON [DKT. 571] TO PROPOSED CLASS ACTION SETTLEMENT**

The Proposed Order does not engage with this argument. It does not explain why the $150,000 figure on page 6 is sufficient when it does not appear in the section where the opt-out decision is made. It does not address the asymmetry: the notice **prominently** discloses the downside of opting out three times in the decision section, while disclosing the upside zero times in the same section.  This was not drafted as neutral or with equal dignity.

The controlling standard under *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 330 (N.D. Cal. 2018) is whether class members received adequate disclosure *at the moment of decision*. The Proposed Order does not address this standard, cite it, or attempt to distinguish it. There is "an overriding reason to conclude that those Settlement Class Members who failed to opt out would now choose to do so" because the notice systematically obscured what opting out actually meant. *Id.* at 331.

Judge Alsup's own November 2025 orders confirm that the notice as implemented steered members away from opting out — corroborating the structural deficiency Hampton identified in January 2026. The Proposed final Order cannot cite those remediation orders as proof of adequacy while ignoring what they actually found. The fairness hearing is the time to address and correct this.

**C. Hampton Preserves Her Appellate Rights**

Hampton does not seek to delay or disrupt distribution of settlement funds to fellow class members. However, she files this reply to preserve her appellate record and to ensure the final order accurately reflects — rather than glosses over — the arguments she presented in Dkt. 571. She respectfully requests that the final order either modify its notice findings to address the structural arguments raised, or reflect that these arguments were considered and rejected on specific grounds consistent with the text of Dkts. 437, 490, and 495.

**III. CONCLUSION**

For the foregoing reasons, Objector Brenda Hampton respectfully requests that the Court (1) correct the proposed order's reliance on Dkts. 490 and 495 as support for notice adequacy, as those orders are remediation commands, not certifications; (2) acknowledge that the opt-out section of the notice does not disclose the retained right to pursue statutory damages of up to $150,000 per work; and (3) enter findings on notice adequacy that are consistent with the full record, including Judge Alsup's November 2025 findings.

REPLY IN SUPPORT OF OBJECTION FILED BY BRENDA HAMPTON [DKT. 571] TO PROPOSED CLASS ACTION SETTLEMENT

Dated:  May 4, 2026                    Respectfully Submitted,

                                       **DUNCAN FIRM, P.A.**

                                       By: */s/James H. Bartolomei III*
                                       James H. Bartolomei III (SBN: 301678)

                                       *Attorneys for Objector Brenda Hampton*

**REPLY IN SUPPORT OF OBJECTION FILED BY BRENDA HAMPTON [DKT. 571] TO PROPOSED CLASS ACTION SETTLEMENT**

**PROOF OF SERVICE**

I served and filed the following document via the Court's ECF filing system to all counsel of record and the Court:

**REPLY IN SUPPORT OF OBJECTION FILED BY BRENDA HAMPTON [DKT. 571] TO PROPOSED CLASS ACTION SETTLEMENT**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 4, 2026 at Little Rock, Arkansas.

*/s/James H. Bartolomei III*

James H. Bartolomei III

REPLY IN SUPPORT OF OBJECTION FILED BY BRENDA HAMPTON [DKT. 571] TO PROPOSED CLASS ACTION SETTLEMENT