**DUNCAN FIRM, P.A.**
James H. Bartolomei III (Bar No. 301678)
809 W. 3rd Street
Little Rock, AR 72201
Telephone: (501) 228-7600
Email: james@duncanfirm.com

*Attorneys for Objector Laura Esquivel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated, <br><br>          Plaintiffs, <br><br>     vs. <br><br> ANTHROPIC PBC, <br><br>          Defendant. | Hon. Araceli Martinez-Olguin <br><br> Case No. 3:24-cv-05417-AMO <br><br> Hearing Date: May 14, 2026 at 2:00pm |

**REPLY IN SUPPORT OF OBJECTION FILED BY LAURA ESQUIVEL [Dkt. 635] TO PROPOSED CLASS ACTION SETTLEMENT**

**I. INTRODUCTION**

Class Member and Objector Laura Esquivel ("Esquivel") respectfully submits her reply in support of her objection [Dkt. 635] to address a critical and unfounded basis for denial in Class Counsel's Proposed Order (Dkt. 646-1): the assertion that Esquivel and co-objector Jordi Castells have "not established whether other legal or beneficial owners of these six Works consent to opting these Works out of the Settlement." Dkt. 646-1 at 11-12. Objector submits this reply in advance of the May 14 hearing and requests the opportunity to be heard.

Esquivel is the sole copyright owner of five (5) works that she is seeking relief for opting out past the deadline for the reasons stated her objection. See Dkt. 635.  Esquivel, who is resides in Mexico,

-1-

REPLY IN SUPPORT OF OBJECTION FILED BY LAURA ESQUIVEL [Dkt. 635] TO PROPOSED CLASS ACTION SETTLEMENT

is most well-known for authoring of the book, *Como Água Para Chocolate,* which was made into both an award-winning film, *Like Water for Chocolate* and a hit television series on HBO. Class Counsel's consent requirement to allowing Esquivel to opt out her five (5) works has no basis in the Settlement Agreement, the Court-approved Long Form Notice, or any prior order of this Court. It was invented by Class Counsel in the proposed order and, if adopted, would functionally convert a facially "without prejudice"' denial into a permanent one. Separately, Esquivel's late opt-out satisfies the applicable standard for excusable neglect on each of the *Pioneer* factors.  Anthropic objected to Esquivel's requested relief.  *Id.*

**II. ARGUMENT**

**A. Class Counsel's Consent Requirement Is Contradicted by the Settlement Notice**

The proposed order and Class Counsel's objection conditions Esquivel's untimely opt-out on a showing that "other legal or beneficial owners of these [five] Works consent to opting these Works out of the Settlement." This requirement appears **nowhere** in the Settlement Agreement and is directly contradicted by the Court-approved Long Form Notice.

The Long Form Notice explicitly and expressly provides:

"If one rightsholder opts out of the Settlement, the entire work, and the rest of the rightsholders for that work, are opted out as well."

The notice then elaborates with the precise example applicable here:

"For example, if you are an author and choose to opt out your work, that means you will not receive any payment, your co-authors will not receive any payment, and your publisher will not receive payment." See Long Form Notice at 16-17 (available at https://assets-us-01.kc-usercontent.com/1eeb16db-4934-006e-40a6-38fa91285ebb/34a80bf3-70fc-414a-8a4c-daa81b5a0caf/ANT%20-%20Long-Form%20Notice_DeadlinesSecondUpdate%201.27.26.pdf).

Under the settlement's framework, a single rightsholder's unilateral decision to opt out binds all co-owners.  The sole owner opts means all beneficial owners, if any, get opted out. Consent of other beneficial or legal owners was never a prerequisite for opting out — it is a consequence of opting out. One co-owner cannot be blocked from exercising her individual opt-out right by the failure of other co-owners to consent, because the settlement framework does not require that consent. If anything, it is the

**REPLY IN SUPPORT OF OBJECTION FILED BY LAURA ESQUIVEL [Dkt. 635] TO PROPOSED CLASS ACTION SETTLEMENT**

other co-owners who are bound by Esquivel's decision, not the reverse.

Class Counsel's proposed order (which was also considered a "response" to Esquivel's objection (Dkt. 635) thus attempts to impose a threshold condition that the parties themselves never included in the settlement and that the Court never approved. Adopting it would rewrite the settlement terms *sub silentio.*

Furthermore, requiring Esquivel to produce signed consent forms from all co-owners, publishers, and other beneficial interest holders, if any, in five (5) registered works on the settlement list — in circumstances where many of those relationships involve foreign publishers, co-authors, and translation rights arrangements — creates an effectively impossible condition. A "without prejudice" denial by the Court conditioned on an impossible showing is essentially a final denial. This Court should not permit that result through procedural indirection.  Finally, at point did Class Counsel make any effort to resolve this issue by reaching out Esquivel's counsel.

**B. Esquivel's Untimely Opt-Out Satisfies Excusable Neglect Under *Pioneer***

Courts evaluating late opt-out requests in the class action context apply the *Pioneer* excusable neglect factors: (1) danger of prejudice to the opposing party; (2) length of delay and its potential impact on judicial proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). All four factors favor Esquivel.

**Prejudice.** Esquivel's five works represent a negligible fraction of the 482,460 total works in the settlement class. Permitting her opt-out does not disrupt the settlement, materially alter the fund, or affect other class members' recoveries who elected to receive the settlement. The settlement fund is non-reversionary. Any funds that would otherwise have been allocated to Esquivel's works remain available for redistribution.

**Length of Delay.** The opt-out deadline was February 9, 2026. Esquivel submitted her opt-out on March 30, 2026 — approximately 49 days after the deadline. That delay is modest in the context of a settlement that will not complete distribution for months. Settlement administration continues and the final approval hearing is set for May 14, 2026. No material harm flows from a 49-day delay in one class member's opt-out.

**Reason for Delay.** Esquivel did not receive the Settlement Notice until approximately March 3, 2026 — nearly three (3) weeks after the opt-out deadline. Esquivel Decl. ¶ 5. She lives in Mexico. Her primary language is Spanish. The notice she eventually received was in English only; no Spanish translation was provided, despite the settlement class plainly encompassing foreign-language authors with works published in Spanish. *Id.* Because English is not her first language, she could not engage counsel without an interpreter. She alerted her nephew, Jordi Castells, to arrange interpretation, and they first spoke with counsel on February 12, 2026 — by which time the deadline had already passed, unknown to Esquivel. Id. ¶ 6. Further, Esquivel suffered a stroke during the relevant period, which independently explains the additional delay between learning of the settlement and submitting her opt-out notice. Id. ¶ 8. None of these circumstances was within Esquivel's reasonable control.

**Good Faith.** Esquivel acted immediately and in good faith once she was able to do so. Her opt-out notice was submitted promptly after she was able to secure interpretation services and legal advice. There is no suggestion of any strategic delay, forum manipulation, or bad faith on her part.

### C. Due Process Independently Supports Permitting the Late Opt-Out

A class member who never received adequate notice of the proceedings cannot constitutionally be bound by the resulting judgment. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Where the settlement's notice reaches a class member only after the opt-out deadline has passed — through no fault of the class member — due process requires that the class member be afforded a meaningful opportunity to exercise her right of exclusion. Esquivel received notice approximately 22 days after the opt-out deadline expired. Her attempted opt-out, filed within weeks of first learning of the case, is the direct exercise of the right the notice was constitutionally required to protect.

### III. CONCLUSION

For the foregoing reasons, Objector Laura Esquivel respectfully requests that the Court (1) reject Class Counsel's co-owner consent requirement, which has no basis in the settlement documents; and (2) grant Esquivel's late opt-out request as timely under the excusable neglect standard given her actual non-receipt of adequate notice, her language barrier, her health circumstances, and her immediate good-faith response upon learning of the settlement. In the alternative, Esquivel requests that the denial without prejudice be entered without any condition that is not grounded in the Settlement Agreement or

REPLY IN SUPPORT OF OBJECTION FILED BY LAURA ESQUIVEL [Dkt. 635] TO PROPOSED CLASS ACTION SETTLEMENT

Court order.  Member Laura Esquivel ("Esquivel") is the copyright holder and author of at least five (5) literary works that Anthropic pirated as confirmed on the settlement works list. *See* Declaration of Laura Esquivel ("Esquivel Decl.") at ¶3 (Dkt. 635-1). Esquivel has standing, and her declaration is incorporated by reference here.  Esquivel does <u>not</u> intend to cause any delay for her fellow class members, but she does respectfully request that the Court direct the Anthropic Copyright Settlement Administrator to accept her opt out notice, even though it was filed after the expiration of the opt out period.

This Objection is filed pursuant to Federal Rule of Civil Procedure 23(e)(5) because the "Notice of $1.5 Billion Proposed Class Action Settlement Between Authors & Publishers and Anthropic PBC", (amended on or about January 8, 2026 per court order) (Dkt. 535) (the "Notice") was not received by Objector Esquivel until approximately March 3, 2026, almost a full month after the deadline to opt out of the class settlement had expired. *Id*. ¶5 (Dkt. 635-1).

Additionally, Objector Esquivel does not speak English. She lives in Mexico and her language is Spanish. She was not able to speak to counsel until she was able to secure the assistance of her nephew (and co-author on a separate work), Jordi Castells to provide interpretation services during Objector Esquivel's Zoom meeting with counsel. *Id.* ¶6.

For the foregoing reasons, Objector Esquivel respectfully requests that the Court direct the Anthropic Copyright Settlement Administrator accept her late opt out notice. Objector Esquivel respectfully requests that her counsel is heard at the hearing and have a fair opportunity to be heard.

Dated:  May 4, 2026                                     Respectfully Submitted,

**DUNCAN FIRM, P.A.**

By: */s/James H. Bartolomei III*
James H. Bartolomei III (SBN: 301678)

*Attorneys for Objector Laura Esquivel*

**REPLY IN SUPPORT OF OBJECTION FILED BY LAURA ESQUIVEL [Dkt. 635] TO PROPOSED CLASS ACTION SETTLEMENT**

**PROOF OF SERVICE**

I served and filed the following document via the Court's ECF filing system to all counsel of record and the Court:

**REPLY IN SUPPORT OF OBJECTION FILED BY LAURA ESQUIVEL [Dkt. 635] TO PROPOSED CLASS ACTION SETTLEMENT**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 4, 2026 at Little Rock, Arkansas.

<u>*/s/James H. Bartolomei III*</u>

James H. Bartolomei III

REPLY IN SUPPORT OF OBJECTION FILED BY LAURA ESQUIVEL [Dkt. 635] TO PROPOSED CLASS ACTION SETTLEMENT