**DUNCAN FIRM, P.A.**
James H. Bartolomei III (Bar No. 301678)
809 W. 3rd Street
Little Rock, AR 72201
Telephone: (501) 228-7600
Email: james@duncanfirm.com

*Attorneys for Objector Jordi Castells*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Hon. Araceli Martinez-Olguin <br><br> Case No. 3:24-cv-05417-AMO <br><br> Hearing Date: May 14, 2026 at 2:00pm |

**REPLY IN SUPPORT OF OBJECTION FILED BY JORDI CASTELLS [Dkt. 636] TO PROPOSED CLASS ACTION SETTLEMENT**

### I. INTRODUCTION

Class Member and Objector Jordi Castells respectfully submits this reply to address the erroneous basis for denial of his late opt-out request in Class Counsel's Proposed Order (Dkt. 646-1). Objector submits this reply in advance of the May 14 hearing and requests the opportunity to be heard.

Similar to co-objector Laura Esquivel, Castells is denied on the ground that he has "not established whether other legal or beneficial owners of these [W]orks consent to opting [his] Work[] out of the Settlement." Dkt. 646-1 at 12. This consent requirement is not found anywhere in the Settlement Agreement, the Court-approved Long Form Notice, or any order of this Court. It is a condition invented by Class Counsel in the proposed order, and it should be rejected. Castells' late opt-out independently

satisfies the excusable neglect standard under Pioneer.

**II. ARGUMENT**

**A. The Consent Requirement Has No Basis in the Settlement Documents**

The proposed order conditions Castells' late opt-out on proof that other legal or beneficial owners of his work, *Pierced by the Sun* (TX0008684011), have consented to the opt-out. This requirement is directly contradicted by the terms the parties themselves included in the Court-approved Long Form Notice:

"If one rightsholder opts out of the Settlement, the entire work, and the rest of the rightsholders for that work, are opted out as well."  Long Form Notice at 16-17. The notice explicitly provides that one rightsholder's unilateral decision to opt out binds the entire work and all other co-owners. The settlement framework does not require any co-owner to consent before another may exercise the opt-out right. Consent of co-owners is a consequence of the opt-out decision, not a threshold condition for exercising it.

To require Castells to produce consent documentation from all beneficial or legal owners of his work before the Court will consider his opt-out request is to impose a condition that the settling parties never negotiated and that this Court never approved. The proposed order should not be adopted as written.

Moreover, holding the "without prejudice" denial open to refiling upon a showing of co-owner consent does not render the denial meaningless. For a working author whose co-authorship and publishing arrangements may involve multiple parties, publishers, or foreign rights holders, obtaining documented consent from all beneficial owners may be logistically impossible within any reasonable time frame. A 'without prejudice' denial conditioned on an impossible showing is functionally a final denial, regardless of how it is styled.

**B. Castells' Late Opt-Out Satisfies Excusable Neglect Under Pioneer**

Courts in the Ninth Circuit apply the four *Pioneer* factors to evaluate late opt-out requests: (1) prejudice to the opposing party; (2) length of delay; (3) reason for delay; and (4) good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). All four strongly favor permitting Castells' opt-out.

**REPLY IN SUPPORT OF OBJECTION FILED BY JORDI CASTELLS [Dkt. 636] TO PROPOSED CLASS ACTION SETTLEMENT**

**Prejudice.** Castells is the author of one (1) work on the Works List. Permitting his opt-out has no material effect on the $1.5 billion settlement fund, the claims rate, the distribution plan, or any other class member's recovery. The settlement is non-reversionary. There is zero prejudice to Anthropic or the class from accepting a single late opt-out of one work.

**Length of Delay.** The opt-out deadline was February 9, 2026. Castells submitted his opt-out on February 16, 2026 — just seven days after the deadline. Castells Decl. ¶ 6 (Dkt. 636-1). This is among the shortest delays any court has been asked to excuse in the class action context. The Settlement Administrator acknowledged receipt of his opt-out on February 19, 2026. *Id.* The filing of the formal objection with the Court occurred on April 9, 2026, as required by the Court's subsequent order (Dkt. 632). There is no meaningful delay here.

**Reason for Delay.** Castells never received the Settlement Notice.  Castells Decl. (Dkt. 636-1). He learned of the class action from his aunt, Laura Esquivel, on or about February 12, 2026 — three (3) days after the opt-out deadline had passed. *Id*. ¶ 5. He immediately sought counsel, and upon advice of counsel, submitted his opt-out notice on February 16, 2026 — four days after learning of the case, and only seven days after the deadline. Castells' failure to timely opt out was entirely the product of non-receipt of the settlement notice, a circumstance wholly beyond his control.

**Good Faith.** Castells acted with immediate good faith upon learning of the case. His four-day turnaround from discovery to opt-out submission is compelling evidence of exactly the kind of prompt, diligent response courts protect through the excusable neglect doctrine.

**C. Non-Receipt of Notice Is an Independent Due Process Ground**

A class member cannot be bound by a settlement judgment when he did not receive adequate notice of his rights and the opportunity to opt out. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). The proposed order confirms that direct notice reached 99.5 percent — but not 100 percent — of potential class members. Castells falls within the 0.5 percent gap. Having received no notice at all, and having acted within four days of learning of the settlement through his aunt, Laura Esquivel and fellow Objector, Castells represents the paradigm case for permitting a late opt-out to satisfy due process. To deny his request and bind him to a settlement he never had a constitutionally

REPLY IN SUPPORT OF OBJECTION FILED BY JORDI CASTELLS [Dkt. 636] TO PROPOSED CLASS ACTION SETTLEMENT

adequate opportunity to evaluate would be error.

**III. CONCLUSION**

For the foregoing reasons, Objector Jordi Castells respectfully requests that the Court (1) reject Class Counsel's co-owner consent requirement as groundless; and (2) grant Castells' late opt-out request given his non-receipt of notice, the brevity of his delay (seven days), and his immediate good-faith response upon learning of the settlement. No prejudice to any party flows from granting this request. Denial, by contrast, would bind Castells to a settlement he never had meaningful notice of, in violation of basic due process principles.

Dated: May 4, 2026                          Respectfully Submitted,

**DUNCAN FIRM, P.A.**

By: */s/James H. Bartolomei III*
James H. Bartolomei III (SBN: 301678)

*Attorneys for Objector Jordi Castells*

**REPLY IN SUPPORT OF OBJECTION FILED BY JORDI CASTELLS [Dkt. 636] TO PROPOSED CLASS ACTION SETTLEMENT**

**PROOF OF SERVICE**

I served and filed the following document via the Court's ECF filing system to all counsel of record and the Court:

**REPLY IN SUPPORT OF OBJECTION FILED BY JORDI CASTELLS [Dkt. 636] TO PROPOSED CLASS ACTION SETTLEMENT**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 4, 2026 at Little Rock, Arkansas.

_/s/James H. Bartolomei III_

James H. Bartolomei III

**REPLY IN SUPPORT OF OBJECTION FILED BY JORDI CASTELLS [Dkt. 636] TO PROPOSED CLASS ACTION SETTLEMENT**