**DUNCAN FIRM, P.A.**
James H. Bartolomei III (Bar No. 301678)
809 W. 3rd Street
Little Rock, AR 72201
Telephone: (501) 228-7600
Email: james@duncanfirm.com

*Attorneys for Objector Chinonto "Chino" Chakanga*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Hon. Araceli Martinez-Olguin<br><br>Case No. 3:24-cv-05417-AMO<br><br>Hearing Date:  May 14, 2026 at 2:00pm |

**SUPPLEMENTAL SUBMISSION BY OBJECTOR CHINONTO CHAKANGA [DKT. 572 AND 649] REGARDING SETTLEMENT WEBSITE & DEFICIENT NOTICE**

**I. INTRODUCTION**

Objector Chinonto "Chino" Chakanga respectfully submits this supplemental submission in advance of the May 14, 2026 hearing to address a verifiable and unremedied deficiency in the settlement website that bears directly on his objections in Dkt. 572 and his reply (Dkt. 649) filed on May 4, 2026. The proposed final approval order (Dkt. 646-1) cites the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010) ("FJC Checklist") at page 3 for the proposition that notice was adequate because the reach rate exceeded seventy percent.  See Ex. A. The same FJC Checklist — *on the very next page* — specifically identifies the summary judgment order as a document that "should ordinarily be made available" on the neutral administrator's website. The

Proposed Order also cites the Northern District of California's Procedural Guidance for Class Action Settlements ("N.D. Cal. Procedural Guidance"). Both of those authorities — the ones the Proposed Order itself relies upon — independently require that the settlement website include the summary judgment order. It is not there and never was there. The proposed order cites these standards for the proposition that notice was adequate while the website violates both judicial guidelines.

**II. ARGUMENT**

**A. Both Authorities Cited by the Proposed Order Require the Summary Judgment Order to Be on the Settlement Website for Adequate Notice**

The proposed order cites the FJC Checklist at page 3 for the seventy percent notice reach standard. Dkt. 646-1 at 7. Immediately following that section, at page 4 of the same checklist, under the heading "Will key documents be available at a neutral website?" the FJC states that **rulings on summary judgment** should be made available:

> ❑ ***Will key documents be available at a neutral website?***
> Class members should have access to information beyond the notice. Besides the summary notice and detailed notice (following the FJC examples at www.fjc.gov), it is reasonable to post the following documents at a neutral administrator's website dedicated to the case: the plaintiffs' complaint, the defendants' answer, your class-certification decision (in the event of a class certified for trial), and the settlement agreement and claim form (in the event of a settlement). Other orders, such as your rulings on motions to dismiss or for summary judgment, should ordinarily be made available as well.

FJC Checklist at 4.

The Court may verify in real time that the settlement website's "Important Documents" page at https://www.anthropiccopyrightsettlement.com/documents does not include the summary judgment order — Bartz v. Anthropic PBC, 787 F. Supp. 3d 1007 (N.D. Cal. 2025).  A printout of the settlement website is attached as **Exhibit B** for the Court's convenience. The website contains the settlement agreement, claim form, complaint, class certification order, preliminary approval opinion, and several procedural orders. It does not contain the one judicial ruling that defined the viability of the claims being settled, determined which of Anthropic's conduct was and was not a fair use, and established the entire legal landscape class members needed to evaluate before deciding whether $3,000 per work was

adequate compensation for their released claims.

The FJC Checklist does not say summary judgment orders "may" be made available, or that they "could" be helpful, or that courts "might consider" posting them. It says they "should ordinarily be made available." That is the standard the FJC — the same body whose guidance the Proposed Order relies upon — applied to this website. That standard was clearly not met and there is no plausible excuse to not have made it available. The Court has an opportunity to cure these defects in the notice.

**B. The Proposed Order Relies on the FJC Checklist and Procedural Guidance Selectively**

The proposed order's citation to the FJC Checklist at page 3 establishes that the parties and Class Counsel were aware of the checklist and considered it authoritative. Having invoked the checklist's reach percentage standard to support adequacy, they cannot disregard the checklist's key-documents standard on the page that immediately follows regarding the Notice Plan. The FJC Checklist is a unified guidance document. Its standards apply together, not selectively.

The FJC Checklist at page 5 further provides:

❑ ***Do the notices contain sufficient information for a class member to make an informed decision?***
Consider the amount of information provided in the notice. Watch for omission of information that the lawyers may wish to obscure (such as the fee request) but that affects class members nonetheless.

Critically, it states "Watch for omission of information that the lawyers may wish to obscure... but that affects class members nonetheless."  FJC Checklist at 5 (**Exhibit A**). The summary judgment order and briefing with evidence is not information that lawyers might somehow inadvertently forget to include. Aside from the class certification order, it is probably the single most important foundational ruling in this case. Its absence from the settlement website is not an oversight — it is the omission of the single document that would have most directly informed class members about the evidence in the case and whether opting out to pursue individual claims was an informed, rational choice.

The N.D. Cal. Procedural Guidance for Class Action Settlements, also cited by the Proposed Order, independently reaches the same conclusion.  See **Exhibit C** (attached for convenience of the Court).  The Procedural Guidance requires that the settlement website include "links to the notice, claim

SUPPLEMENTAL SUBMISSION BY OBJECTOR CHINONTO CHAKANGA [DKT. 572 AND 649] REGARDING SETTLEMENT WEBSITE

form (if any), preliminary approval order, motions for preliminary and final approval and for attorneys' fees, and **any other important documents in the case**." N.D. Cal. Procedural Guidance, Notice ¶ 2 (emphasis added). The summary judgment order — the ruling that determined the viability of the claims being settled, established which of Anthropic's conduct was and was not a fair use, and defined the entire legal foundation for the $1.5 billion settlement figure — is an "important document" in this case by any reasonable measure. It is absent from the website.

**C. The FJC Checklist Also Confirms the Notice Period Was Fatally Deficient**

The FJC Checklist at page 4 provides: "Does the notice plan allow enough time to act on rights after notice exposure? Class members need time to receive a notice by mail or in a publication. A minimum of 30 days is necessary from completed dissemination before deadlines, with 60-90 days preferred." FJC Checklist at 4.

The summary judgment records bearing on the merits of the claims being settled were only unsealed on January 21, 2026. The opt-out deadline was January 29, 2026 — eight days later. Even with the extended February 9, 2026 deadline, class members had nineteen days from unsealing. The FJC Checklist specifies a minimum of 30 days from completed dissemination. But dissemination here was never completed: the summary judgment order — identified by the FJC Checklist as something that "should ordinarily be made available" — was never posted to the settlement website at all. Class members who visited the website at any point during the notice period, before or after the unsealing, would not have found it.

This Court's November 20, 2025 order (Dkt. 495) required the website to contain "the list of and links to the key documents in the case." The FJC Checklist confirms that the summary judgment order is a key document. Same for the N.D. Cal. Procedural Guidance for Class Action Settlements. Its absence violates Dkt. 495, the FJC standard, and N.D. Cal. Procedural Guidance for Class Action Settlements the Proposed Order itself invokes.

**D. The Deficiency Is Ongoing and Verifiable**

The settlement website's failure to include the summary judgment order is not a historical deficiency that was later corrected. It persisted throughout the entire notice period and persists today as of this filing.  The Court may verify by visiting the documents page at

**SUPPLEMENTAL SUBMISSION BY OBJECTOR CHINONTO CHAKANGA [DKT. 572 AND 649] REGARDING SETTLEMENT WEBSITE**

https://www.anthropiccopyrightsettlement.com/documents. The Proposed Order would grant final approval and enter judgment while the website remains non-compliant with the FJC Checklist standard and N.D. Cal. Procedural Guidance for Class Action Settlements the Proposed order itself cites. Class members who visit the website today — to understand what they agreed to or did not agree to — still cannot find the ruling that governed their claims.

**III. CONCLUSION**

Objector Chakanga respectfully requests that the Court: (1) take judicial notice that the summary judgment order is absent from the settlement website, as the Court may verify in real time; (2) find that the notice process failed to meet the FJC Checklist standard and N.D. Cal. Procedural Guidance for Class Action Settlements that the Proposed Order itself invokes; (3) require the parties to post the summary judgment order (Dkt. 231) and summary judgment briefs (Dkts. 553, 558, 559 (unsealed summary judgment briefs) to the settlement website; and (4) reopen the opt-out period for no less than 35 days from the date a corrective notice is issued that includes or links to those important documents, consistent with Dkt. 495, the FJC Checklist's minimum dissemination-to-deadline standard, and N.D. Cal. Procedural Guidance for Class Action Settlements. The Court should not approve a settlement as meeting the FJC notice standard and N.D. Cal. Procedural Guidance for Class Action Settlements for the notice that was given as shown on the settlement website.

Dated: May 8, 2026                Respectfully Submitted,

**DUNCAN FIRM, P.A.**

By: */s/James H. Bartolomei*
James H. Bartolomei (SBN: 301678)

*Attorneys for Objector Chinonto "Chino" Chakanga*

SUPPLEMENTAL SUBMISSION BY OBJECTOR CHINONTO CHAKANGA [DKT. 572 AND 649] REGARDING SETTLEMENT WEBSITE

## PROOF OF SERVICE

I served and filed the following document via the Court's ECF filing system to all counsel of record and the Court:

**SUPPLEMENTAL SUBMISSION BY OBJECTOR CHINONTO CHAKANGA [DKT. 572 AND 649] REGARDING SETTLEMENT WEBSITE & NOTICE**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 8, 2026 in Little Rock, Arkansas.

/s/James H. Bartolomei III

James H. Bartolomei III

SUPPLEMENTAL SUBMISSION BY OBJECTOR CHINONTO CHAKANGA [DKT. 572 AND 649] REGARDING SETTLEMENT WEBSITE