**WHITE & CASE LLP**
YAR R. CHAIKOVSKY (CA 175421)
yar.chaikovsky@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

Attorney for
Defendant Anthropic PBC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BARTZ and KIRK WALLACE JOHNSON, individually, and ANDREA BARTZ, INC., CHARLES GRAEBER, and MJ + KJ, INC., individually and as representatives of the class,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC<br><br>Defendant. | Case No.  3:24-cv-05417-AMO<br><br>**ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

## I.     **INTRODUCTION**

Anthropic PBC moves to relate two recently filed cases to this action: *Chicken Soup for the Soul, LLC v. Anthropic PBC*, No. 3:26-cv-4218 (N.D. Cal., filed May 7, 2026), and *Cognella, Inc. v. Anthropic PBC*, No. 3:26-cv-4056 (N.D. Cal., filed May 4, 2026).

While this Court indicated on April 8, 2026 that it was "unlikely to relate the cases listed in [Anthropic's] notice," it reserved judgment on the issue until a full record could be presented in a proper motion under L.R. 3-12. Dkt. No. 632 at 2 ("Anthropic is . . . free to file its motion"). The record confirms case relation is proper and the most efficient next step for effective judicial administration of these *Bartz* opt-out suits.

First, both *Chicken Soup* and *Cognella* are part of the same campaign of opt-out actions filed by the same plaintiffs' counsel as in the initial opt-out suit: *Cambronne, Inc. v. Anthropic PBC*, No. 5:25-cv-10897-PCP. Each invokes the same "shadow library" repositories, same theory of copying for training the same AI models, and same fair use considerations as *Bartz*. Both complaints draw from this Court's record—quoting this Court's fair-use order and pin-citing the *Bartz* docket. And many of the asserted works in each case appear on the *Bartz* works list, some of which are within the certified class and were not opted out—raising *res judicata* issues interrelated with the settlement proceedings before this Court.

Second, the same plaintiffs' claims against other AI developer defendants are already being related to the co-pending class actions against those defendants. For example, in *Cambronne*, the OpenAI defendants were severed and transferred to their MDL. Then Judge Chhabria *sua sponte* severed Anthropic and six other defendants from the multi-defendant *Chicken Soup* action, retaining only the claim against Meta because it was related to two copyright actions already before him. *Chicken Soup for the Soul, LLC v. Anthropic PBC*, No. 3:26-cv-02333-VC (N.D. Cal.), Dkt. No. 32 ("*Chicken Soup* Severance Order"). After that, plaintiffs in *Cambronne* stipulated to sever and relate the claims against Meta to the Judge Chhabria class actions—the stipulation on severance was granted, with the case relation issue pending before Judge Chhabria. And many of the remaining *Cambronne* defendants—Google, NVIDIA, and Apple—intend to move for case relation to their respective class actions once the case is severed.

- 1 -

In sum, while evolving, the landscape is trending toward relating actual or putative opt-out claims to their respective class actions. This Court should follow that trend—and for stronger reasons than most, given the *res judicata* questions with the pending *Bartz* settlement and plaintiffs' reliance on the *Bartz* record. This Court has invested time, energy, and resources learning the *Bartz* record sufficient to assess the settlement terms—this includes the claims, technology, defenses, and economics. That institutional knowledge is precisely the judicial resource that L.R. 3-12 is designed to preserve—and would be squandered by forcing a new court to retrace the same ground.

## II.      BACKGROUND

On December 22, 2025, six authors who purported to opt out of the *Bartz* class settlement filed *Cambronne, Inc. v. Anthropic PBC*, No. 5:25-cv-10897-PCP, naming Anthropic alongside seven other technology companies. They asserted a single copyright infringement claim based on the same conduct at issue in *Bartz*: acquiring and using pirated copies of copyrighted books from LibGen, PiLiMi, and Books3 to train models. *Cambronne*, Dkt. No. 119, Am. Compl. ¶¶ 3, 123.

On March 17, 2026, plaintiffs' counsel filed a near-identical multi-defendant complaint on behalf of Chicken Soup for the Soul against the same eight defendants. On March 25, 2026, Anthropic notified this Court of its intent to relate both *Cambronne* and *Chicken Soup* to *Bartz* once the claims against Anthropic were severed. Dkt. No. 625. On April 8, 2026, the Court stated it was not inclined to relate the actions but invited Anthropic to move on a complete record. Dkt. No. 632.

Two days later, in *Chicken Soup*, Judge Chhabria *sua sponte* severed the defendants, finding it "obvious" that joinder was improper and retaining only Meta because the claims against Meta "appear[ed] related to" two copyright actions already before him.[1] *Chicken Soup* Severance Order. Chicken Soup refiled its standalone action against Anthropic on May 7, 2026. Ex. A, *Chicken Soup* Compl. The *Chicken Soup* complaint alleges that Anthropic obtained the asserted works from LibGen, PiLiMi, and Books3—the same repositories as in *Bartz*. *Id.* ¶¶ 25, 60-62.

In *Cambronne*, the OpenAI defendants were severed and transferred to the pending OpenAI

---

[1] *Kadrey v. Meta* (23-cv-3417) is a copyright class action alleging that Meta used pirated copies of copyrighted books from LibGen and other shadow libraries to train its Llama large language model; *Entrepreneur Media v. Meta* (25-cv-9579) is a single-plaintiff copyright action alleging that Meta used pirated copies of copyrighted works to train its Llama large language model.

MDL. *Cambronne*, Dkt. Nos. 98–99. Meta and the plaintiffs (same counsel as in *Chicken Soup* and *Cognella*) then stipulated to sever Meta and relate those claims to Judge Chhabria's cases; Judge Pitts approved on April 28, 2026. *Id.*, Dkt. Nos. 171, 173. The remaining defendants have all moved to sever. *Id.*, Dkt. Nos. 94, 112, 115, 161, 164. A consolidated hearing is set for May 12, 2026.

On May 4, 2026, the same counsel filed *Cognella* against Anthropic alone. Ex. B, *Cognella* Compl. The *Cognella* complaint identifies 156 works and alleges that Anthropic obtained them from LibGen, PiLiMi, and Books3—the same repositories at issue in *Bartz*. *Id.* ¶ 27. The complaint also alleges that Anthropic purchased and scanned physical books for AI training. *Id.* ¶ 73. *Cognella* implicates the same fair-use considerations as *Bartz* and cites to the *Bartz* record. The next day, Meta filed an unopposed administrative motion before Judge Chhabria seeking to relate the severed *Cambronne* and *Chicken Soup* actions to *Kadrey* and *Entrepreneur Media. Kadrey*, Dkt. No. 726.

On May 6, 2026, Anthropic informed Cognella's counsel of its intent to seek relation here and asked counsel not to file a separate motion in *Cambronne*, citing the orderly operation of Civil L.R. 3-12 and the avoidance of duplicative briefing. Counsel did not respond and instead filed an administrative motion in *Cambronne* the next day. *Cambronne*, Dkt. No. 176. Anthropic will oppose that motion in due course.

**III.     *CHICKEN SOUP* AND *COGNELLA* ARE RELATED TO THIS CASE**

An action is related to another when (1) "the actions concern substantially the same parties, property, transaction or event" and (2) "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). Both requirements are met here.

**A.     All Three Actions Concern the Same Parties, Property, and Conduct**

Anthropic is the sole defendant in *Bartz*, *Chicken Soup*, and *Cognella*. In *Bartz*, this Court certified a class of "[a]ll beneficial or legal copyright owners of the exclusive right to reproduce copies of any book in the versions of LibGen or PiLiMi downloaded by Anthropic." Dkt. No. 244 at 31. Seven of the *Chicken Soup* Works appear on the *Bartz* works list and were not opted out, making Chicken Soup a class member as to those works. Thirteen of the *Cognella* Works likewise appear on the *Bartz* works list. *See Financial Fusion, Inc. v. Ablaise Ltd.*, No. C-06-2451 PVT,

- 3 -

2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006) (relating cases involving same defendants and same property but different plaintiffs).

All three cases challenge the same conduct: Anthropic's acquisition of books from LibGen and PiLiMi and use of those books to train Claude. Although some works in each action are not on the *Bartz* works list, courts in this District relate actions even where the specific works differ. *See JaM Cellars, Inc. v. The Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 2322992, at *1 (N.D. Cal. May 11, 2020) (relating later-filed trademark action to pending action between the same parties involving different marks).

The *Cognella* complaint also implicates this Court's fair-use ruling on Anthropic's print-book scanning. Plaintiff alleges that "[s]ince 2024, Anthropic has purchased physical books at scale, often in batches of tens of thousands, and scanned them into digital files for AI training," citing this Court's class certification order. *Cognella* Compl. ¶ 73 (citing *Bartz*, 791 F. Supp. 3d at 1047); *Chicken Soup* Compl. ¶ 71. The *Bartz* fair-use order analyzed Anthropic's scanning program separately from torrenting and found the scanning to be fair use. Dkt. 231. A different judge addressing the same conduct in Plaintiff's pleadings would have to redevelop that record.

**B.    Relating the Cases Will Avoid Judicial Duplication and Conflicting Results**

The value of judicial familiarity is underscored by what has already occurred in these cases. In *Cambronne*, Judge Pitts—who does not preside over a related class action—received motions to sever from every defendant, seeking relation to their respective priority cases. In *Chicken Soup*, Judge Chhabria—already familiar with the same claims from *Kadrey* and *Entrepreneur Media*—reached the same result *sua sponte*, finding severance "obvious." *Chicken Soup* Severance Order.

Because this Court has that same familiarity, relating these cases will promote efficiency and avoid waste and conflicting results. In evaluating the pending fairness hearing, the motion for final approval (Dkt. No. 619), and the motion for attorneys' fees (Dkt. No. 505), this Court has had to immerse itself in the AI training technology at issue, fair use framework, class certification record, and economic evidence. The *Chicken Soup* and *Cognella* complaints challenge the same copying of the same types of works for the same purpose. If this motion is denied, a different judge would have to duplicate the analysis this Court has already performed. *See Financial Fusion*, 2006

- 4 -

WL 3734292, at *3 ("Having … different judges govern discovery disputes and construe [the same property] would be an unduly burdensome duplication of labor and raise the danger of conflicting results.").

That *Bartz* was reassigned from Judge Alsup does not diminish the case for relation. The Local Rules contemplate relation to an action that "is or was pending in this District." Civil L.R. 3-12(b); *Dave Drilling Env't Eng'g, Inc. v. Gamblin*, No. 14-cv-02851-WHO, 2015 WL 4051968, at *6-7 (N.D. Cal. July 2, 2015) (rejecting argument that relation under Local Rule 3-12(b) does not apply where prior case was closed and cases were different). This Court has already invested substantial effort in the settlement-approval process, and both *Chicken Soup* and *Cognella* will require resolution of the same technical and legal questions before this Court today, including the fair-use framework, the nature and scope of the datasets Anthropic downloaded, and the scope of the settlement release as applied to overlapping claims. *See Chavez v. PVH Corp.*, No. 13-cv-01797-LHK, 2014 WL 6617142, at *3-4 (N.D. Cal. Nov. 20, 2014) (noting that court granted motion to relate during active settlement proceedings). Both complaints prove the point: each cites the *Bartz* docket and quotes this Court's fair-use order to plead its core allegations. *See Chicken Soup* Compl. ¶¶ 58, 62, 72; *Cognella* Compl. ¶¶ 61, 63, 66–68.

Further, this Court's familiarity is particularly important because the *Bartz* settlement will have direct preclusive effect on Chicken Soup's claims as to the seven overlapping works that were not opted out. *See Hernandez v. Wal-Mart Assocs., Inc.*, No. 5:21-cv-00166-FLA, 2025 WL 1421107, at *4 (C.D. Cal. May 5, 2025) (class member who did not opt out was barred from reasserting the same claims); *Zakinov v. Ripple Labs, Inc.*, No. 18-cv-06753-PJH, 2020 WL 2768966, at *2 & n.2 (N.D. Cal. May 28, 2020) (relating later-filed action where plaintiff fell within certified class definition, even though plaintiff intended to opt out). If those claims proceed before a different judge, that judge will need to construe the scope of this Court's class definition and settlement release. This Court, having defined them, is best positioned to address those issues.

## IV.    **CONCLUSION**

Anthropic respectfully requests that the Court deem the *Chicken Soup* and *Cognella* actions related to this action under Civil Local Rule 3-12(a) and reassign them to this Court.

- 5 -

Dated: May 8, 2026

WHITE & CASE LLP

By:    */s/ Yar R. Chaikovsky*

Yar R. Chaikovsky

*Attorney for Defendant Anthropic PBC*

- 6 -