Matthew Chase
899 Crossing Rock Drive
Lawrenceville, GA 30043
(404) 376 - 7520
Matthew.Andrew.Chase@gmail.com



FILED

MAY 11 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA BARTZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant | Case No.: 24-cv-05417-AMO <br><br><br> **REPLY OF CLASS MEMBER MATTHEW CHASE IN SUPPORT OF OBJECTION (DKT. 543) AND RESPONSE TO CLASS COUNSEL'S SUPPLEMENTAL PROPOSED ORDER (DKT. 646)** |

### I.    INTRODUCTION

I would like to respectfully raise the following challenges to the assertions made in Class Counsel's Proposed Class Action Settlement (Dkt. 646-1) with regards to my objection.

### II.    ARGUMENTS

#### A.    Class Counsel's arguments do not apply to my objection.

Class Counsel argues, "First, non-Class members lack standing, including to make objections regarding works that are not on the Works List and are thus unaffected by the Settlement."

As stated in my initial objection, I am a Class member (documentation included in my initial objection, Dkt. 543), so I am entitled to object. Also, it's important to note none of the listed court cases cited under this argument involve a case where Class Counsel did not properly identify injured parties that suffered the same injury as other members of the Class, which is the issue I present in my objection.

In their next point, Class Counsel states, "Second, these Objections are not persuasive. The Class is limited to books possessing a copyright registration number (registered within a certain timeframe, as set out in the Class definition) because such works enjoy a presumption of

validity as to copyright protection, see 17 U.S.C. § 410(c), and therefore, statutory damages. 17 U.S.C. §§ 412, 504(c)(1). See Bartz, 791 F. Supp. 3d at 1055–65; Bartz, 2025 WL 2961371, at *1–2. The Class is further limited to works containing an ISBN or ASIN because these unique identifiers generally ensure that a work's copyright registration can be readily identified."

The Works mentioned in my objection possess copyright registration numbers registered in the correct timeframe as well as ISBNs and ASINs. The works that were not included on the Works List meet the criteria to appear on the list, but Class Counsel failed to properly identify them as belonging on the list, as I state in my initial objection.

**B. Class Counsel has not supported their statement that: "The Objections suggesting that they have not adequately and vigorously represented the Class lack merit and are overruled."**

There is no justification to this statement. No arguments or explanation, which they must demonstrate rather than simply assert. In my objection, I show various ways that Class Counsel has failed the Class by generating an inadequate and unfair Works List.

**C. Class Counsel has failed to acknowledge misrepresentations made to the Class about the Works List.**

Class Counsel misled the Class about the adequacy and accuracy of the Works List, which I detail in my objection. They do not address the fact that their Notice and FAQ on the settlement website leave some who should be included in the Works List (or with additional works that should appear on the Works List) to understand that there were deficiencies in their list, leading other absent Class members to wrongfully believe that they were not in the Anthropic downloads (or that certain works were not, when in fact, they were not able to properly identify them). This will affect their legal options beyond this case. Class Counsel has also been made aware of these issues, as shown in correspondences included in my own objection (and other objectors' objections), yet they have acted in bad faith by making no efforts to remedy this.

### III.    CONCLUSION

To date, Class Counsel has not addressed any of the points made in my objection. I will be appearing at the Fairness Hearing on May 14, 2026 via Zoom to advocate on behalf of myself and other members of the Class who will be affected by the issues with the Works List, as I explain in my objection. It is apparent from other objections (like Victoria Pinder's, Dkt. 641)

that I am not the only one who will be affected by Class Counsel's failures to adequately identify Works that belong on the Works List.

On these grounds, I respectfully urge the Court to deny this settlement.

Signed,

Matthew Chase
899 Crossing Rock Drive
Lawrenceville, GA 30043
(404) 376 – 76520
matthew.andrew.chase@gmail.com