Elizabeth Brannen (SBN 226234)
ebrannen@stris.com
John Stokes (SBN 310847)
jstokes@stris.com
Lauren Martin (SBN 294367)
lmartin@stris.com
**STRIS & MAHER LLP**
17785 Center Court Dr N, Ste 600
Cerritos, CA 90703
T: (213) 995-6800
F: (213) 261-0299

*Counsel for Plaintiffs Cognella, Inc. and
Chicken Soup for the Soul, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ and KIRK WALLACE JOHNSON, individually, and ANDREA BARTZ, INC., CHARLES GRAEBER, and MJ + KJ, INC., individually and as representatives of the class,<br><br>      Plaintiffs,<br><br>    v.<br><br>Anthropic PBC,<br><br>      Defendant. | Case No. 3:24-cv-05417-AMO<br><br>**OPPOSITION TO ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Case No. 3:24-cv-05417-AMO

## I.    STATEMENT

Defendant Anthropic PBC ("Anthropic") has filed an administrative motion seeking to relate two recently filed cases, *see Chicken Soup for the Soul, LLC v. Anthropic PBC*, No. 3:26-cv-4218-HSG (N.D. Cal., filed May 7, 2026), and *Cognella, Inc.v. Anthropic PBC*, No. 3:26-cv-4056-KAW (N.D. Cal., filed May 4, 2026), to the almost-concluded class action, *Bartz et al. v. Anthropic PBC*, No. 3:24-cv-05417-AMO (N.D. Cal.), pending before this Court. *See* ECF 656 (Anthropic's Administrative Motion). Before Anthropic filed its administrative motion, counsel for Plaintiff Cognella filed an administrative motion seeking to relate *Cognella* to another copyright infringement lawsuit, pending before the Honorable P. Casey Pitts, in which Anthropic is one of six AI-company defendants, *see Cambronne, Inc. et al. v. Anthropic PBC et al.*, No. 5:25-cv-10897-PCP (N.D. Cal., filed Dec. 22, 2025).

The defendants in *Cambronne* have moved for severance. At a hearing today on the motions to sever, Judge Pitts indicated he would grant the severance motions and will issue a written order addressing the open question of which defendant or defendant(s) will remain before him. The position of Plaintiffs Cognella and Chicken Soup for the Soul is simple: If Anthropic is not dismissed from *Cambronne*, then *Cognella* and *Chicken Soup* should be related to the case before Judge Pitts; if Anthropic is dismissed from *Cambronne*, Cognella and Chicken Soup for the Soul do not oppose relation to *Bartz* if the *Bartz* Court is inclined to accept the assignment of these recently filed actions.

If Anthropic is not dismissed from *Cambronne*, then relation of *Cognella v. Anthropic PBC* and *Chicken Soup v. Anthropic PBC* to *Cambronne* makes the most sense. Among other reasons, *Cambronne*, *Cognella*, and *Chicken Soup* are just getting started, and all three of these litigations will involve the same legal claims—direct copyright infringement, contributory copyright infringement, and removal of copyright management information.[1] In contrast, *Bartz* is in the process of winding down: This Court is holding a hearing just two days from now to consider final approval of the class action settlement. Furthermore, although Anthropic argues that "[t]he *Bartz*

---

[1] If Anthropic is retained as a defendant in *Cambronne*, then the *Cambronne* Plaintiffs intend to file a Second Amended Complaint adding claims for contributory infringement and removal of copyright management information.

OPPOSITION TO ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED

court has already adjudicated the same conduct through class certification, a fair-use ruling, and an ongoing settlement-approval process," *Cambronne*, ECF 179 at 3, No. 5:25-cv-10897-PCP, that claim paints an inaccurate picture: *First*, the *Bartz* litigation did *not* involve claims of unlawful distribution, contributory infringement, and removal of copyright management information; and *second*, much of the case was litigated before the Honorable William Alsup before Judge Alsup entered into inactive status. Given the litigation history and procedural posture of *Bartz*, the efficiencies typically supporting relation are absent.[2]

Plaintiffs Cognella and Chicken Soup for the Soul respectfully request that this Court defer ruling on Anthropic's administration motion (ECF 656) until Judge Pitts issues his severance ruling in *Cambronne*. If Anthropic is not dismissed from *Cambronne*, this Court should deny Anthropic's motion so that *Cambronne*, *Cognella*, and *Chicken Soup*—all recently filed litigations where discovery has not yet opened—can all be litigated together before Judge Pitts. If Anthropic is dismissed from *Cambronne*, Cognella and Chicken Soup for the Soul do not oppose relation to *Bartz* if the *Bartz* Court is inclined to accept those actions as related under Civil Local Rule 3-12(a).

---

[2] Plaintiffs also note that, as opt-outs from *Bartz*, they aren't and shouldn't be bound by Judge Alsup's fair-use ruling, which they do not necessarily agree with. Anthropic's suggestion that it would be "efficient" to relate Plaintiffs' cases to *Bartz* so that the Court can merely apply the same ruling is misplaced.

OPPOSITION TO ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED

DATED:  May 12, 2026

/s/ Elizabeth Brannen
**STRIS & MAHER LLP**
Elizabeth Brannen (SBN 226234)
ebrannen@stris.com
John Stokes (SBN 310847)
jstokes@stris.com
Lauren Martin (SBN 294367)
lmartin@stris.com
17785 Center Court Dr N, Ste 600
Cerritos, CA 90703
T: (213) 995-6800
F: (213) 261-0299

*Attorneys for Plaintiff Chicken Soup for the Soul, LLC and Cognella, Inc.*

OPPOSITION TO ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED