**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREA BARTZ, et al.,<br>　　Plaintiffs,<br><br>　v.<br><br>ANTHROPIC PBC,<br>　　Defendant. | Case No. 24-cv-05417-AMO<br><br>**SUPPLEMENTAL RESPONSE OF CLASS MEMBER VICTORIA PINDER TO CLASS COUNSEL'S REDLINED PROPOSED ORDER (DKT. 646-2): OBJECTION TO PROPOSED FINDING OF INVALIDITY**<br><br>Hearing: May 14, 2026, 2:00 p.m. |

Class Member Victoria Pinder respectfully submits this Supplemental Response to address new language Class Counsel inserted into the redlined Proposed Order filed April 30, 2026 (Dkt. 646-2). Specifically, at page 11 of the redline, Class Counsel ask this Court to find that Ms. Pinder's objection is "invalid" on two procedural grounds: (1) that it "was not sent to the Court," and (2) that it was "submitted on April 9, 2026, past the objection deadline." Both grounds are factually incorrect and should be rejected.

## I. THE COURT WAS REPEATEDLY ON NOTICE

The claim that Ms. Pinder's objection was "not sent to the Court" is incorrect. Ms. Pinder copied this Court's chambers on three separate occasions, all reflected in the email correspondence already submitted as Exhibit B to her Reply (Dkt. 648):

　a. November 15, 2025, 6:25 a.m. — Ms. Pinder sent an email titled "Corrected Clarification Needed Regarding Multiple Works Under Copyright TX 8-716-839" to whapo@cand.uscourts.gov (the chambers email of the then-presiding Hon. William H. Alsup), copying Class Counsel. This was nearly three months before the February 9, 2026 objection deadline.

　b. December 1, 2025, 4:05 p.m. — Ms. Pinder again copied whapo@cand.uscourts.gov on her reply to Class Counsel in the same correspondence chain.

c. April 9, 2026 — Ms. Pinder copied amopo@cand.uscourts.gov (the chambers email of the current presiding judge, the Hon. Araceli Martínez-Olguín) on the email transmitting her formal Objection to Class Counsel, defense counsel, and the Settlement Administrator.

The Court has thus been on notice of Ms. Pinder's concerns since November 15, 2025. Class Counsel cannot accurately represent to the Court that the objection "was not sent to the Court."

## II. CLASS COUNSEL THEMSELVES DOCKETED THE OBJECTION AS TIMELY

Class Counsel argue that the objection was "submitted on April 9, 2026, past the objection deadline." That representation omits the critical context: this Court itself extended the de facto deadline.

In the April 8, 2026 Order (Dkt. 632), this Court noted that "the Court has located additional objections that were received earlier this year but the docketing of which has been delayed," continued the final approval hearing to May 14, 2026, and directed: "To the extent Class Counsel have received objections that have not been docketed, Class Counsel SHALL FILE those objections on the public docket by no later than April 10, 2026." (Dkt. 632 at 2.)

In compliance with that order, Class Counsel filed Ms. Pinder's objection on the docket on April 10, 2026 as Dkt. 641. Class Counsel themselves treated Ms. Pinder's objection as a valid objection warranting docketing. They cannot now ask the Court to find the same objection "invalid."

In the same April 10 filing batch, Class Counsel docketed multiple other objections received during the same window (see Dkt. Nos. 638, 639, 640, 642), all of which received the same procedural treatment as Ms. Pinder's. There is no principled basis to single Ms. Pinder out.

## III. THE TWO MISNAMINGS IN THE APRIL 30 FILINGS

Ms. Pinder further notes, with respect, that the same April 30 filings that propose to invalidate her objection misstate her name as "Lea Victoria Pinder" (Dkt. 646-4 at 4 (Exhibit D)) and misstate the name of another objector, Lea Victoria Bishop, as "Victoria Lee Bishop" (Dkt. 646-2 at 11 (Redline)). Two misnamed class-member objectors in a single proposed order, both of which the Court is asked to adopt verbatim, does not reflect the level of care that Rule 23(e)(2) contemplates from Class Counsel.

**IV. RELIEF REQUESTED**

Ms. Pinder respectfully requests that the Court:

1. Strike or decline to adopt the proposed finding at Dkt. 646-2, p. 11, that Ms. Pinder's objection is invalid;

2. Confirm on the record that Ms. Pinder's Objection (Dkt. 641) is properly before the Court for consideration on the merits;

3. Correct her name in any final order to read "Victoria Pinder"; and

4. Rule on the merits of her Objection consistent with Rule 23(e)(2) and her Reply at Dkt. 648.

Ms. Pinder intends to appear via Zoom at the May 14, 2026 hearing.

Dated: May 14, 2026

Respectfully submitted,

Victoria Pinder, Pro Se

USA Today Bestselling Author

4340 Glen Castle Way

Winterville, NC 28590

Phone: (954) 258-9717

Email: victoriapinder01@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, I served a copy of this Supplemental Response by email on:

**Class Counsel:**

anthropiclawsuit@lchb.com

jpark@lchb.com

rgeman@lchb.com

ecabraser@lchb.com

jnelson@susmangodfrey.com

**Counsel for Defendant Anthropic PBC:**

ddurie@mofo.com

douglas.winthrop@arnoldporter.com

joseph.farris@arnoldporter.com

yar.chaikovsky@whitecase.com

**Settlement Administrator:**

info@AnthropicCopyrightSettlement.com

**Court:**

amopo@cand.uscourts.gov

Victoria Pinder