DOUGLAS A. WINTHROP (No. 183532)
Douglas.Winthrop@arnoldporter.com
JOSEPH FARRIS (No. 263405)
Joseph.Farris@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111-4164
Telephone:  (415) 471-3100
Facsimile:  (415) 471-3400

DARALYN J. DURIE (No. 169825)
ddurie@mofo.com
RAMSEY FISHER (No. 334228)
ramseyfisher@mofo.com
JACKSON LANE (No. 351633)
jlane@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105-2482
Telephone:  (415) 268-7000

Attorneys for Defendant ANTHROPIC PBC
(Additional Counsel on Next Page)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA BARTZ, ANDREA BARTZ, INC., CHARLES GRAEBER, KIRK WALLACE JOHNSON, and MJ + KJ, INC., individually and on behalf of others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>ANTHROPIC PBC,<br><br>               Defendant. | Case No. 3:24-CV-05417-AMO<br><br>Action Filed: August 19, 2024<br><br>**DEFENDANT ANTHROPIC PBC'S SUPPLEMENTAL BRIEF REGARDING LATE OPT OUTS**<br><br>Judge: Honorable Araceli Martínez-Olguín |

RYAN NISHIMOTO (No. 235208)
Ryan.Nishimoto@arnoldporter.com
OSCAR RAMALLO (No. 241487)
Oscar.Ramallo@arnoldporter.com
ALLYSON MYERS (No. 342038)
Ally.Myers@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199


*Attorneys for Defendant*
ANTHROPIC PBC

WHITNEY R. O'BYRNE (No. 325698)
WOByrne@mofo.com
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454

FITZ BECKWITH COLLINGS (*pro hac vice*)
FCollings@mofo.com
MARY PRENDERGAST (No. 272737)
MPrendergast@mofo.com
ADITYA KAMDAR (No. 324567)
AKamdar@mofo.com
**MORRISON & FOERSTER LLP**
2100 L Street, NW, Suite 900
Washington, D.C. 20037
Telephone:  (202) 887-1500
Facsimile: (202) 887-0763

The deadline to opt out of the settlement was February 9, 2026. Objectors Laura Esquivel (Dkt. 635; 651) and Jordi Castells (Dkt. 363; 652) ("Objectors") submitted requests to opt out on March 30 and February 16, respectively. They now request an order allowing their untimely opt outs. Those requests should be denied because Objectors have not met the applicable "excusable neglect" standard. Deadlines have consequences and Anthropic should get the full benefit of the settlement. Three other class members also submitted late opt outs but did not file objections ("Non-Objectors"). Those requests should also denied both because they fail to show excusable neglect and because other rightsholders have not consented.

## I.      Objectors Esquivel and Castells have failed to show excusable neglect.

A court may "extend the time in which a class member may opt out of a settlement" only upon a showing of "excusable neglect." In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig., 895 F.3d 597, 618 (9th Cir. 2018); Silber v. Mabon, 18 F.3d 1149, 1453 (9th Cir. 1994).  The Silber factors determine whether a late opt out has demonstrated "excusable neglect." Those are: "the degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt-out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment." Id. Objectors fail to show excusable neglect under those factors.

**Best Practical Notice**. Objectors do not contend that the parties failed to provide "best practicable notice;" they therefore waive any challenge to the adequacy of notice. Further, even absent waiver, the expansive notice campaign here easily met the best practicable notice standard, which does not require actual notice to each class member. Gutierrez v. Amplify Energy Corp., 2023 WL 8224879 (C.D. Cal. Oct. 24, 2023) ("The Ninth Circuit has routinely denied requests to opt out due to lack of direct notice.") (citing Silber, 18 F.3d at 1453).

**Actual Notice / Reasons Not Received**. Objectors provide only conclusory and conflicting details as to what notice of the settlement and related deadlines they received. Esquivel states that she did not receive notice until March 3, 2026, but, in conflict with that, also states that she "learned

- 1 -

ANTHROPIC'S SUPPLEMENTAL BRIEF
REGARDING LATE OPT OUTS                                          No. 3:24-CV-05417-AMO

of the class action and opt out window" from a writer friend "on or about February 10, 2026." Dkt. 635-1 ¶¶ 5-6. Esquivel further states English is not "her first language" but does not state whether she read the Spanish language translation of the notice that was easily accessible on the settlement website. Dkt. 635-1 ¶ 6. Castells states Esquivel notified him on February 12, 2026. Dkt. 636-1 ¶ 5. They provide no further explanation for how they missed actual notice of such a widely publicized settlement, and are the only two class members, out of tens of thousands to allege that.

**Timing of Opt Outs**. Castells waited four more days after learning about the settlement on February 16 before submitting an opt out request. Esquivel did not submit an opt out request until March 30 – seven weeks after the deadline. She states that this delay was due to a medical issue that arose "in the interim" but provides only conclusory detail about it. Dkt. 635-1.

**Impact on Settlement/Finality**. Anthropic is already facing multiple lawsuits from other opt outs in which plaintiffs are demanding large statutory damages awards. Where there has not been excusable neglect, Anthropic should not have to face additional claims.

**II.    Non-Objectors do not show excusable neglect or consent from other rightsholders**

According to Class Counsel and JND, there were "five late opt outs in total." Tr. at 25–28 (citing Dkt. 619-3 ¶ 102). However, of the five, only Castells and Esquivel filed objections seeking relief from their untimely opt outs. Class Counsel first objected to their untimely opt outs, citing prejudice to other rightsholders, but withdrew that objection at the hearing after apparently obtaining consent from "the other rights holders." Tr. at 25. However, Class Counsel stated that its "objection would still stand" for the other three Non-Objectors. Id. at 26. Accordingly, the three untimely opt out requests from Non-Objectors should also be denied both because there is no record on which to find excusable neglect and because the other rights holders have not consented to the untimely opt out.

Dated:  May 21, 2026

Respectfully Submitted,
**ARNOLD & PORTER KAYE SCHOLER LLP**

By:    /s/ Joseph Farris
JOSEPH FARRIS
*Attorneys for Defendant*
ANTHROPIC PBC

- 2 -

ANTHROPIC'S SUPPLEMENTAL BRIEF
REGARDING LATE OPT OUTS                                    No. 3:24-CV-05417-AMO